Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)
Michael Barnett, TX Bar No. 24006801
E. Eric Elmore, NY Bar (No Number)
Justin Epner, DC Bar No. 1028431
Sean D. Hughto, DC Bar No. 421224
Frances Anne Johnson, MD Bar (No Number)
Andrew Lowdon, DC Bar No. 230095
Kristian Rogers, MA Bar No. 675951
Anthony R. Saunders, NJ Bar No. 008032001
Timothy Singer, DC Bar No. 1048769
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381
*adennis@ftc.gov; pbayer@ftc.gov:
jgoodman@ftc.gov; jbalbach@ftc.gov;
mbarnett@ftc.gov; eelmore@ftc.gov;
jepner@ftc.gov; shughto@ftc.gov;
fjohnson@ftc.gov; alowdon@ftc.gov;
krogers@ftc.gov; asaunders@ftc.gov;
tsinger@ftc.gov*

Erika Wodinsky, CA Bar No. 091700
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190
*ewodinsky@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | |
| v. | Case No. 3:22-cv-04325-EJD |
| **META PLATFORMS, INC.,** | **DECLARATION OF JENNIFER SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |
| **MARK ZUCKERBERG,** | |
| and | |
| **WITHIN UNLIMITED, INC.,** | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| Defendants. | |

DECLARATION OF JENNIFER SNYDER IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINING ORDER

Case No. 3:22-cv-04325-EJD

## DECLARATION OF JENNIFER SNYDER

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that:

1. I am a citizen of the United States and am over eighteen (18) years of age.  I am a research analyst in the Bureau of Economics of the U.S. Federal Trade Commission ("FTC" or "Commission"). I submit this declaration in support of the Commission's Emergency Motion for a Temporary Restraining Order.

2. I make this declaration based on my own personal knowledge or information made known to me in the course of my official duties, and if called to testify to the truth of the matters herein, I could and would do so competently.

3. My responsibilities at the FTC include performing statistical and econometric analyses, researching economic literature, and helping to develop economic models to support investigations conducted by FTC attorneys and economists, including merger investigations. In the normal course of carrying out my responsibilities, I regularly compute market shares using data gathered in investigations.

4. One of my tasks in connection with the FTC's investigation of the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc. ("Meta") was to calculate the Herfindahl-Hirschman Index ("HHI") based on revenue in two alleged relevant antitrust markets identified by staff in the Bureau of Competition using available data supplied by the parties.  The HHI is calculated by summing the squares of the market shares of each market participant.

5. Among Virtual Reality ("VR") dedicated fitness applications ("apps"), two firms—Supernatural and ███████████████████████████████████████, the HHI was well above the thresholds for a market to be considered "concentrated" or "highly concentrated" under the Merger Guidelines.

6. Among VR Fitness Apps more broadly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The pre-merger HHI is ▮▮▮▮▮, and the proposed acquisition of Within by Meta would increase the HHI by ▮▮▮▮▮.

7. One of my tasks in connection with the FTC's investigation of the proposed acquisition of Within by Meta was to calculate the total worldwide revenue earned by sellers of VR apps for Meta's Quest headsets, based on available data supplied Meta and Within. The data shows that app and in-app sales on Meta's Quest devices ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of July, 2022.

*Jennifer Snyder*
_____
Jennifer Snyder