1  MICHAEL MOISEYEV (*pro hac vice*)
   michael.moiseyev@weil.com
2  WEIL, GOTSHAL & MANGES LLP
   2001 M Street, NW, Suite 600
3  Washington, DC 20036
   Telephone: (202) 682-7000
4  Facsimile: (202) 857-0940

5  DIANE P. SULLIVAN (*pro hac vice* pending)
   diane.sullivan@weil.com
6  WEIL, GOTSHAL & MANGES LLP
   17 Hulfish Street, Suite 201
7  Princeton, NJ 08542
   Telephone: (609) 986-1100
8  Facsimile: (609) 986-1199

9  Attorneys for Defendant META PLATFORMS, INC.

10 (Additional Counsel Listed on Signature Page)

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                            SAN JOSE DIVISION

14

15 | FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |

16 | Plaintiff, | **DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NOS. 1, 12] [L.R. 79-5(f)(3)]** |

17 | vs. | |

18 | META PLATFORMS, INC., et al., | |

19 | Defendants. | |

20 |  | Dept.: Courtroom 4 – 5th Floor |
   |  | Judge: Honorable Edward J. Davila |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Meta Platforms, Inc. ("Meta" or "Defendant") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion") (ECF No. 12). Meta is aware that, following entry of a joint stipulation (ECF No. 52) extending the time for filing of the instant statement in support of Plaintiff's Motion, the Court denied that motion with leave for the FTC to refile (ECF No. 57). Meta understands that the FTC intends to re-file its Motion. Meta respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal. More specifically, Meta seeks to maintain under seal the following material contained in the FTC's Complaint (ECF Nos. 1, 12-2):

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| ¶ 4, Lines 2-4. | Lines 2-4 of the information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's VR application sales that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta if the transaction is not consummated that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 5, Line 12. | Line 12 of the information highlighted in yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 9. | The information highlighted yellow in | This paragraph contains non-public information about VR application sales derived from Meta's |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | the unredacted Complaint filed with Plaintiff's Motion. | confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 10, Lines 10, 15. | Lines 10 and 15 of the information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 26. | The information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about the proposed valuation of Within, a private company. That amount reflects the confidential and sensitive analysis of both Meta and Within, and could impact Within's business if the transaction is enjoined. Legitimate private interests warrant the sealing of the Within information in this paragraph, and the unsealing of the information would result in injury to Within and Meta if the transaction is not consummated that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 33. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about the valuation of Beat Games, a private company Meta acquired in 2019. That amount reflects the confidential and sensitive analysis of both Meta and Beat Games that has not been publicly disclosed. The transaction was not was not subject to any regulatory or statutory notification requirements. Legitimate private interests warrant the sealing of the Beat Games information in this paragraph, and the unsealing of the information would result in injury to Meta in future acquisition negotiations that could not be avoided through any less restrictive alternative to sealing. |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| ¶ 36. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 39. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 43. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 49. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 52. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 64. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 65. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 75, Lines 22-24. | Lines 22-24 of the information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about the valuation of Within, a private company. That amount reflects the confidential and sensitive analysis of both Meta and Within that was not provided to the public or required to be provided to the public under any regulatory or statutory requirements. Legitimate private interests warrant the sealing of the Within information in this paragraph, and the unsealing of the information would result in injury to Meta and Within in future acquisition negotiations. That could not be avoided through any less restrictive alternative to sealing. |
| ¶ 76. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | restrictive alternative to sealing. |
| ¶ 84. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 85, Lines 8-9. | Lines 8-9 of the information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 86. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 87. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 88. | All information highlighted yellow in the unredacted Complaint filed with | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | Plaintiff's Motion. | Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 89. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 90. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 91. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 92. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| ¶ 93, Lines 19-20. | Lines 19-20 of the information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 94. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 95. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 96. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 99. | All information highlighted yellow in the unredacted Complaint filed with | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | Plaintiff's Motion. | the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 100. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 104. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 122, Lines 9-10. | Lines 9-10 of the information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| ¶ 124 | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |

| Document and Paragraph | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| ¶ 135. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |

The 34 proposed redactions above reflect Meta's good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

### I. Sealing of Limited Excerpts of Plaintiff's Complaint Containing Meta's Confidential Business Information is Warranted Under Ninth Circuit's Precedent

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022). Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569

("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. Limited Redactions of the FTC's Complaint are Necessary to Protect Meta's Confidential and Proprietary Business Information

Meta seeks to maintain under seal narrowly tailored excerpts of Plaintiff's Complaint that contain Meta's business strategy, competitive analysis, financial data not required to be publicly disclosed, market analysis conducted by the FTC utilizing Meta's non-public data, and acquisition-related information that has not been previously publicly disclosed. Disclosure of the redacted information would provide Meta's competitors with private data about Meta's performance and business strategy, which could harm Meta's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019). Further, Meta's proposed redactions are narrowly tailored to include only the specific portions of Plaintiff's Complaint that reflect Meta's confidential information, and thus do not unduly limit public access.

Finally, Meta provided the FTC with the confidential business information cited in the FTC's Complaint pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18(a)(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g.*, Fed. *Trade Comm'n v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate…because the filing includes confidential information submitted…pursuant to 'statutory and regulatory guarantees of confidentiality'…The requested sealing covers only confidential

information and is, according to the FTC, required by regulation.").

Here, Meta has further narrowed the FTC's initial request for redactions to only those excerpts that contain confidential business information (e.g., internal strategy, purchase price of prior non-public acquisitions, financial data not required to be publicly disclosed) – substantially reducing the number of redactions to only 34 down from the FTC's 90 initial proposed redactions.

### III.   Conclusion

As stated above, compelling reasons justify Meta's narrow request for sealing of Meta's confidential business information contained with Plaintiff's Complaint. Meta respectfully requests that this Court Grant Plaintiff's Motion to Seal.

Dated: August 10, 2022

Respectfully submitted,

By:  /s/ Bambo Obaro

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice* pending)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ  08542
Telephone: (609) 986-1100
Facsimile:  (609) 986-1199

CHANTALE FIEBIG (*pro hac vice*)

| | |
|---|---|
| 1 | chantale.fiebig@weil.com |
| 2 | WEIL, GOTSHAL & MANGES LLP |
| | 2001 M Street, NW, Suite 600 |
| 3 | Washington, DC 20036 |
| | Telephone: (202) 682-7000 |
| 4 | Facsimile: (202) 857-0940 |
| 5 | ERIC S. HOCHSTADT (*pro hac vice*) |
| | eric.hochstadt@weil.com |
| 6 | WEIL, GOTSHAL & MANGES LLP |
| 7 | 767 Fifth Avenue |
| | New York, NY 10153 |
| 8 | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| 9 | |
| 10 | Attorneys for Defendant META PLATFORMS, INC. |

DEFENDANT META PLATFORMS, INC.'S CONFIDENTIAL STATEMENT PURSUANT TO CIV. L. R. 79-5(F)(3)      12      CASE NO. 5:22-cv-04325-EJD