Lauren Battaglia (*pro hac vice*, DC Bar No. 1007093)
Logan M. Breed (*pro hac vice*, DC Bar No. 479628)
Benjamin Holt (*pro hac vice*, DC Bar No. 483122)
Charles A. Loughlin (*pro hac vice*, DC Bar No. 448219)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.:  (202) 637-5600
Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Defendant
Within Unlimited, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., MARK ZUCKERBERG, and WITHIN UNLIMITED, INC.,<br><br>Defendants. | Case No.  5:22-cv-04325-EJD<br><br>**DEFENDANT WITHIN UNLIMITED, INC.'S CONFIDENTIALITY STATEMENT PURSUANT TO CIV. L. R. 79-5(f)(3)** |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Within Unlimited, Inc. ("Within") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Plaintiff's Motion"). *See* ECF No. 12. Within is aware that, following entry of a joint stipulation (ECF No. 52) extending the time for filing of the instant statement in support of the FTC's administrative sealing motion (ECF No. 12), the Court denied that motion with leave for the FTC to refile (ECF No. 57). However the FTC chooses to proceed, Within respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal.

**I.    Defendants Seek to Keep Sensitive Financial and Business Information Confidential.**

For the following reasons, Within seeks to maintain under seal the following material contained in the Complaint, ECF No. 1:

| ECF or Exhibit Number | Document and Paragraph | Portion(s) to Maintain Under Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 1 | Complaint at ¶ 26. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about the proposed valuation of Within, a private company. That amount reflects the confidential and sensitive analysis of both Meta and Within, and could impact Within's business if the transaction is enjoined. Legitimate private interests warrant the sealing of the Within information in this paragraph, and the unsealing of the information would result in injury to Within if the transaction is not consummated. That could not be avoided through any less restrictive alternative to sealing. |

| ECF or Exhibit Number | Document and Paragraph | Portion(s) to Maintain Under Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 1 | Complaint at ¶ 75. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about the proposed valuation of Within, a private company. That amount reflects the confidential and sensitive analysis of both Meta and Within, and could impact Within's business if the transaction is enjoined. In addition, the paragraph outlines Within's total expenditures—information that is competitively sensitive and a business secret. Legitimate private interests warrant the sealing of the Within information in this paragraph, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 108. *See* ECF No. 12-2. | The entirety of ¶ 108. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 109. *See* ECF No. 12-2. | The entirety of ¶ 109. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| ECF or Exhibit Number | Document and Paragraph | Portion(s) to Maintain Under Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 1 | Complaint at ¶ 111. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 112. *See* ECF No. 12-2. | The entirety of ¶ 112. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 113. *See* ECF No. 12-2. | The entirety of ¶ 113. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| ECF or Exhibit Number | Document and Paragraph | Portion(s) to Maintain Under Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 1 | Complaint at ¶ 114. *See* ECF No. 12-2. | The entirety of ¶ 114. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 115. *See* ECF No. 12-2. | The entirety of ¶ 115. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 116. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| ECF or Exhibit Number | Document and Paragraph | Portion(s) to Maintain Under Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 1 | Complaint at ¶ 121. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Within's strategic marketing efforts that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 122. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion, with the exception of the last sentence, which contains Meta-specific information. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 125. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted Complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| ECF or Exhibit Number | Document and Paragraph | Portion(s) to Maintain Under Seal | Reason for Sealing |
|---|---|---|---|
| ECF No. 1 | Complaint at ¶ 126. *See* ECF No. 12-2. | All information highlighted yellow in the unredacted complaint filed with Plaintiff's Motion. | This paragraph contains non-public information about Within's strategic pricing decisions that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 127. *See* ECF No. 12-2. | The entirety of ¶ 127. | This paragraph contains non-public information about Within's strategic product development process that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 128. *See* ECF No. 12-2. | The entirety of ¶ 128. | This paragraph contains non-public information about Within's strategic marketing efforts that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 1 | Complaint at ¶ 129. *See* ECF No. 12-2. | The entirety of ¶ 129. | This paragraph contains non-public information about Within's strategic product development process that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

### II. There are Compelling Reasons to Seal Within's Confidential Information.

Parties seeking to seal portions of pleadings and motions that are "more than tangentially related to the underlying cause of action" must offer "compelling reasons" in support of sealing. *See, e.g.*, *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *1 (N.D. Cal. Jan. 3, 2019). Under this standard, "information that, if published, may harm [a litigant's] or third parties' competitive standing" is subject to sealing. *Id.* at *3. Courts applying this standard in this District regularly seal information about a party's "financial and business information, including information relating to pricing and business strategies." *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020); *see also Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831 at *1 (N.D. Cal. June 25, 2011) (granting sealing motion as to material that disclosed "financial projections, discussions of business strategy, and competitive analyses"); *cf. Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-cv-04653-BLF, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022) (slip op.) (applying the good cause standard but collecting cases concluding that the compelling reasons standard is met by "business information that might harm a litigant's competitive strategy," "trade secrets, marketing strategies, product development plans, . . . customer information, and internal reports"). This Court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

As detailed in the table above, the confidential information that Within seeks to maintain under seal contains sensitive non-public financial and strategic information that, if revealed to the public, would harm its competitive standing. The information at issue falls within the categories of information that courts in this District regularly maintain under seal. Moreover, Within's proposed redactions are narrowly tailored to include only the specific portions of the FTC's Complaint that Within believes reflect confidential information, and thus sealing would not unduly limit public access to information.

Hogan Lovells US LLP
Attorneys At Law

Defendant Within Unlimited, Inc.'s
Confidentiality Statement Pursuant To Civ. L.
R. 79-5(f)(3)

7

Case No. 5:22-cv-04325-EJD

1    In addition, sealing is appropriate because Within produced to the FTC all of the
2    information at issue pursuant to the FTC's investigation, with an expectation of confidentiality.
3    Throughout the entirety of that investigation, this information remained protected from public
4    disclosure under statutory confidentiality provisions.  *See* 15 U.S.C. § 18a(h); 15 U.S.C. § 57b-2.
5    This context supports sealing the information at issue here.  *See FTC v. Lockheed Martin Corp.*,
6    No. 1:22-cv-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) (slip op.) ("According to the
7    FTC, sealing the complaint is appropriate . . . because the filing includes confidential information
8    submitted . . . pursuant to [such statutory confidentiality guarantees].  The Court agrees that sealing
9    the Complaint is appropriate.").

10   For these reasons, Within respectfully requests that the Court grant Plaintiff's Motion to
11   maintain under seal the specific information noted above.

Hogan Lovells US LLP
Attorneys At Law

DEFENDANT WITHIN UNLIMITED, INC.'S
CONFIDENTIALITY STATEMENT PURSUANT TO CIV. L.
R. 79-5(f)(3)

8

CASE NO. 5:22-CV-04325-EJD

Dated: August 10, 2022

Respectfully submitted,

By: */s/ Christopher J. Cox*
Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.:  (650) 463-4000
Facsimile No.:  (650) 463-4199
chris.cox@hoganlovells.com

Lauren Battaglia (*pro hac vice*)
Logan M. Breed (*pro hac vice*)
Benjamin Holt (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.:  (202) 637-5600
Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

*Counsel for Defendant Within Unlimited, Inc.*

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW

DEFENDANT WITHIN UNLIMITED, INC.'S
CONFIDENTIALITY STATEMENT PURSUANT TO CIV. L.
R. 79-5(f)(3)

9

CASE NO. 5:22-CV-04325-EJD