**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**FEDERAL TRADE COMMISSION**,

              Plaintiff,

      v.

**META PLATFORMS, INC., et al.**

Case No.  5:22-cv-04325-EJD

**[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER**

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

**[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") has met and conferred with Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively, "Defendants") as required under Civil Local Rule 16-3. The FTC, Meta, and Within jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**A.      JURISDICTION AND SERVICE**

The parties agree that this Court has subject-matter jurisdiction over this case pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and 28 U.S.C. §§ 1331, 1337(a) and 1345. There are no issues pending regarding personal jurisdiction. Defendants do not plan to contest venue in this district. Defendants Meta and Within waived service on July 28, 2022.

**B.      FACTS**

On October 22, 2021, Meta and Within signed an Agreement and Plan of Merger ("Merger Agreement") pursuant to which Meta, provider of virtual reality ("VR") devices and applications ("apps") in the United States, proposes to acquire Within, a VR software company that developed apps and sells the fitness app "Supernatural." By its terms the Merger Agreement requires the parties to close by April 22, 2023. The Merger Agreement will terminate if not closed by that date.

Following an investigation of the proposed acquisition, the Commission, finding "reason to believe" that Defendants were about to violate the antitrust laws, voted to authorize a complaint seeking a temporary restraining order and a preliminary injunction from this Court to preserve the status quo (a) "pending the issuance of a[n administrative] complaint by the Commission," 15 U.S.C. § 53(b); and (b) if such complaint is issued, while the Commission adjudicates whether the proposed acquisition is unlawful under Section 7 of the Clayton Act, 15 U.S.C. § 18. The Commission issued its administrative complaint on August 11, 2022.

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

PLAINTIFF'S STATEMENT:

The FTC anticipates that the following issues will be disputed: (a) whether the VR Dedicated Fitness App market or the VR Fitness App market alleged in Plaintiff's Complaint constitute relevant antitrust markets and, if so, the contours of those markets (Compl. ¶¶ 38-58); (b) market shares and concentration in the relevant markets (Compl. ¶¶ 60-68); (c) whether it is reasonably probable that Meta would have entered the VR Dedicated Fitness App Market through alternative means absent the proposed acquisition (Compl. ¶¶ 71-101); (d) whether it is reasonably probable that alternative entry by Meta would substantially deconcentrate the VR Dedicated Fitness App market or have other procompetitive effects (Compl. ¶¶ 102-105); (e) whether Within reasonably perceived Meta as a potential entrant to the VR Dedicated Fitness App market (Compl. ¶¶ 106-110); (f) whether Meta's presence as a perceived potential entrant likely influences competition in the VR Dedicated Fitness App market (Compl. ¶¶ 111-116); (g) whether Meta's Beat Saber and Within's Supernatural are competitors in the VR Fitness App Market (Compl. ¶¶ 118-122); and (h) whether new entry or expansion by existing firms will be timely, likely, or sufficient to offset any anticompetitive effects.

DEFENDANTS' STATEMENT:

On October 22, 2021, Meta signed an Agreement and Plan of Merger ("Merger Agreement") to acquire Within, a software company that has developed a VR fitness app called Supernatural.  The acquisition is intended to grow the VR ecosystem by, among other things, injecting investment into VR fitness and improving Meta's VR platform for all VR fitness apps, all to the benefit of consumers and developers alike.  If this deal is allowed to go forward, Meta intends to invest significant resources in growing Supernatural to bring more innovation to a new and rapidly developing space, with room for many participants. This investment and innovation is critical, as Meta and Within each face a wide range of competitors—both in VR and other platforms—in an extremely dynamic space. By its terms the Merger Agreement requires Meta and Within to close the transaction by April 22, 2023.  The Merger Agreement will terminate if it is not closed by that date.

