**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>   Plaintiff,<br><br>   v.<br><br>**META PLATFORMS, INC.,**<br><br>**MARK ZUCKERBERG,**<br><br>and<br><br>**WITHIN UNLIMITED, INC.,**<br><br>   Defendants. | Case No. 5:22-cv-04325-EJD<br><br>[PROPOSED] PROTECTIVE ORDER<br>**AS MODIFIED BY THE COURT** |

[Proposed] Protective Order

Case No. 5:22-cv-04325-EJD

# [PROPOSED] PROTECTIVE ORDER

For the purposes of protecting the interests of the parties and non-parties in the above-captioned matter against the improper use and disclosure of confidential information submitted or produced in connection with this matter:

IT IS HEREBY ORDERED THAT this Protective Order shall govern the handling of all Confidential and Highly Confidential Information, as hereafter defined.

1. As used in this Order, "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available. In addition, a designating party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the designating party believes should receive Confidential treatment. This includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations that might reveal Confidential Information.

2. As used in this Order, "Highly Confidential Information" shall only include Confidential Information that, if disclosed, is likely to cause material and significant harm to the party or non-party whose Highly Confidential Information is disclosed. Highly Confidential Information includes trade secrets, including algorithms and source code; non-public, commercially sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development, testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including deliberations about negotiating positions)

1 taken with respect to Defendant(s) or competitors to Defendant(s); information relating to
2 pending or abandoned patent applications that have not been made available to the public;
3 personnel files; sensitive personally identifiable information; sensitive health information; and
4 communications that disclose any Highly Confidential Information. Highly Confidential
5 Information also includes information that a non-party believes would expose it or new business
6 ventures with which it is associated to potential retribution or harm if the information were
7 disclosed to Defendant(s).

8     3.    As used in this Order, "Document" shall refer to any discoverable writing,
9 recording, transcript of oral testimony, or electronically stored information in the possession of a
10 party or non-party. "Commission" shall refer to the Federal Trade Commission ("FTC"), or any
11 of its employees, agents, attorneys, and all other persons acting on its behalf, excluding persons
12 retained as consultants or experts for purposes of this proceeding.

13     4.    Any Document or portion thereof submitted by a Defendant or a non-party during
14 a Federal Trade Commission investigation ("Investigation Materials") or during the course of
15 this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or
16 any other federal statute or regulation, or under any federal court or Commission precedent
17 interpreting such statute or regulation, as well as any information that discloses information that
18 has not been published or otherwise made publicly available, or the substance of the contents of
19 any Confidential or Highly Confidential Information derived from a Document subject to this
20 Order, shall be treated as Confidential or Highly Confidential Information for purposes of this
21 Order.

22     5.    The parties and any non-parties, in complying with informal discovery requests,
23 disclosure requirements, or discovery demands in this proceeding may designate any responsive
24 Document or portion thereof as Confidential or Highly Confidential Information, including
25 Documents obtained by them from third parties pursuant to discovery or as otherwise obtained.

26

27 [PROPOSED] PROTECTIVE ORDER
28 CASE NO. 5:22-CV-04325-EJD

1    6.    The parties, in conducting discovery from non-parties, shall provide to each non-party a copy of this Order so as to inform each such non-party of his, her, or its rights herein.

3    7.    A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential or Highly Confidential Information as defined in Paragraph 1 of this Order.

7    8.    Material may be designated as Confidential by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is Confidential by placing or affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. Meta/Within," "CONFIDENTIAL—FTC v. Meta Platforms, Inc., et al. Case No. 5:22-cv-04325-EJD," or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the Document considered to be Confidential Information. Confidential Information contained in electronic Documents may also be designated as Confidential by placing the designation "CONFIDENTIAL – FTC v. Meta/Within," "CONFIDENTIAL—FTC v. Meta Platforms, Inc., et al., Case No. 5:22-cv-04325-EJD," or any other appropriate notice that identifies this proceeding, on the face of the CD or DVD or other medium on which the Document is produced. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

21    9.    Material may be designated as Highly Confidential by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is Highly Confidential by placing or affixing to that folder or box, the designation "HIGHLY CONFIDENTIAL – FTC v. Meta/Within," "HIGHLY CONFIDENTIAL—FTC v. Meta Platforms, Inc., et al. Case No. 5:22-cv-04325-

EJD," or any other appropriate notice that identifies this proceeding, together with an indication of the portion or portions of the Document considered to be Highly Confidential Information. Highly Confidential Information contained in electronic Documents may also be designated as Highly Confidential by placing the designation "HIGHLY CONFIDENTIAL – FTC v. Meta/Within," "HIGHLY CONFIDENTIAL—FTC v. Meta Platforms, Inc., et al., Case No. 5:22-cv-04325-EJD," or any other appropriate notice that identifies this proceeding, on the face of the CD or DVD or other medium on which the Document is produced. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor.

10. Defendants are not required to re-designate Investigation Materials as Confidential or Highly Confidential: all Investigation Materials produced by Defendants presumptively shall be treated as they were designated in the Investigation.

