Lauren Battaglia (*pro hac vice*, DC Bar No. 1007093)
Logan M. Breed (*pro hac vice*, DC Bar No. 479628)
Benjamin Holt (*pro hac vice*, DC Bar No. 483122)
Charles A. Loughlin (*pro hac vice*, DC Bar No. 448219)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.:  (202) 637-5600
Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Defendant*
*Within Unlimited, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No.  5:22-cv-04325-EJD<br><br>**DEFENDANT WITHIN UNLIMITED, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

**<u>ANSWER AND AFFIRMATIVE DEFENSES OF WITHIN UNLIMITED, INC.</u>**

Defendant Within Unlimited, Inc. ("Within"), by and through its undersigned attorneys, hereby answers Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Complaint for a Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act dated July 27, 2022 (the "Complaint") as follows:

<u>ANSWER</u>

Each paragraph below corresponds to the same-numbered paragraph in the Complaint. All allegations not expressly admitted are denied. Within does not interpret the headings or preamble in the Complaint as well-pleaded allegations to which any response is required. To the extent a response is required to the headings or preamble, Within denies all such allegations in the headings and preamble. Unless otherwise defined, capitalized terms refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization the FTC may ascribe to the terms.

1.      Within admits that Meta seeks to acquire Within. Within denies the remaining allegations in this paragraph.

2.      Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

3.      Within admits that Meta acquired Oculus VR, Inc. in 2014 and that Meta's Oculus 2 has been available for sale in the United States since its launch in 2020. Within lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph.

4.      Within admits that the Quest Store is a distribution platform for VR software apps. Within further admits that Meta acquired Beat Games in November 2019 and that Meta owns a number of other VR apps. Within lacks knowledge sufficient to admit or deny the remaining allegations in the paragraph.

5.      Within denies the allegations in the first sentence in this paragraph. Within lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph.

6.      Within denies the allegations in this paragraph.

7.      Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

8.      Within admits the second sentence of this paragraph references a document from

Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within denies the remaining allegations in this paragraph.

9.      Within denies the allegations in this paragraph.

10.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph as they relate to Meta's intentions.  Within denies the remaining allegations in this paragraph.

11.     Within denies the allegations in this paragraph.

12.     Within denies the allegations in this paragraph.

13.     Within denies the allegations in this paragraph.

14.     The allegations in this paragraph state legal conclusions as to which no response is required.  To the extent a response is required, Within denies the allegations

15.     The allegations in this paragraph state legal conclusions as to which no response is required.  To the extent a response is required, Within denies the allegations

16.     The allegations in this paragraph state legal conclusions as to which no response is required.  To the extent a response is required, Within denies the allegations.

17.     The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, Within denies the allegations in this paragraph.

18.     The allegations in this paragraph purport to state legal conclusions as to which no response is required.  To the extent a response is required, Within respectfully refers the Court to 15 USC § 53(b) for an accurate and complete statement of its text.

19.     The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, Within denies the allegations.

20.     The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, for the purposes of this current action, Within does not contest that venue in this district is proper.

21.     The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, for purposes of this current action, Within does not contest that assignment to the San Jose Division is proper.

22.     The allegations in this paragraph state legal conclusions as to which no response is required.  To the extent a response is required, Within admits the allegations in this paragraph but denies that the FTC is authorized under Section 7 of the Clayton Act, 15 U.S.C. § 18, or Section 5 of the FTC Act, 15 U.S.C. § 45, to proceed in this case.

23.     Within admits the allegations in the first and second sentences of this paragraph. Within also admits that Meta offers for sale the Meta Quest 2 VR headset.  Within also admits that Beat Saber was initially released by Beat Games, a studio that Meta acquired in 2019.  Within lacks knowledge sufficient to admit or deny the allegations in the remaining sentences.

24.     Within admits the allegations in the first and third sentences of this paragraph. Within lacks knowledge sufficient to admit or deny the remaining allegations.

