# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

**FEDERAL TRADE COMMISSION**,

    Plaintiff,

    v.

**META PLATFORMS, INC., et al.**,

    Defendants.

Case No. 5:22-cv-04325-EJD

**[~~PROPOSED~~] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE**

[PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE
CASE NO. 5:22-cv-04325-EJD

**[PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE**

Plaintiff Federal Trade Commission ("FTC" or "Commission") has met and conferred with Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively, "Defendants") as required under Civil Local Rule 16-3. The FTC, Meta, and Within jointly submit this [PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. This submission supplements the parties' Joint Stipulated Case Management Order filed on August 12, 2022.

**A.    DISCOVERY SCHEDULE**

1. The parties' stipulated discovery and briefing schedule is attached as Exhibit A.

**B.    FACT DISCOVERY**

1. <u>Discovery Disputes.</u>  In order to ensure that all discovery disputes, including with non-parties, are resolved expeditiously and in a manner consistent with this Court's schedule in this proceeding, the parties respectfully request that all motions to compel and/or motions to quash in this case be presented to Magistrate Judge van Keulen for prompt resolution pursuant to procedures she shall adopt for that purpose.

2. <u>Document Requests and Production.</u>  No more than 25 document requests shall be served on any named party or non-party.  The parties shall serve any objections to requests for the production of documents no later than seven (7) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties shall make good faith efforts to substantially comply with requests for production no later than thirty (30) calendar days after the date of service, provided that rolling productions begin within twenty-one (21) calendar days of service.

3. <u>Interrogatories.</u>  The parties shall serve no more than 10 interrogatories per side.  The parties shall serve objections and responses to interrogatories no later than fourteen

(14) calendar days after the date of service. Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.

4. <u>Exchange of Final Lists of Fact Witnesses to Appear at Hearing.</u>  Final fact witness lists shall be exchanged on or before 5:00 p.m. Eastern time on the date listed in Exhibit A for exchange of final fact witness lists.  Final fact witness lists shall summarize the general topics of each witness's anticipated testimony.  Only witnesses previously identified in the preliminary fact witness lists and/or deposed in the matter shall be permitted on the final fact witness lists.  The final fact witness lists shall represent a good faith effort to identify all fact witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment.  Additional witnesses may be added to the final witness list after the date for exchange of final fact witness lists in Exhibit A only by agreement of the parties or with leave of the Court for good cause shown.  No witness shall be permitted at trial unless the opposing side had a reasonable opportunity to depose the witness before trial.

5. <u>Depositions.</u>

    a. <u>Number of Depositions.</u>  Each side may depose any witness who (i) is listed on either side's preliminary witness list; (ii) is listed on the other side's final party or non-party witness lists; or (iii) provides a declaration or affidavit.  Notwithstanding the foregoing, each side may take a maximum of twenty-five (25) depositions, including 30(b)(6) depositions, of non-party witnesses.  Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

    b. <u>Allocation of Time.</u>  All depositions, including depositions of fact and expert witnesses, including 30(b)(6) depositions, shall last no more than seven (7)

hours on the record, except (i) if both Plaintiff and Defendants notice any non-party fact deposition, the deposition will be ten (10) hours and will be divided equally between the sides, although if either side uses fewer than two hours to question the witness, the other party may use half of the unused time; and (ii) if either Plaintiff or Defendants has obtained a sworn declaration from the deponent, the maximum time shall be allocated five (5) hours to the side that did not obtain the declaration, and two (2) hours for the side that obtained the declaration.  For purposes of this Joint Stipulated Discovery Plan and Briefing Schedule, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses. Unused time in any side's allocation of deposition time shall not transfer to the other side.

**C. EXPERT DISCOVERY**

1. <u>Expert Depositions.</u>  One seven-hour deposition of each expert shall be allowed.
2. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:
   a. Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:
      i. any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts or consultants themselves;
      ii. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);
      iii. expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;
      iv. drafts of expert reports, analyses, or other work product; or

[PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE
CASE NO. 5:22-cv-04325-EJD

3

        v.    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 2(b).

  b.  The parties agree that they will disclose the following materials with all expert reports:

        i.    a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

        ii.    for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

[PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE
CASE NO. 5:22-cv-04325-EJD

D. **MOTIONS AND BRIEFING**

1. Plaintiff's memorandum in support of its motion for a preliminary injunction is not to exceed 25 pages.
2. Defendants' opposition to Plaintiff's motion for a preliminary injunction is not to exceed 25 pages.
3. Plaintiff's reply memorandum support of its motion for a preliminary injunction is not to exceed 15 pages.
4. Each side's proposed pre-trial findings of fact and conclusions of law, collectively, shall not exceed 50 pages.
5. Any briefs in support of, or in opposition to, motions in limine, including any Daubert motions, shall not exceed 10 pages.
6. Each side's post-trial proposed findings of fact and conclusions of law shall not exceed 100 pages.

E. **OTHER ISSUES**

1. <u>Privilege Log.</u>  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation).  Notwithstanding the foregoing, the parties shall individually log withheld materials that are authored by, addressed to, or received from any non-party; and will categorically log materials that are (1) internal to a party that are not authored by, sent to, or received from the party's attorneys or employed FTC staff economists from the Bureau of Economics, unless such person serves as an expert or submits any written or oral testimony in this matter; (2) authored by, addressed to, or received from any party executive who serves both in-house business and legal roles; (3) authored by, addressed to, or received from any executive who has a law degree, even if the executive is not a practicing attorney; and (4) authored by, addressed to, or received from any domestic or foreign regulatory

authorities. For purposes of this paragraph, a "non-party" excludes a party's retained expert and employees of such expert within the meaning of Federal Rule of Civil Procedure 26(b). The parties shall preserve all documents responsive to a discovery request that they withold pursuant to a claim of privilege or protection.

2. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

3. <u>Reservation of Rights.</u>  Nothing in this Discovery Plan shall limit the parties' ability to object to, move to quash, or otherwise challenge any request for discovery or deposition notice under the Federal Rules of Civil Procedure.

**EXHIBIT A: PROPOSED SCHEDULE**

| Event | Date(s) |
|---|---|
| Discovery Commences | August 12, 2022 |
| Plaintiff's Preliminary Fact Witness Lists | September 2, 2022 |
| Defendants' Preliminary Fact Witness Lists | September 8, 2022 |
| Deadline to Serve Written Discovery to Parties | September 12, 2022 |
| Close of Party Fact Discovery | October 26, 2022 |
| Plaintiff Serves Initial Expert Report(s) | October 27, 2022 |
| File and Exchange of Final Party Fact Witness Lists | October 28, 2022 at 5 p.m. Eastern Time |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | October 31, 2022 |
| Defendants Serve Expert Report(s) and file | November 11, 2022 |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction | November 14, 2022 |
| File and Exchange of Final Non-Party Fact Witness Lists | November 18, 2022 at 5 p.m. Eastern Time |
| File and Exchange of Exhibit Lists | November 18, 2022 at 5 p.m. Eastern Time |
| Close of Non-Party Fact Discovery | November 18, 2022 |
| Plaintiff Serves Rebuttal Expert Report(s) and files | November 21, 2022 |
| Pre-Hearing Proposed Findings of Fact and Conclusions of Law | November 21, 2022 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | November 21, 2022 |

| Event | Date(s) |
|---|---|
| Last Day for Motions *In Limine* to Be Filed | November ~~28~~ 21, 2022 |
| Close of Expert Discovery | December 5, 2022 |
| Last Day for Responses to Motions *In Limine* to Be Filed | November 28 ~~December 5~~, 2022 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | To be determined by the Court |

*This order has been entered after consultation with the parties.*

**PURSUANT TO STIPULATION,** IT IS SO ORDERED, this 6th day of September, 2022.

Honorable Edward J. Davila
United States District Judge
Northern District of California

[PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE
CASE NO. 5:22-cv-04325-EJD

8

Dated: August 22, 2022

| | |
|---|---|
| By: /s/ Abby L. Dennis | By: /s/ Bambo Obaro |
| | |
| Abby L. Dennis | Bambo Obaro, CA Bar No. 267683 |
| Peggy Bayer Femenella | bambo.obaro@weil.com |
| Joshua Goodman | WEIL, GOTSHAL & MANGES LLP |
| Jeanine Balbach | 201 Redwood Shores Parkway, 6th Floor |
| Michael Barnett | Redwood Shores, CA 94065-1134 |
| E. Eric Elmore | Telephone: (650) 802-3000 |
| Justin Epner | |
| Sean D. Hughto | Chantale Fiebig, DC Bar No. 487671 |
| Frances Anne Johnson | chantale.fiebig@weil.com |
| Andrew Lowdon | WEIL, GOTSHAL & MANGES LLP |
| Lincoln Mayer | 2001 M Street NW, Suite 600 |
| Kristian Rogers | Washington, DC 20036 |
| Anthony R. Saunders | Telephone: (202) 682-7200 |
| Timothy Singer | |
| | Eric S. Hochstadt, NY Bar No. 4222683 |
| Federal Trade Commission | eric.hochstadt@weil.com |
| 600 Pennsylvania Avenue, NW | WEIL, GOTSHAL & MANGES LLP |
| Washington, DC 20580 | 767 Fifth Avenue |
| Tel: (202) 326-2381 | New York, NY 10153 |
| | Telephone: (212) 310-8538 |
| Erika Wodinsky | |
| 90 7th Street, Suite 14-300 | Mark C. Hansen, DC Bar No. 425930 |
| San Francisco, CA 94103 | mhansen@kellogghansen.com |
| Tel: (415) 848-5190 | KELLOGG HANSEN TODD |
| |     FIGEL & FREDERICK, P.L.L.C. |
| Attorneys for Plaintiff Federal Trade Commission | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C.  20036 |
| | Telephone: (202) 326-7900 |
| | |
| | Counsel for Defendant Meta Platforms, Inc. |
| | By: /s/ Christopher J. Cox |
| | Christopher J. Cox, CA Bar No. 151650 |
| | chris.cox@hoganlovells.com |
| | Hogan Lovells US LLP |
| | 4085 Campbell Avenue |
| | Suite 100 |
| | Menlo Park, CA 94025 |
| | Telephone: (650) 463-4000 |
| | |
| | Logan M. Breed, DC Bar No. 479628 |
| | Charles A. Loughlin, DC Bar No. 448219 |
| | Lauren Battaglia, DC Bar No. 1007093 |

[PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE
CASE NO. 5:22-cv-04325-EJD

logan.breed@hoganlovells.com
chuck.loughlin@hoganlovells.com
lauren.battaglia@hoganlovells.com
(202) 637-6407
(202) 637-5661
(202) 637-5761
Hogan Lovells US LLP
555 13th St. NW
Washington, DC 20004

Counsel for Defendant Within Unlimited, Inc.

## FILER'S ATTESTATION

I, Abby L. Dennis, am the ECF User whose ID and password are being used to file this [PROPOSED] JOINT STIPULATED DISCOVERY PLAN AND BRIEFING SCHEDULE. In compliance with Civil Local Rule 5-1(h), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By: */s/ Abby L. Dennis*

Abby L. Dennis