1   Abby L. Dennis, DC Bar No. 994476
    Peggy Bayer Femenella, DC Bar No. 472770
2   Joshua Goodman, NY Bar (No Number)
    Jeanine Balbach, MD Bar (No Number)
3   James H. Weingarten, DC Bar No. 985070

4   Federal Trade Commission
    600 Pennsylvania Avenue, NW
5   Washington, DC 20580
    Tel: (202) 326-2381

6
7   *adennis@ftc.gov; pbayer@ftc.gov;*
    *jgoodman@ftc.gov; jbalbach@ftc.gov;*
    *jweingarten@ftc.gov*
8
9   [Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC., et al.** <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, on October 21, 2022, at 11:00 a.m., Plaintiff Federal Trade Commission ("FTC") shall move and hereby does move the Court to strike certain affirmative defenses of Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within"), pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiff respectfully requests this Court to strike Meta's Fourteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses, and Within's Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses. Certain of these defenses fail to meet minimum pleading standards, or are subject to heightened pleading standards, which they also necessarily fail to meet. Other defenses, contrary to Supreme Court and Ninth Circuit precedent, purport to raise premature collateral constitutional challenges to the FTC's administrative proceeding. Still others raise defenses of unclean hands and estoppel that are not only improperly pled but cannot be raised against the Government in the circumstances of this case.

Plaintiff's motion is based on this Notice of Motion; the Memorandum of Points and Authorities in Support filed concurrently; all other pleadings on file in this action; and any other written or oral argument that Plaintiff may present to the Court.

## ISSUE TO BE DECIDED

Whether the Court should strike Meta's Fourteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses, and Within's Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses because they (1) fail to meet the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), (2) cannot meet heightened pleading standards required of certain affirmative defenses, (3) raise impermissible collateral constitutional challenges under *Axon Enterprises Inc. v. FTC*, 986 F.3d 1173, 1176-77 (9th Cir. 2021), *cert. granted in part*, 142 S. Ct. 895 (2022), and (4) cannot be asserted against the FTC in the circumstances of this case.

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-cv-04325-EJD

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ..................................................................................i

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.      BACKGROUND ....................................................................................................... 1

II.     ARGUMENT ............................................................................................................. 4

        A.      Defendants Fail to Adequately Plead a Selective Enforcement or Selective
                Prosecution Defense....................................................................................... 5

                1.      The Defense Should be Stricken Because it Fails to Identify the
                        Factual Bases Underlying the Defense. ................................................ 5

                2.      The Defense Fails to Meet the Heightened Pleading Standard That
                        Supreme Court and Ninth Circuit Precedent Require............................. 6

        B.      Binding Precedent Precludes Defendants' Affirmative Defenses Based on
                Alleged Bias, Failure to Recuse, or Other Alleged Constitutional Defects
                in the FTC Administrative Proceeding. ....................................................... 10

        C.      Defendants' Affirmative Defenses of Estoppel and Unclean Hands Should
                Be Stricken.................................................................................................... 15

                1.      Defendants' Affirmative Defense of Estoppel Fails Both the
                        Plausibility Standard and the Specific Pleading Requirements
                        Applicable to Estoppel. ...................................................................... 16

                2.      Defendants Fail to Plausibly Plead an Affirmative Defense of
                        Unclean Hands, and the Defense Is Defective for Three Additional,
                        Independent Reasons. .......................................................................... 17

III.    CONCLUSION......................................................................................................... 19

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Air Line Pilots Ass'n v. U.S. Dep't of Transp.*, 899 F.2d 1230 (D.C. Cir. 1990) ....................... 15

*Allen v. A.H. Robbins Co.*, 752 F.2d 1365 (9th Cir. 1985) ......................................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................*passim*

*Axon Enterprises Inc. v. FTC*, 986 F.3d 1173 (9th Cir. 2021)..............................*passim*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................*passim*

*Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011 (9th Cir. 2016) ............................. 18

*Brown Shoe Co. v. United States*, 370 U.S. 294 (1962) .......................................9

*EEOC v. Recruit USA, Inc.*, 939 F.2d 746 (9th Cir. 1991) ................................... 18

*Elgin v. Department of Treasury*, 567 U.S. 1 (2012)...................................... 12, 14

*Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 2239834

   (N.D. Cal. June 17, 2022) ....................................................................6

*FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34 (D.D.C. 2022) ................................. 14

*FTC v. Staples, Inc.*, 239 F. Supp. 3d 1 (D.D.C. 2017) .................................. 13

*FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156 (9th Cir. 1984)............................. 12

*Goobich v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685

   (N.D. Cal. Mar. 30, 2020)............................................................... 4, 17

*Heckler v. Community Health Servs. of Crawford County, Inc.*, 467 U.S. 51 (1984)................ 16

*Henderson v. United States*, 575 U.S. 622 (2015) ..................................... 18

*In re Meta Platforms, Inc.*, Complaint, Docket No. 9411 (F.T.C. August 11, 2022) .................. 1

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,

   517 F. Supp. 3d 994 (N.D. Cal. 2021)........................................... 17, 18

*Jarkesy v. SEC*, 803 F.3d 9 (D.C. Cir. 2015)...................................... 14, 15

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ........................... 10

*Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) ................. 18

*MIC Property & Cas. Corp. v. Kennolyn Camps, Inc.*, No. 5:15-cv-00589-EJD, 2015 WL 4624119 (N.D. Cal. Aug. 3, 2015) ............................................................... 16, 17

*Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014) ................................................. 4, 6

*Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071 (N.D. Cal. Aug. 20, 2020) ............ 4, 16, 17

*Precision Instr. Mfg. v. Auto. Maintenance Mach. Co.*, 324 U.S. 806 (1945) ............................ 17

*Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994) .................................................... 11

*United States v. Armstrong*, 517 U.S. 456 (1996) .................................................. *passim*

