# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**FEDERAL TRADE COMMISSION**,

        Plaintiff,

    v.

**META PLATFORMS, INC., et al.,**

        Defendants.

Case No.  5:22-cv-04325-EJD
**PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES
CASE NO. 5:22-cv-04325-EJD

1  **PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL RESPONSES**

2  **AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

3      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Joint Stipulated Case

4  Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule

5  (Dkt. 86), Plaintiff Federal Trade Commission ("FTC" or "Commission") submits these

6  Supplemental Objections and Responses to the First Set of Interrogatories of Defendants Meta

7  Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively "Defendants").

8      The FTC reserves the right to assert additional objections to Defendants' Interrogatories

9  and to amend or further supplement these objections and responses as necessary.

10                          **GENERAL OBJECTIONS**

11      The following General Objections apply to all of Defendants' Interrogatories and are

12  hereby incorporated by reference into each of the following responses. The assertion of the same,

13  similar, or additional objections or the provision of partial answers in response to an individual

14  Interrogatory does not waive any of the FTC's General Objections as to the other Interrogatories.

15      1.      These responses are made solely for the purposes of this action. Each response is

16  without waiver or limitation of the FTC's right to object on grounds of competency, relevance,

17  materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the

18  use of any documents or information in any subsequent proceeding in, or trial of, this or any

19  other action. The FTC hereby reserves the right to raise and rely upon such other and further

20  objections as may become apparent during the course of responding to discovery.

21      2.      The FTC objects to each Interrogatory to the extent it expressly or impliedly seeks

22  information protected from disclosure by attorney-client privilege, attorney work product

23  doctrine, government deliberative process privilege, common-interest privilege, investigative

24  privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

25  Documents and information covered by such privileges are not subject to disclosure. Inadvertent

26

27  **CONFIDENTIAL**

28  PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

3.      The FTC objects to each Interrogatory to the extent it expressly or impliedly seeks information protected from discovery by any privilege, doctrine, or protection from discovery as provided by any applicable law that may be asserted by any government agency, entity, or official. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information, is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine.

4.      The FTC objects to each Interrogatory to the extent that it calls for information that is exempted from discovery under the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). The FTC will not produce documents that are exempted from discovery by the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

5.      The FTC objects to each Interrogatory to the extent it expressly or impliedly seeks proprietary, confidential, financial, trade secret, or commercially sensitive information from third parties that could harm third parties' competitive or business positions or result in a breach of the FTC's obligation to maintain the confidentiality of such information. Any confidential or proprietary information will be produced pursuant to the Protective Order in this action, or any modifications thereto.

6.      The FTC objects to each Interrogatory to the extent it concerns matters or issues that are beyond the scope of the allegations in the Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants as set forth in their Answers, on the grounds that such discovery is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

7.     The FTC objects to each Interrogatory to the extent that it seeks discovery that is available to Defendants from their own files, own employees, or from information in the public domain equally available to Defendants and the burden and expense of deriving or obtaining such information is substantially the same for Defendants as it is for the FTC.

8.     The FTC objects to the Interrogatories to the extent they are calling for a premature response to contention interrogatories exceeding the scope of Rule 33 of the Federal Rules of Civil Procedure.

9.     The FTC objects to each Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

9.     The FTC objects to each Interrogatory to the extent it encompasses multiple subparts and given the limited discovery the parties agreed to in this case, the FTC objects to each Interrogatory to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

10.     The FTC objects to each Interrogatory, Definition, and Instruction to the extent it is inconsistent with or purports to require the FTC to take measures above and beyond the requirements of the Local Rules of the Northern District of California, the Federal Rules of Civil Procedure, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, or any other agreements among the parties in this case. The FTC reserves all rights pursuant to any Stipulations subsequently agreed to or entered by the Court and expressly incorporates all terms herein.

11.     The FTC objects to each Definition, Instruction, and Interrogatory to the extent that it is vague, ambiguous, overly broad, unduly burdensome, fails to describe the information

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

sought with the required reasonable particularity, requires unreasonable efforts or expense on behalf of Plaintiff, or uses terms that are undefined or not susceptible to a single meaning. The FTC further objects to each Interrogatory, Definition, and Instruction to the extent that each Interrogatory Definition, and Instruction seeks discovery that is not proportional to the needs of the case.

12.    The FTC objects to each Interrogatory to the extent that it calls for the production of information that the FTC has already provided to Defendants.  To the extent that the FTC has provided or will provide documents sufficient to answer any Interrogatory, the FTC will identify those documents as provided for in Federal Rule of Civil Procedure 33(d).

13.    The FTC objects to the definition of "Meta" as overbroad and unduly burdensome to the extent it requires the FTC to identify "present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, and/or affiliates."

14.    The FTC objects to the definition of "Within" as overbroad and unduly burdensome to the extent it requires the FTC to identify "present and former officers, directors, employees, agents, and other persons acting on behalf of Within, its divisions, subsidiaries, and/or affiliates."

15.    The FTC objects to the definitions of the "FTC," "Federal Trade Commission," "You," and "Your" as overbroad and unduly burdensome to the extent that they include persons beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, and to the extent Interrogatories incorporating these terms seek information that is irrelevant to the claims and defenses in this litigation and not proportional to the needs of this case.

16.    The FTC objects to Instruction No. 5 because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

4

FTC further objects to Instruction No. 5 to the extent that it requests information that is not in the FTC's possession, custody, or control.

17.     The FTC objects to Instruction No. 8 to the extent it imposes obligations above and beyond those contained in the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

18.     The FTC objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, seek the disclosure of information or documents that are not material and necessary to the prosecution or defense of this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

19.     The FTC, in responding to the Interrogatories, does not concede to the relevance or admissibility of any information sought through the Interrogatories, and reserves the right to challenge such relevance or admissibility.

20.     No incidental or implied admissions are intended by the responses herein. The fact that the FTC has responded or objected to any of the individual Interrogatories contained in the Interrogatories should not be taken as an admission that the FTC accepts or admits the existence of any "facts" set forth or assumed by such Interrogatory. The fact that the FTC has answered part or all of any individual Interrogatory is not intended to be, and shall not be construed to be, a waiver by the FTC of any part of any objection to such Interrogatory.

21.     Each of these General Objections is incorporated into the FTC's response to each of the individual Interrogatories as though fully set forth therein. The FTC will not respond to the Interrogatories to the extent objected to except as set forth herein.

22.     Subject to all General and Specific Objections contained herein, the FTC provides supplemental answers to these Interrogatories to the best of its knowledge at the present time, based upon its investigation to date. The FTC states that discovery is ongoing, and the FTC specifically reserves the right to supplement and amend these responses, including the

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

interposition of additional or different objections, when and if it becomes necessary after further investigation and discovery.

Subject to and without waiver of the foregoing General Objections, or any other objections or claims of privilege, the FTC presents its Supplemental Responses to Defendants' First Set of Interrogatories:

**Interrogatory No. 1**

*Identify each Person with whom You have communicated about the Merger and the means of these Communications, including but not limited to any subpoenas, civil investigative demands, and voluntary requests for information You issued to each Person and any formal or informal responses to such Communications that You received, including in the form of Documents or Data.*

**Responses & Objections to Interrogatory No. 1**

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.

The FTC further objects to the Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan

**CONFIDENTIAL**

and Briefing Schedule (Dkt. 86). The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to the term "You" to the extent that it seeks information from persons beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, and to the extent Requests incorporating these terms seek information that is irrelevant to the claims and defenses in this litigation and not proportional to the needs of this case. The FTC also objects to this Interrogatory as duplicative to the extent the FTC has already provided this information to Defendants in its Initial Disclosures, as well as produced to Defendants non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. *See* FTC-PROD-00000001 - FTC-PROD-00001611, FTC-SONY-00000001 - FTC-SONY-00000002, and VALVE-FTCNO221-0040_000001 - VALVE-FTCNO221-0040_000002, and in its Initial Disclosures, that provides information responsive to the Interrogatory.

The FTC objects to the term "Person" as overbroad and ambiguous. For purposes of responding to this Interrogatory, the FTC interprets the term "Person" to refer to industry participants.

