# EXHIBIT 2

**Federal Trade Commission v. Meta Platforms, Inc., et al., 5:22-cv-04325-EJD**
**Exhibit 2 – Joint Discovery Chart re Defendants' First Set of Interrogatories and Document Requests to Plaintiff**

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| 1 | Identify each Person with whom You have communicated about the Merger and the means of these Communications, including but not limited to any subpoenas, civil investigative demands, and voluntary requests for information You issued to each Person and any formal or informal responses to such Communications that You received, including in the form of Documents or Data. | The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.<br><br>The FTC further objects to the Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the | Defendants will agree to limit this request to asking the FTC to explain the factual information that third parties told the FTC prior to the filing of the Complaint, including whether any such third parties oppose the Merger or have expressed concern that the Merger would reduce competition in the alleged relevant markets.<br><br>Defendants will agree to accept a factual summary in lieu of requiring the FTC to produce its notes or summaries in full or redacted form.  The FTC's productions of scheduling and non-substantive emails exchanged with non-parties are not sufficient to meet Defendants' request.  The FTC fails to justify its blanket and unsupported assertion of privilege and why the privilege assertion overcomes the Defendants' substantial need for the information in this expedited proceeding. | The FTC has already substantially compromised on this issue by providing Defendants with (1) all written correspondence between the FTC and third parties, which the FTC produced to Defendants nearly two weeks before Defendants even propounded any discovery requests, as well as (2) a list of names and specific contact information for every third party with whom the FTC communicated during the investigation, which was not required by the terms of Interrogatory No. 1, but which the FTC nonetheless compiled and produced. Any further compromise on this issue would necessarily require the FTC to waive the protections of the work-product doctrine and deliberative process privilege.<br><br>Defendants have failed to articulate any substantial need for this information. Moreover, to the extent this Court orders the FTC to provide this information, the | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| | | Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).<br><br>The FTC objects to the term "You" to the extent that it seeks information from persons beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, and to the extent Requests incorporating these terms seek information that is irrelevant to the claims and defenses in this litigation and not proportional to the needs of this case. The FTC also objects to this Interrogatory as duplicative to the extent the FTC has already provided this information to Defendants in its Initial Disclosures, as well as produced to Defendants non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. See FTC-PROD-00000001 - FTC-PROD-00001611, FTC-SONY-00000001 - FTC-SONY-00000002, and VALVE-FTCNO221-0040_000001 - VALVE-FTCNO221-0040_000002, and in its Initial Disclosures, that provides information responsive to the Interrogatory.<br><br>The FTC objects to the term "Person" as overbroad and ambiguous. For purposes of responding to this Interrogatory, the FTC interprets the term "Person" to refer to industry participants.<br><br>*The FTC identified a list of third parties it communicated with and also provided a list of individuals it reached out to but did not receive a response from.* | Plaintiff must respond promptly or within three business days following a Court order. | FTC will need at least 7 calendar days to do so because of its obligation to provide third parties notice and an opportunity to seek an appropriate protective order prior to disclosure of any confidential information. | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | **Supplemental Response**<br>In the parties' September 2, 2022 meet and confer, Defendants requested that the FTC further provide the name and title of each individual person with whom the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040 communicated concerning the Merger. Interrogatory No. 1 as propounded, however, does not seek information in this detail. Nonetheless, pursuant to Defendants' request, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 1 by directing Meta to its initial disclosures of August 19, 2022, and by providing the following titles and contact information, where available, for those persons identified in the FTC's initial disclosures.<br><br>*The FTC provided a chart with names, titles, telephone, and email addresses for the individuals with whom the FTC reached out to for information regarding the Merger.* | | | |
| 2 | For each year from 2019 to present, Identify each Person Plaintiff considers or alleges to be a competitor to Meta or Within with respect to any component of Extended Reality, and for each such competitor, Identify each specific | The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC | Defendants do not believe a limitation to this Interrogatory is appropriate and request the FTC fully comply with this Interrogatory. While the FTC has identified VR competitors in its alleged markets, they fail to identify apps across Extended Reality. The FTC spent eight months investigating the proposed transaction, and its own requests to the Defendants | The FTC has already fully complied with this interrogatory by (1) identifying the applications within the two relevant markets alleged in the Complaint (*i.e.*, the VR Dedicated Fitness App and the VR Fitness App markets); (2) identifying two applications that recently entered the VR Dedicated Fitness App market; and (3) representing that "the | |

