MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
Attorneys for Defendant META PLATFORMS, INC.

ABBY L. DENNIS (DC Bar No. 994476)
adennis@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2381
Attorneys for Plaintiffs

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
4085 Campbell Avenue, Suite 200
Menlo Park, CA 94025
Telephone: (650) 463-4000
Attorneys for Defendant WITHIN UNLIMITED, INC.
(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING REMOTE DEPOSITIONS**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

### A. PURPOSE

Plaintiff Federal Trade Commission ("Plaintiff") and Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively, the "Parties"), have agreed that the terms of this Remote Deposition Protocol shall apply to all remote fact (both party and non-party) and expert depositions in the above-captioned action.

### B. SCOPE

1. The general procedures and protocols outlined herein govern any depositions that will be conducted remotely by agreement of the Parties in the above-captioned matter, whether party, non-party, or expert.

2. As used in this Protocol, the terms "remote" and "remotely" refer to a deposition in which one or more Deposition Participants are not in the same physical location as all other Deposition Participants, requiring the use of videoconferencing technology.

3. As used in this Protocol, the term "Deposition Participants" means one or more of Plaintiff's counsel, one or more of Defendants' counsel, the witness, the witness's counsel (if not represented by Plaintiff's or Defendants' counsel), the court reporter, the videographer, client representatives, and any other participant agreed upon in advance of the deposition by the Parties.

4. As used in this Protocol, the term "Deposing Party" means the legal counsel of the party or parties noticing a deposition pursuant to this Protocol.

5. As used in this Protocol, the term "Deposed Party" means the legal counsel of the party, parties, expert, non-party, or non-parties being deposed pursuant to the Protocol.

### C. DEPOSITION TECHNOLOGY

1. The Deposing Party is responsible for retaining, and covering the cost of, the court reporter, videographer, and any other vendor retained to assist with the deposition and needed to comply with the terms of this Protocol. For any third-party depositions where both Plaintiff and Defendant(s) have noticed the third-party deposition, the Parties will meet and confer regarding which vendor(s) to use and how to appropriately allocate the costs for the deposition.

2. The court reporter will make a real-time live feed of the deposition transcript available to all Deposition Participants other than the witness, who is not permitted to use a real-time live feed,

1  with each party bearing its own costs for its use of any real-time live feed.  The location of the
2  deposition will be recorded on the hearing transcript as the location of the witness.  The court reporter
3  will participate in the deposition remotely and will not be physically present in the same room as the
4  witness.

5        3. All Deposition Participants will use secure, end-to-end encryption videoconferencing.
6  Audio dial-in will be available for Deposition Participants unable to participate via videoconferencing,
7  provided that the witness, the attorney taking the deposition, and the attorney defending the deposition
8  must participate with their video switched on.  Virtual break-out rooms that the Parties may utilize
9  during breaks will also be made available to the Deposition Participants, provided that the vendor
10 providing the videoconferencing services can provide them at no extra cost.

11       4. The secure videoconferencing platform will be hosted by the court reporting service.
12 Hosting and co-hosting privileges will not be given to the other Deposition Participants.

13       5. The Deposed Party will provide the Deposing Party with email addresses for the
14 witness and participating counsel for the Deposed Party at least two (2) business days prior to the date
15 on which the deposition is scheduled.  The Deposing Party will instruct the court reporting service to
16 contact the Deposition Participants in advance of the deposition, and provide the secure
17 videoconferencing login information and audio dial-in.  Only registered Deposition Participants will be
18 permitted to enter the secure videoconference, which will require a unique code comprised of
19 alphanumeric characters.  The Deposed Party will promptly notify the Deposing Party of any revisions
20 to the participating counsel list.

21       6. Deposition Participants are responsible for ensuring that they have the proper hardware,
22 software, and other equipment to participate in the deposition.

23       7. Participating counsel and the witness may participate in a scheduled technology "test
24 run" on the business day prior to each scheduled deposition (or at a mutually agreed upon date prior to
25 the deposition) to ensure that the videoconferencing software functions properly.  Participating counsel
26 will notify the Deposing Party of any technological issues that arise during the test run so that they can
27 be remedied in advance of the deposition.
28

8. The only recording of the deposition, whether audio or visual, will be through the court reporting service, and the Parties will instruct the court reporter to record only when the deposition is on the record. The court reporter will disable any "record" function in the secure videoconferencing platform, and the Parties will not use any other means to record the deposition.

