# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>　　　　　　　　　　　Plaintiff<br><br>v.<br><br>**META PLATFORMS, INC., et al.**<br><br>　　　　　　　　　　　Defendants. | Civil Action No. 3:22-CV-04325-EJD |

### DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Federal Rules of Civil Procedure 29 and 34, Defendants Meta Platforms, Inc., ("Meta") and Within Unlimited Inc. ("Within") request that Plaintiff Federal Trade Commission ("FTC") produce the documents described below at the offices of Chantale Fiebig, Weil, Gotshal & Manges LLP, 2001 M Street NW, Suite 600 Washington, DC, 20005, and Logan Breed, Hogan Lovells US LLP, Columbia Square, 555 Thirteenth Street NW, Washington, DC, 20001, no later than 30 days from the service of these requests, unless a shorter deadline is agreed to by the parties.[1]

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in the Requests for Production.

---

[1] Defendants serve these requests for production jointly, without prejudice to their right to submit additional requests for production either jointly or individually.

1. "6(b) Study" means a study by the Federal Trade Commission pursuant to Section 6(b) of the FTC Act.

2. "Action" means the action captioned *Federal Trade Commission, et al. v. Meta Platforms, Inc., et al.*, Case No. 3:22-CV-04325-EJD, which is currently pending in the United States District Court for the Northern District of California.

3. "Administrative Complaint" means the administrative action captioned *In the Matter of Meta Platforms, Inc., et al.*, Docket No. 9411, filed before the Federal Trade Commission on August 11, 2022.

4. "Communication" means any exchange of information between two or more Persons, through any mode of conveying information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, faxes, conversations, interviews, meetings, hearings, or other written, electronic or spoken language or graphics, however transmitted or stored.

5. "Concerning," "Related to," and "Regarding" means analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, evidencing, identifying, involving, reporting on, relating to, reflecting, referring to, regarding, studying, mentioning, or pertaining to, in whole or in part.

6. "Data" means facts, statistics, or other information of any kind, however produced or reproduced, which can be used for purposes of calculation or analysis.

7. "Document" means written or graphic material of any kind, however produced or reproduced, whether draft or final, original or reproduction, including: contracts, memoranda, brochures, pamphlets, letters, emails (including attachments, message content, and header information), faxes, diaries, financial statements, bank statements, bills, invoices, wire transfer confirmations, minutes, notes, summaries of communications, photographs, and audio or video recordings. "Document" also includes all drafts or non-identical copies, such as those bearing comments in the margin or other marks or notations not present on the original or final copy. If any "Communication" or "Data" is reduced to writing or other recordation, it is also a "Document."

8. "Extended Reality" means hardware and software components relating to delivering virtual reality, mixed reality, augmented reality, or other enhanced reality experiences to users.

9. "FTC" means the Federal Trade Commission.

10. "Merger" means the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc.

11. "<u>Meta</u>" means:

(a) Meta Platforms, Inc., its subsidiaries, affiliates, divisions, either collectively, individually, or in any subset; and

(b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, and/or affiliates.

12. "<u>Person</u>" means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether or not possessing a separate juristic existence.

13. "<u>Testimony</u>" means any sworn testimony, including, but not limited to, affidavits, declaration, depositions, or investigational hearings.

14. "<u>Within</u>" means:

(a) Within Unlimited Inc., its affiliates, divisions, either collectively, individually, or in any subset; and

(b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Within, its divisions, subsidiaries, and/or affiliates.

15. "<u>You</u>" and "<u>Your</u>" mean the FTC, its officers, Commissioners, employees, agents, representatives, affiliates, consultants, advisors, successors, or predecessors, as well as all persons acting on the FTC's behalf, and any and all persons associated with, affiliated with, or controlled by the FTC.

16. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; (c) the singular form of a word shall include the plural, and vice versa; (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope; (e) the word "any" shall include, without limitation, "each and every"; (f) the terms "all" and "each" shall be construed as "all and each"; (g) the term "including" is intended to be comprehensive and means "including, but not limited to"; and (h) the terms "between" and "among" shall be construed as "between" or "among" as necessary to bring within the scope of any request all responses and documents that might otherwise be construed to be outside its scope.

17. For the purposes of the Requests for Production, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

18.     The use of any definition for the purposes of the Requests for Production shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

## INSTRUCTIONS

1.      Furnish all responsive Documents, Data, and backup materials in Your possession, custody, or control.

2.      For each request, You are to produce entire documents including all attachments, enclosures, cover letters, memoranda and appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) shall be treated as separate documents and produced separately. Each draft of a document is a separate document. A request for a document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures or attachments to the document, in addition to the document itself.

