Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)
James H. Weingarten, DC Bar No. 985070

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

adennis@ftc.gov; pbayer@ftc.gov;
jgoodman@ftc.gov; jbalbach@ftc.gov;
jweingarten@ftc.gov

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC.**, et al. <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES** |

Defendants' opposition fails to respond to many of the FTC's arguments for striking certain affirmative defenses and gives scant attention to others. Defendants instead devote most of their Opposition to fulminating about the FTC Chair's alleged bias against Meta and pressing this Court to decide whether the FTC administrative proceeding is unconstitutional.[1] *See* Opp. at 4-19. But Defendants' rhetoric cannot fix defenses that are insufficiently pleaded, outside this Court's jurisdiction, and/or defective for the other reasons the FTC identified.[2]

## I. THE COURT LACKS JURISDICTION OVER DEFENDANTS' CONSTITUTIONAL CHALLENGES TO THE FTC PROCEEDING.

*Axon Enterprise, Inc. v. FTC*, 986 F. 3d 1173, 1178 (9th Cir. 2021), *cert. granted in part* 142 S. Ct. 895 (2022), held that, in enacting the FTC Act, "Congress impliedly precluded district court jurisdiction over claims of the type brought by Axon," i.e., due process and Article II challenges to FTC administrative proceedings.[3] Defendants' argument that *Axon* does not control here rests on two mistaken premises: (1) *Axon* and the doctrine of implied preclusion of jurisdiction are inapplicable because Defendants' constitutional claims are raised as affirmative defenses in *this* case that the FTC filed, *see* Opp. at 12-14; and (2) deciding whether the FTC is

---

[1] Defendants also baselessly assert that the FTC's Motion is a tactic deployed to help "hide" relevant information. *See, e.g.*, Opp. at 15. Defendants' arguments about the merits of their defenses and their characterizations of discovery are neither accurate nor germane. The FTC has not conceded ("impliedly," *id.* at 17, or otherwise) anything with respect to these defenses.

[2] Defendants concede that "courts in this district generally have" extended *Twombly*'s plausibility standard to affirmative defenses. Opp. at 9; *see also* Mot. at 4. Defendants also do not contest that additional heightened pleading standards apply to certain of the defenses. *See, e.g.*, Opp. at 23-24 (selective enforcement).

[3] Defendants assert that the Supreme Court's grant of certiorari undermines *Axon*'s authority, *see* Opp. at 3 & n. 12, but *Axon* remains binding unless and until the Supreme Court overrules it. *See generally Hart v. Massanari*, 266 F.3d 1155, 1171-72 (9th Cir. 2001).

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                         CASE NO: 5:22-CV-04325-EJD

entitled to a preliminary injunction requires assessing how an appellate court would rule on the constitutional claims Defendants have raised in the administrative proceeding. *See id.* at 11-12. The first rests on a formalistic distinction that does not matter under *Axon*. The second turns the law on its head by transforming the key factor undergirding jurisdictional preclusion—meaningful judicial review after administrative action—into the supposed basis for this Court's jurisdiction and also misunderstands the limited nature of this Section 13(b) preliminary injunction proceeding and Ninth Circuit precedent.

Defendants also fail to cite any case in which a district court hearing an FTC request for a preliminary injunction in aid of a pending administrative proceeding entertained the type of constitutional challenges Defendants raise here (or any case supporting Defendants' efforts to obtain fact discovery into an adjudicator's thought processes before the adjudication even occurs). By contrast, the FTC cited (and Defendants ignored) a Ninth Circuit case denying counter-discovery in support of constitutional defenses to a suit the FTC initiated in support of its administrative proceedings. *See United States v. Litton Indus., Inc.*, 462 F.2d 14 (9th Cir. 1972) (quoted in Mot. at 12).

Finally, Defendants introducing new material outside of the pleadings cannot save the constitutional defenses that are insufficiently pleaded under *Twombly*.

### A. Defendants' Asserted Distinction Between Constitutional Affirmative Defenses and Constitutional Claims Does Not Make a Difference Here.

The Ninth Circuit's holding in *Axon* controls regardless of the distinction between claims and affirmative defenses that Defendants assert.

