Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
*Counsel for Defendant Meta Platforms, Inc.*

Christopher J. Cox (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main Street, Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
*Counsel for Defendant Within Unlimited, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DECLARATION OF AARON M. PANNER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION REQUESTING AN EARLIER HEARING DATE**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to 28 U.S.C. § 1746, I, Aaron M. Panner, declare as follows:

1. I am a partner with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., counsel for Defendant Meta Platforms, Inc. ("Meta"). I am an attorney admitted to practice law in the District of Columbia and have been admitted to practice before the Court in this matter *pro hac vice*. I submit this Declaration in Support of Defendants' Administrative Motion To Move Hearing on Defendants' Motion To Dismiss Amended Complaint. I have personal knowledge of the facts set forth herein and am competent to testify thereto if called as a witness.

2. On July 27, 2022, the Federal Trade Commission ("FTC") filed a Complaint for a Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act concerning the proposed acquisition of Within Unlimited, Inc., by Meta Platforms, Inc. On August 26, 2022, Meta Platforms, Inc., ("Meta") and Within Unlimited, Inc., ("Within") (together, "Defendants") each answered the Complaint.

3. On August 4, 2022, the parties filed a Joint Stipulation and Proposed Order whereby Defendants agreed not to close or consummate the proposed acquisition until after December 31, 2022, or the first business day after this Court rules on the FTC's request for a preliminary injunction, whichever comes first.

4. On August 5, 2022, the Court granted the parties' Joint Stipulation and Order.

5. On October 7, 2022, the parties filed a Stipulation and Proposed Order To Amend Complaint, where by the parties agreed, pursuant to Federal Rule of Civil Procedure 15(a)(2), that the FTC may file an Amended Complaint, which was attached to that Joint Stipulation and Order. Pursuant to that stipulation, the parties agreed that Defendants reserved their right to file a motion to dismiss the Amended Complaint. On October 13, 2022, the Court granted the parties' stipulation.

6. The Amended Complaint abandons the claim that the proposed acquisition eliminates any existing competition between Meta and Within, leaving only the claim that the proposed acquisition would eliminate "potential" competition in a purported market for "deliberate fitness" virtual reality applications. Because that potential competition claim is legally invalid, on October 13, 2022, Defendants filed a motion to dismiss the Amended Complaint.

7. The earliest available date on the Court's calendar for a hearing on Defendants' motion is February 23, 2023, and Defendants have noticed a hearing for that date. Defendants seek an earlier hearing on their motion, to be scheduled as soon as possible after the completion of the parties' briefing, for the following reasons:

- Defendants' motion is a dispositive motion that would, if granted, resolve the FTC's complaint as a matter of law. The hearing on the FTC's preliminary injunction motion begins December 8, 2022, and will require substantial resources of the parties and impose a burden on the Court. If the Court hears and resolves the motion prior to December 8, 2022, it may conserve those resources.

- If the Court does not grant Defendants' motion in its entirety, the Court's ruling on the legal issues presented in that motion – which concern the legal standard governing the FTC's claim under Section 7 of the Clayton Act – will likely provide guidance to the parties with respect to the law governing the FTC's claim, which may narrow the disputed issues and streamline the presentation of evidence.

- A hearing on February 23, 2023, is not a practical possibility, given that the hearing on the FTC's preliminary injunction motion will be completed before the end of the year.

8. During a meet-and-confer with the FTC on October 14, 2022, Defendants sought the FTC's agreement to moving the hearing on Defendants' motion to an earlier date before the commencement of the hearing on the FTC's preliminary injunction motion. The FTC authorized Defendants to state that (1) the FTC does not oppose Defendants' administrative motion and (2) to the extent that the Court would like oral argument on Defendants' motion to dismiss, the FTC believes that it should occur at a pre-trial conference prior to the preliminary injunction proceedings that are scheduled to begin on December 8, 2022.

9. As explained above, if the hearing is not moved to a date prior to the start of the preliminary injunction hearing, the parties and the Court may be required to devote substantial time and resources to presentation of evidence pertinent to one or more legal theories of untested validity.

By contrast, an early hearing on Defendants' motion holds the promise of substantial judicial efficiency.

10. There have been no previous time modifications in this case.

11. The requested change to the hearing date on Defendants' motion to dismiss would not otherwise affect the case schedule.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 14, 2022         /s/ *Aaron M. Panner*
                                Aaron M. Panner

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Mark C. Hansen, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Aaron M. Panner concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

DATED: October 14, 2022         /s/ *Mark C. Hansen*
                                Mark C. Hansen