Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
Counsel for Defendant Meta Platforms, Inc.

Christopher J. Cox (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main Street, Suite 200
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
Counsel for Defendant Within Unlimited, Inc.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>        Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**PARTIES' JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Dept.:  Courtroom 6 – 4th Floor<br>Honorable Edward J. Davila<br>Magistrate Judge Susan van Keulen |

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Defendants Meta Platforms, Inc. and Within Unlimited, Inc. move to compel responses from the FTC to Defendants' document requests and interrogatories. The Parties have conferred extensively but unsuccessfully. Attached are FTC's Supplemental Objections and Responses to Defendants' First Set of Interrogatories (**Ex. 1**); FTC's Objections and Responses to Defendants' First Set of Requests for Production (**Ex. 2**); Proposed Compromise Chart (**Ex. 3**). Party and third-party fact discovery close, respectively, on October 26 and November 18, 2022, 6 and 29 days from the date of this filing.

### DEFENDANTS' POSITION

Defendants asserted affirmative defenses based on the bias of FTC Chair Lina Khan that taint the FTC's administrative proceeding, undermining the requested preliminary injunction. The FTC has moved to strike those defenses. ECF No. 89. The FTC refuses to produce responsive documents until that motion is resolved, yet has not moved for a stay or a protective order, necessitating this motion.

**I.    Defendants Seek Information Highly Relevant To Their Affirmative Defenses.**

Chair Khan harbors demonstrable bias against Meta and its CEO Mark Zuckerberg. *See* ECF No. 93, at 4-6. Chair Khan cast the deciding vote to authorize both the administrative proceeding and this related injunctive action. Now that the FTC has abandoned *half its case* (after the Court's order to identify all facts that support the alleged "VR Fitness Apps" market, *see* ECF No. 101), the remaining claim is one that Ms. Khan has said would require new law. Last week, the FTC disclosed that Chair Khan has declined to recuse herself. ECF No. 121. The FTC cannot prove likelihood of success on the merits when it proceeds with a biased adjudicator. ECF No. 93, at 11-19.

To uncover non-public information to challenge the FTC's claims and support its defenses (#14, 18-21), Meta requested relevant discovery, which the FTC refused to provide. RFPs 4, 10 (information about Meta and Mr. Zuckerberg), 11-12 (Chair Khan and FTC's consideration of the acquisition); ROG 6 (with whom and how Chair Khan communicated about the acquisition). Instead, the FTC moved to strike the defenses, attempting to cut off discovery of non-public facts confirming improper bias. ECF No. 89 at 4 (arguing discovery should be limited to the FTC's view of "the bona fide issues").

**II.   The FTC's Objections Are Not Grounds For Withholding Discovery.**

The FTC's hope that the Court will grant its motion is not the "'strong showing' of 'good cause'" required to stay discovery. *Novelposter v. Javitch Canfield Grp.*, 2014 WL 12618174, at *1 (N.D. Cal.

1   May 23, 2014) (citation omitted). Chair Khan's refusal to recuse weakens the FTC's motion. Contrary
2   to her *post hoc* rationalizations, *see* ECF 121-3, her prior work regarding Meta *did* involve the same
3   "facts presented by Meta's proposed acquisition of Within," including Meta's prior acquisitions and Mr.
4   Zuckerberg's aspirations. *Compare* ECF 93, at 4-6, *with* Am. Compl. ¶¶ 3-4, 6-7, 31, 58, 107-08. She
5   also took the position that all future Meta acquisitions should be "blocked."

6   Chair Khan's bias is relevant also to the FTC's affirmative case – likelihood of success and
7   balance of equities – on which the FTC has the burden. *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344,
8   347 (9th Cir. 1989). The FTC must produce documents relevant to its affirmative case, regardless of
9   Judge Davila's decision on striking the defenses. ECF No. 93 at 15. The FTC cannot stay discovery
10  unilaterally. *Onuoha v. Facebook, Inc.*, 2017 WL 11681325 (N.D. Cal. Apr. 7, 2017), *infra*, is inapposite.
11  *Onuoha* was a normal civil case, not an expedited proceeding. By delaying discovery, the FTC prejudices
12  Defendants' ability to prepare for trial. The FTC also errs in relying on *United States v. Litton Indus.,*
13  *Inc.*, 462 F.2d 14 (9th Cir. 1972) (ECF No. 99). There, the defendant in a 15 U.S.C. § 49 action made a
14  speculative claim of bias; here, Defendants have shown Chair Khan's bias in *public* statements. *Id.*

15  The FTC also invokes the deliberative process privilege as a basis to withhold discovery. But the
16  FTC fails to assert the privilege properly because it does not raise it as to specific documents. *In re*
17  *McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 602 (N.D. Cal. 2009)
18  (waiver where agency failed to justify privilege over "each document"). ████████████
19  ████████████████████████████████████████████████████████
20  ████████████████████████████████████████████████████████.

