Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

adennis@ftc.gov; pbayer@ftc.gov;
jgoodman@ftc.gov; jbalbach@ftc.gov

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**META PLATFORMS, INC.,**<br><br>**MARK ZUCKERBERG,**<br><br>and<br><br>**WITHIN UNLIMITED, INC.,**<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL NON-PUBLIC MATERIAL**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

I, Elizabeth Tucci, state as follows:

1. I am Deputy General Counsel for the Office of the General Counsel of the Federal Trade Commission ("FTC" or "Commission") and have held that position since September 2020. Since joining the Commission in 2005, I have served in a variety of positions, most recently as Acting Deputy General Counsel (July-September 2020), Acting Assistant Director for the Division of Advertising Practices (2018-2020), and Chief Litigation Counsel for the Bureau of Consumer Protection (2016-2018). Prior to these positions, I served as an attorney in the Divisions of Advertising Practices and Enforcement.

2. I submit this declaration in accordance with Civil Local Rule 79-5 to support the Commission's request to seal certain confidential non-public material and to address the specific factors articulated in Civil L.R. 79-5(c)(1).

3. Pursuant to Rule 0.11 of the FTC's Rules of Practice, 16 C.F.R. § 0.11, the General Counsel is the Commission's chief law officer and advisor. The General Counsel advises the Commission, its operating bureaus, and FTC staff on questions of law and policy. The General Counsel also represents the Commission in federal and state courts, and the General Counsel responds to requests and appeals filed under the Freedom of Information and Privacy Acts and to intra-and intergovernmental information access requests.

4. As Deputy General Counsel for Legal Counsel, I have responsibility for determining requests for confidential treatment and for disclosure. The General Counsel has designated me to determine requests for confidential treatment under the Commission Rules of Practice set out at 16 C.F.R. 0.1 *et seq.*, including Rule 1.31(e) (petitions for rulemaking or exemption); 2.33 (compliance procedure); 2.41(f)(4) (general compliance obligations); 4.9(b)(7)(i) (reports of compliance); 4.9(c)(1), (2), and (3) (confidentiality and in camera material); and 4.15(c)(3) (transcripts or minutes of closed meetings). I also have been designated by the General Counsel to grant access to law enforcement and federal and state agencies under Commission Rules 4.11(c)(d) and (j); to grant requests for testimony under

DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN
CONFIDENTIAL NON-PUBLIC MATERIAL
Case No. 5:22-CV-04325-EJD

1  Rule 4.11(e); and to release information not yet made public where appropriate under Rule
2  4.11(h). In addition, I serve as the agency's Chief FOIA Officer and am designated to
3  determine administrative appeals under the Freedom of Information Act and the Privacy Act,
4  under Rules 4.11(a) and 4.13. In my discharge of these and other responsibilities as Deputy
5  General Counsel for Legal Counsel, I consider and assert Commission privileges where
6  applicable.

7  5.   This Declaration is based on my professional experience, personal knowledge, review of
8  agency records, and upon information that I have received in my official capacity as Deputy
9  General Counsel.

10  6.   I make this Declaration in support of Defendants' Motion to File Under Seal (1) ▮
11  ▮
12  ▮ (2) ▮
13  ▮ and (3)
14  portions of the Joint Statement of Recent Decision (dated October 17, 2022) describing ▮
15  ▮

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Joint Statement of Recent Decision filed on October 17, 2022. | References in the Joint Statement to ▮ | The Commission designated this information as Confidential. ▮ ▮ is marked as "IN CAMERA—FILED UNDER SEAL" and is part of the Docket and subject to the Protective Order in FTC Administrative Proceeding No. 9411 (In the Matter of Meta Platforms, Inc., Mark Zuckerberg, and Within Unlimited, Inc.). |
| ▮ | Entirety | The Commission designated this information as Confidential. ▮ |

DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN
CONFIDENTIAL NON-PUBLIC MATERIAL
CASE NO. 5:22-CV-04325-EJD

3

| | | |
|---|---|---|
| ██████████ | | ██████████ is marked as "IN CAMERA—FILED UNDER SEAL" and is part of the Docket and subject to the Protective Order in FTC Administrative Proceeding No. 9411 (In the Matter of Meta Platforms, Inc., Mark Zuckerberg, and Within Unlimited, Inc.). |
| ██████████ | Entirety | The Commission designated this information as Confidential based upon a finding that it is protected from public release by the deliberative process privilege. ██████████ |

DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN
CONFIDENTIAL NON-PUBLIC MATERIAL
CASE NO. 5:22-CV-04325-EJD

4

7. On July 25, 2022, Meta Platforms, Inc. filed a motion (styled as a "petition") to recuse FTC Chair Lina M. Khan from involvement in the proposed merger between Meta and Within Unlimited, Inc. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

8. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

9. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████the document is protected by the deliberative process privilege, which is a form of executive privilege that shields "predecisional, deliberative documents" from public disclosure. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021). The privilege applies here because ██ ████████████████ did not "communicate[] the agency's settled position," but rather sought to "help the agency formulate its position" on the pending recusal motion. *Id.* at 786. The privilege "encourage[s] candor, which improves agency decisionmaking," and "blunts the chilling effect that accompanies the prospect of disclosure." *Id.* at 785.

10. For the reasons described in ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ that authorizes *in camera* review only and does not extend to public disclosure. ██████████

DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN
CONFIDENTIAL NON-PUBLIC MATERIAL
CASE NO. 5:22-CV-04325-EJD

5

1   █████████████████████████████████████████████████ are part of the

2   docket and subject to the Protective Order in FTC Administrative Proceeding No. 9411 (In

3   the Matter of Meta Platforms, Inc., Mark Zuckerberg, and Within Unlimited, Inc.). Under

4   that designation, the documents must be kept confidential, and "[o]nly respondents, their

5   counsel, authorized Commission personnel, and court personnel concerned with judicial

6   review may have access thereto." 16 C.F.R. § 3.45(a).

7   11. Statements made by an individual Commissioner prior to a Commission decision are pre-

8   decisional, and those documents are protected by the Commission's deliberative process

9   privilege. *See Sterling Drug. Inc. v. FTC*, 450 F.2d 698, 707-08 (D.C. Cir. 1971) (describing

10  the Commission deliberative process interests in two memos written by individual

11  commissioners to their colleagues).

12  12. The deliberative process privilege is a qualified privilege. Here, ████████████████

13  ████████████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████████████████████████████

15  ██████████████████████████

16  13. ███████████████████████████████████████████████████████████████████████

17  █████████████████████████████████████ does not waive the privilege as to the

18  entire public, but only as to Respondents. ████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████████████

23  ████████████████████

24  14. The factors set forth in Civil L.R. 79-5(c)(1) all support keeping under seal (1) ███████

25  ████████ (2) ██████████████ and (3) the relevant portions of the Joint Statement of

26

27

28  DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN
    CONFIDENTIAL NON-PUBLIC MATERIAL
    Case No. 5:22-CV-04325-EJD

6

Recent Decision filed on October 17, 2022 discussing the ▮▮▮▮▮

    a. *First*, there is a strong public interest in maintaining the confidentiality of documents protected by the deliberative process privilege, which "encourages frank and open discussion of ideas, and hence, improves the decisionmaking process." *Nat'n Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988).

    b. *Second*, disclosure of the Commission's privileged information ▮▮▮▮▮ would harm the Commission and its internal deliberative and decision-making processes by chilling candid dialogue and ultimately impairing the quality of the agency's decisions. *See Sierra Club*, 141 S. Ct. at 785.

    c. Third, a less restrictive alternative to sealing would be insufficient because it would result in public release of information that is protected by the deliberative process privilege and that the Commission has determined must be kept *in camera*.

15. Because the communications at issue are privileged, they are properly kept under seal. "The public's common law right of access is not absolute and it does not extend to records that have 'traditionally been kept secret for important policy reasons.'" *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). *See also Matter of Search of 1638 E. 2nd St., Tulsa, Okla.*, 993 F.2d 773, 775 (10th Cir. 1993) (government informant's privilege "trumps the common law right of access to judicial records"); *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 11 (1st Cir. 1998) (interest in preserving attorney-client privilege is "precisely the kind of countervailing concern that is capable of overriding the general preference of public access to judicial records").

DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL NON-PUBLIC MATERIAL
CASE NO. 5:22-CV-04325-EJD

7

I declare under the laws of the United States of America that the foregoing is true and correct. Executed this 17th day of October, 2022 in Alexandria, Virginia.

Dated: October 17, 2022                                Respectfully Submitted,

ELIZABETH TUCCI
Digitally signed by ELIZABETH TUCCI
Date: 2022.10.17 09:02:05 -04'00'

Elizabeth Tucci

DECLARATION OF ELIZABETH TUCCI IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL NON-PUBLIC MATERIAL
Case No. 5:22-CV-04325-EJD