1  Abby L. Dennis, DC Bar No. 994476
   Peggy Bayer Femenella, DC Bar No. 472770
2  Joshua Goodman, NY Bar (No Number)
   Jeanine Balbach, MD Bar (No Number)
3
   Federal Trade Commission
4  600 Pennsylvania Avenue, NW
   Washington, DC 20580
5  Tel: (202) 326-2381

6  *adennis@ftc.gov; pbayer@ftc.gov;
   jgoodman@ftc.gov; jbalbach@ftc.gov*
7
   [Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]
8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC., et al.,** <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiff, the Federal Trade Commission, respectfully submits (1) this Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 120), and (2) the attached Declaration of FTC Deputy General Counsel Elizabeth Tucci ("Tucci Declaration"), the agency official with primary responsibility over matters involving confidential treatment and disclosure.[1]

On October 17, 2022, the parties filed a Joint Statement of Recent Decision (ECF No. 121) informing the Court of recent developments in FTC Administrative Proceeding No. 9411 (In the Matter of Meta Platforms, Inc., Mark Zuckerberg, and Within Unlimited, Inc.). That same day, Defendants filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 120), which explained that the FTC had designated as confidential (1) specified portions of the Joint Statement of Recent Decision; (2) the entirety of Exhibit B to the Joint Statement (ECF No. 121-3); and (3) two lines from the Declaration of Chantale Fiebig (ECF No. 120-4) describing the contents of Exhibit B. These materials are now under provisional seal.

The FTC respectfully submits this Statement and the Tucci Declaration to explain why Defendants' administrative motion should be granted and the materials that the FTC designated as confidential should remain under seal. These materials contain (1) information that the Commission marked *in camera* pursuant to agency rules and an administrative protective order; and (2) information that is protected by the deliberative process privilege. As shown below, the factors outlined in Civil L.R. 79-5(c)(1) all favor keeping these materials under seal.

---

[1] The Tucci Declaration itself contains privileged and confidential information. The FTC attaches to this Statement a redacted version of the Tucci Declaration and contemporaneously files a motion to file an unredacted version of the same Declaration under seal.

PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:22-CV-04325-EJD

**Relevant Privilege and Confidentiality Protections**

As the Tucci Declaration explains (at ¶¶ 6, 14), the redacted portions of the Joint Statement of Recent Decision refer to documents that the FTC has designated as Confidential and marked as "IN CAMERA—FILED UNDER SEAL" as part of the Docket and subject to the Protective Order in FTC Administrative Proceeding No. 9411. Those *in camera* documents appear as Exhibit B to the Joint Statement, which is under provisional seal with this Court.

Under the FTC's Rules of Practice, *in camera* documents may be viewed only by "respondents, their counsel, authorized Commission personnel, and court personnel concerned with judicial review … provided that the Administrative Law Judge, the Commission and reviewing courts may disclose such *in camera* material to the extent necessary for the proper disposition of the proceeding." 16 C.F.R. § 3.45(a). However, "[p]arties shall not disclose information that has been granted *in camera* status … or is subject to confidentiality protections pursuant to a protective order in the public version of proposed findings, briefs, or other documents." 16 C.F.R. § 3.45(d).

As the Tucci Declaration further establishes (at ¶¶ 6-14), portions of the Joint Statement of Recent Decision and Exhibit B to that statement contain information that is protected by the deliberative process privilege, which is a form of executive privilege that shields "predecisional, deliberative documents" from public disclosure. *See U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021).

**Legal Standards for Sealing**

When courts consider a sealing request, "a strong presumption in favor of public access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). If the judicial records at issue relate to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), parties must overcome the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public

PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:22-CV-04325-EJD

2

1  policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (cleaned up). But if the motion is
2  unrelated or tangentially related to the merits, a lower standard of "good cause" applies. *Ctr. for*
3  *Auto Safety*, 809 F.3d at 1097.
4      Here, the appropriate standard is good cause, since the documents the FTC seeks to seal
5  were filed in connection with a Joint Statement of Recent Decision alerting the Court that Meta's
6  motion to recuse Chair Khan is now pending before the Commission. ECF No. 121. That
7  statement is unrelated to the FTC's cause of action and only tangentially related to Meta's
8  affirmative defense concerning the Chair's disqualification. The Commission is responsible for
9  "determin[ing] the motion *without the participation of*" Chair Khan, 16 C.F.R. § 4.17(b)(3)(ii)
10 (emphasis added), and the Joint Statement informs the parties that the decision is pending, not
11 that it has been resolved.
12     But regardless of whether the FTC must establish good cause or compelling reasons, the
13 Commission has demonstrated ample basis to seal the materials at issue, as shown below.

