Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghannsen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>        Defendants. | Case No. 5:22-cv-04325-EJD (SVK)<br><br>**JOINT STATEMENT REGARDING DISPUTE ON SUBPOENA TO NON-PARTY APPLE INC.**<br><br>Dept.:  Courtroom 6 – 4th Floor<br>Honorable Edward J. Davila<br>Magistrate Judge Susan van Keulen |

1    Defendant Meta Platforms, Inc. moves to compel the production of certain documents from

2  non-Party Apple, Inc.  Meta and Apple have conferred via phone five times and exchanged

3  numerous emails, but have been unable to reach resolution on custodial searches.  Apple's

4  Objections and Responses to Meta's Subpoena to Produce Documents are attached as **Exhibit 1**.  A

5  joint chart containing the respective proposed compromises is attached as **Exhibit 2**.  Non-party fact

6  discovery closes on November 18, 2022, 24 days from the date of this filing.

7                                        **META'S POSITION**

8    Meta served a subpoena on Apple for deposition testimony and production of certain

9  documents.  Over the past six weeks, Meta has worked with Apple, and substantially limited its

10  requests to only those most relevant and essential to its case.  While Apple has generally agreed to

11  produce documents responsive to Meta's subpoena, it has refused to conduct the limited custodial

12  searches that Meta has requested relating to several critical topics.  Apple's objections based on

13  over breadth, undue burden, proportionality, and relevance are meritless.  The Court should compel

14  Apple to comply with Meta's subpoena and conduct the limited custodial searches that Meta has

15  requested by October 31, 2022.

16    **I.    Meta Seeks Highly Relevant Information From Apple**

17    The discovery Meta seeks from Apple is highly relevant.  The FTC has alleged in the

18  Amended Complaint a market for "VR Dedicated Fitness Apps," limited to only seven VR fitness

19  apps, who are allegedly constrained from oligopolistic behavior only by Meta's potential entrance

20  into the market. ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████  Apple

22  currently offers Apple Fitness+ on all Apple products which competes with Within's Supernatural

23  fitness app. ████████████████████████████████████████████████████████

24  ██████████████████████████████████████████████

25  ████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████

27  ████████████████████████████████

28

JT. STMT. RE SUBPOENA TO APPLE INC.                          Case No. 5:22-cv-04325-EJD

1    Apple's objections to custodial searches based on over breadth, undue burden, and

2    proportionality lack merit.  Meta has requested four custodial searches as an objective check on

3    Apple's subjective determinations of which of their documents are "sufficient to evidence" the

4    documents its competitor, Meta, seeks.  For Fitness+, Meta has requested that Apple run a single

5    search term string over the files of a single custodian – ███████████████████████████

6    █████████████ – ████████████████████████████████████████████████████████

7    ████████ (RFPs 5-6, 9-11).  Apple has refused to conduct this search, but has not

8    identified any actual burden that such a search would entail.  ██████████████████████████

9    Meta has requested that Apple run three search strings across the files of four custodians – ███

10   ███████████████████████████████████████████████████████████████████████

11   ███████████████████████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████████████

13   ███████████████████████████████████████████████████████████████████████

14   ███████████████████████████████    The targeted searches – found in the

15   corresponding chart – are intended to eliminate any competitive bias Apple may have ███████

16   ███████████████████████████████████████████████████████████████████████

17   ███████████████████████████████████████████████████████████████████████

18   ████████.  As with Meta's Fitness+ request, Apple has refused to conduct any custodial search,

19   but has not identified any actual burden that the requested search would entail.

20   **II.      Third-Party Custodial Searches Are Common in Antitrust Matters**

21       Apple's refusal to conduct custodial searches in response to Meta's subpoena is based on its

22   claims that doing so would be unduly burdensome and disproportionate.  Apple has failed to

23   substantiate those claims.  Nonparties (including Apple) in antitrust cases of similar scope and

24   complexity routinely conduct custodial searches at a much larger scale than Meta is requesting here.

25   *See, e.g.,* Status Report at 1, FTC v. Qualcomm Inc., No. 5:17-cv-00220-LHK, Dkt. 663 (N.D. Cal.

26   Mar. 30, 2018) ("Apple has produced more than 4.1 million documents totaling over 37 million

27   pages" based on search-term-based review of documents from 45 agreed-upon custodians).  Courts

28

2

JT. STMT. RE SUBPOENA TO APPLE INC.                    Case No. 5:22-cv-04325-EJD

1  also routinely require non-parties to conduct such searches. *See V5 Techs. v. Switch, Ltd.*, 332

2  F.R.D. 356, 367 (D. Nev. 2019) (compelling nonparty individual in antitrust case to conduct

3  custodial email searches); *Tera II, LLC v. Rice Drilling D, LLC*, 2022 WL 1114943, at *4-6 (S.D.

4  Ohio Apr. 14, 2022) (compelling non-party to perform custodial search); *Aquastar Pool Prods., Inc.*

5  *v. Paramount Pool & Spa Sys.*, 2019 WL 250429, at *3 (D. Ariz. Jan. 17, 2019) (same).

6  ████████████████████████████████████████████████

7  ██████████████████████████████████████████████████

8  ████████████████████████████████████████████

9  █████████████████████████████████████████████████

10 ███████████████████████████████████████████████

11 ███████████████████████████████████████████████

12 ██████████████████████████████████████████████████

13 ████████████████        *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 1942163, at *3 (N.D. Cal.

14 May 9, 2013) ((requiring disclosure of custodians and search terms to "uncover[ ] sufficiency of

15 [non-party's] production").

16         This Court should order Apple to conduct the limited custodial searches requested by Meta.

17                                   **APPLE'S POSITION**

18         Meta's motion to compel a full custodial and search term production is a thinly disguised

19 effort to further its PR campaign against Apple, ignore the relevant issues here, and distract from its

20 own troubling conduct.  Meta's proposed custodial searches are overbroad and of minimal relevance.

21 ██████████████████████████████████████████████████

22 ██████████████████████████████████████████████████

23 ███████████████████████████████████████████   Yet, notwithstanding Apple's

24 agreement to provide deposition testimony and "documents sufficient to evidence" various topics that

25 Meta agrees fully encompass Apple's limited relevance, Meta insists on invasive and burdensome

26 discovery into Apple's secret plans, which also exceeds the scope of the subpoena it served on Apple.

27 ██████████████████████████████████████████

28

                                          3

1 ███████████████████████████████████████████████████

2 ███████████████████████████████████████████████████

3 ███████████████████████████████████████████████████

4 ███████████████████████████████████████████████████

5 ████████████████████████████   Meta and Apple agreed that Apple

6 would provide, among other things, documents and deposition testimony "sufficient to evidence"

7 ████████████████████████.[1] Apple is preparing to produce responsive documents *this*

8 *week*, substantially complete productions next week, and be deposed on November 14.

