Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghannsen.com
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD (SVK)<br><br>**JOINT STATEMENT REGARDING DISPUTE ON SUBPOENA TO NON-PARTY APPLE INC.**<br><br>Dept.:  Courtroom 6 – 4th Floor<br>Honorable Edward J. Davila<br>Magistrate Judge Susan van Keulen |

Defendant Meta Platforms, Inc. moves to compel the production of certain documents from non-Party Apple, Inc. Meta and Apple have conferred via phone five times and exchanged numerous emails, but have been unable to reach resolution on custodial searches. Apple's Objections and Responses to Meta's Subpoena to Produce Documents are attached as **Exhibit 1**. A joint chart containing the respective proposed compromises is attached as **Exhibit 2**. Non-party fact discovery closes on November 18, 2022, 24 days from the date of this filing.

<u>**META'S POSITION**</u>

Meta served a subpoena on Apple for deposition testimony and production of certain documents. Over the past six weeks, Meta has worked with Apple, and substantially limited its requests to only those most relevant and essential to its case. While Apple has generally agreed to produce documents responsive to Meta's subpoena, it has refused to conduct the limited custodial searches that Meta has requested relating to several critical topics. Apple's objections based on over breadth, undue burden, proportionality, and relevance are meritless. The Court should compel Apple to comply with Meta's subpoena and conduct the limited custodial searches that Meta has requested by October 31, 2022.

**I.    Meta Seeks Highly Relevant Information From Apple**

The discovery Meta seeks from Apple is highly relevant. The FTC has alleged in the Amended Complaint a market for "VR Dedicated Fitness Apps," limited to only seven VR fitness apps, who are allegedly constrained from oligopolistic behavior only by Meta's potential entrance into the market. ██████████████████████████████████████████████ ██████████████████████████████████████████████ Apple currently offers Apple Fitness+ on all Apple products which competes with Within's Supernatural fitness app. ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████

Apple's objections to custodial searches based on over breadth, undue burden, and proportionality lack merit. Meta has requested four custodial searches as an objective check on Apple's subjective determinations of which of their documents are "sufficient to evidence" the documents its competitor, Meta, seeks. For Fitness+, Meta has requested that Apple run a single search term string over the files of a single custodian – ▓▓▓▓▓▓▓▓▓▓ – ▓▓▓▓▓▓▓▓▓▓ (RFPs 5-6, 9-11). Apple has refused to conduct this search, but has not identified any actual burden that such a search would entail. ▓▓▓▓▓▓ Meta has requested that Apple run three search strings across the files of four custodians – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The targeted searches – found in the corresponding chart – are intended to eliminate any competitive bias Apple may have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. As with Meta's Fitness+ request, Apple has refused to conduct any custodial search, but has not identified any actual burden that the requested search would entail.

## II. Third-Party Custodial Searches Are Common in Antitrust Matters

Apple's refusal to conduct custodial searches in response to Meta's subpoena is based on its claims that doing so would be unduly burdensome and disproportionate. Apple has failed to substantiate those claims. Nonparties (including Apple) in antitrust cases of similar scope and complexity routinely conduct custodial searches at a much larger scale than Meta is requesting here. *See, e.g.*, Status Report at 1, FTC v. Qualcomm Inc., No. 5:17-cv-00220-LHK, Dkt. 663 (N.D. Cal. Mar. 30, 2018) ("Apple has produced more than 4.1 million documents totaling over 37 million pages" based on search-term-based review of documents from 45 agreed-upon custodians). Courts

also routinely require non-parties to conduct such searches. *See V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (compelling nonparty individual in antitrust case to conduct custodial email searches); *Tera II, LLC v. Rice Drilling D, LLC*, 2022 WL 1114943, at *4-6 (S.D. Ohio Apr. 14, 2022) (compelling non-party to perform custodial search); *Aquastar Pool Prods., Inc. v. Paramount Pool & Spa Sys.*, 2019 WL 250429, at *3 (D. Ariz. Jan. 17, 2019) (same).

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

████████████████ *See Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) ((requiring disclosure of custodians and search terms to "uncover[] sufficiency of [non-party's] production").

This Court should order Apple to conduct the limited custodial searches requested by Meta.

### APPLE'S POSITION

Meta's motion to compel a full custodial and search term production is a thinly disguised effort to further its PR campaign against Apple, ignore the relevant issues here, and distract from its own troubling conduct. Meta's proposed custodial searches are overbroad and of minimal relevance.

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████ Yet, notwithstanding Apple's agreement to provide deposition testimony and "documents sufficient to evidence" various topics that Meta agrees fully encompass Apple's limited relevance, Meta insists on invasive and burdensome discovery into Apple's secret plans, which also exceeds the scope of the subpoena it served on Apple.

