MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

Attorneys for Defendant META PLATFORMS, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**PARTIES' JOINT STATEMENT REGARDING 30(B)(6) DEPOSITION OF FTC**<br><br>Dept.:  Courtroom 6 – 4th Floor<br>Honorable Edward J. Davila<br>Magistrate Judge Susan van Keulen |

Defendants Meta Platforms, Inc. and Within Unlimited, Inc. move to compel the 30(b)(6) deposition of the FTC. Defendants noticed the 30(b)(6) deposition of the FTC on October 7, 2022. After meeting and conferring regarding Defendants' notice of 30(b)(6) deposition to the FTC, Defendants' served an amended notice on October 19, 2022. The FTC continues to object to the 30(b)(6) deposition, asserting work product and deliberative process privilege. Party discovery closes today, and third-party discovery closes November 18, 2022, 23 days from the date of this filing. Defendants' original 30(b)(6) deposition notice is attached as **Exhibit 1**, the amended deposition notice is attached as **Exhibit 2**, and the parties' joint chart exhibit is attached as **Exhibit 3**.

## DEFENDANTS' POSITION

The FTC has taken the extreme position of refusing to produce *any* representative for a Rule 30(b)(6) deposition on the FTC's product market and competitive effects allegations, as well as on issues of agency bias that infect this lawsuit. The FTC's objections are not supported by law and substantially prejudice Defendants in this expedited proceeding where there is no legitimate basis for the FTC to continue withholding highly relevant information at the close of fact discovery.

**I.  The FTC Cannot Avoid Being Deposed by Claiming Its Designee Must be an Attorney.**

The FTC's argument that it should not be deposed because its representative must be an attorney deserves short shrift. First, as the FTC knows, it is not required to designate an attorney as its representative and is free to designate anyone it wishes (such as a staff member, economist, or other employee), so long as the FTC sufficiently educates its designee(s) on the subject matter of the noticed topics. *See FTC v. CyberSpy Software, LLC* 2009 WL 8708856, at *3 (explaining that Rule 30(b)(6) allows the FTC to designate whom it wishes to provide testimony); Fed. R. Civ. P. 30(b)(6) ("The named organization must designate one or more officers, directors, or managing agents, or designate *other persons* who consent to testify on its behalf . . . .") (emphasis added).  Second, as explained below, regardless of who the FTC designates, its blanket assertions of privilege are improper because the deposition topics are narrowly tailored to seek the factual bases of the FTC's allegations.

**II.  The Noticed Deposition Topics Concern Highly Relevant, Non-Privileged Information.**

The FTC claims that answering Defendants' questions about the bases for its factual allegations on the alleged relevant market and the competitive effects of the transaction would necessarily disclose

its attorneys' mental impressions. That conclusory position has been repeatedly rejected by courts. *See, e.g.*, *Fed. Trade Comm'n v. DirecTV, Inc.*, 2015 WL 7775274, at *5 (N.D. Cal. Dec. 3, 2015) (compelling 30(b)(6) deposition of FTC over objections on work product and deliberative process grounds and finding defendants' deposition topics were "designed to elicit discoverable information" because "[t]he factual information gathered by the FTC may be relevant"); *Fed. Trade Comm'n v. Vylah Tec LLC*, 2018 WL 3656474, at *10 (M.D. Fla. Aug. 2, 2018) (compelling 30(b)(6) deposition of FTC over objections on relevance grounds and finding that defendants' deposition topics were "seek[ing] information regarding the facts underlying Plaintiff's allegations" and that "courts have held that defendants should be able to inquire into the facts upon which a plaintiff relies in support of its complaint"); *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320 (M.D. Fla. 2011) (reversing denial of the defendant's motion to compel a 30(b)(6) deposition, where defendant sought "the specific facts, information, documents, and/or other evidence specifically relied upon by the [Commission], which support a specific cause of action and claim(s) for relief asserted by the [Commission]").

Here, the noticed topics squarely relate to the facts underlying the FTC's allegations, including those that the FTC claims support its "VR Dedicated Fitness App" market, and to Defendants' affirmative defenses.[1] *See, e.g.*, Topic 2 ("[t]he factual bases for the FTC's alleged 'VR Dedicated Fitness App' market set forth in Paragraphs 35-46 of the Amended Complaint"); Topic 3 ("The identities of any third parties who have told the FTC they support or oppose the Merger, and the factual bases that any such third party provided to the FTC."); Topic 4 ("The factual bases for the FTC's allegation in Paragraph 52 of the Amended Complaint that '[t]he market for VR Dedicated Fitness Apps is highly concentrated.'"). Defendants have a legitimate need to discover the FTC's positions on the noticed topics because: (i) the FTC brought this lawsuit without testimony from *any* party opposing the acquisition; and (ii) its Court-ordered supplemental interrogatory responses (Dkt. 98-1) on the alleged markets were non-existent as to the broad "VR Fitness Apps" market (because the FTC dropped those allegations after the ruling) and the FTC's responses are unintelligible as to the narrow alleged "VR Dedicated Fitness

---

[1] Defendants have agreed to hold in abeyance the limited affirmative-defense related topics until the Court rules on Defendants' motion to compel discovery related to their affirmative defenses. Dkt. 125.

