1  ERIC S. HOCHSTADT (*pro hac vice*)
   eric.hochstadt@weil.com
2  WEIL, GOTSHAL & MANGES LLP
   767 Fifth Avenue
3  New York, NY 10153
   Telephone: (212) 310-8000
4  Facsimile: (212) 310-8007

5  MARK C. HANSEN (*pro hac vice*)
   mhansen@kellogghansen.com
6  KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.
7  1615 M Street, N.W., Suite 400
8  Washington, D.C. 20036
   Telephone: (202) 326-7900
9  Facsimile: (202) 326-7999

10 Attorneys for Defendant META PLATFORMS, INC.

11 CHRISTOPHER J. COX, CA Bar No. 151650
12 chris.cox@hoganlovells.com
   HOGAN LOVELLS US LLP
13 855 Main St., Suite 200
   Redwood City, CA 94063
14 Telephone No.: (650) 463-4000
15 Facsimile No.: (650) 463-4199

16 Attorneys for Defendant WITHIN UNLIMITED, INC.

17 (Additional Counsel Listed on Signature Page)

18                UNITED STATES DISTRICT COURT
19                NORTHERN DISTRICT OF CALIFORNIA
20                      SAN JOSE DIVISION

21 | FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |
22 | Plaintiff, | **DEFENDANTS META PLATFORMS,** |
23 | v. | **INC.'S AND WITHIN UNLIMITED, INC.'S** |
24 | META PLATFORMS, INC., et al., | **AMENDED NOTICE OF DEPOSITION TO PLAINTIFF FEDERAL TRADE** |
25 | Defendants. | **COMMISSION** |
26 |  | Date: Thursdays |
27 |  | Time: 9:00 a.m. |
   |  | Dept.: Courtroom 4 – 5th Floor |
28 |  | Judge: Honorable Edward J. Davila |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within"), by and through undersigned counsel, will take the deposition of Plaintiff Federal Trade Commission ("FTC"). The deposition will take place on October 26, 2022 at the offices of Weil, Gotshal & Manges LLP, 2001 M Street, NW, Washington, DC 20036 or remotely. The deposition shall continue from day to day (weekends and holidays excepted) until concluded, and shall be recorded stenographically and by video tape.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the FTC shall designate one or more witnesses to testify on its behalf as to all facts and other information known or reasonably available to the FTC relating to the subject matters set forth in the Schedule of Deposition Topics, and not just about information personally known to the witness or witnesses. If the designated witness or witnesses do not possess such knowledge, the FTC shall prepare them so that they may give knowledgeable and binding answers per the requirements of Rule 30(b)(6).

Dated: October 19, 2022                                  Respectfully submitted,

                                                    WEIL, GOTSHAL & MANGES LLP

                                                    By:  /s/ Eric Hochstadt

                                                    ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP

|   |   |
|---|---|
| 1 | 17 Hulfish Street, Suite 201 |
| 2 | Princeton, NJ  08542<br>Telephone: (609) 986-1100<br>Facsimile:  (609) 986-1199 |
| 3 | |
| 4 | BAMBO OBARO (Bar No. 267683)<br>bambo.obaro@weil.com |
| 5 | WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway, 6th Floor |
| 6 | Redwood Shores, CA 94065-1134<br>Telephone: (650) 802-3000 |
| 7 | Facsimile: (650) 802-3100 |

---

17 Hulfish Street, Suite 201
Princeton, NJ  08542
Telephone: (609) 986-1100
Facsimile:  (609) 986-1199

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MARK C. HANSEN (pro hac vice)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (pro hac vice)
gklineberg@kellogghansen.com
AARON M. PANNER (pro hac vice)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX, CA Bar No. 151650
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
LAUREN BATTAGLIA (pro hac vice)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (pro hac vice)
logan.breed@hoganlovells.com
BENJAMIN HOLT (pro hac vice)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (pro hac vice)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

# SCHEDULE OF DEPOSITION TOPICS

## DEFINITIONS

1. "**Action**" means the action captioned *Federal Trade Commission, et al. v. Meta Platforms, Inc., et al.*, Case No. 5:22-CV-04325-EJD, which is currently pending in the United States District Court for the Northern District of California.

2. "**Communication**" means any exchange of information between two or more Persons, through any mode of conveying information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, faxes, conversations, interviews, meetings, hearings, or other written, electronic or spoken language or graphics, however transmitted or stored.

3. "**Concerning**," "**Related to**," and "**Regarding**" means analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, evidencing, identifying, involving, reporting on, relating to, reflecting, referring to, regarding, studying, mentioning, or pertaining to, in whole or in part.

