Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; pbayer@ftc.gov;
jgoodman@ftc.gov; jbalbach@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |
| v. |  |
| **META PLATFORMS, INC., et al.**, |  |
| Defendants. |  |

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiff, the Federal Trade Commission, respectfully submits this Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 124). On October 20, 2022, the parties filed a Joint Statement Regarding a Discovery Dispute (ECF No. 125), in which Defendants moved to compel the FTC to produce additional documents and interrogatory responses. Defendants also filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 124), which explained that the FTC had designated as confidential portions of the Joint Statement (page 2, lines 18-20; page 5, lines 17-21, 24-26). These materials are now under provisional seal.

The FTC respectfully submits this Statement to explain why Defendants' administrative motion should be granted and the materials that the FTC designated as confidential should remain under seal. These materials contain information that the Commission marked *in camera* pursuant to agency rules and an administrative protective order. As shown below, the factors outlined in Civil L.R. 79-5(c)(1) all favor keeping these materials under seal.

**Relevant Privilege and Confidentiality Protections**

The redacted portions of the Joint Statement Regarding a Discovery Dispute describe or refer to documents that the FTC has designated as Confidential and marked as "IN CAMERA—FILED UNDER SEAL" as part of the Docket and subject to the Protective Order in FTC Administrative Proceeding No. 9411. Those *in camera* documents, ECF No. 121-3, are under provisional seal with this Court. On October 24, 2022, the FTC filed a statement in support of defendants' administrative motion to consider whether these documents should be sealed. ECF No. 129. Appended to that statement is the Declaration of Elizabeth Tucci, the agency official with primary responsibility over matters involving confidential treatment and disclosure. *See* ECF No. 128-2 (sealed version of Tucci Declaration); ECF No. 129-1 (partially redacted public version).

PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:22-CV-04325-EJD

1    Under the FTC's Rules of Practice, *in camera* documents may be viewed only by

2    "respondents, their counsel, authorized Commission personnel, and court personnel concerned

3    with judicial review … provided that the Administrative Law Judge, the Commission and

4    reviewing courts may disclose such *in camera* material to the extent necessary for the proper

5    disposition of the proceeding."  16 C.F.R. § 3.45(a).  However, "[p]arties shall not disclose

6    information that has been granted *in camera* status … or is subject to confidentiality protections

7    pursuant to a protective order in the public version of proposed findings, briefs, or other

8    documents."  16 C.F.R. § 3.45(d).

9    As the Tucci Declaration explains (at ¶¶ 6-14), the Commission determined that the

10   documents referred to by the Joint Statement Regarding a Discovery Dispute should be

11   maintained *in camera* under FTC Rule 3.45 and contain information that is protected by the

12   deliberative process privilege, which is a form of executive privilege that shields "predecisional,

13   deliberative documents" from public disclosure.  *See U.S. Fish & Wildlife Serv. v. Sierra Club,*

14   *Inc.*, 141 S. Ct. 777, 785 (2021).

15                          **Legal Standards for Sealing**

16   When courts consider a sealing request, "a strong presumption in favor of public access is

17   the starting point."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)

18   (cleaned up).  If the judicial records at issue relate to motions that are "more than tangentially

19   related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

20   1092, 1099 (9th Cir. 2016), parties must overcome the presumption with "compelling reasons

21   supported by specific factual findings that outweigh the general history of access and the public

22   policies favoring disclosure."  *Kamakana*, 447 F.3d at 1178-79 (cleaned up).  But if the motion is

23   unrelated or tangentially related to the merits, a lower standard of "good cause" applies.  *Ctr. for*

24   *Auto Safety*, 809 F.3d at 1097.

25   Here, the appropriate standard is good cause, since the material that the FTC seeks to

26   maintain under seal appears in a nondispositive discovery motion.  *See, e.g.*, *Symantec Corp. v.*

27

28

1   *Zscaler, Inc.*, No. 17-cv-004426-JST, 2019 WL 3859151, at *2 (N.D. Cal. Aug. 16, 2019).

