MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX, CA Bar No. 151650
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199

Attorneys for Defendant WITHIN UNLIMITED, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANTS META PLATFORMS, INC.'S AND WITHIN UNLIMITED, INC.'S FINAL PARTY FACT WITNESS LIST**<br><br>Dept.:  Courtroom 4 – 5th Floor<br>Judge:  Honorable Edward J. Davila |

## DEFENDANTS' FINAL PARTY FACT WITNESS LIST

Pursuant to the Joint Stipulated Case Management Order at ¶ H.9.a (Dkt. 69) and Joint Stipulated Discovery Plan and Briefing Schedule at ¶ B.4 and Exh. A. (Dkt. 86), Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively, "Defendants") provide the below final list of party fact witnesses Defendants may call live at the preliminary injunction hearing (the "Hearing") in this matter.  Pursuant to ¶ B.4 of the Joint Stipulated Discovery Plan and Briefing Schedule, this list represents Defendants' good faith effort to identify all party fact witnesses that Defendants may present at the Hearing, other than solely for impeachment.  The witnesses identified below include the six (6) "most likely" party fact witnesses that the Defendants may call at the Hearing in this matter.  The witnesses listed below also include eight (8) additional party fact witnesses whom the Defendants "may" call at the Hearing, depending on the witnesses and/or other evidence that Plaintiff Federal Trade Commission (the "FTC") presents at the Hearing.

In addition to calling any of the below witnesses at the Hearing, Defendants also reserve the right to: (1) call any party fact witness at the Hearing who appears on the FTC's final party fact witness list; (2) call any fact witness at the Hearing who has been deposed or who the parties had a reasonable opportunity to depose in this matter; (3) call any witness for impeachment, regardless of whether they are included on the below list; (4) call the custodian of records of any party or non-party from whom documents or records have been obtained to the extent necessary to demonstrate the authenticity or admissibility of documents, in the event a stipulation cannot be reached; (5) call any non-party witness who appears on Plaintiff's or Defendants' Final Non-Party Fact Witness List; and (6) supplement, correct, or modify this list in light of any discovery that has not yet been completed.

## I.    Defendants' "Most Likely" Party Fact Witnesses

| Name | Employer | Summary of General Topics of Anticipated Testimony |
|---|---|---|
| Andrew Bosworth | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content; Meta's VR strategy, and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR |

| Name | Employer | Summary of General Topics of Anticipated Testimony |
|------|----------|----------------------------------------------------|
| | | content. |
| Aaron Koblin | Within | Meta's proposed acquisition of Within; the development of Supernatural; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content; development of fitness content, including for Supernatural; Supernatural characteristics, including demographics appealed to, marketing efforts, pricing, and users; Within's perception of Meta; Within's perception of VR content developers; Within's perception of fitness providers; and Supernatural's competitive landscape. |
| Chris Milk | Within | Meta's proposed acquisition of Within; the development of Supernatural; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content; development of fitness content, including for Supernatural; Supernatural characteristics, including demographics appealed to, marketing efforts, pricing, and users; Within's perception of Meta; Within's perception of VR content developers; Within's perception of fitness providers; and Supernatural's competitive landscape. |
| Mark Rabkin | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy, including Meta's VR content and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| Jason Rubin | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| Mark Zuckerberg | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy and developer strategies; Meta's incentives to |

| Name | Employer | Summary of General Topics of Anticipated Testimony |
|---|---|---|
| | | grow VR and support third-party developers; and Meta's ability to develop VR content. |

