Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381
*adennis@ftc.gov; pbayer@ftc.gov;*
*jgoodman@ftc.gov; jbalbach@ftc.gov;*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC., et al.** <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S FINAL PARTY FACT WITNESS LIST** |

Pursuant to the Joint Stipulated Case Management Order at ¶ H.9.b (Dkt. 69) and Joint Stipulated Discovery Plan and Briefing Schedule at ¶ B.4 and Exh. A (Dkt. 86), Plaintiff Federal Trade Commission provides its Final Party Fact Witness List with the individuals whose testimony Plaintiff presently intends to present either live and/or via deposition video at the evidentiary hearing on Plaintiff's motion for a preliminary injunction. Plaintiff reserves the right to: (1) call any fact witness at the hearing who appears on Defendants' final party or non-party fact witness list; (2) call any witness needed solely for impeachment; (3) call the custodian of records of any party or non-party from whom documents or records have been obtained to the extent necessary to demonstrate the authenticity or admissibility of documents, in the event a stipulation cannot be reached; and (4) supplement this list in accordance with the Joint Stipulated Discovery Plan and Briefing Schedule at ¶ B.4 (Dkt. 86).

| NAME | EMPLOYER | SUMMARY OF GENERAL TOPICS OF ANTICIPATED TESTIMONY |
|---|---|---|
| Beck, Jaraslov | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| Bosworth, Andrew | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| Brown, Melissa | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated |

| | | |
|---|---|---|
| | | Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Meta's corporate representative in response to the FTC's 30(b)(6) notice. |
| Carmack, John | Meta Platforms, Inc. (consultant) | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| Chiao, Jane | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| Cibula, Michael | Within Unlimited, Inc. | The financial performance and reporting of Supernatural and Within, including, but not |

| | | |
|---|---|---|
| | | limited to all accounting, tax, budget, forecasting, and planning activities; Within's financial reports and financial data including the definitions, sources, documentation, inputs, and values of data fields, hard-coded numbers, and formula in those reports and data. Surveys conducted by Within including the definitions of data fields, the purpose of survey questions, the ways Within uses survey data in the ordinary course of business, and Within's process for designing, deploying, analyzing, and using surveys in the ordinary course of business; Within's use of Meta's and alternative payment and subscription processing service; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Within's corporate representative in response to the FTC's 30(b)(6) notice. |
| Dass, Anand | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Meta's corporate representative in response to the FTC's 30(b)(6) notice. |
| Guzman-Barrios, Deborah | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and |

| | | | |
|---|---|---|---|
| | | | potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| | Hunt, Gio | Meta Platforms, Inc. | Meta support for and review of Within activities between the signing of the merger agreement and the present; Meta's funding of Within; Meta's support for and approval of Within's hiring plans; Meta's plans to integrate Within into its organization; Meta's integration of game studios into its first-party studio group; Meta's considerations regarding studio autonomy; Meta's system for determining each studio's projects; Meta's systems for tracking studios; the plans, commitment, and projects Meta's first-party studios are working on; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Meta's corporate representative in response to the FTC's 30(b)(6) notice.. |
| | Koblin, Aaron | Within Unlimited, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; Meta's and Within's interactions with third-party VR app developers or platforms; actual and potential competition in the VR Dedicated Fitness App market; Meta's resources and capabilities; Within's perceptions of Meta; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Within's corporate |

| | | |
|---|---|---|
| | | representative in response to the FTC's 30(b)(6) notice. |
| Milk, Chris | Within Unlimited, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; Meta's and Within's interactions with third-party VR app developers or platforms; actual and potential competition in the VR Dedicated Fitness App market; Meta's resources and capabilities; Within's perceptions of Meta; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Within's corporate representative in response to the FTC's 30(b)(6) notice. |
| Paynter, Dorrie | Meta Platforms, Inc. | Meta's deliberate assessments of or research into VR Dedicated Fitness by Meta's "FRL Marketing Insights," or a "Fitness Vertical Team" or other systemic evaluations of fitness as a use-case or vertical for extended Reality or virtual Reality users, the factors considered by those assessments, the reasons for assigning personnel to conduct those assessments, and their implications for Meta's hardware or content strategies; Meta's efforts to categorize applications as belonging to discrete genres, categories, use-cases, or verticals, and the considerations that go into those categorizations; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Meta's corporate representative in response to the FTC's 30(b)(6) notice. |
| Pruett, Chris | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated |

PLAINTIFF FTC'S FINAL PARTY FACT WITNESS LIST
CASE NO. 5:22-cv-04325-EJD                 6

| | | | |
|---|---|---|---|
| | | | Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| | Rabkin, Mark | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Meta's corporate representative in response to the FTC's 30(b)(6) notice. |
| | Rubin, Jason | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related |

PLAINTIFF FTC'S FINAL PARTY FACT WITNESS LIST
CASE NO. 5:22-cv-04325-EJD                 7

| | | |
|---|---|---|
| | | to any defenses raised by Defendants, any topics addressed in the witness's deposition, or any topics for which the witness was designated as Meta's corporate representative in response to the FTC's 30(b)(6) notice. |
| Stojsavljevic, Rade | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| Verdu, Michael | Netflix, Inc. (formerly of Meta Platforms, Inc.) | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
| Zuckerberg, Mark | Meta Platforms, Inc. | Meta's proposed acquisition of Within; industry dynamics, strategies, and features related to VR or metaverse platforms, hardware, and/or content, including but not limited to Beat Saber and Supernatural; fitness uses of VR; actual and potential competition in the VR Dedicated Fitness App market; Meta's and Within's |

| | | interactions with third-party VR app developers or platforms; Meta's resources and capabilities and its plans regarding the VR Dedicated Fitness App market, including alternatives to the proposed acquisition of Within; the likely effect of Meta on Within and the VR Dedicated Fitness App market; entry conditions for the VR Dedicated Fitness App market; matters related to any defenses raised by Defendants or any topics addressed in the witness's deposition. |
|---|---|---|

Dated: October 28, 2022

By: /s/ Abby L. Dennis

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Bradley Grossman
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Erika Meyers
Susan Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James H. Weingarten
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Attorneys for Plaintiff*
*Federal Trade Commission*

PLAINTIFF FTC'S FINAL PARTY FACT WITNESS LIST
CASE NO. 5:22-cv-04325-EJD                    9