1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    FEDERAL TRADE COMMISSION,                 Case No. 22-cv-04325-EJD (SVK)
8                    Plaintiff,
9              v.                              **ORDER SETTING HEARING FOR
                                               DISCOVERY DISPUTES**
10   META PLATFORMS INC., et al.,              Re: Dkt. Nos. 123, 125
11                   Defendants.
12
13          Pending before the Court are discovery disputes at Dkt. Nos. 123, 125 and 144.  The Court
14   will issue a separate order on Dkt. No. 144.  The Court will hold an **in-person** hearing regarding
15   Dkt. Nos. 123 and 125 on **November 9, 2022, immediately following the Court's criminal
16   calendar at 1:30 p.m.**  In preparation for the hearing, the Court provides the following direction:
17          **I.      Dkt. 123:  Dispute re FTC Interrogatory No. 4 and FTC RFP Nos. 4, 9.**
18          Meta's statement refers to supplemental productions shortly before Dtk. 123 was filed.
19   The Court is dubious whether the Parties have thoroughly and robustly met and conferred in light
20   of those productions; accordingly, the Parties are ORDERED to do so upon receipt of this Order
21   and the guidance set forth below.  Such meet and confer efforts must be in-person or by video,
22   only.  The Parties are to advise the Court of any resolutions or further compromises reached **no
23   later than November 7, 2022**.
24          If the Parties are unable to resolve these disputes, the Parties will be prepared to explain
25   their respective positions to the Court more thoroughly on November 9, 2022, including:
26          1.  Interrogatory No. 4
27                  a.  Meta to explain its supplemental response that "includes the apps based on the
28                      criteria the FTC has provided for its alleged 'VR Dedicated Fitness application

market,'" and whether that supplemental response provided all of the data requested in Interrogatory No. 4.

b.  The FTC is cautioned that Interrogatory No. 4 seeks the "current disposition of the application if any" and does not include "internal documents and databases," which may address why an application was rejected.

2.  RFP 4(f)

a.  FTC is to promptly file the September 16, 2022 letter referred to in Dkt. 123 as a supplemental exhibit.

b.  Meta to explain the discovery limits and deadlines to which it refers in Dkt. 123.

c.  Meta to explain the "materials generated from the Zendesk Explore database" in its supplemental production.

3.  RFP 9

a.  Meta to explain what custodian information re hyperlinked documents has been provided;

b.  Meta to explain the compromise re use of hyperlinked documents in deposition;

c.  FTC to explain why this compromise is not sufficient.

**II.     Dkt. 125:  Dispute re Meta's Interrogatory No. 6 and RFP Nos. 4, 10–12.**

Some of the issues arising in Dkt. 125 will be addressed following a ruling on the FTC's pending motion to strike [Dkt. 89].  Following the ruling, the Parties will meet and confer regarding this dispute, with the following guidance in mind.  To the extent the Parties' robust meet and confer efforts do not resolve the outstanding dispute, the Parties will be prepared to explain their respective positions to the Court more thoroughly on November 9, 2022.  The Parties are reminded that assertion of a deliberative process privilege requires the identification of the following:

1.  The decision in which the deliberative process culminated ("Decision").  *See Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1094 (9th Cir. 1997)

1    ("[T]he agency must identify a specific decision to which the document is

2    predecisional.");

3    2.   The date of the Decision;

4    3.   The date of each document for which the privilege is claimed;

5    4.   For each document for which the privilege is claimed, the specific facts demonstrating

6        that the document is at least in part "deliberative" and "predecisional"; why sections of

7        the document that are purely factual cannot be produced; the degree and type of harm

8        that would result from production of the document and why a protective order would

9        not mitigate that harm.   *In re McKesson Gov'tal Entities Average Wholesale Price*

10       *Litig.*, 264 F.R.D. 595, 601–02 (N.D. Cal. Nov. 4, 2009); *Scalia v. Int'l Longshore &*

11       *Warehouse Union*, 336 F.R.D. 603, 609–16 (N.D. Cal. Nov. 18, 2020).

12   **SO ORDERED.**

13   Dated: October 31, 2022

14

15   _____

16   SUSAN VAN KEULEN
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California