# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff<br><br>v.<br><br>**META PLATFORMS, INC., et al.**<br><br><br>Defendants. | Case No. 3:22-cv-04325-EJD |

### DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33 of the Local Civil Rules of the United States District Court for the Northern District of California, Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within"), by and through their undersigned counsel, propound the following Interrogatories to Plaintiff Federal Trade Commission ("FTC"). The Interrogatories are to be answered fully and under oath, within fifteen (15) days from the date of service, in accordance with the definitions and instructions set forth below.[1]

In serving these Interrogatories, Defendants reserve all their rights, including without limitation the rights to promulgate additional discovery requests covering these same topics. The Interrogatories are continuing in nature, and Plaintiff is under a duty to supplement its responses to the Interrogatories when necessary in accordance with Federal Rule of Civil Procedure 26(e).

---

[1] Defendants serve these Interrogatories jointly, without prejudice to their right to submit additional interrogatories either jointly or individually.

1

# DEFINITIONS

The following terms shall have the meanings set forth below whenever used in the Interrogatories:

1. "Action" means the action captioned *Federal Trade Commission, et al. v. Meta Platforms, Inc., et al.,* Case No. 3:22-cv-04325-EJD, which is currently pending in the United States District Court for the Northern District of California.

2. "Concerning," "Related to," and "Regarding" means analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, evidencing, identifying, involving, reporting on, relating to, reflecting, referring to, regarding, studying, mentioning, or pertaining to, in whole or in part.

3. "Communication" means any exchange of information between two or more Persons, through any mode of conveying information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, faxes, conversations, interviews, meetings, hearings, or other written, electronic or spoken language or graphics, however transmitted or stored.

4. "Complaint" means the complaint for a temporary restraining order and preliminary injunction filed by Plaintiff FTC in the Action on July 27, 2022.

5. "Data" means facts, statistics, or other information of any kind, however produced or reproduced, which can be used for purposes of calculation or analysis.

6. "Document" means written or graphic material of any kind, however produced or reproduced, whether draft or final, original or reproduction, including: contracts, memos, brochures, pamphlets, letters, emails (including attachments, message content, and header information), faxes, diaries, financial statements, bank statements, bills, invoices, wire transfer confirmations, minutes, notes, photographs, and audio or video recordings. "Document" also includes all drafts or non-identical copies, such as those bearing comments in the margin or other marks or notations not present on the original or final copy. If any "Communication" or "Data" is reduced to writing or other recordation, it is also a "Document."

7. "Extended Reality" means software and hardware relating to delivering virtual reality, mixed reality, augmented reality, or other enhanced reality experiences to users.

8. "FTC" means the Federal Trade Commission.

9. "Identify," when used with regard to Persons, means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. "Identify," when used with regard to Documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, You may produce the Documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

10. "<u>Merger</u>" means the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc.

11. "<u>Meta</u>" means:

(a) Meta Platforms, Inc., its subsidiaries, affiliates, divisions, either collectively, individually, or in any subset; and

(b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, affiliates.

12. "<u>Person</u>" means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether or not possessing a separate juristic existence.

13. "<u>Within</u>" means:

(a) Within Unlimited Inc., its affiliates, divisions, either collectively, individually, or in any subset; and

(b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Within Unlimited Inc., its divisions, subsidiaries, affiliates.

14. "<u>You</u>" and "<u>Your</u>" mean the FTC, its officers, commissioners, employees, agents, representatives, affiliates, consultants, advisors, successors, or predecessors, all persons acting on the FTC's behalf, and any and all persons associated with, affiliated with, or controlled by the FTC.

15. "<u>Relating to</u>" means concerning, constituting, showing, explaining, describing, summarizing, discussing, analyzing, or having any legal or factual connection to.

16. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; (c) the singular form of a word shall include the plural, and vice versa; (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope; (e) the word "any" shall include, without limitation, "each and every"; (f) the terms "all" and "each" shall be construed as "all and each"; (g) the term "including" is intended to be comprehensive and means "including, but not limited to"; and (h) the terms "between" and "among" shall be construed as "between" or "among" as necessary to bring within the scope of any request all responses and documents that might otherwise be construed to be outside its scope.

17. For the purposes of the Interrogatories, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

18. The use of any definition for the purposes of the Interrogatories shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

## **INSTRUCTIONS**

1. Respond to each of the Interrogatories in writing.

2. Set forth the text of each Interrogatory immediately above Your response to that Interrogatory.

3. Each Interrogatory shall be answered completely, separately, and fully, and in accordance with the requirements of the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California.

4. If an answer to an Interrogatory is based on information and belief, specify and Identify the source of the information and grounds for the belief.

5. If Your answer to any of the Interrogatories derives from a Document, Identify the Document and include a copy thereof with Your response. This includes Documents in Your possession and in the possession of Your agents, representatives, experts, and Persons consulted Relating to any factual matters or matters of opinion Relating to any of the facts or issues involved in this Action.

6. If You claim any ambiguity in interpreting an Interrogatory or a definition or instruction applicable thereto, You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory, and You shall respond to the Interrogatory as You interpret it.

