# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>    Plaintiff,<br><br>    v.<br><br>**META PLATFORMS, INC., et al.,**<br><br>    Defendants. | Case No.  5:22-cv-04325-EJD<br>**PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5** |

**CONFIDENTIAL**

# PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86), and the Court's Order on the Parties' Joint Statement Regarding Discovery Disputes (Dkt. 98), Plaintiff Federal Trade Commission ("FTC" or "Commission") submits these Third Supplemental Objections and Responses to Interrogatory No. 5 of Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively "Defendants").

The FTC reserves the right to assert additional objections to Defendants' Interrogatories and to amend or further supplement these objections and responses as necessary.

## GENERAL OBJECTIONS

The following General Objections apply to all of Defendants' Interrogatories and are hereby incorporated by reference into each of the following responses. The assertion of the same, similar, or additional objections or the provision of partial answers in response to an individual Interrogatory does not waive any of the FTC's General Objections as to the other Interrogatories.

1. These responses are made solely for the purposes of this action. Each response is without waiver or limitation of the FTC's right to object on grounds of competency, relevance, materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the use of any documents or information in any subsequent proceeding in, or trial of, this or any other action. The FTC hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of responding to discovery.

2. The FTC objects to each Interrogatory to the extent it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

1

privilege, or any other privilege, doctrine, or protection as provided by any applicable law. Documents and information covered by such privileges are not subject to disclosure. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

3. The FTC objects to each Interrogatory to the extent it expressly or impliedly seeks information protected from discovery by any privilege, doctrine, or protection from discovery as provided by any applicable law that may be asserted by any government agency, entity, or official. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information, is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine.

4. The FTC objects to each Interrogatory to the extent that it calls for information that is exempted from discovery under the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86). The FTC will not produce documents that are exempted from discovery by the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

5. The FTC objects to each Interrogatory to the extent it expressly or impliedly seeks proprietary, confidential, financial, trade secret, or commercially sensitive information from third parties that could harm third parties' competitive or business positions or result in a breach of the FTC's obligation to maintain the confidentiality of such information. Any confidential or proprietary information will be produced pursuant to the Protective Order in this action, or any modifications thereto.

6. The FTC objects to each Interrogatory to the extent it concerns matters or issues that are beyond the scope of the allegations in the Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants as set forth in their

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

Answers, on the grounds that such discovery is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

7. The FTC objects to each Interrogatory to the extent that it seeks discovery that is available to Defendants from their own files, own employees, or from information in the public domain equally available to Defendants and the burden and expense of deriving or obtaining such information is substantially the same for Defendants as it is for the FTC.

8. The FTC objects to the Interrogatories to the extent they are calling for a premature response to contention interrogatories exceeding the scope of Rule 33 of the Federal Rules of Civil Procedure.

9. The FTC objects to each Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

9. The FTC objects to each Interrogatory to the extent it encompasses multiple subparts and given the limited discovery the parties agreed to in this case, the FTC objects to each Interrogatory to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

10. The FTC objects to each Interrogatory, Definition, and Instruction to the extent it is inconsistent with or purports to require the FTC to take measures above and beyond the requirements of the Local Rules of the Northern District of California, the Federal Rules of Civil Procedure, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, or any other agreements among the parties in this case. The FTC reserves all rights pursuant to any

**CONFIDENTIAL**

Stipulations subsequently agreed to or entered by the Court and expressly incorporates all terms herein.

11.  The FTC objects to each Definition, Instruction, and Interrogatory to the extent that it is vague, ambiguous, overly broad, unduly burdensome, fails to describe the information sought with the required reasonable particularity, requires unreasonable efforts or expense on behalf of Plaintiff, or uses terms that are undefined or not susceptible to a single meaning. The FTC further objects to each Interrogatory, Definition, and Instruction to the extent that each Interrogatory Definition, and Instruction seeks discovery that is not proportional to the needs of the case.

12.  The FTC objects to each Interrogatory to the extent that it calls for the production of information that the FTC has already provided to Defendants.  To the extent that the FTC has provided or will provide documents sufficient to answer any Interrogatory, the FTC will identify those documents as provided for in Federal Rule of Civil Procedure 33(d).

13.  The FTC objects to the definitions of the "FTC," "Federal Trade Commission," "You," and "Your" as overbroad and unduly burdensome to the extent that they include persons beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, and to the extent Interrogatories incorporating these terms seek information that is irrelevant to the claims and defenses in this litigation and not proportional to the needs of this case.

14.  The FTC objects to Instruction No. 5 because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

FTC further objects to Instruction No. 5 to the extent that it requests information that is not in the FTC's possession, custody, or control.

15. The FTC objects to Instruction No. 8 to the extent it imposes obligations above and beyond those contained in the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

16. The FTC objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, seek the disclosure of information or documents that are not material and necessary to the prosecution or defense of this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

17. The FTC, in responding to the Interrogatories, does not concede to the relevance or admissibility of any information sought through the Interrogatories, and reserves the right to challenge such relevance or admissibility.

