# EXHIBIT 8

Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)
Michael Barnett, TX Bar No. 24006801
E. Eric Elmore, NY Bar (No Number)
Justin Epner, DC Bar No. 1028431
Sean D. Hughto, DC Bar No. 421224
Frances Anne Johnson, MD Bar (No Number)
Andrew Lowdon, DC Bar No. 230095
Lincoln Mayer, DC Bar No. 992050
Susan Musser, DC Bar No. 1531386
Kristian Rogers, MA Bar No. 675951
Anthony R. Saunders, NJ Bar No. 008032001
Timothy Singer, DC Bar No. 1048769
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381
*adennis@ftc.gov; pbayer@ftc.gov;*
*jgoodman@ftc.gov; jbalbach@ftc.gov;*
*mbarnett@ftc.gov; eelmore@ftc.gov;*
*jepner@ftc.gov; shughto@ftc.gov;*
*fjohnson@ftc.gov; alowdon@ftc.gov;*
*lmayer@ftc.gov; smusser@ftc.gov;*
*krogers@ftc.gov; asaunders@ftc.gov;*
*tsinger@ftc.gov*

Erika Wodinsky, CA Bar No. 091700
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190
*ewodinsky@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC., et al.** <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION** |

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Joint Stipulated Case Management Order (Dkt. 69), and the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78), Plaintiff Federal Trade Commission ("FTC") submits these Objections and Responses to the First Set of Requests for Production of Documents of Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited Inc. ("Within") (collectively "Defendants").

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

The following General Objections apply to all of Defendants' Requests for Production (the "Requests") and are hereby incorporated by reference into each of the following responses to each individual Request. The assertion of the same, similar, or additional objections or the provision of partial answers in response to an individual Request does not waive any of the FTC's General Objections as to that Request or other Requests.

1.     These responses are made solely for the purposes of this action. Each response is without waiver or limitation of the FTC's right to object on grounds of competency, relevance, materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the use of any documents or information in any subsequent proceeding in, or trial of, this or any other action. The FTC hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of responding to discovery.

2.     The FTC objects to each Request to the extent it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. Documents and information covered by such privileges are not subject to disclosure. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

3.     The FTC objects to each Request to the extent it expressly or impliedly seeks information protected from discovery by any privilege, doctrine, or protection from discovery as provided by any applicable law that may be asserted by any government agency, entity, or

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

official. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information, is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine.

4.      The FTC objects to each Request to the extent that it calls for the production of documents that are exempted from discovery under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). The FTC will not produce documents that are exempted from discovery by the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

5.      The FTC objects to each Request to the extent it seeks an admission as to the existence or nonexistence of documents. Nothing contained in these responses is intended to be, or in any way shall be deemed, an admission by the FTC as to the existence or nonexistence of any documents. The fact that the FTC has responded to part or all of any individual Request is not intended to be, and shall not be construed to be, a waiver by the FTC of any part of any objection to such Request.

6.      The FTC objects to each Request to the extent it expressly or impliedly seeks proprietary, confidential, financial, trade secret, or commercially sensitive information from third parties that could harm third parties' competitive or business positions or result in a breach of the FTC's obligation to maintain the confidentiality of such information. Any confidential or proprietary information will be produced pursuant to the Protective Order in this action, or any modifications thereto.

7.      The FTC objects to each Request to the extent it concerns matters or issues that are beyond the scope of the allegations of the Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter, on the grounds that such discovery is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

8.      The FTC objects to each Request to the extent that it seeks discovery that is available to Defendants from their own files or from information in the public domain equally available to Defendants and the burden and expense of deriving or obtaining such information is substantially the same for Defendants as it is for the FTC.

9.      The FTC objects to each Request to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

10.      The FTC objects to each Request, Definition, and Instruction to the extent it is inconsistent with or purports to require the FTC to take measures above and beyond the requirements of the Local Rules of the Northern District of California, the Federal Rules of Civil Procedure, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, or any other agreements among the parties in this case. The FTC reserves all rights pursuant to any Stipulations subsequently agreed to or any Orders entered by the Court and expressly incorporates all terms herein.

