**Federal Trade Commission v. Meta Platforms, Inc., et al., 5:22-cv-04325-EJD**
**Exhibit A to Court's Order re Dkt. 144**

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| 1 | The FTC's Amended Second Supplemental Responses to Defendants' Interrogatory Nos. 3-5, including (i) all facts currently known to it that support its methodology to derive the alleged "VR Dedicated Fitness App" market set forth in the Complaint and (ii) all applications or products currently known to it that are included in that market as well as all recent or potential entrants into that market. | Defendants' Interrogatory Nos. 3-5 seek broad information concerning "all criteria" for determining whether applications are included in the relevant market, the "basis for, underlying evidence, precise contours, specific criteria for inclusion or exclusion, and methodology used to derive" the alleged relevant market," and "all applications" and "all anticipated or potential entrants" into the market for VR dedicated fitness. The FTC, in interrogatory responses prepared by its counsel of record, has provided extensive responses to Interrogatory Nos. 3-5, and it supplemented its responses on September 13 and October 10. In a meet and confer with Defendants on the Notice on October 24 (and in follow-up correspondence), the FTC offered to answer specific factual questions identified by Defendants regarding Interrogatory Nos. 3-5 in writing by further supplementing in response to those questions as necessary. Defendants refused this compromise offer, asserting that "the FTC is already obligated to supplement its responses to ROGs 3-5," and demanding a deposition whose purpose appears to be to inquire not into facts, but into the FTC's analysis, reasoning, and strategy.<br><br>To the extent this Topic is not targeted at privileged material (and thus improper for that reason), this Topic is unreasonably cumulative, duplicative, and imposes an | The FTC should be required to designate a witness to testify about this topic. | Pursuant to Rule 26(e) and the Court's Sept. 30 Order (98-1), the FTC has supplemented its responses to Interrogatory Nos. 3-5 to include facts responsive to those Interrogatories and will continue to supplement in accordance with the Federal Rules of Civil Procedure and this Court's order.<br><br>Consistent with its prior proposal to Defendants, the FTC remains willing to answer additional factual questions regarding Interrogatory Nos. 3-5 that Defendants have and to supplement its responses to interrogatories as necessary. | The FTC's supplemental responses to Interrogatory Nos. 3-5, along with the FTC's unequivocal statement these responses provide all of the facts currently known to the FTC, provide an adequate factual basis as to its methodology to derive the alleged "VR Dedicated Fitness App" market.<br><br>Meta may not be satisfied with the facts provided, and it can challenge the FTC's underlying facts. But a deposition is not warranted in these circumstances.<br><br>Further, as any deposition would be strictly limited to just the underlying facts, which have already been articulated in the |

1

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) designee cannot reliably and completely be expected to recite.<br><br>Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and will be the practical equivalent of a deposition of counsel of record.<br><br>Moreover, given the FTC's extensive responses to Interrogatory Nos. 3-5, a deposition on this Topic would serve no purpose other than to probe FTC counsel of record's mental impressions and otherwise intrude on protected work product and/or privileged communications. | | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | interrogatory responses, and as the risk of veering into attorney work product is high, the Court finds that on the record in this case, a deposition on this topic is not appropriate.<br><br>The FTC must verify its responses no later than November 8, 2022. |
| 2 | The factual bases for the FTC's alleged "VR Dedicated Fitness App" market set forth in Paragraphs 35-46 of the Amended Complaint. | The factual bases for the FTC's allegations in Paragraphs 35-46 of the Amended Complaint are subsumed in the FTC's Responses to Interrogatory Nos. 3-5.<br><br>Interrogatory Nos. 3-5 seek broad information concerning "all criteria" for determining whether applications are included in the relevant market, the "basis for, underlying evidence, precise contours, specific criteria for inclusion or exclusion, and methodology used to derive" the alleged relevant market," and "all applications" and "all anticipated or potential entrants" into the market for VR dedicated fitness. The FTC, in interrogatory responses prepared by its | The FTC should be required to designate a witness to testify about this topic. | Pursuant to Rule 26(e) and the Court's Sept. 30 Order (98-1), the FTC has supplemented its responses to Interrogatory Nos. 3-5 to include facts responsive to those Interrogatories and will continue to supplement in accordance with the Federal Rules of Civil Procedure and this Court's order. | The FTC's supplemental responses to Interrogatory Nos. 3-5, along with the FTC's unequivocal statement these responses provide all of the facts currently known to the FTC, provide an adequate factual basis as to its methodology to derive the alleged "VR Dedicated Fitness App" market. |

