Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4660
Facsimile: (213) 621-5430
Email: caroline.vanness@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com

Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000
Email: evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>       v.<br><br>META PLATFORMS, INC., et al.,<br><br>                    Defendants. | CASE NO. 5:22-cv-04325-EJD (SVK)<br><br>**NON-PARTY APPLE INC.'S STATEMENT RE: DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Location:  Courtroom 2 – 5th Floor<br>District Judge:  Hon. Edward J. Davila<br>Magistrate Judge:  Hon. Virginia K. DeMarchi |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Non-Party Apple Inc. ("Apple") respectfully seeks to seal certain portions of Apple's and Defendant Meta Platforms, Inc.'s ("Meta") "Joint Statement Regarding Dispute on Subpoena to Non-Party Apple, Inc." (Dkt. 139) ("Joint Discovery Letter") and Exhibit 2 thereto (Dkt. 139-2) ("Ex. 2"), which contain the following non-public, highly sensitive, and confidential business information that could affect Apple's competitive standing, as further described below and in the concurrently filed Declaration of Brendan McNamara ("McNamara Decl."):

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Joint Discovery Letter | Page 1, lines 20-21 | Apple |
| Joint Discovery Letter | Page 1, lines 23-27 | Apple |
| Joint Discovery Letter | Page 2, lines 5-7 | Apple |
| Joint Discovery Letter | Page 2, line 8 | Apple |
| Joint Discovery Letter | Page 2, lines 9-14 | Apple |
| Joint Discovery Letter | Page 2, lines 15-18 | Apple |
| Joint Discovery Letter | Page 3, lines 6-13 | Apple |
| Joint Discovery Letter | Page 3, lines 21-23 | Apple |
| Joint Discovery Letter | Pages 3, line 27 through page 4, line 5 | Apple |
| Joint Discovery Letter | Page 4, line 7 | Apple |
| Joint Discovery Letter | Page 4, lines 20-22 | Apple |
| Joint Discovery Letter | Page 4, lines 24-28 | Apple |
| Joint Discovery Letter | Page 5, lines 5-9 | Apple |
| Joint Discovery Letter | Page 5, lines 10-11 | Apple |
| Joint Discovery Letter | Page 5, lines 13-14 | Apple |
| Joint Discovery Letter | Page 5, lines 18-21 | Apple |
| Joint Discovery Letter | Page 5, lines 27-28 | Apple |
| Ex. 2, RFP No. 2 | Meta's Proposal at Page 1 | Apple |
| Ex. 2, RFP No. 2 | Meta's Proposal re Requested Custodians at Pages 1-2 | Apple |
| Ex. 2, RFP No. 2 | Meta's Proposal re Requested Search Terms at Page 2 | Apple |
| Ex. 2, RFP No. 2 | Apple's Proposal at Page 1 | Apple |
| Ex. 2, RFP No. 5 | Meta's Proposal at Page 3 | Apple |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Custodians at Page 3 | Apple |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Search Terms at Page 4 | Apple |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Custodian at Page 4 | Apple |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Search Term at Page 4 | Apple |
| Ex. 2, RFP No. 5 | Apple's Proposal at Page 3 | Apple |
| Ex. 2, RFP No. 5 | Apple's Proposal at Page 3 | Apple |

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Ex. 2, RFP No. 6 | Meta's Proposal at Page 4 | Apple |
| Ex. 2, RFP No. 6 | Meta's Proposal at Page 5 | Apple |
| Ex. 2, RFP No. 6 | Meta's Proposal re Requested Custodian at Page 5 | Apple |
| Ex. 2, RFP No. 6 | Meta's Proposal re Requested Search Term at Page 5 | Apple |
| Ex. 2, RFP No. 6 | Apple's Proposal at Page 4 | Apple |
| Ex. 2, RFP No. 6 | Apple's Proposal at Page 5 | Apple |
| Ex. 2, RFP No. 9 | Meta's Proposal at Page 6 | Apple |
| Ex. 2, RFP No. 9 | Meta's Proposal at Page 6 | Apple |
| Ex. 2, RFP No. 9 | Meta's Proposal re Requested Custodian at Page 6 | Apple |
| Ex. 2, RFP No. 9 | Meta's Proposal re Requested Search Term at Pages 6-7 | Apple |
| Ex. 2, RFP No. 9 | Apple's Proposal at Page 6 | Apple |
| Ex. 2, RFP No. 9 | Apple's Proposal at Page 6 | Apple |
| Ex. 2, RFP No. 10 | Meta's Proposal at Page 7 | Apple |
| Ex. 2, RFP No. 10 | Meta's Proposal at Page 8 | Apple |
| Ex. 2, RFP No. 10 | Meta's Proposal re Requested Custodian at Page 8 | Apple |
| Ex. 2, RFP No. 10 | Meta's Proposal re Requested Search Term at Page 8 | Apple |
| Ex. 2, RFP No. 10 | Apple's Proposal at Page 7 | Apple |
| Ex. 2, RFP No. 10 | Apple's Proposal at Page 8 | Apple |
| Ex. 2, RFP No. 10 | Apple's Proposal at Page 8 | Apple |
| Ex. 2, RFP No. 11 | Meta's Proposal at Pages 8-9 | Apple |
| Ex. 2, RFP No. 11 | Meta's Proposal at Page 9 | Apple |
| Ex. 2, RFP No. 11 | Meta's Proposal re Requested Custodian at Page 9 | Apple |
| Ex. 2, RFP No. 11 | Meta's Proposal re Requested Search Term at Page 9 | Apple |
| Ex. 2, RFP No. 11 | Apple's Proposal at Pages 8-9 | Apple |
| Ex. 2, RFP No. 11 | Apple's Proposal at Page 9 | Apple |

