Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>        Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 153] [L.R. 79-5(f)(3)]**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Meta Platforms, Inc. ("Meta" or "Defendant") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion") (ECF No. 153).  Meta respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal.  More specifically, Meta seeks to maintain under seal the following material contained in the FTC's Complaint (ECF No. 153-2):

| Page and Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Page 6, portions of lines 2-3 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 6, portions of lines 18, 21 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in |

META CIV. L. R. 79-5(F)(3) STATEMENT                    Case No. 5:22-cv-04325-EJD

| Page and Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 10, portions of lines 10-11, 13 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about VR application sales derived from Meta's confidential data and Meta's strategic evaluation of the competitive landscape that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 12, portions of line 18 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Pages 12, portions of lines 26-27 & Page 13, portions of lines 1-2 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about the proposed valuation of Within, a private company. That amount reflects the confidential and sensitive analysis of both Meta and Within, and could impact Within's business if the transaction is enjoined. Legitimate private interests warrant the sealing of the Within |

| Page and Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | information in this paragraph, and the unsealing of the information would result in injury to Within and Meta if the transaction is not consummated that could not be avoided through any less restrictive alternative to sealing. |
| Page 13, portions of lines 15-17 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 13, portions of lines 17-20 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 13, portions of lines 21-24 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. |

META CIV. L. R. 79-5(F)(3) STATEMENT                                      Case No. 5:22-cv-04325-EJD

| Page and Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 14, portions of line 16 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 16, portions of lines 23-24 | All information highlighted yellow in the unredacted brief in opposition | This paragraph contains non-public information about Meta's strategic evaluation of the competitive landscape and internal priorities that could be used to injure Meta if it were made publicly available. Legitimate private interests warrant the sealing of the Meta information in this paragraph, and the unsealing of the information would result in injury to Meta that could not be avoided through any less restrictive alternative to sealing. |

The 10 proposed redactions above reflect Meta's good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.      **Sealing of Limited Excerpts of Plaintiff's Opposition Containing Meta's Confidential Business Information Is Warranted Under Ninth Circuit's Precedent**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022). Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

II.     **Limited Redactions of the FTC's Opposition Are Necessary To Protect Meta's Confidential and Proprietary Business Information**

Meta seeks to maintain under seal narrowly tailored excerpts of Plaintiff's Opposition that contain Meta's business strategy, competitive analysis, financial data not required to be publicly disclosed, market analysis conducted by the FTC utilizing Meta's non-public data, and acquisition-

related information that has not been previously publicly disclosed.  Disclosure of the redacted information would provide Meta's competitors with private data about Meta's performance and business strategy, which could harm Meta's competitive standing.  *See Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at \*13 (N.D. Cal. Dec. 5, 2019).  Further, Meta's proposed redactions are narrowly tailored to include only the specific portions of Plaintiff's Opposition that reflect Meta's confidential information, and thus do not unduly limit public access.

Finally, Meta provided the FTC with the confidential business information cited in the FTC's Opposition pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18(a)(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at \*2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate…because the filing includes confidential information submitted…pursuant to 'statutory and regulatory guarantees of confidentiality'…The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

Here, Meta has further narrowed the FTC's initial request for redactions to only those excerpts that contain confidential business information (e.g., internal strategy, purchase price of prior non-public acquisitions, financial data not required to be publicly disclosed) – substantially reducing the number of redactions to only 34 down from the FTC's 90 initial proposed redactions.

## III.   Conclusion

As stated above, compelling reasons justify Meta's narrow request for sealing of Meta's confidential business information contained with Plaintiff's Opposition.  Meta respectfully requests that this Court Grant Plaintiff's Motion to Seal.

META CIV. L. R. 79-5(F)(3) STATEMENT                    Case No. 5:22-cv-04325-EJD

DATED:  November 3, 2022                    Respectfully submitted,

By: /s/ *Mark C. Hansen*

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice*)
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

Diane P. Sullivan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone:  (609) 986-1100
Facsimile:  (609) 986-1199

7

diane.sullivan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

*Counsel for Defendant Meta Platforms, Inc.*