Lauren Battaglia (*pro hac vice*, DC Bar No. 1007093)
Logan M. Breed (*pro hac vice*, DC Bar No. 479628)
Benjamin Holt (*pro hac vice*, DC Bar No. 483122)
Charles A. Loughlin (*pro hac vice*, DC Bar No. 448219)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.:  (202) 637-5600
Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Defendant*
*Within Unlimited, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No.  5:22-cv-04325-EJD<br><br>**DEFENDANT WITHIN UNLIMITED, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 153] [L.R. 79-5(f)(3)].** |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Within Unlimited, Inc. ("Within") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion") (ECF No. 153).  Within respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal. More specifically, Within seeks to maintain under seal the following material contained in the FTC's brief (ECF No. 153-2):

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Page 6, portions of lines 2-3 | All information highlighted in yellow in the unredacted brief in opposition | This excerpt contains non-public information about VR application sales derived from Within's and Meta's confidential data.  Within also joins in Meta's additional rationale for sealing this information.  *See* ECF No. 176, p. 1.  Legitimate private interests warrant the sealing of the Within and Meta information in this excerpt, and the unsealing of the information would result in injury to Within and Meta that could not be avoided through any less restrictive alternative to sealing. |
| Page 18, portions of line 4, lines 5-8 | All information highlighted in yellow in the unredacted brief in opposition | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available.  Legitimate private interests |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 18, portions of lines 11-15 | Information highlighted in yellow in the unredacted brief in opposition on lines 13-15, but not lines 11-12 | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

The foregoing proposed redactions reflect Within's good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

Within joins in the legal arguments supporting sealing provided by co-defendant Meta Platforms, Inc. (ECF No. 176, pp. 5-6) and respectfully requests that this Court grant Plaintiff's Motion to Seal.

1  Dated: November 3, 2022         Respectfully submitted,

2         By: /s/ Charles A. Loughlin
       Charles A. Loughlin (admitted pro hac vice)
3         Lauren Battaglia (admitted pro hac vice)
       Logan M. Breed (admitted pro hac vice)
4         Benjamin Holt (admitted pro hac vice)
       HOGAN LOVELLS US LLP
5         Columbia Square
       555 Thirteenth St., NW
6         Washington, D.C. 20004
       Telephone No.:  (202) 637-5600
7         Facsimile No.:  (202) 637-5910
       chuck.loughlin@hoganlovells.com
8         lauren.battaglia@hoganlovells.com
       logan.breed@hoganlovells.com
9         benjamin.holt@hoganlovells.com

10
11         Christopher J. Cox (Bar No. 151650)
       HOGAN LOVELLS US LLP
12         855 Main St.
       Suite 200
13         Redwood City, CA 94063
       Telephone No.:  (650) 463-4000
14         Facsimile No.:  (650) 463-4199
       chris.cox@hoganlovells.com
15

16
17         Counsel for Defendant Within Unlimited, Inc.

18
19
20
21
22
23
24
25
26
27
28