UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS INC., et al.,<br><br>Defendants. | Case No. 22-cv-04325-EJD   (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE DEFENDANT'S SUBPOENA TO APPLE INC.**<br><br>Re: Dkt. No. 139 |

Defendant Meta Platforms, Inc. ("Meta") moves to compel non-party Apple Inc.'s ("Apple") production of documents responsive to Meta's document subpoena.[1] Dkt. No. 139. Meta and Apple do not disagree about the scope of the document requests to which Apple will respond, which have been narrowed through negotiation. *See id.* at 1, 4 & n.1. Rather, they disagree about how Apple should comply with its obligation to produce responsive documents. Meta contends that Apple should be required to apply proposed search strings to the electronically stored information ("ESI") of particular Apple custodians for RFPs 2, 5-6 and 9-11. Apple responds that it can fulfill its obligation to produce responsive documents without undertaking Meta's proposed custodial searches of ESI. The Court held a hearing on this dispute on November 3, 2022. Dkt. No. 175.

Meta argues that the discovery it seeks from Apple is highly relevant to its defenses in this action. For purposes of this motion, the Court accepts Meta's characterization. To their credit, Meta and Apple have agreed on the scope of Meta's discovery of Apple. The only question is

---

[1] This motion was randomly referred to the undersigned for resolution after Judge van Keulen recused herself. *See* Dkt. No. 152.

whether, in the circumstances presented, the Court should require Apple to conduct the proposed custodial searches to ensure that it fully complies with its obligations under Rule 45.

All of the RFPs at issue ask Apple to produce "documents sufficient to evidence" information about Apple's strategic plans and development efforts, if any, with respect to what the FTC has described as a market for Virtual Reality Dedicated Fitness Applications. Apple's obligations to comply with a document subpoena under Rule 45 are similar to parties' obligations to comply with document requests under Rule 34. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (scope of discovery available by document subpoena under Rule 45 is the same as the scope of discovery available under Rule 34); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 12-cv-0630-LHK(PSG), 2013 WL 1942163 at *1 (discussing standard for discovery of non-party and non-party's obligations in responding to subpoena). While Meta correctly notes that the application of search terms to ESI is a common feature of modern discovery practice—and may be the only practical means to efficiently identify potentially responsive documents from a large collection of ESI—this technique is not the only permissible means of identifying responsive documents in all circumstances.

As Apple observes, Meta (appropriately) does not demand "all documents" in Apple's possession, but rather "documents sufficient to evidence" the subject matter of each document request. *See* Dkt. No. 139 at 4. It is reasonable for Apple to search for such responsive documents by, for example, identifying those employees with relevant knowledge about the existence and locations of responsive documents, and then conducting deliberate and focused searches for those documents. In response to the Court's inquiry at the hearing, Apple confirmed that the custodians Meta has identified as likely to have relevant documents are among the custodians from whom Apple is seeking to collect and produce responsive documents. Dkt. No. 175.

Meta's principal concern is that because Apple is a competitor, its review and selection of documents for production will be colored by competitive bias, even if its counsel endeavor to conduct the review and production in good faith. For this reason, Meta says, the proposed

custodial searches are necessary to provide an "objective check" on Apple's production.[2] *See* Dkt. No. 139 at 2.  The Court is skeptical of the premise that Apple's status as Meta's competitor necessarily implies that Apple's counsel and the company representatives working with counsel cannot be relied upon to comply with their discovery obligations under Rule 45.  That premise finds no support in the case law before the Court, and Meta points to no other facts or circumstances (*e.g.,* a prior failure to properly comply) indicating that an "objective check" on Apple's production is warranted here.

Meta also suggests that Apple's counsel has made representations in confidence and pursuant to the protective order about Apple's strategic plans and other matters that are inconsistent with other information Meta has obtained.  *See* Dkt. No. 139 at 3.  For this reason, Meta wishes to have Apple undertake the proposed custodial searches so that Meta can adequately prepare to examine Apple's witness on these points of alleged inconsistency during a deposition set for November 14, 2022.  The Court has carefully considered this concern, including the confidential information that Meta and Apple disclosed under seal in their joint statement on Meta's motion to compel and during the hearing.  On the record presented, the Court is not persuaded that Meta requires the relief it seeks here in order to fully explore in deposition the information it believes is critical to its defenses.

For these reasons, the Court denies Meta's motion to compel.

**IT IS SO ORDERED.**

Dated: November 4, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] Meta indicated during the hearing that it intended the proposed custodial searches to be used to identify responsive documents for production, and not merely to identify a collection of documents to be further reviewed for responsiveness and production.  Because the Court concludes that Apple need not apply search strings to custodial ESI in order to comply with Meta's subpoena, the Court does not reach the question of whether the proposed search strings are too broad or would yield an unduly burdensome number of documents for review.