1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8

FEDERAL TRADE COMMISSION,

Plaintiff,

9

10

v.

11

META PLATFORMS INC., et al.,

Defendants.

12

Case No.  22-cv-04325-EJD   (VKD)

**ORDER RE SEALING**

Re: Dkt. Nos. 138, 174, 178

13

14       Defendant Meta Platforms, Inc. ("Meta") moved to compel non-party Apple Inc.'s

15  ("Apple") production of documents responsive to Meta's document subpoena.  *See* Dkt. No. 139.

16  Because the joint letter brief contained information non-party Apple has designated as

17  "Confidential," it was provisionally filed under seal.  Dkt. No. 138-2.  Additionally, Apple filed a

18  supporting declaration under seal.  Dkt. No. 178-3.  As the designating party, pursuant to Local

19  Rule 79-5 Apple filed administrative motions asserting its reasons for why the letter brief and

20  declaration should remain under seal.  Dkt. Nos. 174, 178.  Neither Meta nor plaintiff the Federal

21  Trade Commission opposes Apple's administrative motions.

22       There is a strong presumption in favor of access by the public to judicial records and

23  documents accompanying dispositive motions that can be overcome only by a showing of

24  "compelling reasons supported by specific factual findings."  *Kamakana v. City & Cty. of*

25  *Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (internal quotation marks and citation omitted).

26  However, the presumption does not apply equally to a motion addressing matters that are only

27  "tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

28  1092, 1101 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct.

United States District Court
Northern District of California

38 (2016).  A litigant seeking to seal documents or information in connection with such a motion

must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.

*Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Apple's motions to seal (Dkt. Nos. 174, 178) concern information submitted in connection

with a discovery dispute.  The underlying discovery dispute does not address the merits of the

parties' claims or defenses, and the Court therefore applies the "good cause" standard of Rule

26(c).

The portions of the submissions that Apple seeks to redact generally reflect confidential

information produced in this matter.  Dkt. No. 174 at 1; Dkt. No. 178 at 1.  However, some of the

information sought to be redacted comprises merely names and positions of Apple's document

custodians (*e.g.*, "Ex. 2, RFP No. 2: Meta's Proposal re Requested Custodians at Pages 1-2").

Apple does not provide a specific reason why the names and positions of those individuals should

be sealed.  *See* Dkt. Nos. 174, 178.  Instead, Apple says that all information it seeks to redact is

related to "non-public, highly sensitive, and confidential business information that could affect

Apple's competitive standing."  Dkt. No. 174 at 1.  While the Court is skeptical that the names and

positions of employees alone warrant sealing, these names and positions appear in the context of

redactions that properly encompass text that Apple reasonably asserts comprises highly sensitive

and confidential business information.   For purposes of this discovery matter, the Court concludes

that Apple has shown good cause for sealing the following material:

| Document | Portions to be Filed Under Seal |
|---|---|
| Joint Discovery Letter | Page 1, lines 20-21 |
| Joint Discovery Letter | Page 1, lines 23-27 |
| Joint Discovery Letter | Page 2, lines 5-7 |
| Joint Discovery Letter | Page 2, line 8 |
| Joint Discovery Letter | Page 2, lines 9-14 |
| Joint Discovery Letter | Page 2, lines 15-18 |
| Joint Discovery Letter | Page 3, lines 6-13 |
| Joint Discovery Letter | Page 3, lines 21-23 |
| Joint Discovery Letter | Pages 3, line 27 through page 4, line 5 |
| Joint Discovery Letter | Page 4, line 7 |
| Joint Discovery Letter | Page 4, lines 20-22 |

