Lauren Battaglia (*pro hac vice*, DC Bar No. 1007093)
Logan M. Breed (*pro hac vice*, DC Bar No. 479628)
Benjamin Holt (*pro hac vice*, DC Bar No. 483122)
Charles A. Loughlin (*pro hac vice*, DC Bar No. 448219)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.:  (202) 637-5600
Facsimile No.:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Defendant
Within Unlimited, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No.  5:22-cv-04325-EJD<br><br>**DEFENDANT WITHIN UNLIMITED, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 163] [L.R. 79-5(f)(3)].** |

1   Pursuant to Civil Local Rule 79-5(f)(3), Defendant Within Unlimited, Inc. ("Within")
2   respectfully requests that the Court maintain under seal its confidential information identified
3   below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's
4   ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material
5   Should be Sealed ("Plaintiff's Administrative Motion") (ECF No. 163).  Within respectfully
6   requests that the Court consider this submission, which—applying the appropriate legal standards
7   in this District—significantly narrows the information that would be maintained under seal. More
8   specifically, Within seeks to maintain under seal the following material contained in the FTC's
9   brief and attachments thereto (ECF Nos. 163-2 through 163-8):

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Page 5, portion of line 4 | All information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's strategic evaluation of the competitive landscape and Within's strategic marketing efforts, which could be used to injure Within if it were made publicly available.  Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 6, portions of lines 26-27 | All information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's strategic product development process and Within's strategic marketing efforts, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | any less restrictive alternative to sealing. |
| Page 9, portions of lines 16-19 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 14, portion of line 4 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 14, portions of lines 13-14 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 15, portions of lines 20-21 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 16, portions of lines 6-7 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | not be avoided through any less restrictive alternative to sealing. |
| Page 22, portions of lines 8-9, 11-15 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's strategic evaluation of the competitive landscape that could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| Page 23, portion of line 3, lines 46, portions of line 7, lines 8-10, portion of line 11 | Information highlighted in yellow in the unredacted brief | This excerpt contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Declaration of Justin Epner in Support of Plaintiff Federal Trade Commission's Mem. of Points and Authorities in Support of a Preliminary Injunction<br><br>Page 1, portions of lines 10-20 and 21-23 | Information highlighted in pink in the unredacted declaration | This document cites to a document that contains non-public information about Within's strategic pricing decisions, Within's strategic product development process, Within's strategic marketing efforts, Within's strategic evaluation of the competitive landscape, and Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX5 | Entire Document | This document contains non-public information about Within's strategic pricing decisions, Within's strategic product development process, Within's strategic marketing efforts, Within's strategic evaluation of the competitive landscape, and Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | any less restrictive alternative to sealing. |
| PX15 | Entire Document | This document contains non-public information about Within's position within the competitive VR industry landscape, Within's strategic pricing decisions, Within's strategic product development process, Within's strategic marketing efforts, Within's strategic evaluation of the competitive landscape, Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, Within's strategic pricing decisions, and market analysis conducted by the FTC utilizing Within's non-public data, and acquisition-related information that has not been previously publicly disclosed, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX61 | Entire Document | This document contains non-public information about Within's strategic business decisions, Within's strategic pricing decisions, Within's product development process, and Within's strategic marketing efforts, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX62 | Entire Document | This document contains non-public information about Within's strategic business decisions, Within's strategic pricing decisions, Within's strategic product development process, Within's strategic marketing efforts, and Within's strategic evaluation of the competitive VR industry landscape, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX605 | Entire Document | This document contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | less restrictive alternative to sealing. |
| PX615 | Entire Document | This document contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX617 | Entire Document | This document contains non-public information about Within's confidential business strategies, Within's strategic product development process, Within's strategic marketing efforts, and Within's strategic evaluation of the competitive landscape, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX619 | Entire Document | This document contains non-public information about Within's confidential business |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | strategies and its strategic appraisals of other firms and the VR industry landscape, Within's strategic product development process, Within's strategic marketing efforts, and Within's strategic evaluation of the competitive landscape, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX621 | Entire Document | This document contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, Within's strategic product development process, and Within's strategic marketing efforts, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX627 | Entire Document | This document contains non-public information about Within's confidential business |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| | | strategies, Within's strategic product development process, Within's strategic marketing efforts, Within's strategic evaluation of the competitive landscape, and Within's strategic pricing decisions, all of which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| PX657 | Entire Document | This document contains non-public information about Within's strategic product development process and Within's strategic marketing efforts, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this paragraph and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| Page & Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| PX730 | Entire Document | This document contains non-public information about Within's confidential business strategies and its strategic appraisals of other firms and the VR industry landscape, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

The foregoing proposed redactions reflect Within's good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

## I. Sealing of Limited Excerpts of Plaintiff's Administrative Motion Containing Within's Confidential Business Information Is Warranted Under Ninth Circuit's Precedent

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022). Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 1308080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a

company's business model or agreements with clients,' . . . 'internal policies and strategies'").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. Limited Redactions of the FTC's Administrative Motion Are Necessary To Protect Within's Confidential and Proprietary Business Information

Within seeks to maintain under seal narrowly tailored excerpts of Plaintiff's Administrative Motion and attachments thereto that contain Within's business strategy, competitive analysis, financial data not required to be publicly disclosed, market analysis conducted by the FTC utilizing Within's non-public data, and acquisition-related information that has not been previously publicly disclosed. Disclosure of the redacted information would provide Within's competitors with private data about Within's performance and business strategy, which could harm Within's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019). Further, Within's proposed redactions are narrowly tailored to include only the specific portions of Plaintiff's Administrative Motion that reflect Within's confidential information, and thus do not unduly limit public access.

Finally, Within provided the FTC with the confidential business information cited in Plaintiff's Administrative Motion pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18(a)(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g). In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been

provided to the FTC via a regulatory request. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate...because the filing includes confidential information submitted...pursuant to 'statutory and regulatory guarantees of confidentiality'...The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III. Conclusion

As stated above, compelling reasons justify Within's request for sealing of Within's confidential business information contained in Plaintiff's Administrative Motion and the attachments thereto. Within respectfully requests that this Court Grant Plaintiff's Administrative Motion to Seal.

Dated: November 7, 2022                    Respectfully submitted,

By: */s/ Charles A. Loughlin*
Charles A. Loughlin (*admitted pro hac vice*)
Lauren Battaglia (*admitted pro hac vice*)
Logan M. Breed (*admitted pro hac vice*)
Benjamin Holt (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.: (202) 637-5600
Facsimile No.: (202) 637-5910
chuck.loughlin@hoganlovells.com
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Defendant Within Unlimited, Inc.*