LETITIA JAMES
Attorney General State of New York
Henry B. Smith
California State Bar No. 313801
Assistant Attorney General
Henry.Smith@ag.ny.gov

Office of the New York Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8627

*Counsel for Amicus Curiae State of New York*
(Additional Counsel listed in signature block)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD-SVK |
| *Plaintiff,* | **NOTICE OF MOTION AND MOTION OF THE STATES OF NEW YORK, ALASKA, CALIFORNIA, CONNECTICUT, DELAWARE, HAWAII, IDAHO, ILLINOIS, MARYLAND, MASSACHUSETTS, MINNESOTA, MISSISSIPPI, MONTANA, NEBRASKA, NEVADA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, NORTH DAKOTA, OREGON, RHODE ISLAND, UTAH, AND WASHINGTON, THE DISTRICT OF COLUMBIA, AND THE TERRITORY OF GUAM FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF** |
| v. | |
| META PLATFORMS, INC., AND WITHIN UNLIMITED, INC., | |
| *Defendants.* | |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that the States of New York, Alaska, California, Connecticut, Delaware, Hawaii, Idaho, Illinois, Maryland, Massachusetts, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Oregon, Rhode Island, Utah, and Washington, the District of Columbia, and the Territory of Guam ("Amici States") hereby move this Court to file an amicus curiae brief in support of plaintiff Federal Trade Commission's motion for a preliminary injunction.

This motion seeks leave for the Amici States to file the proposed amicus brief that is attached as an exhibit to this motion. The FTC consents to the filing of the amicus brief. The defendants indicated that they oppose the filing as purportedly untimely.

The Amici States' filing is timely because this Court has no established deadline for amicus briefs. Accordingly, the Amici States followed the default schedule in the Federal Rules of Appellate Procedure and the Rules of the U.S. Supreme Court, filing their amicus brief seven days after the principal brief of the party being supported was filed. *See* Fed. R. App. P. 29(a)(6); U.S. Sup. Ct. R. 37(3)(a). This schedule gives the defendants ample time to review and, as needed, respond to, the States' brief, twelve-page amicus brief before filing their opposition brief, which is due seven days from today.

As this Court has repeatedly recognized, courts have broad discretion to permit amicus briefs, and generally have exercised "great liberality" in permitting such briefs. *See California ex rel. Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quotation marks omitted). In particular, courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation marks omitted).

The liberality with which courts permit amicus briefs is especially great for States. Under both the Federal Rules of Appellate Procedure and the Rules of the U.S. Supreme Court, States may file amicus briefs even without leave of court or consent of the parties. *See* Fed. R. App. P.

29(a)(2); U.S. Sup. Ct. R. 37(4). Although this Court has no express rule regarding amicus participation, it too has permitted States to file amicus briefs, recognizing that States and their respective constituents often have an interest in, and a useful perspective on, the issues presented in cases to which they are not parties. *See, e.g.*, *Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 951 n.1 (N.D. Cal. 2020) (granting leave for two States to file amicus briefs). The Amici States plainly have interests in, and useful perspectives to add, in this case.

*First*, this case—and the pending preliminary injunction motion in particular—will have a substantial effect on the public interest, beyond the parties themselves. Whether Meta Platforms is permitted to acquire Within Unlimited before the lawfulness of the acquisition is fully litigated will affect competition, innovation, and consumer welfare in each of the Amici States' jurisdictions. As explained in greater detail in the Amici States' proposed amicus brief, Meta's proposed acquisition of Within fits neatly into a pattern of recent acquisitions by Meta that have substantially harmed competition, innovation, and consumers, in large part by facilitating Meta's rapid rise to dominance of digital spaces like the virtual reality space at issue in this case. And these potential harms are of critical interest to the Amici States, which depend on the economic dynamism that competition and innovation promote, and are tasked with protecting competition and consumers within their respective jurisdictions. This case is also likely to affect the future direction of antitrust law governing potential competition, and the Amici States have an interest in sharing their informed views on that matter of public interest. As the Ninth Circuit and this Court have recognized, "assisting in a case of general public interest" like this one is a "classic role" for amici, including States. *See Funbus Sys., Inc. v. California Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986); *accord Levin Richmond*, 482 F. Supp. 3d at 951 n.1.

*Second*, as co-enforcers of the federal antitrust laws and enforcers of their own state antitrust laws, the Amici States have unique perspectives and experience to bring to bear in this case. The Amici States have long been at the forefront of efforts to investigate and address digital platforms' potential harms to competition. And the Amici States have continued that role recently in a number

of investigations and enforcement actions involving Meta and other digital platforms.[1] As explained further in the Amici States' proposed amicus brief, the Amici States' experience has shown the potential dangers of Meta's unchecked acquisitions, both in direct harms to competition, and in freeing Meta to exploit user data, eliminate privacy protections, and degrade user experience. The Amici States should be permitted to file their amicus brief to share their experiences with such dangers.

For all these reasons, the Court should GRANT the Amici States' motion.

