Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANT META PLATFORMS, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 169] [L.R. 79-5(f)(3)]**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court maintain under seal the confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion to Seal") (ECF No. 169).  Meta respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—narrows the information that would be maintained under seal and seeks to maintain under seal the following material in Exhibit 7 to the Parties' Second Joint Statement Regarding Discovery Disputes (Dkt. 123) containing the FTC's Letter Dated September 16 ("FTC Letter").

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| FTC Letter | Page 3, Paragraph 6, Sentence 4 | This document contains non-public and competitively sensitive information about Meta's internal business practices obtained during the course of the FTC's investigation and during litigation discovery.  The unsealing and public disclosure of this highly confidential and sensitive information would cause injury to Meta that cannot be avoided through less restrictive alternatives. |

The proposed redaction above reflects Meta's good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

I.   **Sealing Of A Limited Excerpt of the FTC Letter Containing Meta's Confidential Business Information Is Warranted Under Ninth Circuit Precedent**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc.*

*v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022). Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. Sealing A Limited Portion Of The FTC Letter Is Necessary To Protect Meta's Confidential And Proprietary Business Information

Meta seeks to maintain under seal a narrowly tailored excerpt of the FTC Letter that contain Meta's business strategy, competitive analysis, financial data not required to be publicly disclosed, market analysis conducted by the FTC utilizing Meta's non-public data, and acquisition-related information that has not been previously publicly disclosed. Disclosure of this information would provide Meta's competitors with private data about Meta's performance and business strategy, which could harm Meta's competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Meta that cannot be

2

avoided through less restrictive alternatives.  Further, Meta's proposed redaction is narrowly tailored to include only a specific portion of the FTC Letter that reflects Meta's confidential information, and thus does not unduly limit public access.

Finally, Meta provided the FTC with the confidential business information cited in the FTC Letter pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18(a)(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate…because the filing includes confidential information submitted…pursuant to 'statutory and regulatory guarantees of confidentiality'…The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

## III.    Conclusion

As stated above, compelling reasons justify Meta's request for sealing Meta's confidential business information contained in the FTC Letter.  Meta respectfully requests that this Court grant Plaintiff's Motion to Seal.

DATED:  November 8, 2022                    Respectfully submitted,

By: */s/ Bambo Obaro*

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

Diane P. Sullivan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone:  (609) 986-1100
Facsimile:  (609) 986-1199
diane.sullivan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice*)
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*