MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINITRATIVE MOTION TO SEAL PORTIONS OF EXHIBIT 1 TO THE PARTIES' JOINT DISCOVERY STATEMENT [DKT. 144-1] PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(c)**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

Pursuant to Civil Local Rules 7-11 and 79-5(c), Defendant Meta Platforms, Inc. ("Meta") respectfully moves this Court for an order sealing the portions of Exhibit 1 to the Parties' Joint Statement Regarding 30(b)(6) Deposition of FTC [Dkt. No. 144-1], Defendants' Notice of Deposition to Plaintiff Federal Trade Commission (the "Deposition Notice"), identified in Exhibit A to the Declaration of Bambo Obaro ("Obaro Declaration") in Support of Defendant Meta Platforms, Inc.'s Administrative Motion to Seal ("Administration Motion"). Accordingly, Meta seeks to file under seal:

| Document | Portions To Be Filed Under Seal | Basis for Sealing Request |
| --- | --- | --- |
| Defendants' Notice of Deposition to Plaintiff Federal Trade Commission [Dkt. No. 144-1] | Exhibits 2-3 | Exhibits 2 and 3 to the deposition notice are letters Meta's counsel sent to the FTC during the course of the FTC's investigation that contain non-public and highly sensitive information, including, but not limited to, Meta's internal documents containing analysis of the competitive landscape and strategic considerations of the acquisition. |

The proposed sealing above reflects Meta's good-faith effort to seek sealing of information which is competitively sensitive, contained in internal documents, and cannot be protected from public disclosure through any more restrictive means.

I. **Sealing the Two Letters Attached to the Deposition Notice Is Warranted Under Ninth Circuit Precedent As They Contains Meta's Confidential Business Information**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022). Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*,

298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**II.  Sealing the Two Letters Attached to the Deposition Notice Is Necessary to Protect Meta's Confidential and Proprietary Business Information**

Meta seeks to maintain under seal the entirety of the two letters attached as Exhibits 2 and 3 to the Deposition Notice, as they contain Meta's nonpublic and highly sensitive information. Examples of such confidential information include, but are not limited to, Meta's internal analyses of the competitive landscape and strategic considerations of potential internal development projects, partnerships, and/or acquisitions. Disclosure of this information would provide Meta's competitors with private data about Meta's performance and business strategy, which could harm Meta's competitive standing. *See Cont'l Auto. Sys. v. Avanci*, LLC, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019). Thus, the unsealing of this highly confidential and sensitive information would cause injury to Meta that cannot be avoided through less restrictive alternatives.

Meta provided the FTC with confidential business information cited in the letters at issue pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act. *See* 15 U.S.C. §§ 18(a)(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g). In

similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request. *See, e.g., FTC v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted…pursuant to 'statutory and regulatory guarantees of confidentiality' . . . The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III. Conclusion

As stated above, compelling reasons justify Meta's request for sealing Meta's confidential business information contained in the two letters attached as Exhibits 2 and 3 to the Deposition Notice, which was attached as an exhibit to the Parties' Joint Statement Regarding 30(b)(6) Deposition of FTC. *See* Dkt. No. 144-1. Meta respectfully requests that this Court grant its Motion to Seal. In compliance with Civil Local Rule 79-5(d), redacted and unredacted versions of the Deposition Notice accompany this Administrative Motion. *See* Obaro Declaration Exs. A–B. In accordance with Civil Local Rules 79-5(c) and 7-11, Defendants have also filed herewith a declaration and proposed order.

Dated: November 14, 2022

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: /s/ Bambo Obaro

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com

WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ  08542
Telephone: (609) 986-1100
Facsimile:  (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice*)
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

Attorneys for Defendant META PLATFORMS, INC.