MEEGHAN H. TIRTASAPUTRA (SBN 325572)
MTirtasaputra@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    310.598.4150
Facsimile:     310.556.9828

Attorneys for non-party Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**NON-PARTY VALVE CORPORATION'S STATEMENT IN SUPPORT OF SEALING CERTAIN OF VALVE'S CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANT META PLATFORMS, INC. PROVISIONALLY UNDER SEAL [L.R. 79-5(F)(3)]** |

## I.    INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), non-party Valve Corporation ("Valve") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Defendant Meta Platforms, Inc.'s ("Meta" or "Defendant") Administrative Motions to Consider Whether Another Party's Material Should be Sealed ("Meta's Motions") (ECF Nos. 205 and 209). Valve respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal.

1

139955375.3

1    More specifically, Valve seeks to maintain under seal the following highly confidential

2  material contained in the Expert Report of Dr. Dennis Carlton (the "Carlton Report") (ECF No.

3  205-2) and the Expert Report of Dr. Michael Zyda (the "Zyda Report," and together with the

4  Carlton Report, the "Expert Reports") (ECF No. 209-2):

| Document | Portions to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Carlton Report | Page 26, last sentence in first bullet (titled "Valve") | This sentence contains non-public and highly confidential research and development and business information regarding Valve's continuing development of its VR technology and products. Disclosure of this information could cause competitive harm to Valve by revealing Valve's research and development progress and business strategies to competitors in the VR hardware market, thus undercutting Valve's position in the marketplace. Legitimate private interests warrant the sealing of the Valve information in this paragraph, and the unsealing of the information would result in injury to Valve that could not be avoided through any less restrictive alternative to sealing. |
| Carlton Report | In footnote 74 (p. 26), redact the personal name of Valve's corporate representative (Valve is not requesting redaction of other portions of the deposition citation) | This footnote discloses personally-identifying information of an individual non-party witness, where such information is not necessary to be made public and where public disclosure could expose the individual to harassment or other unwanted contact. |
| Carlton Report | On page 150, redact the personal name of Valve's corporate representative deponent (Valve is not requesting redaction of other portions of the deposition citation) | This citation discloses personally-identifying information of an individual non-party witness, where such information is not necessary to be made public and where public disclosure could expose the individual to harassment or other unwanted contact. |

2

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY META
CASE NO. 5:22-CV-04325-EJD (SVK)

139955375.3

| Zyda Report | Last sentence of Paragraph 84 on page 44 | This sentence contains non-public and highly confidential sales and usage information, including figures derived from highly confidential data regarding VR applications sold and distributed by Valve, which, when combined with other available information, can be used to extrapolate information about Valve's overall financials, trends in its VR sales, and the capabilities and operation of Valve's VR products. Disclosure of this information could cause competitive harm to Valve by providing insight into Valve's confidential financial and usage information and business strategies. Legitimate private interests warrant the sealing of the Valve information in this paragraph, and the unsealing of the information would result in injury to Valve that could not be avoided through any less restrictive alternative to sealing. |
|---|---|---|

## II.   SEALING OF LIMITED EXCERPTS OF THE EXPERT REPORTS CONTAINING VALVE'S CONFIDENTIAL BUSINESS INFORMATION IS WARRANTED UNDER NINTH CIRCUIT'S PRECEDENT

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have broad discretion to protect documents that reflect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "[T]he common-law right of inspection has bowed before the power of a court to [e]nsure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might

3

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY META
CASE NO. 5:22-CV-04325-EJD (SVK)

139955375.3

harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *In re Elec. Arts, Inc.*, 298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'"); *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (stating that confidential business materials subject to seal include "marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents containing defendant's "pricing and shipping information" where court found such information "could be improperly used" by competitors); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to seal party's confidential "sales and marketing data" where "public disclosure of this business information could result in improper use by Breg's competitors seeking to undercut Breg's market position").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elec. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Where, as here, a non-party seeks to seal information in an expert report, the non-party must only show "good cause" for sealing. *Kamakana*, 447 F.3d at 1179-1180. The "good cause" standard

4

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY META
CASE NO. 5:22-CV-04325-EJD (SVK)

139955375.3

1    is satisfied with a "particularized showing" that "specific prejudice or harm will result" should the

2    information be disclosed. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210-11 (9th Cir. 2002).

