Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4660
Facsimile: (213) 621-5430
Email: caroline.vanness@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com

Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000
Email: evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., et al., <br><br> Defendants. | CASE NO. 5:22-cv-04325-EJD (SVK) <br><br> **NON-PARTY APPLE INC.'S STATEMENT RE: DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** <br><br> Location:  Courtroom 4 – 5th Floor <br> Judge:  Honorable Edward J. Davila |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Non-Party Apple Inc. ("Apple") respectfully seeks to seal certain portions of the Expert Report of Dr. Dennis Carlton (Dkt. 205-2) ("Carlton Rep."), which reference a highly confidential presentation by Apple that was intended for internal use only.  The Carlton Rep. contains the following non-public, highly sensitive, and confidential business information that could affect Apple's competitive standing, as further described below and in the concurrently filed Declaration of Brendan McNamara ("McNamara Decl."):

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Carlton Rep. | Portion of Page 42, Footnote 96 | Apple |
| Carlton Rep. | Portions of Pages 42-43, Footnote 97 | Apple |
| Carlton Rep. | Portion of Page 43, Footnote 98 | Apple |
| Carlton Rep. | Portion of Page 159 | Apple |

## II. LEGAL STANDARD

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Courts have broad discretion to protect documents that reflect "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G).  "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Depending "on whether the motion at issue is more than tangentially related to the underlying cause of action," a non-party's request to seal information is evaluated under either the "compelling reasons" or "good cause" standards.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097; 1099 (9th Cir. 2016).  Here, there is no motion at issue because the Carlton Rep. was produced during discovery and was filed independently of any motion, pursuant to the Joint Stipulated Discovery Plan and Briefing Schedule (Dkt. 86).  As the Carlton Rep. was not submitted in connection with any dispositive or non-dispositive motion, it is more akin to "private materials unearthed during discovery," and thus the "good cause" standard should apply.

*See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The "good cause" standard is satisfied with a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Courts have found "good cause" to seal information which "contains non-public, sensitive confidential business information" that "could affect [the movant's] competitive standing" where "competitors may alter their . . . practices relating to competing products, time strategic litigation, or otherwise unfairly compete with [the movant]."  *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022).

Even under the higher "compelling reasons" standard, sealing is warranted when a court record can be used "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097, or where revealing "confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (alteration in original).

### III.     APPLE'S HIGHLY CONFIDENTIAL INFORMATION WARRANTS SEALING

The Carlton Rep., which references a highly confidential presentation by Apple that was intended for internal use only, contains proprietary information that could disclose the presence, absence, and/or contours of any plans Apple may have related to offering its Fitness+ product (a video on demand guided workout and mindfulness streaming service) or any other secret future product plans and strategy.

Public disclosure of this information would significantly harm Apple's competitive standing. (McNamara Decl. ¶¶ 7, 11.)  Apple has limited any public disclosure—and even disclosure within Apple—of any such plans related to fitness products, including whether or not it plans to adapt Fitness+ in the VR/AR/MR space, and whether—and when—any secret future product it might release (in the event it releases such a device) would include fitness apps.  (*Id.* ¶¶ 5-6.)  For well over a decade, Apple has closely guarded any plans it has, or does not have, to release new products. Apple has kept these plans top-secret in order to, among other reasons, avoid informing competitors

or potential competitors (including Meta) about Apple's plans, or lack thereof, in the VR/AR/MR space. (*Id.* ¶¶ 7, 11.)

The public and Apple's potential competitors have been keenly interested in details about Apple's potential plans: public speculation around Apple's VR/AR/MR strategy has been rampant and unconfirmed. *See, e.g.,* Owen Poindexter, *Apple Trademarks Hint at VR Fitness Plans*, FRONT OFFICE SPORTS (Aug. 29, 2022), https://frontofficesports.com/apple-trademarks-hint-at-vr-fitness-plans/. Disclosure of the information Apple seeks to seal thus would dampen the effect of any potential announcement by Apple related to secret future device or Fitness+, empower Apple's potential competitors to adjust their own strategies, and significantly harm Apple's competitive standing that it has zealously protected by keeping its future product plans top-secret. (McNamara Decl. ¶¶ 7, 11.)

The information Apple seeks to seal is narrowly tailored. The redactions are limited to statements concerning Apple's secret future product plans plans—or lack thereof—and for Fitness+, which must be withheld from the general public and Apple's competitors to prevent any competitive harm to Apple. (*Id.* ¶ 3.) Additionally, neither Defendants nor the FTC intends to oppose Apple's request to keep these materials under seal.

## IV. CONCLUSION

For the foregoing reasons, and as further set forth in the McNamara Decl., the Court should seal the identified portions of the Carlton Rep.

DATED: November 18, 2022

By: */s/ Caroline Van Ness*

Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4686
caroline.vanness@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7860
steve.sunshine@skadden.com

Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2491
evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*