MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANT META PLATFORMS, INC.'S EXHIBIT 1 TO THE PARTIES' JOINT DISCOVERY STATEMENT [DKT. 144-1]**<br><br>Dept.:  Courtroom 4 – 5th Floor<br>Judge:  Honorable Edward J. Davila |

# REDACTED

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX, CA Bar No. 151650
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199

Attorneys for Defendant WITHIN UNLIMITED, INC.

(Additional Counsel Listed on Signature Page)

**REDACTED**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **DEFENDANTS META PLATFORMS, INC.'S AND WITHIN UNLIMITED, INC.'S NOTICE OF DEPOSITION TO PLAINTIFF FEDERAL TRADE COMMISSION** |
| v. | |
| META PLATFORMS, INC., et al., | |
| Defendants. | Date:  Thursdays<br>Time:  9:00 a.m.<br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within"), by and through undersigned counsel, will take the deposition of Plaintiff Federal Trade Commission ("FTC"). The deposition will take place at a date and time to be mutually agreed upon by the parties at the offices of Weil, Gotshal & Manges LLP, 2001 M Street, NW, Washington, DC 20036 or remotely. The deposition shall continue from day to day (weekends and holidays excepted) until concluded, and shall be recorded stenographically and by video tape.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the FTC shall designate one or more witnesses to testify on its behalf as to all facts and other information known or reasonably available to the FTC relating to the subject matters set forth in the Schedule of Deposition Topics, and not just about information personally known to the witness or witnesses. If the designated witness or witnesses do not possess such knowledge, the FTC shall prepare them so that they may give knowledgeable and binding answers per the requirements of Rule 30(b)(6).

Dated: October 7, 2022

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: /s/ Eric Hochstadt

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MARK C. HANSEN (pro hac vice)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (pro hac vice)
gklineberg@kellogghansen.com
AARON M. PANNER (pro hac vice)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX, CA Bar No. 151650
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
LAUREN BATTAGLIA (pro hac vice)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (pro hac vice)
logan.breed@hoganlovells.com
BENJAMIN HOLT (pro hac vice)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (pro hac vice)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

# SCHEDULE OF DEPOSITION TOPICS

## DEFINITIONS

1. "**Action**" means the action captioned *Federal Trade Commission, et al. v. Meta Platforms, Inc., et al.*, Case No. 5:22-CV-04325-EJD, which is currently pending in the United States District Court for the Northern District of California.

2. "**Communication**" means any exchange of information between two or more Persons, through any mode of conveying information, including but not limited to telephone calls, e-mails and all other forms of electronic communication and electronic messaging, letters, faxes, conversations, interviews, meetings, hearings, or other written, electronic or spoken language or graphics, however transmitted or stored.

3. "**Concerning**," "**Related to**," and "**Regarding**" means analyzing, alluding to, concerning, considering, commenting on, consulting, comprising, containing, describing, dealing with, evidencing, identifying, involving, reporting on, relating to, reflecting, referring to, regarding, studying, mentioning, or pertaining to, in whole or in part.

4. "**Data**" means facts, statistics, or other information of any kind, however produced or reproduced, which can be used for purposes of calculation or analysis.

5. "**Document**" means written or graphic material of any kind, however produced or reproduced, whether draft or final, original or reproduction, including: contracts, memoranda, brochures, pamphlets, letters, emails (including attachments, message content, and header information), faxes, diaries, financial statements, bank statements, bills, invoices, wire transfer confirmations, minutes, notes, summaries of communications, photographs, and audio or video recordings. "Document" also includes all drafts or non-identical copies, such as those bearing comments in the margin or other marks or notations not present on the original or final copy. If any "Communication" or "Data" is reduced to writing or other recordation, it is also a "Document."

6. "**Extended Reality**" means hardware and software components relating to delivering virtual reality, mixed reality, augmented reality, or other enhanced reality experiences to users.

7. "**Federal Complaint**" means the complaint for a temporary restraining order and preliminary injunction filed by Plaintiff FTC in the Action on July 27, 2022.

8. **"Fitness Solutions"** means hardware, software, video content, app-based content, online content, and in-person activities intended to result in health and wellness outcomes for users and participants.

9. **"FTC"** means the Federal Trade Commission, its officers, Commissioners, employees, agents, representatives, affiliates, consultants, advisors, successors, or predecessors, as well as all persons acting on the FTC's behalf, and any and all persons associated with, affiliated with, or controlled by the FTC.

