Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; pbayer@ftc.gov;*
*jgoodman@ftc.gov; jbalbach@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE CONCERNING UNTIMELY DISCLOSED THIRD-PARTY WITNESSES, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| **META PLATFORMS, INC., et al.** | |
| Defendants. | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

### NOTICE OF MOTION AND MOTION

To the Honorable Court, all parties, and their attorneys of record:

Please take notice that, on December 8, 2022, or at a pre-hearing conference set by the Court, Plaintiff Federal Trade Commission ("FTC" or "Commission") shall move and hereby does move the Court for an order excluding in this action any declaration, testimony, or other evidence from Eric Janszen of VirZoom, Preston Lewis of Black Box VR, and Jaime Pichardo Garcia of Odders Lab. The FTC's motion is based on this Notice of Motion and Memorandum of Points and Authorities in Support; the declaration of Adam Pergament and the attachments thereto; all other pleadings on file in this action; and any other written or oral argument that the FTC may present to the Court.

### ISSUE TO BE DECIDED

Whether Defendants' failure to include in their initial disclosures served August 19, 2022 third-party witnesses Eric Janszen of VirZoom, Preston Lewis of Black Box VR, and Jaime Pichardo Garcia of Odders Lab, and their failure to amend their initial disclosures to disclose those witnesses until November 4, 2022 and November 5, 2022 requires the exclusion of all evidence from those witnesses in this action under Rule 37 of the Federal Rules of Civil Procedure.

### MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 26 requires each party to serve and, if necessary, to supplement "in a timely manner," initial disclosures identifying each individual it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a), (e). The Federal Rules mandate these disclosures "to encourage parties to try cases on the merits, not by surprise, and not by ambush." *Ollier v. Sweetwater Union*, 768 F.3d 843, 862 (9th Cir. 2014). Flouting the requirements of Rule 26, Defendants waited until November 4, 2022—two and a half months after initial disclosures were due and two weeks before the close of all fact discovery—to disclose third-party witnesses that Defendants knew they "may use to support [their] claims or defenses" as far back as August. Defendants also waited until November 4, 2022 to disclose for the first time that they had issued

subpoenas to those third-party witnesses for depositions the following week. The witnesses are all third-party developers that have (or seek to have) virtual reality ("VR") applications approved by Defendant Meta Platforms, Inc. ("Meta") for the Meta Quest Store, and that have received (or applied for) funding from Meta.

Defendants' strategic, belated disclosure of these witnesses violated Rule 26. The remedy for failure to disclose these witnesses is clear:  Under Rule 37, if a party fails to disclose a witness "as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. 37(c)(1). Here, Defendants cannot meet either requirement. First, Defendants knew that they "may use" these companies "to support [their] claims or defenses" before updating their initial disclosures. Second, Defendants' belated disclosure—two weeks before the close of discovery, after the completion of all party discovery, and in violation of the parties' Joint Stipulated Case Management Order (Dkt. 69)—has inherently prejudiced the FTC's ability to take account of those witnesses in party discovery, to obtain substantive document discovery from those witnesses, to use such documents in depositions of those witnesses, and to make use of such discovery, including in preparation for the evidentiary hearing on the FTC's motion for a preliminary injunction.

The FTC respectfully requests that the Court not reward hearing by ambush and instead exclude from this action all evidence concerning three witnesses the Defendants failed to timely disclose: Preston Lewis of Black Box VR, Jaime Garcia of Odders Lab, and Eric Janszen of VirZoom.

## BACKGROUND

### A.    Defendants serve initial disclosures without listing any third parties.

Pursuant to the Joint Stipulated Case Management Order ("CMO") (Dkt. 69 at 4-5), on August 19, 2022, Defendants served their initial disclosures, identifying six Meta employees, five Within employees, and two unnamed Meta employees. Declaration of Adam Pergament ("Pergament Decl.") Ex. 1 (Initial Disclosures) at 2-3. Defendants identified no third parties. *Id.*

The FTC called attention to deficiencies in the Defendants' initial disclosures on August 29, 2022, and asked Defendants to identify the unnamed Meta witnesses. Pergament Decl. Ex. 2 (Aug. 29, 2022 Letter). Defendants responded by serving their First Supplemental Initial Disclosures on August 31, 2022, "removing the two 'Meta employee' placeholders in their entirety and adding" the names of a VP at Oculus and a Co-Founder of the Meta-acquired studio Beat Games. Pergament Decl. Ex. 3 (First Supplemental Initial Disclosures).

