Lauren Battaglia (*pro hac vice*, DC Bar No. 1007093)
Logan M. Breed (*pro hac vice*, DC Bar No. 479628)
Benjamin Holt (*pro hac vice*, DC Bar No. 483122)
Charles A. Loughlin (*pro hac vice*, DC Bar No. 448219)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth St., NW
Washington, D.C. 20004
Telephone No.: (202) 637-5600
Facsimile No.: (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main St.
Suite 200
Redwood City, CA 94063
Telephone No.: (650) 463-4000
Facsimile No.: (650) 463-4199
chris.cox@hoganlovells.com

*Counsel for Defendant*
*Within Unlimited, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANT WITHIN UNLIMITED, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 241] [L.R. 79-5(f)(3)].** |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Within Unlimited, Inc. ("Within") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion") (ECF No. 241). Within respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal. More specifically, Within seeks only to maintain under seal the following material contained in the FTC's Motion (ECF No. 241):

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| ECF No. 241-2 (FTC's Exhibit List) | Portions of Page 38, Line PX0631. | This excerpt contains non-public information about Within's confidential business strategies, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |
| ECF No. 241-2 (FTC's Exhibit List) | Portions of Page 39, lines PX0662 and PX0665. | These excerpts contain non-public information about Within's confidential business strategies and future plans, which could be used to injure Within if they were made publicly available. Legitimate private interests warrant the sealing of the Within information in these excerpts, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| ECF No. 241-2 (FTC's Exhibit List) | Portions of Page 43, line PX0703. | This excerpt contains non-public information about Within's confidential business strategies and future plans, which could be used to injure Within if it were made publicly available. Legitimate private interests warrant the sealing of the Within information in this excerpt, and the unsealing of the information would result in injury to Within that could not be avoided through any less restrictive alternative to sealing. |

The foregoing proposed redactions reflect Within's good-faith effort to seek sealing of only that information which is competitively sensitive and cannot be protected from public disclosure through any less restrictive means. Within joins in Meta's requests to protect its confidential information contained in the document at issue.

Parties seeking to seal portions of pleadings and motions that are "more than tangentially related to the underlying cause of action" must offer "compelling reasons" in support of sealing. *See, e.g., FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *1 (N.D. Cal. Jan. 3, 2019); *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG,* No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022) (same). Under this standard, "information that, if published, may harm [a litigant's] or third parties' competitive standing" is subject to sealing. *Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3. Courts applying this standard in this District regularly seal information about a party's "financial and business information, including information relating to pricing and business strategies." *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020); *see also Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 WL 2550831 at *1 (N.D. Cal. June 25, 2011) (granting sealing motion as to material that disclosed "financial projections, discussions of business strategy, and competitive analyses"); *cf. Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-cv-04653-BLF, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022) (slip op.) (applying the good cause

standard but collecting cases concluding that the compelling reasons standard is met by "business information that might harm a litigant's competitive strategy," "trade secrets, marketing strategies, product development plans, . . . customer information, and internal reports"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing."). This Court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

As detailed in the table above, the confidential information that Within seeks to maintain under seal contains sensitive non-public strategic information that, if revealed to the public, would harm its competitive standing. The information at issue falls within the categories of information that courts in this District regularly maintain under seal. Moreover, Within's proposed redactions are narrowly tailored to include only the specific portions of the FTC's Exhibit List that Within believes reflect confidential information, and thus sealing would not unduly limit public access to information.

In addition, sealing is appropriate because Within produced to the FTC all of the information at issue pursuant to the FTC's investigation, with an expectation of confidentiality. Throughout the entirety of that investigation, this information remained protected from public disclosure under statutory confidentiality provisions. *See* 15 U.S.C. § 18a(h); 15 U.S.C. § 57b-2. This context supports sealing the information at issue here. *See FTC v. Lockheed Martin Corp.*, No. 1:22-cv-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) (slip op.) ("According to the FTC, sealing the complaint is appropriate . . . because the filing includes confidential information submitted . . . pursuant to [such statutory confidentiality guarantees]. The Court agrees that sealing the Complaint is appropriate.").

For these reasons, Within respectfully requests that the Court grant Plaintiff's Motion to maintain under seal the specific information noted above.

| | |
|---|---|
| Dated: November 23, 2022 | Respectfully submitted, |
| | By: */s/ Charles A. Loughlin* |
| | Charles A. Loughlin (*admitted pro hac vice*) |
| | Lauren Battaglia (*admitted pro hac vice*) |
| | Logan M. Breed (*admitted pro hac vice*) |
| | Benjamin Holt (*admitted pro hac vice*) |
| | HOGAN LOVELLS US LLP |
| | Columbia Square |
| | 555 Thirteenth St., NW |
| | Washington, D.C. 20004 |
| | Telephone No.: (202) 637-5600 |
| | Facsimile No.: (202) 637-5910 |
| | chuck.loughlin@hoganlovells.com |
| | lauren.battaglia@hoganlovells.com |
| | logan.breed@hoganlovells.com |
| | benjamin.holt@hoganlovells.com |
| | |
| | Christopher J. Cox (Bar No. 151650) |
| | HOGAN LOVELLS US LLP |
| | 855 Main St. |
| | Suite 200 |
| | Redwood City, CA 94063 |
| | Telephone No.: (650) 463-4000 |
| | Facsimile No.: (650) 463-4199 |
| | chris.cox@hoganlovells.com |
| | |
| | *Counsel for Defendant Within Unlimited, Inc.* |