1   Naomi A. Igra (SBN 269095)
    naomi.igra@sidley.com
2   SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
3   San Francisco, CA 94104
    Telephone: +1 415 772 7495
4   Facsimile: +1 415 772 7400

5   Benjamin R. Nagin (*pro hac vice pending*)
    bnagin@sidley.com
6   SIDLEY AUSTIN LLP
    787 Seventh Avenue
7   New York, NY 10019
    Telephone: +1 212 839 5911
8   Facsimile: +1 212 839 5599

9   *Attorneys for Non-Party*
    *Peloton Interactive, Inc.*

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE

14  FEDERAL TRADE COMMISSION,          | Case No.  3:22-cv-04325-EJD

15              *Plaintiff,*           | **NON-PARTY PELOTON INTERACTIVE,**
                                       | **INC.'S STATEMENT IN SUPPORT OF**
16          v.                         | **SEALING CERTAIN CONFIDENTIAL**
                                       | **BUSINESS MATERIAL FILED BY**
17  META PLATFORMS, INC., et al.,      | **PLAINTIFF FEDERAL TRADE**
                                       | **COMMISSION PROVISIONALLY UNDER**
18              *Defendants.*          | **SEAL [ECF NO. 241] [L.R. 79-5(F)(3)]**

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party Peloton Interactive, Inc. ("Peloton") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in connection with FTC's Exhibit List. ECF No. 241; *see also,* ECF No. 242. Peloton respectfully requests that the Court consider this submission, which is narrowly tailored consistent with the legal standards in this District. More specifically, Peloton seeks to maintain under seal the following material referenced in FTC's Administrative Motion to Seal (ECF No. 241):

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| FTC's Exhibit List | Page 50, line PX0839, Document Description | PX0839 is an internal document maintained by non-party Peloton regarding Peloton's tracking of competitive trends, opportunities and risks. Peloton's internal, confidential views of the competitive landscape are sensitive and confidential business information that could be used to harm Peloton's business interests. Peloton has narrowly tailored its sealing request to information citing this highly confidential nonpublic document and the document itself. Peloton is not a party in this litigation, and the unsealing of the information would result in injury to Peloton that could not be avoided through any less restrictive alternative. |

## II.    LEGAL STANDARD

Sealing is appropriate where "compelling reasons" exist, including protecting against disclosure of "competitive information that could cause damage to the third parties." *United States v Brazaarvoice, Inc.*, Case No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan 21, 2014) (granting sealing of non-party competitive information after "review[ing] the information in the exhibits"). The Court has "broad latitude" to protect against the disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

1    1211 (9th Cir. 2022), and "to insure that its records are not used . . . as sources of business

2    information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435

3    U.S. 589, 598 (1978) (citations omitted). The Court may prevent the disclosure of "confidential

4    business material, marketing strategies, product develop plans [that] could result in improper use by

5    business competitors seeking to replicate [the company's] business practices and circumvent the

6    time and resources necessary in developing their own practices and strategies." *Roley v. Google*

7    *LLC*, Case No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal Apr. 28, 2020) (quoting

8    *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21,

9    2014)). Compelling reasons to maintain information under seal include "prevent[ing] competitors

10    from gaining insight into the parties' business model and strategy." *In re Qualcomm Litig.*, Case No.

11    3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

12 **III.**      **PELOTON'S HIGHLY CONFIDENTIAL INFORMATION WARRANTS SEALING**

13

14      Peloton's request for sealing is narrowly tailored to prevent disclosure of one Highly

Confidential document (PX0839), references to that document, and information derived from its

15

contents, as indicated in the chart above. On its face, PX0839 reflects Peloton's internal, confidential

16

views of the competitive landscape, which is sensitive and confidential business information that

17

could be used to harm Peloton's business interests. PX0839 also constitutes a portion of Peloton's

18

"strategic business planning information," and is thus protected from disclosure pursuant to the

19

Protective Order in this case. ECF No. 80 (Aug. 24, 2022). Public disclosure of the information

20

would provide Peloton's competitors with insight into Peloton's business that would give Peloton's

21

competitors a strategic advantage, open avenues for them to attack Peloton's commercial standing,

22

and enable them to circumvent the work necessary to compile the information underlying PX0839.

23

     Peloton has limited any public disclosure of PX0839 as well as information derived from the

24

underlying document. Peloton produced PX0839 as "Highly Confidential" pursuant to a protective

25

order governing the production of documents and in response to subpoenas issued by the FTC and

26

Meta Platforms, Inc. to Peloton.

27

     There is also minimal public interest in the disclosure of Peloton's Highly Confidential

28

1    information in this case because Peloton is a non-party that "did not put it at issue in this litigation."

2    *Brazaarvoice, Inc.*, 2014 WL 11297188, at \*1 (N.D. Cal. Jan 21, 2014) (granting motion to seal non-

3    party information in part because "[if] the Court required the information to be disclosed, it would

4    chill investigations in the future where third party documents are essential.").

5    **IV.    CONCLUSION**

6           For the reasons stated above, Peloton respectfully requests that the Court grant FTC's

7    Administrative Motion to Seal (ECF No. 241) with respect to the Peloton confidential business

8    information listed in the chart above.

9    Date:  November 25, 2022

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Naomi A. Igra*
Naomi A. Igra (SBN 269095)
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 7495
Facsimile: +1 415 772 7400

Benjamin R. Nagin
(*pro hac vice pending*)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 5911
Facsimile: +1 212 839 5599

*Attorney for Non-Party*
*Peloton Interactive, Inc.*

NON-PARTY PELOTON INTERACTIVE, INC. CIV. L. R. 79-5 (F)(3) STATEMENT,
CASE NO. 5:22-CV-04325-EJD