1  CLEARY GOTTLIEB STEEN & HAMILTON LLP
   Everett K. Coraor (*pro hac vice* pending)
2  ecoraor@cgsh.com
   2112 Pennsylvania Ave, N.W.
3  Washington, DC 20037
   Telephone: 202-974-1563
4
   Ye Eun Chun (Bar No. 331459)
5  chchun@cgsh.com
   1841 Page Mill Road, Suite 250
6  Palo Alto, CA 94304
   Telephone: 650-815-4111
7
   *Counsel for Non-Party Sony Interactive*
8  *Entertainment LLC*

9

10

11

12

13                     **UNITED STATES DISTRICT COURT**

14                     **NORTHERN DISTRICT OF CALIFORNIA**

15                          **SAN JOSE DIVISION**

16

17  FEDERAL TRADE COMMISSION,                Case No. 5:22-cv-04325-EJD (SVK)

18              Plaintiff,

19         v.                                **NON-PARTY SONY INTERACTIVE
                                             ENTERTAINMENT LLC'S
20  META PLATFORMS, INC., et al.,            STATEMENT IN SUPPORT OF
                                             SEALING CERTAIN CONFIDENTIAL
21              Defendants.                   BUSINESS MATERIAL FILED BY
                                             PLAINTIFF PROVISIONALLY
22                                           UNDER SEAL [ECF NO. 241] [L.R. 79-
                                             5(F)(3)]
23

24                                           Location: Courtroom 4 – 5th Floor
                                             Judge: Honorable Edward J. Davila
25

26

27

28

## I.    INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party Sony Interactive Entertainment LLC ("SIE") respectfully requests that this Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 241) filed by Plaintiff Federal Trade Commission ("Plaintiff").[1] Specifically, SIE seeks to maintain under seal material contained in Plaintiff's Exhibit List that references a highly confidential presentation created by SIE for internal use only:

| | | |
|---|---|---|
| Plaintiff's Exhibit List | PX0818 Description | This portion of Plaintiff's Exhibit List contains non-public information, including SIE's internal-only project codename, about a highly confidential strategy document that SIE uses to develop its competitive, marketing, and business strategies for its unreleased PlayStation®VR2 ("PSVR2") product. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |

## II.    THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of*

---

[1] By filing this statement, SIE does not intend to waive any of its rights under Federal Rule of Civil Procedure 45 and reserves all rights regarding the enforcement of third-party subpoenas.

1   *Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Specifically, if revealing

2   "confidential business material, marketing strategies, [and] product development plans could result

3   in improper use by business competitors seeking to replicate [the company's] business practices

4   and circumvent the time and resources necessary in developing their own practices and strategies,"

5   a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL

6   13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000

7   AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

8           Here, SIE seeks to seal limited non-public information describing a document containing

9   SIE's highly confidential competitive analysis and marketing and business strategy information for

10  its unreleased PSVR2 product. In particular, the information that SIE seeks to protect contains SIE's

11  secret and internal-only project codename for PSVR2.  SIE uses these internal codenames to strictly

12  limit internal disclosure of sensitive information, ensuring that discussion of a project cannot be

13  traced to the specific product in development.  If this project codename were made available to the

14  public, it would greatly increase the risk that other highly confidential material related to the PSVR2

15  could become public. Public disclosure of highly confidential information regarding PSVR2, such

16  as the material contained in PX0818, would undermine the time and resources SIE has devoted to

17  its product and marketing development, give competitors an unfair advantage in the marketplace,

18  and disrupt the imminent commercial launch of PSVR2 in February 2023. *See Synchronoss Techs.,*

19  *Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018)

20  (noting that courts have sealed confidential business information when it "prevent[ed] competitors

21  from gaining insight into the parties' business model and strategy") (citing *In re Qualcomm Litig.*,

22  No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)); *Bauer Bros.*

23  *LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012)

24  (concluding that "public disclosure of Nike's confidential business materials . . . could result in

25  improper use by business competitors seeking to replicate Nike's business practices and circumvent

26  the considerable time and resources necessary in product and marketing development").

27

28

SIE CIV. L. R. 79-5(F)(3) STATEMENT                    CASE NO. 5:22-CV-04325-EJD (SVK)

**III.    THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL**

SIE's request to seal Plaintiff's Exhibit List is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. There is little legitimate public interest in the disclosure of this limited amount of sensitive information that SIE seeks to redact, which amounts to a single description of a single SIE document. Any public interest in disclosing the redacted information in Plaintiff's Exhibit List is outweighed by the prejudice that will result to SIE, a non-party that "did not voluntarily put [its information] at issue in this litigation," if no protection is granted. *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential."); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

**IV.    CONCLUSION**

For the foregoing reasons, SIE respectfully requests that the Court grant Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 241) and maintain under seal SIE's confidential information listed in the chart above.

3

SIE CIV. L. R. 79-5(F)(3) STATEMENT                    CASE NO. 5:22-CV-04325-EJD (SVK)

Dated:  November 25, 2022

Respectfully submitted,

/s/ Everett K. Coraor

Everett K. Coraor (*pro hac vice* pending)
ecoraor@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
T: 202-974-1563

Ye Eun Chun (Bar No. 331459)
chchun@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
T: 650-815-4111

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*Counsel for Non-Party Sony Interactive
Entertainment LLC*

4