RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

*Attorney for non-Party Varjo Technologies US, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC., et al.,<br><br>       Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**ADMINISTRATIVE MOTION REQUESTING *IN CAMERA* TREATMENT OF PORTIONS OF VARJO TECHNOLOGIES US, INC.'S EVIDENCE**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 7-11 and the Protective Order as Modified By The Court (ECF No. 80) (the "Protective Order"), non-Party Varjo Technologies US, Inc. ("Varjo") hereby submits this Administrative Motion requesting *in camera* treatment in connection with the hearing on the motion for preliminary injunction of: (1) Highly Confidential Information contained in the Declaration of Matti Nylander, Chief Financial Officer and Board Member at Varjo Technologies US, Inc., identified in Defendants' Exhibit List (ECF No. 246) as DX1292 and (2) Highly Confidential Information contained in the Second Declaration of Matti Nylander, Chief Financial Officer and Board Member at Varjo Technologies US, Inc., as identified in The Federal Trade Commission's ("FTC") Exhibit List (ECF No. 242) as PX0817 (together, the "Parties' Exhibits").[1] Meta and the FTC have declined to stipulate to *in camera* treatment. Meta and the FTC have also confirmed they will not oppose this motion. Varjo, a non-Party, accordingly requests that this Court grant *in camera* treatment with respect to Varjo's Highly Confidential Information so as to prevent its entry into the public record at the hearing, which would cause Varjo competitive harm.

## I.  LEGAL STANDARD

The Court may assess confidential information submitted to it for *in camera* treatment. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 n.6 (9th Cir. 2003). Courts in the Ninth Circuit have applied the "compelling reasons" standard to seal trial exhibits and to provide *in camera* treatment of confidential information. *See In re Elec. Arts, Inc.*, 298 Fed. App'x. 568, 569 (9th Cir. 2008); *Fed. Trade Comm'n. v DIRECTV, Inc.*, 15-CV-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017); *Abara v. Palmer*, 3:10-CV-00688-LRH, 2012 WL 3638756, at *1, n.1 (D. Nev. Aug. 22, 2012). A party has "compelling reasons" to seal information in a filing, *inter alia*, where disclosure of that information would reveal "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), or would make a litigant's business information at

---

[1] Meta has filed a declaration from Varjo in this case, and Varjo submitted a statement in support of sealing limited portions of this information. (ECF. No. 260). This motion relates to the use of Varjo's Highly Confidential information at the hearing on the FTC's motion for preliminary injunction.

- 1 -

1  risk of being used for "improper purposes," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d
2  1172, 1179 (9th Cir. 2006). A court has "broad latitude" to grant protective orders to prevent
3  disclosure of "many types of information, including, but not limited to, trade secrets or other
4  confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd*
5  *v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. MATERIALS THAT NON-PARTY VARJO REQUESTS FOR *IN CAMERA* TREATMENT

Varjo is not a party to these proceedings. As described in the declaration of Matti Nylander concurrently filed herewith and further discussed below, compelling reasons exist to provide *in camera* treatment to Varjo's Highly Confidential Information, which is included in the Parties' Exhibits. This information includes: (i) Varjo's confidential strategic business planning information, (ii) Varjo's information relating to research, development, testing of, or plans for existing or proposed future products, (iii) non-public financial information, and (iv) information that would expose Varjo to potential competitive harm if the information were disclosed.

Varjo requests *in camera* treatment for the limited information identified below only:

| Document | Information Requested for *in camera* Treatment | Basis for *in camera* Treatment |
|---|---|---|
| FTC Exhibit No. PX0817 | ¶ 9, last sentence | This statement reveals confidential strategic business planning information and information relating to research, development, testing of, or plans for proposed future products. Nylander Decl. ISO Motion Requesting *In Camera* Treatment ¶ 6. This type of information, if publicly revealed, would expose Varjo to potential competitive harm. |
| FTC Exhibit No. PX0817 | ¶ 11, portions between "approximately" and "Aero" of the first and second sentence | These statements reveal non-public financial information. Nylander Decl. ISO Motion Requesting *In Camera* Treatment ¶ 7. This type of information, if publicly revealed, would expose Varjo to potential competitive harm. |

| Document | Information Requested for *in camera* Treatment | Basis for *in camera* Treatment |
|---|---|---|
| FTC Exhibit No. PX0817 | ¶ 13, first and second sentence | These statements reveal confidential strategic business planning information and information relating to research, development, testing of, or plans for existing or proposed future products. Nylander Decl. ISO Motion Requesting *In Camera* Treatment ¶ 6. This type of information, if publicly revealed, would expose Varjo to potential competitive harm. |
| Defendants' Exhibit No. DX1292 | ¶ 11, second sentence | This statement reveals confidential strategic business planning information and information relating to research, development, testing of, or plans for proposed future products that, if publicly revealed, would expose Varjo to potential competitive harm, as described in Varjo's Local Rule 79-5(f)(3) Statement to Seal Certain Materials (ECF No. 260), accompanying Attachment (ECF No. 260-1), and Nylander Decl. ISO Motion Requesting *In Camera* Treatment ¶ 4. |
| Defendants' Exhibit No. DX1292 | ¶ 18, second sentence | This statement reveals confidential strategic business planning information and information relating to research, development, testing of, or plans for existing or proposed future products, that, if publicly revealed, would expose Varjo to potential competitive harm, as described in Varjo's Local Rule 79-5(f)(3) Statement to Seal Certain Materials (ECF No. 260), accompanying Attachment (ECF No. 260-1), and Nylander Decl. ISO Motion Requesting *In Camera* Treatment ¶ 4. |

The portions above reflect non-Party Varjo's good-faith effort to seek *in camera* treatment of only that information which is competitively sensitive and cannot be protected from public disclosure through any more restrictive means. If made public, the Highly Confidential

Information listed above would jeopardize Varjo's current and future product development and harm Varjo's competitive standing. Courts have agreed that compelling reasons exist to seal the type of information Varjo is seeking to protect from public disclosure. *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing confidential business information including "pricing strategy, business decision-making, customer research, and financial records" because it "would expose Safeway to competitive harm if disclosed"); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. General Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (granting motion to seal under the compelling reasons standard because the information contained "the parties' prospective business plans, dealings and strategies").

Although disclosing the Highly Confidential Information would harm Varjo, a non-Party, in contrast, there is little if any countervailing public interest in their disclosure. *Kamakana*, 447 F. 3d at 1179. ("[T]he Court must conscientiously balance the competing interests of the public policies favoring disclosure such as the public interest in understanding the judicial process." (quotation marks and original alterations omitted)). Here, the Confidential Materials will shed no additional light on the Court's decision-making process that could aid the public's understanding of the judicial system. Indeed, Varjo has otherwise publicly provided sufficient information concerning Varjo's products, how Varjo markets its products, and Varjo's view of the competitive landscape to fully explain the resolution of the pending motion.

Finally, as a practical matter, both Meta and the FTC can presumably reference Varjo's evidence at a public hearing without disclosing the Highly Confidential portions. If it were necessary to disclose Highly Confidential information at the hearing, only then would it be necessary for the Court to provide *in camera* treatment of such information.

For the foregoing reasons, Varjo respectfully requests that the Court provide *in camera* treatment of Varjo's Highly Confidential Information.

///

///

///

Dated: November 28, 2022

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Russell P. Cohen*
    Russell P. Cohen
    *Attorney for non-Party*
    *Varjo Technologies US, Inc.*

- 5 -

Varjo's Admin. Motion Requesting *In Camera* Treatment
No. 5:22-cv-04325-EJD