Naomi A. Igra (SBN 269095)
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 7495
Facsimile: +1 415 772 7400

Benjamin R. Nagin (admitted *pro hac vice*)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 5911
Facsimile: +1 212 839 5599

*Attorneys for Non-Party
Peloton Interactive, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    *Plaintiff,*<br><br>  v.<br><br>META PLATFORMS, INC., et al.,<br><br>    *Defendants.* | Case No. 5:22-cv-04325-EJD<br><br>**NON-PARTY PELOTON INTERACTIVE, INC.'S REQUEST TO MAINTAIN CONFIDENTIALITY DESIGNATIONS AND FOR** *IN CAMERA* **REVIEW** |

## I.    INTRODUCTION

Pursuant to the Court's Protective Order (Aug. 24, 2022, ECF No. 80) paragraph 14, Non-Party Peloton Interactive, Inc. ("Peloton") respectfully requests that the deposition testimony of Peloton's Rule 30(b)(6) Witness Dion Sanders and two highly confidential documents produced in response to a subpoena *duces tecum* maintain their confidentiality designations, and be granted in camera treatment. This request is supported by the Declaration of Naomi Igra ("Igra Decl."), filed concurrently herein, and the attached sworn testimony from Mr. Dion Sanders, Chief Emerging Business Officer at Peloton ("Sanders Dep.").

## II.    FACTUAL BACKGROUND

Peloton is not a party in the case at bar and has no direct interest in the litigation. In good faith, and pursuant to the confidentiality protections under the Protective Order (ECF No. 80), Peloton produced documents in response to a subpoena *duces tecum* and provided a witness in response to a Rule 30(b)(6) deposition notice.

On November 18 and 22, 2022, counsel for Plaintiff and Defendants' counsel, respectively, provided notice under paragraph 14 of the Protective Order of their intent to use at trial materials designated by Peloton as either "Confidential" or "Highly Confidential."[1] Declaration of Naomi A. Igra ("Igra Decl.") ¶ 2. Specifically these materials include two exhibits listed on the parties' exhibit lists which were both designated as "HIGHLY CONFIDENTIAL FTC v. Meta Platforms, Inc., et al. Case No. 5:22-cv-04325- EJD" under the protective order, and the deposition testimony of Mr. Dion Sanders which was designated as "highly confidential" on the record. *See* ECF 80; Igra Decl. Exhibit A, Sanders Dep. 1 (Nov. 22, 2022).

The first document is Peloton produced document Bates numbered PTON-FCMETALIT-00594- 00595[2], which was marked as Exhibit 43 at the deposition of Dion Sanders on November 22,

---

[1] Meta's Exhibit List included additional Peloton documents that Peloton does not seek to seal. *See* Meta Exhibit List at 9 (Nov. 18, 2022), ECF 246. Peloton has narrowly tailored this request to those documents for which it has compelling reasons to maintain confidentiality and request *in camera* treatment.

[2] This document is also subject to a pending Administrative Motion to Seal in which Peloton has previously provided justification to keep under seal. *See* Defs.' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed (Nov. 14, 2022), ECF No. 215; Peloton Statement In Support of Sealing Certain Confidential Business Information (Nov. 21, 2022), ECF No. 282.

2022, and appears on both parties' exhibit lists as PX0839 and DTX1300. *See* FTC Exhibit List at 50 (Nov. 18, 2022), ECF No. 242; Meta Exhibit List at 9 (Nov. 18, 2022), ECF No. 246; Igra Decl. Exhibit A, Sanders Dep. 77:21-78:22. This highly confidential document is maintained by non-party Peloton and reflects Peloton's tracking of competitive trends, opportunities and risks. The second document is Peloton produced document Bates numbered PTON-FCMETALIT-00596, which was marked as Exhibit 46 at the deposition of Dion Sanders on November 22, 2022, and appears on Defendants' exhibit list at DTX1301. *See* ECF No. 246 at 9; Igra Decl. Exhibit A, Sanders Dep. 53:8-15; 77:2-20.[3] This highly confidential document is maintained by non-party Peloton and reflects Peloton's sensitive internal cost information. Both exhibits reflect Peloton's internal confidential strategic business planning information, which is marked as confidential within Peloton's own files. Igra Decl. Exhibit A, Sanders Dep. 77:1-78:22. It would harm Peloton's business interest to have these exhibits released to its competitors. *Id*.

