Naomi A. Igra (SBN 269095)
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 7495
Facsimile: +1 415 772 7400

Benjamin R. Nagin (admitted *pro hac vice*)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 5911
Facsimile: +1 212 839 5599

*Attorneys for Non-Party
Peloton Interactive, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>META PLATFORMS, INC., et al.,<br><br>　　　　Defendants. | Case No.  5:22-cv-04325-EJD<br><br>**NON-PARTY PELOTON INTERACTIVE, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANT META PLATFORMS, INC. PROVISIONALLY UNDER SEAL**<br>**[ECF NO. 285] [L.R. 79-5(F)(3)]** |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party Peloton Interactive, Inc. ("Peloton") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Defendant Meta Platforms, Inc.'s Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 285) in connection with the Defendants' Proposed Findings of Fact. Peloton respectfully requests that the Court consider this submission, which is narrowly tailored consistent with the legal standards in this District. More specifically, Peloton seeks to maintain under seal the following material referenced in Meta's Administrative Motion to Seal (ECF No. 285):

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 57, lines 25-26 | These lines refer to Exhibit DX1300, which was initially produced as PTON-FTCMETALIT-00594 through -00595, an internal document maintained by non-party Peloton regarding Peloton's tracking of competitive trends, opportunities and risks. Peloton's internal, confidential views of the competitive landscape are sensitive and confidential business information that could be used to harm Peloton's business interests. Peloton has narrowly tailored its sealing request to information citing this highly confidential non-public information. Peloton is not a party in this litigation, and the unsealing of the information would result in injury to Peloton that could not be avoided through any less restrictive alternative. |
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 141, lines 14-16 | These lines appear to reference Peloton's view of the competitive landscape. While Peloton was not given information regarding the source of the Peloton information cited, Peloton expects Defendants are referring Exhibit DX1300, described above. Peloton's internal, confidential views of the competitive landscape are sensitive and confidential business information that could be used to harm Peloton's business interests. Peloton has narrowly tailored its sealing request to this highly confidential information. Peloton is not a party in this litigation, and the unsealing of the information would result in injury to Peloton that could not be avoided through any less restrictive alternative. |

## II. LEGAL STANDARD

Sealing is appropriate where "compelling reasons" exist, including protecting against disclosure of "competitive information that could cause damage to the third parties." *United States v Brazaarvoice, Inc.*, Case No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan 21, 2014) (granting sealing of non-party competitive information after "review[ing] the information in the exhibits"). The Court has "broad latitude" to protect against the disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2022), and "to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). The Court may prevent the disclosure of "confidential business material, marketing strategies, product develop plans [that] could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Roley v. Google LLC*, Case No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)). Compelling reasons to maintain information under seal include "prevent[ing] competitors from gaining insight into the parties' business model and strategy." *In re Qualcomm Litig.*, Case No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

## III. PELOTON'S HIGHLY CONFIDENTIAL INFORMATION WARRANTS SEALING

Peloton's request for sealing is narrowly tailored to prevent disclosure of one Highly Confidential document (Exhibit DX1300), references to that document, and information derived from its contents, as indicated in the chart above. On its face, Exhibit DX1300 reflects Peloton's internal, confidential views of the competitive landscape, which is sensitive and confidential business information that could be used to harm Peloton's business interests. Mr. Dion Sanders, Chief Emerging Business Officer, also testified to the confidentiality of this document.[1] Exhibit

---

[1] *See* Decl. of Naomi A. Igra in Support of Non-Party Pelton Interactive, Inc.'s Request to Maintain Confidentiality Designations and for *In Camera* Review ("Igra Decl.") Exhibit A, Sanders Dep. 77:21-78:22 (Nov. 28, 2022), ECF No. 332-2.

DX1300 also constitutes a portion of Peloton's "strategic business planning information," and is thus protected from disclosure pursuant to the Protective Order in this case. ECF No. 80 (Aug. 24, 2022). Public disclosure of the information would provide Peloton's competitors with insight into Peloton's business that would give Peloton's competitors a strategic advantage, open avenues for them to attack Peloton's commercial standing, and enable them to circumvent the work necessary to compile the information underlying Exhibit DX1300.

Peloton has limited any public disclosure of Exhibit DX1300 as well as information derived from the underlying document. Peloton produced Exhibit DX1300 as "Highly Confidential" pursuant to a protective order governing the production of documents and in response to subpoenas issued by the FTC and Meta Platforms, Inc. to Peloton.

There is also minimal public interest in the disclosure of Peloton's Highly Confidential information in this case because Peloton is a non-party that "did not put it at issue in this litigation." *Brazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan 21, 2014) (granting motion to seal non-party information in part because "[if] the Court required the information to be disclosed, it would chill investigations in the future where third party documents are essential.").

### IV.   CONCLUSION

For the reasons stated above, Peloton respectfully requests that the Court grant Meta's Administrative Motion to Seal (ECF 85) with respect to the Peloton confidential business information listed in the chart above.

Date:  November 28, 2022

By: */s/ Naomi A. Igra*
Naomi A. Igra (SBN 269095)
naomi.igra@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 7495
Facsimile: +1 415 772 7400

Benjamin R. Nagin (admitted *pro hac vice*)
bnagin@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019

Telephone: +1 212 839 5911
Facsimile: +1 212 839 5599

*Attorney for Non-Party Peloton Interactive, Inc.*