MEEGHAN H. TIRTASAPUTRA (SBN 325572)
MTirtasaputra@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    310.598.4150
Facsimile:    310.556.9828

Attorneys for non-party Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**NON-PARTY VALVE CORPORATION'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION FOR IN CAMERA TREATMENT OF CERTAIN EXHIBITS OF PLAINTIFF FEDERAL TRADE COMMISSION AND TO SEAL THE COURTROOM DURING PRESENTATION OF CERTAIN CONFIDENTIAL MATERIAL AT THE HEARING FOR A PRELIMINARY INJUNCTION**<br><br>[*Filed concurrently with the Declarations of Karl Quackenbush and Meeghan H. Tirtasaputra; and [Proposed] order*] |

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, in the courtroom of the Honorable Edward J. Davila, United States District Court, 280 South First Street, San Jose, California, non-party Valve Corporation ("Valve") will move for an order that certain confidential documents and confidential information in deposition testimony sought to be introduced in evidence at the preliminary injunction hearing in this action currently scheduled to begin on December 8, 2022 be given in camera treatment and be protected from unnecessary disclosure as

i

NON-PARTY VALVE CORPORATION'S MOTION FOR IN CAMERA TREATMENT AND TO SEAL THE COURTROOM DURING PORTIONS OF PRELIMINARY INJUNCTION HEARING
CASE NO. 5:22-CV-04325-EJD (SVK)

140249113.2

1   contemplated in the Protective Order as Modified by the Court (Dkt. 80) (the "Protective Order")

2   in this action. Additionally, Valve will move for an order that the Court have all persons, except

3   outside counsel of record and court personnel, removed from the courtroom prior to any

4   introduction into evidence of, reading of excerpts from, or discussion of the contents of the

5   aforementioned confidential documents.

6        Valve's motion is based upon this Notice of Motion and Motion, the attached memorandum

7   of points and authorities, the declarations of Karl Quackenbush and Meeghan H. Tirtasaputra, all

8   pleadings and papers on file in this action, and upon such other matters as may be properly

9   presented to the Court.

10  Dated: November 28, 2022                    Fox Rothschild LLP

11

12                                             /s/ Meeghan H. Tirtasaputra

13                                             Meeghan H. Tirtasaputra
                                               Attorneys for non-party Valve Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

1  **I.    INTRODUCTION**

2          Pursuant to Civil Local Rule 7-11 and the Protective Order as Modified by the Court (Dkt.

3  No. 80) (the "Protective Order"), Non-Party Valve Corporation ("Valve") brings this motion

4  requesting in-camera treatment of the following documents on the ground that they contain

5  confidential, highly sensitive, and competitively valuable information, including confidential

6  business strategies, personally identifying information, and other competitively sensitive

7  information, the release of which would harm Valve, a non-party:

| PX No. | Document | Beginning Bates No. |
|--------|----------|---------------------|
| PX0073 | Deposition Transcript of Jeffrey Cain (Valve Corp.) (November 1, 2022) (the "Valve Deposition Transcript") | PX0073 |
| PX0800 | Presentation: An Update on VR at Valve (the "Valve Presentation") | VALVE_META-FTC_000001 |

15  (collectively, the "Valve Exhibits").

16          On August 24, 2022, the Court entered a protective order (the "Protective Order") (Dkt. 80)

17  allowing appropriate confidentiality designations of certain documents produced in this action.

18          Valve produced documents in this action, making confidentiality designations for them

19  under the provisions of the Protective Order. These documents include the Valve Presentation,

20  which Valve designated as "Highly Confidential Information" under the Protective Order.

21          On November 1, 2022, a Fed. R. Civ. P. 30(b)(6) deposition was taken of Valve, with Valve

22  employee Jeffrey Cain as the corporate designee. Valve designated the testimony given and the

23  transcript as "Highly Confidential Information" pursuant to the Protective Order.

