MEEGHAN H. TIRTASAPUTRA (SBN 325572)
MTirtasaputra@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:   310.598.4150
Facsimile:   310.556.9828

Attorneys for non-party Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DECLARATION OF KARL QUACKENBUSH**<br><br>*[Filed concurrently with Non-Party Valve Corporation's Administrative Motion for In Camera Treatment of Certain Exhibits of Plaintiff Federal Trade Commission and to Seal the Courtroom During Presentation of Certain Confidential Material at the Hearing for a Preliminary Injunction; Declaration of Meeghan H. Tirtasaputra; and [Proposed] order]* |

1

DECLARATION OF KARL QUACKENBUSH
CASE NO. 5:22-CV-04325-EJD (SVK)

140249231.2

## DECLARATION OF KARL QUACKENBUSH

I, Karl Quackenbush, declare and state as follows in support of Non-Party Valve Corporation's Administrative Motion for In Camera Treatment of Certain Exhibits of Plaintiff Federal Trade Commission and to Seal the Courtroom During Presentation of Certain Confidential Material at the Hearing for a Preliminary Injunction (the "Motion").

1. I am General Counsel for Valve. I am competent to testify, and I have personal knowledge of the facts stated below.

2. Valve is a private company headquartered in Bellevue, Washington with approximately 350 employees that develops PC video games, operates Steam (an online platform that lets users purchase and play PC games on their laptops and desktops), and makes PC gaming hardware, including virtual reality ("VR") hardware.

3. Valve is a privately held company with no outside shareholders or lenders. It is not subject to public regulatory reporting and auditing requirements. Valve does not publicly disclose its sales and revenue information and projections, or its business strategies or strategic analysis and discussion. Valve derives a significant value from the confidentiality of such information. In addition, because third party games are available on Steam, Valve has a large amount of confidential third-party sales and revenue information, which Valve does not publicly disclose in order to protect the third parties' confidentiality. Our agreements with these third parties require us to keep this information confidential.

4. In response to third-party discovery subpoenas in this matter issued by Plaintiff Federal Trade Commission and Defendant Meta Platforms, Inc., Valve produced numerous documents in this action, including documents containing confidential, highly sensitive, and competitively valuable information. All such information is proprietary to Valve, with restricted and controlled access (including through password protection) within Valve to preserve the confidentiality of the information.

5.      For the reasons stated above, which are further explained below, Valve requests that the Valve Exhibits[1] be given in camera treatment at the preliminary injunction hearing in this action currently scheduled to begin on December 8, 2022. Valve further requests that the Court remove all persons except for outside counsel of record and court personnel during the presentation of the Valve Exhibits.

6.      <u>The Valve Deposition Transcript:</u> The Valve Deposition Transcript discusses Valve's business strategies surrounding VR hardware, research and development of Valve's VR products, strategic evaluations of the VR competitive landscape, financial information related to Valve's participation in the VR marketplace, and the current and ongoing development of VR products at Valve and other companies. The Valve Deposition Transcript was designated by Valve as "Highly Confidential" under the Protective Order. Valve does not disclose or share the information discussed in the Valve Deposition Transcript outside the company, particularly to any competitor. Valve derives significant value from keeping this information confidential, and zealously protects its confidentiality. Public disclosure of this information would harm Valve's competitive standing as it would give significant and unfair insight into Valve's internal operations, research and development, financials, and business strategy. If publicly disclosed, Valve would face substantial harm to its competitive standing and to its business operations.

7.      <u>The Valve Presentation:</u> As its name implies ("An Update on VR at Valve"), the Valve Presentation discusses similar topics to the Valve Deposition Transcript, with a focus on Valve's current and ongoing development of VR products, as well as Valve's future plans and business strategy. As such, Valve designated the Valve Presentation "Highly Confidential" under the Protective Order. The Valve Presentation is an internal Valve document created as part of internal strategy discussions among a limited group of Valve employees regarding Valve's research and development and business strategy. For the same reasons the Valve Deposition Transcript must be provided in camera treatment to protect Valve's confidentiality, the Valve Presentation must also be given the same treatment.

---

[1] Unless otherwise defined herein, all defined terms shall have the meaning ascribed to them in the Motion.

3

DECLARATION OF KARL QUACKENBUSH
CASE NO. 5:22-CV-04325-EJD (SVK)

140249231.2

8. Valve has expended significant resources and implemented strict measures to prevent disclosure of the highly confidential information contained in the documents listed above, including by storing such information under password protection on internal Valve servers, limiting access to certain of the information described above to certain Valve employees with a specific need to know, and not making such information publicly available (including to any outside investors or lenders, which Valve does not have). The confidential Valve information contained in these documents would not be available in the ordinary course of business to Valve's competitors or the public, and it would put Valve at a competitive disadvantage if those exhibits were made part of the public record in this matter.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 28, 2021 at Bellevue, Washington.

Karl Quackenbush