MEEGHAN H. TIRTASAPUTRA (SBN 325572)
MTirtasaputra@FoxRothschild.com
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    310.598.4150
Facsimile:     310.556.9828

Attorneys for non-party Valve Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC., et al.,<br><br>  Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**NON-PARTY VALVE CORPORATION'S STATEMENT IN SUPPORT OF SEALING CERTAIN OF VALVE'S CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS META PLATFORMS, INC. AND WITHIN UNLIMITED, INC. PROVISIONALLY UNDER SEAL**<br>**[L.R. 79-5(F)(3)]** |

**I.    INTRODUCTION**

Pursuant to Civil Local Rule 79-5(f)(3), non-party Valve Corporation ("Valve") respectfully requests that the Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc.'s ("Within," and collectively with Meta, "Defendants") Administrative Motion to Consider Whether Another Party's Material Should be Sealed (the "Motion") (ECF No. 285). Valve respectfully requests that the Court consider this submission, which—applying the appropriate legal standards in this District—significantly narrows the information that would be maintained under seal.

More specifically, Valve seeks to maintain under seal the following highly confidential material contained in Defendants' Proposed Findings of Fact and Conclusions of Law ("Defendants' Proposed Findings") (ECF Nos. 285-1 and 285-2):

| Document | Portions to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 26, lines 12-16, beginning with "Ex. DX1303 . . ." through the end of line 16 | This paragraph contains non-public and highly confidential business information regarding Valve's strategic analysis and review of the VR marketplace, as well as information regarding usage and sales on Valve's platform Steam. Disclosure of this information could cause competitive harm to Valve by revealing to competitors Valve's business information and strategies, thus undercutting Valve's position in the marketplace. Legitimate private interests warrant the sealing of the Valve information in this paragraph, and the unsealing of the information would result in injury to Valve that could not be avoided through any less restrictive alternative to sealing. |

## II. SEALING OF LIMITED EXCERPTS OF DEFENDANTS' PROPOSED FINDINGS CONTAINING VALVE'S CONFIDENTIAL BUSINESS INFORMATION IS WARRANTED UNDER NINTH CIRCUIT'S PRECEDENT

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have broad discretion to protect documents that reflect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "[T]he common-law right of inspection has bowed before the power of a court to [e]nsure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *In re Elec. Arts, Inc.*, 298 Fed.

2
NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS
CASE NO. 5:22-CV-04325-EJD (SVK)

140212156.3

1  Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'"); *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (stating that confidential business materials subject to seal include "marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents containing defendant's "pricing and shipping information" where court found such information "could be improperly used" by competitors); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to seal party's confidential "sales and marketing data" where "public disclosure of this business information could result in improper use by Breg's competitors seeking to undercut Breg's market position").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elec. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Where, as here, a non-party seeks to seal information, the non-party must only show "good cause" for sealing. *Kamakana*, 447 F.3d at 1179-1180. The "good cause" standard is satisfied with a "particularized showing" that "specific prejudice or harm will result" should the information be

3

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS
CASE NO. 5:22-CV-04325-EJD (SVK)

140212156.3

disclosed. *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210-11 (9th Cir. 2002). Courts have found "good cause" to seal information which "contains non-public, sensitive confidential business information" that "could affect [the movant's] competitive standing" where "competitors may alter their . . . practices relating to competing products, time strategic litigation, or otherwise unfairly compete with [the movant]." *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022). Indeed, sealing is warranted under the higher "compelling reasons" standard where revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (alteration in original); *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014) (same).

### III. LIMITED REDACTIONS OF DEFENDANTS' PROPOSED FINDINGS SOUGHT BY VALVE ARE NECESSARY TO PROTECT VALVE'S HIGHLY CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION

Defendants' Proposed Findings contain highly confidential and proprietary information regarding Valve's strategic analysis and review of the VR marketplace, as well as information regarding usage and sales on Valve's platform Steam. Paragraph 26, lines 12-16 of Defendants' Proposed Findings contains highly confidential analysis and strategy discussion regarding the VR market, as well as sales and usage information related to distribution of VR applications by Valve. Valve does not disclose this information in the ordinary course of business, and disclosure of this information would unfairly advantage Valve's competitors by providing them with Valve's private projections and market analysis, posing risk of competitive injury to Valve. Valve derives significant value from keeping this information confidential, and zealously protects its confidentiality. Public disclosure of this information would harm Valve's competitive standing as it would give significant and unfair insight into Valve's business strategy.

4
NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS
CASE NO. 5:22-CV-04325-EJD (SVK)

140212156.3

Further, this information was produced by Valve in this action under a "Highly Confidential" designation. Valve does not disclose or share this information outside the company, particularly to any competitor. Valve has expended significant resources and implemented strict measures to prevent disclosure of the confidential information contained in Defendants' Proposed Findings, including by storing such information under password protection on internal Valve servers, limiting access to certain of the information described above to certain Valve employees with a specific need to know, and not making such information publicly available. The confidential Valve information contained in Paragraph 26, lines 12-16 of Defendants' Proposed Findings would not be available in the ordinary course of business to Valve's competitors or the public, and it would put Valve at a competitive disadvantage if such information were made part of the public record in this matter.

**IV.    THERE IS NO LESS RESTRICTIVE ALTERNATIVE TO SEALING**

A less restrictive alternative to sealing would not be sufficient because it would result in the public release of Valve's highly sensitive financial information and intellectual property, which Valve takes significant steps to protect.

Valve's proposed redactions are narrowly tailored to include only the specific portions of Defendants' Proposed Findings that reflect Valve's confidential information. The redactions are limited to statements concerning—or which might support inferences concerning—Valve's current research and development, business strategy, and sales and usage information, which must be sealed to prevent any competitive harm to Valve. Additionally, neither Defendants nor the FTC have expressed an intent to oppose Valve's request to keep these materials under seal.

///

///

///

///

///

///

5

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS
CASE NO. 5:22-CV-04325-EJD (SVK)

140212156.3

## V.   CONCLUSION

As stated above, compelling reasons justify Valve's narrow request for sealing of Valve's confidential business information contained within Paragraph 26, lines 12-16 of Defendants' Proposed Findings. Valve respectfully requests that this Court grant Defendants' Motion to Seal.

Dated: November 28, 2022

**Fox Rothschild LLP**

*/s/ Meeghan H. Tirtasaputra*
Meeghan H. Tirtasaputra
Attorneys for non-party Valve Corporation

6

NON-PARTY VALVE CORPORATION'S STATEMENT ISO STATEMENT SEALING CERTAIN
CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS
CASE NO. 5:22-CV-04325-EJD (SVK)

140212156.3