AXINN, VELTROP & HARKRIDER LLP
Jason T. Murata (Bar No. 319287)
jmurata@axinn.com
55 Second Street, 20th Floor
San Francisco, CA 94105
Tel: 415.490.1487
Fax: 415.490.2001

Tiffany Rider Rohrbaugh (admitted *pro hac vice*)
trider@axinn.com
1901 L Street NW
Washington, DC 20036
Tel: 202.721.5402
Fax: 202.912.4701

Craig M. Reiser (admitted *pro hac vice*)
creiser@axinn.com
114 West 47th Street
New York, NY 10036
Tel: 212.728.2218
Fax: 212.728.2201

*Counsel for Non-Party ByteDance Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.<br><br>Defendants. | Case No. 5:22-CV-04325-EJD<br><br>**NON-PARTY BYTEDANCE INC.'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIAL FILED BY DEFENDANTS PROVISIONALLY UNDER SEAL [ECF 285] [L.R. 7-11 and 79-5(f)]** |

1    Pursuant to the Administrative Motion to Consider Whether Another Party's Material
2  Should be Sealed filed by Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc.
3  (collectively, "Defendants") pursuant to Civil Local Rules 7-11 and 79-5(f) (ECF No. 285), Non-
4  Party ByteDance Inc. ("ByteDance") respectfully requests that the Court maintain under seal its
5  confidential information identified below. In particular, ByteDance requests that the Court
6  maintain under seal the following information contained in Defendants' Proposed Findings of
7  Fact and Conclusions of Law:

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 17, lines 22-23 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about ByteDance's potential business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 18, lines 6-10 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about ByteDance's potential business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |

AXINN, VELTROP & HARKRIDER LLP
560 MISSION STREET
SAN FRANCISCO, CA 94105
TEL 415.490.2000 • FAX 415.490.2001

| | | |
|---|---|---|
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 18, lines 11-14 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about ByteDance's potential business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 21, lines 12-13 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about ByteDance's product development and business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 22, lines 3-5 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about ByteDance's product development and business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |

AXINN, VELTROP & HARKRIDER LLP
560 MISSION STREET
SAN FRANCISCO, CA 94105
TEL 415.490.2000 · FAX 415.490.2001

BYTEDANCE INC. CIV. L. R. 79-5(F)(3) STATEMENT        Case No. 5:22-CV-04325

| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 28, lines 25-27 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about ByteDance's product development, business strategies and internal evaluations. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
|---|---|---|
| Defendants' Proposed Findings of Fact and Conclusions of Law | Paragraph 69, lines 17-23 | This portion of Defendants' Proposed Findings of Fact and Conclusions of Law contains highly confidential and non-public information about the status of ByteDance's product development, potential business strategies and internal evaluations. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |

## I.   ARGUMENT

The Federal Trade Commission ("FTC") and Meta subpoenaed non-party ByteDance in the above-referenced matter. ByteDance produced certain information in response to those subpoenas, and, as permitted by this Court's August 24, 2022 Protective Order, ECF No. 80, designated certain competitively sensitive information as highly confidential. ByteDance understands that Defendants have publicly referenced the content of highly confidential

4

documents in Defendants' Proposed Findings of Fact and Conclusions of Law, and respectfully requests that such information remain sealed because the harm to ByteDance of its public disclosure outweighs the public's interest in accessing it.

While the public enjoys a right to inspect and copy judicial records, this right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts will seal information upon a showing of "compelling reasons" to override the presumption of public access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). One such compelling reason is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Cont'l Auto. Sys., Inc. v. Avanci, LLC,* No. 19-CV-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (approving the sealing of information "prepared in furtherance of its internal business development" because "public disclosure would give CBRE's competitors" an "unfair advantage").

Compelling reasons exist to keep the highly confidential information referenced in Defendants' Proposed Findings of Fact and Conclusions of Law sealed. As noted above, the ByteDance information referenced therein contains non-public information about ByteDance's business development strategies and product development. This information has never been made available to the public. *See Asetek Danmark A/S v. CMI USA, Inc.,* No. 13-CV-00457-JST, 2015 WL 4116738, at *2 (N.D. Cal. July 7, 2015) (approved sealing of confidential business information that had not been made publicly available and would cause competitive harm if disclosed). If the information in Defendants' Proposed Findings of Fact and Conclusions of Law were disclosed, ByteDance's competitors would have an unfair advantage allowing them to replicate ByteDance's potential business plans and circumvent the time and resources necessary to develop their own practices and strategies. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 6002319, at *3 (N.D. Cal. Nov. 15, 2018) (agreeing that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (*citing In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD,

2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)). Indeed, this Court confirmed public disclosure that could result in an unfair economic and competitive advantage to competitors supports a "particularized showing of specific prejudice or harm." *Synchronoss Techs.,* 2018 WL 6002319, at *1 (internal citation omitted).

Finally, Defendants' proposed redactions are narrowly tailored to the specific portions of Defendants' Proposed Findings of Fact and Conclusions of Law that reflect ByteDance's highly confidential information, and thus do not unnecessarily limit the public's general right to inspect public records.

## II.   CONCLUSION

Compelling reasons justify ByteDance's narrow request for sealing ByteDance's highly confidential business information contained in Defendants' Proposed Findings of Fact and Conclusions of Law. ByteDance respectfully requests that this Court grant Defendants' Administrative Motion and maintain under seal the materials identified above.

Date: November 28, 2022

Respectfully submitted,

AXINN, VELTROP & HARKRIDER LLP

By: */s/ Craig M. Reiser*

Jason T. Murata (Bar No. 319287)
55 Second Street, 20th Floor
San Francisco, CA 94105
Tel: 415.490.1487
Fax: 415.490.2001
Email: jmurata@axinn.com

Tiffany Rider Rohrbaugh (admitted *pro hac vice*)
1901 L Street NW
Washington, DC 20036
Tel: 202.721.5402
Fax: 202.912.4701
Email: trider@axinn.com

Craig M. Reiser (admitted *pro hac vice*)
114 West 47th Street, #22
New York, NY 10036
Tel: 212.728.2218
Fax: 212.728.2201
Email: creiser@axinn.com

*Attorneys for Non-Party ByteDance Inc.*

7

BYTEDANCE INC. CIV. L. R. 79-5(F)(3) STATEMENT

Case No. 5:22-CV-04325