Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
*Counsel for Defendant Meta Platforms, Inc.*

Christopher J. Cox (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main Street, Suite 200
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
*Counsel for Defendant Within Unlimited, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*** |
| META PLATFORMS, INC., et al., | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |
| Defendants. | Dept.:  Courtroom 4 – 5th Floor |
| | Judge:  Hon. Edward J. Davila |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..........................................................................................................1

BACKGROUND ...........................................................................................................2

ARGUMENT ................................................................................................................4

I.  DEFENDANTS DID NOT VIOLATE RULE 26(a)............................................4

II.  THERE WAS NO PREJUDICE TO THE FTC ...................................................8

CONCLUSION..............................................................................................................10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Apple iPhone Antitrust Litig.*, *In re*, 2021 WL 718650 (N.D. Cal. Feb. 24, 2021) ........................9

*City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003)..............7

*Durand v. Stonehouse Ct. Assocs., LLC*, 473 F. App'x 667 (9th Cir. 2012)..................................7

*Edge Sys., LLC v. Ageless Serums LLC*, 2021 WL 7286038 (C.D. Cal. Nov. 19, 2021) ...............6

*Edmondson v. Brennan & Clark, Ltd., LLC*, 2019 WL 1375780
    (N.D. Ind. Mar. 26, 2019) ........................................................................................5

*Forte v. Cnty. of Merced*, 2014 WL 4745923 (E.D. Cal. Sept. 23, 2014) ......................................7

*FTC v. Sysco Corp.*, 113 F. Supp. 3d 1 (D.D.C. 2015)..................................................................9

*Gateway City Church v. Newsom*, 516 F. Supp. 3d 1004 (N.D. Cal. 2021).................................10

*Grano v. Sodexo Mgmt., Inc.*, 2021 WL 4751181 (S.D. Cal. Oct. 12, 2021) .................................6

*Green v. City & Cnty. of San Francisco*, 2015 WL 1738025 (N.D. Cal. Apr. 8, 2015).................8

*Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008)...................................7

*Husainy v. Gutwein LLP*, 2022 WL 4131102 (N.D. Ind. Sept. 9, 2022) ........................................8

*Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450 (N.D. Cal. 2001)..................................................8

*Montera v. Premier Nutrition Corp.*, 2022 WL 1452756 (N.D. Cal. May 9, 2022) ......................7

*Morris v. BNSF Ry. Co.*, 969 F.3d 753 (7th Cir. 2020) ..................................................................7

*Moua v. IBM Corp.*, 2019 WL 917422 (N.D. Cal. Feb. 25, 2019)...............................................8, 9

*Nunes v. Cnty. of Stanislaus*, 2020 WL 1324808 (E.D. Cal. Mar. 20, 2020) ................................7

*Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014) ..................................7

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012)..............................7

*Racies v. Quincy Bioscience, LLC*, 2020 WL 43115 (N.D. Cal. Jan. 4, 2020)..............................5

DEFENDANTS' OPPOSITION                 Case No. 5:22-cv-04325-EJD

*Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010 (C.D. Cal. 2018)............................5

*United States v. Oracle Corp.*, 331 F. Supp. 2d 1098 (N.D. Cal. 2004).........................................9

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ............................7

**RULES**

Fed. R. Civ. P.:

      Rule 26 advisory committee's note to 1993 amendment......................................................5

      Rule 26 advisory committee's note to 2000 amendment......................................................5

      Rule 26(a)(1)(A)(i)...........................................................................................................4, 6

      Rule 26(a)(1)(E).....................................................................................................................4

      Rule 26(g)(1)...........................................................................................................................6

      Rule 37(c)(1)...........................................................................................................................8

**OTHER MATERIALS**

8 Charles A. Wright et al., *Federal Practice and Procedure* (3d ed. 2010)....................................6

U.S. Dep't of Justice & Fed. Trade Comm'n, *Horizontal Merger Guidelines* (2010) ..................9

**INTRODUCTION**

The Federal Trade Commission ("FTC") seeks to exclude perhaps the most probative evidence the Court could have for purposes of the independent judgment this Court must make in this case:  testimony from third-party witnesses who actually compete for fitness customers, as part of the FTC's alleged set of nine competitors in the relevant antitrust market.  Within (Supernatural), Odders Lab (Les Mills Body Combat), and VirZoom (VZfit) are three of the nine firms (up from five since the initial complaint was filed) that provide "VR deliberate fitness apps" according to the FTC.  An additional firm, Black Box, is poised to enter with yet another VR fitness product.  The testimony of witnesses from these four firms could not be more probative – or more devastating to the speculative theories the FTC has patched together to make its case.

