Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**JOINT LIST OF STIPULATIONS AND ISSUES FOR PRE-HEARING CONFERENCE**<br><br>Dept.:  Courtroom 4 – 5th Floor<br>Judge:  Honorable Edward J. Davila |

In advance of the pre-hearing conference scheduled for December 5, 2022, and in accordance with the parties' Joint Stipulation and Order Regarding Pre-Hearing Conference at Dkt. 290, Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") and Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively, "Defendants") jointly submit the below lists of stipulations and outstanding issues to be addressed by the Court during the December 5, 2022 pre-hearing conference.

## I.   STIPULATIONS

### A.   Deposition Designations and Objections

The parties are meeting and conferring regarding deposition designations to be played during the evidentiary hearing and will file their designations with the Court on December 6, 2022, along with any objections. The parties anticipate meeting and conferring further to minimize any disputes for the Court to resolve. Subject to the Court's preferences, the parties propose submitting any remaining objections or disputes regarding the designations each side intends to play during its case by letter to the Court no later than 5:00 p.m. the day before the video deposition is expected to be played.

### B.   Exhibit Objections

The parties have agreed on a process to identify the exhibits that each side reasonably expects to use with each witness, excluding exhibits that may be used solely for the purpose of impeachment or refreshing recollection, and to meet and confer in good faith to endeavor to resolve any objections to those exhibits. Subject to the Court's preference, the parties propose submitting any disputes that cannot be resolved between the parties to the Court by letter no later than 5:00 p.m. the day before the exhibit is expected to be introduced.

### C.   Sealing Issues

The parties do not oppose any non-party requests for sealing of their confidential information.

With respect to the parties' confidential information, on December 1, 2022, Defendants are providing the Court with a list of confidential exhibits and testimony that may require sealing. The parties will meet and confer to endeavor to reach agreement as to whether, when, and for how long the courtroom needs to be sealed for any given day so as to minimize the burden on the Court and the public. If the parties are not able to reach agreement, the party seeking sealing will submit a formal request for

sealing to the Court by letter no later than 5:00 p.m. the day before the day that the confidential testimony or exhibit is expected to be used.

### D. Witness Appearances

In the interest of time and considering the special nature of bench trials, and for the convenience of witnesses, all live fact witnesses will testify only once, and deposition designated testimony for both sides will be played in sequence when a witness is called for the first time to testify by deposition.

### E. Pre-Hearing Submissions

The parties agree that all evidence previously filed in connection with their pre-hearing submissions regarding Plaintiff's Motion for a Preliminary Injunction, proposed Findings of Fact and Conclusions of Law, and expert reports can be considered as evidence by this Court, irrespective of its introduction as evidence at the hearing, subject to Plaintiff's Motion in Limine (Dkt. 280) and any objections that the parties may lodge during the hearing proceedings.

## II. OUTSTANDING ISSUES

### A. Opening Statements

1. <u>Plaintiff's position</u>: The FTC respectfully requests the opportunity to present an opening statement of no more than 45 minutes to orient the Court to the evidence it intends to present and to streamline the presentation of that evidence. The FTC submits that any time used by a party during their opening statements shall count against the time allocated to that party. The FTC takes no position as to whether Defendants must present opening statements.

2. <u>Defendants' position</u>: In light of the extensive pretrial briefing that has been submitted to the Court and the limited time available for presentation of evidence, Defendants respectfully submit that opening statements are neither necessary nor an optimal use of time. Plaintiff should be prepared to begin presenting evidence at the commencement of proceedings on December 8, 2022. To the extent the Court wishes to have opening statements, Defendants believe they should be limited to no more than 30 minutes per side.

B. **Closing Arguments and Post-Hearing Briefing**

1. <u>Plaintiff's position</u>: The FTC submits that the Court can determine, at some point prior to the conclusion of the hearing, whether it wishes to hear closing arguments and/or receive post-hearing written submissions. The FTC submits that any post-hearing submissions should be due December 23, 2022, and should not exceed 100 pages, as set forth in the Joint Stipulated Discovery Plan & Briefing Schedule, Dkt. 86.

