AXINN, VELTROP & HARKRIDER LLP
Jason T. Murata (Bar No. 319287)
jmurata@axinn.com
55 Second Street, 20th Floor
San Francisco, CA 94105
Tel: 415.490.1487
Fax: 415.490.2001

Tiffany Rider Rohrbaugh (admitted *pro hac vice*)
trider@axinn.com
1901 L Street NW
Washington, DC 20036
Tel: 202.721.5402
Fax: 202.912.4701

Craig M. Reiser (admitted *pro hac vice*)
creiser@axinn.com
114 West 47th Street
New York, NY 10036
Tel: 212.728.2218
Fax: 212.728.2201

*Counsel for Non-Party ByteDance Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.<br><br>    Defendants. | Case No. 5:22-CV-04325-EJD<br><br>**NON-PARTY BYTEDANCE INC.'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIAL FILED BY DEFENDANTS PROVISIONALLY UNDER SEAL [ECF 386] [L.R. 7-11 and 79-5(f)]** |

Pursuant to the Administrative Motion to Consider Whether Another Party's Material Should be Sealed filed by Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. (collectively, "Defendants") pursuant to Civil Local Rules 7-11 and 79-5(f) (ECF No. 386), Non-Party ByteDance Inc. ("ByteDance") respectfully requests that the Court maintain under seal its confidential information identified below. In particular, ByteDance requests that the Court maintain under seal the following documents included on Defendants' Amended Exhibit List:

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Amended Exhibit List | Exhibit DX1262 Description | This portion of the Amended Exhibit List contains highly confidential and non-public information about ByteDance's product development and business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Amended Exhibit List | Exhibit DX1263 Description | This portion of the Amended Exhibit List contains highly confidential and non-public information about ByteDance's product development and internal evaluations of potential business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Amended Exhibit List | Exhibit DX1264 Description | This portion of the Amended Exhibit List contains highly |

| | | |
|---|---|---|
| | | confidential and non-public information about ByteDance's potential business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Amended Exhibit List | Exhibit DX1265 Description | This portion of the Amended Exhibit List contains highly confidential and non-public information about ByteDance's business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Amended Exhibit List | Exhibit DX1266 Description | This portion of the Amended Exhibit List contains highly confidential and non-public information about ByteDance's product development, business strategies and internal evaluations. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Amended Exhibit List | Exhibit DX1267 Description | This portion of the Amended Exhibit List contains highly confidential and non-public information about the status of ByteDance's product |

AXINN, VELTROP & HARKRIDER LLP
560 MISSION STREET
SAN FRANCISCO, CA 94105
TEL 415.490.2000 • FAX 415.490.2001

| | | |
|---|---|---|
| | | development. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |
| Amended Exhibit List | Exhibit DX1268 Description | This portion of the Amended Exhibit List contains highly confidential and non-public information about ByteDance's potential business strategies. Legitimate privacy interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to ByteDance that could not be avoided through any less restrictive alternative to sealing. |

## I.  ARGUMENT

The Federal Trade Commission ("FTC") and Meta subpoenaed non-party ByteDance in the above-referenced matter. ByteDance produced certain information in response to those subpoenas, and, as permitted by this Court's August 24, 2022 Protective Order, ECF No. 80, designated certain competitively sensitive information as highly confidential. ByteDance understands that Defendants have publicly referenced the content of highly confidential documents in the Amended Exhibit List, and respectfully requests that such information remain sealed because the harm to ByteDance of its public disclosure outweighs the public's interest in accessing it.

While the public enjoys a right to inspect and copy judicial records, this right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Courts will seal information upon a showing of "compelling reasons" to override the presumption of public

access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). One such compelling reason is where the commercial business information at issue is sought to be used as a "source[] of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (same); *Cont'l Auto. Sys., Inc. v. Avanci, LLC,* No. 19-CV-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (approving the sealing of information "prepared in furtherance of its internal business development" because "public disclosure would give CBRE's competitors" an "unfair advantage").

Compelling reasons exist to keep the highly confidential information referenced in Defendants' Amended Exhibit List sealed. As noted above, the ByteDance information referenced therein contains non-public information about ByteDance's business development strategies and product development. This information has never been made available to the public. *See Asetek Danmark A/S v. CMI USA, Inc.,* No. 13-CV-00457-JST, 2015 WL 4116738, at *2 (N.D. Cal. July 7, 2015) (approved sealing of confidential business information that had not been made publicly available and would cause competitive harm if disclosed). If the information in Defendants' Amended Exhibit List were disclosed, ByteDance's competitors would have an unfair advantage allowing them to replicate ByteDance's potential business plans and circumvent the time and resources necessary to develop their own practices and strategies. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 6002319, at *3 (N.D. Cal. Nov. 15, 2018) (agreeing that sealing confidential business information "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (*citing In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)). Indeed, this Court confirmed public disclosure that could result in an unfair economic and competitive advantage to competitors supports a "particularized showing of specific prejudice or harm." *Synchronoss Techs.,* 2018 WL 6002319, at *1 (internal citation omitted).

Finally, Defendants' proposed redactions are narrowly tailored to the specific portions of the Amended Exhibit List that reflect ByteDance's highly confidential information, and thus do not unnecessarily limit the public's general right to inspect public records.

## II.     CONCLUSION

Compelling reasons justify ByteDance's narrow request for sealing ByteDance's highly confidential business information contained in Defendants' Amended Exhibit List. ByteDance respectfully requests that this Court grant Defendants' Administrative Motion and maintain under seal the materials identified above.

Date: December 6, 2022                               Respectfully submitted,

                                                     AXINN, VELTROP & HARKRIDER LLP

                                                     By: /s/ Craig M. Reiser

                                                     Jason T. Murata (Bar No. 319287)
                                                     55 Second Street, 20th Floor
                                                     San Francisco, CA 94105
                                                     Tel: 415.490.1487
                                                     Fax: 415.490.2001
                                                     Email: jmurata@axinn.com

                                                     Tiffany Rider Rohrbaugh (admitted *pro hac vice*)
                                                     1901 L Street NW
                                                     Washington, DC 20036
                                                     Tel: 202.721.5402
                                                     Fax: 202.912.4701
                                                     Email: trider@axinn.com

                                                     Craig M. Reiser (admitted *pro hac vice*)
                                                     114 West 47th Street, #22
                                                     New York, NY 10036
                                                     Tel: 212.728.2218
                                                     Fax: 212.728.2201
                                                     Email: creiser@axinn.com

                                                     *Attorneys for Non-Party ByteDance Inc.*