ERIC E. REED
EReed@FoxRothschild.com
BROOKE HURLBRINK
BHurlbrink@Foxrothschild.com
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103-3222
Telephone:    215.299.2000
Facsimile:    215.299.2150

Attorneys for Non-Party
Forte Nexus, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **NON-PARTY FORTE NEXUS, INC.'S RENEWED STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL INFORMATION FILED BY DEFENDANTS UNDER PROVISIONAL SEAL [ECF NO. 397] [CIVIL L.R. 79-5(f)(3)]** |
| v. | |
| META PLATFORMS, INC., ET AL., | |
| Defendants. | |
| | Dept:       Courtroom 4 – 5th Floor |
| | Judge:      Hon. Edward J. Davila |

Non-Party Forte Nexus, Inc. ("Forte") produced certain confidential and other materials in response to a subpoena served by Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") (collectively, "Defendants").  Defendants designated some of those materials as exhibits in their Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 245) and corresponding Exhibit List (ECF No. 246).  In response, Forte filed a Statement in Support of Sealing Confidential Information Filed by Defendants Under Provisional Seal (ECF No. 301).  Defendants subsequently filed two additional Administrative Motion[s] to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 386 and 397) in connection with their Amended Exhibit List (ECF No. 387) and Second Amended Exhibit List (ECF No. 398).

In response to Defendants' most recent Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 397), and pursuant to Civil Local Rule 79-5(f)(3), Forte now seeks to renew its Statement in Support of Sealing Confidential Information Filed by Defendants Under Provisional Seal (ECF No. 301).  The confidential information that Forte seeks to seal is contained in the following pages of "Exhibit DX1284" on Defendants' Second Amended Exhibit List (ECF No. 398):

| Page(s) of Exhibit DX1284 | Reason for Requesting Seal |
|---|---|
| Page 14 | This page contains Forte's confidential analysis of the competitive positions of other providers of video content that could conceivably deliver fitness content at various characteristics of quality, live streaming, cost, and automation.  This is a product of Forte's specific and proprietary analysis and outlook, which could place it at a competitive disadvantage if disclosed to other market participants.  This harm to Forte's private interests cannot be avoided by any less restrictive means. |
| Page 15 | This page contains confidential cost information, which, if made publicly available, would allow competitors and clients to understand Forte's margins, and diminish Forte's ability to negotiate pricing and gain new clients.  This harm to Forte's private interests cannot be avoided by any less restrictive means. |

Forte's request that only 2 of the 23 pages of the Exhibit be sealed reflects Forte's good-faith effort to seal only its confidential information that cannot be protected by any less restrictive means.

**I.    Ninth Circuit Precedent Justifies Sealing the Confidential Information Contained in Exhibit DX1284**

Forte acknowledges the presumption in favor of access to court records.  However, "the common law right of access … is not absolute and can be overridden given sufficiently compelling reasons for doing so."  <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). District courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."  <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1211 (9th Cir. 2002) (alteration in original).  Information that presents potential harm to a company's "competitive standing" may properly be sealed.  <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978); <u>see</u> <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1097 (9th Cir. 2016).

**II.    Sealing the Confidential Information Contained in Exhibit DX1284 Is Necessary to Protect Forte's Competitive Standing**

Forte seeks to seal certain pages of Exhibit DX1284 because they contain trade secret and confidential information that would harm Forte's competitive standing if they were made publicly accessible.  <u>See</u> <u>Nixon</u>, 435 U.S. at 598; <u>Ctr. for Auto Safety</u>, 809 F.3d at 1097.  To avoid impeding on the common law right of access, Forte has limited the scope of its request to include only 2 of the 23 pages of Exhibit DX1284.  <u>See</u> <u>Foltz</u>, 331 F.3d at 1135.

**III.   Conclusion**

The above-stated justifications support Forte's limited request for the sealing of confidential and trade secret information contained in certain pages of Exhibit DX1284.  Forte respectfully asks this Court to Grant Defendants' Motion to Seal.

1  | Dated: December 7, 2022

Respectfully submitted,

2  | **FOX ROTHSCHILD LLP**

3

4  | */s/ Eric E. Reed*

5  | Eric E. Reed
Brooke Hurlbrink

6  | Attorneys for Non-Party
Forte Nexus, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4