# Exhibit 1

**CONFIDENTIAL**

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant WITHIN UNLIMITED, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**JOINT INITIAL DISCLOSURE STATEMENT OF META PLATFORMS, INC. AND WITHIN UNLIMITED, INC. PURSUANT TO FED. R. CIV. P. 26(a)(1)**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

**CONFIDENTIAL**

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendant Meta Platforms, Inc. ("Meta") and Defendant Within Unlimited, Inc. ("Within") (collectively, "Defendants") provide the following initial disclosures ("Initial Disclosures") to Plaintiff. These Initial Disclosures are based upon information currently available to Defendants and represent the good-faith efforts of Defendants to provide the required disclosures. Defendants make these Initial Disclosures based upon information reasonably available to Defendants as of this date without the benefit of fact discovery, and Defendants do not represent that they have identified every document, tangible thing, or individual likely to have discoverable information that they may use to support any claims or defenses. Defendants' investigation in this action is ongoing, and Defendants reserve the right to amend, clarify, supplement, or modify these Initial Disclosures including, without limitation, the right to identify new witnesses, documents, or other evidence as new information becomes known to them through discovery or otherwise, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Defendants' Initial Disclosures are made without in any way waiving: (a) the right to object to any discovery requests or to the admissibility of any evidence on the grounds of attorney-client privilege, work product immunity, relevance, prejudice, competency, materiality, hearsay, or any other proper ground in this action or in any other action; (b) the right to object to the use of such information, for any purpose, in whole or in part, in any proceeding in this action or in any other action; and (c) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures in any proceeding in this action or in any other action.

No incidental or implied admissions are intended by these Initial Disclosures. Nothing in these Disclosures should be construed as an admission that Defendants admit the existence of any facts set forth in Plaintiff's Complaint or from any category of documents referenced in these Initial Disclosures that any documents or facts referenced in these Initial Disclosures constitute admissible evidence. Additionally, Defendants make no representations, concessions, or admissions regarding the relevancy or appropriateness of any particular documents or subject matter, and expressly reserve the right to object on any grounds, including overbreadth and undue burden, to any document or other discovery request. Moreover, the fact that Defendants describe or identify a category of documents in these Initial Disclosures is not intended and should not be construed as waiver by Defendants of any right or defense

CONFIDENTIAL

or the right to object to any discovery request propounded by the Plaintiff.

By identifying individuals as part of these Initial Disclosures, Defendants make no express or implied representations, concessions, or admissions regarding the relevant knowledge or competence to testify of any of them, and reserve the right to object on any grounds, including relevance, undue burden and competence, to any deposition or testimony of any or all of such individuals.

## DISCLOSURES

### I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS OR DEFENSES

Defendants' investigation of Plaintiff's claims and their defenses is just commencing, and therefore, Defendants are still in the process of identifying individuals likely to have discoverable information. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Defendants preliminarily disclose the following individuals who may have non-privileged, discoverable information that Defendants may use to support their claims or defenses, as well as the general subject matter of information Defendants believe each individual possesses. Each of the following individuals may be contacted only through undersigned counsel.

#### A. Current or Former Employees of & Consultants for Meta Platforms, Inc. and Within Unlimited, Inc.

| INDIVIDUAL | TITLE | SUBJECT MATTER |
|---|---|---|
| Nir Blumberger | Meta - Corporate Development Director | Mr. Blumberger has information regarding the virtual reality industry and the proposed transaction. |
| Melissa Brown | Meta - Head of Developer Relations for Oculus | Ms. Brown has information regarding the virtual reality industry and the proposed transaction. |
| Anand Dass | Meta - Director of Metaverse Content | Mr. Dass has information regarding the virtual reality industry and the proposed transaction. |
| Deborah Guzman Barrios | Meta - Studio Manager, Beat Games | Ms. Guzman Barrios has information regarding the virtual reality industry and the proposed transaction. |
| Jason Rubin | Meta - Vice President of Content & Play for Reality Labs | Mr. Rubin has information regarding the virtual reality industry and the proposed transaction. |
| Rade Stojsavljevic | Meta - Head of First-Party Studio Group at Reality Labs | Mr. Stojsavljevic has information regarding the virtual reality industry and the proposed transaction. |
| Meta Employee | N/A | Virtual reality industry - VR hardware |
| Meta Employee | N/A | Virtual reality industry - Horizon |
| Michael Cibula | Within - Executive Vice President, Business | Mr. Cibula has information regarding the virtual reality industry and the |

CONFIDENTIAL

| INDIVIDUAL | TITLE | SUBJECT MATTER |
|---|---|---|
| | Development & Finance | fitness industry, as well as the proposed transaction. |
| Aaron Koblin | Within - Co-Founder, President | Mr. Koblin has information regarding the virtual reality industry and the fitness industry, as well as the proposed transaction. |
| JP Labrosse | Within - Executive Vice President, Product & Marketing | Mr. Labrosse has information regarding the virtual reality industry and the fitness industry, as well as the proposed transaction. |
| Chris Milk | Within - Co-Founder, CEO | Mr. Milk has information regarding the virtual reality industry and the fitness industry, as well as the proposed transaction. |
| Michael Wolff | Within (Former Third-Party Consultant) | Mr. Wolff has information regarding the virtual reality industry and the fitness industry, as well as the proposed transaction. |

**B. Other Witnesses**

Defendants are continuing their investigation with respect to potential third parties who may have discoverable information that will be used to support Defendants' claims or defenses. Defendants may supplement these disclosures once their investigation is complete.