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

The FTC, based on a 3-2 vote of the Commission, has filed this lawsuit seeking to block Meta's planned acquisition of Within based on ideology and speculation, not evidence. Defendants will dispute the FTC's factual allegations and anticipate that additional issues will be disputed.  For example, Meta anticipates that the parties will dispute, among other issues, the bias of the FTC Chair, who has made public statements prejudging this matter and demonstrating that she has determined to prevent any and all Meta acquisitions irrespective of the facts.

C.    **LEGAL ISSUES**

PLAINTIFF'S STATEMENT:

This action presents the following legal issues for determination:

    1.   Whether, in an administrative proceeding, the Commission is likely to succeed in showing that the effect of the proposed acquisition "may be substantially to lessen competition, or tend to create a monopoly," in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18; and

    2.   Whether the Commission has properly shown that, weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction would be in the public interest.

DEFENDANTS' STATEMENT:

    1.   Whether the FTC has a valid basis for proceeding under its claimed legal theories on the grounds that the acquisition eliminates an actual "potential" competitor or an actual "perceived" competitor; and

    2.   Whether the FTC can proceed, consistent with Due Process, to conduct an administrative proceeding where its Chair, sitting as a judge, has demonstrated bias and has prejudged this matter.

D.    **MOTIONS**

On July 27, 2022, Plaintiff filed an Emergency Motion for a Temporary Restraining Order.  Dkt. No. 13.  On August 3, 2022, the parties submitted a joint stipulation and proposed order whereby Meta and Within agreed to "not close or consummate the Proposed Transaction

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

until after 11:59 PM Eastern Time on December 31, 2022, or until the first (1st) business day after the District Court rules on the FTC's request for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, whichever occurs earlier in time." Dkt. No. 53.  On August 5, 2022, the Court granted the parties' proposed order and denied Plaintiff's Emergency Motion for a Temporary Restraining Order as moot.  Dkt. No. 56.

On July 27, 2022, with respect to the Complaint, Plaintiff filed an administrative motion to consider whether another party's confidential information should remain under seal. Dkt. No. 12.  The Court denied Plaintiff's motion on August 5, 2022 and invited Plaintiff to renew its motion, Dkt. No. 57, which Plaintiff did on August 11, 2022. Dkt. No. 66.  The Court has not yet ruled on Plaintiff's renewed motion to consider whether the information contained in the Complaint that Meta and Within deemed confidential, see Dkt. Nos. 59 & 60, should remain under seal.

**E.      AMENDMENT OF PLEADINGS**

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), the FTC may amend its complaint by August 17, 2022.

**F.      EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and that they met and conferred pursuant to Fed. R. Civ. P. 26(f) on August 12, 2022 regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties further certify that such steps are being taken.

**G.      DISCLOSURES**

The parties will serve the other side with initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by August 19, 2022 at 5:00 p.m. Eastern time.  The disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or

correct their Rule 26(a)(1) disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

**H.**    <u>**DISCOVERY**</u>

1.    <u>Discovery Propounded to Date</u>.  Plaintiff produced to Defendants non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within on August 8, 2022.  Such production will be treated by the parties as "outside counsel's eyes only" until the entry of a Protective Order in this matter.  On or around August 12, Meta propounded interrogatories and document requests on the FTC.  No further discovery has been propounded as part of this litigation to date.  The parties have satisfied their meet and confer obligations under Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-3 and agree as described below.

2.    <u>Timing of Fact Discovery</u>.  The parties shall commence fact discovery on August 12, 2022.  The parties continue to negotiate the timing of fact and expert discovery and agree to submit a proposed Discovery Plan to this Court by August 22, 2022.

3.    <u>Third-Party Discovery</u>.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations, letters, or affidavits obtained from a third party, to the other party within three (3) business days of receiving those materials.  Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe.

4. <u>Limitations on Party and Third-Party Declarations or Letters.</u>  No party may submit as evidence a declaration, letter, or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than four (4) business days prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration, letter, or affidavit may be submitted as evidence if it was executed or served less than fourteen (14) calendar days before the close of fact discovery.