11. Confidential and Highly Confidential Information shall be disclosed only to:

(a) the Court presiding over this proceeding, personnel assisting the Court, Plaintiff and its employees, and personnel retained by Plaintiff as experts or consultants for this proceeding;

(b) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter;

(c) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of any Defendant;

(d) anyone retained to assist outside counsel in the preparation or hearing of this proceeding including consultants and testifying experts, provided they are not

[P~~ROPOSED~~] P<small>ROTECTIVE</small> O<small>RDER</small>
C<small>ASE</small> N<small>O</small>. 5:22-<small>CV</small>-04325-EJD

currently employed by a Defendant and have signed an agreement to abide by the terms of the protective order;

(e) any witness or deponent who the examining attorney reasonably believes either authored or received the information in question; and

(f) Defendant Meta and Defendant Within shall each, by August 24, 2022, inform Plaintiff of the names of no more than three (3) in-house litigation counsel with responsibilities for the litigation of this Action.

The in-house litigation counsel identified by Defendants may only access declarations produced by Plaintiff, draft and final versions of pleadings, motions, and other briefs, hearing transcripts and expert reports—including portions of such filings, transcripts, or reports that quote or paraphrase confidential material—but not exhibits to such filings, transcripts or reports or underlying discovery material (other than declarations produced by Plaintiff), that have been designated as Confidential or Highly Confidential Information. In preparation for trial, the in-house counsel identified by Defendants may review documents or other discovery material containing confidential material that are included in Plaintiff's exhibit list or that are proposed by outside counsel for inclusion in Defendants' exhibit lists. Before providing such materials to in-house counsel identified by Defendants, Defendants shall redact all confidential material included in their proposed exhibit lists that is not material to the proposed merger or this litigation. The access designated in-house counsel may have to confidential material is subject to reconsideration for good cause shown. The in-house counsel identified by Defendants shall have access to such confidential material for the purpose of defending this litigation only. The in-house counsel identified by Defendants may access confidential material only in person at the offices of their

1   outside counsel, or using a secure electronic data room or document review
2   platform using individual login identification and passwords. Plaintiff and
3   Defendants shall promptly report any confirmed or suspected unauthorized use or
4   disclosure of confidential material to the Court and opposing counsel. To qualify
5   for access under this subpart, in-house litigation counsel shall first execute an In-
6   House Counsel Agreement Concerning Confidentiality in the form of Appendix A
7   attached hereto (which executed versions shall be maintained by outside counsel
8   for the relevant Defendant and available for inspection upon the request of the
9   Court, any Party, or any non-party who provides Confidential or Highly
10  Confidential Information in this Action).

11      12.  Disclosure of Confidential or Highly Confidential Information to any person
12  described in Paragraph 7 of this Order shall be only for the purposes of the preparation and
13  hearing of this proceeding, or any appeal therefrom, and for no other purpose whatsoever.
14  Nothing herein shall be construed as prohibiting counsel for the Federal Trade Commission or
15  counsel for Meta from serving as counsel in *FTC v. Meta Platforms, Inc.*, No. 1:20-cv-03590
16  (JEB) (D.D.C.), or any other investigation or litigation involving the Federal Trade Commission
17  and any of the Defendants.

18      13.  In the event that any Confidential or Highly Confidential Information is contained
19  in any pleading, motion, exhibit or other paper filed or to be filed with the Court, the Court shall
20  be so informed by the Party filing such papers, and such papers shall be filed under seal ^<ins>in accordance with Civil Local Rule 79-5.</ins>. To the
21  extent that such material was originally submitted by a non-party, the party including the
22  material in its papers shall immediately notify the submitter of such inclusion. Confidential or
23  Highly Confidential Information contained in the papers shall remain under seal <ins>only as provided by</ins> ~~until further~~
24  order of the Court, provided, however, that such papers may be furnished to persons or entities
25  who may receive Confidential or Highly Confidential Information pursuant to Paragraph 7. ~~Upon~~
26
27  ~~[Proposed]~~ Protective Order
28  Case No. 5:22-cv-04325-EJD

1   ~~or after filing any paper containing Confidential or Highly Confidential Information, the filing~~
2   ~~party shall file on the public record a duplicate copy of the paper that does not reveal~~
3   ~~Confidential or Highly Confidential Information.~~ Further, if the protection for any such material
4   expires, a party may file on the public record a duplicate copy which also contains the formerly
5   protected material.

6         14.    Within two business days of exchanging exhibit lists, the parties shall provide
7   notice to any party or non-party whose Confidential or Highly Confidential Information is on
8   that party's exhibit list for purposes of allowing that party or non-party to seek an order that the
9   document or transcript be granted in camera treatment. If that party or non-party wishes in
10  camera treatment for the document or transcript, the party or non-party shall file an appropriate
11  motion with the Court within five business days after it receives such notice. Except where such
12  an order is granted, all documents and transcripts shall be part of the public record. Where in
13  camera treatment is granted, a duplicate copy of such document or transcript with the
14  Confidential or Highly Confidential Information deleted therefrom may be placed on the public
15  record.