25.     Within admits the allegations in this paragraph.

26.     Within admits the allegations in this paragraph.

27.     Within denies the allegations in this paragraph.

28.     Within admits that the VR industry is currently characterized by a high degree of innovation and growth.  Within denies the remaining allegations.

29.     Within admits that users may experience VR through a headset with displays in front of each eye.  Within denies the allegations in the second sentence of this paragraph.  Within further admits that VR allows users to experience different visual environments while remaining in their homes.  Within lacks knowledge sufficient to admit or deny the remaining allegations.

30.     Within lacks knowledge to admit or deny the allegations in this paragraph.

31.     Within admits that the Meta Quest Store, App Lab, Valve's Steam Store, and SideQuest are application stores where users can download applications and content.  Within lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph.

32.     Within admits that developers of varying sizes create a wide range of VR content for the many VR headsets.  Within denies the remaining allegations in the paragraph.

33.     Within lacks knowledge to admit or deny to the allegations in the first sentence of the paragraph.  Within admits that Meta acquired Beat Games, the developer of Beat Saber, in November 2019.  Within lacks knowledge sufficient to admit or deny the remaining allegations in

this paragraph.

34.     Within lacks knowledge to admit or deny the allegations in this paragraph.

35.     Within admits that Meta has developed and released Horizon Worlds, Horizon Workrooms, Horizon Venues, and Horizon Home.  Within lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph.

36.     Within admits that the second sentence of this paragraph references a document from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within denies the remaining allegations in this paragraph.

37.     The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, Within denies the allegations in this paragraph.

38.     The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, Within denies the allegations in this paragraph.

39.     Within lacks knowledge sufficient to admit or deny to the allegations in this paragraph.

40.     Within denies the allegations in this paragraph.

41.     Within admits that Supernatural has a high energy expenditure.  Within lacks knowledge sufficient to admit or deny the allegations concerning third party ratings.  Within denies the remaining allegations in this paragraph.

42.     Within lacks knowledge sufficient to admit or deny the allegations concerning views of industry participants.  Within denies the remaining allegations in this paragraph.

43.     Within denies the allegations in this paragraph.

44.     Within denies the allegations in this paragraph.

45.     Within denies the allegations in this paragraph.

46.     Within admits the last sentence of this paragraph references a document from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within denies the remaining allegations.

47.     Within admits that as of August 26, 2022, consumers can purchase a Supernatural Annual Membership for $179.99/year or a Supernatural Monthly Membership for $18.99/month on Meta's Quest Store.  Within denies the remaining allegations in this paragraph.

48.     Within denies the allegations in this paragraph.

49.     Within denies the allegations in this paragraph.

50.     Within denies the allegations in this paragraph.

51.     Within denies the allegations in this paragraph.

52.     Within denies the allegations in this paragraph.

53.     To the extent that Plaintiff is quoting from documents, Within respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Within denies the allegations in this paragraph.

54.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

55.     To the extent that Plaintiff is quoting from documents, Within respectfully refers the Court to the documents for an accurate and complete statement of their contents.  Within denies the remaining allegations in this paragraph.

56.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

57.     Within denies the allegations in the first sentence of this paragraph.  Within admits the second sentence of this paragraph references a document from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.

58.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph concerning unidentified studies.  Within denies the remaining allegations in this paragraph.

59.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph concerning unidentified industry participants.  Within denies the remaining allegations in this paragraph.

60.     Within denies the allegations in this paragraph.

61.     This paragraph purports to state conclusion of law to which no response is required.  To the extent a response is required, Within respectfully refers the Court to the 2010 U.S. Department of Justice and Federal Trade Commission Horizontal Merger Guidelines for an

1    accurate and complete statement of its contents.

2        62.    This paragraph purports to state conclusions of law to which no response is required.

3    To the extent a response is required, Within respectfully refers the Court to the 2010 U.S.

4    Department of Justice and Federal Trade Commission Horizontal Merger Guidelines for an

5    accurate and complete statement of its contents.

6        63.    This paragraph purports to state conclusions of law to which no response is required.