*United States v. AT&T Inc.*, 290 F. Supp. 3d 1 (D.D.C. 2018) .................................... 6, 8, 9, 10

*United States v. Baker Hughes Inc.*, 908 F.2d 981 (D.C. Cir. 1990) .................................. 9

*United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470 (N.D. Cal. May 22, 2021) ................................................................................ 7, 8

*United States v. Litton Industries, Inc.*, 462 F.2d 14 (9th Cir. 1972) .............................. 12

*United States v. Sellers*, 906 F.3d 848 (9th Cir. 2018) .......................................... *passim*

*United States v. Washington*, 869 F.3d 193 (3d Cir. 2017) ...................................... 8

*Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785 (N.D. Cal. 2019) ................................ 2

*Watkins v. U.S. Army*, 875 F.2d 699 (9th Cir. 1989) ............................................ 16

**Statutes**

15 U.S.C. § 18a .............................................................................................. 8

15 U.S.C. § 45(c) ........................................................................................... 12

16 C.F.R. § 4.17 ............................................................................................ 15

Federal Trade Commission Act, 15 USC § 53(b) ................................................. 1, 11, 15

**Other Authorities**

Fed. R. Civ. P. 12(f) ........................................................................................ 4

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Federal Trade Commission ("FTC") respectfully moves pursuant to Federal Rule of Civil Procedure 12(f) to strike various affirmative defenses that Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") have lodged in this case. The affirmative defenses that are the subject of this Motion should be dismissed with prejudice for a variety of reasons. As described below, some fail to meet minimum pleading standards, or are subject to heightened pleading standards, which they also necessarily fail to meet. Other defenses, contrary to Supreme Court and Ninth Circuit precedent, purport to raise premature collateral constitutional challenges to the FTC's administrative proceeding. Still others raise defenses of unclean hands and estoppel that are not only improperly pled but cannot be raised against the Government in the circumstances of this case. The Court should strike these affirmative defenses so that discovery in this case focuses on the issues properly before this Court and relevant to deciding whether to issue the FTC's requested preliminary injunction.

## I.     BACKGROUND

The FTC brought this action to preserve the status quo while it adjudicates whether Meta's proposed acquisition of Within (the "Acquisition") violates the antitrust laws. Compl. (Dkt. No. 1) at 2 & ¶¶ 14-15. On October 22, 2021, Meta and Within signed an Agreement and Plan of Merger, pursuant to which Meta would acquire all shares of Within. *Id.* ¶ 26; Meta Answer (Dkt. No. 84) ¶ 26; Within Answer (Dkt. No. 83) ¶ 26. On July 27, 2022, the FTC filed a complaint in this Court requesting, *inter alia*, a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), to restrain Defendants from completing the Acquisition until the FTC's administrative adjudication on the merits is completed. Compl. (Dkt. No. 1) at 2 & ¶¶ 14-15. The FTC filed its administrative complaint on August 11, 2022. Compl., *In re Meta Platforms, Inc.* (FTC Dkt. No. 9411), *available at*

1    https://www.ftc.gov/legal-library/browse/cases-proceedings/221-0040-metazuckerbergwithin-

2    matter.[1]

3           On August 26, 2022, Meta and Within filed their respective Answers. Meta asserted

4    twenty-two affirmative defenses. Meta Answer (Dkt. No. 85) at 15-18. Within asserted twenty

5    affirmative defenses, the twentieth of which incorporates by reference all of Meta's affirmative

6    defenses. *See* Within Answer (Dkt. No. 83) at 11-13. The following affirmative defenses are

7    relevant to this Motion:

8           Meta's Fourteenth Affirmative Defense: "The Complaint reflects improper selective

9    enforcement of the antitrust laws." Meta Answer (Dkt. No. 85) at 16.

10          Meta's Seventeenth Affirmative Defense: "The FTC cannot proceed because it purports

11   to exercise executive authority in violation of Article II of the United States Constitution." *Id*.

12          Meta's Eighteenth Affirmative Defense: "The FTC is not entitled to relief because the

13   Chair of the FTC is disqualified and her participation in adjudicating the related FTC

14   administrative complaint irreparably taints both this action and the administrative proceeding.

15   Chair Khan has made numerous public statements that demonstrate her bias against Meta, and in

16   particular its acquisitions, demonstrating her lack of impartiality with respect to Meta's proposed

17   acquisition. She is not an impartial, unbiased Commissioner, but rather has prejudged Meta's

18   conduct, as Meta explained in its Petition for Recusal filed with the FTC on July 25, 2022. Chair

19   Khan's participation irrevocably taints the FTC's claim, including because its initiation and

20   maintenance violates the Due Process Clause, U.S. Const. amend. V; the Federal Trade

21   Commission Act, 5 U.S.C. §§ 41 *et seq*.; the Administrative Procedure Act, 5 U.S.C. §§ 1001 *et*

22   *seq*.; FTC internal regulations, *see, e.g*., 16 C.F.R. § 4.17; and federal ethics laws and

23   regulations, *see, e.g*., 5 C.F.R. § 2635.501(a); 5 C.F.R. § 2635.101(b)(14)." Meta Answer (Dkt.

24   No. 85) at 16-17.

25   _____

26   [1] A court may take judicial notice of documents filed in FTC administrative proceedings. *E.g.*,

27   *Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019).

28   PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
     CASE NO. 5:22-CV-04325-EJD

1
2
3
4
5
6
7
8
9
10
11
12

    Meta's Nineteenth Affirmative Defense: "The FTC cannot proceed because it cannot demonstrate likelihood of success on the merits or that the balance of equities favors an injunction, as Chair Khan is disqualified. The FTC seeks to obtain a preliminary injunction while it pursues its administrative case. To do so, it must demonstrate likelihood of success on the merits. That means not simply success in its own home court, where it always succeeds, *see Axon Enter., Inc. v. FTC*, 986 F.3d 1173, 1187 (9th Cir. 2021), but success through appeal to a federal appellate court, *see FTC v. Simeon Mgmt. Corp.*, 532 F.2d 708, 715-16 (9th Cir. 1976). Chair Khan's participation necessarily makes any result in the administrative case she engineered and will judge invalid as a matter of law. *See Cinderella Career & Finishing Sch., Inc. v. FTC*, 425 F.2d 583, 591-92 (D.C. Cir. 1970); *Am. Cyanamid Co. v. FTC*, 363 F.2d 757, 763-68 (6th Cir. 1966). Only by violating due process and federal ethics rules can the FTC ever obtain an agency decision against the transaction." Meta Answer (Dkt. No. 85) at 17.