Subject to and without waiving the General Objections set forth above and objections incorporated herein, the following industry participants communicated concerning the Merger with the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, through the means of communication indicated, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within:

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

| Company | Means of Communication |
|---|---|
| Activision-Blizzard, Inc. | Phone<br>Email<br>Videoconference |
| Andromeda Entertainment, Ltd | Phone<br>Email |
| Apple Inc. | Phone<br>Email |
| ByteDance Inc. | Phone<br>Email<br>Videoconference |
| Crytek Studios | Email<br>Videoconference |
| The Walt Disney Co. | Phone<br>Email |
| Electronic Arts Inc. | Email<br>Videoconference |
| Epic Games, Inc. | Phone<br>Email |
| FitXR Ltd | Email<br>Videoconference |
| Holodia AG | Email<br>Videoconference |
| HP Inc. | Phone<br>Email<br>Videoconference<br>Subpoena issued and withdrawn |
| HTC America, Inc. | Phone<br>Email<br>Videoconference<br>Subpoena issued and withdrawn |
| iFIT Inc. | Phone<br>Email |
| Kluge Interactive | Phone<br>Email |
| Lynx | Videoconference |
| Microsoft Corp. | Phone<br>Email<br>Videoconference |
| Nintendo of America | Phone<br>Email<br>Videoconference |
| Odders Lab | Phone<br>Email<br>Videoconference |
| Peloton Interactive, Inc. | Phone<br>Email |
| Qualcomm Inc. | Phone<br>Email<br>Videoconference |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

8

| | |
|---|---|
| RealFit VR Ltd | Email<br>Videoconference |
| Samsung Electronics America | Phone<br>Email<br>Videoconference |
| Schell Games | Email<br>Videoconference |
| Sealost Interactive LLC | Phone<br>Email |
| Sidequest | Videoconference |
| Sony Interactive Entertainment LLC | Phone<br>Email<br>Videoconference<br>CID Issued<br>Produced data in response to CID |
| Ubisoft Entertainment SA | Phone<br>Email<br>Videoconference |
| Unity Software Inc. | Phone<br>Email<br>Videoconference |
| Valve Corp. | Phone<br>Email<br>Videoconference<br>CID Issued<br>Produced data in response to CID |
| VirZoom Inc. | Phone<br>Email<br>Videoconference |
| Virtual Reality Institute of Health and Exercise | Email<br>Videoconference |
| Zwift Inc. | Phone<br>Email |

In addition to the foregoing, the FTC contacted the following industry participants who either did not respond to the FTC's communications or did not provide the FTC with any relevant information for the FTC's investigation of the Merger. Even though these communications are irrelevant to this matter, the FTC will produce all non-privileged documents and communications with these parties.

| Company | Means of Communication |
|---|---|
| Autodesk | Phone<br>Email<br>Videoconference |
| Cloudhead Games | Email |
| DPVR | Email |
| Google | Phone |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD
9

| | Email |
|---|---|
| Hiro Capital | Email |
| Lenovo | Phone |
| | Email |
| Liteboxer | Email |
| Marvell | Phone |
| | Email |
| Resolution Games | Email |
| Survios | Email |
| | Phone |
| Take Two | Phone |
| UploadVR | Email |

**Supplemental Response to Interrogatory No. 1**

In the parties' September 2, 2022 meet and confer, Defendants requested that the FTC further provide the name and title of each individual person with whom the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040 communicated concerning the Merger. Interrogatory No. 1 as propounded, however, does not seek information in this detail. Nonetheless, pursuant to Defendants' request, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 1 by directing Meta to its initial disclosures of August 19, 2022, and by providing the following titles and contact information, where available, for those persons identified in the FTC's initial disclosures.

| Company | Contact & Title |
|---|---|
| Activision-Blizzard, Inc. | Scott Dubois<br>Senior Director, Public Policy and Regulatory Law<br>scott.dubois@activision.com<br>310-463-2741<br><br>Jeb Boatman<br>SVP, Litigation, Regulatory, and Public Policy Law<br>jeb.boatman@activision.com<br><br>Eric Wood<br>SVP, Platform Partnerships |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

| Company | Contact & Title |
|---|---|
| | Allen Adham<br>SVP, Product Development |
| Andromeda Entertainment, Ltd | John McClellan<br>CFO<br>john@enterandromeda.com<br><br>Robin Arnott<br>CEO (former)<br>robin@enterandromedia.com |
| Apple Inc. | Brendan McNamara<br>Director, Competition Law & Policy<br>Brendan_mcnamara@apple.com<br>408-974-2922<br><br>Christopher Caputo<br>Senior Legal Counsel<br><br>Frank Casanova<br>Senior Director, Worldwide Product Marketing, Apple Augmented Reality |
| ByteDance Inc. | Steve Reeder<br>Global Antitrust Lead<br>Steve.reeder@bytedance.com<br>503-318-6616<br><br>Qiwa Tang<br>Head of Pico Strategy |
| Crytek Studios | Arturo Routsalainen<br>General Manager, CRYENGINE<br>arto@crytek.com<br><br>contact@crytek.com<br>copyright@crytek.com<br>privacy@crytek.de<br>press@crytek.com<br>business@crytek.com |
| The Walt Disney Co. | Matt Accornero<br>Principal Counsel, Antitrust<br>Matt.accornero@disney.com<br>617-953-8228<br><br>Dan Amin<br>Assistant Chief Counsel, Lucasfilm<br><br>Vicki Beck<br>Executive in Charge of ILMxLAB |
| Electronic Arts Inc. | Jacob Schatz<br>Chief Legal Officer<br>415-412-5200<br>jschatz@ea.com |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

| Company | Contact & Title |
|---|---|
| | Betsy Contro<br>Senior Counsel, Litigation<br>bcontro@ea.com<br><br>Paul Main<br>Senior Counsel<br><br>Jeff Skelton<br>Head of Technology Partnerships |
| Epic Games, Inc. | Andrew Sung<br>General Counsel, Harmonix<br>617-491-6144 x228<br>Andrew.sung@harmonix.com<br><br>Kayla Page<br>Deputy General Counsel, Epic Games<br>Kayla.page@epicgames.com<br><br>David Kohtz<br>Associate General Counsel, Epic Games<br>David.kohtz@epicgames.com<br><br>Corie Wright<br>VP and Global Head of Public Policy, Epic Games<br>Corie.wright@epicgames.com<br><br>Bakari Midddleton<br>Director, Global Public Policy, Epic Games<br><br>Jennifer Diodonet<br>Executive Assistant, Epic Games<br>Jennifer.diodonet@epicgames.com |
| FitXR Ltd | Sam Cole<br>Co-Founder, CEO<br>sam@fitxr.com<br><br>Sherice Berkowitz<br>Sherice.berkowitz@fitxr.com<br><br>Lex Ambrose<br>Executive Assistant<br>Lex.ambrose@fitxr.com |
| Holodia AG | Shahin Lauritzen<br>CEO and Founder<br>lauritzen@holodia.com<br><br>Prithvi Tanwar |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

12

| Company | Contact & Title |
|---------|-----------------|
|  | Partner, Polsinelli<br>ptanwar@polsinelli.com<br><br>Mark Cloutier<br>Associate, Polsinelli<br>mcloutier@polsinelli.com |
| HP Inc. | Danielle Clark<br>Global Antitrust Counsel, Associate General Counsel<br>202-831-5807<br>Danielle.clark@hp.com<br><br>Scott Rawlings<br>XR Software & Platform Senior Product Manager<br>Scott.rawlings@hp.com<br><br>Joey Gardea<br>Director of VR Engineering & PMO<br>Joey.gardea@hp.com<br><br>Matthew Barkley<br>Counsel for Advanced Computing Solutions<br>Matthew.barkley@hp.com |
| HTC America, Inc. | Vincent Lam<br>Chief IP Litigation Counsel<br>858-210-8634<br>Vincent_Lam@htc.com<br><br>ChiaTe Lu<br>Head of Business Development |
| iFIT Inc. | Richard Chang<br>Associate General Counsel<br>435-786-5220<br>Richard.chang@ifit.com |
| Kluge Interactive | Cameron Wood<br>COO<br>310-567-9341<br>cameron@klugeinteractive.com |
| Lynx | Stan Larroque<br>Founder and CEO |
| Microsoft Corp. | Randy Long<br>Senior Director, Competition and Consumer Policy<br>202-263-5906<br>ralong@microsoft.com<br><br>Alex Kipman |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