| | fitness-related offering that the FTC believes competes in a specified alleged antitrust market. | objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule. The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC objects to the Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to this Interrogatory's instructions to identify "with respect to any component of extended reality," "each specific fitness-related offering," and "each person" as overbroad, unduly burdensome, | sought information related to the Extended Reality industry. Accordingly, the FTC has this information readily available. | FTC is unaware of any additional recent or potential entrants to either the VR Dedicated Fitness App market or the VR Fitness App market." *See* FTC Resp. to Interrogatory Nos. 2, 5.

To the extent that Defendants are seeking additional information regarding markets not alleged in the complaint— *i.e.*, "competitor[s] to Meta or Within with respect to any component of Extended Reality," which *Meta* defined in its interrogatories as "software and hardware relating to delivering virtual reality, mixed reality, augmented reality, or other enhanced reality experiences to users"—that request is vague and overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery. The FTC has not conducted this analysis, and it is not relevant to the Complaint's allegations.

Defendants' vague and unexplained assertion in this chart that the FTC "spent eight months investigating the | |
|---|---|---|---|---|---|

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|-------------------|
|  |  | excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery. The FTC further objects to the terms "competitor" and "competes" and the phrase "with respect to any component of extended reality" as vague and ambiguous in the context of the Interrogatory.<br><br>Subject to and without waiving the General Objections set forth above and objections incorporated herein the FTC states that it will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).<br><br>**Supplemental Response**<br>In the parties' September 2, 2022 meet and confer, and in Defendants' September 7, 2022 Letter, Defendants asked for further information to "test the FTC's assumptions about who competes with Meta and Within in the alleged antitrust markets." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. The determination as to who competes with Meta and Within in the alleged antitrust markets is the subject of ongoing fact and expert discovery. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC further supplements its response to Interrogatory No. 2 as follows: Prior to the filing of the Complaint, and in connection with its Motion for a Temporary Restraining Order, Plaintiff conducted a preliminary market definition analysis that identified, on a preliminary basis and subject to further analysis through fact and expert discovery, a list of competitors in each alleged antitrust market in the | | Extended Reality and the smart-fitness industries and have this information readily available" is wrong. The FTC does not even know what information it is that Defendants are asserting the FTC has readily available. In any event, the FTC's pre-complaint investigation of this case focused on Meta's proposed acquisition of Within and resulted in the Complaint in this action and the relevant markets alleged therein. Moreover, the FTC discovery requests to Meta do not ask for information related to "any component of Extended Reality" like Meta's Interrogatory No. 2. Rather, the FTC requests are tailored to seek information relevant to the allegations in the Complaint. | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Complaint. That preliminary list of competitors as well as the process used to identify them is described in Plaintiff's Responses and Objections to Interrogatories No. 5 and No. 7 below, and the Responses and Objections to Interrogatories No. 5 and No. 7 are fully incorporated by reference herein.<br><br>To the extent that Defendants are asking Plaintiff to provide a list of competitors that Plaintiff contends compete in the alleged relevant markets based on information that is the subject of discovery, the FTC states that it will supplement its response to this interrogatory as appropriate at the end of fact discovery, and that it will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). | | | |
| 3 | For any application that You considered but did not include in any relevant market in the Complaint, Identify all criteria You applied to determine that those applications were not competitors in any alleged relevant market and Identify Your bases for excluding such applications from any relevant market You assert. | The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule. | Defendants do not believe a limitation to this Interrogatory is appropriate and request the FTC fully comply with this Interrogatory.  The information provided by the FTC fails to set forth the facts to exclude many applications expressly from the definition of the alleged markets and to show why numerous applications (which share similar characteristics to many of the applications outlined in the FTC's response to Interrogatory No. 5) have been removed from one or both of the alleged markets. | The FTC has already fully complied with this interrogatory by providing information regarding the underlying facts supporting its market definition analysis, including: (1) a list of a competitors in the relevant markets; (2) references to Meta's own documents describing the same markets as alleged in the Complaint; and (3) all data supporting Ms. Snyder's declaration attached to the FTC's Emergency Motion for a Temporary Restraining Order.  Moreover, the Complaint itself (coupled | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| | | FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to this Interrogatory's instruction to identify "all criteria You applied" as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery. The FTC further objects to the term "competitor" as vague and ambiguous in the context of the Interrogatory. The FTC also objects to this Interrogatory as vague and ambiguous regarding the "markets" to which it refers.