9. The witness will not have the ability to privately communicate by chat, email, text message or other means with other Deposition Participants or anyone else while the deposition is on the record.

**D.  EXHIBITS**

1. The Deposed Party shall be provided with paper exhibits for the deposition, unless the Deposed Party notifies the Deposing Party at least five (5) business days prior to the deposition that paper exhibits are not required. If the Deposed Party is provided with paper exhibits for the witness to use during the deposition, the Parties agree that the Deposing Party will also provide electronic exhibits to the Deposed Party for use during the deposition, pursuant to Section D(4)-(5) below. The Deposing Party will make a good faith effort to include all exhibits that will be used during the deposition in the electronic and/or hard copies sent to the Deposed Party.

2. For any deposition with paper exhibits, the Deposed Party shall provide to the Deposing Party the name of a local vendor it has retained and with whom the Deposing Party may work to facilitate the production of paper exhibits, with costs of such vendor being borne by the Deposed Party. The Deposing Party shall provide electronic versions of the exhibits to be used in the deposition to the local vendor no later than 12 p.m. ET two (2) business days prior to the deposition, so that the paper exhibits will be made available in a sealed box at the deposition location at least one (1) business day prior to the deposition. The sealed exhibit box shall be opened by the witness only at the deposition on the record and on video when instructed to do so by the Deposing Party. Any sealed box that contains confidential business information and/or Personal Data shall be marked as "CONTAINING CONFIDENTIAL BUSINESS INFORMATION AND/OR PERSONAL DATA, SUBJECT TO THE PROTECTIVE ORDER," or similar designation.

3. The hard copy version of the exhibits provided to the witness are courtesy copies and shall be destroyed immediately after the deposition is concluded. The official record of the deposition

will be maintained by the court reporter, and the official record copy of all exhibits will be the electronic version submitted via the technology platform during the deposition.

    4.    Any documents that may be used as exhibits during the deposition will be uploaded electronically to the court reporting service using secure and encrypted means (e.g., password protection, secure file transfer).

    5.    Electronic deposition exhibits may be transmitted to Deposition Participants via the court reporter's electronic sharing platform as exhibits are introduced.  This technology must be secure and encrypted, and enable Deposition Participants to (a) review the entire contents of the exhibit; (b) label/stamp the exhibit; (c) officially enter the document into the record; (d) turn pages, rotate and mark up the document, remove any pre-existing markups; (e) zoom in/expand the exhibit on screen; (f) grant permission to the witness for page turning and markups; and (g) review all previously marked exhibits at any time during the deposition.

    6.    The Deposed Party will not open or examine exhibits provided electronically prior to the deposition.  Such exhibits shall be opened by the witness only at the deposition on the record and on video.  Neither the witness nor their counsel will review any exhibits unless they are introduced at the deposition.  At the conclusion of the deposition, the Deposed Party will return or destroy, without reviewing, any and all unused exhibits.

    7.    If the witness annotates a paper exhibit, annotations must be shared in real time with the other Deposition Participants by showing on video each completed annotation.  Any such paper exhibit annotations shall be transmitted to the court reporting service no later than one (1) business day following the deposition.

    8.    The Parties agree that the oath swearing in the witness may be administered by the court reporter remotely and that exhibits may be entered into the record remotely.

**E.    Deposition Conduct**

    1.    The witness will not be in the same physical location as the Deposing Party, unless the deposition is noticed as an in-person deposition.

    2.    The attorney(s) defending the witness may be in the same location as the witness and is required to state on the record that he/she is in the same location as the witness.  The attorney(s)

defending the witness can be, but is not required to be, visible on the same camera along with the witness.  If the attorney(s) defending the deposition is not visible on the same camera along with the witness, the attorney(s) defending the witness is required to be visible on a different camera.

3. Each party's counsel (and counsel for the witness, if applicable) shall designate one attorney to be the primary speaker during the deposition.  The witness and anyone who is in the room with the witness (including for technical support) and the primary attorneys taking or defending the deposition will keep their camera on at all times during the deposition.  All other Deposition Participants, aside from court reporter as needed, will turn off their camera and set their audio to "mute" when the deposition is on the record.