3.      Provide all electronically stored information ("ESI") in standard, single-page Group IV TIFF format with searchable text and metadata in a Concordance or similar load file. Also, provide any spreadsheet or presentation files, including Microsoft Access, Excel, and PowerPoint files, as well as audio, audiovisual, and video files, in their native formats. Provide all hard copy documents as image files with searchable OCR text and unitize the hard copy documents to the extent possible (*i.e.*, multi-page documents shall be produced as a single document and not as several single-page documents). Hard copy documents shall be produced as they are kept, reflecting attachment relationships between documents and information about the file folders within which the document is found. Produce the metadata for any responsive ESI with the responsive Data, including the following fields: custodian, author(s), recipient(s), blind copy recipient(s), subject, file sent date/time, file creation date/time, file modification date/time, file last accessed date/time, beginning Bates, ending Bates, parent beginning Bates, attachment(s) beginning Bates, hash value, application type, file type, file name, file size, file path, and folder path. Documents produced in native format shall be accompanied by a native link field.

4.      These document requests shall not be deemed to call for identical copies of documents. "Identical" means precisely the same in all respects; for example, a document with handwritten notes or editing marks shall not be deemed identical to one without such notes or marks.  For the avoidance of doubt, all instances of documents that are otherwise "identical" must be produced if attached or enclosed to separate parent documents, pursuant to Instruction No. 2.

5.      The Documents responsive to these requests are to be produced as they were kept in the ordinary course of business and are to be labeled in such a way as to show which files and offices they came from.

6. If You assert that part of the request is objectionable, respond to the remaining parts of the request to which You do not object. For those portions of any document request to which You object, please state the reasons for such objection and describe the Documents or categories of Documents that are not being produced.

7. If any privilege is asserted in objecting to any request or sub-part thereof, and any Document is withheld (in whole or in part) on the basis of such assertion, provide a log ("Privilege Log") describing the basis for the claim of privilege and all information necessary for Defendants and the Court to assess the claim of privilege. The Privilege Log shall include the following:

(a) Specific grounds for the claim of privilege;

(b) The type of document withheld;

(c) The date of the privileged communication;

(d) The persons involved in the privileged communication;

(e) A description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and

(f) The specific request to which the privileged information is responsive.

(g) The identity of and any production Bates number assigned to any attachment(s), enclosure(s), cover letter(s), or cover email(s) of each Document, including the information outlined in subsections (a) through (g) above for each such attachment, enclosure, cover letter, or cover email.

Attachments, enclosures, cover letters, and cover emails shall be entered separately on the Privilege Log. The Privilege Log shall include the full name, title, and employer of each author, addressee, and recipient, denoting each attorney with an asterisk. Submit all non-privileged portions of any responsive Document (including non-privileged or redactable attachments, enclosures, cover letters, and cover emails) for which a claim of privilege is asserted, noting where redactions to the Document have been made.

8. These requests are continuing in nature, and You must supplement Your responses pursuant to Federal Rule of Civil Procedure 26(e). Defendants specifically reserve the right to seek supplementary responses and the additional supplementary production of Documents before trial.

## **REQUESTS FOR DOCUMENTS**

**Request No. 1:**

All Documents, Communications, and Testimony that You obtained, considered, or relied upon in connection with your investigation of the Merger, the drafting or filing of the Complaint filed in this Action on July 27, 2022, the drafting or filing of the Administrative Complaint on August 11, 2022, or your prosecution of this Action, other than Documents or Communications You received from Meta or Within.

**Request No. 2:**

All Documents Concerning Your past, present, or future contact, or considered or contemplated contact, with any non-parties or any other Persons Related to the Merger and/or Your investigation of the Merger, including Documents Related to telephone conferences, in-person conferences, meetings, interviews, or correspondence with actual or potential customers or competitors of the Defendants, or any other Persons, in connection with the Merger or Extended Reality industry.

**Request No. 3:**

All Documents Related to the FTC's past, present, or future communications with any non-parties or any other Persons in connection with the Merger, Complaint, or Extended Reality industry, including, but not limited to, notes, summaries, transcripts, or records of interviews or discussions with any such non-parties or other Persons.

**Request No. 4:**

All Documents relating to any Communications between You and any other members of the federal government, including the Executive and Legislative branches, any other governmental regulator, or former Federal Trade Commissioners or personnel in relation to Your investigation of the Merger.

**Request No. 5:**

All Documents Concerning Defendants' respective businesses, including Documents that define or otherwise analyze candidate, proposed, or alleged relevant antitrust markets, market share, and future growth projections or opportunities.