First, *Axon*'s holding and reasoning do not depend on Axon having been the plaintiff or its constitutional challenges having been "claims" rather than "defenses." *Axon* held that the district court lacked jurisdiction over the same type of claims—due process and Article II constitutional challenges—that Defendants raise here. 986 F.3d at 1180-81. Defendants attempt to distinguish *Axon* on the grounds that Axon brought its constitutional claims in a separate suit that was collateral to the administrative proceeding, while Defendants assert their constitutional

1  claims as defenses "in this case" where the FTC is Plaintiff. *See* Opp. at 13-14. But *Axon*'s
2  reasoning does not depend on such formalisms. Defendants' argument that the FTC as Plaintiff
3  "chose to . . . invoke this Court's jurisdiction," *id*. at 13, rings especially hollow because the FTC
4  only brought this case to secure a preliminary injunction in aid of the administrative proceeding.

5       *Axon*'s holding rested on a two-step inquiry that Defendants do not address and that does
6  not rely on Defendants' distinction between claims and defenses. As an initial step, the court
7  determined that Congress's intent to preclude jurisdiction was "fairly discernible" in the statutory
8  scheme of the FTC Act. 986 F.3d at 1180. Defendants do not (and cannot) contest the
9  applicability of this holding here. The court then applied the so-called *Thunder Basin* factors
10 (availability of meaningful judicial review, whether the claim is wholly collateral to the agency
11 proceeding, and whether the FTC has agency expertise to resolve the claims) and held Axon's
12 due process and Article II "claims are of the type meant to be reviewed within the FTC Act's
13 statutory scheme." *Id*. at 1180. None of these factors depend on any purported distinction
14 between claims and defenses. *See id*. at 1181-87; *see also* Mot. at 11-15 (applying factors).

15      Second, the only reason this case is postured with FTC as Plaintiff is because the FTC is
16 seeking preliminary relief in aid of its administrative proceeding. That posture cuts against
17 finding jurisdiction in district court outside of the administrative scheme.  The FTC filed this
18 case pursuant to FTC Act § 13(b), 15 U.S.C. § 53(b), for preliminary injunctive relief in aid of
19 the administrative proceeding. *See* Compl. (Dkt. No. 1) at 2 & ¶¶ 137, 142. By statute, because
20 the FTC has not sought a permanent injunction from this Court, this preliminary injunction case
21 cannot proceed on its own and must be tied to an administrative proceeding. *See* 15 U.S.C.
22 §53(b) (FTC must begin administrative proceeding within twenty days of seeking a preliminary
23 injunction in aid of such a proceeding). When the FTC is evaluating a merger in a pending
24 administrative proceeding, "[t]he only purpose of a proceeding in federal court under § 13(b) of
25 the Act is to obtain a preliminary injunction and preserve the status quo until the FTC can
26 perform its adjudicatory function." *FTC v. Hackensack Meridian Health, Inc.*, 30 F.4th 160, 165
27 n.2 (3d Cir. 2022) (citation omitted). Indeed, if Defendants had agreed not to consummate their
28

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                                        CASE NO: 5:22-CV-04325-EJD

merger while the FTC administrative proceeding was pending, then the FTC likely would not have filed this action in the first place. *Cf.* Joint Stip. & Order re: Temporary Restraining Order (Dkt. No. 56) (stipulating not to consummate the acquisition until after December 31, 2022, or the first business day after this Court rules on the FTC's request for a preliminary injunction, whichever is earlier).

### B. Defendants' Argument That Appellate Review of FTC Administrative Orders Requires This Court to Decide Their Constitutional Challenges Is Incorrect.

Defendants argue that this Court has jurisdiction over the constitutional challenges to the FTC administrative proceeding because there will be appellate review of their constitutional arguments should the FTC enter an order barring the Acquisition. *See* Opp. 12. Therefore, according to Defendants, this Court should decide the constitutional challenges now as part of assessing the FTC's likelihood of success on the merits and balancing the equities. This argument turns binding precedent on its head. First, the availability of meaningful judicial review after an agency decision is actually the key factor precluding district court jurisdiction. Second, Defendants mischaracterize the scope of the Court's inquiry here, which is limited to determining if the FTC has raised antitrust questions substantial enough to maintain the status quo while the adjudication of those claims proceeds per the statutory scheme.