21  Moreover, the privilege would not apply (1) to requests (*e.g.*, RFP 10) that seek "[p]urely factual"
22  material (not deliberative, predecisional information), *Marilley v. McCamman*, 2012 WL 4120633, at
23  *2-3 (N.D. Cal. Sept. 19, 2012) (citation omitted); (2) to requests that bear on the FTC's decision-making
24  and intent, *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 145 F.3d 1422,
25  1424 (D.C. Cir.) (where Constitution "makes the nature of governmental officials' deliberations the
26  issue, the privilege is a nonsequitur"), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998) (same); *Acad. of*
27  *Our Lady of Peace v. City of San Diego*, 2011 WL 6826636, at *8 (S.D. Cal. Dec. 28, 2011) (where
28  agency's "intent" is at issue, "it makes no sense to allow the [agency] to use the privilege as a shield");

or (3) where the need outweighs the qualified privilege, as it does here where the information is available only from the FTC, which brought this serious matter and put Chair Khan's decision-making squarely at issue, increasing the public's interest in open and fair decision-making, *see Marilley*, 2012 WL 4120633, at *2, *6-7; *Cal. State Foster Parent Ass'n v. Wagner*, 2008 WL 2872775, at *5-6 (N.D. Cal. July 23, 2008) (ordering disclosure where defendant agency was the best source of relevant evidence).

The FTC's waiver and Defendants' need for the FTC's exclusive evidence also overcome the work product doctrine. Indeed, even opinion work product going directly to Meta's defenses must be disclosed. *See Colonies Partners LP v. Cnty. of San Bernardino*, 2019 WL 13029903, at *3 (C.D. Cal. June 28, 2019) (opinion work product of prosecutors was discoverable in malicious prosecution action).

The FTC's refusal to even search for documents responsive to RFPs 10-12 precludes the FTC from establishing the deliberative process privilege or any other privilege and is an improper attempt to run out the clock on Defendants' legitimate discovery requests. *See McKesson*, 264 F.R.D. at 602 & n.3; *Green v. Baca*, 226 F.R.D. 624, 652-53 (C.D. Cal. 2005) (party's "blanket invocation" failed to satisfy "burden" of establishing work product). Having refused even to look for responsive documents, the FTC's arguments on privilege, burden, and need are pure speculation.

**PLAINTIFF'S POSITION**

The FTC respectfully submits that this Court should take up this discovery dispute after Judge Davila rules on the FTC's pending motion to strike the affirmative defenses at the heart of this dispute. The FTC's motion to strike (filed September 9) is fully briefed and scheduled to be heard on October 21.  The Court should instruct the parties to (1) meet and confer after Judge Davila's decision on the FTC's motion; and if any disputes remain, (2) submit such disputes to this Court within three business days of that decision.  This is the most efficient approach, since Judge Davila's decision may eliminate the basis for this dispute altogether and will at the very least inform each party's arguments regarding the discovery Meta seeks here. Defendants will suffer no prejudice from the minor delay the FTC suggests given that the FTC has time to provide any discovery well in advance of the hearing date and Meta has not articulated any need for immediate discovery.

If the Court is not inclined to defer its decision until after Judge Davila rules, the Court should deny the discovery outright for the following reasons.  In the first instance, Defendants have not

explained how requests for communications and documents from or relating to *other* Commissioners or FTC staff (RFP 4, 10, 12) or *provided to* the Chair (RFP 4, 10, 11, 12; ROG 6) are relevant to the Chair's alleged bias.  Moreover, Defendants' discovery requests are untethered to the matter at hand and instead seek discovery related to other matters including consumer privacy cases, antitrust conduct cases, and other mergers involving Facebook (including ones that the FTC decided not to challenge).  *See* RFP 10 (requesting "all Documents and Communications in which Lina Khan discussed Meta and/or Mark Zuckerberg").  Meta essentially seeks to use its prejudgment defense as a strategic vessel to gain unprecedented access to the nonpublic deliberative process of one of its principal regulators, which would give Meta an improper advantage in *any* matter before the FTC.