**Reasons to Keep the Documents Under Seal**

15     Civil L.R. 79-5(c)(1) requires a party to state "the reasons for keeping a document under
16 seal," including an explanation of the legitimate public or private interests at stake, the injury
17 that will result if sealing is denied, and why a less restrictive alternative to sealing is not
18 sufficient. Here, those factors all strongly favor keeping under seal (1) the redacted portions of
19 the Joint Statement of Recent Decision; (2) Exhibit B to the Joint Statement; and (3) the lines
20 from the Feibig Declaration referring to Exhibit B.
21     A. **There is a Strong Public Interest in Sealing the Redacted Material**
22     The public interest weighs heavily in favor of keeping the material at issue under seal
23 because it is (1) covered by an FTC protective order and confidentiality rules in a pending
24 administrative case and (2) protected by the deliberative process privilege.
25     **1.** *The FTC's administrative confidentiality procedures warrant deference.* Courts have
26 long recognized the "deference due an agency in choosing its own procedures for guarding

confidentiality." *ITC v. Tenneco West*, 822 F.2d 73, 79 (D.C. Cir. 1987). "It is well established that it is the agencies, not the courts, which should, in the first instance, establish the procedures for safeguarding confidentiality." *United States v. Cal. Rural Legal Assistance, Inc.*, 722 F.3d 424, 429 (D.C. Cir. 2013) (quoting *FTC v. Texaco, Inc.*, 555 F.2d 862, 884 n.62 (D.C. Cir.1977)). "[A]n agency's determinations on the protections required for confidential information are not to be lightly disregarded." *United States v. Chevron U.S.A., Inc.*, 186 F.3d 644, 650 (5th Cir. 1999). *See also FTC v. Anderson*, 631 F.2d 741, 746 (D.C. Cir. 1979) ("The agency's discretion in regard to procedural rules includes discretion in such matters as publicity and disclosure."). These authorities signal that where, as here, an agency seals material from public release in a parallel administrative case pursuant to its protective order and procedural rules, the Court should defer to that choice when handling the administrative record.

Courts grant such deference for good reason: It is the agency that is best equipped to determine what information should be sealed to protect party expectations, evidentiary privileges, and the effectiveness of agency factfinding. Accordingly, there is a significant public interest in maintaining those protections in this case. Overruling an agency protective order could harm parties who provide confidential information during administrative proceedings in the expectation that they will be protected by any applicable *in camera* designation and protective order. While a court may release material that the FTC has designated *in camera* "to the extent necessary for the proper disposition of the proceeding," 16 C.F.R. § 3.45(a), public disclosure of the *in camera* material contained in the three documents the FTC identified as partly or entirely confidential is in no way necessary to the disposition of this proceeding.

***2. There is a compelling public interest in sealing material protected by the deliberative process privilege.*** The Commission also determined that some of the records at issue are protected by the deliberative process privilege and provided a detailed explanation of its basis for that decision. This material should be sealed, since the deliberative process privilege "encourages frank and open discussions of ideas, and hence, improves the decisionmaking

Plaintiff Federal Trade Commission's Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed
Case No. 5:22-CV-04325-EJD

4

process." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988). The privilege "encourage[s] candor, which improves agency decisionmaking," and "blunts the chilling effect that accompanies the prospect of disclosure." *Sierra Club*, 141 S. Ct. at 785.

As the Ninth Circuit has held, "[t]he public's common law right of access … does not extend to records that have 'traditionally been kept secret for important policy reasons.'" *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). A governmental privilege provides a sufficient basis to keep information under seal. *See, e.g.*, *Matter of Search of 1638 E. 2nd St., Tulsa, Okla.*, 993 F.2d 773, 775 (10th Cir. 1993) (government informant's privilege "trumps the common law right of access to judicial records").

### B. The Commission Will Suffer Injury if Sealing is Denied

Releasing the material that the Commission deemed *in camera* would harm the agency by overriding its determination that the material is privileged and confidential and that keeping it subject to protective order would best facilitate the resolution of its pending administrative case. And because much of this information is protected by the deliberative process privilege, releasing it would harm the Commission and its internal deliberative and decision-making process by chilling candid dialogue and ultimately impairing the quality of the agency's decisions. *See Sierra Club*, 141 S. Ct. at 785. The deliberative process privilege protects agencies from "operat[ing] in a fishbowl": "[I]t would be impossible to have any frank discussion of legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *EPA v. Mink*, 410 U.S. 73, 87 (1973) (internal quotation marks omitted).

### C. There is No Viable Less Restrictive Alternative to Sealing

A less restrictive alternative to sealing would not be sufficient, because it would result in public release of information that is protected by the deliberative process privilege and information that the FTC designated *in camera* pursuant to agency rules and the administrative protective order. The FTC seeks to seal only those passages of the Joint Statement of Recent

Decision describing documents subject to the Commission's *in camera* designation. Moreover, because the Commission designated as *in camera* the entirety of the documents contained within Exhibit B to the Joint Statement, the agency now requests to keep those documents (and the lines from Ms. Fiebig's declaration describing them) under seal.

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests that the Court grant Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 120) and maintain under seal the information that the FTC has designated as confidential: (1) specified portions of the Joint Statement of Recent Decision (ECF No. 121); (2) the entirety of Exhibit B to the Joint Statement (ECF No. 121-3); and (3) two lines from the Declaration of Chantale Fiebig (ECF No. 120-4) describing the contents of Exhibit B.

Dated: October 24, 2022

Respectfully Submitted,

*/s/ Bradley Grossman*
Abby Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Bradley Grossman
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Erika Meyers
Susan Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:22-CV-04325-EJD

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:22-CV-04325-EJD

7