9       Meta now wrongly insists that Apple must conduct custodial searches to comply with the

10 subpoena. That argument fails for two reasons. ***First***, the proposed searches are significantly broader

11 than Meta's subpoena. ***Second***, Meta does not have a substantial need for full custodial searches.

12       Importantly, the subpoena does not call for custodial searches. When a subpoena requests

13 "documents sufficient to evidence," then "not every responsive document need be produced," and the

14 responding party "may focus . . . on the particular custodian or custodians likeliest to have a

15 reasonable cross-section of the requested documents without going to the extra expense and burden

16 of attempting to locate every potentially responsive document." *In re Blue Cross Blue Shield*

17 *Antitrust Litig.*, 2017 WL 11539486, at *2 (N.D. Ala. Aug. 1, 2017).

18       In any event, Meta does not have a "substantial need" for custodial searches, as is required to

19 obtain a non-party's confidential commercial information. *In re Apple iPhone Antitrust Litig.*, 2020

20 WL 5993223, at *3 (N.D. Cal. Oct. 9, 2020) (citing Fed. R. Civ. P. 45(d)). ████████████

21 ███████████████████████████████████████████████████

22 ████████████████████████████████████   As Mark Zuckerberg

---

23

24 [1] In addition to the above Fitness+ topics, Apple agreed to provide documents and deposition
testimony sufficient to evidence:

25 ███████████████████████████████████████████████████

26 ███████████████████████████████████████████████████

27 ███████████████████████████████████████████████████

28 ███████████████████████████████████████████████████

JT. STMT. RE SUBPOENA TO APPLE INC.      Case No. 5:22-cv-04325-EJD

1   complained, "[i]t's been very hard for [Meta] to have any sense of what [Apple is] doing" with VR.[2]

2   Thus, Meta must show a "clear cut need" for this discovery and it must "narrowly draw[ requests] to

3   meet specific needs." *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011).

4         Meta has not shown a substantial need for custodial searches.  The FTC must prove that Meta's

5   acquisition would substantially lessen competition in a VR dedicated fitness apps market. ▮▮▮▮▮▮

6   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and are disproportionate to the

10  needs of this PI and TRO hearing.  This is particularly so given the volume of irrelevant, ▮▮▮▮▮

11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[3]

12        Meta's invented rationales for custodial searches are: (i) a false allegation of "competitive

13  bias" (*supra*, 2:14); (ii) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*supra*,

15  3:5-11); and (iii) court orders for third party discovery in massive, fully litigated antitrust actions—

16  not PI hearings or merger challenges (*supra*, 2:25-3:5).  Meta points to no facts (and there are none)

17  supporting the slightest inference that Apple cannot comply with the subpoena due to "bias."[4]  Meta's

18  attempt to invent a concern to justify its fishing expedition should not be countenanced. ▮▮▮▮▮▮

19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Finally, Meta

22  fails to cite a single merger enforcement action to support its position, let alone identify any court-

23  ordered custodial searches by a non-party in connection with a PI or TRO hearing.

24        This Court should deny Meta's motion to compel custodial productions.

25  _____
    [2]  Alex Heath, "Mark Zuckerberg on the Quest Pro," *The Verge* (Oct. 11, 2022),
26  https://www.theverge.com/23397187/mark-zuckerberg-quest-pro-metaverse-interview-decoder.
    [3]  On preliminary review, Meta's proposed searches would yield many thousands of documents.
27  [4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

JT. STMT. RE SUBPOENA TO APPLE INC.                    Case No. 5:22-cv-04325-EJD

DATED:  October 26, 2022

By: /s/ *Caroline Van Ness*

Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4686
caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice
forthcoming*)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7860
steve.sunshine@skadden.com

Evan R. Kreiner (*pro hac vice forthcoming*)
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2491
evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*

Respectfully submitted,

By: /s/ *Mark C. Hansen*

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Geoffrey M. Klineberg (*pro hac vice*)
James M. Webster (*pro hac vice* pending)
Jacob E. Hartman (*pro hac vice* pending)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice* )
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
gklineberg@kellogghansen.com
jwebster@kellogghansen.com
jhartman@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

JT. STMT. RE SUBPOENA TO APPLE INC.                    Case No. 5:22-cv-04325-EJD

Diane P. Sullivan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone:  (609) 986-1100
Facsimile:  (609) 986-1199
diane.sullivan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

*Counsel for Defendant Meta Platforms, Inc.*

7

# Exhibit 1

Jack P. DiCanio
Caroline W. Van Ness
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4660
Facsimile: (213) 621-5430
Email: jack.dicanio@skadden.com
Email: caroline.vanness@skadden.com

Steven C. Sunshine
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com

Evan R. Kreiner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000
Email: evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **RESPONSES & OBJECTIONS OF NON-PARTY APPLE INC. TO DEFENDANT META PLATFORMS, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, DATED AUGUST 25, 2022** |
| v. | |
| **META PLATFORMS, INC., et al.,** | |
| Defendants. | **Hon. Edward J. Davila** |

1

**RESPONSES & OBJECTIONS OF APPLE INC. TO**
**DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS DATED AUGUST 25, 2022**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and all other applicable laws and rules, non-party Apple Inc. ("Apple") submits the following Responses and Objections to the Subpoena to Produce Documents, Information, or Objects, dated August 25, 2022 (the "Subpoena"), issued by Defendant Meta Platforms, Inc.

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are incorporated into each specific Response and Objection below, and any agreements to produce are limited by the following General Responses and Objections. Apple's failure to object to a Request, or any present or future agreement to produce responsive documents, is not a representation that any such documents exist or are within Apple's possession, custody, or control. Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper. Not listing an objection herein does not constitute a waiver of that objection or otherwise preclude Apple from raising that objection later.

1. Apple's Responses and Objections are not intended to be, and shall not be construed as, an admission of the relevance or admissibility of any such information, or as a waiver or abridgment of any applicable privilege, applicable objection, or applicable defense. Apple submits these Responses and Objections without conceding the relevance, materiality, or admissibility of the subject matter of any documents or information requested by the Subpoena.

2. The Responses reflect only the present state of Apple's investigation and understanding regarding the requested information, and Apple, therefore, reserves the right to amend or supplement its Responses.

3. Except where expressly stated, Apple does not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterization contained in the Requests, or any definition therein, even where Apple has not otherwise objected to a particular Request or has agreed (or in the future will agree) to provide information responsive to a particular Request. No incidental or implied admissions are intended by these Responses.

4.      Apple objects to the Requests on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of this action.  Particularly given Apple's status as a non-party, that Apple made no productions in connection with the FTC's investigation preceding this lawsuit, and that this action is a limited, preliminary injunction hearing, the Subpoena is, on its face, overbroad, unduly burdensome, and not proportional to the needs of this action.