████████████████████████████████████████

1 █████████████████████████████████████████████████████████

2 █████████████████████████████████████████████████████████

3 █████████████████████████████████████████████████████████

4 █████████████████████████████████████

5 ████████████████████████████████████ Meta and Apple agreed that Apple would provide, among other things, documents and deposition testimony "sufficient to evidence" ██████████████████████████.[1] Apple is preparing to produce responsive documents *this week*, substantially complete productions next week, and be deposed on November 14.

    Meta now wrongly insists that Apple must conduct custodial searches to comply with the subpoena. That argument fails for two reasons. ***First***, the proposed searches are significantly broader than Meta's subpoena. ***Second***, Meta does not have a substantial need for full custodial searches.

    Importantly, the subpoena does not call for custodial searches. When a subpoena requests "documents sufficient to evidence," then "not every responsive document need be produced," and the responding party "may focus . . . on the particular custodian or custodians likeliest to have a reasonable cross-section of the requested documents without going to the extra expense and burden of attempting to locate every potentially responsive document." *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 11539486, at *2 (N.D. Ala. Aug. 1, 2017).

    In any event, Meta does not have a "substantial need" for custodial searches, as is required to obtain a non-party's confidential commercial information. *In re Apple iPhone Antitrust Litig.*, 2020 WL 5993223, at *3 (N.D. Cal. Oct. 9, 2020) (citing Fed. R. Civ. P. 45(d)). ████████████

█████████████████████████████████████████████████████████ As Mark Zuckerberg

---

[1] In addition to the above Fitness+ topics, Apple agreed to provide documents and deposition testimony sufficient to evidence: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

4

JT. STMT. RE SUBPOENA TO APPLE INC.                                      Case No. 5:22-cv-04325-EJD

Case 5:22-cv-04325-EJD   Document 139   Filed 10/26/22   Page 6 of 8

complained, "[i]t's been very hard for [Meta] to have any sense of what [Apple is] doing" with VR.[2] Thus, Meta must show a "clear cut need" for this discovery and it must "narrowly draw[ requests] to meet specific needs." *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011).

Meta has not shown a substantial need for custodial searches. The FTC must prove that Meta's acquisition would substantially lessen competition in a VR dedicated fitness apps market. ███████ ████████████████████████████████████████████████████████████████████████████████ and are disproportionate to the needs of this PI and TRO hearing. This is particularly so given the volume of irrelevant, ████████████████████████████████████████████████████████████████.[3]

Meta's invented rationales for custodial searches are: (i) a false allegation of "competitive bias" (*supra*, 2:14); (ii) ████████████████████████████████████████████████████████ (*supra*, 3:5-11); and (iii) court orders for third party discovery in massive, fully litigated antitrust actions—not PI hearings or merger challenges (*supra*, 2:25-3:5). Meta points to no facts (and there are none) supporting the slightest inference that Apple cannot comply with the subpoena due to "bias."[4] Meta's attempt to invent a concern to justify its fishing expedition should not be countenanced. ███████ ████████████████████████████████████████████████████████████████████████████████ Finally, Meta fails to cite a single merger enforcement action to support its position, let alone identify any court-ordered custodial searches by a non-party in connection with a PI or TRO hearing.

This Court should deny Meta's motion to compel custodial productions.

---

[2] Alex Heath, "Mark Zuckerberg on the Quest Pro," *The Verge* (Oct. 11, 2022), https://www.theverge.com/23397187/mark-zuckerberg-quest-pro-metaverse-interview-decoder.
[3] On preliminary review, Meta's proposed searches would yield many thousands of documents.
[4] ████████████████████████████████████████████████████████████████████████████████

5

JT. STMT. RE SUBPOENA TO APPLE INC.                                         Case No. 5:22-cv-04325-EJD

| | | |
|---|---|---|
| 1 | DATED: October 26, 2022 | Respectfully submitted, |
| 2 | By: /s/ *Caroline Van Ness* | By: /s/ *Mark C. Hansen* |

Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4686
caroline.vanness@skadden.com

Steven C. Sunshine (*pro hac vice forthcoming*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7860
steve.sunshine@skadden.com

Evan R. Kreiner (*pro hac vice forthcoming*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2491
evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Geoffrey M. Klineberg (*pro hac vice*)
James M. Webster (*pro hac vice* pending)
Jacob E. Hartman (*pro hac vice* pending)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice* )
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
gklineberg@kellogghansen.com
jwebster@kellogghansen.com
jhartman@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

Diane P. Sullivan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199
diane.sullivan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
eric.hochstadt@weil.com

*Counsel for Defendant Meta Platforms, Inc.*