Apps" market. For example, in its *fourth* response to Interrogatory No. 3, the FTC cites to certain documents as support for seven apps it claims are in the alleged VR Dedicated Fitness Apps market, but those same documents identify *numerous other* "VR Dedicated Fitness Apps" that the FTC does not include. The FTC has not identified anything beyond descriptions of features that various apps have in common as the purported factual basis for its allegation that certain apps are in the "VR Dedicated Fitness Apps" market but not others. A deposition will efficiently extract that information, and it is imperative that Defendants depose the FTC prior to the November 11 deadline for Defendants' expert reports.

### III. The FTC's Objections Are Not Grounds For Withholding Discovery.

The FTC's blanket assertion of privilege and its refusal to designate a representative are wholly improper. *See In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 602 (N.D. Cal. 2009). For example, in *Fed. Trade Comm'n v. DirecTV, Inc.*, the court ruled that the FTC's objections *during* a 30(b)(6) deposition to topics regarding the factual bases for the FTC's allegations were improper. 2015 WL 7775274, at *5. Here, the FTC takes the even more extreme—and unsupported—position that it need not even designate a witness to be deposed despite having put the subjects for examination at issue by bringing this lawsuit. *See Fed. Trade Comm'n v. Vylah Tec LLC*, 2018 WL 3656474, at *10. The Court should not endorse the FTC's attempt to run out the clock on fact discovery. Rather, the Court should compel the 30(b)(6) deposition of the FTC on the noticed topics.

### PLAINTIFF'S POSITION

Having previously issued a facially overbroad and otherwise defective Rule 30(b)(6) Deposition Notice containing 31 topics, Defendants issued an Amended Rule 30(b)(6) Deposition Notice (the "Notice") to the FTC on October 19, one week before the close of fact discovery. The Notice suffers from the same defects as Defendants' original notice. It consists of topics that (1) impermissibly seek the examination of FTC attorneys on privileged matters (e.g., Nos. 1-5, 8-13); (2) seek testimony that is "unreasonably cumulative [and] duplicative" of information that the Defendants have already obtained from the FTC (e.g., Nos. 1-2, 4-5, 8); and (3) fail to "describe with reasonable particularity the matters for examination" (e.g., Nos. 6, 7, 12). Fed. R. Civ. P. 26(b)(2)(C) and 30(b)(6).

**1.     The topics impermissibly seek (attorney) testimony on privileged matters.**

Numerous courts in this district and elsewhere have barred parties from taking Rule 30(b)(6) depositions that would seek the practical equivalent of an examination of opposing counsel. *See, e.g.*, *SEC v. Jasper*, 2009 WL 1457755, at *2-3 (N.D. Cal. May 26, 2009); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992). Attorney depositions are permitted only upon a showing that "(1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Jasper*, 2009 WL 1457755, at *2 (citing *Shelton v. American Motors*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000)). Defendants have not and cannot make such a showing. Indeed, Defendants have already sought—and received—the factual basis for certain contentions they have identified as Topics (*see, e.g.*, Dkt. 91-1, Responses to Defendants' Interrogatory Nos. 3-5, 7) and nowhere do they suggest they lack the means to pursue other facts—let alone crucial ones—in a manner that does not require an examination of opposing counsel.

Defendants' argument that the FTC "is free to designate anyone it wishes" disregards the substance of the noticed topics. Topic 1, for example, seeks testimony on "The FTC's Amended Second Supplemental Responses to Defendants' Interrogatory Nos. 3-5 . . .", and Topics 2 and 4-5 also seek testimony regarding responses to interrogatories or allegations subsumed in those responses.[2] But "answering . . . interrogatories customarily is performed with the assistance of counsel." *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000). And here, where the FTC lacks independent knowledge of facts relating to the Defendants' transaction, it would either have to designate at attorney or reveal attorney work product in preparing a non-attorney to testify to attorney mental impressions regarding facts the FTC has already disclosed in written discovery responses.

As such, here, even assuming examination of counsel were not required, concerns regarding privilege should bar a Rule 30(b)(6) deposition in favor of other forms of discovery. In light of prior discovery through which Defendants obtained (or had the opportunity to obtain) the underlying facts, the noticed topics can only be construed to seek privileged communications. *See, e.g.*, *id.* at *9 (holding

---

[2] The Court previously denied Defendants' motion to compel disclosure of the information sought in Topic 3. *See* ECF No. 98-1.

interrogatories would pose "infinitely less intrusion upon privilege concerns"); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (holding other forms of discovery less likely to "implicate[] serious privilege concerns"); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466-67 (E.D. Mo. 1994) (holding where EEOC "complied with all of the defendant's discovery requests," any further information sought was privileged).