4. "**Data**" means facts, statistics, or other information of any kind, however produced or reproduced, which can be used for purposes of calculation or analysis.

5. "**Document**" means written or graphic material of any kind, however produced or reproduced, whether draft or final, original or reproduction, including: contracts, memoranda, brochures, pamphlets, letters, emails (including attachments, message content, and header information), faxes, diaries, financial statements, bank statements, bills, invoices, wire transfer confirmations, minutes, notes, summaries of communications, photographs, and audio or video recordings. "Document" also includes all drafts or non-identical copies, such as those bearing comments in the margin or other marks or notations not present on the original or final copy. If any "Communication" or "Data" is reduced to writing or other recordation, it is also a "Document."

6. "**Extended Reality**" means hardware and software components relating to delivering virtual reality, mixed reality, augmented reality, or other enhanced reality experiences to users.

7. "**Federal Complaint**" means the complaint for a temporary restraining order and preliminary injunction filed by Plaintiff FTC in the Action on July 27, 2022.

8. **"Fitness Solutions"** means hardware, software, video content, app-based content, online content, and in-person activities intended to result in health and wellness outcomes for users and participants.

9. **"FTC"** means the Federal Trade Commission, its officers, Commissioners, employees, agents, representatives, affiliates, consultants, advisors, successors, or predecessors, as well as all persons acting on the FTC's behalf, and any and all persons associated with, affiliated with, or controlled by the FTC.

10. **"Merger"** means the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc.

11. **"Meta"** means:

   (a) Meta Platforms, Inc., its subsidiaries, affiliates, divisions, either collectively, individually, or in any subset; and

   (b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, and/or affiliates.

12. **"Person"** means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether or not possessing a separate juristic existence.

13. **"Second Request"** means the request for informational and documentary materials related to the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc. submitted on November 29, 2021, and the Federal Trade Commission's investigation in support of the same.

14. **"Snyder Declaration"** means the declaration captioned *Declaration of Jennifer Snyder in Support of Plaintiff's Motion for a Temporary Restraining Order* executed on July 26, 2022.

15. **"Testimony"** means any sworn testimony, including, but not limited to, affidavits, declaration, depositions, or investigational hearings.

16. **"Within"** means:

   (a) Within Unlimited Inc., its affiliates, divisions, either collectively, individually, or in any subset; and

      (b)     The present and former officers, directors, employees, agents, and other persons acting on behalf of Within, its divisions, subsidiaries, and/or affiliates.

17. "**You**" and "**Your**" mean the FTC, its officers, Commissioners, employees, agents, representatives, affiliates, consultants, advisors, successors, or predecessors, as well as all persons acting on the FTC's behalf, and any and all persons associated with, affiliated with, or controlled by the FTC.

18. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; (c) the singular form of a word shall include the plural, and vice versa; (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope; (e) the word "any" shall include, without limitation, "each and every"; (f) the terms "all" and "each" shall be construed as "all and each"; (g) the term "including" is intended to be comprehensive and means "including, but not limited to"; and (h) the terms "between" and "among" shall be construed as "between" or "among" as necessary to bring within the scope of any request all responses and documents that might otherwise be construed to be outside its scope.

19. For the purposes of the Deposition Topics, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

20. The use of any definition for the purposes of the Deposition Topics shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

## **INSTRUCTIONS**

1. Each Deposition Topic shall be construed independently, and no Deposition Topic shall be construed as limiting the scope of any other Deposition Topic unless otherwise indicated.

2. The time period applicable to each Deposition Topic, unless otherwise specified, is from January 1, 2018 until the present.

3. The witness or witnesses You designate to testify about Deposition Topics identified herein must be prepared to testify to all information known or reasonably available to You, regardless

of where the information is maintained, in what form the information is maintained, or whether the information is maintained by You or by Your predecessors, subsidiaries, parents, and affiliates.

**DEPOSITION TOPICS**

**Topic No. 1.**  The FTC's Amended Second Supplemental Responses to Defendants' Interrogatory Nos. 3-5, including (i) all facts currently known to it that support its methodology to derive the alleged "VR Dedicated Fitness App" market set forth in the Complaint and (ii) all applications or products currently known to it that are included in that market as well as all recent or potential entrants into that market.

**Topic No. 2.**  The factual bases for the FTC's alleged "VR Dedicated Fitness App" market set forth in Paragraphs 35-46 of the Amended Complaint.

**Topic No. 3.**  The identities of any third parties who have told the FTC they support or oppose the Merger, and the factual bases that any such third party provided to the FTC.