2   "[C]ivil discovery motions and supporting materials … are ordinarily only 'tangentially related

3   to the underlying cause of action.'"  *United States v. Sleugh*, 896 F.3d 1007, 1014 (9th Cir. 2018)

4   (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099).  Although discovery could uncover evidence

5   probative of the merits, "[m]aterials submitted to a court for its consideration of a discovery

6   motion are actually one step further removed in public concern from the trial process than the

7   discovery materials themselves." *Id.* at 1015 (quoting *United States v. Kravetz*, 706 F.3d 47, 54

8   (1st Cir. 2013)).  Thus, "[a]pplying the good cause standard from Rule 26(c) as an exception for

9   discovery-related motions makes sense, as the private interests of litigants are 'the only weights

10  on the scale.'"  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*. 447 F.3d at 1180).

### Reasons to Keep the Documents Under Seal

11

12          Civil L.R. 79-5(c)(1) requires a party to state "the reasons for keeping a document under

13  seal," including an explanation of the legitimate public or private interests at stake, the injury

14  that will result if sealing is denied, and why a less restrictive alternative to sealing is not

15  sufficient.  Here, those factors all show why the Court has good cause to keep under seal the

16  redacted portions of the Joint Statement Regarding a Discovery Dispute.

17          *First*, the public interest weighs heavily in favor of keeping the material at issue under

18  seal because it is covered by an FTC protective order and confidentiality rules in a pending

19  administrative case.  Courts have long recognized the "deference due an agency in choosing its

20  own procedures for guarding confidentiality." *ITC v. Tenneco West*, 822 F.2d 73, 79 (D.C. Cir.

21  1987). "It is well established that it is the agencies, not the courts, which should, in the first

22  instance, establish the procedures for safeguarding confidentiality." *United States v. Cal. Rural*

23  *Legal Assistance, Inc.*, 722 F.3d 424, 429 (D.C. Cir. 2013) (quoting *FTC v. Texaco, Inc.*, 555

24  F.2d 862, 884 n.62 (D.C. Cir.1977)).  "[A]n agency's determinations on the protections required

25  for confidential information are not to be lightly disregarded." *United States v. Chevron U.S.A.,*

26  *Inc.*, 186 F.3d 644, 650 (5th Cir. 1999).  *See also FTC v. Anderson*, 631 F.2d 741, 746 (D.C. Cir.

27

28  PLAINTIFF FEDERAL TRADE COMMISSION'S STATEMENT IN SUPPORT OF DEFENDANTS'
ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE
SEALED
CASE NO. 5:22-CV-04325-EJD

3

1979) ("The agency's discretion in regard to procedural rules includes discretion in such matters as publicity and disclosure."). These authorities signal that where, as here, an agency seals material from public release in a parallel administrative case pursuant to its protective order and procedural rules, the Court should defer to that choice when handling the administrative record.

Courts grant such deference for good reason: It is the agency that is best equipped to determine what information should be sealed to protect party expectations, evidentiary privileges, and the effectiveness of agency factfinding. Accordingly, there is a significant public interest in maintaining those protections in this case. Overruling an agency protective order could harm parties who provide confidential information during administrative proceedings in the expectation that they will be protected by any applicable *in camera* designation and protective order. While a court may release material that the FTC has designated *in camera* "to the extent necessary for the proper disposition of the proceeding," 16 C.F.R. § 3.45(a), public disclosure of the *in camera* material contained in the parties' Joint Statement Regarding a Discovery Dispute is in no way necessary to the disposition of this proceeding. There is no significant public interest in access to material referenced in a non-dispositive discovery dispute. *See Ctr. for Auto Safety*, 809 F.3d at 1097; *Sleugh*, 896 F.3d at 1014-15.

*Second*, the Commission will suffer injury if sealing is denied. Releasing the material that the Commission deemed *in camera* would harm the agency by overriding its determination that the material is privileged and confidential and that keeping it subject to protective order would best facilitate the resolution of its pending administrative case. *Third*, a less restrictive alternative to sealing would not be sufficient, because it would result in public release of information that the FTC designated *in camera* pursuant to agency rules and the administrative protective order. The FTC seeks to seal only the few lines of the Joint Statement Regarding a Discovery Dispute describing documents subject to the Commission's *in camera* designation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests that the Court grant Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 124) and maintain under seal the information that the FTC has designated as confidential: the Joint Statement Regarding a Discovery Dispute (ECF No. 125), page 2: lines 18-20, and page 5: lines 17-21, 24-26.

Dated: October 27, 2022

Respectfully submitted,

*/s/ Bradley Grossman*
Abby Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Bradley Grossman
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Erika Meyers
Susan Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*