## II. Additional Party Fact Witnesses Whom Defendants "May" Call

| Name | Employer | Summary of General Topics of Anticipated Testimony |
|---|---|---|
| Jaroslav Beck | Meta | Meta's acquisition of Beat Games; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Beat Saber; Beat Games' ability to develop VR content, including VR fitness content; and development of VR content. |
| Deborah Guzman Barrios | Meta | Meta's acquisition of Beat Games; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Beat Saber; Beat Games' ability to develop VR content, including VR fitness content; and development of VR content. |
| Melissa Brown | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| Anand Dass | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| Chris Pruett | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content; Meta's VR strategy, including Meta's VR content, fitness, Beat Saber, Supernatural, and developer |

| Name | Employer | Summary of General Topics of Anticipated Testimony |
|------|----------|----------------------------------------------------|
| | | strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| Rade Stojsalvjevic | Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy, including Meta's VR content, fitness, Beat Saber, Supernatural, and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| Michael Verdu[1] | Formerly Meta | Meta's proposed acquisition of Within; industry dynamics, strategies, entry requirements, and features related to VR platforms, hardware, and/or content, including but not limited to Supernatural; Meta's VR strategy and developer strategies; Meta's incentives to grow VR and support third-party developers; Meta's ability to develop VR content, including VR fitness content; and development of VR content. |
| FTC 30(b)(6) Designee | FTC | Topics addressed at corporate representative deposition. |

Dated:  October 28, 2022

By:  _/s/ Bambo Obaro_____

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com

---

[1] Defendants may rely on portions of Mr. Verdu's deposition testimony in lieu of live testimony if he is unavailable to testify at the Hearing.

JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ  08542
Telephone: (609) 986-1100
Facsimile:  (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (*pro hac vice*)
gklineberg@kellogghansen.com
AARON M. PANNER (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META
PLATFORMS, INC.

CHRISTOPHER J. COX, CA Bar No. 151650
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

LAUREN BATTAGLIA (*pro hac vice*)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (*pro hac vice*)
logan.breed@hoganlovells.com
BENJAMIN HOLT (*pro hac vice*)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (*pro hac vice*)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, Redwood Shores, California 94065 (hereinafter "WGM").  I am not a party to the within cause, I am over the age of eighteen years, and my email address is tricia.dresel@weil.com. I further declare that on October 28, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

Abby L. Dennis
Email:  adennis@ftc.gov
Peggy Bayer Femenella
Email:  pbayer@ftc.gov
Josh Goodman
Email:  jgoodman@ftc.gov
Jeanine Balbach
Email:  jbalbach@ftc.gov
Terri Martin
Email:  tmartin@ftc.gov
Frances Anne Johnson
Email:  fjohnson@ftc.gov
Rebecca Hyman
Email:  rhyman@ftc.gov
Charles York
Email:  cyork@ftc.gov
Adam Pergament
Email:  apergament@ftc.gov
James H. Weingarten
Email:  jweingarten@ftc.gov
Erika Meyers
emeyers@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC  20580
*Attorneys for Plaintiffs*

Mark C. Hansen
Email:  mhansen@kellogghansen.com
Geoffrey M. Klineberg
Email:  gklineberg@kellogghansen.com
James M. Webster III
Email:  jwebster@kellogghansen.com
Jacob E. Hartman
Email:  jhartman@kellogghansen.com
Daniel G. Bird
Email:  dbird@kellogghansen.com
KELLOGG HANSEN TODD FIGEL &
FREDERICK PLLC
1615 M Street, NW #400Washington, DC
20036

Sonal N. Mehta
Email:  sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA  94306

*Co-counsel for Meta Platforms, Inc.*

Charles Loughlin
Email:  chuck.loughlin@hoganlovells.com
Chris Fitzpatrick
Email:  chris.fitzpatrick@hoganlovells.com
Nicole Lynch
Email:  nicole.lynch@hoganlovells.com
Maxwell Hamilton
Email:  maxwell.hamilton@hoganlovells.com
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004

*Attorneys for Within Unlimited, Inc.*

1      Executed on October 28, 2022, at San Jose, California.  I declare under penalty of perjury under

2  the laws of the United States, that the foregoing is true and correct.

3

4                                    *Patricia Dresel*

5                                    PATRICIA DRESEL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28