7. If You object to an Interrogatory, state the legal and factual basis for Your objection in the space provided for Your response. If You object to only part of an Interrogatory, specify the part of the Interrogatory to which You object and the legal and factual basis of Your objection, then respond to the unobjectionable part.

8. If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for Defendants and the Court to assess the claim of privilege. The privilege log shall include the following:

    (a) Specific grounds for the claim of privilege;

    (b) The date of the privileged communication;

    (c) The persons involved in the privileged communication;

(d) A description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege;

(e) The specific Interrogatory to which the privileged information is responsive.

9. These Interrogatories are continuing in nature. If, after responding to the Interrogatories, You obtain or become aware of additional responsive information, such information shall be provided by way of a supplemental response pursuant to Federal Rule of Civil Procedure 26(e).

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify each Person with whom You have communicated about the Merger and the means of these Communications, including but not limited to any subpoenas, civil investigative demands, and voluntary requests for information You issued to each Person and any formal or informal responses to such Communications that You received, including in the form of Documents or Data.

### INTERROGATORY NO. 2

For each year from 2019 to present, Identify each Person Plaintiff considers or alleges to be a competitor to Meta or Within with respect to any component of Extended Reality, and for each such competitor, Identify each specific fitness-related offering that the FTC believes competes in a specified alleged antitrust market.

### INTERROGATORY NO. 3

For any application that You considered but did not include in any relevant market in the Complaint, Identify all criteria You applied to determine that those applications were not competitors in any alleged relevant market and Identify Your bases for excluding such applications from any relevant market You assert.

### INTERROGATORY NO. 4

Identify the basis for, underlying evidence, precise contours, specific criteria for inclusion or exclusion, and methodology used to derive the alleged relevant markets presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order.

### INTERROGATORY NO. 5

Identify all applications or products included in the "VR dedicated fitness applications" and "VR fitness applications" markets identified in Your Complaint, as well as all anticipated or

potential entrants into each relevant market, including the anticipated month and year for each such anticipated or potential entry.

**INTERROGATORY NO. 6**

Identify each Person with whom Lina Khan Communicated about the Merger and the means of these Communications, including but not limited to her Communications with members of Congress or the Executive Branch, or the staff or advisers of any members of Congress or officials in the Executive Branch.

**INTERROGATORY NO. 7**

Identify the basis for, underlying evidence, and methodology You used to calculate any market share figures presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for a Temporary Restraining Order, as well as any alternative or other market share calculations You made or considered but did not present in the Complaint, including for each such market share figure:

a. Each of the specific Documents and Data used by You or Jennifer Snyder to calculate such figures;

b. Assignment(s) or instruction(s) by You as to which applications to include and exclude in each market;

c. The manner in which You or Jennifer Snyder processed or otherwise manipulated each such Document and Data to arrive at the market share estimates referred to above, including but not limited to the content of any programs, formulas, or other manual or automated methods used by You to arrive at such market share estimates.

**INTERROGATORY NO. 10**

Identify any unpaid consultants or experts who were involved with or assisted the FTC in its investigation of the Merger, in deriving the alleged relevant markets presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for a Temporary Restraining Order, or in calculating the estimated market share figures presented in the Complaint and Memorandum of Points and Authorities in support of Your Motion for a Temporary Restraining Order, and for any such unpaid consultants or experts, identify their title and describe their responsibilities, decision-making authority, reporting line, specific involvement in the Merger investigation, and their qualifications.

Dated: August 16, 2022

/s/ *Bambo Obaro*
Bambo Obaro, CA Bar No. 267683
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Chantale Fiebig, DC Bar No. 487671
Chantale.Fiebig@weil.com
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
Michael R. Moiseyev (*pro hac vice*)
Michael.Moiseyev@weil.com
Telephone: (202) 682-7235
Facsimile: (202) 857-0940
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036

Eric S. Hochstadt, NY Bar No. 4222683
Eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark C. Hansen, DC Bar No. 425930
Geoffrey M. Klineberg
Aaron M. Panner
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
apanner@kellogghansen.com

*Counsel for Meta Platforms, Inc.*

7

Christopher J. Cox, CA Bar No. 151650
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.:  (650) 463-4000
Facsimile No.:  (650) 463-4199
chris.cox@hoganlovells.com

Lauren Battaglia, DC Bar No. 1007093
Logan M. Breed, DC Bar No. 479628
Benjamin Holt (*pro hac vice*)
Charles A. Loughlin, DC Bar No. 4482019
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.:  (202) 637-5600
Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

*Counsel for Within Unlimited, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, a true and correct copy of the foregoing Defendants' First Set of Interrogatories to Plaintiffs was served by e-mail on the following counsel:

Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Kristian Rogers
Anthony R. Saunders
Timothy Singer
pbayer@ftc.gov
jgoodman@ftc.gov
jbalbach@ftc.gov
mbarnett@ftc.gov
eelmore@ftc.gov
jepner@ftc.gov
shughto@ftc.gov
fjohnson@ftc.gov
alowdon@ftc.gov
lmayer@ftc.gov
krogers@ftc.gov
asaunders@ftc.gov
tsinger@ftc.gov

Dated: August 16, 2022

      *Patricia Dresel*
Patricia Dresel