18. No incidental or implied admissions are intended by the responses herein. The fact that the FTC has responded or objected to any of the individual Interrogatories contained in the Interrogatories should not be taken as an admission that the FTC accepts or admits the existence of any "facts" set forth or assumed by such Interrogatory. The fact that the FTC has answered part or all of any individual Interrogatory is not intended to be, and shall not be construed to be, a waiver by the FTC of any part of any objection to such Interrogatory.

19. Each of these General Objections is incorporated into the FTC's response to each of the individual Interrogatories as though fully set forth therein. The FTC will not respond to the Interrogatories to the extent objected to except as set forth herein.

20. Subject to all General and Specific Objections contained herein, the FTC provides supplemental answers to these Interrogatories to the best of its knowledge at the present time, based upon its investigation to date. The FTC states that discovery is ongoing, and the FTC

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

specifically reserves the right to supplement and amend these responses, including the interposition of additional or different objections, when and if it becomes necessary after further investigation and discovery.

Subject to and without waiver of the foregoing General Objections, or any other objections or claims of privilege, the FTC presents its Second Supplemental Responses to Defendants' Interrogatory No. 5:

**Interrogatory No. 5**

*Identify all applications or products included in the "VR dedicated fitness applications" and "VR fitness applications" markets identified in Your Complaint, as well as all anticipated or potential entrants into each relevant market, including the anticipated month and year for each such anticipated or potential entry.*

**Responses & Objections to Interrogatory No. 5**

The FTC incorporates by reference its General Objections. Furthermore, the FTC objects to this Interrogatory because it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC objects to this Interrogatory as encompassing multiple separate interrogatories and given the limited discovery the parties agreed to in this case, the FTC objects to this Request to the extent it attempts to circumvent the limit of 10 Interrogatories agreed to by the parties in the Joint Stipulated Discovery Plan and Briefing Schedule.

The FTC also objects to this Interrogatory to the extent that it requests information that is not in the FTC's possession, custody, or control. The FTC further objects to this Request to the extent it seeks discovery of publicly available information that are already available to Defendants or information originally produced by Defendants, on the grounds that such

**CONFIDENTIAL**

information is equally available to Defendants.

The FTC also objects that this Interrogatory is premature to the extent that it asks the FTC to identify factual information that may be the subject of ongoing discovery that has not been completed. The FTC also objects to the extent that this Interrogatory impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC also objects to this Interrogatory to the extent it seeks information related to communications between the FTC and its experts and potential experts, to the extent such information is protected from disclosure under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

The FTC objects to this Interrogatory's instruction to identify "all anticipated and potential entrants" as overbroad, unduly burdensome, excessive, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of discovery.

Subject to and without waiving the General Objections set forth above and objections incorporated herein, the FTC responds that, in the preliminary market concentration analysis accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13), the following applications were included in the "VR dedicated fitness applications" market:

- FitXR
- Holofit
- Supernatural
- VZfit
- VRWorkout

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

7

The FTC further responds that, in the preliminary market concentration analysis accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13), the following applications were included in the "VR fitness applications" market:

- Audio Trip
- Audioshield
- Beat Saber
- Blaston
- Bogo
- Creed
- Dance Central
- Drunkn Bar Fight
- Eleven
- Energie
- FitnessBird
- FitXR
- Gorilla Tag
- GORN
- Guided Tai Chi
- Gym Class
- Holofit
- Knockout League
- OhShape
- Pistol Whip
- Racket
- REAKT

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

8

- Rezzil
- Shape It
- STRIDE
- SUPERHOT
- Supernatural
- Synth Riders
- Until You Fall
- VZfit
- VRWorkout
- WIN Reality
- The Thrill of the Fight

As stated in Plaintiff's Motion for Temporary Restraining Order (Dkt. 13), at footnotes 53 and 78, the firms included in this preliminary analysis were based in part on characterizations by Meta in its submissions to the FTC that Plaintiff does not necessarily agree with, and given the early stage of the proceedings, the FTC reserved the right to revise its calculations as appropriate as this matter progresses.

The FTC will disclose further information regarding the relevant antitrust markets in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Supplemental Response to Interrogatory No. 5**

In the parties' September 2, 2022 meet and confer and in Defendants' September 7, 2022 letter, Defendants requested that the FTC supplement its response to "identify any anticipated or potential entrants into each alleged relevant market, including the anticipated timing for any such potential entry into the market." 9/7/2022 Ltr. E. Hochstadt to S. Musser at 4. Pursuant to that request, subject to and without waiving the General Objections set forth above and objections

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

incorporated herein, and in the spirit of good faith and compromise, the FTC supplements its response to Interrogatory No. 5 to identify two recent entrants to the VR Dedicated Fitness App market, as alleged in the Complaint. It is the FTC's understanding, based on discovery to date and public information, that Les Mills' Body Combat VR and Liteboxer VR both entered the VR Dedicated Fitness App market in 2022. The FTC is unaware of any additional recent or potential entrants to either the VR Dedicated Fitness App market or the VR Fitness App market.