11.      The FTC objects to each Definition, Instruction, and Request to the extent that it is vague, ambiguous, overly broad, unduly burdensome, fails to describe the information sought with the required reasonable particularity, requires unreasonable efforts or expense on behalf of Plaintiff, or uses terms that are undefined or not susceptible to a single meaning. The FTC further objects to each Request, Definition, and Instruction to the extent that each Request, Definition, and Instruction seeks discovery that is not proportional to the needs of the case.

12.      The FTC objects to each Request to the extent that it calls for the production of documents or information that Defendants provided to the FTC. The FTC will not reproduce documents or information that Defendants provided to the FTC in this action or during the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

3

13.     The FTC objects to each Request to the extent that it calls for the production of documents or information that the FTC has already produced to Defendants.

14.     The FTC objects to each Request, Definition, and Instruction as overbroad and unduly burdensome to the extent it seeks information from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040.

15.     The FTC objects to the definition of "Meta" as overbroad and unduly burdensome to the extent it requires the FTC to identify "present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, and/or affiliates."

16.     The FTC objects to the definition of "Within" as overbroad and unduly burdensome to the extent it requires the FTC to identify "present and former officers, directors, employees, agents, and other persons acting on behalf of Within, its divisions, subsidiaries, and/or affiliates."

17.     The FTC objects to the definitions of the "FTC," "Federal Trade Commission," "You," and "Your" as overbroad and unduly burdensome to the extent that they include persons beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, and to the extent Requests incorporating these terms seek information that is irrelevant to the claims and defenses in this litigation and not proportional to the needs of this case.

18.     The FTC objects to Instruction No. 7 to the extent it seeks to impose obligations beyond those required under the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

19.     The FTC objects to Instruction No. 8 as unduly burdensome and disproportionate to the extent it would impose nonreciprocal obligations on the FTC. The FTC is willing to meet and confer to reach agreement regarding cut-off date for discovery that would apply to both the FTC and Defendants.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

20.     The FTC objects to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, seek the disclosure of information or documents that are not material and necessary to the prosecution or defense of this action, or are not reasonably calculated to lead to the discovery of admissible evidence.

21.     The FTC objects to the Requests, Definitions, and Instructions to the extent that they purport to require the FTC to conduct anything beyond a reasonable and diligent search for readily accessible documents (including electronically stored information) from readily accessible sources where responsive documents reasonably would be expected to be found.

22.     The FTC, in responding to the Requests, does not concede to the relevance or admissibility of any documents, things or information sought through the Requests, and reserves the right to challenge such relevance or admissibility.

23.     Subject to all objections contained herein, the FTC answers these Requests to the best of its knowledge at the present time. The FTC states that discovery is ongoing, and the FTC specifically reserves the right to supplement and amend these responses, including the interposition of additional or different objections, when and if it becomes necessary after further investigation and discovery.

24.     Each of these General Objections is incorporated into Plaintiff's response to each of the individual Requests as though fully set forth therein. Plaintiff will not respond to the Requests to the extent objected to except as set forth herein.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Subject to and without waiver of the foregoing General Objections, or any other objections or claims of privilege, the FTC states its specific objections and responses to Defendants' First Set of Requests for Production of Documents.

**REQUEST NO. 1:**

*All Documents, Communications, and Testimony that You obtained, considered, or relied upon in connection with your investigation of the Merger, the drafting or filing of the Complaint filed in this Action on July 27, 2022, the drafting or filing of the Administrative Complaint on August 11, 2022, or your prosecution of this Action, other than Documents or Communications You received from Meta or Within.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 1:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents, Communications, and Testimony" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "obtained, considered, or relied upon," "drafting or filing," and "prosecution of this Action" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all "non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No.

1    221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding

2    materials produced by Meta and Within." The FTC is willing to meet and confer regarding what,

3    if any, additional documents Defendants are seeking.