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | counsel of record, has provided extensive responses to Interrogatory Nos. 3-5, and it supplemented its responses on September 13 and October 10. In a meet and confer with Defendants on the Notice on October 24 (and in follow-up correspondence), the FTC offered to answer specific factual questions identified by Defendants regarding Interrogatory Nos. 3-5 in writing by further supplementing in response to those questions as necessary. Defendants refused this compromise offer, asserting that "the FTC is already obligated to supplement its responses to ROGs 3-5," and demanding a deposition whose purpose appears to be to inquire not into facts, but into the FTC's analysis, reasoning, and strategy.<br><br>To the extent this Topic is not targeted at privileged material (and thus improper for that reason), this Topic is unreasonably cumulative, duplicative, and imposes an undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) designee cannot reliably and completely be expected to recite.<br><br>Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and will be the practical equivalent of a deposition of counsel of record.<br><br>Moreover, given the FTC's extensive responses to Interrogatory Nos. 3-5, a deposition on this Topic would serve no | | Consistent with its prior proposal to Defendants, the FTC remains willing to answer additional factual questions regarding Interrogatory Nos. 3-5 that Defendants have and to supplement its responses to interrogatories as necessary.<br><br>The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | Meta may not be satisfied with the facts provided, and it can challenge the FTC's underlying facts. But a deposition is not warranted in these circumstances.<br><br>Further, as any deposition would be strictly limited to just the underlying facts, which have already been articulated in the interrogatory responses, and as the risk of veering into attorney work product is high, the Court finds that on the record in this case, a deposition on this topic is not appropriate.<br><br>The FTC must verify its responses no later than November 8, 2022. |

3

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | purpose other than to probe FTC counsel of record's mental impressions and otherwise intrude on protected work product and/or privileged communications. | | | |
| 3 | The identities of any third parties who have told the FTC they support or oppose the Merger, and the factual bases that any such third party provided to the FTC. | The FTC previously provided Defendants with (1) all written correspondence between the FTC and third parties, as well as (2) a list of names and specific contact information for every third party with whom the FTC communicated during the investigation.<br><br>The Court previously denied Defendants' motion to compel production of the notes of third-party interviews and summaries thereof, holding those to be protected work product. *See* Sept. 30, 2022 Order (Dkt. 98-1). The Court also found that requiring the FTC to create sanitized summaries on Meta's behalf was not proportional to the needs of this case. Defendants have had ample opportunity to contact those third parties independently. Yet, Defendants now seek to put the FTC's attorneys, via deposition, through the same improper exercise this Court previously rejected.<br><br>Providing any further information on this Topic would require the FTC to reveal attorney mental impressions and otherwise intrude on protected work product and/or privileged communications.<br><br>This Topic does not seek facts, but rather seeks information on FTC attorneys' | The FTC should be required to designate a witness to testify about this topic. | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | This information has been provided. Dkt. 167-3, 10-11. There are no additional discoverable underlying facts to be addressed in deposition. Discovery into the FTC's investigative files was previously denied by this Court (Dkt. 98), and that Order cannot be avoided by couching the request as the "factual bases" provided by third parties to the FTC.<br><br>The FTC must verify its responses no later than November 8, 2022. |

4

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | impressions of their interviews with third parties. The Court should reject Defendants' attempt to end-run the Court's September 30 Order. | | | |
| 4 | The factual bases for the FTC's allegation in Paragraph 52 of the Amended Complaint that "[t]he market for VR Dedicated Fitness Apps is highly concentrated." | The factual bases for the FTC's allegations in Paragraph 52 of the Amended Complaint are subsumed in the FTC's Responses to Interrogatory No. 7. Interrogatory No. 7 seeks broad information concerning the FTC's "basis for, underlying evidence, and methodology [] used to calculate" market shares. The FTC, specifically, FTC's counsel of record, provided extensive responses to Interrogatory No. 7, and it supplemented its responses on September 13, 2022.