## II.  LEGAL STANDARD

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have broad discretion to protect documents that reflect "a trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c)(1)(G). "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Where, as here, a non-party seeks to seal information in a non-dispositive motion like Meta's motion to compel, the non-party must only show "good cause" for sealing. *Kamakana*, 447 F.3d at

2

1179-80.  The "good cause" standard is satisfied with a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Courts have found "good cause" to seal information which "contains non-public, sensitive confidential business information" that "could affect [the movant's] competitive standing" where "competitors may alter their . . . practices relating to competing products, time strategic litigation, or otherwise unfairly compete with [the movant]."  *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022).  Indeed, sealing is warranted under the higher "compelling reasons" standard where revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies."  *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (alteration in original).

### III.   GOOD CAUSE EXISTS TO SEAL APPLE'S INFORMATION

The Joint Discovery Letter and its appended Exhibit 2 contain confidential and proprietary information regarding Apple's highly sensitive and top-secret VR plans and strategy.  Specifically, this information provides details that could disclose the presence, absence, and/or contours of any plans Apply may have related to: (1) offering its Fitness+ product (a video on demand guided workout and mindfulness streaming service) in the VR/AR/MR space and (2) Apple's development of VR/AR/MR hardware products.

Public disclosure of this information would significantly harm Apple's competitive standing. (McNamara Decl. ¶¶ 7, 11.)  Apple has limited any public disclosure—and even disclosure within Apple—of any VR plans, including whether or not it plans to release a VR device, when it might release such a device, what features and apps such a device might include, and how much such a device might cost.  (*Id.* ¶¶ 5-6, 9-10.)  For well over a decade, Apple has closely guarded any plans it has or does not have to release new products.  Apple has kept these plans top-secret in order to, among other reasons, avoid informing companies that offer or may offer VR devices—including Meta—about whether Apple intends to offer a VR device, any differentiating features of any VR device Apple might offer, as well as Apple's sales and marketing strategies.  (*Id.* ¶¶ 8-9.)

The public and Apple's potential VR competitors have been keenly interested in details about Apple's potential VR plans: public speculation around Apple's VR plans has been rampant and unconfirmed for years.  *See* Shara Tibken, *Apple's working on a powerful, wireless headset for both AR, VR*, CNET (Apr. 27, 2018) (claiming release slated for 2020), https://www.cnet.com/tech/mobile/apple-is-working-on-an-ar-augmented-reality-vr-virtual-reality-headset-powered-by-a-wireless-wigig-hub/?ftag=COS-05-10aaa0b&linkId=51043864.  As for Apple's competitors, just as one example, Meta's CEO, Mark Zuckerberg, has given recent interviews focused on his guesswork about Apple's VR plans, in which Mr. Zuckerberg has noted that it will be "interesting" to see Apple's VR plans once revealed, and that it has "been very hard for [Meta] to have any sense of what [Apple is] doing" with respect to VR.[1]  Disclosure of the information Apple seeks to seal thus would dampen the effect of any potential announcement by Apple related to a VR device, empower Apple's potential competitors (including Meta) to adjust their own strategies, and significantly harm Apple's competitive standing that it has zealously protected by keeping its VR plans top-secret.  (Decl. ¶ 11.)

The information Apple seeks to seal is narrowly tailored.  The redactions are limited to statements concerning—or which might support inferences concerning—Apple's plans for VR, which must be withheld from the general public and Apple's competitors to prevent any competitive harm to Apple.  (*Id.* ¶ 3.)  Additionally, neither Defendants nor the FTC intends to oppose Apple's request to keep these materials under seal.

## IV.     CONCLUSION

For the foregoing reasons, and as further set forth in the McNamara Declaration, the Court should seal the identified portions of the Joint Discovery Letter and Exhibit 2 thereto.

---

[1] Alex Heath & Nilay Patel, *Mark Zuckerberg on the Quest Pro, building the metaverse, and more*, THE VERGE (Oct. 11, 2022), https://www.theverge.com/23397187/mark-zuckerberg-quest-pro-metaverse-interview-decoder.

| | |
|---|---|
| DATED: November 2, 2022 | By: */s/ Caroline Van Ness* |

Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4686
caroline.vanness@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7860
steve.sunshine@skadden.com

Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2491
evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*