United States District Court
Northern District of California

| | |
|---|---|
| Joint Discovery Letter | Page 4, lines 24-28 |
| Joint Discovery Letter | Page 5, lines 5-9 |
| Joint Discovery Letter | Page 5, lines 10-11 |
| Joint Discovery Letter | Page 5, lines 13-14 |
| Joint Discovery Letter | Page 5, lines 18-21 |
| Joint Discovery Letter | Page 5, lines 27-28 |
| Ex. 2, RFP No. 2 | Meta's Proposal at Page 1 |
| Ex. 2, RFP No. 2 | Meta's Proposal re Requested Custodians at Pages 1-2 |
| Ex. 2, RFP No. 2 | Meta's Proposal re Requested Search Terms at Page 2 |
| Ex. 2, RFP No. 2 | Apple's Proposal at Page 1 |
| Ex. 2, RFP No. 5 | Meta's Proposal at Page 3 |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Custodians at Page 3 |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Search Terms at Page 4 |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Custodian at Page 4 |
| Ex. 2, RFP No. 5 | Meta's Proposal re Requested Search Term at Page 4 |
| Ex. 2, RFP No. 5 | Apple's Proposal at Page 3 |
| Ex. 2, RFP No. 5 | Apple's Proposal at Page 3 |
| Ex. 2, RFP No. 6 | Meta's Proposal at Page 4 |
| Ex. 2, RFP No. 6 | Meta's Proposal at Page 5 |
| Ex. 2, RFP No. 6 | Meta's Proposal re Requested Custodian at Page 5 |
| Ex. 2, RFP No. 6 | Meta's Proposal re Requested Search Term at Page 5 |
| Ex. 2, RFP No. 6 | Apple's Proposal at Page 4 |
| Ex. 2, RFP No. 6 | Apple's Proposal at Page 5 |
| Ex. 2, RFP No. 9 | Meta's Proposal at Page 6 |
| Ex. 2, RFP No. 9 | Meta's Proposal at Page 6 |
| Ex. 2, RFP No. 9 | Meta's Proposal re Requested Custodian at Page 6 |
| Ex. 2, RFP No. 9 | Meta's Proposal re Requested Search Term at Pages 6-7 |
| Ex. 2, RFP No. 9 | Apple's Proposal at Page 6 |
| Ex. 2, RFP No. 9 | Apple's Proposal at Page 6 |
| Ex. 2, RFP No. 10 | Meta's Proposal at Page 7 |
| Ex. 2, RFP No. 10 | Meta's Proposal at Page 8 |
| Ex. 2, RFP No. 10 | Meta's Proposal re Requested Custodian at Page 8 |
| Ex. 2, RFP No. 10 | Meta's Proposal re Requested Search Term at Page 8 |
| Ex. 2, RFP No. 10 | Apple's Proposal at Page 7 |
| Ex. 2, RFP No. 10 | Apple's Proposal at Page 8 |
| Ex. 2, RFP No. 10 | Apple's Proposal at Page 8 |
| Ex. 2, RFP No. 11 | Meta's Proposal at Pages 8-9 |
| Ex. 2, RFP No. 11 | Meta's Proposal at Page 9 |
| Ex. 2, RFP No. 11 | Meta's Proposal re Requested Custodian at Page 9 |
| Ex. 2, RFP No. 11 | Meta's Proposal re Requested Search Term at Page 9 |
| Ex. 2, RFP No. 11 | Apple's Proposal at Pages 8-9 |

United States District Court
Northern District of California

| Ex. 2, RFP No. 11 | Apple's Proposal at Page 9 |
|---|---|
| McNamara Declaration | Page 1, Lines 12-22 |
| McNamara Declaration | Page 1, Lines 24-25 |
| McNamara Declaration | Page 2, Lines 1-27 |
| McNamara Declaration | Page 3, Lines 1-23 |
| McNamara Declaration | Pages 4-25, Table, "Basis for Sealing Portion of Document" column |

Versions of the documents sought to be sealed, reflecting the approved redactions, have already been filed on the public docket.  Dkt. Nos. 139, 178-4.  Accordingly, the Court requires no further action from the parties.

**IT IS SO ORDERED.**

Dated: November 7, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California

4