Dated: New York, New York
November 7, 2022

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*

/s/ Henry B. Smith

Henry B. Smith
California State Bar No. 313801
Assistant Attorney General
Henry.Smith@ag.ny.gov

Christopher D'Angelo*
  *Chief Deputy Attorney General,*
  *Economic Justice Division*
Elinor R. Hoffmann*
  *Chief, Antitrust Bureau*
Jay Himes*
Daniel P. Weick*
  *Special Litigation Counsel*
Benjamin Cole*
Nathaniel Kosslyn*
Beatriz Marques*
  *Assistant Attorneys General*

Barbara D. Underwood*
  *Solicitor General*
Judith N. Vale*
  *Deputy Solicitor General*
Philip J. Levitz*
  *Assistant Solicitor General*
Office of the Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8627

*Counsel for Amicus Curiae State of New York*
*Not admitted in the Northern District of California

(*Counsel list continues on next page.*)

---

[1] *See, e.g.*, *United States v. Microsoft*, 253 F.3d 34 (D.C. Cir. 2001) (en banc); *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199 (D.C. Cir. 2004); *New York v. Meta Platforms, Inc.*, No. 21-7078 (D.C. Cir.) (pending); *Colorado v. Google LLC*, No. 20-cv-3715 (D.D.C.) (pending); *Utah v. Google LLC*, No. 21-cv-5227 (N.D. Cal.) (pending).

| | | |
|---|---|---|
| TREG R. TAYLOR<br>  *Attorney General*<br>  *State of Alaska*<br>P.O. Box 110300<br>Juneau, AK 99811 | BRIAN E. FROSH<br>  *Attorney General*<br>  *State of Maryland*<br>200 Saint Paul Place<br>Baltimore, MD 21202 | MATTHEW J. PLATKIN<br>  *Attorney General*<br>  *State of New Jersey*<br>P.O. Box 45029<br>124 Halsey Street, 5th Fl.<br>Newark, NJ 07102 |
| ROB BONTA<br>  *Attorney General*<br>  *State of California*<br>455 Golden Gate Avenue,<br>  Ste. 11000<br>San Francisco, CA 94102 | MAURA HEALEY<br>  *Attorney General*<br>  *Commonwealth of*<br>  *Massachusetts*<br>One Ashburton Place, 18th Fl.<br>Boston, MA 02108 | HECTOR BALDERAS<br>  *Attorney General*<br>  *State of New Mexico*<br>408 Galisteo Street<br>Villagra Building<br>Santa Fe, NM 87504 |
| WILLIAM TONG<br>  *Attorney General*<br>  *State of Connecticut*<br>165 Capitol Avenue<br>Hartford, CT 06106 | KEITH ELLISON<br>  *Attorney General*<br>  *State of Minnesota*<br>445 Minnesota Street, Ste. 1400<br>St. Paul, MN 55101 | JOSHUA H. STEIN<br>  *Attorney General*<br>  *State of North Carolina*<br>P.O. Box 629<br>Raleigh, NC 27690 |
| KATHLEEN JENNINGS<br>  *Attorney General*<br>  *State of Delaware*<br>820 North French Street,<br>  5th Fl.<br>Wilmington, DE 19801 | LYNN FITCH<br>  *Attorney General*<br>  *State of Mississippi*<br>P.O. Box 220<br>Jackson, MS 39205 | DREW H. WRIGLEY<br>  *Attorney General*<br>  *State of North Dakota*<br>1720 Burlington Drive, Ste. C<br>Bismarck, ND 58504 |
| HOLLY T. SHIKADA<br>  *Attorney General*<br>  *State of Hawaii*<br>425 Queen Street<br>Honolulu, HI 96813 | AUSTIN KNUDSEN<br>  *Attorney General*<br>  *State of Montana*<br>P.O. Box 200151<br>Helena, MT 59620 | ELLEN F. ROSENBLUM<br>  *Attorney General*<br>  *State of Oregon*<br>1162 Court Street NE<br>Salem, OR 97301 |
| LAWRENCE G. WASDEN<br>  *Attorney General*<br>  *State of Idaho*<br>954 West Jefferson Street,<br>  2nd Fl.<br>P.O. Box 83720<br>Boise, ID 83720 | DOUGLAS J. PETERSON<br>  *Attorney General*<br>  *State of Nebraska*<br>2115 State Capitol<br>Lincoln, NE 68508 | PETER F. NERONHA<br>  *Attorney General*<br>  *State of Rhode Island*<br>150 South Main Street<br>Providence, RI 02903 |
| KWAME RAOUL<br>  *Attorney General*<br>  *State of Illinois*<br>100 West Randolph Street,<br>  12th Fl.<br>Chicago, IL 60601 | AARON D. FORD<br>  *Attorney General*<br>  *State of Nevada*<br>100 North Carson Street<br>Carson City, NV 89701 | SEAN D. REYES<br>  *Attorney General*<br>  *State of Utah*<br>P.O. Box 140873<br>160 East 300 South, 5th Fl.<br>Salt Lake City, UT 84114 |

ROBERT W. FERGUSON
  *Attorney General*
  *State of Washington*
800 Fifth Avenue, Ste. 2000
Seattle, WA 98104

KARL A. RACINE
  *Attorney General*
  *District of Columbia*
400 6th Street, NW
Washington, D.C. 20001

LEEVIN TAITANO CAMACHO
  *Attorney General*
  *Territory of Guam*
590 South Marine Corps Drive,
  Ste. 901
Tamuning, GU 96913