3    Courts have found "good cause" to seal information which "contains non-public, sensitive

4    confidential business information" that "could affect [the movant's] competitive standing" where

5    "competitors may alter their . . . practices relating to competing products, time strategic litigation,

6    or otherwise unfairly compete with [the movant]." *Brown v. Google LLC*, 2022 WL 816078, at *1

7    (N.D. Cal. Mar. 17, 2022). Indeed, sealing is warranted under the higher "compelling reasons"

8    standard where revealing "confidential business material, marketing strategies, [and] product

9    development plans could result in improper use by business competitors seeking to replicate [the

10   company's] business practices and circumvent the time and resources necessary in developing their

11   own practices and strategies." *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28,

12   2020) (alteration in original); *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL

13   690410, at *2 (S.D. Cal. Feb. 21, 2014) (same).

14   **III.    LIMITED REDACTIONS OF THE EXPERT REPORTS SOUGHT BY VALVE**

15   **ARE    NECESSARY    TO    PROTECT    VALVE'S    CONFIDENTIAL    AND**

16   **PROPRIETARY BUSINESS INFORMATION AND PERSONAL INFORMATION**

17   **OF AN INDIVIDUAL NON-PARTY WITNESS**

18          The Expert Reports contain highly confidential and proprietary information regarding

19   Valve's current and ongoing development of VR products as well as sales and usage information

20   of VR applications sold and distributed by Valve. The Carlton Report specifically contains Valve's

21   proprietary research and development information about the technology surrounding VR products

22   and Valve's business planning and strategies regarding the VR hardware market. Valve does not

23   disclose this information in the ordinary course of business, and disclosure of the same would

24   unfairly advantage Valve's competitors with private data regarding Valve's VR hardware

25   technology. Similarly, the Zyda Report contains highly confidential sales and usage information

26   derived from the sale and distribution of VR applications by Valve, which Valve does not disclose

27

28

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY META
CASE NO. 5:22-CV-04325-EJD (SVK)

139955375.3

in the ordinary course of business. Disclosure of this information poses a significant risk of competitive injury to Valve.

Valve derives significant value from keeping this information confidential, and zealously protects its confidentiality. Public disclosure of this information would harm Valve's competitive standing as it would give significant and unfair insight into Valve's research and development, financials, and business strategy. If publicly disclosed, Valve would face substantial harm to its competitive standing and to its business operations.

Further, this information was produced by Valve in this action under a "Highly Confidential" designation. Valve does not disclose or share this information outside the company, particularly to any competitor. Valve has expended significant resources and implemented strict measures to prevent disclosure of the confidential information contained in the Expert Reports, including by storing such information under password protection on internal Valve servers, limiting access to certain of the information described above to certain Valve employees with a specific need to know, and not making such information publicly available. The confidential Valve information contained in the Expert Reports would not be available in the ordinary course of business to Valve's competitors or the public, and it would put Valve at a competitive disadvantage if such information were made part of the public record in this matter.

In addition, the Carlton Report includes two citations that disclose the personal name of the individual who testified as a corporate representative for Valve in a deposition. Disclosing this personal information does not add to the substance of the report and redacting it does not affect the public's ability to understand the substance of the document. However, disclosure needlessly risks exposing the individual designee to online harassment or unwanted contact by others.

## IV.     THERE IS NO LESS RESTRICTIVE ALTERNATIVE TO SEALING

A less restrictive alternative to sealing would not be sufficient because it would result in the public release of Valve's highly sensitive financial information and intellectual property, which Valve takes significant steps to protect.

139955375.3

1  Valve's proposed redactions are narrowly tailored to include only the specific portions of

2  the Expert Reports that reflect Valve's confidential information and the personal information of a

3  Valve employee. The redactions are limited to statements concerning—or which might support

4  inferences concerning—Valve's current research and development, business strategy, and sales and

5  usage information, which must be sealed to prevent any competitive harm to Valve, as well as

6  personal information. Additionally, neither Defendants nor the FTC have expressed an intent to

7  oppose Valve's request to keep these materials under seal.

8  **V.     CONCLUSION**

9  As stated above, compelling reasons justify Valve's narrow request for sealing of Valve's

10  confidential business information and the personal information of a Valve employee contained

11  within the Expert Reports. Valve respectfully requests that this Court grant Meta's Motions to Seal.

12  Dated: November 18, 2022                    **FOX ROTHSCHILD LLP**

13

14                                             */s/ Meeghan H. Tirtasaputra*

15                                             Meeghan H. Tirtasaputra
                                               Attorneys for non-party Valve Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

7

139955375.3