10. **"Merger"** means the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc.

11. **"Meta"** means:

    (a) Meta Platforms, Inc., its subsidiaries, affiliates, divisions, either collectively, individually, or in any subset; and

    (b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Meta, its divisions, subsidiaries, and/or affiliates.

12. **"Person"** means any natural person, corporation, association, organization, firm, company, partnership, joint venture, trust, estate, or other legal or governmental entity, whether or not possessing a separate juristic existence.

13. **"Second Request"** means the request for informational and documentary materials related to the proposed acquisition of Within Unlimited, Inc. by Meta Platforms, Inc. submitted on November 29, 2021, and the Federal Trade Commission's investigation in support of the same.

14. **"Snyder Declaration"** means the declaration captioned *Declaration of Jennifer Snyder in Support of Plaintiff's Motion for a Temporary Restraining Order* executed on July 26, 2022.

15. **"Testimony"** means any sworn testimony, including, but not limited to, affidavits, declaration, depositions, or investigational hearings.

16. **"Within"** means:

    (a) Within Unlimited Inc., its affiliates, divisions, either collectively, individually, or in any subset; and

(b) The present and former officers, directors, employees, agents, and other persons acting on behalf of Within, its divisions, subsidiaries, and/or affiliates.

17. "**You**" and "**Your**" mean the FTC, its officers, Commissioners, employees, agents, representatives, affiliates, consultants, advisors, successors, or predecessors, as well as all persons acting on the FTC's behalf, and any and all persons associated with, affiliated with, or controlled by the FTC.

18. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neuter genders shall include all genders; (c) the singular form of a word shall include the plural, and vice versa; (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any request all information that might otherwise be construed to be outside of its scope; (e) the word "any" shall include, without limitation, "each and every"; (f) the terms "all" and "each" shall be construed as "all and each"; (g) the term "including" is intended to be comprehensive and means "including, but not limited to"; and (h) the terms "between" and "among" shall be construed as "between" or "among" as necessary to bring within the scope of any request all responses and documents that might otherwise be construed to be outside its scope.

19. For the purposes of the Deposition Topics, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

20. The use of any definition for the purposes of the Deposition Topics shall not be deemed to constitute an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this Action.

**INSTRUCTIONS**

1. Each Deposition Topic shall be construed independently, and no Deposition Topic shall be construed as limiting the scope of any other Deposition Topic unless otherwise indicated.

2. The time period applicable to each Deposition Topic, unless otherwise specified, is from January 1, 2018 until the present.

3. The witness or witnesses You designate to testify about Deposition Topics identified herein must be prepared to testify to all information known or reasonably available to You, regardless

of where the information is maintained, in what form the information is maintained, or whether the information is maintained by You or by Your predecessors, subsidiaries, parents, and affiliates.

**DEPOSITION TOPICS**

**Topic No. 1.** The FTC's economic analyses Regarding the Merger, including market share and HHI calculations conducted after the issuance of the Second Request and prior to the Federal Complaint being filed and any conclusions arising from the analyses.

**Topic No. 2.** The FTC's analysis, selection of, and/or exclusion of Extended Reality applications and fitness solutions considered for inclusion in the markets cited in the Federal Complaint, including the facts the FTC relied upon in analyzing, selecting, and/or excluding such applications and solutions.

**Topic No. 3.** The FTC's decision to exclude meditation-focused applications in determining market shares and conducting HHI calculations cited in the Federal Complaint, including the facts the FTC relied upon in deciding to exclude such apps.

**Topic No. 4.** The FTC's decision to exclude applications with lower or negligible fitness impacts in determining market shares and conducting HHI calculations in relation to the "VR fitness App" market alleged in the Federal Complaint, including the facts the FTC relied upon in deciding to exclude such applications.

**Topic No. 5.** The FTC's reliance upon using the search terms "exercise" and "fitness" on the Meta Quest Store in determining market shares and conducting HHI calculations cited in the Federal Complaint.

**Topic No. 6.** For each of the Extended Reality applications identified in the FTC's Supplemental Interrogatory Response No. 5, the criteria used by the FTC to determine that each such application was in one or more of the putative markets alleged in the Federal Complaint.

**Topic No. 7.** For each Extended Reality application identified in the Meta Quest Store using the search terms "fitness" or "exercise" attached as Exhibit 1, whether or not each such application is in one or more of the putative markets alleged in the Federal Complaint, and the reasons for inclusion or exclusion therefrom.