**B.    Defendants began to communicate with third-party witnesses to obtain declarations starting August 23, 2022.**

Unbeknownst to the FTC, starting on August 23, 2022, Defendants began communicating with third-party witnesses from whom they would obtain declarations supporting their defenses, yet Defendants failed to update their initial disclosures until two and a half months later.

**Eric Janszen**. Mr. Janszen is ███████████████████████. Pergament Decl. Ex. 4 (Janszen (VirZoom) Rough (Realtime) Dep.) at 8:1-4. In August 2022, Meta's counsel began communicating with Mr. Janszen, telling him that █████████████████████████ ██████████████████████████████████████ *Id.* at 51:19-52:3. Meta's counsel continued to communicate with Mr. Janszen throughout September and October 2022, finalizing  Mr. Janszen's declaration. Pergament Decl. Ex. 5 (PX833) at 3, 68-71. Before Mr. Janszen signed a declaration or agreed to schedule a deposition, Meta had agreed to ██████ ██████████████████████████████████████████████ ███████████ Pergament Decl. Ex. 4 (Janszen (VirZoom) Rough (Realtime) Dep.) at 20:22-21:16. ████████████████████████████████████████████ ████████████████████████████████ *Id.* at 38:20-39:12, 44:13-19.[1]

---

[1] Defendants attempted to engage in similar hearing-by-ambush with Guarav Kumar, an investor in VirZoom. Mr. Kumar ultimately █████████████████████. Nonetheless, Meta (Continued…)

1   **Jaime Pichardo Garcia**. Mr. Garcia is ███████████████████████████

2   ███████████████ Pergament Decl. Ex. 6 (Garcia (Odders Lab) Dep.) at 12:13-19. In "█████

3   ████████" 2022, Meta's counsel ███████████████████████████████████

4   ███████████ *Id.* at 157:2-16. Thereafter, Meta's counsel ██████████████████████

5   ██████████████████████████████████ *Id.* at 157:17-21, 17:8-22. Meta has

6   provided ████████████████████████████████████████████████████

7   █████████████████████████ *Id.* at 141:9-14.

8   **Preston Lewis**. Mr. Lewis is ███████████████████████████. Pergament

9   Decl. Ex. 7 (Lewis (BlackBox VR) Dep.) at 14:16-19. ████████████████████████████

10  ████████████████████████████. Pergament Decl. Ex. 8 (FTC-BLACKBOX-

11  000002). ████████████████████████████████████████████████████

12  ████████████████████████████████████. Pergament Decl. Ex. 7 (Lewis (BlackBox VR)

13  Dep.) at 130:15-132:5. Meta's counsel then ███████████████████████████. *Id.* at

14  127:6-22. Meta has provided █████████████████████████████████████████

15  ███████████████████████ *Id.* at 173:17-20.

16  **C.**    **Defendants reveal their intent to serve third-party declarations, but decline**

17  **to supplement their initial disclosures.**

18  On October 28, 2022, Defendants wrote to the FTC regarding the use of third-party

19  declarations. Pergament Decl. Ex. 10 (emails between L. Sullivan and J. Balbach). As of that date,

20  ───────────────────────

21  compelled Mr. Kumar to sit for a deposition during which he ██████████████████████

22  ████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████

25  ████████████████████████████████████ Pergament Decl. Ex. 9 (Kumar

26  Rough (Realtime) Dep.) at 18. Not surprisingly, Mr. Kumar is nowhere to be seen on Defendants'

27  witness or exhibit lists.