Peloton also seeks to maintain the "Highly Confidential" designation of the transcript of the deposition of Mr. Dion Sanders, taken on November 22, 2022, and asks that the transcript be granted *in camera* treatment, pending identification of deposition designations to be used at trial and an opportunity to seek in camera treatment of specific portions of the testimony. At the time Peloton received notice from the parties' counsel that the deposition transcripts would be used at trial, the deposition had not taken place. Due to the compressed nature of this trial schedule, the Parties have yet to disclose their designations of deposition testimony to be presented at trial to Peloton. Some or all of the material that the Parties will identify in the future may be confidential, as the deposition covered a wide range of highly confidential topics including Peloton's view of its competitors, Peloton's internal confidential cost information, and Peloton's forward-looking strategic plans. The deposition also covered discussion of the highly confidential documents described above.  This information, among other information in the transcript, is competitively-sensitive information that is not disclosed to the public. *See* Igra Decl. Exhibit A, Sanders Dep. 7:1-9:20

---

[3] In the transcript for the Sanders Deposition, the court reporter incorrectly added a parenthetical that listed the wrong Bates number and document as Exhibit 46. This will be corrected when Mr. Sanders submits his errata sheet. Counsel for Meta was clear that he was marking PTON-FTCMETALIT-00596 as Exhibit 46. *See* Igra Decl. Exhibit A, Sanders Dep. 53:8-15.

### III. THERE ARE COMPELLING REASONS TO GRANT PELOTON'S NARROWLY TAILORED REQUEST

Peloton's request to maintain confidentiality and for *in camera* review is narrowly tailored to two highly confidential documents and the deposition transcript for a Rule 30(b)(6) witness who testified about the two documents and other highly confidential topics.

The documents for which Peloton seeks *in camera* review are part of Peloton's "strategic business planning information," and thus protected from disclosure pursuant to the Protective Order in this case. ECF No. 80; Igra Decl. Exhibit A, Sanders Dep. 77:2-78:22. Peloton has limited public disclosure of the documents as well as information derived from them because public disclosure would injure Peloton. Peloton produced both documents as "Highly Confidential" pursuant to a protective order governing the production of documents and in response to subpoenas issued by the FTC and Meta Platforms, Inc. to Peloton. *United States v Brazaarvoice, Inc.*, Case No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan 21, 2014) ("compelling reasons" for sealing include protecting against disclosure of "competitive information that could cause damages to the third parties"). On their face, the documents reflect Peloton's internal, confidential views of the competitive landscape (PTON-FCMETALIT-00594- 95) and Peloton's non-public cost information (PTON-FCMETALIT-00596). Peloton's Rule 30(b)(6) witness, Mr. Sanders, also confirmed the confidential nature of these documents. Igra Decl. Exhibit A, Sanders Dep. 77:1-78:22.  These documents therefore reflect sensitive and confidential business information that could be used to harm Peloton's business interests. *Roley v. Google LLC*, Case No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal Apr. 28, 2020) (sealing is appropriate to prevent the disclosure of "confidential business material . . . [that] could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)); *OCM Grp. USA, Inc. v. Lin's Waha Int'l Corp.*, 2:19-CV-08917-SB-KS, 2021 WL 1324275 (C.D. Cal. March 5, 2021), *aff'd*, 21-5561, 2022 WL 2235782 (9th Cir. June 22, 2022) (finding "compelling reasons" to seal a company's documents that "contain sensitive business data, like its costs and sales figures.")

(citations omitted); *In re Qualcomm Litig.*, Case No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (compelling reasons to maintain information under seal include "prevent[ing] competitors from gaining insight into the parties' business model and strategy").

Peloton's request for *in camera* review of the deposition transcript is necessary because the deposition covered several highly confidential topics and the parties have yet to designate which portions of the transcript they intend to use. *See* Igra Decl. Exhibit A, Sanders Dep. 7:1-9:20. Until such time as the parties make their designations, Peloton must therefore request that the Court grant *in camera* treatment to the entire transcript. It is Peloton's intention, however, to make more specific requests (if necessary) once the parties designate specific portions of the transcript for use at trial.

There is minimal public interest in the disclosure of Peloton's Highly Confidential information in this case because Peloton is a non-party that "did not put it at issue in this litigation." *Brazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan 21, 2014) (granting motion to seal non-party information in part because "[if] the Court required the information to be disclosed, it would chill investigations in the future where third party documents are essential.").

### IV.   CONCLUSION

For the foregoing reasons, the Court should maintain the confidentiality designations and provide *in camera* treatment of Peloton's of the documents and deposition transcript described above.

Date:  November 28, 2022

By: */s/ Naomi A. Igra*
Naomi A. Igra (SBN 269095)
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 7495
Facsimile: +1 415 772 7400

Benjamin R. Nagin (admitted *pro hac vice*)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 5911
Facsimile: +1 212 839 5599

*Attorney for Non-Party Peloton Interactive, Inc.*