24          The FTC listed the Valve Exhibits on the FTC's exhibit list for the upcoming preliminary

25  injunction hearing and may seek to introduce one or both of the Valve Exhibits into evidence at

26  that hearing, or to discuss or refer to them or their contents at that time. Valve brings this motion

27  now to ensure that the Valve Exhibits and the highly confidential information therein are protected.

28

1  For the reasons set forth below, Valve respectfully requests that the Court (1) give the Valve

2  Exhibits in camera treatment during and in connection with the preliminary injunction hearing to

3  prevent competitive and economic harm to Valve, including closure of the courtroom to the public

4  for any presentation of these exhibits or the information they contain, or testimony or argument

5  about them, and (2) direct the parties not to refer to this information in opening statements, closing

6  argument, or any demonstratives made available on the public record.

7  Valve met and conferred with the FTC regarding this Motion, and the FTC does not oppose

8  Valve's Motion. Declaration of Meeghan H. Tirtasaputra ¶¶ 2-3. Neither the FTC nor Meta will

9  stipulate to in camera treatment.

10  Unredacted versions of these exhibits can be provided to the Court by the FTC, should need

11  arise for the Court to consider them in connection with this Motion.

12  **II.  IN CAMERA TREATMENT OF THE TWO FTC EXHIBITS CONTAINING**

13  **VALVE'S CONFIDENTIAL BUSINESS INFORMATION, AND SEALING OF THE**

14  **COURTROOM DURING PRESENTATION OR DISCUSSION OF THOSE**

15  **EXHIBITS, IS WARRANTED UNDER NINTH CIRCUIT PRECEDENT**

16  Federal Rule of Civil Procedure 26(c) provides that, upon a showing of good cause, a court

17  may act to prevent public disclosure of discovery that may cause a person annoyance,

18  embarrassment, oppression, or undue burden or expense. Courts have found that the "good cause"

19  requirement of Rule 26(c) is met "by a showing that disclosure will work a clearly defined, specific

20  and serious injury." *In re Coordinated Pretrial Proceedings In Petroleum Prods. Antitrust Litig.*,

21  101 F.R.D. 34, 40 n. 7 (C.D.Cal.1984) (citing *U.S. v. Hooker Chems. & Plastics Corp.*, 90 F.R.D.

22  421 (W.D.N.Y.1981) and *Essex Wire Corp. v. Eastern Elec. Sales Co.*, 48 F.R.D. 308

23  (E.D.Pa.1969)). The good cause showing must consist of "a particular and specific demonstration

24  of fact." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

25  The Court has "broad latitude" "to prevent disclosure of materials for many types of

26  information, including, *but not limited to*, trade secrets or other confidential research, development,

27  or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

28

2

NON-PARTY VALVE CORPORATION'S MOTION FOR IN CAMERA TREATMENT AND TO SEAL THE
COURTROOM DURING PORTIONS OF PRELIMINARY INJUNCTION HEARING
CASE NO. 5:22-CV-04325-EJD (SVK)

140249113.2

1211 (9th Cir. 2002) (emphasis in original). The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips*, 307 F.3d 1206, 1213 (9th Cir. 2002)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have broad discretion to protect documents that reflect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "[T]he common-law right of inspection has bowed before the power of a court to [e]nsure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Where, as here, a non-party seeks to seal information, the non-party must only show "good cause" for sealing. *Kamakana*, 447 F.3d at 1179-1180. The "good cause" standard is satisfied with a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210-11 (9th Cir. 2002). Courts have found "good cause" to seal information which "contains non-public, sensitive confidential business information" that "could affect [the movant's] competitive standing" where "competitors may alter their . . . practices relating to competing products, time strategic litigation, or otherwise unfairly compete with [the movant]." *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022). Indeed, sealing is warranted under the higher "compelling reasons" standard where revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices

3

NON-PARTY VALVE CORPORATION'S MOTION FOR IN CAMERA TREATMENT AND TO SEAL THE COURTROOM DURING PORTIONS OF PRELIMINARY INJUNCTION HEARING
CASE NO. 5:22-CV-04325-EJD (SVK)

140249113.2

1    and circumvent the time and resources necessary in developing their own practices and strategies."