The witnesses from Odders Lab, VirZoom, and Black Box (like Within's) have all testified, without contradiction from anyone except the FTC, that the FTC is wrong about:

(1) its gerrymandered market definition, because in fact many products (both VR and non-VR) compete effectively for home-fitness consumers;

(2) its claim that competitors form some kind of oligopoly with coordination replacing competition, because in fact current as well as constantly entering new apps compete vigorously;

(3) its speculation that Meta was perceived to be a uniquely threatening entrant with its own VR fitness app, because in fact Meta was not considered likely to offer such a product and is not among the many actual threats that these firms worry most about; and

(4) its core claim that the acquisition will harm competition and consumers, because in fact market participants view the acquisition as a substantial vote of confidence for VR fitness that will encourage ongoing investment and will benefit all participants in the emerging but still nascent VR ecosystem.

This testimony – about the wide range of options VR fitness apps compete against, the vigorous competition, and the steady stream of new entry – dooms the FTC's case.

Consequently, the FTC asks the Court to exclude this inconvenient proof, arguing that it was supposedly "ambushed" and that Meta ignored its obligations under Federal Rule of Civil Procedure 26(a).  That is not true:  The FTC knew more about two of the three witnesses to whom it objects

(Jaime Garcia of Odders Lab and Eric Janszen of VirZoom) than Meta did. ███████████ After Defendants interviewed them and obtained declarations summarizing their testimony – which supported Defendants (not the FTC) – Defendants promptly disclosed the declarations during the discovery period, by the date set for such disclosures, and with time for their depositions to be taken.  Neither law nor logic supports the FTC's argument that Defendants had to re-disclose those witnesses at any other point.  The third witness – Preston Lewis of Black Box – became known to Meta during discovery.  Meta timely disclosed him, after it had obtained a declaration from him. He too was examined fully under oath by the FTC before the November 18 agreed deadline – properly and in accordance with the parties' agreement.  And it is exactly what the FTC did with its own declarant, Matti Nylander, whom it did not identify in its initial disclosures and first disclosed when his declaration was served, also on November 4.

The FTC's case is limited to party witnesses and documents, none of which supports its claims.  It is unsurprising, but nonetheless unfortunate, that the FTC seeks to prevent the Court from hearing the third-party witnesses with actual and deep knowledge of the competition for VR fitness. The FTC's motion has no legal or factual support and should be denied.

## BACKGROUND

### A.    The Witnesses the FTC Seeks To Exclude

*Eric Janszen (VirZoom)*.  Mr. Janszen is the co-founder, Chairman, President, and Chief Executive Officer of VirZoom Inc., which offers a VR app the FTC considers part of its alleged relevant market.  ████████████████████████████ *See* Ex. A (FTC-PROD-00000753); Ex. B (FTC-PROD-00001397); *see also* Ex. C (Janszen Tr. 17:13-19:2).

On August 19, 2022, the FTC served its initial disclosures and identified ███████████ ████████████████████████████████ Ex. D (FTC's Initial Disclosures at 10-11).  Defendants served their initial disclosures the same day and expressly identified all "persons identified in" the FTC's initial disclosures as persons "likely to have discoverable information that Defendants may use to support their claims or defenses."  Dkt. 279-3, Ex. 1 (Defs.' Initial Disclosures at 3).  The FTC acknowledged that, during its investigation, it had

2

█████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████. Dkt. 91-1

at 16-17 (FTC's Suppl. Interrog. Resps. & Objs.).