2. <u>Defendants' position</u>: Defendants expect that all court time allotted for this trial will be consumed by witness testimony and that hearing such evidence will be most helpful to the Court in resolving the important issues in this case. Unless the Court has a different preference, Defendants propose that, in lieu of closing arguments, the parties submit proposed findings of fact and conclusions of law of no more than 100 pages, as they agreed in the Joint Stipulated Discovery Plan & Briefing Schedule, Dkt. 86. Defendants agree that these post-hearing submissions should be due on December 23, 2022.

C. **Recent Trial Subpoenas**

1. <u>Plaintiff's position</u>: On November 25, 2022 and November 30, 2022, Defendants issued trial subpoenas to four witnesses who do not appear on either side's final witness lists, Dkt. 155, 156, 237, 240-2, and who have not previously been subpoenaed by either side for documents or for deposition. To the extent any side seeks to add present testimony from any witness not on its witness list, as per the provisions of the Joint Stipulated Discovery Plan & Briefing Schedule, it must seek leave of this Court with good cause shown, with the other side afforded the opportunity to raise any objection. Dkt. 86 at B.4. The FTC has provided all materials required by the Joint Stipulated Discovery Plan, including with respect to Dr. Singer's expert reports and survey.

2. <u>Defendants' position</u>: The FTC expects to offer opinion testimony from Dr. Hal Singer, whose opinion on market definition relies entirely on a purported survey

of 150 self-identifying Supernatural users. Dr. Singer claims that he "designed and implemented" this survey with a third-party firm Qualtrics (Singer Report ¶ 62), but he has refused to provide any information about the survey notwithstanding Section (C)(2)(b)(ii) of the Joint Stipulated Discovery Plan (Dkt. 86) that required the FTC to disclose "for any calculations appearing in [its expert] report, all data … underlying the calculation…." The startling irregularities that are present in the survey responses (*e.g.*, 21 respondents claiming to use 27 different fitness products *every month;* 22 respondents indicating that they would both stay and leave Supernatural in the face of price increase; IP addresses showing that respondents are not truthfully disclosing their locations) cast doubt on whether the respondents actually *are* Supernatural users. Information about the ultimate identities of the survey respondents, such as email addresses, can readily be obtained by Qualtrics and its sub-contractors – firms allegedly supervised by Dr. Singer – and can be cross-checked against Within's subscriber records. This will require little or no hearing time and is required only because the FTC and its witness have failed to comply with their basic disclosure obligations after it became apparent that the survey was flawed (or worse). The FTC's efforts to prevent this information from coming to light is as troubling as Dr. Singer's claim that he effectively knows nothing about the survey he designed, implemented, and relies on.

D. **Remote Testimony**

1. <u>Plaintiff's position</u>: The FTC has informed Defendants it does not intend to present remote testimony during its case. Defendants have yet to inform the FTC as to whether they intend to present remote testimony by witnesses during their case and, if so, who those witnesses will be. Without that information, the FTC cannot take a position on the use of remote testimony, other than to state that Defendants should provide the Court and the FTC at least 48 hours' notice that they intend to present a witness's testimony remotely.

2. <u>Defendants' position</u>:  The parties should have the option of presenting remote testimony (e.g., via Zoom) for witnesses located outside the Northern District of California at the time of trial.

**E.   Pending Motions**

1. <u>Plaintiff's position</u>:  The FTC is amenable to taking up any issues that the Court wishes to address at the pre-hearing conference.

2. <u>Defendants' position</u>:  Before the Court are two pending motions:  Defendants' Motion to Dismiss (Dkt. 108, filed October 13, 2022) and the FTC's Motion in Limine to Exclude All Evidence Concerning Untimely Disclosed Third Party Witnesses (Dkt. 280, filed November 21, 2022).   If the Court wishes to hear oral argument on these motions, Defendants respectfully request that it be done during the pretrial conference, to avoid using the time that the Court has allotted for presentation of evidence.

Dated: December 1, 2022                                          Respectfully submitted,

METAPLATFORMS, INC.