Defendants further expect, based upon information and belief reasonably available to them at this time and subject to the limitations set forth above, that the following individuals are likely to have discoverable information that Defendants may use to support their claims or defenses: (a) current and former employees and agents of Plaintiff identified in discovery in this action; (b) persons identified in Plaintiff's disclosures under Rule 26(a); (c) persons identified by any party or non-party in responses to interrogatories, depositions, or other discovery, including subpoenas issued, as well as any persons who provide declarations to the parties; (d) all persons or entities subpoenaed by any party; and/or (e) expert witnesses designated by any party. Defendants have not yet designated any expert witness(es), but may do so in accordance with the requirements set forth in the Federal Rules of Civil Procedure. Defendants will disclose the identity of any retained expert whom Defendants expect to call as a witness at trial in accordance with these requirements.

The inclusion or absence of a name in these Initial Disclosures is not, and should not be interpreted as, a representation by Defendants as to the extent of an individual's actual, relevant knowledge, if any, or whether an individual will appear at trial. Defendants reserve the right to amend

or supplement this list of individuals likely to have knowledge of the subject matter of this action and/or identify additional potential witnesses based upon information obtained from future discovery. Defendants also reserve the right to call at trial, live or by deposition, any person who has been deposed or has been listed as a fact witness by any party to these proceedings. Defendants incorporate by reference fact witness lists produced by any party to this action.

## II. DESCRIPTIONS BY CATEGORY OF DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT DEFENDANTS MAY USE TO SUPPORT THEIR CLAIMS AND DEFENSES

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Defendants submit below, based upon information reasonably available to them at this time and subject to the limitations set forth above, descriptions of all documents, electronically stored information, and tangible things that Defendants may have in their possession, custody, or control and may use to support their claims or defenses, unless solely for impeachment. Incorporated herein (without limitation) are the approximately 9.5 million pages of documents and hundreds of gigabytes of data already produced by Defendants to Plaintiff pursuant to the Requests for Additional Information and Documentary Material Issued to Defendants ("Second Request"). By disclosing the following information, Defendants do not waive any objections they may have to producing these documents.

1. Documents and electronically stored information relating to the proposed merger between Meta and Within, and the efficiencies resulting therefrom.
2. Documents and electronically stored information relating to communications and agreements between Defendants and third-party developers.
3. Documents, data and electronically stored information relating to the marketing and sale of VR platforms and software by Defendants, third parties, and Defendants' competitors.
4. Documents, data and electronically stored information relating to competition and entry in and among VR software developers, VR platform developers, fitness providers and services, and other fitness-related content and applications.

These materials may be located in the files of Defendants, Plaintiff, and/or third parties.

## III. COMPUTATION OF DAMAGE

Not applicable.

## IV. INSURANCE COVERAGE

Not applicable.

**CONFIDENTIAL**

Dated: August 19, 2022

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: _/s/ Bambo Obaro_

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (*pro hac vice*)
gklineberg@kellogghansen.com
AARON M. PANNER (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

**CONFIDENTIAL**

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

LAUREN BATTAGLIA (*pro hac vice*)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (*pro hac vice*)
logan.breed@hoganlovells.com
BENJAMIN HOLT (*pro hac vice*)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (*pro hac vice*)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, 4th Floor, Redwood Shores, California 94065 (hereinafter "WGM"). I am not a party to the within cause, I am over the age of eighteen years, and my email address is tricia.dresel@weil.com. I further declare that on August 19, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

Abby L. Dennis
Email: adennis@ftc.gov
Peggy Bayer Femenella
Email: pbayer@ftc.gov
Josh Goodman
Email: jgoodman@ftc.gov
Jeanine Balbach
Email: jbalbach@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Attorneys for Plaintiff

Charles Loughlin
Email: chuck.loughlin@hoganlovells.com
Chris Fitzpatrick
Email: chris.fitzpatrick@hoganlovells.com
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20004

Attorneys for Within Unlimited, Inc.

Mark C. Hansen
Email: mhansen@kellogghansen.com
Geoffrey M. Klineberg
Email: gklineberg@kellogghansen.com
Kellogg Hansen Todd Figel & Frederick PLLC
1615 M Street, NW #400
Washington, DC 20036

Co-counsel for Meta Platforms, Inc.