5. <u>Document Requests and Production.</u>  The parties shall serve any objections to requests for the production of documents no later than seven (7) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040.

   a)  Document Productions shall be sent to the attention of:

      i.  <u>To the FTC:</u>

Abby L. Dennis
adennis@ftc.gov
(202) 326-2381

Peggy Bayer Femenella
pbayer@ftc.gov
(202) 326-3086

Josh Goodman
jgoodman@ftc.gov
(202) 326-3665

Jeanine Balbach
jbalbach@ftc.gov
(202) 326-2568

Terri Martin
TMartin@ftc.gov

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

(202) 326-3488

Brittany Hill
BHill1@ftc.gov
(202) 326-2967

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

ii.    <u>To Meta</u>:

Chantale Fiebig
Chantale.fiebig@weil.com
(202) 682-7200
Daniel Nadratowski
Daniel.nadratowski@weil.com
(202) 682-7130
Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036

Eric S. Hochstadt
Eric.hochstadt@weil.com
(212) 310-8000
Weil, Gotshal & Manges LLP
New York, NY 10153

Bambo Obaro
Bambo.obaro@weil.com
(650) 802-3000
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065

Geoffrey M. Klineberg
gklineberg@kellogghansen.com
(202) 326-7928
Ana Nikolic Paul
apaul@kellogghansen.com
(202) 326-7993
Kellogg Hansen Todd Figel & Frederick, P.L.L.C.
1615 M St NW #400
Washington, DC 20036

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

7

iii.  <u>To Within</u>:
    Chris Fitzpatrick
    Chris.fitzpatrick@hoganlovells.com
    (202) 637-3668

    Nicole Lynch
    nicole.lynch@hoganlovells.com
    (703) 610-6162

    Hogan Lovells US LLP
    555 13th St. NW
    Washington, DC 20004

6.  <u>Requests for Admission.</u>  The parties shall not serve any requests for admission, with the exception of those related solely to the authenticity of a document.

7.  <u>Interrogatories.</u>  The parties shall serve objections and responses to interrogatories no later than fourteen (14) calendar days after the date of service.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

8.  <u>Deadline to Issue Written Discovery to Parties</u>. The parties shall serve document requests and interrogatories to parties by no later than September 12, 2022.

9.  <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>

    a)  *Preliminary Fact Witness Lists:* Plaintiff shall serve its preliminary fact witness lists no later than 5:00 p.m. Eastern time on September 2, 2022.  The Defendants shall serve their preliminary fact witness list no later than 5:00 p.m. Eastern time on September 8, 2022.  Preliminary fact witness lists shall be limited to fifteen (15) per side and summarize the general topics of each witness's anticipated testimony.  The preliminary fact witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on a party's initial preliminary witness list may be included on that party's final

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

fact witness list, unless the opposing parties have been provided a reasonable opportunity to take the witness's deposition.

b) *Final Fact Witness Lists:* The parties agree to meet and confer regarding the timing and parameters of the exchange of final fact witness lists.  No witness shall be permitted at trial unless the opposing side had a reasonable opportunity to depose the witness before trial.

10. <u>Depositions.</u> The parties agree that relief from the limitation on the number of depositions set forth in Rule 30(a)(2) is necessary and appropriate.  The parties agree to work in good faith to negotiate a stipulated deposition protocol and to submit such protocol with a proposed Discovery Plan to this Court by August 22, 2022.

a) <u>Notice.</u>  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena.

b) <u>Remote Depositions.</u>  The parties agree to meet and confer regarding remote depositions and the protocol that would govern any such depositions.

11. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with any Part 3 administrative proceeding.

**I.    CLASS ACTIONS**

There is no proposed class at issue in this matter.

**J.    RELATED CASES**

There are no cases related to this matter.