16        15.    If any party receives a discovery request in any investigation or in any other
17  proceeding or matter that may require the disclosure of Confidential or Highly Confidential
18  Information submitted by another party or non-party, the recipient of the discovery request shall
19  promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an
20  order of a court, such notification shall be in writing and be received by the submitter at least ten
21  business days before production and shall include a copy of this Protective Order and a cover
22  letter that will apprise the submitter of its rights hereunder. Nothing herein shall be construed as
23  requiring the recipient of the discovery request or anyone else covered by this Order to challenge
24  or appeal any order requiring production of Confidential or Highly Confidential Information,
25  subject itself to any penalties for non-compliance with any such order, or to seek any relief from

27  [P~~ROPOSED~~] PROTECTIVE ORDER
28  CASE NO. 5:22-CV-04325-EJD

the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential or Highly Confidential Information. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

16. At the time that any consultant or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of Documents or portions thereof designated Confidential or Highly Confidential that are in the possession of such person, together with all notes, memoranda or other papers containing Confidential or Highly Confidential Information. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, or any administrative proceeding, whichever is later, all persons having received information designated as Highly Confidential Information or Confidential Information must either make a good faith effort to return such material and all copies thereof to the producing person (or the producing person's counsel if represented by counsel) that produced it; or certify that it has destroyed or deleted all such Highly Confidential Information or Confidential Information in writing to the producing person.

17. All Documents produced will be treated as Highly Confidential Information for ten (10) business days from the date this Protective Order is filed, even if not designated in accordance with this Protective Order. Any production of Documents not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential Information. If at any time prior to the conclusion of this litigation, a Party or non-party determines that it should have designated as Confidential or Highly Confidential Information any Documents that the Party previously produced, it may so designate such Documents by notifying the parties in writing. The parties shall thereafter treat the Documents

| | |
|---|---|
| 1 | pursuant to the new designation under the terms of this Protective Order. No prior disclosure of |
| 2 | newly designated Confidential or Highly Confidential Information shall violate this Protective |
| 3 | Order, provided that the prior disclosure occurred more than ten (10) business days after the |
| 4 | production of that previously non-designated Confidential or Highly Confidential Information. |
| 5 | The disclosure of any information for which disclosure was proper when made will not be |
| 6 | deemed improper regardless of any such subsequent designation. Any Documents, data, or other |
| 7 | information produced to the Federal Trade Commission during its investigation and designated at |
| 8 | the time of production as confidential, highly confidential, proprietary, exempt from disclosure |
| 9 | under the Freedom of Information Act, or submitted under the HSR Act shall be deemed Highly |
| 10 | Confidential Information for purposes of this litigation. |
| 11 |       18.    The provision of this Protective Order, insofar as they restrict the communication |
| 12 | and use of confidential discovery material, shall, without written permission of the submitter or |
| 13 | further order of the Court, continue to be binding after the conclusion of this proceeding. |
| 14 | 19.    Any disputes arising under this Order shall be submitted to the undersigned in accordance with the Court's standing order for Civil Discovery: https://www.cand.uscourts.gov/wp-content/uploads/judges/van-keulen-svk/SVK_Civil_and_Discovery_Referral_Matters_Standing_Order_11-15-2021.pdf. |
| 16 |       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD. |
| 17 | DATED: August 22, 2022              /s/ Abby L. Dennis |
| 18 |                                    Attorney for Plaintiff Federal Trade Commission |
| 20 | DATED: August 22, 2022              /s/ Bambo Obaro |
| 21 |                                    Attorney for Defendant Meta Platforms, Inc. |
| 23 | DATED: August 22, 2022              /s/ Christopher J. Cox |
| 24 |                                    Attorney for Defendant Within Unlimited, Inc. |

[~~Proposed~~] Protective Order

Case No. 5:22-cv-04325-EJD

**FILER'S ATTESTATION**

I, Abby L. Dennis, am the ECF User whose ID and password are being used to file this [PROPOSED] PROTECTIVE ORDER. In compliance with Civil Local Rule 5-1(h), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ Abby L. Dennis*

Abby L. Dennis

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 24, 2022

*/s/ Susan van Keulen*

~~Honorable Edward J. Davila~~
~~United States District Judge~~
~~Northern District of California~~

Honorable Susan van Keulen
United States Magistrate Judge

~~[PROPOSED]~~ PROTECTIVE ORDER
CASE NO. 5:22-CV-04325-EJD

11

# APPENDIX A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

    v.

**META PLATFORMS, INC.,** et al.,

    Defendants.

Case No. 5:22-cv-04325-EJD

## IN-HOUSE LITIGATION COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY

I,_____, am employed as_____by_____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action, agree that in my role as in-house litigation counsel for the above Defendant company I meet the requirements of paragraph 11(f) of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Northern District

[P̶r̶o̶p̶o̶s̶e̶d̶] P<small>ROTECTIVE</small> O<small>RDER</small>

C<small>ASE</small> N<small>O</small>. 5:22-<small>CV</small>-04325-EJD

1

of California solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____ SIGNATURE

_____ DATE