7    To the extent a response is required, Within respectfully refers the Court to the 2010 U.S.

8    Department of Justice and Federal Trade Commission Horizontal Merger Guidelines for an

9    accurate and complete statement of its contents.

10        64.    Within denies the allegations in this paragraph.

11        65.    To the extent that the FTC is quoting from documents, Within respectfully refers

12    the Court to the documents for an accurate and complete statement of their contents.  Within denies

13    the remaining allegations in this paragraph.

14        66.    Within denies the allegations in this paragraph.

15        67.    Within denies the allegations in this paragraph.

16        68.    Within denies the allegations in this paragraph.

17        69.    Within denies the allegations in this paragraph.

18        70.    To the extent that Plaintiff is quoting from the 2010 U.S. Department of Justice and

19    Federal Trade Commission Horizontal Merger Guidelines, Within respectfully refers the Court to

20    the same for an accurate and complete statement of its contents.  Within denies the remaining

21    allegations in this paragraph.

22        71.    Within denies the allegations in this paragraph.

23        72.    Within lacks knowledge sufficient to admit or deny the allegations in in this

24    paragraph.

25        73.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

26        74.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

27        75.    Within lacks knowledge sufficient to admit or deny the allegations in the first

28    sentence in this paragraph.  Within admits that Meta has previously developed VR apps.  Within

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW

DEFENDANT WITHIN UNLIMITED, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

6

CASE NO. 5:22-CV-04325-EJD

1    denies the remaining allegations in the paragraph.

2        76.    Within lacks knowledge sufficient to admit or deny the allegations concerning

3    documents in Meta's files.  Within denies the remaining allegations in this paragraph.

4        77.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

5        78.    Within admits that Meta developed Oculus Move, which among other things allows

6    users to track certain fitness-related metrics while using the Quest 2.  Within denies the remaining

7    allegations in this paragraph.

8        79.    Within admits that Meta owns Beat Games, the studio behind Beat Saber.  Within

9    lacks knowledge sufficient to admit or deny the remaining allegations in this paragraph.

10       80.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

11       81.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

12       82.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph

13   as they relate to Meta's motives for rebranding itself.  Within denies all remaining allegations.

14       83.    Within denies the allegations in this paragraph.

15       84.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

16       85.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

17       86.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph

18   concerning internal Meta strategy.  Within denies the remaining allegations.

19       87.    To the extent that Plaintiff is quoting from documents, Within respectfully refers the

20   Court to the documents for an accurate and complete statement of their contents.  Within denies the

21   remaining allegations contained in this paragraph.

22       88.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

23       89.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

24       90.    Within denies the allegations in this paragraph.

25       91.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

26       92.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

27       93.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

28       94.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

95.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

96.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

97.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph concerning Meta's motives for any codename for the proposed acquisition.  Within denies the remaining allegations in this paragraph.

98.     Within admits that Meta hired Within's head of product for Supernatural.  Within lacks knowledge sufficient to admit or deny the remaining allegations.

99.     Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

100.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

101.    Within denies the allegation that the Acquisition is anticompetitive.  Within lacks knowledge sufficient to admit or deny the remaining allegations.

102.    Within denies the allegations in this paragraph.

103.    Within denies the first and third sentences of this paragraph.  Within lacks knowledge sufficient to admit or deny the allegations in the second sentence of the paragraph.

104.    Within denies the allegations in this paragraph.

105.    Within denies the allegations in this paragraph.

106.    Within denies the allegations in this paragraph.

107.    To the extent Plaintiffs are referring to Meta's earnings report, Within respectfully refers the Court to the earnings report for an accurate statement of its contents.  Within denies the remaining allegations contained in this paragraph.

108.    Within denies the allegations in this paragraph.

109.    Within admits that both sentences in this paragraph reference documents from Within's files.  Within denies the FTC's characterization of these documents, which take selected language out of context.  Within denies the remaining allegations in this paragraph.

110.    Within admits that its former head of product is currently employed at Meta.  Within denies the remaining allegations in this paragraph.

111.    Within denies the allegations in this paragraph.

112.    Within admits that the second and third sentences of this paragraph references a

document from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within denies the remaining allegations in this paragraph.