13
14
15

    Meta's Twentieth Affirmative Defense: "Because Chair Khan is disqualified, the FTC cannot seek, obtain, or enforce any equitable remedy under the doctrines of unclean hands, estoppel, or other equitable doctrines." *Id.*

16
17
18

    Meta's Twenty-First Affirmative Defense: "The Due Process Clause of the United States Constitution barred the FTC from commencing this action against Meta and bars the FTC from continuing this action against Meta and from seeking a claim for relief." *Id.*

19
20
21

    Within's Seventeenth Affirmative Defense: "The FTC cannot proceed because it purports to exercise executive authority in violation of Article II of the United States Constitution." Within Answer (Dkt. No. 83) at 12-13.

22
23

    Within's Eighteenth Affirmative Defense: "The FTC is equitably estopped from asserting its claims." *Id.* at 13.

24
25
26

    Within's Nineteenth Affirmative Defense: "The Due Process Clause of the United States Constitution barred the FTC from commencing this action against Within and bars the FTC from continuing this action against Within and from seeking a claim for relief." *Id.*

27
28

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-CV-04325-EJD

1

## II.    ARGUMENT

Rule 12(f) permits a court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Goobich v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (quotation marks omitted). In addition to reducing the cost of litigation to the parties, it is essential to remove Defendants' inadequate and improper affirmative defenses at an early stage of the proceedings so that the parties focus discovery on the bona fide issues in this case.

Courts in this District have routinely held that the pleading standard applied to complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies also to affirmative defenses. *E.g.*, *Goobich*, 2020 WL 1503685, at *2 (collecting cases). "Accordingly, Defendant's affirmative defenses must contain sufficient facts to state a defense 'that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678). "Thus, while a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient. In order to satisfy the pleading requirements of Rule 8, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d 1071, 1075 (N.D. Cal. Aug. 20, 2020) (Davila, J.) (internal quotation marks and citations omitted). Insufficient pleadings are not "entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686; *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (explaining that pleading requirements must be satisfied "*before* the discovery stage, not after it." (citing *Iqbal*, 556 U.S. at 686)).

Several of Defendants' affirmative defenses fail to meet this threshold pleading standard. Other affirmative defenses should be stricken for different or additional reasons. Defendants' "selective enforcement" defense is subject to an even higher pleading standard, which their Answers also necessarily fail to meet. Defendants' constitutional "affirmative defenses" should

be stricken because they constitute an attempted end-run around binding precedent precluding collateral attacks on the FTC's administrative proceedings. Defendants' affirmative defenses of estoppel and unclean hands have specific pleading requirements—which Defendants do not meet—and lie against the government only in limited circumstances—which are not present here.

## A. Defendants Fail to Adequately Plead a Selective Enforcement or Selective Prosecution Defense.

Meta's Fourteenth Affirmative Defense states in its entirety that "[t]he Complaint reflects improper selective enforcement of the antitrust laws." Meta Answer (Dkt. No. 85) at 16; *see also* Within Answer (Dkt. No. 83) at 13 (incorporating by reference Meta's affirmative defenses). Defendants asserted "selective enforcement" defense should be stricken for two independent reasons.

### 1. The Defense Should be Stricken Because It Fails to Identify the Factual Bases Underlying the Defense.

Defendants' barebones assertion of a legal conclusion fails to meet the *Twombly/Iqbal* pleading standard: it is nothing more than a bare statement reciting the legal conclusion that the FTC's Complaint "reflects improper selective enforcement of the antitrust laws." Meta Answer (Dkt. No. 85) at 16. Defendants' pleadings fail to provide the FTC with any notice of the underlying factual bases of this defense. For example, Defendants fail to identify any other instance in which the FTC acted any differently to enforce the antitrust laws; Defendants fail to provide any facts suggesting that any other such (unidentified) instances presented parallel situations to this lawsuit; and Defendants fail to provide any facts suggesting that the supposedly different enforcement decision made in this instance was motivated by "improper" factors. *See generally United States v. Armstrong*, 517 U.S. 456 (1996); *United States v. Sellers*, 906 F.3d 848 (9th Cir. 2018).

Defendants must—but have not and cannot—provide a plausible factual basis to support this affirmative defense before they are entitled to take any discovery concerning this defense, let

alone to launch a burdensome fishing expedition into the FTC's review of other transactions.[2] *See Iqbal*, 556 U.S. at 686; *Mujica*, 771 F.3d at 593. In truth, the FTC's decisions about other transactions are entirely irrelevant to the issues before this Court. Indeed, in what appears to be the only decision considering this defense in a government civil antitrust case, the court stated that the defense was particularly inapt in antitrust cases given their fact-specific nature and struck it. *See United States v. AT&T Inc.*, 290 F. Supp. 3d 1, 4 (D.D.C. 2018).