| Company | Contact & Title |
|---------|-----------------|
| | Technical Fellow for AI and Mixed Reality, Cloud and AI Group<br><br>Joe Nord<br>Senior Competition Counsel<br><br>Heidi Holman<br>Assistant General Counsel |
| Nintendo of America | Kevin Bensley<br>Senior Corporate Counsel<br>425-862-2619<br><br>Ajay Singh<br>General Counsel, NOA<br>Ajay.singh@noa.nintendo.com<br><br>Michael Rosenberger<br>Partner, Gordon Tilden Thomas Cordell<br>206-467-6477<br>mrosenberger@gordontilden.com<br><br>Leonard Gordon<br>Partner, Venable<br>llgordon@venable.com |
| Odders Lab | Jamie Pichardo Garcia<br>Business Director and Head of Gamification<br>+34 687654210<br>jaimepichardo@odderslab.com |
| Peloton Interactive, Inc. | Caitlin Johnston<br>SVP, Deputy General Counsel<br>315-992-7938<br>caitlin@onepeloton.com<br><br>Dion Sanders<br>Chief Strategy Officer<br><br>Jim Lowe<br>Partner, Sidley Austin<br>202-736-8869<br>jlowe@sidley.com |
| Qualcomm Inc. | Frank Y. Qi<br>Senior Director, Legal Counsel, Antitrust<br>858-651-1867<br>frankqi@qualcomm.com<br><br>Alvaro Ramos |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

| Company | Contact & Title |
|---|---|
| | Vice President of Legal, Chief Antitrust Compliance Officer 858-651-5255 alvaror@qualcomm.com<br><br>Thu Hoang Legal Counsel thuhoang@qualcomm.com<br><br>Raymonde Polk-Wilson Manager raymondp@qualcomm.com<br><br>Hugo Swart VP and GM of XR |
| RealFit VR Ltd | Robert Bragg Founder robert@realfit.com |
| Samsung Electronics America | Richard C. Rosalez VP, Litigation, Legal 972-603-6331 r.rosalez@sea.samsung.com<br><br>Jordan Flournoy Senior Director, Litigation, Samsung Electronics America j.flournoy@sea.samsung.com<br><br>Josue Caballero Counsel<br><br>Tim Harding VR Product Manager (former) |
| Schell Games | Jake Witherell COO jake@schellgames.com |
| Sealost Interactive LLC | Ian Fitz CEO Ian@sealostinteractive.com |
| Sidequest | Shane Harris CEO/Co-Founder<br><br>Orla Harris COO/Co-Founder |
| Sony Interactive Entertainment LLC | Mike Edelman VP, Litigation and Intellectual Property 650-655-8092 Mike.edelman@sony.com<br><br>Greg McCurdy |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

15

| Company | Contact & Title |
|---|---|
| | Senior Director, Competition & Regulatory Affairs, Sony Interactive Entertainment, LLC<br>206-355-4464<br>Greg.mccurdy@sony.com<br><br>Stephanie Kofman<br>VP, Litigation, Sony Corporation of America<br>650-655-8092<br>Stephanie.wank.kofman@sony.com |
| Ubisoft Entertainment SA | Chris Early<br>Senior VP of Development<br><br>David Votypka<br>Senior Creative Director<br><br>Christele Jalady<br>SVP, Deputy General Counsel<br>+33 148185560<br>Christele.jalady@ubisoft.com<br><br>Guillaume Tormo<br>VP, Associate General Counsel<br>Guillaume.tormo@ubisoft.com |
| Unity Software Inc. | Timoni West<br>VP, AR and VR Technologies<br><br>Ruth Ann Keene<br>415-539-3162<br>ruthann@unity3d.com<br><br>Peter Mucchetti<br>Partner, Clifford Chance<br>202-710-5286<br>Peter.Mucchetti@cliffordchance.com |
| Valve Corp. | Karl Quackenbush<br>General Counsel<br>425-889-9642, x215<br>karlq@valvesoftware.com<br><br>Gavin Skok<br>Partner, Fox Rotshchild<br>206-389-1731<br>gskok@foxrothschild.com |
| VirZoom Inc. | Eric Janszen<br>CEO<br>ej@virzoom.com |
| Virtual Reality Institute of Health and Exercise | Aaron Stanton<br>Director |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

| Company | Contact & Title |
|---|---|
|  | Ar.stanton@vrhealth.institute |
| Zwift Inc. | Stephen Chu<br>General Counsel<br>Stephen.chu@zwift.com<br><br>Ryan Goodstadt<br>Director of Corporate Strategy, Chief of Staff<br>Ryan.goodstadt@zwift.com |

The FTC further supplements its response to this Interrogatory to provide the name, title, and contact information where applicable for the industry participants contacted by the FTC investigative team who either did not respond to the FTC's communications or did not provide the FTC with any relevant information for the FTC's investigation of the Merger.

| Company | Contact & Title |
|---|---|
| Autodesk | Craig Huckelbridge<br>Senior Director, Legal Compliance & Litigation<br>craig.huckelbridge@autodesk.com<br>415-507-6241<br><br>Maurice Patel<br>Senior Director |
| Cloudhead Games | privacy@cloudheadgames.com |
| DPVR | salesmarketing@dpvr.com |
| Google | Michael J. Lawrence<br>Senior Competition Counsel<br>mjlawrence@google.com<br>650-214-5865<br><br>Creighton Macy<br>Partner<br>Baker McKenzie<br>202-452-7098 |
| Hiro Capital | hello@hiro.capital |
| Lenovo | John Stanley<br>stanleyj@lenovo.com |
| Liteboxer | Jeffrey Morin<br>CEO & Cofounder<br>jeff@liteboxer.com<br><br>support@liteboxer.com |
| Marvell | Gina Christopher<br>Assistant General Counsel<br>ginac@marvell.com |

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

17

|  | Beau Buffier<br>Partner<br>Wilson Sonsini Goodrich & Rosati<br>bbuffier@wsgr.com<br>+44 20 3963 4089 |
| Resolution Games | Patrik Dreber<br>COO Resolution Games<br>patrik@resolutiongames.com<br><br>privacy@resolutiongames.com<br>support@resolutiongames.com<br>legal@resolutiongames.com<br>takedown@resolutiongames.com<br>ebba@resolutiongames.com<br>help@resolutiongames.com |
| Survios | Max Leitman<br>COO and General Counsel<br>max.leitman@survios.com<br><br>Samer Musallam<br>Partner<br>Ropes & Gray<br>Samer.Musallam@ropesgray.com |
| Take Two | Daniel Emerson<br>EVP and Chief Legal Officer<br>646-536-3001 |
| UploadVR | Harry Baker<br>Senior Editor<br>harry@uploadvr.com<br><br>tips@uploadvr.com |

**Interrogatory No. 2**

*For each year from 2019 to present, Identify each Person Plaintiff considers or alleges to be a competitor to Meta or Within with respect to any component of Extended Reality, and for each such competitor, Identify each specific fitness-related offering that the FTC believes competes in a specified alleged antitrust market.*

**Responses & Objections to Interrogatory No. 2**

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege,

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

doctrine, or protection as provided by any applicable law.

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.  The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC objects to the Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to this Interrogatory's instructions to identify "with respect to any component of extended reality," "each specific fitness-related offering," and "each person" as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery.  The FTC further objects to the terms "competitor" and "competes" and the phrase "with respect to any component of extended reality" as vague and ambiguous in the context of the Interrogatory.

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

Subject to and without waiving the General Objections set forth above and objections incorporated herein the FTC states that it will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Response to Interrogatory No. 2**

In the parties' September 2, 2022 meet and confer, and in Defendants' September 7, 2022 Letter, Defendants asked for further information to "test the FTC's assumptions about who competes with Meta and Within in the alleged antitrust markets." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. The determination as to who competes with Meta and Within in the alleged antitrust markets is the subject of ongoing fact and expert discovery. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC further supplements its response to Interrogatory No. 2 as follows: Prior to the filing of the Complaint, and in connection with its Motion for a Temporary Restraining Order, Plaintiff conducted a preliminary market definition analysis that identified, on a preliminary basis and subject to further analysis through fact and expert discovery, a list of competitors in each alleged antitrust market in the Complaint. That preliminary list of competitors as well as the process used to identify them is described in Plaintiff's Responses and Objections to Interrogatories No. 5 and No. 7 below, and the Responses and Objections to Interrogatories No. 5 and No. 7 are fully incorporated by reference herein.

To the extent that Defendants are asking Plaintiff to provide a list of competitors that Plaintiff contends compete in the alleged relevant markets based on information that is the subject of discovery, the FTC states that it will supplement its response to this interrogatory as appropriate at the end of fact discovery, and that it will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

**Interrogatory No. 3**

*For any application that You considered but did not include in any relevant market in the Complaint, Identify all criteria You applied to determine that those applications were not competitors in any alleged relevant market and Identify Your bases for excluding such applications from any relevant market You assert.*

**Responses & Objections to Interrogatory No. 3**

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.

FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

21

Schedule (Dkt. 86).

The FTC objects to this Interrogatory's instruction to identify "all criteria You applied" as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery. The FTC further objects to the term "competitor" as vague and ambiguous in the context of the Interrogatory. The FTC also objects to this Interrogatory as vague and ambiguous regarding the "markets" to which it refers.

Subject to and without waiving the General Objections set forth above and objections incorporated herein the FTC responds that the criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint. The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Response to Interrogatory No. 3**

In the parties' September 2, 2022 meet and confer, and in Defendants' September 7, 2022 letter, Defendants asked for further information about "which, if any, applications the FTC considered but did not include in either alleged relevant market and the criteria the FTC applied to determine those applications were not competitors in the alleged relevant markets." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. The determination as to what applications are competitors in the alleged relevant markets is the subject of ongoing fact and expert discovery. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 3 as follows: The criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint. Those paragraphs of the Complaint set forth criteria for excluding applications from the relevant markets, including functional, practical, technological,

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

and price differences as compared to non-VR at-home smart fitness solutions and other non-VR at-home exercise products, including the unique immersive experience of VR technology (Compl. ¶ 46), the features of tracking, adjustment, and feedback in a VR environment enabled by VR equipment (Compl. ¶ 46), and substantial price differences typically reflected in much higher up-front costs for other at-home smart fitness devices (Compl. ¶ 47).

The FTC further responds that Meta itself, in the ordinary course of business, classifies VR applications as deliberate or dedicated fitness apps and incidental fitness apps. *See, e.g.*, META-E-2R-01341336 ("While incidental fitness apps (Beat Saber) are much more popular than deliberate fitness apps (Supernatural), their growth is slowing."); META-E-2R-04577680 (discussing option to "extend Beat Saber brand into deliberate fitness"). Meta's ordinary course classifications of VR fitness applications provide a basis for assessing the scope of the relevant markets.

The FTC also incorporates by reference its responses to Interrogatories No. 2, No. 4, No. 5, and No. 7 into its response to this interrogatory.

Defendants' September 7, 2022 letter also asked for the FTC's "methodology" for defining the relevant markets alleged in the Complaint. 9/7/2022 Ltr. E. Hochstadt to S. Musser at 3. The FTC has already provided the methodology it employed for purposes of its preliminary analysis of market definition in support of its Motion for a Temporary Restraining Order.  Plaintiff's Responses and Objections to Interrogatories No. 2-5 and Plaintiff's Responses and Objections to Interrogatory 7.  Defendants have cited to *FTC v. Meta Platforms, Inc*., No. 20-3590 (JEB), Dkt. No. 165 (D.D.C. Aug. 1, 2022), to argue that Defendants are entitled to obtain, prior to fact and expert discovery, the methodology that the FTC ultimately intends to employ to define the relevant antitrust markets at trial. The court in that case, however, did not order the FTC to provide its methodology, but rather instructed the FTC to indicate whether it contended that certain activities identified by Meta were a part of the relevant market. Here, the FTC has already identified the applications that, based upon the FTC's preliminary analysis in

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

support of its Motion for a Temporary Restraining Order, are in the relevant markets alleged in the Complaint. Plaintiff's Responses and Objections to Interrogatory No. 5.  To the extent that Defendants seek additional information beyond that which the FTC has already provided Defendants' request calls for the disclosure of privileged work product.  The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Interrogatory No. 4**

*Identify the basis for, underlying evidence, precise contours, specific criteria for inclusion or exclusion, and methodology used to derive the alleged relevant markets presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order.*

**Responses & Objections to Interrogatory No. 4**

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.

The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory impermissibly seeks

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

24

the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory as vague and ambiguous regarding the "markets" to which it refers.

Subject to and without waiving the General Objections set forth above and objections incorporated herein, the FTC responds that the criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint and pages 10-13 of Plaintiff's Motion for a Temporary Restraining Order. The FTC further responds that it will produce backup data for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration. The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Response to Interrogatory No. 4**

In the parties' September 2, 2022 meet and confer and in Defendants' September 7, 2022 letter, Defendants asked for further information regarding "the specific criteria and methodology the FTC used to derive the alleged relevant markets presented in the Complaint." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. The scope and definition of the alleged relevant markets are the

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

subject of ongoing fact and expert discovery. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 4 as follows: The criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint and pages 10-13 of Plaintiff's Motion for a Temporary Restraining Order. Those sources set forth reasonable criteria for inclusion and exclusion of applications from the relevant markets. They note that there are functional, practical, technological, and price differences as compared to non-VR at-home smart fitness solutions and other non-VR at-home exercise products, including that there is a unique immersive experience of VR technology (Compl. ¶ 46), features of tracking, adjustment, and feedback in a VR environment enabled by VR equipment (Compl. ¶ 46), and substantial price differences typically reflected in much higher up-front costs for other at-home smart fitness devices (Compl. ¶ 47); that Meta internally recognizes VR dedicated fitness apps as a distinct category within "Fitness Overall," distinguishable from both incidental fitness apps and other VR app categories like "games," "social," or "media" (Compl. ¶ 39; *see also* META-E-2R-04595365); and that VR dedicated fitness apps have distinct functionalities, such as workouts designed by trainers or fitness experts, designed to maximize physical exertion and movement for the purpose of exercise, and classes or other active coaching features. (Compl. ¶ 40).

The FTC further responds that Meta itself, in the ordinary course of business, classifies VR applications as deliberate or dedicated fitness apps and incidental fitness apps. *See, e.g.*, META-E-2R-01341336 ("While incidental fitness apps (Beat Saber) are much more popular than deliberate fitness apps (Supernatural), their growth is slowing."); META-E-2R-04577680 (discussing option to "extend Beat Saber brand into deliberate fitness"). Meta has also made public statements identifying VR "dedicated fitness" applications and other VR fitness applications. *See* https://www.oculus.com/blog/exercise-by-accident-vr-games-to-help-you-work-out-at-home/.

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

The FTC further responds that it has produced backup data and materials for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration. *See* Responses and Objections to Interrogatories No. 5 and 7, which are incorporated by reference herein.

Defendants' September 7, 2022 letter also asked for the FTC's "methodology" for defining the relevant markets alleged in the Complaint. 9/7/2022 Ltr. E. Hochstadt to S. Musser at 3. The FTC has already provided the methodology it employed for purposes of its preliminary analysis of market definition in support of its Motion for a Temporary Restraining Order. Plaintiff's Responses and Objections to Interrogatories No. 2-5 and Plaintiff's Responses and Objections to Interrogatory 7. Defendants have cited to *FTC v. Meta Platforms, Inc*., No. 20-3590 (JEB), Dkt. No. 165 (D.D.C. Aug. 1, 2022), to argue that Defendants are entitled to obtain, prior to fact and expert discovery, the methodology that the FTC ultimately intends to employ to define the relevant antitrust markets at trial. The court in that case, however, did not order the FTC to provide its methodology, but rather instructed the FTC to indicate whether it contended that certain activities identified by Meta were a part of the relevant market. Here, the FTC has already identified the applications that, based upon the FTC's preliminary analysis in support of its Motion for a Temporary Restraining Order, are in the relevant markets alleged in the Complaint. Plaintiff's Responses and Objections to Interrogatory No. 5. To the extent that Defendants seek additional information beyond that which the FTC has already provided Defendants' request calls for the disclosure of privileged work product. The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Interrogatory No. 5**

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

1

2

3

4

*Identify all applications or products included in the "VR dedicated fitness applications" and "VR fitness applications" markets identified in Your Complaint, as well as all anticipated or potential entrants into each relevant market, including the anticipated month and year for each such anticipated or potential entry.*

5

**Responses & Objections to Interrogatory No. 5**

6

7

8

9

10

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

11

12

13

14

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.

15

16

17

18

19

The FTC also objects to this Interrogatory to the extent that it requests information that is not in the FTC's possession, custody, or control. The FTC further objects to this Request to the extent it seeks discovery of publicly available information that are already available to Defendants or information originally produced by Defendants, on the grounds that such information is equally available to Defendants.