Subject to and without waiving the General Objections set forth above and objections incorporated herein the FTC responds that the criteria for determining whether an application is in the | The FTC fails to justify its blanket and unsupported assertion of privilege and why the privilege assertion overcomes the Defendants' substantial need for the information in this expedited proceeding. | with the TRO motion) provides information regarding the FTC's methodology for defining the relevant markets.

The FTC has provided all facts supporting its relevant market definitions to date.  To the extent that Defendants seek additional information beyond that which the FTC has already provided, such as the FTC attorneys' analysis, conclusions, opinions, mental impressions, and legal strategies, or the analysis of the FTC's expert(s), that information would be privileged work product or premature expert analysis. | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint. The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).<br><br>**Supplemental Response**<br>In the parties' September 2, 2022 meet and confer, and in Defendants' September 7, 2022 letter, Defendants asked for further information about "which, if any, applications the FTC considered but did not include in either alleged relevant market and the criteria the FTC applied to determine those applications were not competitors in the alleged relevant markets." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. The determination as to what applications are competitors in the alleged relevant markets is the subject of ongoing fact and expert discovery. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 3 as follows: The criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint. Those paragraphs of the Complaint set forth criteria for excluding applications from the relevant markets, including functional, practical, technological, and price differences as compared to non-VR at-home smart fitness solutions and other non-VR at-home exercise products, including the unique immersive experience of VR technology (Compl. ¶ 46), the features of tracking, adjustment, and feedback in a VR environment enabled by VR equipment | | | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| | | (Compl. ¶ 46), and substantial price differences typically reflected in much higher up-front costs for other at-home smart fitness devices (Compl. ¶ 47).<br><br>The FTC further responds that Meta itself, in the ordinary course of business, classifies VR applications as deliberate or dedicated fitness apps and incidental fitness apps. See, e.g., META-E-2R-01341336 ("While incidental fitness apps (Beat Saber) are much more popular than deliberate fitness apps (Supernatural), their growth is slowing."); META-E-2R-04577680 (discussing option to "extend Beat Saber brand into deliberate fitness"). Meta's ordinary course classifications of VR fitness applications provide a basis for assessing the scope of the relevant markets.<br><br>The FTC also incorporates by reference its responses to Interrogatories No. 2, No. 4, No. 5, and No. 7 into its response to this interrogatory.<br><br>Defendants' September 7, 2022 letter also asked for the FTC's "methodology" for defining the relevant markets alleged in the Complaint. 9/7/2022 Ltr. E. Hochstadt to S. Musser at 3. The FTC has already provided the methodology it employed for purposes of its preliminary analysis of market definition in support of its Motion for a Temporary Restraining Order. Plaintiff's Responses and Objections to Interrogatories No. 2-5 and Plaintiff's Responses and Objections to Interrogatory 7. Defendants have cited to FTC v. Meta Platforms, Inc., No. 20-3590 (JEB), Dkt. No. 165 (D.D.C. Aug. 1, 2022), to argue that Defendants are entitled to obtain, prior to fact and expert discovery, the methodology that the FTC ultimately intends to employ to define the relevant antitrust markets at trial. The court in that case, however, did not order the FTC | | | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | to provide its methodology, but rather instructed the FTC to indicate whether it contended that certain activities identified by Meta were a part of the relevant market. Here, the FTC has already identified the applications that, based upon the FTC's preliminary analysis in support of its Motion for a Temporary Restraining Order, are in the relevant markets alleged in the Complaint. Plaintiff's Responses and Objections to Interrogatory No. 5. To the extent that Defendants seek additional information beyond that which the FTC has already provided Defendants' request calls for the disclosure of privileged work product. The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). | | | |