4. The witness will not communicate with the witness's counsel or any other person by chat, email, text message, or any other means while the deposition is on the record.  When the deposition is off the record, including during breaks, the witness and the witness's counsel may communicate by any means as they would be permitted during an in-person deposition, as permitted by the Local Rules of Practice for the United States District Court for the Northern District of California.

5. With the exception of hardware necessary to view exhibits introduced during the deposition, the witness will not have before him or her any hardware, such as a mobile phone or tablet, that is not required to participate in the deposition, and will close all other windows and programs on his or her computer other than software required to participate in the deposition.

6. To the extent the witness anticipates bringing any notes or other documents to the deposition, all such notes and documents must be disclosed and electronic copies provided to all Deposition Participants, through secure means, at least one (1) business day prior to the start of the deposition.  Following such disclosure, the witness agrees to not alter in any way or annotate in any way any notes or other documents prior to the deposition.  If the witness annotates or alters any paper notes or other paper documents during the deposition, any annotation or alternation must be done in accordance with Section D(7).  The witness's notes and other documents may be entered into the record as an exhibit(s).

7. Each party reserves the right to halt the deposition due to technical issues or disruption and, after making a good faith effort to resolve the issue or disruption, continue the deposition at a later

1  date or time, subject to the requirements of the Joint Stipulated Case Management Order (Dkt. 69) and

2  the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

3     8.   The Parties agree to meet and confer in good faith regarding the start times for any

4  depositions.

5     9.   This Protocol may be modified for good cause by agreement of the Parties.

6  Dated: September 29, 2022                    Respectfully submitted,

7                                               FEDERAL TRADE COMMISSION

8                                               By:  /s/ Abby L. Dennis
                                                     ABBY L. DENNIS

9
                                                Abby L. Dennis (DC Bar No. 994476)
10                                              adennis@ftc.gov; pbayer@ftc.gov
                                                Peggy Bayer Femenella (DC Bar No. 472770)
11                                              pbayer@ftc.gov
                                                Joshua Goodman
12                                              jgoodman@ftc.gov
                                                Jeanine Balbach
13                                              jbalbach@ftc.gov
                                                James H. Weingarten (DC Bar No. 985070)
14                                              jweingarten@ftc.gov
                                                Michael Barnett (TX Bar No. 24006801)
15                                              mbarnett@ftc.gov
                                                E. Eric Elmore
16                                              eelmore@ftc.gov
                                                Justin Epner (DC Bar No. 1028431)
17                                              jepner@ftc.gov
                                                Sean D. Hughto (DC Bar No. 421224)
18                                              shughto@ftc.gov
                                                Frances Anne Johnson
19                                              fjohnson@ftc.gov
                                                Andrew Lowdon (DC Bar No. 230095)
20                                              alowdon@ftc.gov
                                                Lincoln Mayer
21                                              amayer@ftc.gov
                                                Adam Pergament
22                                              apergament@ftc.gov
                                                Kristian Rogers (MA Bar No. 675951)
23                                              krogers@ftc.gov
                                                Anthony R. Saunders (NJ Bar No. 008032001)
24                                              asaunders@ftc.gov
                                                Timothy Singer (DC Bar No. 1048769)
25                                              tsinger@ftc.gov
                                                FEDERAL TRADE COMMISSION
26                                              600 Pennsylvania Avenue, NW
                                                Washington, DC 20580
27                                              Tel: (202) 326-2381

28                                              ERIKA WODINSKY (Bar No. 091700)
                                                ewodinsky@ftc.gov