**Request No. 6:**

For the period of January 1, 2019 to present, all public and non-public Documents Concerning the Extended Reality industries (including, but not limited to, virtual, augmented, or

mixed reality fitness), as well as connected fitness, at-home fitness, and other in-person fitness products or services, including Documents that define or otherwise analyze candidate, proposed, or alleged relevant antitrust markets, market share, future growth projections or opportunities of any Extended Reality software and hardware developers, and any intergovernmental Documents such as speeches, correspondence, communications, congressional sessions, and meetings, as they Relate to the fitness and Extended Reality industries.

**Request No. 7:**

For the period of January 1, 2019 to present, All Documents Concerning proposed, actual, or contemplated transactions Related to any fitness and Extended Reality (not limited to fitness) industry.

**Request No. 8:**

All Documents Concerning the calculation of market shares or application of the Herfindahl-Hirschman Index to the Merger.

**Request No. 9:**

All Documents Concerning any growth synergies, cost synergies, or other quantitative or qualitative efficiencies or benefits that Meta[2] may be able to realize in connection with the Merger.

**Request No. 10:**

For the period of June 15, 2021 to present, all Documents and Communications in which Lina Khan has discussed Meta and/or Mark Zuckerberg.

**Request No. 11:**

All Documents and Communications that Lina Khan relied upon or considered in connection with review of the Merger, the vote to file the Complaint in this Action on July 27, 2022, or the vote to file the Administrative Complaint on August 11, 2022, other than Documents or Communications from or with Meta or Within.

**Request No. 12:**

All Documents and Communications Concerning the participation of any Commissioner in review of the Merger, the decision to authorize the Complaint, and any of the allegations

---

[2] In addition to the definition of Meta as stated in the "Definitions" section, for Requests No. 9 and No. 10, Meta should also mean Facebook and any acronyms or code names used for Meta.

contained in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order.

**Request No. 13:**

All Documents identified or reviewed in order to respond to any Interrogatory, Request for Admission, or deposition issued pursuant to Federal Rule of Civil Procedure 30(b)(6) from any Defendant in this Action.

**Request No. 14**:

All Documents created, prepared, collected, or received by You in connection with the Merger to the extent not responsive to Document Requests Nos. 1-13 set forth above, including, but not limited to, any Bureau of Economics and/or Bureau of Competition memoranda evaluating the Merger.

**Request No. 15**:

All Documents and analyses Concerning acquisitions by technology platform companies and the effects of those acquisitions on early-stage investment.

**Request No. 16**:

All Documents and analyses Concerning the FTC's 6(b) Study of acquisitions by technology platform companies in FTC Matter No. P201201.

Dated: August 16, 2022

/s/ *Bambo Obaro*
Bambo Obaro, CA Bar No. 267683
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Chantale Fiebig, DC Bar No. 487671
Chantale.Fiebig@weil.com
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
Michael R. Moiseyev (*pro hac vice*)
Michael.Moiseyev@weil.com
Telephone: (202) 682-7235
Facsimile: (202) 857-0940
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036

Eric S. Hochstadt, NY Bar No. 4222683
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark C. Hansen, DC Bar No. 425930
Geoffrey M. Klineberg
Aaron M. Panner
KELLOGG, HANSEN, TODD, FIGEL &
 FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
apanner@kellogghansen.com

*Counsel for Meta Platforms, Inc.*

Christopher J. Cox, CA Bar No. 151650
HOGAN LOVELLS US LLP
855 Main St.

Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

Lauren Battaglia, DC Bar No. 1007093
Logan M. Breed, DC Bar No. 479628
Benjamin Holt (*pro hac vice*)
Charles A. Loughlin, DC Bar No. 4482019
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.: (202) 637-5600
Facsimile No.: (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

*Counsel for Within Unlimited, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2022, a true and correct copy of the foregoing Defendant's First Set of Requests for Production of Documents to Plaintiff was served by e-mail on the following counsel:

Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Kristian Rogers
Anthony R. Saunders
Timothy Singer
pbayer@ftc.gov
jgoodman@ftc.gov
jbalbach@ftc.gov
mbarnett@ftc.gov
eelmore@ftc.gov
jepner@ftc.gov
shughto@ftc.gov
fjohnson@ftc.gov
alowdon@ftc.gov
lmayer@ftc.gov
krogers@ftc.gov
asaunders@ftc.gov
tsinger@ftc.gov

Dated: August 16, 2022

                                                          *Patricia Dresel*
                                                          Patricia Dresel