#### 1. The Availability of Appellate Review of FTC Orders Undercuts Defendants' Due Process Arguments.

Defendants argue that this Court must entertain their constitutional challenges because those challenges would be raised in any appeal from an FTC order barring the acquisition. *See* Opp. at 1, 3, 11-12. But the Ninth Circuit and other circuits "agree . . . that under Supreme Court precedent the presence of meaningful judicial review is enough to find that Congress precluded district court jurisdiction." *Axon*, 986 F.3d at 1187. The FTC Act provides for such review. *Id.* at 1181-85. Defendants, like Axon, have "no right to avoid the administrative proceeding itself," because even if the administrative process allegedly harms them, "that harm can still be ultimately remedied by a federal court of appeals, even if it is not [Defendants'] preferred

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                                    CASE NO: 5:22-CV-04325-EJD
4

remedy of avoiding the agency process altogether." *Id*. at 1182.

Likewise, the availability of appellate review undercuts Defendants' repeated assertions that they have a due process "right to raise all applicable defenses" here and now. Opp. at 13. As *Axon* explained, "The big takeaway from *Thunder Basin* is that an administrative review scheme can preclude district court jurisdiction, *despite the possibility that the administrative process cannot address or remedy the alleged constitutional harm until a federal court of appeals reviews the case.*" *Axon*, 986 F.3d at 1179 (emphasis added). Defendants have raised these same defenses in the administrative proceeding, and any adverse decisions would be grist for a subsequent appeal.

### 2. Defendants Misunderstand the Limited Nature of This Court's Review in Deciding Whether to Grant Preliminary Relief.

According to Defendants, this Court's assessment of the FTC's likelihood of success on the merits requires the Court to guess about how various potential appellate courts might decide constitutional issues that Defendants have raised in the administrative proceeding. *See* Opp. at 11-12 (asserting "the Complaint [is] void *ab initio* under governing law in multiple circuits"); *id*. at 19-20 (Article II defense goes to supposedly brewing Supreme Court cases). To the contrary, the inquiry here is a limited one focused on whether there are serious questions going to the antitrust merits of the FTC's case.[4]

Demonstrating likelihood of success in a § 13(b) action means raising sufficient *antitrust*

---

[4] As for the weighing of equities, Defendants are incorrect both for the reasons the FTC explained with respect to "unclean hands" and equitable estoppel, *see* Mot. at 15-18, and because any alleged harms to Meta's private equites are simply insufficient in a § 13(b) case. In weighing the equities under § 13(b), "public equities receive far greater weight"; indeed, if the Commission has shown a likelihood of success, "a counter showing of private equities alone does not justify denial of a preliminary injunction." *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1165 (9th Cir. 1984).

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                                    CASE NO: 5:22-CV-04325-EJD
5

concerns to warrant preserving the status quo by pausing the planned merger in aid of the administrative process. The FTC shows a sufficient likelihood of success if it raises "questions going to the merits so serious, substantial, difficult, and doubtful as to make them fair ground for thorough . . . deliberation and determination by the FTC in the first instance and ultimately by the Court of Appeals." *Warner Commc'ns*, 742 F.3d at 1162; *accord, e.g.*, *FTC v. Whole Foods Market Inc.*, 548 F.3d 1028, 1035 (D.C. Cir. 2008) ("[I]n a § 53(b) preliminary injunction proceeding, a court is not authorized to determine whether the antitrust laws are about to be violated. That responsibility lies with the FTC." (quotation marks and citations omitted)). Defendants argue that the reference in *Warner Communications* to "determination by the FTC in the first instance and ultimately by the Court of Appeals" means that all appellate issues are imported into the requirement of showing a likelihood of success on the merits, Opp. at 11, but that is a tendentious reading. The *Warner* court was simply referring to the FTC Act's administrative scheme. *See* 15 U.S.C. § 45(c) (providing for review of Commission orders by courts of appeal). Indeed, the *Warner* court was explicit that its "task"—and the task of the district court—in evaluating "the merits" was to "make only a preliminary assessment of *the merger's impact on competition*." 742 F.2d at 1162 (emphasis added). That is the same inquiry that should govern this case.

### C. Defendants Cite No Case in Which a Court Has Exercised Jurisdiction in the Circumstances Present Here, and Ignore Contrary Ninth Circuit Precedent.