Defendants' discovery requests tied to the Chair's involvement in this investigation and adjudication also fail.  By Defendants' own admission, their requests do not relate to any part of the FTC's Complaint but rather solely to the question of whether "the Chair of the FTC is disqualified and her participation in adjudicating the related FTC administrative complaint irreparably taints both this action and the administrative proceeding."  Meta's Answer at 16 (ECF No. 84).  Courts have routinely cautioned against allowing litigants unfettered discovery related to judicial decision making to prevent "untold chaos in the fair and efficient administration of justice." *Sanai v. Kozinski*, 2021 WL 2273982, at *2 (N.D. Cal. May 24, 2021). The same caution applies here because "[t]he proceeding. . .has a quality resembling that of a judicial proceeding . . .  the integrity of the administrative process must be equally respected." *United States v. Morgan*, 313 U.S. 409, 422 (1941) (citations omitted). Courts have explained that, prior to obtaining *any* discovery of an adjudicator's decision making, a party must first make a "strong showing of bad faith or improper behavior." *Willer v. Las Vegas Valley Water Dist.*, 176 F.3d 486 (table), 1999 WL 274472, at *2 (9th Cir. 1999).  But—even assuming Defendants could make that showing—courts have held that discovery may not be compelled regarding a judge's "mental processes used in formulating a decision, the reasons or motivations for performing official duties, or facts learned during the judicial process." *In re Evergreen Sec., Ltd.*, 2006 WL 3804674, at *2 (Bankr. M.D. Fla. Oct. 30, 2006); *see also Standard Packaging Corp. v. Curwood, Inc.*, 365 F. Supp. 134, 135 (N.D. Ill. 1973) ("judicial and quasi-judicial officers may be compelled to testify only as to relevant matters of fact that do not probe into or compromise the mental processes employed in formulating the judgment in

1    question"). Instead, discovery must be targeted to specific facts relevant to Defendants' theory of bias,
2    *i.e.*, that Chair Khan prejudged the case through her *public statements*. Defendants' vague inquiries
3    demanding (1) "any Communications" regarding this merger (RFP 4) (ROG 6); (2) "all Documents and
4    Communications Lina Khan relied upon or considered in connection with review of the Merger" (RFP
5    No. 11); and (3) "[a]ll Documents and Communications Concerning the participation of any
6    Commissioner in the review of the Merger, the decision to authorize the Complaint, and any of the
7    allegations contained in the Complaint . . .[or the] Temporary Restraining Order" (RFP 12) each fail to
8    meet this threshold test and are wholly unmoored from Meta's actual theory of bias.

9         Even assuming that Defendants' requests were permissible inquiries of an adjudicator, they fail
10   for separate reasons. First, this Court has previously rebuffed Defendants' attempt to obtain discovery
11   of privileged documents. Dkt. 98-1 at 18-19. Undeterred, Defendants again move to compel information
12   subject to work product and deliberative process privileges but fail to establish that their "need for the
13   materials and the need for accurate fact-finding override the government's interest in non-disclosure."
14   *First Resort, Inc. v. Herrera*, 2014 WL 589054, at *3 (N.D. Cal. Feb. 14, 2014). Defendants also
15   mischaracterize their requests as solely seeking "facts"; while their discovery expressly seeks
16   "communications" among FTC attorneys (and persons sharing a common interest with the FTC) as well
17   as all "documents". *See, e.g.,* ROG 10. ███████████████████
18   ████████████████████████████████████████
19   ████████████████████████████████████████
20   ████████████████████████████████████████
21   ███████████. Defendants cite no authority warranting a departure from the rule that subject matter
22   waiver is limited to "situations in which the privilege holder seeks to use the disclosed material for
23   advantage in the litigation." *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D.
24   Cal. 2012). ████████████████████████████████
25   ████████████████████████████████████████
26   ████████████████████████████████████████.
27
28

| | | |
|---|---|---|
| 1 | Dated: October 20, 2022 | Respectfully submitted, |
| 2 | | WEIL, GOTSHAL & MANGES LLP |
| 3 | | By:  /s/ Eric S. Hochstadt |

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Geoffrey M. Klineberg (*pro hac vice*)
gklineberg@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900

*Attorneys for Defendant META PLATFORMS, INC.*

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063

|   |   |
|---|---|
| 1 | Telephone No.: (650) 463-4000 |
|   | Facsimile No.: (650) 463-4199 |
| 2 | chris.cox@hoganlovells.com |
| 3 | Lauren Battaglia (*pro hac vice*) |
|   | Logan M. Breed (*pro hac vice*) |
| 4 | Benjamin Holt (*pro hac vice*) |
|   | Charles A. Loughlin (*pro hac vice*) |
| 5 | HOGAN LOVELLS US LLP |
|   | Columbia Square |
| 6 | 555 Thirteenth St., NW |
|   | Washington, D.C. 20004 |
| 7 | Telephone No.: (202) 637-5600 |
|   | Facsimile No.: (202) 637-5910 |
| 8 | lauren.battaglia@hoganlovells.com |
|   | logan.breed@hoganlovells.com |
| 9 | benjamin.holt@hoganlovells.com |
|   | chuck.loughlin@hoganlovells.com |

*Counsel for Within Unlimited, Inc.*

/s/ Susan A. Musser
Susan A. Musser
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James H. Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Eric S. Hochstadt, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Susan A. Musser concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: October 20, 2022        /s/ Eric S. Hochstadt
                               ERIC S. HOCHSTADT