5.      Apple objects to the Requests to the extent they call for the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or immunity.  Any disclosure or production of work product, attorney-client privileged material, or any material subject to any immunity from disclosure is not intended to be a waiver of any applicable privilege or protection and shall be deemed inadvertent.

6.      Apple objects to the Requests to the extent they seek the production of materials subject to non-disclosure or confidentiality agreements with third parties, or materials that, if disclosed, would violate the privacy interests of others.  To the extent Apple produces such materials, it will do so after providing required notice to third parties and an opportunity for them to object to the production of the materials.

7.      Apple objects to the Requests to the extent they seek to impose obligations upon Apple other than the obligations imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, this Court's orders, and/or applicable law.

8.      Apple objects to the Requests to the extent they seek documents that are non-public, confidential, or competitively sensitive, or which contain proprietary and confidential business and financial information, including transaction data, customer information, personnel information, or other competitively or commercially sensitive information.  Apple further objects to the Requests because the Protective Order entered in this action (to which Apple, as a non-party, never had an opportunity to negotiate or agree) allows highly sensitive business information to be disclosed to Defendants' in-house counsel, without sufficient means to mitigate against the risk of harm from such disclosure and without any proof that such disclosure is necessary to prosecute the claims or

defenses in this action.  Any agreement to produce documents is subject to the terms of the Protective Order entered by the Court and any orders entered modifying the Protective Order. Apple reserves the right to move to amend the Protective Order and seek greater protections, which are necessary for the most highly competitively and/or commercially sensitive business information sought by the Subpoena.  Until adequate protections are entered, Apple reserves the right to redact or withhold any non-responsive or commercially or personally sensitive information from any documents or communications it has otherwise agreed to produce, and/or to insist upon the entry of an acceptable protective order as a condition to any production of documents.

9.     Apple objects to the Requests on the grounds that they are vague, ambiguous, duplicative, overly broad, unduly burdensome, and/or not proportionate to the needs of this action to the extent that they seek discovery of documents and information that is of no (or, at most, minimal) relevance to the claims or defenses in this action.

10.     Apple objects to the Requests to the extent that they purport to impose a duty on Apple to undertake a search for documents and information beyond a diligent, good faith search of the files where Apple would reasonably expect to find documents or information responsive to each individual request.  Apple objects to the Requests to the extent they purport to require Apple to produce electronically stored information that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or would be otherwise unduly burdensome to search or review.  Apple further objects to the Requests to the extent that identifying and producing the requested information would impose an undue burden on Apple.

11.     Apple objects to the Requests to the extent that they call for information in a format other than that in which they are ordinarily kept by Apple, and/or seek the production of electronically stored information ("ESI") in any manner other than required under the Applicable Rules.

12.     Apple objects to the Requests to the extent they seek information already in the Defendants' possession or information that is publicly available or to which Defendants have access equal to that of Apple.

3

13.     Apple objects to Requests to the extent they improperly assume the existence of incorrect facts or the occurrence of events that did not take place.

14.     Apple objects to the Requests to the extent they impose an ongoing obligation on Apple.  To the extent Apple produces documents and information, it will do so for responsive documents and information created on or before July 27, 2022, i.e., the date on which the FTC filed its Complaint.

15.     Apple objects to the Requests to the extent that they purport to seek documents and information regarding events, occurrences, strategic plans, or conditions contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action.

16.     Apple objects to the Requests to the extent they seek documents related to activities outside of the United States, the relevant geographic market alleged in the Complaint.  To the extent Apple produces documents and information, it will do so for responsive documents and information relating to activities within the United States.

17.     Apple expressly reserves its right to apply for reimbursement of any costs incurred in responding to the Requests.

**OBJECTIONS TO DEFINITIONS**

1.     Apple objects to the Requests, including the section entitled "Definitions" (including, but not limited to, the definitions of "Document" and "Communication"), to the extent they seek to impose obligations upon Apple other than the obligations imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, this Court's orders, and/or applicable law.

2.     Apple objects to the definition of the terms "You," "Your," and "Yourself" as overly broad, unduly burdensome, vague, and ambiguous.  Apple will interpret "Apple," the "Company," "You," "Your," and "Yourself" to refer only to Apple Inc.

3.     Apple objects to the definition of the term "Meta Platforms, Inc." as overly broad, unduly burdensome, vague, and ambiguous.  Apple will interpret "Meta Platforms, Inc." to refer only to Meta Platforms, Inc.

4. Apple objects to the definition of the term "Within Unlimited, Inc." as overly broad, unduly burdensome, vague, and ambiguous. Apple will interpret "Within Unlimited, Inc." to refer only to Within Unlimited, Inc.

5. Apple objects to the definition of the term "Defendants" as overly broad, unduly burdensome, vague, and ambiguous. Apple will interpret "Defendants" to refer only to Meta Platforms, Inc. and Within Unlimited, Inc.

6. Apple objects to the definition of the term "Communication" as overly broad and unduly burdensome to the extent it includes any communications other than written communications. Further, "communications" should expressly exclude communications protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

7. Apple objects to the definition of the terms "Document" as overly broad and unduly burdensome to the extent it seeks to impose obligations upon Apple other than the obligations imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, this Court's orders, and/or applicable law. Apple will interpret the term "Document" to mean original documents themselves and not any draft or identical copies of, or metadata associated with, those original documents. Apple further objects to this definition as overly broad and unduly burdensome, including, but not limited to, the extent to which it purports to include "text messages, social media communications, voice mail messages, [and] instant messaging."

8. Apple objects to the definition of the terms "Concerning," "Reflecting," "Regarding," and "Relating To" to the extent it seeks to impose obligations upon Apple other than the obligations imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, this Court's orders, and/or applicable law.

9. Apple objects to the definition of the term "Information" as overly broad and unduly burdensome to the extent it includes any communications other than written communications. Further, "Information" should expressly exclude communications protected by the attorney-client privilege, the work product doctrine, the joint defense doctrine, or any other applicable protection, privilege, or immunity.

10.     Apple objects to the definition of the term "Competitive Landscape" as overly broad, unduly burdensome, vague, and ambiguous.

**OBJECTIONS TO INSTRUCTIONS**

1.     Apple objects to the Requests, including the section entitled "Instructions," to the extent they seek to impose obligations upon Apple other than the obligations imposed under the Federal Rules of Civil Procedure, the Local Rules of this Court, this Court's orders, and/or applicable law.