**2.  The topics are unreasonably cumulative, duplicative, and pose an undue burden.**

Defendants' Notice also fails to comply with the rule of proportionality, which applies with equal force to Rule 30(b)(6) depositions. *Arnett v. Bank of Am., N.A.*, 2012 WL 13055461, at *2 (D. Or. Dec. 17, 2012). Again, given the FTC's extensive responses to discovery—including contention interrogatories, *see* Ex. 3—several topics (Nos. 1-2, 4-5, 8) are unreasonably cumulative, duplicative, and pose an undue burden. Fed. R. Civ. P. 26(b)-(c). The undue burden here is amplified by the complexity of the subject matter here concerning product market definition. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286-888 (N.D. Cal. 1991) (where a Rule 30(b)(6) topic calls for testimony so granular that "no human being . . . could reliably and completely set forth [the] material," party may be directed to seek testimony through interrogatories).

Defendants' cases have no bearing here. *FTC v. DirecTV, Inc.*, 2015 WL 7775274, at *4 (N.D. Cal. Dec. 3, 2015) simply addressed whether certain narrow, relevant questions asked during a 30(b)(6) deposition were privileged. *FTC v. Vylah Tec LLC*, 2018 WL 3656474, at *10 (M.D. Fla. Aug. 2, 2018) opined that certain facts underlying Plaintiffs' allegations were relevant.  Unlike those cases, in this case, the FTC has already provided such facts.

**3.  The topics do not describe matters for examination with reasonable particularity.**

Last, the Notice fails to specify certain topics with reasonable particularity. It seeks testimony on allegations summarizing the "multiple harmful outcomes" resulting from reduced competition (Topic 7), on a point Defendants themselves admitted about "innovation and growth" in the VR industry (Topic 6), and on "conclusions" of an unrelated study that predates this proposed merger (Topic 12). That information is too broad and complex to warrant preparation of a Rule 30(b)(6) witness. *See, e.g.*, *TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, *1 (N.D. Cal. 2012) (seeking testimony on all facts too vague and broad); *FTC v. Adept Mgmt. Inc.*, 2018 WL 11415859 (similar).

| | |
|---|---|
| Dated: October 26, 2022 | Respectfully submitted, |
| | WEIL, GOTSHAL & MANGES LLP |
| | By: /s/ *Eric S. Hochstadt* |
| | BAMBO OBARO (Bar No. 267683)<br>bambo.obaro@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway, 6th Floor<br>Redwood Shores, CA 94065-1134<br>Telephone: (650) 802-3000<br>Facsimile: (650) 802-3100 |
| | MICHAEL MOISEYEV (*pro hac vice*)<br>michael.moiseyev@weil.com<br>CHANTALE FIEBIG (*pro hac vice*)<br>chantale.fiebig@weil.com<br>JEFFREY H. PERRY (*pro hac vice*)<br>jeffrey.perry@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>2001 M Street, NW, Suite 600<br>Washington, DC 20036<br>Telephone: (202) 682-7000<br>Facsimile: (202) 857-0940 |
| | DIANE P. SULLIVAN (*pro hac vice*)<br>diane.sullivan@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>17 Hulfish Street, Suite 201<br>Princeton, NJ  08542<br>Telephone: (609) 986-1100<br>Facsimile:  (609) 986-1199 |
| | ERIC S. HOCHSTADT (*pro hac vice*)<br>eric.hochstadt@weil.com<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |
| | Mark C. Hansen (*pro hac vice*)<br>mhansen@kellogghansen.com<br>Geoffrey M. Klineberg (*pro hac vice*)<br>gklineberg@kellogghansen.com<br>Aaron M. Panner (*pro hac vice*)<br>apanner@kellogghansen.com |

|     |     |     |
| --- | --- | --- |
| 1   |     | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. |
| 2   |     | 1615 M Street, N.W., Suite 400 |
|     |     | Washington, D.C. 20036 |
| 3   |     | Telephone: (202) 326-7900 |

*Attorneys for Defendant META PLATFORMS, INC.*

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

Lauren Battaglia (*pro hac vice*)
Logan M. Breed (*pro hac vice*)
Benjamin Holt (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.: (202) 637-5600
Facsimile No.: (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

*Counsel for Within Unlimited, Inc.*

Dated: October 26, 2022

Respectfully submitted,

FEDERAL TRADE COMMISSION

By:  /s/ *Abby L. Dennis*

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson

Andrew Lowdon
Lincoln Mayer
Erika Meyers
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, Eric S. Hochstadt, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Abby L. Dennis concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: October 26, 2022                     */s/ Eric Hochstadt*
                                            ERIC S. HOCHSTADT