**Topic No. 4.**  The factual bases for the FTC's allegation in Paragraph 52 of the Amended Complaint that "[t]he market for VR Dedicated Fitness Apps is highly concentrated."

**Topic No. 5.**  The facts and materials You provided to, and chose to withhold from, Jennifer Snyder in support of preparing the Snyder Declaration, the analyses conducted by Jennifer Snyder, and any facts or materials Jennifer Snyder requested from the FTC in connection with preparing the Snyder Declaration.

**Topic No. 6.**  The factual bases for the FTC's allegation in Paragraph 25 of the Amended Complaint that "[t]he VR industry is currently characterized by a high degree of innovation and growth."

**Topic No. 7.**  The factual bases for the FTC's allegation in Paragraph 1 of the Amended Complaint that the Merger would result in a "lessening of rivalry [that] may yield multiple harmful outcomes, including less innovation, lower quality, higher prices, less incentive to attract and keep employees, and less consumer choice."

**Topic No. 8.**  Communications between You and the United States Congress, Executive branch, and state Attorneys General, including their staff, Regarding the Second Request, the Action, and the Extended Reality industry.

**Topic No. 9.**  The facts, evidence, documents, and information relied upon by the FTC as the basis for bringing the Action against the recommendation of FTC staff.

**Topic No. 10.**  Communications Regarding whether Lina Khan is or should be disqualified or recused from participating in the FTC's review of or challenge to the Merger, including but not limited to whether she should be recused from the votes on whether to authorize the Action, or from taking any other action, whether characterized as prosecutorial or adjudicatory, with respect to the Action.

**Topic No. 11.**  The factual bases for the removal of (i) the proposed "VR Fitness App" market and (ii) allegations that the Merger is "presumptively unlawful" with respect to the "VR Fitness App" market from the Amended Complaint.

**Topic No. 12.**  The conclusions of the FTC's 6(b) Study of acquisitions by technology platform companies in FTC Matter No. P201201 concerning the effects on competition or the public interest resulting from acquisitions by technology platforms, and the bases for the same.

**Topic No. 13**. The facts and circumstances discussed in, surrounding, and related to the FTC's letter to Counsel dated October 12, 2022, and the Internal Statement of Chair Lina M. Khan Regarding the Petition for Recusal from Involvement in the Proposed Merger Between Meta Platforms, Inc. and Within Unlimited, Inc., Commission File No. 2210040, dated September 26, 2022.

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, Redwood Shores, California 94065 (hereinafter "WGM"). I am not a party to the within cause, I am over the age of eighteen years, and my email address is tricia.dresel@weil.com. I further declare that on October 19, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

| | |
|---|---|
| Abby L. Dennis<br>Email:  adennis@ftc.gov<br>Peggy Bayer Femenella<br>Email:  pbayer@ftc.gov<br>Josh Goodman<br>Email:  jgoodman@ftc.gov<br>Jeanine Balbach<br>Email:  jbalbach@ftc.gov<br>Terri Martin<br>Email:  tmartin@ftc.gov<br>Frances Anne Johnson<br>Email:  fjohnson@ftc.gov<br>Rebecca Hyman<br>Email:  rhyman@ftc.gov<br>Charles York<br>Email:  cyork@ftc.gov<br>Adam Pergament<br>Email: apergament@ftc.gov<br>James H. Weingarten<br>Email: jweingarten@ftc.gov<br>Erika Meyers<br>emeyers@ftc.gov<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, NW<br>Washington, DC  20580<br><br>*Attorneys for Plaintiffs* | Mark C. Hansen<br>Email:  mhansen@kellogghansen.com<br>Geoffrey M. Klineberg<br>Email:  gklineberg@kellogghansen.com<br>KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC<br>1615 M Street, NW #400<br>Washington, DC  20036<br><br>Sonal N. Mehta<br>Email:  sonal.mehta@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA  94306<br><br>*Co-counsel for Meta Platforms, Inc.*<br><br>Charles Loughlin<br>Email:  chuck.loughlin@hoganlovells.com<br>Chris Fitzpatrick<br>Email:  chris.fitzpatrick@hoganlovells.com<br>Nicole Lynch<br>Email:  nicole.lynch@hoganlovells.com<br>Maxwell Hamilton<br>Email:  maxwell.hamilton@hoganlovells.com<br>HOGAN LOVELLS US LLP<br>555 13th Street, NW<br>Washington, DC 20004<br><br>*Attorneys for Within Unlimited, Inc.* |

1  Executed on October 19, 2022, at San Jose, California.  I declare under penalty of perjury under
2  the laws of the United States, that the foregoing is true and correct.

*Patricia Dresel*
PATRICIA DRESEL