The FTC states that it will supplement its response to this Interrogatory as appropriate at the end of fact discovery, and the FTC will provide further analysis regarding its market definition in accordance with the schedule for expert discovery provided for in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).

**Amended Second Supplemental Response to Interrogatory No. 5**

On September 30, 2022, Magistrate Judge van Keulen denied Defendants' motion to compel with respect to Interrogatory No. 5, with the proviso that the FTC "identify within three calendar days of this order all applications or products currently known to it that are included in the relevant markets alleged in the Complaint as well as all recent or potential entrants into the markets." (Dkt. 98-1 at 15). Subject to and without waiving the General Objections set forth above and objections incorporated herein, the FTC further supplements its response to Interrogatory No. 5 as follows:

The FTC incorporates by reference all facts identified in its prior responses to Interrogatory No. 5, including those incorporated by reference from Plaintiff's Motion for a Temporary Restraining Order. The FTC further states that the proposed Amended Complaint that the FTC filed in this action with Defendants' consent, *see* Dkt. Nos. 101-102, does not allege a relevant market of VR Fitness Apps.

The FTC further states that it is unaware of any additional VR Dedicated Fitness App or VR Fitness App market participants other than those identified above in the FTC's Initial and

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

Supplemental Response to Interrogatory No. 5. Further, the FTC is unaware of any additional recent or potential entrants other than those identified above in the FTC's Supplemental Response to Interrogatory No. 5. With respect to the list of market participants in the VR Fitness App market included in the FTC's prior responses to Interrogatory No. 5, the FTC states that, based on its investigation to date, the app referred to as "Shape It" was an early prototype related to Les Mills Bodycombat VR that was not released, and "Shape It" is therefore not a participant in any relevant market. The FTC is presently unaware of any additional information responsive to this interrogatory. Should the FTC become aware of any market participants or potential entrants previously unknown to the FTC, it will promptly supplement its response to Interrogatory No. 5.

**Third Supplemental Response to Interrogatory No. 5**

Pursuant to Rule 26(e) and the Court's September 30, 2022 Order on Defendants' motion to compel (Dkt. 98-1 at 15), subject to and without waiving the General Objections set forth above and the objections incorporated herein, the FTC further supplements its response to Interrogatory No. 5 as follows:

The FTC incorporates by reference all facts identified in its prior responses to Interrogatory No. 5, including those incorporated by reference from Plaintiff's Motion for a Temporary Restraining Order. The FTC further states that the proposed Amended Complaint that the FTC filed in this action with Defendants' consent, *see* Dkt. Nos. 101-102, does not allege a relevant market of VR Fitness Apps.

The list of VR Dedicated Fitness Apps that the FTC has identified at this time consists of all Apps identified in in its previous Initial and Supplemental Responses to Interrogatory No. 5, as well as RealFit and Powerbeats VR, neither of which is available on the Quest Store (App Lab only).

**CONFIDENTIAL**

The FTC further states that it is unaware of any additional VR Dedicated Fitness App market participants other than those identified above in the FTC's Initial and Supplemental Responses to Interrogatory No. 5. Further, the FTC is unaware of any additional recent or potential entrants other than those identified above in the FTC's Supplemental Response to Interrogatory No. 5.

**CONFIDENTIAL**

Dated: October 25, 2022

By: /s/ *Abby L. Dennis*

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Susan Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

Attorneys for Plaintiff Federal Trade Commission

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

13

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2022 I served a true and correct copy of

    (1) PLAINTIFF FTC'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES NO. 5

Chantale Fiebig
Daniel Nadratowski
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel.: (202) 682-7200
Email: chantale.fiebig@weil.com
Email: daniel.nadratowski@weil.com

Eric S. Hochstadt
WEIL, GOTSHAL, MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Email: eric.hochstadt@weil.com

Bambo Obaro
WEIL, GOTSHAL, MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel.: (650) 802-3000
Email: bambo.obaro@weil.com

Mark Hansen
Geoffrey M. Klineberg
KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M St NW #400
Washington, DC 20036
Tel: (202) 326-7928
Email: mhansen@kellogghansen.com
Email: gklineberg@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc*

Chris Fitzpatrick
Charles Loughlin
HOGAN LOVELLS
555 Thirteenth Street, NW

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD

14

Washington, DC 20004
Tel.: (202) 637-3668
Email: chris.fitzpatrick@hoganlovells.com
Email: chuck.loughlin@hoganlovells.com

*Counsel for the Defendant Within Unlimited, Inc.*

/s/ Andrew D. Lowdon
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Susan A. Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James H. Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

**CONFIDENTIAL**

PLAINTIFF FEDERAL TRADE COMMISSION'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORY NO. 5
CASE NO. 5:22-cv-04325-EJD