4    **REQUEST NO. 2:**

5    *All Documents Concerning Your past, present, or future contact, or considered or contemplated*

6    *contact, with any non-parties or any other Persons Related to the Merger and/or Your*

7    *investigation of the Merger, including Documents Related to telephone conferences, in-person*

8    *conferences, meetings, interviews, or correspondence with actual or potential customers or*

9    *competitors of the Defendants, or any other Persons, in connection with the Merger or Extended*

10   *Reality industry.*

11

12   **OBJECTIONS AND RESPONSES TO REQUEST NO. 2:**

13          The FTC incorporates by reference its General Objections. The FTC objects to the

14   Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and

15   defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the

16   phrases "past, present, or future contact, or considered or contemplated contact" and "other

17   Persons Related to the Merger" are vague, ambiguous, overly broad, and unduly burdensome.

18   The FTC further objects to the extent this Request seeks information regarding the "Extended

19   Reality industry" unconnected to the allegations Complaint filed in the above-captioned matter

20   on July 27, 2022, to the proposed relief, or to any defenses of Defendants that are not contained

21   in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned

22   matter. The FTC objects to the extent this Request seeks materials protected from disclosure by

23   attorney-client privilege, attorney work product doctrine, government deliberative process

24   privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or

25   protection as provided by any applicable law. The FTC objects to the extent that the Request

26   seeks materials from persons at the Federal Trade Commission beyond the FTC staff who

27

28   PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
     DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
     CASE NO. 5:22-CV-04325-EJD

worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within. The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking.

**REQUEST NO. 3:**

*All Documents Related to the FTC's past, present, or future communications with any nonparties or any other Persons in connection with the Merger, Complaint, or Extended Reality industry, including, but not limited to, notes, summaries, transcripts, or records of interviews or discussions with any such non-parties or other Persons.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 3:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request to the extent it contains the phrases, including but not limited to "All Documents Related to," "past, present, or future communications," "with any nonparties or any other Persons," "in connection with the Merger, Complaint or Extended Reality industry," which are vague, ambiguous, overly broad, and unduly burdensome. The FTC further objects to the Request for "all Documents Related to the FTC's past, present, or future communications" and "in connection with the Merger, Complaint, or Extended Reality industry" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not proportional to the needs of this case. The FTC further objects to the extent this Request seeks information regarding the "Extended Reality industry" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the

1  above-captioned matter. The FTC objects to the extent this Request seeks materials such as

2  interview notes or summaries which are protected from disclosure by attorney-client privilege,

3  attorney work product doctrine, government deliberative process privilege, common-interest

4  privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by

5  any applicable law. The FTC objects to the extent that the Request seeks materials from persons

6  at the Federal Trade Commission beyond the FTC staff who worked on the investigative team

7  for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and

8  irrelevant.

9       Subject to and without waiving the foregoing General and Specific Objections, the FTC

10 states that it previously produced all non-party materials and communications produced to the

11 FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No.

12 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding

13 materials produced by Meta and Within. The FTC is willing to meet and confer regarding what,

14 if any, additional documents Defendants are seeking.

15 **REQUEST NO. 4:**

16 *All Documents relating to any Communications between You and any other members of the*

17 *federal government, including the Executive and Legislative branches, any other governmental*

18 *regulator, or former Federal Trade Commissioners or personnel in relation to Your*

19 *investigation of the Merger.*

20

21 **OBJECTIONS AND RESPONSES TO REQUEST NO. 4:**

22      The FTC incorporates by reference its General Objections. The FTC objects to the

23 Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and

24 defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the

25 phrases "All Documents," "any Communications," and "in relation to your investigation" are

26 vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from

27 disclosure by attorney-client privilege, attorney work product doctrine, government deliberative

28

process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC further objects to the extent this Request seeks information regarding the "Communications" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC is willing to meet and confer to see whether this Request can be narrowed.