This Topic is unreasonably cumulative, duplicative, and imposes an undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) cannot reliably and completely be expected to recite.

Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record.

Moreover, given the FTC's extensive response to Interrogatory No. 7, a deposition on this Topic would serve no purpose other than to probe FTC counsel of record's mental impressions and otherwise intrude on | The FTC should be required to designate a witness to testify about this topic. | The FTC has responded to Interrogatory No. 7.

The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | The FTC's supplemental responses to Interrogatory No. 7 and referenced document productions provide an adequate factual basis as to its allegation regarding market concentration.

Meta may not be satisfied with the facts provided, and it can challenge the FTC's underlying facts. But a deposition is not warranted in these circumstances.

Further, as any deposition would be strictly limited to just the underlying facts, which have already been articulated in the interrogatory response, and as the risk of veering into |

5

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | protected work product and/or privileged communications. | | | attorney work product is high, the Court finds that on the record in this case, a deposition on this topic is not appropriate.<br><br>The FTC must verify its responses no later than November 8, 2022. |
| 5 | The facts and materials You provided to, and chose to withhold from, Jennifer Snyder in support of preparing the Snyder Declaration, the analyses conducted by Jennifer Snyder, and any facts or materials Jennifer Snyder requested from the FTC in connection with preparing the Snyder Declaration. | Interrogatory No. 7 seeks broad information concerning the FTC's "basis for, underlying evidence, and methodology [] used to calculate" market shares.  The FTC, specifically, FTC's counsel of record, provided extensive responses to Interrogatory No. 7, and it supplemented its responses on September 13, 2022, specifically addressing Ms. Snyder's declaration and its basis.  Ms. Snyder is an FTC employee and research analyst who performed a market concentration calculation at Plaintiff's counsel's request to accompany the FTC's Emergency Motion for a Temporary Restraining Order, and which was attached via a short declaration. Ms. Snyder's calculation has already been the subject of discovery via Interrogatory No. 7.  The FTC has also produced all data supporting the calculation in Ms. Snyder's declaration and the backup code and materials necessary for Defendants to fully recreate that calculation from the data. The remaining information Defendants seek | The FTC should be required to designate a witness to testify about this topic. | The FTC has responded to Interrogatory No. 7 and has produced materials relevant to this Topic.<br><br>The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | The FTC's supplemental responses to Interrogatory No. 7 and referenced document productions provide the factual underpinnings to Ms. Snyder's declaration.<br><br>Meta may not be satisfied with the facts provided, and it can challenge the FTC's underlying facts.  But a deposition is not warranted in these circumstances.<br><br>Further, as any deposition would be strictly limited to just |

6

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | appears to be work product and privileged communications between Ms. Snyder and Plaintiff's counsel.<br><br>Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and will be the practical equivalent of a deposition of counsel of record.<br><br>Moreover, given the FTC's extensive response to Interrogatory No. 7 and its production of all data supporting Ms. Snyder's declaration and the backup materials necessary for Defendants to recreate the calculation, a deposition on this Topic would serve no purpose other than to probe FTC counsel of record's mental impressions and otherwise intrude on protected work product and/or privileged communications. | | | the underlying facts which have already been articulated in the interrogatory response and document production, and as the risk of veering into attorney work product is high, the Court finds that on the record in this case, a deposition on this topic is not appropriate.<br><br>The FTC must verify its responses no later than November 8, 2022. |
| 6 | The factual bases for the FTC's allegation in Paragraph 25 of the Amended Complaint that "[t]he VR industry is currently characterized by a high degree of innovation and growth." | This allegation from the FTC's Amended Complaint has already been admitted by both Defendants in their Answers. *See* Meta's Answer (Dkt. 84) ¶ 28 ("Meta admits that the VR industry is currently characterized by a high degree of innovation and growth."); Within's Answer (Dkt. 83) ¶ 28 ("Within admits that the VR industry is currently characterized by a high degree of innovation and growth.").<br><br>Defendants do not attempt to explain why a deposition of the FTC is necessary regarding | The FTC should be required to designate a witness to testify about this topic. | This allegation is not in dispute in the case and a deposition on an undisputed allegation would be unduly burdensome and cumulative. The Topic is also not described with the particularity necessary to facilitate a 30(b)(6) deposition in any case. | No party disputes the characterization of the VR industry. Accordingly, the benefit of a deposition on this subject is de minimis, particularly in face of the risk of veering into attorney work product. Further, the topic is readily amenable to |