**Topic No. 8.** For each Extended Reality application identified in Meta's letter to the FTC dated June 6, 2022, identified in the FTC's response to Interrogatory No. 7 as PX0001 and attached as Exhibit

2, whether or not each such application is in one or more of the putative markets alleged in the Federal Complaint, and the reasons for inclusion or exclusion therefrom.

**Topic No. 9.**  For each Extended Reality application identified in Meta's letter to the FTC dated June 22, 2022, identified in the FTC's response to Interrogatory No. 7 as PX0007 and attached as Exhibit 3, whether or not each such application is in one or more of the putative markets alleged in the Federal Complaint, and the reasons for inclusion or exclusion therefrom.

**Topic No. 10.**  The facts and materials You provided to, and chose to withhold from, Jennifer Snyder in support of preparing the Snyder Declaration, the analyses conducted by Jennifer Snyder, and any facts or materials Jennifer Snyder requested from the FTC in connection with preparing the Snyder Declaration.

**Topic No. 11.**  Communications between You and the United States Congress, including but not limited to members and their staff, Regarding the Second Request, the Action, and the Extended Reality industry.

**Topic No. 12.**  Communications between You and members of the Executive branch, including but not limited to their staff, Regarding the Second Request, the Action, and the Extended Reality industry.

**Topic No. 13.**  Communications between You and state Attorneys General, including but not limited to their staff, Regarding the Second Request, the Action, and the Extended Reality industry.

**Topic No. 14.**  Communications with third parties identified in the FTC's Supplemental Responses and Objections to Defendants' First Set of Interrogatories Regarding the Second Request, the Action, and the Extended Reality industry.

**Topic No. 15.**  Communications with any other third parties, including customers who have complained or opposed the Merger, Regarding the Second Request, the Action, and the Extended Reality industry.

**Topic No. 16.**  The FTC's decision to bring the Action against the recommendation of FTC staff, and the facts, evidence, and information on which the FTC relied in deciding to do so.

**Topic No. 17.**  Communications Regarding whether Lina Khan is or should be disqualified from participating in the FTC's review of or challenge to the Merger, including but not limited to whether she

should be recused from the votes on whether to authorize the Action, or from taking any other action, whether characterized as prosecutorial or adjudicatory, with respect to the Action.

**Topic No. 18.** The conclusions of the FTC's 6(b) Study of acquisitions by technology platform companies in FTC Matter No. P201201, and the bases for the same.

**Topic No. 19.** The identity of any third parties who support the FTC's contention stated in the Federal Complaint that the Merger would "substantially lessen competition or tend to create a monopoly in the relevant antitrust market for VR Dedicated fitness apps in the United States," and the factual bases for the FTC's knowledge of any third-party support for its contention.

**Topic No. 20.** The putative existence and state of competition, to the extent alleged, between Beat Saber and Supernatural, including but not limited to whether and how they allegedly compete with each other.

**Topic No. 21.** The putative existence and state of competition, to the extent alleged, between Beat Saber and other VR games and applications that the FTC excluded from its alleged markets.

**Topic No. 22.** The existence and state of competition, to the extent alleged, between Beat Saber and other non-VR games and applications that the FTC excluded from its alleged markets.

**Topic No. 23.** The existence and state of competition, to the extent alleged, between Supernatural and non-VR dedicated fitness applications that the FTC excluded from its alleged markets.

**Topic No. 24.** The state and nature of Extended Reality, including but not limited to the maturity or nascence of the market, the potential for growth, potential or likely hardware developers, and the role of and need for investment.

**Topic No. 25.** The public interests potentially affected by the Merger, including but not limited to growth of and investment in Extended Reality.

**Topic No. 26.** The facts that the FTC claims demonstrate that the public interest is served by preventing the Merger from occurring.

**Topic No. 27.** Any facts, information, documents, communications, investigative testimony, and/or other direct and/or circumstantial evidence that supports allowing the Merger to occur, including information learned from third parties regarding the nature of the alleged relevant markets, competition, investment, development, and lack of any coordinated activity by relevant market participants.

**Topic No. 28.**  The FTC's routine practice and procedures regarding merger investigations, recommendations, and initiation of lawsuits and administrative proceedings, and how the FTC's conduct here regarding the Merger compared to its routine practice and procedures.