28

however, Defendants still had not updated their initial disclosures to identify any third parties.[2] As such, the FTC responded to Defendants' inquiry noting "Defendants' initial disclosures identify no third-party witnesses," that Defendants' correspondence "suggests Defendants have obtained, or are in the process of obtaining, declarations from third parties," and that if so, "we expect Defendants to immediately amend their initial disclosures to include the names of those parties, so that the FTC can obtain discovery of them." *Id.* Defendants declined to update their disclosures immediately and instead wrote on October 31, 2022: "Meta is still evaluating which, if any, third parties it will rely on. To the extent we decide to rely on any third parties, we will let you know as soon as possible and no later than the November 4 third party declaration deadline." *Id.*

### D.   Defendants serve belated supplemental disclosures.

Two and half months after Defendants' Initial Disclosures were due, on the evening of November 4, 2022, Defendants served the FTC with declarations and notices of deposition subpoenas for the following week for Eric Janszen of VirZoom and Jaime Pichardo Garcia of Odders Lab. Pergament Decl. Ex. 11 (Janszen Decl.); Ex. 12 (Garcia Decl.); Ex. 13 (Janszen subpoena); Ex. 14 (Garcia subpoena). The same evening, Defendants served Second Supplemental Initial Disclosures, including third parties in their disclosures for the first time. Defendants included Mr. Janszen and Mr. Garcia. Pergament Decl. Ex. 15 (Second Supplemental Initial Disclosures). The Second Supplemental Initial Disclosures contained no contact

---

[2] Despite failing to name a single third party on its initial disclosures until November 4, 2022, Defendants did notice and serve subpoenas on over 40 third parties for documents and testimony between August 24, 2022 and October 12, 2022—but notably not on VirZoom, Odders Lab, or Black Box VR.  In response, the FTC prepared and served a separate, "me too" subpoena on each of these subpoenaed parties.   Ultimately, Defendants' Second Supplemental Disclosures identified only 11 of these parties. Pergament Decl. Ex. 15 (Defendants' Second Supplemental Initial Disclosures).

information.

The next day, Saturday, November 5, 2022—the day *after* declarations were due under the Joint Stipulated Case Management Order (Dkt. 69 at 6)—Defendants served a declaration from, and notice of subpoena for a deposition on November 10, 2022 of, Mr. Lewis of Black Box VR. Pergament Decl. Ex. 16 (Lewis Decl.); Ex. 17 (Lewis subpoena). Along with that message, Defendants served their Third Supplemental Initial Disclosures, identifying Mr. Lewis for the first time. Pergament Decl. Ex. 18 (Third Supplemental Initial Disclosures). The Third Supplemental Initial Disclosures contained no contact information. That morning, Defendants' counsel had advised Mr. Lewis by text message that "we did miss the deadline" to submit a third-party declaration, but sought to confirm Mr. Lewis's prior agreement to sit for a deposition on November 10. Pergament Decl. Ex. 19 (FTC-BLACKBOX-000001).

In the days following Defendants' belated disclosures, the FTC promptly issued subpoenas to Mr. Janszen, Mr. Garcia, and Mr. Lewis. Although the FTC obtained some correspondence between Defendants' counsel and those third parties, the FTC was largely unable to obtain any meaningful document discovery from those third parties before the close of discovery, and importantly, prior to the deposition dates that Defendants had set with those parties. Additionally, apart from the time constraint, because Mr. Garcia is in Spain, the FTC was unable to compel Mr. Garcia to provide such discovery.

Despite refusing to supplement their initial disclosures with any third parties until the eleventh hour, Defendants included Mr. Lewis, Mr. Janszen, and Mr. Garcia on their third-party witness list served on November 18, 2022. (Dkt. 240-2). They also included those witnesses' declarations and deposition transcripts (DX1218, DX1220, DX1223, DX1289, DX1290, DX1291), and certain other exhibits (DX1293, DX1294), on their exhibit list served November 18, 2022. (Dkt. 245-2).