2    *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (alteration in original);

3    *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21,

4    2014) (same).

5    **III.    FTC EXHIBITS PX0073 AND PX0800 CONTAIN VALVE'S HIGHLY**

6    **CONFIDENTIAL AND COMPETITIVELY VALUABLE INFORMATION AND**

7    **MUST BE GIVEN IN CAMERA TREATMENT TO PREVENT FINANCIAL AND**

8    **COMPETITIVE HARM TO VALVE**

9    Good cause exists to grant in camera treatment to the Valve Exhibits listed above (FTC

10   Exhibits PX0073 and PX0800), as well as to seal the courtroom during any testimony or argument

11   about them.

12   Valve is a privately held company that does not publicly disclose the sales and revenue

13   information and projections, research and development information, and business strategies

14   contained in the Valve Exhibits. Valve has no outside shareholders or lenders, and is not subject to

15   public regulatory reporting and auditing requirements. Rather, Valve guards the information in the

16   Valve Exhibits from competitors and the public, and derives a significant value from the

17   confidentiality of such information. In addition, because third party games are available on Steam,

18   Valve has a large amount of third-party sales and revenue information, which Valve does not

19   publicly disclose in order to protect the third parties' confidentiality. Valve's competitive standing

20   has been developed over the years with a focus on differentiating itself from its competitors. Public

21   filing or testimony about the highly confidential information and trade secrets that Valve seeks to

22   seal would be of great interest to its competitors and would allow unfair advantage and harm to its

23   competitive standing as it would give significant and unfair insight into Valve's internal operations,

24   research and development, financials, and business strategy.

25   Valve's highly confidential financial, business strategy, and research and development

26   information is discussed at length in the Valve Deposition Transcript and the Valve Presentation.

27   Specifically, the Valve Deposition Transcript discusses at length Valve's business strategies

28

4

1  surrounding VR hardware, research and development of Valve's VR products, strategic evaluations

2  of the VR competitive landscape, financial information related to Valve's participation in the VR

3  marketplace, and the current and ongoing development of VR products at Valve and other

4  companies. The Valve Presentation addresses similar topics, with particular emphasis on Valve's

5  current and ongoing development of VR products.

6       This information was produced by Valve in this action under a "Highly Confidential"

7  designation. As further detailed in the Declaration of Karl Quackenbush, Valve does not disclose

8  or share this information outside the company, particularly to any competitor. Valve has expended

9  significant resources and implemented strict measures to prevent disclosure of the confidential

10  information contained in the Valve Exhibits, including by storing such information under password

11  protection on internal Valve servers, limiting access to certain of the information described above

12  to certain Valve employees with a specific need to know, and not making such information publicly

13  available. The confidential Valve information contained in the Valve Exhibits would not be

14  available in the ordinary course of business to Valve's competitors or the public, and it would put

15  Valve at a competitive disadvantage if such information were made part of the public record in this

16  matter. If the Valve Exhibits were publicly disclosed, Valve would face risk of substantial harm to

17  its competitive standing and to its business operations.

18  **IV.  CONCLUSION**

19       For each of the foregoing reasons, Valve respectfully requests that the Court grant the Valve

20  Exhibits in camera treatment, along with any information from such documents and argument or

21  testimony about them.

22       Valve also requests that the Court close the courtroom to the public (including the media)

23  and to the parties' witnesses, employees, or in-house counsel (those that do not qualify as persons

24  who can receive confidential or highly confidential information under the protective order) for any

25  ///

26  ///

27  ///

28

5

1   testimony regarding these exhibits or the information they contain, and direct the parties not to refer

2   to this information in opening statements, closing argument, or any demonstratives made available

3   on the public record.

4

5   Dated: November 28, 2022                    FOX ROTHSCHILD LLP

6

7                                               /s/ Meeghan H. Tirtasaputra

8                                               Meeghan H. Tirtasaputra
                                                Attorneys for non-party Valve Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

140249113.2