Mr. Janszen contacted Meta's counsel, had discussions with counsel, and in late October

expressed willingness to execute a declaration and provide testimony. Mr. Janszen retained counsel

to advise with respect to his declaration and to accept service of a subpoena, which Meta served on

November 3, and he executed his declaration on November 4. That declaration was provided to the

FTC the same day. *See* Dkt. 279-3, Ex. 11 (Decl. of Eric Janszen). Mr. Janszen sat for a deposition

on November 17 and was examined for nearly two hours (1:53) by counsel for the FTC.

*Jaime Garcia (Odders Lab)*. Mr. Garcia is the Business Director of Odders Lab, which also

offers a VR app the FTC considers part of its alleged relevant market. ███████████████████

███████████████████████████████████████. *See* Ex. E (FTC-PROD-00000890); Ex. F (FTC-PROD-

00001474). As with Mr. Janszen, the ████████████████████████████████████████████████

██████████ and Meta incorporated that identification into its own initial disclosures. *See* Ex. D (FTC's

Initial Disclosures at 10-11); Dkt. 279-3, Ex. 1 (Defs.' Initial Disclosures at 3); Dkt. 91-1, Ex. 1 at

14, 17 (FTC's Suppl. Interrog. Resps. & Objs.).

Mr. Garcia, who is located in Europe, discussed the case with Meta's counsel on several

occasions over the course of the Fall, but did not agree to provide a declaration and sit for a

deposition until early November. He executed his declaration on November 2. It was provided to

the FTC on November 4. *See* Dkt. 280-2, Ex. 12 (Decl. of Jaime Pichardo Garcia). The FTC

requested that he produce documents, which he did. *See* Dkt. 280-2, Ex. 6 (Garcia Tr. 24:9-25:8).

He sat for a deposition on November 16 and was examined for almost five hours (4:39) by counsel

for the FTC.

*Preston Lewis (Black Box)*. Mr. Lewis is the co-founder, President, and Chief Design

Officer of Black Box VR. It not a current competitor but plans to compete with a VR fitness app

imminently. He was not identified in the parties' initial disclosures. During their investigation,

Meta counsel became aware of Mr. Lewis and interviewed him. He committed to provide a

declaration on November 2 and executed his declaration on November 4, but it was "stuck" in his

DEFENDANTS' OPPOSITION                                      Case No. 5:22-cv-04325-EJD

email outbox and did not reach Meta's counsel until November 5. Meta's counsel promptly served his declaration on the FTC the same day they received it. *See* Dkt. 280-2, Ex. 16 (Decl. of Preston Lewis). Mr. Lewis sat for a deposition on November 10 and was examined for nearly three hours (2:50) by counsel for the FTC.

*Matti Nylander (Varjo)*. Mr. Nylander, who works for a Finnish VR headset manufacturer, was not identified by any party in initial disclosures. Both the FTC and Meta served Varjo, Mr. Nylander's employer, with a subpoena. The FTC first disclosed any information about Mr. Nylander on November 4, when it provided his declaration to Defendants. *See* Ex. G (Second Decl. of Matti Nylander).

All of the above declarations were provided by the agreed November 4 date,[1] except for Mr. Lewis's, which was held up through no fault of the parties and was provided the next day. The parties had ample opportunity to examine him (and Messrs. Janszen and Garcia) under oath before the agreed date of November 18. The FTC did not seek relief of any kind from the Court, even though the Magistrate Judge has issued timely rulings in every dispute presented to her. *E.g.*, Dkt. 98 (nine days after filing of joint letter brief). Only after examining the three declarants, and confirming that their testimony would harm its case, did the FTC resort to the instant motion.

## ARGUMENT

### I.   DEFENDANTS DID NOT VIOLATE RULE 26(a)

The claimed authority for the FTC's motion is Rule 26(a), which calls for *initial* disclosures "based on the information" that is "available to" them at the time of "each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i), (E). "A major purpose of" the required disclosures has long been "to accelerate the exchange of basic information about the case and to eliminate the paper work

---

[1] The FTC's complaint about evening service is a two-way street. In this compressed proceeding, both sides have been working hard and have on occasion served documents after business hours. Defendants have not complained.

involved in requesting such information." Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment, subdivision (a), paragraph (1). But a party has no obligation "to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use." Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment.