By:  /s/ Bambo Obaro

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

LIZ RYAN (*pro hac vice*)
liz.ryan@weil.com

| | |
|---|---|
| 1 | WEIL, GOTSHAL & MANGES LLP |
| 2 | 200 Crescent Court, Suite 300 |
| | Dallas, TX 75201 |
| 3 | Telephone: (214) 746-7700 |
| | Facsimile: (214) 746-7777 |
| 4 | |
| 5 | ERIC S. HOCHSTADT (*pro hac vice*) |
| | eric.hochstadt@weil.com |
| 6 | WEIL, GOTSHAL & MANGES LLP |
| | 767 Fifth Avenue |
| 7 | New York, NY 10153 |
| | Telephone: (212) 310-8000 |
| 8 | Facsimile: (212) 310-8007 |
| 9 | Mark C. Hansen (*pro hac vice*) |
| | mhansen@kellogghansen.com |
| 10 | Geoffrey M. Klineberg (*pro hac vice*) |
| | gklineberg@kellogghansen.com |
| 11 | Aaron M. Panner (*pro hac vice*) |
| 12 | apanner@kellogghansen.com |
| | KELLOGG, HANSEN, TODD, FIGEL & |
| 13 | FREDERICK, P.L.L.C. |
| | 1615 M Street, N.W., Suite 400 |
| 14 | Washington, D.C. 20036 |
| 15 | Telephone: (202) 326-7900 |
| 16 | Attorneys for Defendant META PLATFORMS, INC. |

Dated: December 1, 2022

Respectfully submitted,

WITHIN UNLIMITED, INC.

By: */s/ Christopher J. Cox*

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

LAUREN BATTAGLIA (*pro hac vice*)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (*pro hac vice*)
logan.breed@hoganlovells.com
BENJAMIN HOLT (*pro hac vice*)

| | |
|---|---|
| 1 | benjamin.holt@hoganlovells.com |
| 2 | CHARLES A. LOUGHLIN (*pro hac vice*) |
|   | chuck.loughlin@hoganlovells.com |
| 3 | HOGAN LOVELLS US LLP |
|   | Columbia Square, 555 Thirteenth St., NW |
| 4 | Washington, D.C. 20004 |
|   | Telephone: (202) 637-5600 |
| 5 | Facsimile: (202) 637-5910 |
| 6 | Counsel for WITHIN UNLIMITED, INC. |

Dated: December 1, 2022        Respectfully submitted,

FEDERAL TRADE COMMISSION

By:  *Abby L. Dennis*

ABBY L. DENNIS
Abby L. Dennis (DC Bar No. 994476)
adennis@ftc.gov; pbayer@ftc.gov
Peggy Bayer Femenella (DC Bar No. 472770)
pbayer@ftc.gov
Joshua Goodman
jgoodman@ftc.gov
Jeanine Balbach
jbalbach@ftc.gov
James H. Weingarten (DC Bar No. 985070)
jweingarten@ftc.gov
Michael Barnett (TX Bar No. 24006801)
mbarnett@ftc.gov
E. Eric Elmore
eelmore@ftc.gov
Justin Epner (DC Bar No. 1028431)
jepner@ftc.gov
Sean D. Hughto (DC Bar No. 421224)
shughto@ftc.gov
Frances Anne Johnson
fjohnson@ftc.gov
Andrew Lowdon (DC Bar No. 230095)
alowdon@ftc.gov
Lincoln Mayer
amayer@ftc.gov
Adam Pergament
apergament@ftc.gov
Kristian Rogers (MA Bar No. 675951)
krogers@ftc.gov
Anthony R. Saunders (NJ Bar No. 008032001)
asaunders@ftc.gov

|  |  |
|---|---|
| 1 | Timothy Singer (DC Bar No. 1048769) |
| 2 | tsinger@ftc.gov |
|   | FEDERAL TRADE COMMISSION |
| 3 | 600 Pennsylvania Avenue, NW |
|   | Washington, DC 20580 |
| 4 | Tel: (202) 326-2381 |
| 5 | ERIKA WODINSKY (Bar No. 091700) |
|   | ewodinsky@ftc.gov |
| 6 | 90 7th Street, Suite 14-300 |
|   | San Francisco, CA 94103 |
| 7 | Telephone: (415) 848-5190 |
|   | Facsimile: (415) 848-5184 |
| 8 |   |
| 9 | Attorneys for Plaintiffs FEDERAL TRADE COMMISSION |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Bambo Obaro, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all signatories concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: December 1, 2022       /s/ Bambo Obaro
                              BAMBO OBARO