Executed on August 19, 2022, at San Jose, California. I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Patricia Dresel
PATRICIA DRESEL

# Exhibit 3

**CONFIDENTIAL**

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant WITHIN UNLIMITED, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**FIRST SUPPLEMENTAL INITIAL DISCLOSURE STATEMENT OF META PLATFORMS, INC. AND WITHIN UNLIMITED, INC. PURSUANT TO FED. R. CIV. P. 26(a)(1)**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

**CONFIDENTIAL**

Pursuant to Fed. R. Civ. P. 26(e)(1), Defendant Meta Platforms, Inc. ("Meta") and Defendant Within Unlimited, Inc. ("Within") (collectively, "Defendants") provide this First Supplemental Initial Disclosure Statement to Plaintiff.

Since serving Defendants' Initial Disclosures on August 19, 2022, Meta has become aware of additional individuals that are likely to have discoverable information that Defendants may use to support their claims or defenses. Accordingly, Meta hereby amends Section I(A) of Defendants' Initial Disclosures by removing the two "Meta employee" placeholders in their entirety and adding the following two individuals:

| | TITLE | SUBJECT MATTER |
|---|---|---|
| Mark Rabkin | VP Oculus | Mr. Rabkin has information regarding the virtual reality industry and the proposed transaction. |
| Jaroslav Beck | Co-Founder and Head of Music, Beat Games | Mr. Beck has information regarding the virtual reality industry and the proposed transaction. |

Pursuant to Fed. R. Civ. P. 26(e), Defendants reserve their right to further amend, supplement, or modify their Initial Disclosures as new information becomes known to them through discovery or otherwise.

Dated: August 31, 2022

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ Bambo Obaro*

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com

WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (*pro hac vice*)
gklineberg@kellogghansen.com
AARON M. PANNER (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

LAUREN BATTAGLIA (*pro hac vice*)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (*pro hac vice*)
logan.breed@hoganlovells.com
BENJAMIN HOLT (*pro hac vice*)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (*pro hac vice*)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW

Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, 4th Floor, Redwood Shores, California 94065 (hereinafter "WGM"). I am not a party to the within cause, I am over the age of eighteen years, and my email address is tricia.dresel@weil.com. I further declare that on August 31, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

Abby L. Dennis
Email: adennis@ftc.gov
Peggy Bayer Femenella
Email: pbayer@ftc.gov
Josh Goodman
Email: jgoodman@ftc.gov
Jeanine Balbach
Email: jbalbach@ftc.gov
Frances Anne Johnson
Email: fjohnson@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

*Attorneys for Plaintiffs*

Charles Loughlin
Email: chuck.loughlin@hoganlovells.com
Chris Fitzpatrick
Email: chris.fitzpatrick@hoganlovells.com
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20004

*Attorneys for Within Unlimited, Inc.*

Mark C. Hansen
Email: mhansen@kellogghansen.com
Geoffrey M. Klineberg
Email: gklineberg@kellogghansen.com
Kellogg Hansen Todd Figel & Frederick PLLC
1615 M Street, NW #400
Washington, DC 20036

Sonal N. Mehta
Email: sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

*Co-counsel for Meta Platforms, Inc.*

Executed on August 31, 2022, at San Jose, California. I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Patricia Dresel
PATRICIA DRESEL

# Exhibit 11

Eric Janszen
198 California Street, Unit 3
Newton, MA 02458
ej@virzoom.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DECLARATION OF ERIC JANSZEN**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

I, Eric Janszen, declare as follows:

1. I'm not here to represent Meta Platforms or Oculus. No other company has done more to advance the VR industry than Meta. By supporting Meta in this matter, I intend to support the VR industry as a whole.

2. I am the co-founder and Chairman, President, and CEO of VirZOOM, which is based in Newton, Massachusetts. I have personal knowledge of all facts stated within this Declaration, and if called to testify, I could and would testify competently to these facts.

3. In 2014, Eric Malafeew and I began conducting product tests for what would become VirZOOM. Our goal was to harness the power of virtual reality ("VR") to motivate people to exercise.

4. In February 2015, Eric Malafeew and I co-founded VirZOOM. In June 2016, we began VirZOOM commercial product shipments.

5. As Chairman, President, and CEO of VirZOOM, my job responsibilities cover all aspects of the company, including: hiring; directing the management team; making strategic product decisions; reviewing and approving product features; overseeing financial operations, reviewing and approving commercial contracts, raising money and interacting with investors, among other duties typical of a start-up company CEO.

**VirZOOM**

6. VirZOOM has shipped thousands of its VR fitness products commercially since June 2016, and has shipped products worldwide. Prior to launching on Meta's Quest, VirZOOM had consumer and commercial installs in 43 countries worldwide.