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

**K.**   **RELIEF**

PLAINTIFF'S STATEMENT:

Plaintiff requests that the Court enter, following an evidentiary hearing, a preliminary injunction to prevent Defendants from taking any further steps to consummate the proposed acquisition, or any other acquisition of stock, assets, or other interests of one another, either directly or indirectly; retain jurisdiction and maintain the status quo until the administrative proceeding initiated by the Commission is concluded; and award such other and further relief as the Court may determine is appropriate, just, and proper.

DEFENDANTS' STATEMENT:

Defendants request the Court deny Plaintiff's requested relief as unsupported by fact and unfounded as a matter of law, and award Defendants any relief the Court deems appropriate.

**L.**   **SETTLEMENT AND ADR**

The parties have not engaged in formal settlement discussions and believe that ADR is unlikely to resolve their differences.

**M.**   **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties decline to consent to proceed before a Magistrate Judge for all purposes; this matter was assigned to U.S. District Court Judge Edward J. Davila on July 27, 2022.

**N.**   **OTHER REFERENCES**

The parties agree this case is not suitable for reference to binding arbitration, a special master or the JPML.

**O.**   **NARROWING OF ISSUES**

The parties do not believe that it is possible to narrow the issues at this time.

**P.**   **EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64.

**Q.     PROPOSED CASE SCHEDULE: MOTIONS AND BRIEFING SCHEDULE**

The parties agree to work in good faith to negotiate a pre- and post- hearing briefing schedule and to submit a proposed schedule to this Court by August 22, 2022.

**R.     TRIAL: PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

The parties propose an evidentiary hearing of approximately fifteen (15) hours per side commencing on or around December 5, 2022, if convenient for the Court. Plaintiff and Defendants shall split the time available at the hearing evenly, with both direct examination and cross-examination of witnesses counting against the party conducting the examination. Plaintiff and Defendants will each tally the time consumed by each side and confer on a daily basis on the total time each side has consumed.  Plaintiff may reserve a portion of its time for rebuttal. Unused time does not transfer to the other side.

**S.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3-15, Defendant Meta filed its Certification of Interested Entities or Persons on August 3, 2022.  Defendant Within filed its Certification of Interested Entities or Persons on August 10, 2022.

**T.     PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**U.     OTHER MATTERS**

1. <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail to the following individuals designated by each party:

   a) <u>For Plaintiff:</u>
      Abby L. Dennis
      adennis@ftc.gov
      (202) 326-2381

      Peggy Bayer Femenella

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

1

pbayer@ftc.gov
(202) 326-3086

2

Josh Goodman

3

jgoodman@ftc.gov
(202) 326-3665

4

5

Jeanine Balbach
jbalbach@ftc.gov

6

(202) 326-2568

7

Federal Trade Commission
600 Pennsylvania Avenue, NW

8

Washington, DC 20580

9

    b)  <u>For Meta:</u>

10

Chantale Fiebig
Chantale.fiebig@weil.com

11

(202) 682-7200
Weil, Gotshal & Manges LLP

12

2001 M Street NW, Suite 600
Washington, DC 20036

13

14

Eric S. Hochstadt
Eric.hochstadt@weil.com

15

(212) 310-8000
Weil, Gotshal & Manges LLP

16

New York, NY 10153

17

Bambo Obaro

18

Bambo.obaro@weil.com
(650) 802-3000

19

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway, 6th Floor

20

Redwood Shores, CA 94065

21

Mark C. Hansen

22

mhansen@kellogghansen.com
(202) 326-7904

23

Geoffrey M. Klineberg
gklineberg@kellogghansen.com

24

(202) 326-7928
Kellogg Hansen Todd Figel & Frederick PLLC

25

1615 M St NW #400
Washington, DC 20036

26

27

28

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

c)  <u>For Within:</u>

Charles Loughlin
Chuck.loughlin@hoganlovells.com
(202) 637-5661

Chris Fitzpatrick
Chris.fitzpatrick@hoganlovells.com
(202) 637-3668

Hogan Lovells US LLP
555 13th St. NW
Washington, DC 20004

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2.  <u>Answer.</u>  Defendants shall answer the complaint on or before August 26, 2022 at 11:59 p.m. Eastern time.