113.    Within admits that this paragraph references a document from Within's files. However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within denies the remaining allegations in this paragraph.

114.    Within admits that this paragraph references documents from Within's files. However, Within denies the FTC's characterization of these documents, which take selected language out of context.  Within denies the remaining allegations in this paragraph.

115.    Within denies the allegations in the first sentence.  Within admits the second sentence of this paragraph references documents from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within denies the remaining allegations in this paragraph.

116.    Within denies the allegations in this paragraph.

117.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph concerning Meta's view of competition.  Within denies the remaining allegations in this paragraph.

118.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph concerning Meta's view of competition.  Within denies the remaining allegations in this paragraph.

119.    To the extent that Plaintiff is relying on public webpages, Within respectfully refers the Court to the webpage(s) for an accurate and complete statement of their contents.  Within denies the remaining allegations in this paragraph.

120.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

121.    Within lacks knowledge sufficient to admit or deny the allegations in this paragraph concerning Meta's view of Beat Saber's target market.  Within admits the second sentence of this paragraph references a document from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.  Within lacks knowledge sufficient to admit or deny the allegations in the fourth sentence of this paragraph. Within denies the remaining allegations in this paragraph.

122.   Within denies the allegations in the first sentence.  Within admits that the second and third sentences of this paragraph reference a document from Within's files.  However, Within denies the FTC's characterization of these documents, which takes selected language out of context. Within lacks knowledge sufficient to admit or deny the allegations in the fourth sentence of this paragraph.

123.   Within denies the allegations in this paragraph.

124.   Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

125.   Within denies the allegations in the first sentence of the paragraph.  Within admits the second sentence of this paragraph references a document from Within's files.  However, Within denies the FTC's characterization of this document, which takes selected language out of context.

126.   Within denies the allegations in this paragraph.

127.   Within denies the allegations in this paragraph.

128.   Within denies the allegations in this paragraph.

129.   Within denies the allegations in this paragraph.

130.   Within denies the allegations in this paragraph.

131.   Within denies the allegations in this paragraph.

132.   To the extent the last sentence of this paragraph purports to reflect Meta's knowledge, Within lacks knowledge sufficient to admit or deny the allegations in this sentence. Within denies the remaining allegations in this paragraph.

133.   Within lacks knowledge sufficient to admit or deny the allegations in this paragraph.

134.   Within denies the allegations in this paragraph.

135.   Within denies the allegations in this paragraph.

136.   Within denies the allegations in this paragraph.

137.   The allegations in this paragraph state legal conclusions as to which no response is required.  To the extent a response is required, Within denies the allegations.

138.   Within denies the allegations in this paragraph.

139.   The allegations contained in this paragraph contain legal conclusions, as to which no response is required.  To the extent a response is required, Within denies the allegations in this

1    paragraph and states that the FTC is not entitled to any relief.

2         140.    The allegations contained in this paragraph contain legal conclusions, as to which

3    no response is required.  To the extent a response is required, Within denies the allegations in this

4    paragraph and states that the FTC is not entitled to any relief.  Further, Within states that it is entitled

5    to any relief that this Court may deem just or appropriate, in equity or at law.

6         141.    Within states that the FTC is not entitled to any relief.

7         142.    Within states that the FTC is not entitled to any relief.

8         143.    Within states that the FTC is not entitled to any relief.

9    **AFFIRMATIVE AND OTHER DEFENSES**

10        Within asserts the following defenses, without assuming the burden of proof on such

11   defenses that would otherwise rest with the Plaintiffs.  Within has not knowingly or intentionally

12   waived any applicable defenses, and it reserves the right to assert and rely upon other applicable

13   defenses that may become available or apparent throughout the course of the action.  Within

14   reserves the right to amend, or seek to amend, its answer and affirmative defenses.