**2. The Defense Fails to Meet the Heightened Pleading Standard That Supreme Court and Ninth Circuit Precedent Require.**

Even if Meta's Fourteenth Affirmative Defense met the *Twombly/Iqbal* standard (it does not), it should nonetheless be dismissed with prejudice because it fails to meet the heightened pleading standard that the Supreme Court and Ninth Circuit require before discovery on this defense can proceed. The Supreme Court has imposed a "rigorous standard" for a defendant to gain discovery on a "selective prosecution" defense, while the Ninth Circuit has held that a somewhat lower standard can apply to a "selective enforcement" defense in limited circumstances where a party claims that it was improperly targeted for investigation. *Armstrong*, 517 U.S. at 468; *Sellers*, 906 F.3d at 855. While Defendants here call it "selective enforcement," their defense is actually one of "selective *prosecution*," subject to the higher *Armstrong* standard, because their defense objects to the FTC's filing of the Complaint, not the FTC's decision to investigate the Acquisition. In any event, Defendants' one-sentence pleading of the defense fails meet either the *Armstrong* or *Sellers* standards and therefore should be stricken.

---

[2] "To the extent that Defendant argues that Plaintiffs are aware of the nature of its affirmative defenses, there is no authority supporting the notion that the opposing party's knowledge of the general facts of the case excuses the omission of factual bases of pleading affirmative defenses." *Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 2239834, at *7 (N.D. Cal. June 17, 2022) (quotation marks omitted).

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-cv-04325-EJD

A "selective prosecution" defense "is not a defense on the merits to [a] charge [or claim] itself, but an independent assertion that the prosecutor has brought the [case] for reasons forbidden by the Constitution." *Armstrong*, 517 U.S. at 463. To establish a selective prosecution defense, a defendant must show both discriminatory effect and discriminatory purpose. *Id.* at 465. Specifically, "a defendant must establish: (1) that, while others similarly situated have not generally been proceeded against because of conduct of the types forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, *i.e.*, based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *49 (N.D. Cal. May 22, 2021) (quotation marks omitted). In *Armstrong*, the Supreme Court "consider[ed] the showing necessary for a defendant to be entitled to discovery on a claim" of selective prosecution and adopted a "rigorous standard" for the showing of discriminatory effect a defendant must make before discovery on the defense may proceed. 517 U.S. at 458, 468. That "rigorous standard" for having discovery is tied to the elements of the defense and requires the defendant to "produce some evidence that similarly situated defendants . . . could have been prosecuted, but were not." *Id.* at 469.

The Ninth Circuit held in *Sellers* that a departure from *Armstrong* was warranted in narrow circumstances when a defendant pleaded a "selective enforcement" defense. *Sellers* explained that a defense is more properly considered to be one of "selective enforcement" when the defendant "takes issue with how he was targeted at the outset of the operation" resulting in his being charged. *Sellers*, 906 F.3d at 851 n.5. *Sellers* (and cases from other circuits on which it relied) arose in a particular context of defendant's claim of selective enforcement in "stash house reverse-sting operations," a type of investigation into drug trafficking, and the Ninth Circuit held that *Armstrong*'s rigorous standard for obtaining discovery on a selective prosecution defense does not "apply strictly to discovery requests in selective enforcement claims like Sellers's." *Id.* at 855. "Contrary to *Armstrong*'s requirements for selective prosecution claims, a defendant need

1   not proffer evidence that similarly-situated individuals of a different race were not investigated

2   or arrested to receive discovery on his selective enforcement claim in a stash house reverse-sting

3   operation case. While a defendant must have something more than mere speculation to be

4   entitled to discovery, what that something looks like will vary from case to case." *Id.*

5          Here, the defense is properly analyzed as one of "selective prosecution" subject to the

6   "rigorous" *Armstrong* standard. As an initial matter, Defendants' characterization of the defense

7   as "selective enforcement" is irrelevant. "As always, a court must look beyond the labels affixed

8   by the party and focus on the substance of what is sought." *United States v. Washington*, 869

9   F.3d 193, 219 (3d Cir. 2017) (explaining that district court has discretion to determine if a

10  selective enforcement defense is actually a selective prosecution defense tailored to avoid

11  *Armstrong*). Defendants' one-sentence pleading makes clear that the government act of which

12  they complain is the decision to bring suit, not the manner in which the Acquisition was

13  "targeted" for investigation, because it is allegedly "*[t]he Complaint* [that] reflects improper

14  selective enforcement of the antitrust laws." Meta Answer (Dkt. No. 85) at 16 (emphasis added).

15  On its face, the substance of the defense is that the FTC has improperly selected Defendants for

16  suit in bringing this case (and presumably the administrative proceeding as well) and cannot

17  proceed against them in either this Court or administratively. That is quintessentially an issue of

18  "prosecution," not "enforcement." *See Armstrong*, 517 U.S. at 463; *Holmes*, 2021 WL 2044470,

19  at *49. Finally, it is nonsensical to characterize this defense as being about the FTC's

20  "enforcement" decisions, *i.e.*, that the FTC's "targeting" of Defendants "at the outset" of the

21  investigation violated the Constitution. *Sellers*, 906 F.3d at 851 n.5. The investigation here was

22  triggered when Defendants provided statutorily required notification of the Acquisition to the

23  FTC. *See generally* 15 U.S.C. § 18a ("Premerger notification and waiting period"). Accordingly,

24  because Defendants have attempted to plead "selective prosecution," the *Armstrong* standard

25  applies.

26         The *AT&T* case appears to be the only reported decision analyzing this defense in a civil

27  antitrust case, and it is particularly instructive. The Department of Justice challenged AT&T's

28

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-cv-04325-EJD

8

proposed acquisition of Time Warner, and the defendants asserted "selective enforcement" as an affirmative defense on the grounds that "the challenge to their vertical merger was brought not due to any credible antitrust concerns, but because one of the Time Warner networks to be acquired, CNN, has engaged in political speech disfavored by President Trump." 290 F. Supp. 3d at 2.[3] The court rejected defendants' argument, held that defendants failed to meet the *Armstrong* standard, and struck the defense. Of particular relevance here, the court also explained that "[i]t is . . . difficult to even conceptualize how a selective enforcement claim applies in the antitrust context." *Id*. at 4. That is because, under longstanding Supreme Court precedent, "each merger 'must be functionally viewed' in 'the context of its particular industry' and in light of a 'variety of factors'—including the transaction's size, structure, and potential to generate efficiencies or enable evasion of rate regulation—that 'are relevant in determining whether a transaction is likely to lessen competition.'" *Id*. at 4 (quoting *United States v. Baker Hughes Inc.*, 908 F.2d 981, 985 (D.C. Cir. 1990)); *see generally Brown Shoe Co. v. United States*, 370 U.S. 294, 321-22 (1962) (elaborating potentially relevant factors). For the same reasons, *Armstrong* precludes Defendants' selective prosecution defense here. Importantly, the *AT&T* court's skepticism about the applicability of this defense to government civil antitrust claims is persuasive whether the defense is one of "selective enforcement" or "selective prosecution."