20

21

22

23

24

25

26

The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated

27

**CONFIDENTIAL**

28

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

28

Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to this Interrogatory's instruction to identify "all anticipated and potential entrants" as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery.

Subject to and without waiving the General Objections set forth above and objections incorporated herein, the FTC responds that, in the preliminary market concentration analysis accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13), the following applications were included in the "VR dedicated fitness applications" market:

- FitXR
- Holofit
- Supernatural
- VZfit
- VRWorkout

The FTC further responds that, in the preliminary market concentration analysis accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13), the following applications were included in the "VR fitness applications" market:

- Audio Trip
- Audioshield
- Beat Saber
- Blaston
- Bogo
- Creed

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD
29

- Dance Central
- Drunkn Bar Fight
- Eleven
- Energie
- FitnessBird
- FitXR
- Gorilla Tag
- GORN
- Guided Tai Chi
- Gym Class
- Holofit
- Knockout League
- OhShape
- Pistol Whip
- Racket
- REAKT
- Rezzil
- Shape It
- STRIDE
- SUPERHOT
- Supernatural
- Synth Riders
- Until You Fall
- VZfit
- VRWorkout
- WIN Reality

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

- The Thrill of the Fight

As stated in Plaintiff's Motion for Temporary Restraining Order (Dkt. 13), at footnotes 53 and 78, the firms included in this preliminary analysis were based in part on characterizations by Meta in its submissions to the FTC that Plaintiff does not necessarily agree with, and given the early stage of the proceedings, the FTC reserved the right to revise its calculations as appropriate as this matter progresses.

The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Response to Interrogatory No. 5**

In the parties' September 2, 2022 meet and confer and in Defendants' September 7, 2022 letter, Defendants requested that the FTC supplement its response to "identify any anticipated or potential entrants into each alleged relevant market, including the anticipated timing for any such potential entry into the market." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. Pursuant to that request, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 5 to identify two recent entrants to the VR Dedicated Fitness App market, as alleged in the Complaint. It is the FTC's understanding, based on discovery to date and public information, that Les Mills' Body Combat VR and Liteboxer VR both entered the VR Dedicated Fitness App market in 2022. The FTC is unaware of any additional recent or potential entrants to either the VR Dedicated Fitness App market or the VR Fitness App market.

The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will provide further analysis regarding its market definition in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Interrogatory No. 6**

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

1   *Identify each Person with whom Lina Khan Communicated about the Merger and the*

2   *means of these Communications, including but not limited to her Communications with members*

3   *of Congress or the Executive Branch, or the staff or advisers of any members of Congress or*

4   *officials in the Executive Branch.*

5   **Responses & Objections to Interrogatory No. 6**

6       The FTC incorporates by reference its General Objections. The FTC additionally objects

7   to this Interrogatory on the grounds that it seeks information that is irrelevant to the claims and

8   defenses in this litigation, is not proportional to the needs of the case, is unduly burdensome, and

9   is protected from disclosure by attorney-client privilege, attorney work product doctrine,

10  government deliberative process privilege, common-interest privilege, investigative privilege, or

11  any other privilege, doctrine, or protection as provided by any applicable law.

12      The FTC objects to this Interrogatory as encompassing multiple separate interrogatories

13  and given the limited discovery the parties agreed to in this case, the FTC objects to this Request

14  to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in

15  the Joint Stipulated Discovery Plan and Briefing Schedule.

16      The FTC also objects to this Interrogatory to the extent it seeks information related to

17  communications between the FTC and its experts and potential experts, to the extent such

18  information is protected from disclosure under the terms of the Joint Stipulated Case

19  Management Order (Dkt. 69), and Joint Stipulated Discovery Plan and Briefing Schedule (Dkt.

20  86).

21      The FTC objects to this Interrogatory's instruction to identify "each Person with whom

22  Lina Khan Communicated about the Merger" as overbroad, unduly burdensome, excessive, not

23  reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the

24  needs of discovery.  The FTC further objects to the inclusion of "the staff or advisers of any

25  members of Congress or officials in the Executive Branch" as overbroad, unduly burdensome,

26  not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to

27  **CONFIDENTIAL**

28  PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
    DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

the needs of discovery.

The FTC is willing to meet and confer regarding the scope of this Interrogatory.

**Supplemental Response to Interrogatory No. 6**

In the parties' September 2, 2022 meet and confer, and in Defendants' September 7, 2022 letter, Defendants clarified that Interrogatory No. 6 seeks Chair Khan's communications with third parties regarding the Merger. 9/7/2022 Ltr. E. Hochstadt to S. Musser at 2. The only relevance that those communications may have to this case go toward certain affirmative defenses in Defendants' Answers, which are the subject of a pending motion to strike filed by the FTC on September 9, 2022. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 6 to state that, based upon its reasonable investigation to date, the FTC is unaware of any communications between Chair Khan and non-governmental third parties concerning the Merger prior to the filing of the Complaint. The FTC will supplement its response to Interrogatory No. 6 if it becomes aware of any such communications.

**Interrogatory No. 7**

*Identify the basis for, underlying evidence, and methodology You used to calculate any market share figures presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for a Temporary Restraining Order, as well as any alternative or other market share calculations You made or considered but did not present in the Complaint, including for each such market share figure:*

*a. Each of the specific Documents and Data used by You or Jennifer Snyder to calculate such figures;*

*b. Assignment(s) or instruction(s) by You as to which applications to include and exclude in each market;*

*c. The manner in which You or Jennifer Snyder processed or otherwise manipulated each*

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

*such Document and Data to arrive at the market share estimates referred to above, including but not limited to the content of any programs, formulas, or other manual or automated methods used by You to arrive at such market share estimates.*

**Responses & Objections to Interrogatory No. 7**

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.

The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to the instruction to identify "each of the specific documents and data"

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery. The FTC objects to the phrases "alternative or other market share calculations" and "processed or otherwise manipulated" as vague and ambiguous in the context of the interrogatory.

Subject to and without waiving the General Objections set forth above and objections incorporated herein, the FTC responds that it will produce backup data for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration. The FTC further responds that the criteria for determining the applications included in the relevant markets in the preliminary market concentration analysis reflected therein has been previously disclosed to Defendants in Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) at footnotes 53 and 78. The firms preliminarily included in the relevant markets were based on characterizations by Meta in its submissions to the FTC, see PX0001 at 019, PX0007 at 009, and a search for the terms "exercise" and "fitness" on the Meta Quest Store (excluding meditation-focused apps). Plaintiff does not necessarily agree with Meta's characterizations. Given the early stage of the proceedings, the FTC reserved the right to revise its calculations as appropriate as this matter progresses. The FTC will provide further analysis regarding its market definition in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Response to Interrogatory No. 7**

Subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 7 as follows: FTC staff attorneys provided Ms. Snyder with a list of applications for each of the FTC's alleged relevant product markets along with revenue data obtained from Defendants during the investigation. These lists of applications were developed by FTC attorneys for the purpose of preliminary market share analysis using the criteria previously

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

35

explained in the FTC's initial response to Interrogatory No. 7. Ms. Snyder was instructed to calculate market share and Herfindahl-Hirschman Index ("HHI") figures based on 2021 revenue data. Ms. Snyder was not given any additional instructions and no written instructions exist.

Defendants' September 7, 2022 letter also asked for the FTC's "methodology" for defining the relevant markets alleged in the Complaint. 9/7/2022 Ltr. E. Hochstadt to S. Musser at 3. The FTC has already provided the methodology it employed for purposes of its preliminary analysis of market definition in support of its Motion for a Temporary Restraining Order.  Plaintiff's Responses and Objections to Interrogatories No. 2-5 and Plaintiff's Responses and Objections to Interrogatory 7.  Defendants have cited to *FTC v. Meta Platforms, Inc.*, No. 20-3590 (JEB), Dkt. No. 165 (D.D.C. Aug. 1, 2022), to argue that Defendants are entitled to obtain, prior to fact and expert discovery, the methodology that the FTC ultimately intends to employ to define the relevant antitrust markets at trial. The court in that case, however, did not order the FTC to provide its methodology, but rather instructed the FTC to indicate whether it contended that certain activities identified by Meta were a part of the relevant market. Here, the FTC has already identified the applications that, based upon the FTC's preliminary analysis in support of its Motion for a Temporary Restraining Order, are in the relevant markets alleged in the Complaint. Plaintiff's Responses and Objections to Interrogatory No. 5.  To the extent that Defendants seek additional information beyond that which the FTC has already provided Defendants' request calls for the disclosure of privileged work product.  The FTC states that it will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Interrogatory No. 10**