| 4 | Identify the basis for, underlying evidence, precise contours, specific criteria for inclusion or exclusion, and methodology used to derive the alleged relevant markets presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for | The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule. | Defendants do not believe a limitation to this Interrogatory is appropriate and request the FTC fully comply with this Interrogatory.  The information provided by the FTC fails to set forth the facts to exclude many applications expressly from the definition of the alleged markets and to show why numerous applications (which share similar characteristics to many of the applications outlined in the FTC's response to Interrogatory No. 5) have been removed from one or both of the alleged markets. | The FTC has already fully complied with this interrogatory by providing information regarding the underlying facts supporting its market definition analysis, including: (1) a list of a competitors in the relevant markets; (2) references to Meta's own documents describing the same markets as alleged in the Complaint; and (3) all data supporting Ms. Snyder's declaration attached to the FTC's Emergency Motion for a Temporary Restraining Order.  Moreover, the Complaint itself (coupled | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | Temporary Restraining Order. | The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed.<br><br>The FTC also objects to the extent that this Interrogatory impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).<br><br>The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).<br><br>The FTC also objects to this Interrogatory as vague and ambiguous regarding the "markets" to which it refers.<br><br>Subject to and without waiving the General Objections set forth above and objections incorporated herein, the FTC responds that the criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint and pages 10-13 of Plaintiff's Motion for a Temporary Restraining Order. The FTC further responds that it will produce backup data for the Declaration of Jennifer Snyder accompanying | The FTC fails to justify its blanket and unsupported assertion of privilege and why the privilege assertion overcomes the Defendants' substantial need for the information in this expedited proceeding. | with the TRO motion) provides information regarding the FTC's methodology for defining the relevant markets.<br><br>The FTC has provided all fact supporting its relevant market definitions to date.  To the extent that Defendants seek additional information beyond that which the FTC has already provided, such as the FTC attorneys' analysis, conclusions, opinions, mental impressions, and legal strategies, or the analysis of the FTC's expert(s), that information would be privileged work product or premature expert analysis. | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| | | Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration. The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).<br><br>**Supplemental Response**<br>In the parties' September 2, 2022 meet and confer and in Defendants' September 7, 2022 letter, Defendants asked for further information regarding "the specific criteria and methodology the FTC used to derive the alleged relevant markets presented in the Complaint." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. The scope and definition of the alleged relevant markets are the subject of ongoing fact and expert discovery. Nevertheless, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 4 as follows: The criteria for determining whether an application is in the relevant antitrust markets are set forth in detail as part of the allegations contained in paragraphs 37-58 of the Complaint and pages 10-13 of Plaintiff's Motion for a Temporary Restraining Order. Those sources set forth reasonable criteria for inclusion and exclusion of applications from the relevant markets. They note that there are functional, practical, technological, and price differences as compared to non-VR at-home smart fitness solutions and other non-VR at-home exercise products, including that there is a unique immersive experience of VR technology (Compl. ¶ 46), features of tracking, adjustment, and feedback in a VR | | | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | environment enabled by VR equipment (Compl. ¶ 46), and substantial price differences typically reflected in much higher up-front costs for other at-home smart fitness devices (Compl. ¶ 47); that Meta internally recognizes VR dedicated fitness apps as a distinct category within "Fitness Overall," distinguishable from both incidental fitness apps and other VR app categories like "games," "social," or "media" (Compl. ¶ 39; see also META-E-2R-04595365); and that VR dedicated fitness apps have distinct functionalities, such as workouts designed by trainers or fitness experts, designed to maximize physical exertion and movement for the purpose of exercise, and classes or other active coaching features. (Compl. ¶ 40). <br><br> The FTC further responds that Meta itself, in the ordinary course of business, classifies VR applications as deliberate or dedicated fitness apps and incidental fitness apps. See, e.g., META-E-2R-01341336 ("While incidental fitness apps (Beat Saber) are much more popular than deliberate fitness apps (Supernatural), their growth is slowing."); META-E-2R-04577680 (discussing option to "extend Beat Saber brand into deliberate fitness"). Meta has also made public statements identifying VR "dedicated fitness" applications and other VR fitness applications. See https://www.oculus.com/blog/exercise-by-accident-vr-games-to-help-you-work-out-at-home/. <br><br> The FTC further responds that it has produced backup data and materials for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration. See | | | |