|   |   |   |
|---|---|---|
| 1 |   | 90 7th Street, Suite 14-300 |
| 2 |   | San Francisco, CA  94103 |
|   |   | Telephone:  (415) 848-5190 |
| 3 |   | Facsimile:  (415) 848-5184 |
| 4 |   | Attorneys for Plaintiffs FEDERAL TRADE COMMISSION |
| 5 | Dated: September 29, 2022 | Respectfully submitted, |
| 6 |   | WEIL, GOTSHAL & MANGES LLP |
| 7 |   | By:  /s/  Bambo Obaro |
| 8 |   | BAMBO OBARO (Bar No. 267683) |
|   |   | bambo.obaro@weil.com |
| 9 |   | WEIL, GOTSHAL & MANGES LLP |
|   |   | 201 Redwood Shores Parkway, 6th Floor |
| 10 |   | Redwood Shores, CA 94065-1134 |
|   |   | Telephone: (650) 802-3000 |
| 11 |   | Facsimile: (650) 802-3100 |
| 12 |   | MICHAEL MOISEYEV (*pro hac vice*) |
|   |   | michael.moiseyev@weil.com |
| 13 |   | CHANTALE FIEBIG (*pro hac vice*) |
|   |   | chantale.fiebig@weil.com |
| 14 |   | JEFFREY H. PERRY (*pro hac vice*) |
|   |   | jeffrey.perry@weil.com |
| 15 |   | WEIL, GOTSHAL & MANGES LLP |
|   |   | 2001 M Street, NW, Suite 600 |
| 16 |   | Washington, DC 20036 |
|   |   | Telephone: (202) 682-7000 |
| 17 |   | Facsimile: (202) 857-0940 |
| 18 |   | DIANE P. SULLIVAN (*pro hac vice*) |
|   |   | diane.sullivan@weil.com |
| 19 |   | WEIL, GOTSHAL & MANGES LLP |
|   |   | 17 Hulfish Street, Suite 201 |
| 20 |   | Princeton, NJ  08542 |
|   |   | Telephone: (609) 986-1100 |
| 21 |   | Facsimile:  (609) 986-1199 |
| 22 |   | ERIC S. HOCHSTADT (*pro hac vice*) |
|   |   | eric.hochstadt@weil.com |
| 23 |   | WEIL, GOTSHAL & MANGES LLP |
|   |   | 767 Fifth Avenue |
| 24 |   | New York, NY 10153 |
|   |   | Telephone: (212) 310-8000 |
| 25 |   | Facsimile: (212) 310-8007 |
| 26 |   | MARK C. HANSEN (*pro hac vice*) |
|   |   | mhansen@kellogghansen.com |
| 27 |   | AARON M. PANNER (*pro hac vice*) |
|   |   | apanner@kellogghansen.com |
| 28 |   | GEOFFREY M. KLINEBERG (*pro hac vice*) |

|   |   |   |
|---|---|---|
| 1 |  | gklineberg@kellogghansen.com |
| 2 |  | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C |
| 3 |  | 1615 M Street, N.W., Suite 400 |
|   |  | Washington, DC, 20036 |
| 4 |  | Telephone: (202) 326-7900 |
|   |  | Facsimile: (202) 326-7999 |
| 5 |  |  |
|   |  | Attorneys for Defendant META PLATFORMS, INC. |
| 6 |  |  |
| 7 | Dated: September 29, 2022 | Respectfully submitted, |
| 8 |  | HOGAN LOVELLS US LLP |
| 9 |  | By: /s/ Christopher J. Cox |
|   |  |      CHRISTOPHER J. COX |
| 10 |  |  |
|   |  | CHRISTOPHER J. COX (Bar No. 151650) |
| 11 |  | chris.cox@hoganlovells.com |
|   |  | HOGAN LOVELLS US LLP |
| 12 |  | 4085 Campbell Avenue, Suite 200 |
|   |  | Menlo Park, CA  94025 |
| 13 |  | Telephone:  (650) 463-4000 |
| 14 |  | LOGAN M. BREED (*pro hac vice*) |
|   |  | logan.breed@hoganlovells.com |
| 15 |  | CHARLES A. LOUGHLIN (*pro hac vice*) |
|   |  | chuck.loughlin@hoganlovells.com |
| 16 |  | LAUREN BATTAGLIA (*pro hac vice*) |
|   |  | lauren.battaglia@hoganlovells.com |
| 17 |  | HOGAN LOVELLS US LLP |
|   |  | 555 13th St. NW |
| 18 |  | Washington, DC 20004 |
|   |  | Telephone:  (202) 637-5600 |
| 19 |  | Facsimile:  (202) 637-5910 |
| 20 |  | Attorneys for Defendant WITHIN UNLIMITED, INC. |
| 21 |  |  |
| 22 |  | **ATTESTATION** |

I, Bambo Obaro, am the ECF User whose ID and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(h)(3), I attest that concurrence in this filing has been obtained from the other signatories above.

                                         /s/ Bambo Obaro
                                         BAMBO OBARO

### [PROPOSED] ORDER

*This order has been entered after consultation with the parties.*

**PURSUANT TO STIPULATION,** IT IS SO ORDERED, this _____ day of _____, 2022.

_____
Honorable Edward J. Davila
United States District Judge
Northern District of California