Defendants fail to cite any case in which a district court hearing an FTC request for a preliminary injunction in aid of a pending administrative proceeding entertained the type of constitutional challenges Defendants raise here. By contrast, the FTC cited (and Defendants ignored) a Ninth Circuit case holding that a defendant in a district court case that the government filed in aid of FTC proceedings could not have discovery in that court regarding constitutional challenges (including alleged adjudicator bias) to the administrative proceeding. *Litton Indus.*, 462 F.2d at 17 (quoted in Mot. at 12).

None of the cases Defendants cite support their arguments that this Court can hear their

constitutional claims or order discovery into an adjudicator's "non-public communications," Opp. at 7, and a "trial" about those communications, Opp. 15, before the adjudication even occurs. Defendants cite *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (cited in Opp. at 13, 20), for their argument that they are entitled to raise all defenses here, but that case (1) was a constitutional challenge to a state statutory scheme for resolving landlord-tenant cases; (2) stated only that "[d]ue process requires that there be an *opportunity* to present every available defense"; and (3) held that the statute at issue satisfied due process. *Id*. at 65-67 (emphasis added). *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 797 (8th Cir. 2013) (quoted in Opp. at 13), reminds that affirmative defenses can be waived if not made "in a timely fashion *before the original decisionmaker*," i.e., the agency, and held that RELCO had waived its challenge to the NLRB's composition "because it did not raise the issue before the Board." *Id*. at 796, 798 (emphasis added). *FTC v. Golden Empire Mortgage, Inc.*, 2009 WL 4798874 (C.D. Cal. Dec. 10, 2009) (cited in Opp. at 13), was an FTC enforcement action filed directly in district court, and there was no underlying administrative proceeding. Likewise, Defendants should not be surprised that in *FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34 (D.D.C. 2022), the FTC "did not argue that *Axon* deprived the court of jurisdiction," Opp. at 13 n.10, because that case also is a direct enforcement action in district court with no underlying administrative proceeding.

      By contrast, Defendants ignore the Ninth Circuit's *Litton* case, the facts and reasoning of which are instructive, even though *Litton* predates *Thunder Basin* and its progeny. Litton had refused to comply with an FTC order to provide documents. *Litton Indus.*, 462 F.2d at 15-16. Litton resisted in the FTC's administrative court, and the FTC moved, through the Department of Justice, to enforce its order in district court. *Id*. (citing 15 U.S.C. § 49). In district court, Litton argued that the FTC's administrative process orders were "not within the FTC's constitutional scope of authority," such that they violated the Due Process Clause, and that it was entitled to discovery to substantiate allegations that the FTC's conduct was unconstitutional, including discovery into the alleged bias of an FTC Commissioner. *Id*. at 16. While Litton was permitted to argue in a § 49 court proceeding that the FTC's orders exceeded its authority, the Ninth Circuit

held that Litton was "not entitled to engage in counter-discovery to find grounds for resisting the [FTC] order" for documents. *Id*. at 17. The court rested its decision in part on the fact that Litton could appeal from the FTC administrative proceedings: "Due process will be served at the adjudication's conclusion if Litton appeals from an adverse FTC order. At such time, Litton will have available a complete factual record upon which to base its claims that individual commissioners were prejudiced." *Id*. at 17-18 (citing 15 U.S.C. § 21). So too here.

### D. Defendants Fail to Show That Their Barebones Due Process Clause and Article II Affirmative Defenses Are Sufficiently Pleaded.

Certain of Defendants' constitutional affirmative defenses fail for an additional reason: they are barebones assertions, untied to any allegations and insufficient under *Twombly*, that the FTC administrative proceeding violates the Due Process Clause and Article II. *See* Mot. at 10 (discussing Meta Answer (Dkt. No. 85) at 16 (Seventeenth Affirmative Defense); *id*. at 17 (Twenty-First Affirmative Defense); Within Answer (Dkt. No. 83) at 12-13 (Seventeenth Affirmative Defense); *id*. at 13 (Nineteenth Affirmative Defense)). First, to the extent Defendants attempt to bolster these (or any other) defenses by introducing new assertions and documents in their Opposition, such material should not be considered. "A ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings." *J&J Sports Prods., Inc. v. Jimenez*, 2010 WL 5173717, at *2 (S.D. Cal. Dec. 15, 2010) (citing *Kelly v. Kosuga*, 358 U.S. 516, 516 (1959) (in considering a motion to strike a defense, "the facts underlying it must be taken to be those set up in the . . . answer")).[5] Introducing new allegations and materials is particularly improper given Defendants expressly declined to propose any amendments to their Answer. *See* Opp. at 24 n.20. Second, Defendants grasp at straws when they argue that Meta's "petitions, briefs, and administrative motions" in other fora constitute "written