2.     Apple objects to Instruction 1 on the grounds that it is vague, ambiguous, duplicative, overly broad, unduly burdensome, and unreasonable, including to the extent that it seeks: (i) "all" documents in Apple's possession, custody, or control concerning the subject matters referenced herein; and/or (ii) documents in the possession, custody, or control of any entity other than Apple.  For any Requests pursuant to which Apple will produce responsive documents, Apple will conduct a reasonable search for documents in the places most likely to contain responsive documents and will produce non-privileged, responsive documents that are reasonably accessible, maintained in the usual course of business, and in the custody or control of Apple only.

3.     Apple objects to Instruction 2 on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of this action because it provides for a relevant time period from "January 1, 2019 to the present."  Seeking documents covering a nearly four-year time period is unduly burdensome and not proportionate to the claims and defenses at issue in this action, a preliminary injunction hearing involving the current and short-term future state of competition in the alleged markets.  Apple will meet and confer with Defendants to determine the appropriate start of the time period for any Requests pursuant to which Apple will produce responsive documents.

4.     Apple objects to Instruction 5 on the grounds that it is unduly burdensome and unreasonable to the extent it seeks a log of responsive, privileged documents while the stipulated discovery plan suspends the obligations of a privilege log for the parties.

5.     Apple objects to Instruction 6 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it purports to require Apple to adhere to

obligations that are "continuing."  Apple further objects to Instruction 6 because the Protective

Order allows highly sensitive business information to be disclosed to Defendants' in-house

counsel, without sufficient means to mitigate against the risk of harm from such disclosure and

without any proof that such disclosure is necessary to prosecute the claims or defenses in this

action.  Apple will only produce documents up to July 27, 2022, i.e., the date on which the FTC

filed its Complaint.

**RESPONSES AND OBJECTIONS**
**TO SPECIFIC REQUESTS FOR PRODUCTION**

Subject to the General Responses and Objections above, which Apple incorporates into

each specific response below, Apple responds and objects to the Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications, including, but not limited to, any responses to

subpoenas or informal discovery requests, that You provided, will provide or received from

Plaintiff, including but not limited to, (a) Documents and Communications that reflect, relate to, or

refer to any discussions about Your business; (b) Documents and Communications that reflect,

relate to, or refer to the Transaction, and (c) Documents and Communications that reflect, relate to,

or refer to the action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Apple objects to Request No. 1 on the grounds that it is overbroad, unduly burdensome, and

not proportionate to the needs of this action, including because: (i) it seeks all Communications and

Documents relating to an overbroad topic, encompassing (a) all Documents and Communications

that reflect, relate to, or refer to any discussions about Apple's business, (b) all Documents and

Communications that reflect, relate to, or refer to the Transaction, and (c) all Documents and

Communications that reflect, relate to, or refer to the action; (ii) it seeks documents available from

the FTC, which is a named party in this action; and (iii) it seeks documents not maintained by

Apple in the ordinary course of business.  Apple also objects to Request No. 1 to the extent it seeks

documents that may be protected by the attorney-client privilege, the work product doctrine, the

joint defense doctrine, or any other applicable protection, privilege, or immunity.

1    Subject to and without waiving the foregoing objections, Apple responds that it has not

2  produced any documents in this action, including in connection with the FTC Investigation, and

3  will produce any written communications between Apple and the FTC regarding the Transaction,

4  to the extent it has any.

5  **REQUEST FOR PRODUCTION NO. 2:**

6    Documents sufficient to evidence the current and future Competitive Landscape for

7  VR/AR/MR devices, hardware, software, and content, including (a) any competitive intelligence or

8  analysis You conduct or rely on; and (b) Your market share or anticipated market share in the

9  relevant market in which You operate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11    Apple objects to Request No. 2 on the grounds that is overbroad, unduly burdensome, and

12  not proportionate to the needs of this action, including because: (i) it asks Apple, a non-party, to

13  search for and produce documents concerning the current and future "Competitive Landscape" for

14  VR/AR/MR devices, hardware, software, and content, even though necessary information

15  concerning these products and software can be obtained from Meta itself; (ii) it seeks information

16  about products that are outside the scope of the relevant product and geographic markets as alleged

17  in the Complaint; (iii) it is not restricted by any time period, and, as a result, seeks documents and

18  information regarding events, occurrences, strategic plans, or conditions at any time, including

19  those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after

20  the Complaint was filed in this action, and going back to 2019; and (iv) it requests documents that

21  are publicly available, unknown to Apple, not in the possession, custody, or control of Apple, or

22  not maintained by Apple in the ordinary course of business.  Apple also objects to Request No. 2 as

23  vague and ambiguous on the grounds that "relevant market" and "VR/AR/MR" are undefined and

24  open to interpretation.  Apple further objects because products and offerings unrelated to fitness are

25  not relevant to this action, and any minimal relevance of the remaining Request is substantially

26  outweighed by the competitive sensitivity of the information sought.

27    Subject to and without waiving the foregoing objections, Apple states that it is willing to

28  continue to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to evidence the Competitive Landscape for Your past, present, and future VR/AR/MR and non-VR/AR/MR fitness products and offerings (whether hardware, software, or others), including (a) any competitive intelligence or analysis You conduct or rely on; and (b) Your market share or expected market share in the market in which You operate or plan to operate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Apple objects to Request No. 3 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of action, including because: (i) it requests information about products and offerings that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; (ii) it is not restricted by any time period, and, as a result, seeks documents and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action, and going back to 2019; and (iii) it requests documents that are unknown to Apple, not in the possession, custody, or control of Apple, or not maintained by Apple in the ordinary course of business, or that are publicly available.  Apple further objects because products and offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the remaining parts of this Request is substantially outweighed by the competitive sensitivity of the information sought.  Apple also objects to Request No. 3 as vague and ambiguous because "VR/AR/MR," "fitness products and offerings," "competitive intelligence" and "market" are undefined and open to interpretation.

Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to evidence Your products or offerings (under development, in the past, and at present) in VR/AR/MR or the fitness industry, including but not limited to, Documents that evidence (a) the features, capabilities, and pricing of those products and offerings; (b) the functionality and use of Your products or offerings; and (c) any analysis of the differences in the

1   products or offerings You offer or plan to offer versus any other third-party You consider to be a

2   competitor or potential competitor.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4        Apple objects to Request No. 4 on the grounds that it is overbroad, unduly burdensome, and

5   not proportionate to the needs of action, including because: (i) it requests information about

6   products and offerings that are outside the scope of the relevant product and geographic markets as

7   alleged in the Complaint; (ii) it is not restricted by any time period, and, as a result, seeks

8   documents and information regarding events, occurrences, strategic plans, or conditions at any

9   time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over

10  one year after the Complaint was filed in this action, and going back to 2019; (iii) Apple's analysis

11  of differences between its products and those of third parties is of no (or, at most, minimal)

12  relevance to any claims or defenses in this action; and (iv) it requests documents that are unknown

13  to Apple, not in the possession, custody, or control of Apple, or not maintained by Apple in the

14  ordinary course of business.  Apple further objects because products and offerings unrelated to

15  fitness are not relevant to this action, and any minimal relevance of the remaining parts of this

16  Request is substantially outweighed by the competitive sensitivity of the information sought, and

17  the protective order does not sufficiently protect the documents or information sought by this

18  Request.  Apple also objects to Request No. 4 as vague and ambiguous because "VR/AR/MR" and

19  "fitness industry" are undefined and open to interpretation.  Apple further objects to the use of

20  "competitor or potential competitor" because it is unclear whether Meta is referring to head-to-

21  head competitors or indirect.