**REQUEST NO. 5:**

*All Documents Concerning Defendants' respective businesses, including Documents that define or otherwise analyze candidate, proposed, or alleged relevant antitrust markets, market share, and future growth projections or opportunities.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 5:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "All Documents Concerning Defendants' respective businesses" is vague and ambiguous, overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

10

beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78).

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it will produce backup data for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration.

**REQUEST NO. 6:**

*For the period of January 1, 2019 to present, all public and non-public Documents Concerning the Extended Reality industries (including, but not limited to, virtual, augmented, or mixed reality fitness), as well as connected fitness, at-home fitness, and other in-person fitness products or services, including Documents that define or otherwise analyze candidate, proposed, or alleged relevant antitrust markets, market share, future growth projections or opportunities of any Extended Reality software and hardware developers, and any intergovernmental Documents such as speeches, correspondence, communications, congressional sessions, and meetings, as they Relate to the fitness and Extended Reality industries.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 6:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for all "Documents concerning the Extended Reality industries," all Documents Concerning "connected fitness, at-home fitness, and other in-person fitness products or services," and "intergovernmental Documents such as speeches, correspondence, communications,

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

congressional sessions, and meetings, as they Relate to the fitness and Extended Reality industries" as overly broad, unduly burdensome, vague, ambiguous, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "future growth projections or opportunities of any Extended Reality software and hardware developers," "intergovernmental Documents," and "fitness" are vague and ambiguous. The FTC further objects to the extent this Request seeks information regarding the "Extended Reality industries" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants as set forth in their Answer.

The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). The FTC further objects to this Request to the extent it seeks discovery of publicly available materials that are already available to Defendant, on the grounds that such materials are equally available to Defendant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all "non-party materials and communications produced to the FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding

materials produced by Meta and Within." The FTC is willing to meet and confer regarding what,

if any, additional documents Defendants are seeking.

**REQUEST NO. 7:**

*For the period of January 1, 2019 to present, All Documents Concerning proposed, actual, or*

*contemplated transactions Related to any fitness and Extended Reality (not limited to fitness)*

*industry.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 7:**

The FTC incorporates by reference its General Objections. The FTC objects to the

Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and

defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the

phrase "proposed, actual, or contemplated transactions Related to any fitness and Extended

Reality (not limited to fitness) industry" is vague, ambiguous, overly broad, unduly burdensome,

irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this

case. The FTC further objects to the extent this Request seeks information related to "any fitness

or Extended Reality industry (not limited to fitness)" unconnected to the allegations Complaint

filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of

Defendants that are not contained in any Answer or beyond the scope of any forthcoming

Answer filed in the above-captioned matter.

The FTC objects to the extent this Request seeks materials protected from disclosure by

attorney-client privilege, attorney work product doctrine, government deliberative process

privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or

protection as provided by any applicable law. The FTC objects to the extent that the Request

seeks materials from persons at the Federal Trade Commission beyond the FTC staff who

worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-

0040, as disproportionate and irrelevant.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

The FTC is willing to meet and confer to see if this Request can be narrowed.

**REQUEST NO. 8:**

*All Documents Concerning the calculation of market shares or application of the Herfindahl-Hirschman Index to the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 8:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "Concerning the calculation of market shares or application of the Herfindahl-Hirschman Index to the Merger" is vague and ambiguous. The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it will produce backup data for the Declaration of Jennifer Snyder accompanying Plaintiff's Motion for Temporary Restraining Order (Dkt. 13) demonstrating the underlying firms and market concentration calculations reflected in that declaration.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

**REQUEST NO. 9:**

*All Documents Concerning any growth synergies, cost synergies, or other quantitative or qualitative efficiencies or benefits that Meta may be able to realize in connection with the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 9:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "growth synergies," "cost synergies," and "other quantitative or qualitative efficiencies or benefits" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC objects to the Request to the extent it impermissibly seeks the premature and nonreciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) and correspondence materials in accordance with the deadlines set forth in the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 78). Finally, the FTC objects to the extent that this Request seeks information that is in Meta's possession, custody or control.