7

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | an allegation that is not in dispute. As such, this Topic is unreasonably cumulative, duplicative, and imposes an undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) cannot reliably and completely be expected to recite.<br><br>Defendants' notice also fails to "describe with particularity the matters for examination" in Topic 6. Fed. R. Civ. P. 30(b)(6).<br><br>This Topic imposes an undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) cannot reliably and completely be expected to recite. | | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | discovery by interrogatory. |
| 7 | The factual bases for the FTC's allegation in Paragraph 1 of the Amended Complaint that the Merger would result in a "lessening of rivalry [that] may yield multiple harmful outcomes, including less innovation, lower quality, higher prices, less incentive to attract and keep | Defendants' notice fails to "describe with particularity the matters for examination" in Topic 6. Fed. R. Civ. P. 30(b)(6).<br><br>The quoted language describes in general terms the potential harmful effects of a reduction in competition that antitrust law seeks to prevent.<br><br>Given its breadth, this Topic imposes an undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) designee cannot reliably and completely be expected to recite. | The FTC should be required to designate a witness to testify about this topic. | The FTC intends to offer expert testimony and submit an expert report from an expert economist in this case. That expert disclosure is due on Oct. 27. Defendants will have the opportunity to depose the FTC's expert on the FTC's theories of harm resulting from the proposed acquisition.<br><br>The FTC remains willing to meet and confer with | This topic is directed to expert opinion testimony and the bases for such opinions, not merely to underlying facts, despite its phrasing. Accordingly, Meta's request for a deposition of the FTC on this topic is denied.<br><br>The Court notes that in its provision of requested supplemental exhibits, the FTC proffered additional |

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | employees, and less consumer choice." | | | Defendants concerning this Topic.<br><br>The Court should otherwise deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | information regarding expert reports. Counsel on both sides are cautioned not to engage in uninvited argument in filing additional factual material requested by the Court. |
| 8 | Communications between You and the United States Congress, Executive branch, and state Attorneys General, including their staff, Regarding the Second Request, the Action, and the Extended Reality industry. | The FTC previously provided Defendants with (1) all written correspondence between the FTC and third parties, as well as (2) a list of names and specific contact information for every third party with whom the FTC communicated during the investigation.<br><br>Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record.<br><br>Providing any further information on this Topic would require the FTC to reveal attorney mental impressions and otherwise intrude on protected work product and/or privileged communications, including | The FTC should be required to produce documents and respond to interrogatories related to Defendants' affirmative defenses prior to being deposed on these topics. *See* Dkt. 125. Accordingly, Defendants have agreed to hold in abeyance the limited affirmative-defense related | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | DEFERRED; subject to further meet and confer by the Parties. |

9

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | information protected by common interest privilege. Defendants note that this Topic overlaps with material requested in document requests and interrogatories that are subject to an ongoing discovery dispute before this Court. *See* Dkt. 125. This Topic should be barred for the same reasons explained in the FTC's position in that dispute. But even if that disputed discovery were authorized, then this Topic should still be barred because it would be unreasonably cumulative, duplicative, and impose an undue burden, requiring preparation on a subject matter that the FTC's Rule 30(b)(6) designee cannot reliably and completely be expected to recite. | topics until the Court rules on Defendants' motion to compel discovery related to their affirmative defenses. However, in the interest of time, the FTC should designate and educate its corporate representative on the subject matter of this topic. | | |
| 9 | The facts, evidence, documents, and information relied upon by the FTC as the basis for bringing the Action against the recommendation of FTC staff. | Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record. A deposition on this Topic would serve no purpose other than to probe attorney mental impressions and otherwise intrude on protected work product and/or privileged communications. | The FTC should be required to produce documents and respond to interrogatories related to Defendants' affirmative defenses prior to being deposed on these topics. *See* Dkt. 125. Accordingly, Defendants have agreed to hold in abeyance the | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | DEFERRED; subject to further meet and confer by the Parties. |

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | | | limited affirmative-defense related topics until the Court rules on Defendants' motion to compel discovery related to their affirmative defenses. However, in the interest of time, the FTC should designate and educate its corporate representative on the subject matter of this topic. | | |
| 10 | Communications Regarding whether Lina Khan is or should be disqualified or recused from participating in the FTC's review of or challenge to the Merger, including but not limited to whether she | Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record.