**Topic No. 29.**  The FTC's Responses to Defendants' Interrogatories.

**Topic No. 30.**  The FTC's decision to amend the Federal Complaint to remove the broader "VR Fitness App" market, including the details and timing of any vote by the Commissioners to amend the Complaint, and the facts, evidence, and information upon which the FTC relied as the basis for removal of the proposed "VR Fitness App" market.

**Topic No. 31.**  The FTC's decision to amend the Federal Complaint to remove previous allegations that the Merger is "presumptively unlawful" with respect to the "VR Fitness App" market, and the facts, evidence, and information upon which the FTC relied as the basis for removal of those allegations.

# EXHIBIT 1

**Federal Trade Commission v. Meta Platforms, Inc., et al., 5:22-cv-04325-EJD**
**Exhibit 1 – Meta Quest Store Search Results**

The following search results were obtained by entering the indicated search terms in the "Search Quest" field on the Meta Quest Store[1] as of October 1, 2022.

"Fitness" Search Term Results

1. Supernatural
2. Les Mills Bodycombat
3. Synth Riders
4. FitXR
5. Guided Meditation VR
6. Dance Central
7. TRIPP
8. STRIDE
9. Creed: Rise to Glory
10. Guided Tai Chi
11. OhShape
12. Until You Fall
13. Audio Trip
14. Blaston
15. Rezzil Player
16. Liteboxer
17. REAKT Performance Trainer
18. Maloka
19. Hoame

---

[1] www.oculus.com/experiences/quest/

1

20. WIN Reality
21. VZfit
22. Knockout League
23. X-Fitness

"Exercise" Search Term Results

1. FitXR
2. Dance Central
3. Creed: Rise to Glory
4. Beat Saber
5. Liteboxer
6. Supernatraul
7. TRIPP
8. Audioshield
9. Les Mills Bodycombat
10. Guided Tai Chi
11. Guided Meditation VR
12. REAKT Performance Trainer
13. VXfit
14. Rezzil Player
15. Holofit

**EXHIBIT FILED
UNDER SEAL**

**EXHIBIT 2**

**EXHIBIT FILED
UNDER SEAL**

# EXHIBIT 3

1

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, Redwood Shores, California 94065 (hereinafter "WGM"). I am not a party to the within cause, I am over the age of eighteen years, and my email address is tricia.dresel@weil.com. I further declare that on October 7, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

| | |
|---|---|
| Abby L. Dennis<br>Email: adennis@ftc.gov<br>Peggy Bayer Femenella<br>Email: pbayer@ftc.gov<br>Josh Goodman<br>Email: jgoodman@ftc.gov<br>Jeanine Balbach<br>Email: jbalbach@ftc.gov<br>Terri Martin<br>Email: tmartin@ftc.gov<br>Frances Anne Johnson<br>Email: fjohnson@ftc.gov<br>Rebecca Hyman<br>Email: rhyman@ftc.gov<br>Charles York<br>Email: cyork@ftc.gov<br>Adam Pergament<br>Email: apergament@ftc.gov<br>James H. Weingarten<br>Email: jweingarten@ftc.gov<br>Erika Meyers<br>emeyers@ftc.gov<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue, NW<br>Washington, DC  20580<br><br>*Attorneys for Plaintiffs* | Mark C. Hansen<br>Email:  mhansen@kellogghansen.com<br>Geoffrey M. Klineberg<br>Email:  gklineberg@kellogghansen.com<br>KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC<br>1615 M Street, NW #400<br>Washington, DC  20036<br><br>Sonal N. Mehta<br>Email:  sonal.mehta@wilmerhale.com<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA  94306<br><br>*Co-counsel for Meta Platforms, Inc.*<br><br>Charles Loughlin<br>Email:  chuck.loughlin@hoganlovells.com<br>Chris Fitzpatrick<br>Email:  chris.fitzpatrick@hoganlovells.com<br>Nicole Lynch<br>Email:  nicole.lynch@hoganlovells.com<br>Maxwell Hamilton<br>Email:  maxwell.hamilton@hoganlovells.com<br>HOGAN LOVELLS US LLP<br>555 13th Street, NW<br>Washington, DC 20004<br><br>*Attorneys for Within Unlimited, Inc.* |

CERTIFICATE OF SERVICE     CASE NO. 5:22-CV-04325-EJD

1   Executed on October 7, 2022, at San Jose, California.  I declare under penalty of perjury under
2   the laws of the United States, that the foregoing is true and correct.

*Patricia Dresel*
PATRICIA DRESEL