## ARGUMENT

**II.    Defendants' Disclosures Violated Rules 26(a) and (e)**

Under Rule 26(a)(1), parties are required to provide "the name and, if known, the address

and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Initial disclosures "must be based on information reasonably available to the disclosing party at the time of the disclosure." *Forte v. County of Merced*, No. 11-cv-00318, 2014 WL 4745923, at *3 (C.D. Cal. Sept. 23, 2014) (citing Fed. R. Civ. P. 26(a)(1)(E)). Under Rule 26, "a party is not excused from its initial disclosure obligation merely because the party has not yet fully investigated its case." *Id.* (citing Fed. R. Civ. P. 26(a)(1)(E)). Rule 26(e) also "imposes a continuing obligation to supplement the initial disclosures whenever the parties find that the initial disclosures were incomplete or incorrect, making Rule 26 the functional equivalent of a Standing Request for Production under Rule 34." *San Francisco v. Tutor Saliba Corp.*, 218 F.R.D. 219, 220 (N.D. Cal. 2003) (internal quotation and citation omitted).

"[T]he duty to disclose is not only limited to information a party is *certain* it will use, but *may* use to support its claims or defenses. *In re Sonic Corp. Customer Data Sec. Breach Litig.*, No. 1:17-MD-02807, 2018 WL 11255772, at *3 (N.D. Ohio Apr. 17, 2018) (emphasis in original). If it were, "parties would be free to hide witnesses or evidence from the opposing party, arguing . . . they did not 'intend' to use it." *Id.*; *accord Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 605 (S.D. Cal. 2015) ("Requiring parties to disclose only those witnesses they subjectively intend to use in substantiating their claims, rather than those they merely 'may use' as Rule 26 explicitly requires, would erode the efficacy of the rule's disclosure requirements."). As such, Defendants' obligation to update their disclosures were triggered once Defendants' counsel started grooming these witnesses to submit declarations and sit for depositions. The record is clear that those communications began in August and September 2022. *See* Pergament Decl. Ex. 6 (Garcia Dep.) at 157:2-16; Ex. 5 (PX833) at -063 (Janszen); Ex. 8 (FTC-BLACKBOX-000002) (Lewis). Defendants, however, waited months—and until late the night that declarations were due—to identify these parties (or indeed *any* third parties) to the FTC, thereby failing to supplement their disclosures in a "in a timely manner." *See* Fed. R. Civ. P. 26(a), (e).

The Joint Stipulated Case Management Order's separate deadlines for third-party declarations and depositions does not relieve Defendants of their basic disclosure obligations

under the Federal Rules, which in any event are restated explicitly in the Joint Stipulated Case Management Order. *See id.*; Dkt. 69 (Joint Stipulated Case Management Order) at 4-5. Neither does the fact that the FTC had already been in contact with some of these individuals during its pre-complaint investigation. Under the rules "other parties should be able to rely on the disclosures when making their own discovery decisions." *Baines v. Aaron's Inc.*, No. 20-cv-01124, 2021 WL 4149719, at *4 (D. Ariz. Sept. 13, 2021) (internal quotation and citation omitted). "[I]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Morris v. BNSF Railway Co.*, 969 F.3d 753, 765-66 (7th Cir. 2020) (internal quotation and citation omitted).

## III.   Defendants' Belated Disclosures Require Exclusion of Evidence

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008) (citation omitted). Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *accord Durand v. Stonehouse Court Assocs.*, 473 Fed. App'x 667, 669 (9th Cir. 2012) (no abuse of discretion when striking declaration where witness was not identified in initial disclosures or interrogatories). Rule 37(c)(1) thus provides "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (internal quotation and citation omitted).

Under Rule 37(c)(1), the "party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012); *accord Yeti by Molly*, 259 F.3d at 1107.