Both Mr. Janszen and Mr. Garcia were ███████████████. It therefore cannot argue that Meta was also required to disclose their identity. *See Racies v. Quincy Bioscience, LLC*, 2020 WL 43115, at *3 n.4 (N.D. Cal. Jan. 4, 2020) ("reject[ing]" "untimely disclosure argument" where witness "was on Plaintiff's own initial disclosures"); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1041 (C.D. Cal. 2018) (similar). But, here, Meta *did* disclose them – by identifying the witnesses ████████████ as likely to have discoverable information in its own Rule 26(a) disclosure. Other than perhaps suggesting that Defendants should ██████████████████ ███████ it is not even clear what the FTC thinks Defendants should have done differently. *See Edmondson v. Brennan & Clark, Ltd., LLC*, 2019 WL 1375780, at *1 (N.D. Ind. Mar. 26, 2019) ("[T]o seek a court order compelling Defendants to identify the individuals that *Plaintiff* identifies in her own initial disclosures is at minimum a poor use of the parties' and the Court's resources." Plaintiff's objection "strains credulity."). The FTC remarkably omits from its motion this dispositive fact – that both Mr. Garcia and Mr. Lewis *were* ██████████ known to it.

Mr. Lewis and Mr. Nylander were not on either side's initial disclosures. But over the compressed course of discovery, the parties became aware of them, their testimony, and their willingness to provide it voluntarily. The parties then submitted declarations from them and the other third parties by the agreed November 4 date (or the next day). All four were therefore disclosed with enough time for the parties to take any depositions they wished by the agreed November 18 cutoff, which they did.[2]

For all four witnesses and by both sides, this was entirely appropriate disclosure under the particular, and expedited, circumstances of this case. Indeed, the parties could not even *form*, let alone disclose, any intent to use these witnesses' testimony to support their positions until they

---

[2] Neither party sought to depose Mr. Nylander.

knew what those witnesses' testimony would be in the first place.  *See* Fed. R. Civ. P. 26(a)(1)(A)(i); *see also Edge Sys., LLC v. Ageless Serums LLC*, 2021 WL 7286038, at *2 (C.D. Cal. Nov. 19, 2021) (no Rule 26(a) disclosure required where "[d]efendant claims it is still assessing which of the third parties, if any, it may call to testify at trial" (citation omitted)).

There is no authority, and the FTC cites none, for the proposition that counsel must disclose the names of every potential witness before counsel even determines what the witnesses may be willing to testify to.  The unprecedented rule sought by the FTC would eviscerate the work product protection counsel are afforded to investigate and evaluate potential witnesses.  Counsel have latitude to determine whether potential witnesses *do* have information that may be used to support their cases, and any disclosure obligation must be aligned with that time-honored work product protection.  *See* 8 Charles A. Wright et al., *Federal Practice and Procedure* § 2028, at 584 (3d ed. 2010) ("Wholesale access to all witness statements taken by a party could impinge important work-product protections.  Surely an interrogatory asking a party to identify all persons interviewed would contravene work product."); *see also Grano v. Sodexo Mgmt., Inc.*, 2021 WL 4751181, at *5 (S.D. Cal. Oct. 12, 2021) ("Draft affidavits and communications with counsel about those affidavits are attorney work product. . . .  The attorney work product protection extends to counsel's communications and the responses from [declarants] regarding the litigation and draft declarations." (citations omitted)).  No court has held otherwise or required a party to add a non-party witness to its initial disclosures before counsel could evaluate what information that witness may be able to provide.  Nor could it, given that counsel may not properly certify an initial disclosure as "complete and correct as of the time it is made" unless counsel has conducted "a reasonable inquiry."  Fed. R. Civ. P. 26(g)(1).

That is what counsel for both sides did.  ███████████████████████████
███████████████  Counsel evaluated the other potential non-party witnesses, then (where appropriate and possible) sought and obtained declarations confirming the information the witness could provide the Court.  Counsel did that as agreed (with an immaterial delay of one day caused by a technical problem in transmission).  This provided ample time for depositions as contemplated by the parties' agreement.  This was the course followed by the FTC with the witness it discovered

6

(Mr. Nylander), with no objection from Meta.  It is ironic that the FTC accuses Defendants of violating Rule 26 for doing the exact same thing.