7. VirZOOM games and apps combined with a VR headset and cadence sensors attached to a bike transform a stationary bike into a controller for virtual activities

that use your body to steer, pedaling to move, and VR hand controllers for game play. While in VirZOOM's VZfit app, you can cycle any of 10 million miles of roads mapped by Google Street View rendered in 3D. In VZplay you command tanks, pilot helicopters, fly a Pegasus in virtual world games..

8. Stationary biking is ideal exercise for VR because it is an intuitive and safe way to move, and does not need to take up much space. In 2015 we made a folding bike with buttons and accurate speed controls to be used with a collection of exercise games we designed for tethered VR. Starting in 2017 we created a turnkey VR kiosk and wireless sensors for gyms to use with their own bikes. In 2019, we introduced our current VZfit system, a fitness app made for the Oculus Go and Quest that can be used on any bike at your home, gym, or office.

**The Early State of VR and Fitness in VR**

9. In my eight years developing and then working at VirZOOM, I have developed insights into the VR industry and fitness on VR.

10. The VR industry is still very new. VR is an emerging and dynamic technology space, with many companies investing heavily in hardware and poised to develop new VR hardware and equipment. I expect that VR will continue to attract more developers, platforms, hardware providers, and users in the coming years.

11. In Q2 2019 Meta launched the Oculus Quest, the world's first VR product suitable for large scale consumer adoption. Unlike previous VR systems, the stand-alone Quest was inexpensive and simple to set-up.

12. While Quest platform was groundbreaking from a cost and simplicity standpoint, without a wide range of applications available for it consumers had no reason to buy it. Meta invested heavily to build a curated content ecosystem to ensure enough high quality applications for the headset to give millions of consumers a reason to buy it.

13. Sony has built a significant content ecosystem for its Playstation VR platform, but not on the scale that Meta has. Between the primary Quest store and secondary AppsLab store there are nearly 2,000 apps and games for Quest users to choose from. By comparison apps and games available for PC-based VR and Sony Playstation VR number in the hundreds. As a result, today the Meta Quest enjoys a reported 80% VR market share.

14. Despite its position as the leading VR platform today, Meta remains vulnerable to displacement by future VR industry players. The VR industry is still in its infancy. Many customer problems remain to be solved before mass adoption can occur.

15. Among several potential future VR players, Apple may be in the strongest position to displace Meta as the VR industry leader.

16. Meta Platforms is a social media company. To create its VR business it had to develop competencies in consumer product design, manufacturing, distribution, and support, and had to develop a content store from scratch for app and game distribution. Apple is widely expected to ship a VR product within the next year, a product that's been reported in the press as being in development for approximately ten years. Unlike Meta, Apple is the world's premier consumer electronics product company, with an installed base of over 1 billion iPhones to address with a future VR product. In the year 2021 when 10.62 million app and game downloads by Quest users were reported by some sources, 143.6 billion apps and games were reportedly downloaded from Apple's store, nearly 14 thousand times as many as by Quest users from the Quest store in that year. As mentioned above, all apps created for the Meta Quest are likely to be portable to a future Apple VR platform. Needless to say, if and when Apple ships a VR product, Meta could face formidable competition. Whether

Meta will face the same fate as Blackberry Ltd in competition with Apple in the VR market only time will tell.

17. It is easy and fast for VirZOOM, and other app developers, to move their VR content products to new VR platforms. All of the apps and games currently developed for Quest have been built using the Unity and Unreal game engines – which are designed to support portability between platforms. VirZOOM ported its VR apps from early mobile VR platforms like the Samsung GearVR to the Meta Quest in a short period. VR content for the Meta Quest is easily portable to the Miro platform today. It is likely that content created for the Meta Quest will be portable to future VR platforms including potential Apple VR products and others.

18. Meta has not asked that we make our products exclusive to the Quest platform, nor could it. Meta needs developers, like VirZOOM, to populate its app store with content in order to attract consumers to its platform. Meta is competing for VirZOOM – offering distribution, technical assistance, and even financial grants – because that is how it competes against other platforms and headset manufacturers. We made a decision in Q4 2018 to drop all other VR platforms and focus exclusively on the Meta Quest. We did so for three reasons. First, after reviewing an early version of the Quest before launch in Q2 2019 that the Quest met all of the key product requirements for rapid adoption and was likely to quickly gain market dominance. Second, Meta appeared to be committed to VR for the long run and was making the kind of investment to build a content ecosystem that's needed to motivate consumers to buy the platform. Third, focusing our development efforts on one VR platform allowed us to make the most efficient use of resources.

19. VR fitness is in its infancy and is a rapidly evolving technology. It is a broad category and broadening all the time. As headset technology changes and more

developers enter the market, VR fitness apps will continue to emerge and grow, improving the range and nature of the consumer purchase options.

20. It is far too early in the VR industry for the government to be picking winners and losers. The VR industry is barely 7 years old and consumer adoption is not high enough nor is product design advanced enough for anyone to know what the winning platforms or winning companies will be.