3.  <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

4. <u>Confidential Information</u>.  The parties agree that a protective order is necessary to safeguard confidential and competitively sensitive information of Meta, Within, and non-parties. The parties have tentatively agreed to submit a proposed Protective Order to the Court by August 22, 2022.   Any Party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Protective Order.

5. <u>Production of Protected Material.</u>  Pursuant to Federal Rules of Evidence 502(d), the production or disclosure, in this litigation or during Plaintiffs pre-complaint investigation, of any documents and accompanying metadata ("Protected Material") protected from discovery, including under the attorney-client privilege, work product doctrine, opinion work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, deliberative process privilege, or any other immunity from discovery (collectively "privilege or protection"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Material as to the receiving party or any third parties in this or in any other state or federal proceeding solely by virtue of such production or disclosure. This SCMO provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Material. Nothing contained herein requires the production of Protected Material.

6. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

   a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b)  All Parties agree that the use of Technology Assisted Review tools may assist in the efficienct production of ESI.  However, if a party desires to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

c)  All parties will request ESI in the form or forms that facilitate efficient review of ESI.

7.  Evidentiary Presumptions.

a)  Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  Any good-faith objection to a document's authenticity must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

b)  All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation, FTC. File No. 221-0040, are presumed to be authentic within the meaning of Federal Rule of Evidence 901.

c)  Any party may challenge the authenticity or admissibility of a document, and if necessary may take discovery related solely to authenticity or admissibility of documents.

8.  Modification of Scheduling and Case Management Order.  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**PURSUANT TO STIPULATION,** IT IS SO ORDERED**,** this _____ day of _____, 20_____.

_____
Honorable Edward J. Davila
United States District Judge
Northern District of California

Dated:  August 12, 2022

By: /s/ Abby L. Dennis

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Kristian Rogers
Anthony R. Saunders
Timothy Singer

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

Attorneys for Plaintiff Federal Trade
Commission

By: /s/ Bambo Obaro

Bambo Obaro, CA Bar No. 267683
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000

Chantale Fiebig, DC Bar No. 487671
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7200

Eric S. Hochstadt, NY Bar No. 4222683
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8538

Mark C. Hansen, DC Bar No. 425930
mhansen@kellogghansen.com
KELLOGG HANSEN TODD
   FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C.  20036
(202) 326-7900

By: /s/ Christopher J. Cox
Christopher J. Cox, CA Bar No. 151650
chris.cox@hoganlovells.com
Hogan Lovells US LLP
4085 Campbell Avenue
Suite 100
Menlo Park, CA 94025
Telephone: (650) 463-4000

Logan M. Breed, DC Bar No. 479628
Charles A. Loughlin, DC Bar No. 448219
Lauren Battaglia, DC Bar No. 1007093
logan.breed@hoganlovells.com

[PROPOSED] JOINT STIPULATED CASE MANAGEMENT ORDER
CASE NO. 5:22-cv-04325-EJD

17

chuck.loughlin@hoganlovells.com
lauren.battaglia@hoganlovells.com
(202) 637-6407
(202) 637-5661
(202) 637-5761
Hogan Lovells US LLP
555 13th St. NW
Washington, DC 20004

Counsel for Defendant Within Unlimited, Inc.

## FILER'S ATTESTATION

I, Abby L. Dennis, am the ECF User whose ID and password are being used to file this JOINT

CASE MANAGEMENT STATEMENT & PROPOSED ORDER. In compliance with Civil

Local Rule 5-1(h), I hereby attest that concurrence in the filing of this document has been

obtained from each of the other signatories.

By: */s/ Abby L. Dennis*

Abby L. Dennis