15   FIRST AFFIRMATIVE DEFENSE

16   The Complaint fails to state a claim on which relief can be granted.

17   SECOND AFFIRMATIVE DEFENSE

18   Granting the relief sought is inequitable and contrary to the public interest.

19   THIRD AFFIRMATIVE DEFENSE

20   The Complaint fails to allege a plausible relevant product market.

21   FOURTH AFFIRMATIVE DEFENSE

22   The Complaint fails to allege a plausible relevant geographic market.

23   FIFTH AFFIRMATIVE DEFENSE

24   The Complaint fails to allege undue share in any plausibly defined relevant market.

25   SIXTH AFFIRMATIVE DEFENSE

26   The Complaint fails to allege any plausible harm to competition.

27   SEVENTH AFFIRMATIVE DEFENSE

28   The Complaint fails to allege any plausible harm to consumers.

1                  <u>EIGHTH AFFIRMATIVE DEFENSE</u>

2       The Complaint fails to allege any plausible harm to consumer welfare.

3                  <u>NINTH AFFIRMATIVE DEFENSE</u>

4       There will be no harm to competition, consumers, or consumer welfare because there is,

5 and will continue to be, entry and expansion by competitors, which is timely, likely, and sufficient.

6                  <u>TENTH AFFIRMATIVE DEFENSE</u>

7       The combination of the Defendants' businesses will be procompetitive.  The transaction

8 will result in substantial acquisition-specific efficiencies, cost synergies, and other procompetitive

9 effects that will directly benefit consumers.  These benefits will greatly outweigh any and all

10 proffered anticompetitive effects.

11                  <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

12       The alleged harm to potential competition is not actionable.

13                  <u>TWELFTH AFFIRMATIVE DEFENSE</u>

14       The FTC has failed to establish that Defendants exercise market power with respect to any

15 relevant market.

16                  <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

17       The Complaint reflects improper selective enforcement of antitrust laws.

18                  <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

19       The combination of Defendants' business is not likely substantially to lessen competition

20 applying the analytical framework set forth in the Merger Guidelines promulgated by the FTC and

21 Department of Justice.

22                  <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

23       The FTC is not entitled to relief as a matter of law.

24                  <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

25       The FTC is not entitled to relief because none of Within's conduct identified in the

26 Complaint is actionable – either independently or in the aggregate – under the antitrust laws.

27                  <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

28       The FTC cannot proceed because it purports to exercise executive authority in violation of

1 | Article II of the United States Constitution.

EIGHTEENTH AFFIRMATIVE DEFENSE

3 | The FTC is equitably estopped from asserting its claims.

NINETEENTH AFFIRMATIVE DEFENSE

The Due Process Clause of the United States Constitution barred the FTC from commencing this action against Within and bars the FTC from continuing this action against Within and from seeking a claim for relief.

TWENTIETH AFFIRMATIVE DEFENSE

Within incorporates by reference the affirmative defenses put forth by Meta in its Answer to the Plaintiff's Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Within respectfully requests that the Court enter judgment:

1.   Denying the FTC's requested relief;

2.   Dismissing the Complaint in its entirety, with prejudice;

3.   Awarding Within the costs it has incurred in defending this action and expenses; and

4.   Awarding such other and further relief to Within as the Court may deem just and proper.

1

Dated: August 26, 2022

Respectfully submitted,

2

By: /s/ Christopher J. Cox

3

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.

4

Suite 200

5

Redwood City, CA 94063
Telephone No.:  (650) 463-4000

6

Facsimile No.:  (650) 463-4199
chris.cox@hoganlovells.com

7

8

Lauren Battaglia (*admitted pro hac vice*)
Logan M. Breed (*admitted pro hac vice*)

9

Benjamin Holt (*admitted pro hac vice*)
Charles A. Loughlin (*admitted pro hac vice*)

10

HOGAN LOVELLS US LLP
Columbia Square

11

555 Thirteenth St., NW

12

Washington, D.C. 20004
Telephone No.:  (202) 637-5600

13

Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com

14

logan.breed@hoganlovells.com

15

benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

16

*Counsel for Defendant Within Unlimited, Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WITHIN UNLIMITED, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES

14

CASE NO. 5:22-CV-04325-EJD