Defendants do not, and cannot, meet either *Armstrong*'s or *Sellers*'s requirements and, therefore, fail to sufficiently plead selective enforcement or prosecution. Defendants make no allegations—let alone make a showing—that this action was based on impermissible considerations such as race or religion. They present no evidence "that similarly situated defendants . . . could have been prosecuted, but were not." 517 U.S. at 469. Nor is it plausible that there are any additional similarly situated defendants given the unique factual posture of

---

[3] Unlike the Ninth Circuit, the D.C. Circuit has not held that different standards apply to "selective enforcement" and "selective prosecution" defenses. In *AT&T*, the parties agreed that *Armstrong* governed defendants' "selective enforcement" defense. *AT&T*, 290 F. Supp. 3d at 3.

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-CV-04325-EJD

9

each civil antitrust merger case. *See AT&T*, 290 F. Supp. 3d at 4. Even if *Sellers* applies,

Defendants have failed to show "something more than mere speculation." 906 F.3d at 855.

Defendants are not entitled to discovery, and this affirmative defense should be stricken with

prejudice because this defective pleading cannot "be saved by amendment." *Kendall v. Visa*

*U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

**B.   Binding Precedent Precludes Defendants' Affirmative Defenses Based on Alleged**

**Bias, Failure to Recuse, or Other Alleged Constitutional Defects in the FTC**

**Administrative Proceeding.**

Defendants assert multiple "affirmative defenses" raising constitutional challenges to the

FTC's administrative proceeding, but binding Ninth Circuit precedent requires striking these

defenses as improper collateral attacks that are outside this Court's subject matter jurisdiction.

Defendants' "affirmative defenses" include the following: that the alleged bias of Chair Khan

means that the FTC's administrative proceeding violates the Due Process Clause, that the

administrative proceeding violates the Due Process Clause for a further unexplained reason, and

that the administrative proceeding violates (without explanation) Article II. *See* Meta Answer

(Dkt. No. 85) at 16-18 (Seventeenth, Eighteenth, Nineteenth, and Twenty-First Affirmative

Defenses); Within Answer (Dkt. No. 83) at 12-13 (Seventeenth and Nineteenth Affirmative

Defenses). Defendants' barebones Due Process Clause and Article II defenses lack any factual

allegations and fail the *Twombly/Iqbal* plausibility standard for the same reasons discussed

above. Moreover, as to all of these constitutional defenses, the Ninth Circuit has held that district

courts lack subject matter jurisdiction over these kinds of challenges to the FTC's administrative

proceedings. Defendants' disguising of collateral attacks on the FTC administrative proceedings

as affirmative defenses cannot evade binding precedent requiring Defendants to seek judicial

review in a court of appeals after the FTC administrative proceeding.

The Ninth Circuit has held that Congress impliedly barred jurisdiction of federal district

courts over constitutional challenges to the FTC's administrative proceedings and that

defendants must present such challenges to a federal court of appeals after the administrative

1  process is complete. *Axon Enter., Inc. v. FTC*, 986 F.3d 1173, 1176-77 (9th Cir. 2021), *cert.*

2  *granted in part*, 142 S. Ct. 895 (2022). In *Axon*, on the same day the FTC initiated an

3  administrative proceeding challenging Axon's consummated acquisition of a competitor, Axon

4  filed suit in district court claiming that the FTC's administrative procedures violated the Due

5  Process Clause, that the FTC's structure violates Article II by providing improper insulation

6  from the President, and that the acquisition did not violate the antitrust laws. *See id*. The district

7  court dismissed Axon's complaint for lack of subject matter jurisdiction, and the Ninth Circuit

8  affirmed. *See id*.

9          The Ninth Circuit applied Supreme Court precedent and held that "Congress impliedly

10  precluded district court jurisdiction over claims of the type brought by Axon when it enacted the

11  FTC Act." *Id*. at 1178; *see generally Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994).

12  First, the *Axon* court readily concluded that the "FTC Act evinces a fairly discernible intent to

13  preclude district court jurisdiction." *Id*. at 1180. Second, the *Axon* court applied Supreme Court

14  precedent and held that "Axon's claims are of the type meant to be reviewed within the statutory

15  scheme." *Id*. at 1181. In making that determination, the court analyzed the factors set forth by the

16  Supreme Court: whether the statutory scheme ensures meaningful judicial review, whether the

17  constitutional claims are "wholly collateral" to the administrative proceeding, and whether the

18  agency "lacks agency expertise to resolve" constitutional claims. *Id*. at 1181-87. While those

19  factors did not all point to the same conclusion in *Axon*, the Ninth Circuit held that "under

20  Supreme Court precedent the presence of meaningful judicial review is enough to find that

21  Congress precluded district court jurisdiction over the type of claims that Axon brings." *Id*.

22  at 1187; *see also id*. at 1181 ("Several courts have also concluded that the first factor—

23  meaningful judicial review—is the most critical thread in the case law." (citation and quotation

24  marks omitted)).