*Identify any unpaid consultants or experts who were involved with or assisted the FTC in its investigation of the Merger, in deriving the alleged relevant markets presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for a*

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

1   *Temporary Restraining Order, or in calculating the estimated market share figures presented in*

2   *the Complaint and Memorandum of Points and Authorities in support of Your Motion for a*

3   *Temporary Restraining Order, and for any such unpaid consultants or experts, identify their title*

4   *and describe their responsibilities, decision-making authority, reporting line, specific*

5   *involvement in the Merger investigation, and their qualification.*

6   **Responses & Objections to Interrogatory No. 10**

7       The FTC incorporates by reference its General Objections. The FTC additionally objects

8   to this Interrogatory on the grounds that it seeks information that is irrelevant to the claims and

9   defenses in this litigation, is not proportional to the needs of the case, is unduly burdensome, and

10  seeks information protected from disclosure by attorney-client privilege, attorney work product

11  doctrine, government deliberative process privilege, common-interest privilege, investigative

12  privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

13      The FTC objects to this Interrogatory as encompassing multiple separate interrogatories

14  and given the limited discovery the parties agreed to in this case, the FTC objects to this Request

15  to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in

16  the Joint Stipulated Discovery Plan and Briefing Schedule.

17      The FTC also objects to this Interrogatory's instruction to identify "any unpaid

18  consultants or experts who were involved with or assisted the FTC" as overbroad, unduly

19  burdensome, excessive, not reasonably calculated to lead to the discovery of admissible

20  evidence, and disproportionate to the needs of discovery.  The FTC further objects to the extent

21  the Interrogatory seeks the identities of non-testifying experts or consultants which are not

22  subject to disclosure. The FTC also objects to the extent that this Interrogatory impermissibly

23  seeks the premature and non-reciprocal disclosure of expert information in advance of deadlines

24  set by the Court for such disclosures.

25      Subject to and without waiving the General Objections set forth above and objections

26  incorporated herein, the FTC responds that it has not retained any unpaid consultants or experts

27  **CONFIDENTIAL**

28  PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

to serve as testifying experts in this matter. The FTC further responds that it will submit its expert disclosure(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Responses to Interrogatory No. 10**

Subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 10 as follows: No unpaid consultants or experts were involved with or assisted the FTC in deriving the alleged relevant markets presented in the Complaint and Memorandum of Points and Authorities in support of the FTC's Motion for a Temporary Restraining Order, or in calculating the estimated market share figures presented in the Complaint and Memorandum of Points and Authorities in support of the FTC's Motion for a Temporary Restraining Order. Erik Martin, formerly an unpaid consultant with the title of Technology Advisor, was the only unpaid consultant that was substantively involved with or assisted the FTC in its investigation of the Merger. Specifically, Mr. Martin provided limited assistance to the investigative team related to technology matters. For example, Mr. Martin provided technological input to the team on topics such as software creation engines as well as public source research assistance. Mr. Martin had no decision-making authority regarding the investigation and reported to the FTC staff attorneys handling the investigation. His relevant qualifications are as an FTC technologist. Mr. Martin was onboarded as a Compliance and Risk Strategist, a paid position at the FTC, on August 29, 2022.

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

38

Dated:  September 13, 2022

By: /s/ Abby L. Dennis

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Susan Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

Attorneys for Plaintiff Federal Trade
Commission

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD
39

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022 I served a true and correct copy of

    (1) PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
         DEFENDANTS' FIRST SET OF INTERROGATORIES

Chantale Fiebig
Daniel Nadratowski
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel.: (202) 682-7200
Email: chantale.fiebig@weil.com
Email: daniel.nadratowski@weil.com

Eric S. Hochstadt
WEIL, GOTSHAL, MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Email: eric.hochstadt@weil.com

Bambo Obaro
WEIL, GOTSHAL, MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel.: (650) 802-3000
Email: bambo.obaro@weil.com

Mark Hansen
Geoffrey M. Klineberg
KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M St NW #400
Washington, DC 20036
Tel: (202) 326-7928
Email: mhansen@kellogghansen.com
Email: gklineberg@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc*

Chris Fitzpatrick
Charles Loughlin
HOGAN LOVELLS
555 Thirteenth Street, NW
Washington, DC 20004

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD

Tel.: (202) 637-3668
Email: chris.fitzpatrick@hoganlovells.com
Email: chuck.loughlin@hoganlovells.com

*Counsel for the Defendant Within Unlimited, Inc.*

/s/ Frances Anne Johnson
Frances Anne Johnson
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Andrew Lowdon
Lincoln Mayer
Susan A. Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James H. Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

**CONFIDENTIAL**

PLAINTIFF FTC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES CASE NO. 5:22-cv-04325-EJD
41

Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)
Michael Barnett, TX Bar No. 24006801
E. Eric Elmore, NY Bar (No Number)
Justin Epner, DC Bar No. 1028431
Sean D. Hughto, DC Bar No. 421224
Frances Anne Johnson, MD Bar (No Number)
Andrew Lowdon, DC Bar No. 230095
Lincoln Mayer, DC Bar No. 992050
Susan Musser, DC Bar No. 1531386
Kristian Rogers, MA Bar No. 675951
Anthony R. Saunders, NJ Bar No. 008032001
Timothy Singer, DC Bar No. 1048769
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381
*adennis@ftc.gov; pbayer@ftc.gov;*
*jgoodman@ftc.gov; jbalbach@ftc.gov;*
*mbarnett@ftc.gov; eelmore@ftc.gov;*
*jepner@ftc.gov; shughto@ftc.gov;*
*fjohnson@ftc.gov; alowdon@ftc.gov;*
*lmayer@ftc.gov; smusser@ftc.gov;*
*krogers@ftc.gov; asaunders@ftc.gov;*
*tsinger@ftc.gov*

Erika Wodinsky, CA Bar No. 091700
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190
*ewodinsky@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC., et al.** <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78), Plaintiff Federal Trade Commission ("FTC") submits these Objections and Responses to the First Set of Requests for Production of Documents of Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited Inc. ("Within") (collectively "Defendants").

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

The following General Objections apply to all of Defendants' Requests for Production (the "Requests") and are hereby incorporated by reference into each of the following responses to each individual Request. The assertion of the same, similar, or additional objections or the provision of partial answers in response to an individual Request does not waive any of the FTC's General Objections as to that Request or other Requests.

1. These responses are made solely for the purposes of this action. Each response is without waiver or limitation of the FTC's right to object on grounds of competency, relevance, materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the use of any documents or information in any subsequent proceeding in, or trial of, this or any other action. The FTC hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of responding to discovery.

2. The FTC objects to each Request to the extent it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. Documents and information covered by such privileges are not subject to disclosure. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

3. The FTC objects to each Request to the extent it expressly or impliedly seeks information protected from discovery by any privilege, doctrine, or protection from discovery as provided by any applicable law that may be asserted by any government agency, entity, or

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

1

official. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information, is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine.

4.      The FTC objects to each Request to the extent that it calls for the production of documents that are exempted from discovery under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). The FTC will not produce documents that are exempted from discovery by the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

5.      The FTC objects to each Request to the extent it seeks an admission as to the existence or nonexistence of documents. Nothing contained in these responses is intended to be, or in any way shall be deemed, an admission by the FTC as to the existence or nonexistence of any documents. The fact that the FTC has responded to part or all of any individual Request is not intended to be, and shall not be construed to be, a waiver by the FTC of any part of any objection to such Request.

6.      The FTC objects to each Request to the extent it expressly or impliedly seeks proprietary, confidential, financial, trade secret, or commercially sensitive information from third parties that could harm third parties' competitive or business positions or result in a breach of the FTC's obligation to maintain the confidentiality of such information. Any confidential or proprietary information will be produced pursuant to the Protective Order in this action, or any modifications thereto.

7.      The FTC objects to each Request to the extent it concerns matters or issues that are beyond the scope of the allegations of the Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter, on the grounds that such discovery is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

2

8.      The FTC objects to each Request to the extent that it seeks discovery that is available to Defendants from their own files or from information in the public domain equally available to Defendants and the burden and expense of deriving or obtaining such information is substantially the same for Defendants as it is for the FTC.