13

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Responses and Objections to Interrogatories No. 5 and 7, which are incorporated by reference herein.<br><br>Defendants' September 7, 2022 letter also asked for the FTC's "methodology" for defining the relevant markets alleged in the Complaint. 9/7/2022 Ltr. E. Hochstadt to S. Musser at 3. The FTC has already provided the methodology it employed for purposes of its preliminary analysis of market definition in support of its Motion for a Temporary Restraining Order. Plaintiff's Responses and Objections to Interrogatories No. 2-5 and Plaintiff's Responses and Objections to Interrogatory 7. Defendants have cited to FTC v. Meta Platforms, Inc., No. 20-3590 (JEB), Dkt. No. 165 (D.D.C. Aug. 1, 2022), to argue that Defendants are entitled to obtain, prior to fact and expert discovery, the methodology that the FTC ultimately intends to employ to define the relevant antitrust markets at trial. The court in that case, however, did not order the FTC to provide its methodology, but rather instructed the FTC to indicate whether it contended that certain activities identified by Meta were a part of the relevant market. Here, the FTC has already identified the applications that, based upon the FTC's preliminary analysis in support of its Motion for a Temporary Restraining Order, are in the relevant markets alleged in the Complaint. Plaintiff's Responses and Objections to Interrogatory No. 5. To the extent that Defendants seek additional information beyond that which the FTC has already provided Defendants' request calls for the disclosure of privileged work product. The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for | | | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| | | expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). | | | |
| 5 | Identify all applications or products included in the "VR dedicated fitness applications" and "VR fitness applications" markets identified in Your Complaint, as well as all anticipated or potential entrants into each relevant market, including the anticipated month and year for each such anticipated or potential entry. | The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.<br><br>The FTC also objects to this Interrogatory to the extent that it requests information that is not in the FTC's possession, custody, or control. The FTC further objects to this Request to the extent it seeks discovery of publicly available information that are already available to Defendants or information originally produced by Defendants, on the grounds that such information is equally available to Defendants.<br><br>The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to | Defendants do not believe a limitation to this Interrogatory is appropriate and request the FTC fully comply with this Interrogatory.  The FTC identifies the applications included in its preliminary market concentration analysis, but this is not the same as identifying all applications in each of the markets, regardless of whether applications are, or are not, included in the FTC's preliminary market analysis. | The FTC has already fully complied with this interrogatory by (1) identifying the applications within the two relevant markets alleged in the Complaint (*i.e.*, the VR Dedicated Fitness App and the VR Fitness App markets); (2) identifying two applications that recently entered the VR Dedicated Fitness App market; and (3) representing that "the FTC is unaware of any additional recent or potential entrants to either the VR Dedicated Fitness App market or the VR Fitness App market."  *See* FTC Resp. to Interrogatory Nos. 2, 5.<br><br>As explained in the parties' joint statement, the FTC has no further information to provide at this time. | |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
|  |  | produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). The FTC objects to this Interrogatory's instruction to identify "all applications or products" as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery. *Plaintiffs provided a list of the apps they include in each of the markets for market share calculation purposes.* The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). **Supplemental Response** In the parties' September 2, 2022 meet and confer and in Defendants' September 7, 2022 letter, Defendants requested that the FTC supplement its response to |  |  |  |

| Rog No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | "identify any anticipated or potential entrants into each alleged relevant market, including the anticipated timing for any such potential entry into the market." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. Pursuant to that request, subject to and without waiving the General Objections set forth above and objections incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 5 to identify two recent entrants to the VR Dedicated Fitness App market, as alleged in the Complaint. It is the FTC's understanding, based on discovery to date and public information, that Les Mills' Body Combat VR and Liteboxer VR both entered the VR Dedicated Fitness App market in 2022. The FTC is unaware of any additional recent or potential entrants to either the VR Dedicated Fitness App market or the VR Fitness App market.<br><br>The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will provide further analysis regarding its market definition in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). | | | |