---

[5] The pleadings here in fact *undercut* Meta's accusations of Chair Khan's bias. In its answer, Meta admitted the allegations in the FTC's complaint that Meta had acquired several other studios, some of them during Chair Khan's tenure. Dkt. 85 at ¶ 34.

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                                        CASE NO: 5:22-CV-04325-EJD
8

1  stipulations" that "in a sense, are 'within' the pleadings" here. Opp. at 16 n.14; *see also* Mot. at 6

2  n.2 (citing authority disallowing similar argument). The same is true of Defendants' argument

3  that "there is no secret" about the basis for their Article II defense by pointing to Supreme Court

4  dicta and other cases the FTC is litigating. *See* Opp. at 19. These defenses remain unsalvageable

5  under *Twombly* and should be stricken for that additional reason.

6  **II.   DEFENDANTS FAILED TO MAKE THE SHOWING REQUIRED TO**

7  **MAINTAIN THEIR SELECTIVE ENFORCEMENT DEFENSE.**

8  Defendants devote just two paragraphs to their "selective enforcement" defense. *See* Opp.

9  at 23-24. Their cursory attempt to save this defense fails.

10  *First*, Defendants' argument that their pleading of selective enforcement satisfies

11  *Twombly* is meritless. Defendants argue that the "Court must accept Defendants' allegations as

12  true," Opp. at 23, but "the requirement that the court 'accept as true' all allegations in the

13  complaint is 'inapplicable to legal conclusions.'" *Neo4j, Inc. v. PureThink, LLC*, 480 F. Supp. 3d

14  1071, 1075 (N.D. Cal. Aug. 20, 2020) (Davila, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679

15  (2009)). Defendants' assertion that the Court "need not accept without the benefit of discovery

16  the [FTC's] assertion that there are not similarly situated companies," Opp. at 23, is nonsensical.

17  Defendants have lodged an affirmative defense; the Defendants' (not the FTC's) "allegations" in

18  pleading that defense are being assessed now; and pleading requirements must be satisfied

19  "*before* the discovery stage, not after it." *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir.

20  2014) (quoted in Mot. at 4).

21  *Second*, Defendants concede that the heightened pleading standard of either *United States*

22  *v. Armstrong*, 517 U.S. 456 (1996), or *United States v. Sellers*, 906 F.3d 848 (9th Cir. 2018),

23  applies while failing to engage with any of the FTC's arguments as to why their defense should

24  be stricken with prejudice. *See* Opp. at 23-24. Defendants do not rebut the FTC's argument that

25  their defense is one of "selective prosecution" to which *Armstrong*'s "rigorous standard" applies.

26  *See* Mot. at 8. Defendants do not contest that *Armstrong*'s "rigorous standard" required

27  Defendants to "produce some evidence that similarly situated defendants . . . could have been

28

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                                   CASE NO: 5:22-CV-04325-EJD

prosecuted, but were not." *Armstrong*, 517 U.S. at 469 (quoted in Mot. at 7). Defendants do not even address *United States v. AT&T Inc.*, 290 F. Supp. 3d 1 (D.D.C. 2018), which is the only case to consider this defense in a government civil antitrust case. *See* Mot. at 8-9. Instead of offering evidence (or any factual showing) *now*, Defendants claim that they will "demonstrate at trial that the FTC cleared other similar transactions . . . and that the challenge in this case was driven by Chair Khan's anti-Meta bias rather than an Agency policy of treating like cases alike." Opp. at 23. But that is directly contrary to *Armstrong*'s and *Sellers*'s holdings that defendants must meet a heightened pleading standard before discovery may even be had on this defense.