22        Subject to and without waiving the foregoing objections, Apple states that it is willing to

23  continue to meet and confer regarding this Request.

24  **REQUEST FOR PRODUCTION NO. 5:**

25        Documents sufficient to evidence any strategic plans You have to develop or expand Your

26  AR/VR/MR fitness products or offerings, including but not limited to, Your business growth plan

27  and sales projections.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Apple objects to Request No. 5 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of action, including because: (i) it requests information about products and offerings that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; and (ii) it is not restricted by any time period, and, as a result, seeks documents and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action, and going back to 2019.  Apple further objects because any minimal relevance of this Request is substantially outweighed by the competitive sensitivity of the information sought, and the protective order does not sufficiently protect the documents or information sought by this Request.  Apple also objects to Request No. 5 as vague and ambiguous because "AR/VR/MR" and "business growth plan" are undefined and open to interpretation.

Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to evidence any strategic plans You have to enter or expand into the VR/AR/MR hardware, application store, or application markets, including but not limited to, (i) Your business growth plan and sales projections, and (ii) any planned or considered investment in or acquisition of any software company developing VR/AR/MR software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Apple objects to Request No. 6 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action, including because: (i) it requests information about products and offerings that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; (ii) it is not restricted by any time period, and, as a result, seeks documents and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action, and going back to 2019; and (iii) it seeks

1  documents regarding Apple's "planned or considered investment or acquisition" in companies

2  developing "VR/AR/MR software," without limitation.  Apple further objects because products

3  and offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the

4  remaining parts of this Request is substantially outweighed by the competitive sensitivity of the

5  information sought, and the protective order does not sufficiently protect the documents or

6  information sought by this Request.  Apple also objects to Request No. 6 as vague and ambiguous

7  because "VR/AR/MR," "application store," "application markets," and "business growth plan" are

8  undefined and open to interpretation.

9       Subject to and without waiving the foregoing objections, Apple states that it is willing to

10  continue to meet and confer regarding this Request.

11  **REQUEST FOR PRODUCTION NO. 7:**

12       Documents and data that evidence in VR/AR/MR or the fitness industry (a) the number of

13  monthly active users using Your product(s) and/or service(s) by product and service; (b) users'

14  monthly average time spent using Your product(s) and/or service(s) by product and service; (c)

15  Your monthly revenue domestically from those product(s) and/or service(s) by product and service;

16  (d) Your monthly revenue internationally from those product(s) and/or service(s) by product and

17  service; and (e) Your monthly sales domestically by product and service; (f) Your monthly sales

18  internationally by product and service; (g) Your projected sales domestically by product and

19  service; and (h) Your projected sales internationally by product and service.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21       Apple objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome, and

22  not proportionate to the needs of this action, including because: (i) it requests information about

23  products and offerings that are outside the scope of the relevant product and geographic markets as

24  alleged in the Complaint; (ii) it requests documents that are unknown to Apple, not in the

25  possession, custody, or control of Apple, or not maintained by Apple in the ordinary course of

26  business; and (iii) it masquerades as a single request for production, but ultimately asks for 8

27  different analytics, each of which asks for a breakdown across "product and service."  Apple

28  further objects because products and offerings unrelated to fitness are not relevant to this action,

1    and any minimal relevance of the remaining parts of this Request is substantially outweighed by

2    the competitive sensitivity of the information sought, and the protective order does not sufficiently

3    protect the documents or information sought by this Request.  Apple also objects to Request No. 7

4    as vague and ambiguous because "VR/AR/MR" and "fitness industry" are undefined and open to

5    interpretation.

6           Subject to and without waiving the foregoing objections, Apple states that it is willing to

7    continue to meet and confer regarding this Request.

8    **REQUEST FOR PRODUCTION NO. 8:**

9           Documents and data that evidence for fitness games and applications available, or expected

10   to be available, on Your application stores for mobile devices, gaming consoles, or VR/AR/MR (a)

11   the identity of those fitness games and applications; (b) the number of monthly active users using

12   those fitness games and applications; (c) time spent by users using those fitness games and

13   applications; (d) Your monthly revenue domestically from those fitness games and applications;

14   and (e) Your monthly revenue internationally from those fitness games and applications.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16          Apple objects to Request No. 8 on the grounds that it is overbroad, unduly burdensome, and

17   not proportionate to the needs of this action, including because: (i) it seeks information about

18   "fitness games and applications" without limitation to the product and geographic markets as

19   defined in the Complaint; (ii) it is not restricted by any time period, and, as a result, seeks

20   documents and information regarding events, occurrences, strategic plans, or conditions at any

21   time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over

22   one year after the Complaint was filed in this action, and going back to 2019; (iii) it requests

23   documents that are unknown to Apple, not in the possession, custody, or control of Apple, or not

24   maintained by Apple in the ordinary course of business; (iv) it seeks documents and data regarding

25   non-U.S. markets; (v) it seeks documents and data that can be obtained from third parties,

26   including the relevant application developers themselves; and (vi) it masquerades as a single

27   request for production, when in reality it is ultimately asking for 6 different analytics, each of

28   which asks for a breakdown across fitness games and applications.  Apple further objects because

1  any minimal relevance of this Request is substantially outweighed by the competitive sensitivity of

2  the information sought, and the protective order does not sufficiently protect the documents or

3  information sought by this Request.  Apple also objects to Request No. 8 as vague and ambiguous

4  because "fitness games and applications," "application stores," "mobile devices," "gaming

5  consoles," and "VR/AR/MR" are undefined and open to interpretation.  Apple further objects to

6  Request No. 8 as vague, ambiguous, overbroad, unduly burdensome, and not proportionate to the

7  needs of this action to the extent that it seeks documents and data regarding Apple's revenues from

8  third-party applications in the Apple App Store, which is not relevant to the claims or defenses in

9  this action.

10      Subject to and without waiving the foregoing objections, Apple states that it is willing to

11  continue to meet and confer regarding this Request.