**REQUEST NO. 10:**

*For the period of June 15, 2021 to present, all Documents and Communications in which Lina Khan has discussed Meta and/or Mark Zuckerberg.*

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

1   **OBJECTIONS AND RESPONSES TO REQUEST NO. 10:**

2         The FTC incorporates by reference its General Objections. The FTC objects to the

3   Request for "All Documents and Communications" as overly broad, unduly burdensome,

4   irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this

5   case. The FTC objects that the phrase "has discussed Meta and/or Mark Zuckerberg" is vague

6   and ambiguous. The FTC objects to the extent this Request seeks materials protected from

7   disclosure by attorney-client privilege, attorney work product doctrine, government deliberative

8   process privilege, common-interest privilege, investigative privilege, or any other privilege,

9   doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the

10  Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff

11  who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No.

12  221-0040, as disproportionate and irrelevant. The FTC objects to the Request as irrelevant to the

13  allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed

14  relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope

15  of any forthcoming Answer filed in the above-captioned matter and not appropriate to the needs

16  of this case.

17  **REQUEST NO. 11:**

18  *All Documents and Communications that Lina Khan relied upon or considered in connection*

19  *with review of the Merger, the vote to file the Complaint in this Action on July 27, 2022, or the*

20  *vote to file the Administrative Complaint on August 11, 2022, other than Documents or*

21  *Communications from or with Meta or Within.*

22

23  **OBJECTIONS AND RESPONSES TO REQUEST NO. 11:**

24        The FTC incorporates by reference its General Objections. The FTC objects to the

25  Request for "All Documents and Communications" as overly broad, unduly burdensome,

26  irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this

27  case. The FTC objects that the phrase "relied upon or considered" is vague and ambiguous. The

28  PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
    DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
    CASE NO. 5:22-CV-04325-EJD

FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC objects to the Request as irrelevant to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter and not appropriate to the needs of this case.

**REQUEST NO. 12:**

*All Documents and Communications Concerning the participation of any Commissioner in review of the Merger, the decision to authorize the Complaint, and any of the allegations contained in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 12:**

The FTC incorporates by reference its General Objections. The FTC objects to the Request for "All Documents and Communications" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "Concerning the participation of" is vague and ambiguous. The FTC objects that the phrase "any of the allegations contained in the Complaint and Memorandum of Points and Authorities in support of Your Motion for Temporary Restraining Order" is vague, ambiguous, and unintelligible.

The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process

privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC objects to this Request as irrelevant to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter and not appropriate to the needs of this case.

**REQUEST NO. 13:**

*All Documents identified or reviewed in order to respond to any Interrogatory, Request for Admission, or deposition issued pursuant to Federal Rule of Civil Procedure 30(b)(6) from any Defendant in this Action.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 13:**

The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrase "identified or reviewed in order to respond" is vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law.

The FTC also objects to this Request as premature on the grounds that Defendants have not yet served any Requests for Admission or any notices for a Rule 30(b)(6) deposition. The FTC reserves all objections regarding discovery requests Meta has not yet propounded. The FTC further objects to this Request to the extent it requires that the FTC produce documents upon

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

which it may rely that are not currently in the FTC's possession, custody, or control, including, but not limited to, documents that may be produced during the course of discovery.

Subject to and without waiving its General and Specific Objections, the FTC will produce any non-public, non-privileged documents that the FTC identifies, or relies on, in its responses to any Interrogatory or Request for Admission in this action and have not previously been produced or otherwise made available to Defendant, to the extent the FTC becomes aware of such documents during the course of discovery.