A deposition on this Topic would serve no purpose other than to probe attorney mental impressions and otherwise intrude on protected work product and/or privileged communications. | The FTC should be required to produce documents and respond to interrogatories related to Defendants' affirmative defenses prior to being deposed on these topics. *See* Dkt. 125. Accordingly, Defendants have | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | DEFERRED; subject to further meet and confer by the Parties. |

11

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | should be recused from the votes on whether to authorize the Action, or from taking any other action, whether characterized as prosecutorial or adjudicatory, with respect to the Action. | | agreed to hold in abeyance the limited affirmative-defense related topics until the Court rules on Defendants' motion to compel discovery related to their affirmative defenses. However, in the interest of time, the FTC should designate and educate its corporate representative on the subject matter of this topic. | | |
| 11 | The factual bases for the removal of (i) the proposed "VR Fitness App" market and (ii) allegations that the Merger is "presumptively unlawful" with respect to the "VR Fitness | Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record.<br><br>A deposition on this Topic would serve no purpose other than to probe attorney mental impressions and otherwise intrude on protected work product and/or privileged communications. | The FTC should be required to designate a witness to testify about this topic. | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | This deposition topic is improperly directed to attorney work product. |

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | App" market from the Amended Complaint. | | | | |
| 12 | The conclusions of the FTC's 6(b) Study of acquisitions by technology platform companies in FTC Matter No. P201201 concerning the effects on competition or the public interest resulting from acquisitions by technology platforms, and the bases for the same. | Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record.<br><br>The referenced study does not involve this case or the Meta/Within merger, and the study and its conclusions are publicly available. The FTC has already instructed Defendants on how to access the study and its conclusions. Defendants now appear to be seeking discovery of privileged agency deliberations from prior to the study's publication.<br><br>A deposition on this Topic would serve no purpose other than to probe attorney mental impressions and otherwise intrude on protected work product and/or privileged communications. | The FTC should be required to designate a witness to testify about this topic. | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | The FTC has provided sufficient information regarding this publicly available study and conclusions. A deposition on this subject, in particular as Meta seeks "the bases for the same," would likely veer into attorney work product and, as such, is inappropriate. |
| 13 | The facts and circumstances discussed in, surrounding, and related to the FTC's letter to Counsel dated October 12, 2022, and the Internal | Whether or not the FTC were to designate an attorney, any preparation for a deposition on this Topic would require participation for FTC's counsel of record and would be the practical equivalent of a deposition of counsel of record.<br><br>A deposition on this Topic would serve no purpose other than to probe attorney mental impressions and otherwise intrude on | The FTC should be required to produce documents and respond to interrogatories related to Defendants' affirmative defenses prior to | The Court should deny Defendants' motion to compel and enter a protective order pursuant to Rule 26(c) and Rule 30(b)(6) barring Defendants from taking a deposition on this Topic. | DEFERRED; subject to further meet and confer by the Parties. |

13

| Deposition Topic No. | Disputed Request | FTC's Response | Defendants' Proposal | FTC's Proposal | Court's Decision |
|---|---|---|---|---|---|
| | Statement of Chair Lina M. Khan Regarding the Petition for Recusal from Involvement in the Proposed Merger Between Meta Platforms, Inc. and Within Unlimited, Inc., Commission File No. 2210040, dated September 26, 2022. | protected work product and/or privileged communications. | being deposed on these topics. *See* Dkt. 125. Accordingly, Defendants have agreed to hold in abeyance the limited affirmative-defense related topics until the Court rules on Defendants' motion to compel discovery related to their affirmative defenses. However, in the interest of time, the FTC should designate and educate its corporate representative on the subject matter of this topic. | | |