The Ninth Circuit's decision in *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014), is instructive. There, the court explained that "late disclosure of witnesses throws a wrench in the machinery of trial," and while "a party might be able to scramble to make up for the delay," "last-minute discovery may disrupt other plans." *Id.* Accordingly, the court rejected defendants' argument that belated disclosure was harmless even though the witnesses were disclosed eight months before trial. *Id.*

Consistent with *Ollier*, courts in this district and elsewhere routinely exclude late-disclosed witnesses. *See, e.g.*, *Montera v. Premier Nutrition Corp.*, No. 16-cv-06980, 2022 WL 1452756, at *2 (N.D. Cal. May 9, 2022) (excluding witnesses disclosed three weeks before trial); *Baines*, 2021 WL 4149719, at *4 (excluding witnesses rather than reopen fact discovery "on the eve of trial"); *Nunes v. Cnty. of Stanislaus*, No. 1:17-cv-00633, 2020 WL 1324808, at *4 (E.D. Cal. Mar. 20, 2020) (excluding witnesses disclosed four months before trial); *Lopez v. Lopez*, No. 18-cv-6473, 2020 WL 2043996, at *5 (C.D. Cal. Jan. 23, 2020) (excluding witnesses disclosed the day before fact discovery closed).

Defendants cannot show that their belated disclosures were substantially justified or harmless. The belated disclosures prevented the FTC from obtaining meaningful discovery from those witnesses. Indeed, upon receipt of the FTC's request for documents, for example, on November 10, 2022, Mr. Garcia wrote, "I don't have too much available time in such a short notice." *See, e.g.*, Pergament Decl. Ex. 20 (PX821) at 3.[3] Moreover, the untimely disclosures precluded the FTC from taking account of these third parties during party discovery, which concluded on October 26, 2022. The FTC would have been able to make use of such discovery

---

[3] According to his declaration, Mr. Garcia's address is in Seville, Spain, and Odders Lab has its corporate headquarters there as well. Pergament Decl. Ex. 12 (Garcia Decl.) at 1, 8. Accordingly, beyond insufficient time, the FTC had no ability to serve a subpoena on Mr. Garcia compelling him to produce documents or to appear for a deposition in the United States. *See* Fed. R. Civ. P. 45(b)(2) ("A subpoena may be served at any place within the United States.").

in its expert report served October 27, 2022, in its brief in support of its motion for preliminary injunction filed October 31, 2022, and in depositions of those witnesses. And the FTC would have been able to make proper use of such discovery in its proposed findings of fact and conclusions of law, and in preparation for the hearing on its motion for preliminary injunction, without having to "scramble to make up for the delay." *Ollier*, 768 F.3d at 862.

Under Rule 37(c)(1), the Court should exclude the declarations, testimony, and any other evidence from the late-disclosed witnesses. The Court should also exclude evidence from Mr. Lewis on the grounds that (1) Defendants served Mr. Lewis's declaration less than 14 days before the close of fact discovery in violation of the Paragraph H.4. of the Joint Stipulated Case Management Order, Dkt. 69 at 6 ("In any event, no party or third-party declaration, letter, or affidavit may be submitted as evidence if it was executed or served less than fourteen (14) calendar days before the close of fact discovery."); and (2) Defendants served on the FTC Mr. Lewis's deposition notice with fewer than 7 days' notice in violation of Paragraph H.10.a. of the Joint Stipulated Case Management Order, Dkt. 69 at 9 ("The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice").

## CONCLUSION

For the foregoing reasons, the FTC respectfully requests that the Court exclude in this action any declaration, testimony, or other evidence from Eric Janszen of VirZoom, Preston Lewis of Black Box VR, and Jaime Pichardo Garcia of Odders Lab.

Specifically, the Court should exclude: (1) live testimony from those witnesses; and (2) all other evidence, including DX1289 (Decl. of Preston Lewis), DX1290 (Decl. of Eric Janszen), DX1291 (Decl. of Jaime Pichardo Garcia); DX1218 (Dep. of Preston Lewis); DX1220 (Dep. of Jaime Garcia); DX1223 (Dep. of Eric Janszen); DX1293 (Eric Janszen LinkedIn Post); and DX1294 (Email from E. Janszen to M. Hansen re: FTC challenge to transaction).

Dated:  November 21, 2022

Respectfully submitted,

*/s/ Adam Pergament*
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Erika Meyers
Susan A. Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James H. Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*