There was no Rule 26(a) violation here as to any third-party witness.  Mr. Janszen and Mr. Garcia were ███████████████████████████  For the other two witnesses, both sides followed the schedule submitted to the Court, and disclosed the third-party witnesses, after they were interviewed by counsel and in time for them to have their depositions taken.  No more was required or could be required.

The authority cited by the FTC only illustrates the lack of any valid objection here.  None excludes testimony from witnesses who were disclosed and then deposed during discovery, or circumstances remotely similar to those here.  *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843 (9th Cir. 2014) (38 witnesses disclosed 15 months after fact discovery); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (expert report produced "almost two years after the close of discovery . . . and just 28 days prior to trial"); *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 765 (7th Cir. 2020) (witness disclosures after discovery ended and less than a month before trial); *Montera v. Premier Nutrition Corp.*, 2022 WL 1452756, at *1 (N.D. Cal. May 9, 2022) (similar); *Nunes v. Cnty. of Stanislaus*, 2020 WL 1324808, at *4 (E.D. Cal. Mar. 20, 2020) (similar).[3]

---

[3] The FTC's other cases are even further afield.  *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (plaintiff failed to disclose damages computation during discovery); *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012) (plaintiff failed to disclose documents supporting damages claims; reversing imposition of sanctions); *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221-22 (N.D. Cal. 2003) (damages disclosure too vague; supplementation ordered); *see also Durand v. Stonehouse Ct. Assocs., LLC*, 473 F. App'x 667, 669 (9th Cir. 2012) (addressing *pro se* plaintiff); *Forte v. Cnty. of Merced*, 2014 WL 4745923, at *5 (E.D. Cal. Sept. 23, 2014) (same; plaintiff's vexatious abuse of Rule 26(a) disclosures included introducing evidence related to "conspiracy theories" that were "explicitly not at issue, and [had] been summarily rejected").

7

## II.      THERE WAS NO PREJUDICE TO THE FTC

Because Messrs. Janszen and Garcia ███████████████████████████, the FTC cannot plausibly argue there was non-disclosure, let alone that it was prejudiced.[4]  *See*, *e.g.*, *Husainy v. Gutwein LLP*, 2022 WL 4131102, at *2 (N.D. Ind. Sept. 9, 2022) (similar facts; "any improper disclosure" was "harmless").  For Mr. Lewis (and Mr. Nylander), there was disclosure as well, during the discovery period and in time for their testimony to be taken.  There is also no prejudice from any alleged delay in providing their names while counsel investigated what their testimony was likely to be.  This was both "substantially justified" and "harmless."  Fed. R. Civ. P. 37(c)(1).  The "five factors" that the Court uses to assess potential prejudice from alleged non-disclosure all confirm this conclusion.  *Moua v. IBM Corp.*, 2019 WL 917422, at *1 (N.D. Cal. Feb. 25, 2019) (Davila, J.).

There was no "surprise" as to these witnesses' testimony – much less an inability "to cure the surprise" or any "disrupt[ion of] the trial."  *Id.* (stating these as the first three factors).  The FTC had their identities and had a full opportunity to depose Mr. Lewis during the discovery period.  That extinguishes any claim of surprise or disruption to trial.  *See Green v. City & Cnty. of San Francisco*, 2015 WL 1738025, at *4 (N.D. Cal. Apr. 8, 2015) (opportunity to depose witness eliminated claim of surprise).[5]

---

[4] To the extent the FTC is arguing that Defendants should have disclosed the substance of their declarations before the witnesses subscribed to that information, there is neither legal authority nor common sense to support that argument.  What the witnesses were prepared to say was crystallized by the declarations; before then, it was uncertain what they would or would not say, and work product in any event.  *See Intel Corp. v. VIA Techs., Inc.*, 204 F.R.D. 450, 452 (N.D. Cal. 2001) (non-party declaration "was clearly work product right up until the moment it was filed").  That level of detail, in any event, has never been required by any court.