**Competition for Fitness Solutions Is Broad**

21. The fitness segment of the VR industry is broad and dynamic. Current VR fitness products have only scratched the surface of the full range of future possibilities that developers have discovered so far, and new VR products will make new fitness solutions possible that are not possible today.

There is no sharp line between VR games that produce fitness benefits as a result of game play like VirZOOM's and Beat Saber and apps like SuperNatural that are specifically designed and marketed as fitness solutions. There is rather a continuum from games that are designed to deliver fitness benefits to gamified fitness apps, with consumer preferences deciding which is most suitable for personal fitness needs. New VR motion controls recently invented by VirZOOM will further blur the line, as VR games that play more like sports in the physical world are developed. In this way VR will come to imitate the physical world, with its nearly infinite myriad of fitness and exercise options.

22. Supernatural and FitXR currently dominate the narrow segment of VR fitness apps that imitate aspects of online, connected fitness solutions like Peloton and Mirror, with organized classes and trainers for guidance. But as Peloton's recent experience shows, consumer preferences for fitness solutions can be fickle. Today's seemingly

unassailable leader can quickly become tomorrow's laggard, with innovation constantly providing consumers with new more compelling options.

23. VR fitness applications offered on Meta's Quest Store compete with all the various options, including health clubs, in-home connected, and mobile fitness apps. While I personally believe VR is a fundamentally superior medium for motivating exercise activity by consumers, the competition among VR fitness applications and games and other products is robust and I expect it will only get more so in coming months and years.

24. Among VR fitness applications segment alone, the last time I checked around six months ago, there were six titles on the Quest store that meet the narrow definition of VR fitness applications by virtue of titles and marketing that clearly delineate them to consumers as exercise or sports related (e.g., boxing, tennis, etc.). Reviewing today, I can count a dozen such VR fitness applications available in the Quest store, and doubling in a matter of six months..

25. Then there's AppsLab, a secondary Meta Quest store that functions as a proving ground for new independently developed games for the Meta Quest. Firstrike, Gym Masters, Fitress, Powerbeats, Challengebox, Octonic VR Fitness, Realfit, Punchfit, Ultra Real Runner, XR Fitness Quest, Dragonfit, Fit Adventure, Hyper Run, Song Beater, Ultra Height, Zombie Range, Race Yourselves!, and Pacebreaker are just the first 18 of over 200 fitness related apps there, with new arrivals so frequent that Meta's content approval team is in my experience challenged to keep up. Any of these VR fitness applications can potentially move to the curated Oculus Quest store if they prove themselves popular among consumers. Meta has done a fantastic job at creating an environment that encourages content developers to use their creative talents to find new ways to meet the fitness consumer's needs.

26. I am no more worried about competing with Within as a part of Meta then I am about competing with Within as they are today, as an independent third-party developer with more funds than we currently have. To effectively compete, my team has to come up with technology and content that is different and better, which results in new products that are substantially differentiated from Within's. This is what we have always done, and what we will continue to do after the acquisition. This seeking out of new ways to use VR to meet the varied needs of fitness product consumers ultimately benefits consumers. Because VR fitness is such a broad category, it is unlikely one single company will be able to provide the full range of VR fitness offerings, and Meta will need to continue to support other VR fitness companies to provide a full range of offerings on its VR devices.

**Meta's Incentive To Grow the VR Ecosystem**

27. I surmise from what I have read in the media that the FTC believes the acquisition of Within by Meta may somehow discourage new entrants into the VR fitness segment. This makes no sense to me, and is inconsistent with my experience in working with Meta as an app developer.

28. The data on new number of recent entrants both on the primary Quest store and secondary AppsLab store provided above aside, with respect to the VirZOOM app for the Quest Store in particular, my experience working with Meta has demonstrated that Meta is committed to growing its VR ecosystem as a whole, including VR fitness, which is as stated earlier one of the reasons why we decided to focus entirely on the Meta Quest as the VR platform for the content we develop. Meta has provided us and other VR fitness app and game developers with marketing and operational support, including special promotions, to support app sales on the Quest

Store. In addition Meta provides development grants to qualified developers, including fitness application developers that compete directly with Supernatural. VirZOOM is among those that qualify for potential funding from Meta and is in the process of applying for it. In our case, our new patent pending VR motion controls that can make an entirely new class of VR fitness apps and games possible, qualifies VirZOOM for potential grant funding. The technology applies to the VR industry broadly, and can be of interest to other VR players in addition to Meta.

We experienced no change in the level of support from Meta following the announcement of Meta's acquisition of Within. VirZOOM will continue to invest and collaborate with Meta based on our expectation that Meta will continue to provide such support after it acquires Within.