25          Defendants Meta and Within will have meaningful judicial review, because even "[i]f the

26  proceeding might harm [Defendants], that harm can still be ultimately remedied by a federal

27  court of appeals." *Id.* at 1182. To hold otherwise and allow Defendants to litigate their

28  PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-CV-04325-EJD

constitutional claims in the guise of affirmative defenses "would create a gaping loophole to the statutory scheme that Congress would not have intended." *Id.* That Meta and Within, like Axon, raise constitutional claims in their pleadings is irrelevant. "In *Elgin [v. Department of Treasury*, 567 U.S. 1 (2012)], the Court held that, even if the agency cannot decide constitutional claims, a meaningful judicial review exists as long as the party ultimately can appeal to 'an Article III court fully competent to adjudicate petitioners' claims." *Axon*, 986 F.3d at 1183 (quoting *Elgin*, 567 U.S. at 17). Defendants here have the same recourse to a court of appeal that Axon did. *See* 15 U.S.C. § 45(c) (providing for appellate review of FTC final orders) (discussed in *Axon*, 986 F.3d at 1182, 1183). For these reasons, the Ninth Circuit in *United States v. Litton Industries, Inc.*, 462 F.2d 14 (9th Cir. 1972), refused to consider a party's argument that "individual [FTC] commissioners were prejudiced," because "[d]ue process will be served at the adjudication's conclusion if [the party] appeals from an adverse FTC order." *Id.* at 18. Accordingly, meaningful judicial review of Defendants' claims is assured, and these "affirmative defenses" are precluded and should be stricken.

Defendants attempt to circumvent this controlling law by, for example, asserting that Chair Khan's alleged bias goes to whether an injunction should issue. *See* Meta Answer (Dkt. No. 85) at 17 (Nineteenth Affirmative Defense alleging that bias goes to the likelihood of success and balance of equities). But such sleight of hand cannot save Defendants' improper collateral attacks on the FTC's administrative proceeding. To the extent Defendants suggest that this Court's analysis of whether to grant a preliminary injunction should extend to the question of how an appellate court will rule on their constitutional challenges, they are incorrect. The FTC satisfies its burden to show likelihood of success "if it raises questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for thorough investigation, study, deliberation and determination by the FTC in the first instance and ultimately by the Court of Appeals." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1162 (9th Cir. 1984) (citation and quotation marks omitted). "[T]he Court's task is to assess the likelihood of whether or not the government can prevail at a subsequent administrative hearing before the

1   Federal Trade Commission." *FTC v. Staples, Inc.*, 239 F. Supp. 3d 1, 5 (D.D.C. 2017). The

2   argument that evaluating success on the merits or how the equities balance includes evaluating

3   Defendants' constitutional challenges is another attempt to smuggle the constitutional issues into

4   this proceeding, thereby creating another "gaping loophole to the statutory scheme." *Axon*, 986

5   F.3d at 1182.

6        Even though the opportunity for meaningful judicial review is dispositive, the other

7   factors *Axon* applied also weigh in favor of striking Defendants' constitutional "affirmative

8   defenses." Some of Defendants' constitutional defenses are linked to Chair Khan's alleged bias

9   against Meta, while others are simply barebones assertions of Due Process Clause and Article II

10   violations. The latter "defenses" are not only improper collateral attacks on the FTC

11   administrative process, but are also insufficiently pleaded under *Twombly* and *Iqbal* because they

12   fail to contain any factual allegations whatsoever.[4]

13        *First*, Defendants' claims of bias are not "wholly collateral" to the administrative

14   proceeding. *Axon* explains that "if the claim is the procedural vehicle that the party is using to

15   reverse the agency action, it is not 'wholly collateral' to the review scheme." *Id.* at 1185.

16   Defendants Meta and Within's affirmative defenses ask this Court to rule, *inter alia*, that Chair

17   Khan's supposed "bias" "irrevocably taints" the FTC administrative proceeding and, therefore,

18   the FTC proceeding cannot proceed without violating the Constitution. Meta Answer (Dkt. No.

19   85) at 16-17; *see also id.* at 17 ("Chair Khan's participation necessarily makes any result in the

20   administrative case she engineered and will judge invalid as a matter of law."). While Axon's

21   bringing of an entirely separate suit, including a request to enjoin the FTC from pursuing its

22   administrative enforcement action, presented a "close call," 986 F.3d at 1186, there is no "close

---

23
24   [4] To the extent Defendants' Due Process and Article II "affirmative defenses" challenge the

25   structure of the FTC and/or the appointment of FTC Administrative Law Judges, *Axon* squarely

26   held that such claims are to be heard in court "only after . . . first complet[ing] the FTC

27   administrative proceeding." 986 F.3d at 1187.

28   PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
    CASE NO. 5:22-cv-04325-EJD

call" here. Defendants Meta and Within's challenges to Chair Khan's alleged "bias" arise out of the administrative enforcement proceeding itself.[5]

*Jarkesy v. SEC*, 803 F.3d 9 (D.C. Cir. 2015), is directly on point because Jarkesy (like Defendants here) alleged that the SEC's alleged prejudgment of that agency's charges against him violated the Fifth Amendment Due Process Clause, and the "administrative proceeding should be nullified as a result." *Id*. at 14. The D.C. Circuit held "that those claims are inextricably intertwined with the conduct of the very enforcement proceeding the statute grants the SEC the power to institute and resolve as an initial matter." *Id*. at 22-23 (quotation marks omitted). Like Meta and Within's "defenses," Jarkesy's constitutional claims "do not arise 'outside' the [agency] administrative enforcement scheme—they arise from actions the Commission took in the course of that scheme. And they are the 'vehicle by which' Jarkesy seeks to prevail in his administrative proceeding." *Id*. at 23 (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 22 (2012)). The "ALJ and Commission will, one way or another, rule on those claims and it will be the Commission's order that Jarkesy will appeal." *Id*. The same is true here.