9.      The FTC objects to each Request to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

10.     The FTC objects to each Request, Definition, and Instruction to the extent it is inconsistent with or purports to require the FTC to take measures above and beyond the requirements of the Local Rules of the Northern District of California, the Federal Rules of Civil Procedure, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, or any other agreements among the parties in this case. The FTC reserves all rights pursuant to any Stipulations subsequently agreed to or any Orders entered by the Court and expressly incorporates all terms herein.

11.     The FTC objects to each Definition, Instruction, and Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, fails to describe the information sought with the required reasonable particularity, requires unreasonable efforts or expense on behalf of Plaintiff, or uses terms that are undefined or not susceptible to a single meaning. The FTC further objects to each Request, Definition, and Instruction to the extent that each Request, Definition, and Instruction seeks discovery that is not proportional to the needs of the case.

12.     The FTC objects to each Request to the extent that it calls for the production of documents or information that Defendants provided to the FTC. The FTC will not reproduce documents or information that Defendants provided to the FTC in this action or during the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

13.     The FTC objects to each Request to the extent that it calls for the production of documents or information that the FTC has already produced to Defendants.

14.     The FTC objects to each Request, Definition, and Instruction as overbroad and unduly burdensome to the extent it seeks information from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040.

15.     The FTC objects to the definition of "Meta" as overbroad and unduly burdensome to the extent it requires the FTC to identify "present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, and/or affiliates."

16.     The FTC objects to the definition of "Within" as overbroad and unduly burdensome to the extent it requires the FTC to identify "present and former officers, directors, employees, agents, and other persons acting on behalf of Within, its divisions, subsidiaries, and/or affiliates."

17.     The FTC objects to the definitions of the "FTC," "Federal Trade Commission," "You," and "Your" as overbroad and unduly burdensome to the extent that they include persons beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, and to the extent Requests incorporating these terms seek information that is irrelevant to the claims and defenses in this litigation and not proportional to the needs of this case.

18.     The FTC objects to Instruction No. 7 to the extent it seeks to impose obligations beyond those required under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

19.     The FTC objects to Instruction No. 8 as unduly burdensome and disproportionate to the extent it would impose nonreciprocal obligations on the FTC. The FTC is willing to meet and confer to reach agreement regarding cut-off date for discovery that would apply to both the FTC and Defendants.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

4

20.     The FTC objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, seek the disclosure of information or documents that are not material and necessary to the prosecution or defense of this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

21.     The FTC objects to the Requests, Definitions, and Instructions to the extent that they purport to require the FTC to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronically stored information) from readily accessible sources where responsive documents reasonably would be expected to be found.

22.     The FTC, in responding to the Requests, does not concede to the relevance or admissibility of any documents, things or information sought through the Requests, and reserves the right to challenge such relevance or admissibility.

23.     Subject to all objections contained herein, the FTC answers these Requests to the best of its knowledge at the present time. The FTC states that discovery is ongoing, and the FTC specifically reserves the right to supplement and amend these responses, including the interposition of additional or different objections, when and if it becomes necessary after further investigation and discovery.

24.     Each of these General Objections is incorporated into Plaintiff's response to each of the individual Requests as though fully set forth therein. Plaintiff will not respond to the Requests to the extent objected to except as set forth herein.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to and without waiver of the foregoing General Objections, or any other objections or claims of privilege, the FTC states its specific objections and responses to Defendants' First Set of Requests for Production of Documents.

**REQUEST NO. 1:**

*All Documents, Communications, and Testimony that You obtained, considered, or relied upon in connection with your investigation of the Merger, the drafting or filing of the Complaint filed in this Action on July 27, 2022, the drafting or filing of the Administrative Complaint on August 11, 2022, or your prosecution of this Action, other than Documents or Communications You received from Meta or Within.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 1:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents, Communications, and Testimony" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "obtained, considered, or relied upon," "drafting or filing," and "prosecution of this Action" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all "non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

1  221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding

2  materials produced by Meta and Within." The FTC is willing to meet and confer regarding what,

3  if any, additional documents Defendants are seeking.

4  **REQUEST NO. 2:**

5  *All Documents Concerning Your past, present, or future contact, or considered or contemplated*

6  *contact, with any non-parties or any other Persons Related to the Merger and/or Your*

7  *investigation of the Merger, including Documents Related to telephone conferences, in-person*

8  *conferences, meetings, interviews, or correspondence with actual or potential customers or*

9  *competitors of the Defendants, or any other Persons, in connection with the Merger or Extended*

10  *Reality industry.*

11

12  **OBJECTIONS AND RESPONSES TO REQUEST NO. 2:**

13       The FTC incorporates by reference its General Objections. The FTC objects to the

14  Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and

15  defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the

16  phrases "past, present, or future contact, or considered or contemplated contact" and "other

17  Persons Related to the Merger" are vague, ambiguous, overly broad, and unduly burdensome.

18  The FTC further objects to the extent this Request seeks information regarding the "Extended

19  Reality industry" unconnected to the allegations Complaint filed in the above-captioned matter

20  on July 27, 2022, to the proposed relief, or to any defenses of Defendants that are not contained

21  in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned

22  matter. The FTC objects to the extent this Request seeks materials protected from disclosure by

23  attorney-client privilege, attorney work product doctrine, government deliberative process

24  privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or

25  protection as provided by any applicable law. The FTC objects to the extent that the Request

26  seeks materials from persons at the Federal Trade Commission beyond the FTC staff who

27

28  PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
   DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
   CASE NO. 5:22-cv-04325-EJD
                                        7

worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking.

**REQUEST NO. 3:**

*All Documents Related to the FTC's past, present, or future communications with any nonparties or any other Persons in connection with the Merger, Complaint, or Extended Reality industry, including, but not limited to, notes, summaries, transcripts, or records of interviews or discussions with any such non-parties or other Persons.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 3:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request to the extent it contains the phrases, including but not limited to "All Documents Related to," "past, present, or future communications," "with any nonparties or any other Persons," "in connection with the Merger, Complaint or Extended Reality industry," which are vague, ambiguous, overly broad, and unduly burdensome. The FTC further objects to the Request for "all Documents Related to the FTC's past, present, or future communications" and "in connection with the Merger, Complaint, or Extended Reality industry" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not proportional to the needs of this case. The FTC further objects to the extent this Request seeks information regarding the "Extended Reality industry" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

above-captioned matter. The FTC objects to the extent this Request seeks materials such as interview notes or summaries which are protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking.

**REQUEST NO. 4:**

*All Documents relating to any Communications between You and any other members of the federal government, including the Executive and Legislative branches, any other governmental regulator, or former Federal Trade Commissioners or personnel in relation to Your investigation of the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 4:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "All Documents," "any Communications," and "in relation to your investigation" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

9

process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC further objects to the extent this Request seeks information regarding the "Communications" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to see whether this Request can be narrowed.

**REQUEST NO. 5:**

*All Documents Concerning Defendants' respective businesses, including Documents that define or otherwise analyze candidate, proposed, or alleged relevant antitrust markets, market share, and future growth projections or opportunities.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 5:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "All Documents Concerning Defendants' respective businesses" is vague and ambiguous, overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission

1    beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of

2    Within, FTC File No. 221-0040, as disproportionate and irrelevant.

3         The FTC objects to the Request to the extent it impermissibly seeks the premature and

4    nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses,

5    comparative analyses, opinions, or theories that will be the subject of expert discovery, in

6    advance of deadlines set by the Court for such disclosures. The FTC will submit its expert

7    report(s) and correspondence materials in accordance with the deadlines set forth in the Joint

8    Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

9         Subject to and without waiving the foregoing General and Specific Objections, the FTC

10   states that it will produce backup data for the Declaration of Jennifer Snyder accompanying

11   Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying

12   firms and market concentration calculations reflected in that declaration.

13   **REQUEST NO. 6:**

14   *For the period of January 1, 2019 to present, all public and non-public Documents Concerning*

15   *the Extended Reality industries (including, but not limited to, virtual, augmented, or mixed*

16   *reality fitness), as well as connected fitness, at-home fitness, and other in-person fitness products*

17   *or services, including Documents that define or otherwise analyze candidate, proposed, or*

18   *alleged relevant antitrust markets, market share, future growth projections or opportunities of*

19   *any Extended Reality software and hardware developers, and any intergovernmental Documents*

20   *such as speeches, correspondence, communications, congressional sessions, and meetings, as*

21   *they Relate to the fitness and Extended Reality industries.*

22

23   **OBJECTIONS AND RESPONSES TO REQUEST NO. 6:**

24        The FTC incorporates by reference its General Objections. The FTC objects to the

25   Request for all "Documents concerning the Extended Reality industries," all Documents

26   Concerning "connected fitness, at-home fitness, and other in-person fitness products or services,"

27   and "intergovernmental Documents such as speeches, correspondence, communications,

28   PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
     DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
     CASE NO. 5:22-CV-04325-EJD
                                        11

congressional sessions, and meetings, as they Relate to the fitness and Extended Reality industries" as overly broad, unduly burdensome, vague, ambiguous, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "future growth projections or opportunities of any Extended Reality software and hardware developers," "intergovernmental Documents," and "fitness" are vague and ambiguous. The FTC further objects to the extent this Request seeks information regarding the "Extended Reality industries" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants as set forth in their Answer.