**Federal Trade Commission v. Meta Platforms, Inc., et al., 5:22-cv-04325-EJD**
**Exhibit 2 – Joint Discovery Chart re Defendants' First Set of Interrogatories and Document Requests to Plaintiff**

| RFP No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 2 | All Documents Concerning Your past, present, or future contact, or considered or contemplated contact, with any non-parties or any other Persons Related to the Merger and/or Your investigation of the Merger, including Documents Related to telephone conferences, in-person conferences, meetings, interviews, or correspondence with actual or potential customers or competitors of the Defendants, or any other Persons, in connection with the Merger or Extended Reality industry. | The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "past, present, or future contact, or considered or contemplated contact" and "other Persons Related to the Merger" are vague, ambiguous, overly broad, and unduly burdensome. The FTC further objects to the extent this Request seeks information regarding the "Extended Reality industry" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to any defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter.<br><br>The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. | Defendants will agree to limit this request to asking the FTC to explain the factual information that third parties told the FTC prior to the filing of the Complaint, including whether any such third parties oppose the Merger or have expressed concern that the Merger would reduce competition in the alleged relevant markets.<br><br>Defendants will agree to accept a factual summary in lieu of requiring the FTC to produce its notes or summaries in full or redacted form. The FTC's productions of scheduling and non-substantive emails exchanged with non-parties are not sufficient to meet Defendants' request. The FTC fails to justify its blanket and unsupported assertion of privilege and why the privilege assertion overcomes the Defendants' substantial need for the information in this expedited proceeding. | The FTC has already substantially compromised on this issue by providing Defendants with (1) all written correspondence between the FTC and third parties, which the FTC produced to Defendants nearly two weeks before Defendants even propounded any discovery requests, as well as (2) a list of names and specific contact information for every third party with whom the FTC communicated during the investigation, which was not required by the terms of Interrogatory No. 1, but which the FTC nonetheless compiled and produced. Any further compromise on this issue would necessarily require the FTC to waive the protections of the work-product doctrine and deliberative process privilege.<br><br>Defendants have failed to articulate any substantial need for this information. Moreover, to the extent this Court orders the FTC to | |

| RFP No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking. | Plaintiff must respond promptly or within three business days following a Court order. | provide this information, the FTC will need at least 7 calendar days to do so because of its obligation to provide third parties notice and an opportunity to seek an appropriate protective order prior to disclosure of any confidential information. | |
| 3 | All Documents Related to the FTC's past, present, or future communications with any non-parties or any other Persons in connection with the Merger, Complaint, or Extended Reality industry, including, but not limited to, notes, summaries, transcripts, or records of interviews or discussions with any such non-parties or other Persons. | The FTC incorporates by reference its General Objections. The FTC objects to the Request to the extent it contains the phrases, including but not limited to "All Documents Related to," "past, present, or future communications," "with any nonparties or any other Persons," "in connection with the Merger, Complaint or Extended Reality industry," which are vague, ambiguous, overly broad, and unduly burdensome. The FTC further objects to the Request for "all Documents Related to the FTC's past, present, or future communications" and "in connection with the Merger, Complaint, or Extended Reality industry" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not proportional to the needs of this case.

The FTC further objects to the extent this Request seeks information regarding the "Extended Reality industry" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter. | Defendants will agree to limit this request to asking the FTC to explain the factual information that third parties told the FTC prior to the filing of the Complaint, including whether any such third parties oppose the Merger or have expressed concern that the Merger would reduce competition in the alleged relevant markets.

Defendants will agree to accept a factual summary in lieu of requiring the FTC to produce its notes or summaries in full or redacted form. The FTC's productions of scheduling and non-substantive emails exchanged with non-parties are not sufficient. The FTC fails to justify its blanket and unsupported assertion of | The FTC has already substantially compromised on this issue by providing Defendants with (1) all written correspondence between the FTC and third parties, which the FTC produced to Defendants nearly two weeks before Defendants even propounded any discovery requests, as well as (2) a list of names and specific contact information for every third party with whom the FTC communicated during the investigation, which was not required by the terms of Interrogatory No. 1, but which the FTC nonetheless compiled and produced. Any further compromise on this issue would necessarily require the FTC to waive the protections of the work-product doctrine | |

| RFP No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---------|------------------|----------------|----------------------|----------------|------------------|
| | | The FTC objects to the extent this Request seeks materials such as interview notes or summaries which are protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.<br><br>The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.<br><br>Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking. | privilege and why the privilege assertion overcomes the Defendants' substantial need for the information in this expedited proceeding.<br><br>Plaintiff must respond promptly or within three business days following a Court order. | and deliberative process privilege.<br><br>Defendants have failed to articulate any substantial need for this information. Moreover, to the extent this Court orders the FTC to provide this information, the FTC will need at least 7 calendar days to do so because of its obligation to provide third parties notice and an opportunity to seek an appropriate protective order prior to disclosure of any confidential information. | |