### III.  DEFENDANTS FAILED TO PLEAD UNCLEAN HANDS AND ESTOPPEL

Defendants pleaded one-sentence, conclusory defenses of unclean hands and equitable estoppel. They argue that the FTC complains "that Defendants did not recite each element of the defenses and support them with sufficient factual allegations." Opp. at 21. But that is what the pleading standards require. *See Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, *2 (N.D. Cal. Mar. 30, 2020) (Davila, J.); *Neo4j*, 480 F. Supp. 3d at 1075. Moreover, Defendants' argument that the defenses cannot be stricken before discovery is taken and evidence presented to the Court is wrong because insufficient pleadings are not "entitled to discovery." *Iqbal*, 556 U.S. at 686 (quoted in Mot. at 4).

As to equitable estoppel specifically, Defendants' allegations of bias do not come close to adequately pleading, for example, "affirmative misconduct." Mot. at 17 & n.7.

As to unclean hands, Defendants do not—and cannot—explain how the Chair's alleged bias constitutes misconduct that has immediate and necessary relation to the equity the FTC seeks in this case, i.e., the preliminary injunction. *See* Mot. at 18. Defendants' references to the weighing of the equities under § 13(b) in this context, Opp. at 22-23, have no bearing on the issue of whether they have adequately pleaded the defense.

### IV.  CONCLUSION

For the reasons stated above and in the Motion, the Court should strike with prejudice the affirmative defenses at issue.

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES                                       CASE NO: 5:22-CV-04325-EJD

| | |
|---|---|
| Dated:  September 30, 2022 | Respectfully submitted, |
| | /s/ *James H. Weingarten* |
| | James H. Weingarten |
| | Abby L. Dennis |
| | Peggy Bayer Femenella |
| | Joshua Goodman |
| | Jeanine Balbach |
| | Michael Barnett |
| | E. Eric Elmore |
| | Justin Epner |
| | Sean D. Hughto |
| | Frances Anne Johnson |
| | Andrew Lowdon |
| | Lincoln Mayer |
| | Susan A. Musser |
| | Adam Pergament |
| | Kristian Rogers |
| | Anthony R. Saunders |
| | Timothy Singer |
| | |
| | Federal Trade Commission |
| | 600 Pennsylvania Avenue, NW |
| | Washington, DC 20580 |
| | Tel: (202) 326-2381 |
| | |
| | Erika Wodinsky |
| | 90 7th Street, Suite 14-300 |
| | San Francisco, CA 94103 |
| | Tel: (415) 848-5190 |
| | |
| | *Counsel for Plaintiff Federal Trade Commission* |

PLAINTIFF'S REPLY TO DEFENDANTS' OPP. TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES                CASE NO: 5:22-CV-04325-EJD

11

Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)
James H. Weingarten, DC Bar No. 985070

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; pbayer@ftc.gov;*
*jgoodman@ftc.gov; jbalbach@ftc.gov*
*jweingarten@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, | |
| Plaintiff, | |
| v. | Case No. 5:22-cv-04325-EJD |
| **META PLATFORMS, INC., et al.** | **CERTIFICATE OF SERVICE** |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, I served a true and correct copy of:

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Chantale Fiebig
Daniel Nadratowski
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel.: (202) 682-7200
Email: chantale.fiebig@weil.com
Email: daniel.nadratowski@weil.com

Eric S. Hochstadt
WEIL, GOTSHAL, MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Email: eric.hochstadt@weil.com

Bambo Obaro
WEIL, GOTSHAL, MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel.: (650) 802-3000
Email: bambo.obaro@weil.com

Geoffrey M. Klineberg
Ana Nikolic Paul
KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M St NW #400
Washington, DC 20036
Tel: (202) 326-7928
Email: gklineberg@kellogghansen.com
Email: apaul@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc*

Chris Fitzpatrick
Nicole Lynch
HOGAN LOVELLS
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: (202) 637-3668

CERTIFICATE OF SERVICE
CASE NO. 5:22-cv-04325-EJD

Email: chris.fitzpatrick@hoganlovells.com
Email: nicole.lynch@hoganlovells.com

*Counsel for the Defendant Within Unlimited, Inc.*

/s/ *James H. Weingarten*
James H. Weingarten
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Susan A. Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

CERTIFICATE OF SERVICE
CASE NO. 5:22-cv-04325-EJD