12  **REQUEST FOR PRODUCTION NO. 9:**

13      Documents sufficient to evidence Your relationship (existing or anticipated) with any

14  VR/AR/MR application stores through which users can, or will be able to in the future, download

15  or purchase content for use on Your product(s).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17      Apple objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, and

18  not proportionate to the needs of this action, including because: (i) it requests information about

19  products and offerings that are outside the scope of the relevant markets as alleged in the

20  Complaint; (ii) it is not restricted by any time period, and, as a result, seeks documents and

21  information regarding events, occurrences, strategic plans, or conditions at any time, including

22  those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after

23  the complaint was filed in this action, and going back to 2019; and (iii) Apple's relationships with

24  application stores have no (or, at most, minimal) relevance to the claims or defenses in this action.

25  Apple further objects because products and offerings unrelated to fitness are not relevant to this

26  action, and any minimal relevance of the remaining parts of this Request is substantially

27  outweighed by the competitive sensitivity of the information sought, and the protective order does

28  not sufficiently protect the documents or information sought by this Request.  Apple also objects to

1  Request No. 9 as vague and ambiguous because the terms "VR/AR/MR," "application stores," and

2  "relationship" are undefined and open to interpretation.

3         Subject to and without waiving the foregoing objections, Apple states that it is willing to

4  continue to meet and confer regarding this Request.

5  **REQUEST FOR PRODUCTION NO. 10:**

6         Documents sufficient to evidence Your relationship (existing or anticipated) with any

7  VR/AR/MR developer.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

9         Apple objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome,

10 and not proportionate to the needs of this action, including because it seeks documents regarding

11 any VR/AR/MR developer, without limitation and without reference to the scope of the product

12 and geographic markets as alleged in the Complaint.  Apple further objects because products and

13 offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the

14 remaining parts of this Request is substantially outweighed by the competitive sensitivity of the

15 information sought, and the protective order does not sufficiently protect the documents or

16 information sought by this Request.  Apple also objects to Request No. 10 as vague and ambiguous

17 because the terms "VR/AR/MR," "relationship," and "developer" are undefined and open to

18 interpretation.

19        Subject to and without waiving the foregoing objections, Apple states that it is willing to

20 continue to meet and confer regarding this Request.

21 **REQUEST FOR PRODUCTION NO. 11:**

22        Documents sufficient to evidence Your investment in VR/AR/MR in each of the past five

23 years, including, but not limited to, any acquisitions related to VR/AR/MR hardware, hardware

24 components, and software or content.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26        Apple objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome,

27 and not proportionate to the needs of this action, including because: (i) Apple's investment in

28 VR/AR/MR is of no (or, at most, minimal) relevance to any claims or defenses; (ii) it purports to

15

1   seek documents about products and software that are outside the scope of the relevant product and

2   geographic markets as alleged in the Complaint; and (iii) it seeks evidence regarding an overbroad

3   time period.  Apple further objects because products and offerings unrelated to fitness are not

4   relevant to this action, and any minimal relevance of the remaining parts of this Request is

5   substantially outweighed by the competitive sensitivity of the information sought, and the

6   protective order does not sufficiently protect the documents or information sought by this Request.

7   Apple further objects to Request No. 11 because "investment," "VR/AR/MR," "hardware

8   components," and "content" are undefined and open to interpretation.

9        Subject to and without waiving the foregoing objections, Apple states that it is willing to

10  continue to meet and confer regarding this Request.

11  DATED: September 19, 2022

12

13                                            */s/ Steven C. Sunshine*
                                              STEVEN C. SUNSHINE
14                                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                              1440 New York Avenue, N.W.
15                                            Washington, DC 20005-2111
                                              Telephone: (202) 371-7000
16                                            Facsimile: (202) 393-5760
                                              Email: steven.sunshine@skadden.com
17
                                              *Counsel for Non-Party Apple Inc.*
18

19

20

21

22

23

24

25

26

27

28

16

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I, Uyenchi Ho, declare that I am over the age of eighteen (18) and not a party to this action. I am employed by the law firm of Skadden, Arps, Slate, Meagher & Flom LLP.  My business address is 525 University Avenue, Suite 1400, Palo Alto, California 94301, and my email address is uyenchi.ho@skadden.com.

On September 19, 2022, I caused the foregoing document to be served on the following counsel of record to the below address:

Mark C. Hansen (mhansen@kellogghansen.com)
Aaron M. Panner (apanner@kellogghansen.com)
Geoffrey M. Klineberg (gklineberg@kelogghansen.com)
Jacob E. Hartman (jhartman@kellogghansen.com)
Kimberly V. Hamlett (khamlett@kellogghansen.com)

Mark C. Hansen
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C
1615 M Street N.W., Suite 400
Washington, DC, 20036

☒     **BY ELECTRONIC MAIL**:  The foregoing documents were served electronically by electronically mailing a true and correct copy through the firm's electronic mail system to the e-mail address(es), as stated above.

☒     **BY U.S. MAIL**:  I am readily familiar with the firms' practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Palo Alto, California and placed for collection and mailing following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 19, 2022 at Palo Alto, California.

_____          _____
     Uyenchi Ho
     PRINT NAME                                                     SIGNATURE

17

# Exhibit 2

**Federal Trade Commission v. Meta Platforms, Inc., et al., 5:22-cv-04325-EJD**
**Exhibit 2 – Chart re: Meta's Motion to Compel re: Document and Testimony Subpoena to Apple**

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| 2 | Documents sufficient to evidence the current and future Competitive Landscape for VR/AR/MR devices, hardware, software, and content, including (a) any competitive intelligence or analysis You conduct or rely on; and (b) Your market share or anticipated market share in the relevant market in which You operate. | Apple objects to Request No. 2 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action, including because: (i) it asks Apple, a non-party, to search for and produce documents concerning the current and future "Competitive Landscape" for VR/AR/MR devices, hardware, software, and content, even though necessary information concerning these products and software can be obtained from Meta itself; (ii) it seeks information about products that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; (iii) it is not restricted by any time period, and, as a result, seeks documents and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to | Meta proposes that Apple identify documents responsive to this request through a combination of non-custodial searches and a limited custodial search (two search terms run against four custodians).  This request is highly relevant, as the FTC's allegations are predicated in part by Meta's place in the current VR hardware market.  ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████, this targeted request is reasonable, poses minimal burden, and is proportional to the needs of the case.  Requested Custodians: ███████████ ███████ | Apple agreed to produce documents sufficient to evidence ███████████ ███████████ ███████████ ███████████ ███████████ ███████████. Apple is prepared to produce responsive, non-privileged information by November 4 and provide deposition testimony on this topic on November 14. Apple has made this offer, which tracks the language of the actual document request, even though Meta does not have a substantial need for Apple's internal documents concerning the competitive landscape (much less for custodial searches to unearth such documents), including because information about the competitive landscape is available to Meta from other sources, including Meta itself. *See In Re Apple iPhone Antitrust Litig.*, 2020 WL 5993223, at *6 (N.D. |  |

[1] Apple notes that Meta agreed to Apple's proposals concerning the topics, as outlined below and in the dispute letter, for which Apple offered to provide documents and deposition testimony "sufficient to evidence."  During the meet and confer process, Meta agreed that it could not identify any additional topic for which it would demand documents or deposition testimony, except for a request about the cost of developing content for Fitness+, which was not a request included in the subpoena and one Meta now appears to have dropped.  Thus, this dispute is not about the subpoena topics to which Apple will produce responsive, non-privileged documents. Accordingly, the sole area of dispute, as Apple has understood it, is whether Meta would accept document productions of documents "sufficient to evidence," as their requests are worded in the subpoena, or would instead demand full custodial searches that are not requested in or contemplated by the subpoena.