**REQUEST NO. 14**:

*All Documents created, prepared, collected, or received by You in connection with the Merger to the extent not responsive to Document Requests Nos. 1-13 set forth above, including, but not limited to, any Bureau of Economics and/or Bureau of Competition memoranda evaluating the Merger.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 14:**

The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "in connection with the Merger" are vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

Subject to and without waiving the foregoing General and Specific Objections, the FTC states that it previously produced all "non-party materials and communications produced to the

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-CV-04325-EJD

19

FTC in the course of the investigation of Meta's proposed acquisition of Within, FTC File No. 221-0040, comprising the FTC's non-privileged investigative file in this matter, excluding materials produced by Meta and Within." The FTC is willing to meet and confer regarding what, if any, additional documents Defendants are seeking.

**REQUEST NO. 15**:

*All Documents and analyses Concerning acquisitions by technology platform companies and the effects of those acquisitions on early-stage investment.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 15:**

The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents and analyses" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the phrases "acquisitions by technology platform companies" and "the effects of those acquisitions on early-stage investment" are vague and ambiguous. The FTC further objects to the extent this Request seeks information regarding the "acquisitions by technology platform companies" unconnected to the allegations Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter.

The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant.

The FTC is willing to meet and confer to see if this Request can be narrowed.

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

**REQUEST NO. 16**:

*All Documents and analyses Concerning the FTC's 6(b) Study of acquisitions by technology platform companies in FTC Matter No. P201201.*

**OBJECTIONS AND RESPONSES TO REQUEST NO. 16:**

  The FTC incorporates by reference its General Objections. The FTC objects to the request for "All Documents and analyses" as overly broad, unduly burdensome, irrelevant to the claims and defenses in this litigation, and not appropriate to the needs of this case. The FTC objects that the Request is vague and ambiguous. The FTC objects to the extent this Request seeks materials protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law. The FTC objects to the extent that the Request seeks materials from persons at the Federal Trade Commission beyond the FTC staff who worked on the investigative team for Meta's proposed acquisition of Within, FTC File No. 221-0040, as disproportionate and irrelevant. The FTC objects to this request as irrelevant to the claims and allegations in the Complaint filed in the above-captioned matter on July 27, 2022, to the proposed relief, or to the defenses of Defendants that are not contained in any Answer or beyond the scope of any forthcoming Answer filed in the above-captioned matter.

Dated:  August 23, 2022

By: /s/ Abby L. Dennis

Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Frances Anne Johnson
Susan A. Musser

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*Attorneys for Plaintiff Federal Trade Commission*

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on August 23, 2022, I served a true and correct copy of

3

    (1) Plaintiff Federal Trade Commission's Objections and Responses to Defendants'
        First Requests for Production

4

5

Chantale Fiebig
Daniel Nadratowski
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Tel.: (202) 682-7200
Email: chantale.fiebig@weil.com
Email: daniel.nadratowski@weil.com

6

7

8

9

10

Eric S. Hochstadt
WEIL, GOTSHAL, MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Email: eric.hochstadt@weil.com

11

12

13

14

Bambo Obaro
WEIL, GOTSHAL, MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065
Tel.: (650) 802-3000
Email: bambo.obaro@weil.com

15

16

17

18

Geoffrey M. Klineberg
Ana Nikolic Paul
KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M St NW #400
Washington, DC 20036
Tel: (202) 326-7928
Email: gklineberg@kellogghansen.com
Email: apaul@kellogghansen.com

19

20

21

22

23

*Counsel for Defendant Meta Platforms, Inc*

24

25

Chris Fitzpatrick
Nicole Lynch
HOGAN LOVELLS
555 Thirteenth Street, NW
Washington, DC 20004
Tel.: (202) 637-3668

26

27

28

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD

Email: chris.fitzpatrick@hoganlovells.com
Email: nicole.lynch@hoganlovells.com

*Counsel for the Defendant Within Unlimited, Inc.*

/s/ Jeanine Balbach
Jeanine Balbach
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2568
Email: jbalbach@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*

PLAINTIFF FEDERAL TRADE COMMISSION'S OBJECTIONS AND RESPONSES TO
DEFENDANTS' FIRST REQUESTS FOR PRODUCTION
CASE NO. 5:22-cv-04325-EJD