[5] The FTC vaguely claims (at 6) that the "document discovery" it pursued before these depositions was not "meaningful" and would have been more effective if it had been given more time.  But the discovery was taken in accordance with the third-party discovery schedule the FTC

DEFENDANTS' OPPOSITION                                          Case No. 5:22-cv-04325-EJD

The remaining two factors also weigh decisively against suppression of the evidence provided by Mr. Lewis.  First, "the importance of the information" is obvious.  *Moua*, 2019 WL 917422, at *1.  The FTC itself recognizes that third parties, with detailed knowledge of the relevant product and competition, are pivotal in antitrust cases:  *See* U.S. Dep't of Justice & Fed. Trade Comm'n, *Horizontal Merger Guidelines* § 2.2.3 (2010) ("Information from firms that are rivals to the merging parties can help illuminate how the market operates."); *United States v. Oracle Corp.*, 331 F. Supp. 2d 1098, 1130-31 (N.D. Cal. 2004) (in denying a preliminary injunction that sought to enjoin Oracle from acquiring PeopleSoft, Inc., the Court stated:  "In the main, and contrary to the characterization of plaintiffs' counsel before trial, the court found the testimony of the customer witnesses largely unhelpful to plaintiffs' effort to define a narrower market."); *In re Apple iPhone Antitrust Litig.*, 2021 WL 718650, at *3 (N.D. Cal. Feb. 24, 2021) (ordering competitor to disclose sensitive information in response to subpoena); *FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 32-33 (D.D.C. 2015) (citing testimony from an "industry's [various] players regarding the boundaries of the product market").

Defendants' explanation for the timing of their disclosure of Mr. Lewis is likewise entirely proper.  Before he agreed to provide testimony, and outlined the testimony he was prepared to give, the interactions with him were investigatory and protected by work product protection.  The FTC had no right to intrude on that investigatory effort or to interfere with the defense efforts to obtain truthful and helpful testimony.  No court has recognized any such right.

---

and the defendants agreed to.  The FTC chose not to seek to compel any expedited document discovery during the two weeks that preceded the close of discovery, and even still it identifies nothing specific it would have requested and received but lacks.  Had it been entitled to such discovery, the Court would have ordered it.  The FTC can hardly complain now about document discovery it chose not to pursue.  As for the FTC's litany of forgone opportunities to use discovery from these witnesses (at 9), the FTC's expert's reply report is conspicuously absent from the list for reasons obvious from a glance at the materials relied upon.  *See* Ex. H (Reply Expert Rep. of Hal J. Singer at 73).

DEFENDANTS' OPPOSITION                                    Case No. 5:22-cv-04325-EJD

Finally, as this Court has recognized, the Federal Rules of Evidence do not restrict the Court's right to consider and rely on materials such as declarations and depositions. *See Gateway City Church v. Newsom*, 516 F. Supp. 3d 1004, 1009 n.3 (N.D. Cal. 2021) ("The Federal Rules of Evidence do not strictly apply to preliminary injunction proceedings."). The witnesses' declarations and depositions will be properly before the Court on the motion for preliminary injunction no matter what comes of the instant motion, and they undermine every aspect of the FTC's case. Allowing the witnesses to appear before the Court and provide live evidence for the Court to weigh can only assist the search for truth. The FTC's efforts to prevent the Court from considering fully this important evidence are telling about the weakness of its case, inappropriate, and unsupported by law.

## CONCLUSION

The Court should deny the FTC's motion *in limine*.

DATED:  November 28, 2022

Respectfully submitted,

By: /s/ *Mark C. Hansen*

Christopher J. Cox (Bar No. 151650)
HOGAN LOVELLS US LLP
855 Main Street, Suite 200
Redwood City, CA 94063
Telephone:  (650) 463-4000
Facsimile:  (650) 463-4199
chris.cox@hoganlovells.com

Lauren Battaglia (*pro hac vice*)
Logan M. Breed (*pro hac vice*)
Benjamin Holt (*pro hac vice*)
Charles A. Loughlin (*pro hac vice*)
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
lauren.battaglia@hoganlovells.com
logan.breed@hoganlovells.com
benjamin.holt@hoganlovells.com
chuck.loughlin@hoganlovells.com

*Counsel for Defendant Within Unlimited,
Inc.*

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

Liz Ryan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone:  (214) 746-8158
liz.ryan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