29. Importantly, Meta's acquisition of Within is beneficial to the VR ecosystem as a whole, and, in particular, application developers. In fact, blocking the proposed acquisition would likely harm competition. The acquisition is a vote of confidence in VR generally and fitness apps in particular, and an indication that investment in VR and VR fitness can generate a return on investment. It will encourage others to develop VR products, including fitness products, because it is important to entrepreneurs to see that companies are investing in and are willing to acquire and grow apps in this space. Investment is important for these developers to succeed, and investors are motivated by liquidity. Acquisitions generally demonstrate that there are viable exits and returns for shareholders. The opportunity for a good return on investment from an acquisition is the primary motivation for entry into a market for entrepreneurs and their financial backers.

30. It also will help companies like VirZOOM for Meta to have a first-party studio that works on fitness app development – a competency it currently lacks. I expect Meta

will be able to use Within as a studio to better understand the product requirements for fitness for future VR products, optimize the Quest hardware for fitness use, develop new SDKs and APIs it can share with other fitness developers, and otherwise improve the technical support it provides to apps like VirZOOM.

31. Meta's acquisition of Within is also beneficial to the VR fitness app ecosystem because it further validates the fitness use case in VR. It will help fitness apps, including VirZOOM, to continue to grow and find new audiences and possibly even additional investors. This acquisition is helpful to show investors how popular VR fitness is becoming and that developing VR applications can be a profitable business.

**Meta As a Potential VR Fitness App Developer**

32. The Oculus Quest is a game console, analogous to the Microsoft xBox and Sony Playstation. Microsoft and Sony have over the past 20 years acquired over 40 independent developers, much as Meta has acquired a number of Meta Quest developers. The reason they did this is because console makers excel at developing the hardware, operating systems and tools needed for developers to create great content for the console, but are notoriously bad at developing apps and games for their platforms from internal resources. Failed attempts are numerous and successes rare. I expect that Meta, on reviewing the historical record of past attempts by other console makers, wisely made a "buy" versus "build" decision, to acquire rather than attempt to develop the expertise needed to create an app like SuperNatural internally.

33. We have never made product pricing or feature decisions based on concern that Meta might offer a new product or might modify a first party product to be more competitive with VirZOOM.

34. Additionally, when VirZOOM makes business decisions, such as decisions about pricing, quality, or innovation, we do so in a fiercely competitive environment, in which users have a plethora of fitness options. We have not made business decisions based on any concern that Meta may offer a new fitness app or a modified version of a current app that competes with VirZOOM.

35. Since 2016, I have observed the development of Meta's VR ecosystem and other VR ecosystems. While Meta has brought some studio application development in-house through acquisitions, Meta has not released a VR fitness application.

**The VR Fitness Industry Is Not Oligopolistic**

36. Competition for fitness products, VR and non-VR, is intense. New products have come out and will continue to come out, pricing is widely variable, and quality is constantly improving as more developers and consumers adopt this emerging technology. I am unaware of any interdependent or parallel behavior by anyone offering these products.

37. Like the overall VR user base, the VR fitness application ecosystem is currently in its infancy, but is rapidly expanding and new entrants are entering the space frequently.

38. In this early stage, our pricing strategy is solely designed to increase our user base. We measure our progress by the number of subscribers to our product and our ability to both retain existing users and grow that number while maintaining fixed costs. If we are successful in those respects, we feel confident that profits will follow later.

I, Eric Janszen, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on 11/4/2022 [insert date].

Signature: *Eric H. Janszen*

Printed Name: Eric H. Janszen

Address: 198 California Street
Newton, MA 02458

Phone No.: 781-354-3243

# Exhibit 15

**CONFIDENTIAL**

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant WITHIN UNLIMITED, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**SECOND SUPPLEMENTAL INITIAL DISCLOSURE STATEMENT OF META PLATFORMS, INC. AND WITHIN UNLIMITED, INC. PURSUANT TO FED. R. CIV. P. 26(a)(1)**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

**CONFIDENTIAL**

Pursuant to Fed. R. Civ. P. 26(e)(1), Defendant Meta Platforms, Inc. ("Meta") and Defendant Within Unlimited, Inc. ("Within") (collectively, "Defendants") provide this Second Supplemental Initial Disclosure Statement to Plaintiff.

Since serving Defendants' First Supplemental Initial Disclosures on August 31, 2022, Meta has become aware of additional entities and individuals that are likely to have discoverable information that Defendants may use to support their claims or defenses. Accordingly, Meta hereby amends Section I(A) of Defendants' Initial Disclosures by adding the following entities and individuals:

| Entity | Individual | Title | Subject Matter |
|---|---|---|---|
| Varjo Technologies US Inc. | Matti Nylander | Chief Financial Officer and Board Member | Mr. Nylander has information regarding the virtual reality industry. |
| Odders Lab | Jaime Pichardo Garcia | Business Director | Mr. Garcia has information regarding the virtual reality industry. |
| Alphabet, Inc. | To be determined | To be determined | Alphabet, Inc. has information regarding the virtual reality industry and the fitness industry. |
| Apple Inc. | Frank Casanova | Senior Director of Product Marketing for Augmented Reality | Apple Inc. has information regarding the virtual reality industry and the fitness industry. |
| Beyond Codes, Inc. | Gaurav Kumar | Chief Executive Officer | Mr. Kumar has information regarding the virtual reality industry. |
| Bytedance, Inc. | To be determined | To be determined | Bytedance, Inc. has information regarding the virtual reality industry. |
| Equinox Media, LLC | To be determined | To be determined | Equinox Media, LLC has information regarding the fitness industry. |
| Lululemon Athletica, Inc. | To be determined | To be determined | Lululemon Athletica, Inc. has information regarding the fitness industry. |

| Nike, Inc. | To be determined | To be determined | Nike, Inc. has information regarding the fitness industry. |
|---|---|---|---|
| Peloton Interactive, Inc. | To be determined | To be determined | Peloton Interactive, Inc. has information regarding the fitness industry. |
| Sony Interactive Entertainment LLC | To be determined | To be determined | Sony Interactive Entertainment LLC has information regarding the virtual reality industry. |
| Valve Corporation | Jeffrey Cain | Business Development | Valve Corporation has information regarding the virtual reality industry. |
| VirZoom | Eric Janszen | Founder | Mr. Janszen has information regarding the virtual reality industry and the fitness industry. |

Pursuant to Fed. R. Civ. P. 26(e), Defendants reserve their right to further amend, supplement, or modify their Initial Disclosures as new information becomes known to them through discovery or otherwise.

Dated: November 4, 2022

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ Bambo Obaro*

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (*pro hac vice*)
gklineberg@kellogghansen.com
AARON M. PANNER (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

LAUREN BATTAGLIA (*pro hac vice*)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (*pro hac vice*)
logan.breed@hoganlovells.com
BENJAMIN HOLT (*pro hac vice*)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (*pro hac vice*)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, 4th Floor, Redwood Shores, California 94065 (hereinafter "WGM"). I am not a party to the within cause, I am over the age of eighteen years, and my email address is tricia.dresel@weil.com. I further declare that on November 4, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

Abby L. Dennis
Email: adennis@ftc.gov
Peggy Bayer Femenella
Email: pbayer@ftc.gov
Josh Goodman
Email: jgoodman@ftc.gov
Jeanine Balbach
Email: jbalbach@ftc.gov
Terri Martin
Email: tmartin@ftc.gov
Frances Anne Johnson
Email: fjohnson@ftc.gov
Rebecca Hyman
Email: rhyman@ftc.gov
Charles York
Email: cyork@ftc.gov
Adam Pergament
Email: apergament@ftc.gov
James H. Weingarten
Email: jweingarten@ftc.gov
Erika Meyers
emeyers@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, DC 20580

*Attorneys for Plaintiffs*

Mark C. Hansen
Email: mhansen@kellogghansen.com
Geoffrey M. Klineberg
Email: gklineberg@kellogghansen.com
James M. Webster III
Email: jwebster@kellogghansen.com
Jacob E. Hartman
Email: jhartman@kellogghansen.com
Daniel G. Bird
Email: dbird@kellogghansen.com
Hannah D. Carlin
Email: hcarlin@kellogghansen.com
KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
1615 M Street, NW #400
Washington, DC 20036

Sonal N. Mehta
Email: sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

*Co-counsel for Meta Platforms, Inc.*

Charles Loughlin
Email: chuck.loughlin@hoganlovells.com
Chris Fitzpatrick
Email: chris.fitzpatrick@hoganlovells.com
Nicole Lynch
Email: nicole.lynch@hoganlovells.com
Maxwell Hamilton
Email: maxwell.hamilton@hoganlovells.com
HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004

*Attorneys for Within Unlimited, Inc.*

Executed on November 4, 2022, at San Jose, California. I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

/s/ Morgan Donoian MacBride
Morgan Donoian MacBride

# Exhibit 18

**CONFIDENTIAL**

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

Attorneys for Defendant WITHIN UNLIMITED, INC.

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**THIRD SUPPLEMENTAL INITIAL DISCLOSURE STATEMENT OF META PLATFORMS, INC. AND WITHIN UNLIMITED, INC. PURSUANT TO FED. R. CIV. P. 26(a)(1)**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

**CONFIDENTIAL**

Pursuant to Fed. R. Civ. P. 26(e)(1), Defendant Meta Platforms, Inc. ("Meta") and Defendant Within Unlimited, Inc. ("Within") (collectively, "Defendants") provide this Third Supplemental Initial Disclosure Statement to Plaintiff.

Meta hereby amends Section I(A) of Defendants' Second Supplemental Initial Disclosures, served on November 4, 2022, to include the following entities and individuals that are likely to have discoverable information that Defendants may use to support their claims or defenses:

| Entity | Individual | Title | Subject Matter |
|---|---|---|---|
| Varjo Technologies US Inc. | Matti Nylander | Chief Financial Officer and Board Member | Mr. Nylander has information regarding the virtual reality industry. |
| Black Box VR | Preston Lewis | Co-Founder, President, and Chief Design Officer | Mr. Lewis has information regarding the virtual reality industry. |
| Odders Lab | Jaime Pichardo Garcia | Business Director | Mr. Garcia has information regarding the virtual reality industry. |
| Alphabet, Inc. | To be determined | To be determined | Alphabet, Inc. has information regarding the virtual reality industry and the fitness industry. |
| Apple Inc. | Frank Casanova | Senior Director of Product Marketing for Augmented Reality | Apple Inc. has information regarding the virtual reality industry and the fitness industry. |
| Beyond Codes, Inc. | Gaurav Kumar | Chief Executive Officer | Mr. Kumar has information regarding the virtual reality industry. |
| Bytedance, Inc. | To be determined | To be determined | Bytedance, Inc. has information regarding the virtual reality industry. |
| Equinox Media, LLC | To be determined | To be determined | Equinox Media, LLC has information regarding the fitness industry. |
| Lululemon Athletica, Inc. | To be determined | To be determined | Lululemon Athletica, Inc. has information regarding the fitness industry. |

| | | | |
|---|---|---|---|
| Nike, Inc. | To be determined | To be determined | Nike, Inc. has information regarding the fitness industry. |
| Peloton Interactive, Inc. | To be determined | To be determined | Peloton Interactive, Inc. has information regarding the fitness industry. |
| Sony Interactive Entertainment LLC | To be determined | To be determined | Sony Interactive Entertainment LLC has information regarding the virtual reality industry. |
| Valve Corporation | Jeffrey Cain | Business Development | Valve Corporation has information regarding the virtual reality industry. |
| VirZoom | Eric Janszen | Founder | Mr. Janszen has information regarding the virtual reality industry and the fitness industry. |

Pursuant to Fed. R. Civ. P. 26(e), Defendants reserve their right to further amend, supplement, or modify their Initial Disclosures as new information becomes known to them through discovery or otherwise.

Dated: November 7, 2022

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: *_/s/ Bambo Obaro_*

BAMBO OBARO (Bar No. 267683)
bambo.obaro@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MICHAEL MOISEYEV (*pro hac vice*)
michael.moiseyev@weil.com
CHANTALE FIEBIG (*pro hac vice*)
chantale.fiebig@weil.com
JEFFREY H. PERRY (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

DIANE P. SULLIVAN (*pro hac vice*)
diane.sullivan@weil.com
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone: (609) 986-1100
Facsimile: (609) 986-1199

ERIC S. HOCHSTADT (*pro hac vice*)
eric.hochstadt@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

MARK C. HANSEN (*pro hac vice*)
mhansen@kellogghansen.com
GEOFFREY M. KLINEBERG (*pro hac vice*)
gklineberg@kellogghansen.com
AARON M. PANNER (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Attorneys for Defendant META PLATFORMS, INC.

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@hoganlovells.com
HOGAN LOVELLS US LLP
855 Main St., Suite 200
Redwood City, CA 94063
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

LAUREN BATTAGLIA (*pro hac vice*)
lauren.battaglia@hoganlovells.com
LOGAN M. BREED (*pro hac vice*)
logan.breed@hoganlovells.com
BENJAMIN HOLT (*pro hac vice*)
benjamin.holt@hoganlovells.com
CHARLES A. LOUGHLIN (*pro hac vice*)
chuck.loughlin@hoganlovells.com
HOGAN LOVELLS US LLP
Columbia Square, 555 Thirteenth St., NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Counsel for WITHIN UNLIMITED, INC.

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, 4th Floor, Redwood Shores, California 94065 (hereinafter "WGM"). I am not a party to the within cause, I am over the age of eighteen years, and my email address is morgan.macbride@weil.com. I further declare that on November 7, 2022, I served a copy of the foregoing:

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

Abby L. Dennis
Email: adennis@ftc.gov
Peggy Bayer Femenella
Email: pbayer@ftc.gov
Josh Goodman
Email: jgoodman@ftc.gov
Jeanine Balbach
Email: jbalbach@ftc.gov
Frances Anne Johnson
Email: fjohnson@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

*Attorneys for Plaintiffs*

Charles Loughlin
Email: chuck.loughlin@hoganlovells.com
Chris Fitzpatrick
Email: chris.fitzpatrick@hoganlovells.com
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20004

*Attorneys for Within Unlimited, Inc.*

Mark C. Hansen
Email: mhansen@kellogghansen.com
Geoffrey M. Klineberg
Email: gklineberg@kellogghansen.com
Kellogg Hansen Todd Figel & Frederick PLLC
1615 M Street, NW #400
Washington, DC 20036

Sonal N. Mehta
Email: sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

*Co-counsel for Meta Platforms, Inc.*

Executed on November 7, 2022, at San Jose, California. I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

*/s/ Morgan MacBride*
MORGAN MACBRIDE