*Second*, if an agency's expertise "can sometimes help decide an issue and thus obviate the need to resolve a constitutional claim," that weighs in favor of preclusion. *Axon*, 986 F.3d at 1186-87. Here, while Defendants' constitutional affirmative defenses "do not turn on the antitrust merits of the case," *id*. at 1187, the FTC has expertise to bring to the issue of whether Chair Khan's public statements exhibit a level of "bias" that would preclude her from fairly

---

[5] Defendants' assertions regarding "bias" on the part of Chair Khan have no merit with respect to her vote to authorize FTC staff to file this action for injunctive relief. *See FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 63-64 (D.D.C. 2022) (holding that FTC Chair's vote to authorize suit in federal court was subject to standards applicable to prosecutors, not adjudicators, and that Meta had failed to demonstrate bias under that standard); *see also id.* at 64-65 (rejecting Meta's argument that Chair Khan's involvement violated the same federal ethics rules it is now re-asserting in this proceeding).

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-cv-04325-EJD

14

1    judging the merits of the Acquisition and its effects on the relevant markets. As *Jarkesy* held

2    about the SEC, so too here: the FTC has developed sufficient "familiarity" with "issues that

3    regularly arise in the course of its proceedings," such as alleged bias or disqualification. 803 F.3d

4    at 28. FTC rules provide a process for motions for disqualification of a Commissioner.[6]

5    Decisions made under that process are reviewable for abuse of discretion by a federal court of

6    appeal. *E.g.*, *Air Line Pilots Ass'n v. U.S. Dep't of Transp.*, 899 F.2d 1230, 1232 (D.C. Cir.

7    1990). Finally, if the Chair or Commission ultimately decide for disqualification, that will

8    "obviate the need to resolve a constitutional claim" arising out of Chair Khan's alleged bias.

9    *Axon*, 986 F.3d at 1186-87. Accordingly, this factor also weighs in favor of striking Defendants'

10    constitutional "defenses."

11        *Axon* and the Supreme Court precedent on which it relies are determinative here.

12    Defendants Meta and Within cannot proceed with affirmative defenses that raise issues over

13    which the Court lacks subject matter jurisdiction and which the FTC Act requires be heard in a

14    court of appeals after the FTC administrative proceeding. These defenses should, therefore, be

15    stricken with prejudice.

16        **C. Defendants' Affirmative Defenses of Estoppel and Unclean Hands Should Be**

17            **Stricken.**

18        Defendants assert equitable affirmative defenses, including "estoppel" and "unclean

19    hands," sometimes linked to the allegations of Chair Khan's purported bias, sometimes without

20    any supporting allegations, and once solely by reference to "other equitable doctrines." *See* Meta

21    Answer (Dkt. No. 85) at 17 ("Because Chair Khan is disqualified, the FTC cannot seek, obtain,

---

23    [6] Rule 4.17 first addresses such motions to the Commissioner in question, and then provides that

24    if a Commissioner declines to recuse herself, the remaining Commissioners shall decide the

25    motion. 16 C.F.R. § 4.17. Meta offers no explanation for its assertion that this rule has been

26    "violate[d]." Meta Answer (Dkt. No. 85) at 17. Nor can it, because Meta's Petition for Recusal is

27    pending. *See id*. (alleging that Petition for Recusal was filed on July 25, 2022).

28    PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
       CASE NO. 5:22-CV-04325-EJD

or enforce any equitable remedy under the doctrines of unclean hands, estoppel, or other equitable doctrines."); Within Answer (Dkt. No. 83) at 13 ("The FTC is equitably estopped from asserting its claims."). None of these is properly pled, and all should be stricken with prejudice because amendment would be futile.

### 1.   Defendants' Affirmative Defense of Estoppel Fails Both the Plausibility Standard and the Specific Pleading Requirements Applicable to Estoppel.

Defendants' barebones assertions of "estoppel" lack any supporting factual allegations and, therefore, fail to meet the *Twombly/Iqbal* plausibility standard. *See Neo4j*, 480 F. Supp. 3d at 1075; *Goobich*, 2020 WL 1503685, at *2. An estoppel defense comprising "just bare references to legal principles without any sort of factual expansion" provides "insufficient notice under even the most liberal of pleading standards." *MIC Property & Cas. Corp. v. Kennolyn Camps, Inc.*, No. 5:15-cv-00589-EJD, 2015 WL 4624119, at *5 (N.D. Cal. Aug. 3, 2015).

Moreover, the affirmative defense of estoppel has specific pleading requirements—which Defendants do not, and cannot, meet—and lies against the government only in limited circumstances—which are not present here. First, the affirmative defense of estoppel is adequately pled only where a defendant has "allege[d] all the elements." *Allen v. A.H. Robbins Co.*, 752 F.2d 1365, 1371 n.3 (9th Cir. 1985). Second, it is a "well settled" principle "that the Government may not be estopped on the same terms as any other litigant," because "[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v. Community Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 60 (1984). Accordingly, estoppel may be asserted against the government, but only upon a showing that (1) the government engaged in "affirmative misconduct" causing a "serious injustice," and (2) "the public's interest will not suffer undue damage." *Watkins v. U.S. Army*, 875 F.2d 699, 707 (9th Cir. 1989); *accord In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*,

517 F. Supp. 3d 994, 999 (N.D. Cal. 2021).[7] Defendants' pleadings here are naked assertions that the FTC is estopped. References to Chair Khan's "disqualification" do not suffice to allege that the government engaged in "affirmative misconduct." And Defendants do not (and cannot) allege that the public's interest will not suffer "undue damage" if the FTC is precluded from even attempting to enforce the antitrust laws. The Court should strike the affirmative defense of "estoppel."

> ### 2. Defendants Fail to Plausibly Plead an Affirmative Defense of Unclean Hands, and the Defense Is Defective for Three Additional, Independent Reasons.

Defendants' bare assertion that the FTC has "unclean hands" lacks any supporting factual allegations and, therefore, fails to meet the *Twombly/Iqbal* plausibility standard. *See Neo4j*, 480 F. Supp. 3d at 1075; *Goobich*, 2020 WL 1503685, at *2; *MIC Property & Cas.*, 2015 WL 4624119, at *5. Moreover, Defendants pleading of unclean hands is defective for three additional, independent reasons.[8]

First, "[u]nclean hands requires some allegation of misconduct or deceit," meaning there must be "some plausible allegation of 'misconduct' indicating that the party has not acted in good faith." *In re Volkswagen*, 517 F. Supp. 3d at 998, 1000. Defendants' allegations that Chair Khan's supposed "bias" requires her disqualification from the administrative proceeding do not

---

[7] Examples of allegations of "affirmative misconduct" include allegedly bringing selective enforcement decisions "motivated by 'undue influence,' that is, corruption"; bringing an "enforcement action against the defendant after formally approving the defendant's relevant conduct; and "depriv[ing] defendants of access to relevant documents and failing to notify defendants of an investigation." *Volkswagen*, 517 F. Supp. 3d at 1000 (citing cases).

[8] The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Precision Instr. Mfg. v. Auto. Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945).

1    suffice to plead "affirmative misconduct." *See supra* at n.7 (citing *Volkswagen*, 517 F. Supp. 3d

2    at 1000).

3          Second, "[t]he unclean hands doctrine proscribes equitable relief when, but only when, an

4    individual's misconduct has immediate and necessary relation to the equity that he seeks."

5    *Henderson v. United States*, 575 U.S. 622, 625, n.1 (2015) (citation and quotation marks

6    omitted). Here, the equity the FTC seeks is a preliminary injunction against the Acquisition

7    while the FTC adjudicates the merits of whether the Acquisition is anticompetitive. Even if Chair

8    Khan were disqualified from the administrative proceeding, her disqualification would have no

9    relation to the conduct alleged in the Complaint and as to which the FTC seeks equitable relief,

10   *i.e.*, whether the Acquisition should be enjoined until the FTC can determine whether it is likely

11   to substantially lessen competition in violation of the antitrust laws. And, of course, even if Chair

12   Khan were disqualified, the remaining participating Commissioners could still find the

13   Acquisition to be illegal.

14         Third, the unclean hands doctrine is not strictly enforced against the government when

15   "to do so would frustrate a substantial public interest." *EEOC v. Recruit USA, Inc.*, 939 F.2d 746,

16   753 (9th Cir. 1991). "In such cases, equity's lodestar that 'justice be done' prevails." *Id*. Just as

17   the public interest supported the role of the EEOC's investigations into discrimination in *Recruit*

18   *USA*, the public interest strongly supports the FTC's ability to enforce the antitrust laws and

19   preserve competition while its administrative proceedings are pending. *See, e.g.*, *Boardman v.*

20   *Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016); *Knevelbaard Dairies v. Kraft Foods,*

21   *Inc.*, 232 F.3d 979, 988 (9th Cir. 2000) ("[T]he central purpose of the antitrust laws, state and

22   federal, is to preserve competition. It is competition . . . that these statutes recognize as vital to

23   the public interest."). The FTC does not seek a benefit for itself in this litigation; it seeks only to

24   preliminarily enjoin a potentially unlawful merger on the public's behalf. To conclude under

25   these circumstances that the unclean hands doctrine could preclude a remedy solely designed to

26   allow the FTC to fulfill its statutory mission to adjudicate potentially unlawful mergers would be

27   patently inequitable. The Court should strike the unclean hands defense.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.   CONCLUSION

For the foregoing reasons, the FTC respectfully moves for this Court to strike with prejudice the following affirmative defenses: Defendant Meta's Fourteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Affirmative Defenses and Defendant Within's Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses.

Dated:  September 9, 2022

Respectfully submitted,

*/s/ James H. Weingarten*
James H. Weingarten
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade
Commission*

PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. 5:22-cv-04325-EJD

Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)
James H. Weingarten DC Bar No. 985070

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; pbayer@ftc.gov;*
*jgoodman@ftc.gov; jbalbach@ftc.gov;*
*jweingarten@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | |
| v. | Case No. 5:22-cv-04325-EJD |
| **META PLATFORMS, INC., et al.** | **CERTIFICATE OF SERVICE** |
| Defendants. | |

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on September 9, 2022, I served a true and correct copy of

3

    (1) PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION TO STRIKE
         DEFENDANTS' AFFIRMATIVE DEFENSES

4

5

Chantale Fiebig
Daniel Nadratowski
WEIL, GOTSHAL & MANGES LLP

6

2001 M Street, NW, Suite 600

7

Washington, DC 20036
Tel.: (202) 682-7200

8

Email: chantale.fiebig@weil.com
Email: daniel.nadratowski@weil.com

9

10

Eric S. Hochstadt
WEIL, GOTSHAL, MANGES LLP

11

767 Fifth Avenue
New York, NY 10153

12

Tel.: (212) 310-8000
Email: eric.hochstadt@weil.com

13

14

Bambo Obaro
WEIL, GOTSHAL, MANGES LLP

15

201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065

16

Tel.: (650) 802-3000
Email: bambo.obaro@weil.com

17

18

Geoffrey M. Klineberg
Ana Nikolic Paul

19

KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M St NW #400

20

Washington, DC 20036
Tel: (202) 326-7928

21

Email: gklineberg@kellogghansen.com

22

Email: apaul@kellogghansen.com

23

*Counsel for Defendant Meta Platforms, Inc*

24

Chris Fitzpatrick
Nicole Lynch

25

HOGAN LOVELLS

26

555 Thirteenth Street, NW
Washington, DC 20004

27

Tel.: (202) 637-3668

28

Email: chris.fitzpatrick@hoganlovells.com
Email: nicole.lynch@hoganlovells.com

*Counsel for the Defendant Within Unlimited, Inc.*

/s/ *James H. Weingarten*
James H. Weingarten
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade
Commission*

CERTIFICATE OF SERVICE
CASE NO. 5:22-cv-04325-EJD