The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). The FTC further objects to this Request to the extent it seeks discovery of publicly available materials that are already available to Defendant, on the grounds that such materials are equally available to Defendant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all "non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding

materials produced by Meta and Within." The FTC is willing to meet and confer regarding what,

if any, additional documents Defendants are seeking.

**REQUEST NO. 7:**

*For the period of January 1, 2019 to present, All Documents Concerning proposed, actual, or*

*contemplated transactions Related to any fitness and Extended Reality (not limited to fitness)*

*industry.*


**OBJECTIONS AND RESPONSES TO REQUEST NO. 7:**

The FTC incorporates by reference its General Objections. The FTC objects to the

Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and

defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the

phrase "proposed, actual, or contemplated transactions Related to any fitness and Extended

Reality (not limited to fitness) industry" is vague, ambiguous, overly broad, unduly burdensome,

irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this

case. The FTC further objects to the extent this Request seeks information related to "any fitness

or Extended Reality industry (not limited to fitness)" unconnected to the allegations Complaint

filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of

Defendants that are not contained in any Answer or beyond the scope of any forthcoming

Answer filed in the above-captioned matter.

The FTC objects to the extent this Request seeks materials protected from disclosure by

attorney-client privilege, attorney work product doctrine, government deliberative process

privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or

protection as provided by any applicable law. The FTC objects to the extent that the Request

seeks materials from persons at the Federal Trade Commission beyond the FTC staff who

worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-

0040, as disproportionate and irrelevant.

The FTC is willing to meet and confer to see if this Request can be narrowed.

**REQUEST NO. 8:**

*All Documents Concerning the calculation of market shares or application of the Herfindahl-Hirschman Index to the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 8:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "Concerning the calculation of market shares or application of the Herfindahl-Hirschman Index to the Merger" is vague and ambiguous. The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it will produce backup data for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

**REQUEST NO. 9:**

*All Documents Concerning any growth synergies, cost synergies, or other quantitative or qualitative efficiencies or benefits that Meta may be able to realize in connection with the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 9:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "growth synergies," "cost synergies," and "other quantitative or qualitative efficiencies or benefits" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). Finally, the FTC objects to the extent that this Request seeks information that is in Meta's possession, custody or control.

**REQUEST NO. 10:**

*For the period of June 15, 2021 to present, all Documents and Communications in which Lina Khan has discussed Meta and/or Mark Zuckerberg.*

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

**OBJECTIONS AND RESPONSES TO REQUEST NO. 10:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents and Communications" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "has discussed Meta and/or Mark Zuckerberg" is vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC objects to the Request as irrelevant to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter and not appropriate to the needs of this case.

**REQUEST NO. 11:**

*All Documents and Communications that Lina Khan relied upon or considered in connection with review of the Merger, the vote to file the Complaint in this Action on July 27, 2022, or the vote to file the Administrative Complaint on August 11, 2022, other than Documents or Communications from or with Meta or Within.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 11:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents and Communications" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "relied upon or considered" is vague and ambiguous. The

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC objects to the Request as irrelevant to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter and not appropriate to the needs of this case.

**REQUEST NO. 12:**

*All Documents and Communications Concerning the participation of any Commissioner in review of the Merger, the decision to authorize the Complaint, and any of the allegations contained in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 12:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents and Communications" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "Concerning the participation of" is vague and ambiguous. The FTC objects that the phrase "any of the allegations contained in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order" is vague, ambiguous, and unintelligible.

The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process

privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC objects to this Request as irrelevant to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter and not appropriate to the needs of this case.

**REQUEST NO. 13:**

*All Documents identified or reviewed in order to respond to any Interrogatory, Request for Admission, or deposition issued pursuant to Federal Rule of Civil Procedure 30(b)(6) from any Defendant in this Action.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 13:**

The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "identified or reviewed in order to respond" is vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC also objects to this Request as premature on the grounds that Defendants have not yet served any Requests for Admission or any notices for a Rule 30(b)(6) deposition. The FTC reserves all objections regarding discovery requests Meta has not yet propounded. The FTC further objects to this Request to the extent it requires that the FTC produce documents upon

which it may rely that are not currently in the FTC's possession, custody, or control, including, but not limited to, documents that may be produced during the course of discovery.

Subject to and without waiving its General and Specific Objections, the FTC will produce any non-public, non-privileged documents that the FTC identifies, or relies on, in its responses to any Interrogatory or Request for Admission in this action and have not previously been produced or otherwise made available to Defendant, to the extent the FTC becomes aware of such documents during the course of discovery.

**REQUEST NO. 14**:

*All Documents created, prepared, collected, or received by You in connection with the Merger to the extent not responsive to Document Requests Nos. 1-13 set forth above, including, but not limited to, any Bureau of Economics and/or Bureau of Competition memoranda evaluating the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 14:**

The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "in connection with the Merger" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all "non-party materials and communications produced to the

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within." The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking.

**REQUEST NO. 15**:

*All Documents and analyses Concerning acquisitions by technology platform companies and the effects of those acquisitions on early-stage investment.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 15:**

The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents and analyses" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "acquisitions by technology platform companies" and "the effects of those acquisitions on early-stage investment" are vague and ambiguous. The FTC further objects to the extent this Request seeks information regarding the "acquisitions by technology platform companies" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter.

The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC is willing to meet and confer to see if this Request can be narrowed.

1

**REQUEST NO. 16**:

2

*All Documents and analyses Concerning the FTC's 6(b) Study of acquisitions by technology*

3

*platform companies in FTC Matter No. P201201.*

4

5

**OBJECTIONS AND RESPONSES TO REQUEST NO. 16:**

6

      The FTC incorporates by reference its General Objections. The FTC objects to the

7

request for "All Documents and analyses" as overly broad, unduly burdensome, irrelevant to the

8

claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC

9

objects that the Request is vague and ambiguous. The FTC objects to the extent this Request

10

seeks materials protected from disclosure by attorney-client privilege, attorney work product

11

doctrine, government deliberative process privilege, common-interest privilege, investigative

12

privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The

13

FTC objects to the extent that the Request seeks materials from persons at the Federal Trade

14

Commission beyond the FTC staff who worked on the investigative team for Meta's proposed

15

acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC

16

objects to this request as irrelevant to the claims and allegations in the Complaint filed in the

17

above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants

18

that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the

19

above-captioned matter.

20

21

22

23

24

25

26

27

28

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

Dated:  August 23, 2022

By: /s/ Abby L. Dennis

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Frances Anne Johnson
Susan A. Musser

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Attorneys for Plaintiff Federal Trade Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2022, I served a true and correct copy of

    (1) Plaintiff Federal Trade Commission's Objections and Responses to Defendants'
        First Requests for Production

Chantale Fiebig
Daniel Nadratowski
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel.: (202) 682-7200
Email: chantale.fiebig@weil.com
Email: daniel.nadratowski@weil.com

Eric S. Hochstadt
WEIL, GOTSHAL, MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Email: eric.hochstadt@weil.com

Bambo Obaro
WEIL, GOTSHAL, MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel.: (650) 802-3000
Email: bambo.obaro@weil.com

Geoffrey M. Klineberg
Ana Nikolic Paul
KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M St NW #400
Washington, DC 20036
Tel: (202) 326-7928
Email: gklineberg@kellogghansen.com
Email: apaul@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc*

Chris Fitzpatrick
Nicole Lynch
HOGAN LOVELLS
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: (202) 637-3668

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

Email: chris.fitzpatrick@hoganlovells.com
Email: nicole.lynch@hoganlovells.com

*Counsel for the Defendant Within Unlimited, Inc.*

/s/ Jeanine Balbach
Jeanine Balbach
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2568
Email: jbalbach@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

24