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | | take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action, and going back to 2019; and (iv) it requests documents that are publicly available, unknown to Apple, not in the possession, custody, or control of Apple, or not maintained by Apple in the ordinary course of business. Apple also objects to Request No. 2 as vague and ambiguous on the grounds that "relevant market" and "VR/AR/MR" are undefined and open to interpretation.  Apple further objects because products and offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the remaining Request is substantially outweighed by the competitive sensitivity of the information sought.<br><br>Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request. | <br><br>Requested Search Terms: | Cal. Oct. 9, 2020) (no substantial need for internal Samsung documents because "[t]here is no reason to think that Samsung has a better understanding of its competition with Apple than Apple does").  Finally, Meta's proposed searches are overbroad and will necessarily hit on documents that go beyond "the current and future Competitive Landscape" for VR devices. | |

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| 5 | Documents sufficient to evidence any strategic plans You have to develop or expand Your AR/VR/MR fitness products or offerings, including but not limited to Your business growth plan and sales projections. | Apple objects to Request No. 5 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of action, including because: (i) it requests information about products and offerings that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; and (ii) it is not restricted by any time period, and, as a result, seeks documents and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action, and going back to 2019. Apple further objects because any minimal relevance of this Request is substantially outweighed by the competitive sensitivity of the information sought, and the protective order does not sufficiently protect the documents or information sought by this Request. Apple also objects to Request No. 5 as vague and ambiguous because "AR/VR/MR" and "business | Meta proposes that Apple identify documents responsive to this request through a limited custodial search (a single search term run against four custodians). ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ██████ This targeted request is therefore reasonable, poses minimal burden, and is proportional to the needs of the case.<br><br>Requested Custodians: ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ █. | Apple agreed to produce documents sufficient to evidence ████████████. Apple is prepared to produce responsive, non-privileged information by November 4 and provide deposition testimony on this topic on November 14. Meta does not have a substantial need for full custodial searches because ██████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ████████ Finally, Meta's proposed searches are overbroad and will necessarily hit on documents that go beyond "strategic plans" for VR fitness apps. | |

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | | growth plan" are undefined and open to interpretation.<br><br>Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request. | Requested Search Terms:<br><br>█████████████<br><br>Requested Custodian:<br><br>█████████████<br><br>Requested Search Term:<br><br>█████████████ | | |
| 6 | Documents sufficient to evidence any strategic plans You have to enter or expand into the VR/AR/MR hardware, application store, or application markets, including but not limited to, (i) Your business growth plan and sales projections, and (ii) any planned or considered investment in or | Apple objects to Request No. 6 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action, including because: (i) it requests information about products and offerings that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; (ii) it is not restricted by any time period and, as a result, seeks documents | Meta has proposed, in satisfaction of this request, that Apple conduct a highly targeted custodial search ████████████████████. This | Apple agreed to produce documents sufficient to evidence ████████████████████. Apple is prepared to produce responsive, non-privileged information | |

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | acquisition of any software company developing VR/AR/MR software. | and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the Complaint was filed in this action, and going back to 2019; and (iii) it seeks documents regarding Apple's "planned or considered investment or acquisition" in companies developing "VR/AR/MR software," without limitation.  Apple further objects because products and offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the remaining parts of this Request is substantially outweighed by the competitive sensitivity of the information sought, and the protective order does not sufficiently protect the documents or information sought by this Request.  Apple also objects to Request No. 6 as vague and ambiguous because "VR/AR/MR," "application store," "application markets," and "business growth plan" are undefined and open to interpretation. | request is reasonable, poses minimal burden, and is proportional to the needs of the case. ██████████████████ ██████████████████ █████████████. <br><br> Requested Custodian: ██████████████ ██████████ <br><br> Requested Search Term: ██████████████████ ██████████████████ ██████████████ ██████████ | by November 4 and provide deposition testimony on this topic on November 14.  Meta does not have a substantial need for full custodial searches concerning ████████████ ██████████████████ ██████████████████ ██████████████████ █████████ <br><br> Finally, Meta's proposed search is not "highly targeted," rather it is extraordinarily overbroad. | |

5

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | | Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request. | | | |
| 9 | Documents sufficient to evidence Your relationship (existing or anticipated) with any VR/AR/MR application stores through which users can, or will be able to in the future, download or purchase content for use on Your product(s). | Apple objects to Request No. 9 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action, including because: (i) it requests information about products and offerings that are outside the scope of the relevant markets as alleged in the Complaint; (ii) it is not restricted by any time period, and, as a result, seeks documents and information regarding events, occurrences, strategic plans, or conditions at any time, including those contemplated to take place, occur, or exist on or after July 27, 2023, i.e., over one year after the complaint was filed in this action, and going back to 2019; and (iii) Apple's relationships with application stores have no (or, at most, minimal) relevance to the claims or defenses in this action.  Apple further objects because products and offerings unrelated to fitness are not relevant to this action, and any minimal relevance of | Meta has proposed, in satisfaction of this request, that Apple conduct a highly targeted custodial search – ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  This request is reasonable, poses minimal burden, and is proportional to the needs of the case.  ███████████████████████████████████.

Requested Custodian:
██████████████████████

Requested Search Term:
████████████████████████ | Apple agreed to produce documents sufficient to evidence ██████████████████████████████████████████.

Apple is prepared to produce responsive, non-privileged information by November 4 and provide deposition testimony on this topic on November 14.  Meta does not have a substantial need for its proposed custodial searches ████████████████████████████████████████████████████.  Finally, Meta's proposed searches are extraordinarily overbroad. | |

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | | the remaining parts of this Request is substantially outweighed by the competitive sensitivity of the information sought, and the protective order does not sufficiently protect the documents or information sought by this Request.  Apple also objects to Request No. 9 as vague and ambiguous because the terms "VR/AR/MR," "application stores," and "relationship" are undefined and open to interpretation.<br><br>Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request. | | | |
| 10 | Documents sufficient to evidence Your relationship (existing or anticipated) with any VR/AR/MR developer. | Apple objects to Request No. 10 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action, including because it seeks documents regarding any VR/AR/MR developer, without limitation and without reference to the scope of the product and geographic markets as alleged in the Complaint.  Apple further objects because products and | Meta has proposed, in satisfaction of this request, that Apple conduct a highly targeted custodial search – ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮.▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮. This | Apple agreed to produce documents sufficient to evidence ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Apple is prepared to produce responsive, non-privileged | |

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | | offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the remaining parts of this Request is substantially outweighed by the competitive sensitivity of the information sought, and the protective order does not sufficiently protect the documents or information sought by this Request. Apple also objects to Request No. 10 as vague and ambiguous because the terms "VR/AR/MR," "relationship," and "developer" are undefined and open to interpretation.  Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request. | request is reasonable, poses minimal burden, and is proportional to the needs of the case.  ████████████████████ ████████████████ .  Requested Custodian: ████████████████ ███████  Requested Search Term: ████████████████████ ████████████████████ ████████████ | information by November 4 and provide deposition testimony on this topic on November 14.  Meta does not have a substantial need for its proposed custodial searches, ████████████████████ ████████████████████ ████████████████████ ████████████████ .  Finally, Meta's proposed searches, ████████████████████ ████████████ , are extraordinarily overbroad, in addition to being irrelevant to this litigation. | |
| 11 | Documents sufficient to evidence Your investment in VR/AR/MR in each of the past five years, including, but not limited to, any acquisitions related to VR/AR/MR hardware, hardware components, and software or content. | Apple objects to Request No. 11 on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of this action, including because: (i) Apple's investment in VR/AR/MR is of no (or, at most, minimal) relevance to any claims or defenses; (ii) it purports to seek documents | Meta has proposed, in satisfaction of this request, that Apple conduct a highly targeted custodial search – ███████ ████████████████████ ████████████████████ ████████████████████ . | Apple agreed to produce documents sufficient to evidence ████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ | |

8

| RFP Nos. | Disputed Request | Apple's Response | Meta's Proposal | Apple's Proposal[1] | Court's Decision |
|---|---|---|---|---|---|
| | | about products and software that are outside the scope of the relevant product and geographic markets as alleged in the Complaint; and (iii) it seeks evidence regarding an overbroad time period. Apple further objects because products and offerings unrelated to fitness are not relevant to this action, and any minimal relevance of the remaining parts of this Request is substantially outweighed by the competitive sensitivity of the information sought, and the protective order does not sufficiently protect the documents or information sought by this Request. Apple further objects to Request No. 11 because "investment," "VR/AR/MR," "hardware components," and "content" are undefined and open to interpretation.<br><br>Subject to and without waiving the foregoing objections, Apple states that it is willing to continue to meet and confer regarding this Request. | ████████████. This request is reasonable, poses minimal burden, and is proportional to the needs of the case.<br><br>████████████<br><br>Requested Custodian:<br>████████████<br><br>Requested Search Term:<br>████████████ | ████. Apple is prepared to produce responsive, non-privileged information by November 4 and provide deposition testimony on this topic on November 14. Meta does not have a substantial need for its proposed custodial searches████████████<br><br>Finally, Meta's proposed searches are extraordinarily overbroad. | |

1

2

3

4

5

6

7

8             UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11   FEDERAL TRADE COMMISSION,          Case No. 5:22-cv-04325-EJD (SVK)

12           Plaintiff,                 **DEFENDANT META PLATFORMS,
                                        INC.'S [PROPOSED] ORDER**
     v.                                 **REGARDING DISPUTE ON SUBPOENA**
13                                      **TO NON-PARTY APPLE, INC.**
     META PLATFORMS, INC., et al.,      **DATED OCTOBER 25, 2022**
14
                                        Dept.:  Courtroom 6 – 4th Floor
15           Defendants.                Judge:  Hon. Edward J. Davila
                                        Magistrate Judge Susan van Keulen
16

17

18

19

20

21

22

23

24

25

26

27

28

Upon consideration of the Joint Statement Regarding Dispute on Subpoena to Non-Party Apple Inc. filed by Defendant Meta Platforms, Inc. ("Meta") and Apple Inc. ("Apple") on October 25, 2022, and good cause having been shown, IT IS HEREBY ORDERED that Meta's motion to compel is **GRANTED**.  Non-Party Apple shall respond to Meta's discovery requests promptly or within three (3) business days, specifically:

1.    in response to Defendant's Request for Product No. 2, conduct a highly targeted custodial search comprised of the terms identified in Meta's Proposal identified in Joint Statement Exhibit 2 and produce responsive documents;

2.    in response to Defendant's Request for Product No. 5, conduct a highly targeted custodial search comprised of the terms identified in Meta's Proposal identified in Joint Statement Exhibit 2 and produce responsive documents;

3.    in response to Defendant's Request for Product No. 6, conduct a highly targeted custodial search comprised of the terms identified in Meta's Proposal identified in Joint Statement Exhibit 2 and produce responsive documents;

4.    in response to Defendant's Request for Product No. 9, conduct a highly targeted custodial search comprised of the terms identified in Meta's Proposal identified in Joint Statement Exhibit 2 and produce responsive documents;

5.    in response to Defendant's Request for Product No. 10, conducting a highly targeted custodial search comprised of the terms identified in Meta's Proposal identified in Joint Statement Exhibit 2 and produce responsive documents; and

6.    in response to Defendant's Request for Product No. 11, conduct a highly targeted custodial search comprised of the terms identified in Meta's Proposal identified in Joint Statement Exhibit 2 and produce responsive documents.

**SO ORDERED.**

DATED: _____, 2022      _____
                                    Honorable Susan Van Keulen
                                    United States Magistrate Judge
                                    Northern District of California

META'S [PROPOSED] ORDER                              Case No. 5:22-cv-04325-EJD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **[PROPOSED] ORDER REGARDING JOINT DISCOVERY STATEMENT DATED OCTOBER 26, 2022** |
| v. | |
| **META PLATFORMS, INC., et al.,** | Dept.:   Courtroom 6 – 4th Floor |
| Defendants. | Judge:   Honorable Susan van Keulen |

Upon Consideration of Meta Platforms, Inc. and Apple Inc.'s Joint Statement Regarding Discovery Dispute filed on October 26, 2022, and good cause having been show, IT IS HEREBY ORDERED that Meta's motion to compel is **DENIED.**

**SO ORDERED**

Dated: _____                    _____

Susan Van Keulen
United States Magistrate Judge

APPLE INC.'S PROPOSED ORDER                                    Case No. 5:22-cv-04325-EJD