*Counsel for Defendant Meta Platforms,
Inc.*

11

1   Mark C. Hansen (*pro hac vice*)
    mhansen@kellogghansen.com
2   Aaron M. Panner (*pro hac vice*)
    apanner@kellogghansen.com
3   KELLOGG, HANSEN, TODD, FIGEL &
        FREDERICK, P.L.L.C.
4   1615 M Street, NW, Suite 400
    Washington, DC 20036
5   Telephone:  (202) 326-7900
    Facsimile:  (202) 326-7999
6
    Michael Moiseyev (*pro hac vice*)
7   michael.moiseyev@weil.com
    Chantale Fiebig (*pro hac vice*)
8   chantale.fiebig@weil.com
    WEIL, GOTSHAL & MANGES LLP
9   2001 M Street, NW, Suite 600
    Washington, DC 20036
10  Telephone:  (202) 682-7000
    Facsimile:  (202) 857-0940
11  *Counsel for Defendant Meta Platforms, Inc.*

12  Christopher J. Cox (Bar No. 151650)
    chris.cox@hoganlovells.com
13  HOGAN LOVELLS US LLP
    855 Main Street, Suite 200
14  Redwood City, CA 94063
    Telephone:  (650) 463-4000
15  Facsimile:  (650) 463-4199
    *Counsel for Defendant Within Unlimited, Inc.*

16

17                    UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                          SAN JOSE DIVISION

20  FEDERAL TRADE COMMISSION,              Case No. 5:22-cv-04325-EJD

21          Plaintiff,                     **DECLARATION OF AARON M. PANNER
                                           IN SUPPORT OF DEFENDANTS'
22  v.                                     OPPOSITION TO PLAINTIFF'S
                                           MOTION *IN LIMINE***
23  META PLATFORMS, INC., et al.,
                                           Dept.:  Courtroom 4 – 5th Floor
24          Defendants.                    Judge:  Hon. Edward J. Davila

25

26

27

28

---

DECLARATION OF AARON M. PANNER              Case No. 5:22-cv-04325-EJD

Pursuant to 28 U.S.C. § 1746, I, Aaron M. Panner, declare as follows:

I am a partner with the law firm of Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C., counsel for Defendant Meta Platforms, Inc. ("Meta").  I am an attorney admitted to practice law in the District of Columbia and have been admitted to practice before the Court in this matter *pro hac vice*.  I submit this Declaration in Support of Defendants' Opposition to the Federal Trade Commission's ("FTC") Motion *in Limine*.

1.      Attached hereto as Exhibit A is a true and correct copy of a calendar invite produced as FTC-PROD-00000753 to FTC-PROD-00000754, dated December 28, 2021.

2.      Attached hereto as Exhibit B is a true and correct copy of an email produced as FTC-PROD-00001397 to FTC-PROD-00001400, dated June 27, 2022.

3.      Attached hereto as Exhibit C is a true and correct copy of excerpts of the transcript of the deposition of Eric Janszen, taken November 17, 2022.

4.      Attached hereto as Exhibit D is a true and correct copy of the FTC's Initial Disclosures, dated August 19, 2022.

5.      Attached hereto as Exhibit E is a true and correct copy of a calendar invite produced as FTC-PROD-00000890 to FTC-PROD-00000891, dated January 5, 2022.

6.      Attached hereto as Exhibit F is a true and correct copy of a calendar invite produced as FTC-PROD-00001474 to FTC-PROD-00001476, dated June 28, 2022.

7.      Attached hereto as Exhibit G is a true and correct copy of the Second Declaration of Matti Nylander, Chief Financial Officer of Varjo Technologies US, Inc., dated November 4, 2022.

8.      Attached hereto as Exhibit H is a true and correct copy of the Reply Expert Report of Hal J. Singer, Ph.D., dated November 21, 2022.

DATED:  November 28, 2022               /s/ *Aaron M. Panner*
                                        Aaron M. Panner

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Mark C. Hansen, am the ECF User whose ID and password are being used to file the foregoing.  In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Aaron M. Panner concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

DATED:  November 28, 2022          /s/ *Mark C. Hansen*
                                   Mark C. Hansen

# EXHIBIT A

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT B
## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT C
## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT D

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT E

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# EXHIBIT F

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# EXHIBIT G

## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# EXHIBIT H
## REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED