# **Exhibit A**

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999


*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 5:22-cv-04325-EJD |
| Plaintiff, | **DEFENDANTS' MOTION FOR RECONSIDERATION OF THIS COURT'S SEALING ORDER  [ECF NO. 403] [L.R. 79-5(f)(3)]** |
| v. | |
| META PLATFORMS, INC., et al., | |
| Defendants. | Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9, Defendants Meta Platforms, Inc. and Within Unlimited, Inc. (collectively, "Defendants") will and hereby do move for reconsideration of the Court's December 5, 2022 Order Granting Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 403) (hereafter, "Order") in connection with Plaintiff's Expert Rebuttal Report of Hal J. Singer, PhD ("Singer Rebuttal Report," Dkt. No. 283).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, authorities that may be presented at or before the hearing, and other such and further matters as this Court may consider.

DATED:  December _____, 2022                    Respectfully submitted,

By: /s/ _____

Attorneys for Defendants
META PLATFORMS, INC. and WITHIN
UNLIMITED INC.

Defendants' Motion for Reconsideration                    Case No. 5:22-cv-04325-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") respectfully move for reconsideration of this Court's order dated December 5, 2022.  *See* D.E. 403 (the "Order").

The Order addressed Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (D.E. 283)—specifically, the Rebuttal Report of Hal J. Singer, Ph.D ("Singer Rebuttal Report," ECF No. 283-2).   Meta and Within filed statements in support of sealing the Singer Rebuttal Report in full.  *See* D.E.s 371 & 340.   In addition, certain non-parties filed statements in support of sealing certain paragraphs of the Singer Rebuttal Report.  *See* D.E.s 350 (Apple Inc.); 358 (Sony Interactive Entertainment LLC); 361 (Alphabet Inc.).

The Court has now clarified that the Order denied Meta's and Within's request to seal the Singer Rebuttal Report in full.  Defendants respectfully request reconsideration of the Order in light of the fact that Defendants no longer seek to seal the Singer Rebuttal Report in full but, instead, seek only to maintain under seal certain portions of the Report that contain highly commercially sensitive information that could cause competitive harm to Defendants if publicly released.  To this end, and consistent with Civil Local Rule 79-5(f)(3), the chart below identifies the portions of the Singer Rebuttal Report that Defendants seek to maintain under seal:

| Page and Line(s) | Portion(s) to Maintain Under Seal | Designating Party | Basis for Sealing Request[1] |
|---|---|---|---|
| Singer Rebuttal Report, Page 6, Paragraph c.i | All information highlighted yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about the value of the proposed transaction. |

[1] This chart notes the competitively sensitive nature of the information sought to be sealed.  For all of these entries, the unsealing of this highly confidential and sensitive information would cause injury to Meta that could not be avoided through less restrictive alternatives, particularly given that Meta has narrowed the information it seeks to maintain under seal.

| Singer Rebuttal Report, Page 7, Paragraph f.i | All information highlighted yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about the value of the proposed transaction. |
|---|---|---|---|
| Singer Rebuttal Report, Page 8, Paragraph f.iii | All information highlighted yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns, and Within's proprietary data regarding first-party app usage patterns. |
| Singer Rebuttal Report, Page 9, Paragraph g.ii | All information highlighted yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report. Page 10, Paragraph 9 | All information highlighted yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and competitively sensitive information about the VR industry landscape based on confidential Within revenue data and sensitive user information. |
| Singer Rebuttal Report, Page 10, Footnote 7 | All information highlighted yellow in the unredacted Singer Rebuttal Report | Within | This footnote contains non-public and competitively sensitive information about the VR industry landscape based on confidential Within revenue data and sensitive user information. |

Defendants' Motion for Reconsideration                                    Case No. 5:22-cv-04325-EJD

| | | | |
|---|---|---|---|
| Singer Rebuttal Report, Page 11, Paragraph 11 | All information highlighted yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and competitively sensitive information about Meta's and Within's confidential business strategies, Meta's and Within's strategic marketing efforts, and the VR industry landscape based on confidential Meta and Within revenue data and sensitive user information. |
| Singer Rebuttal Report, Page 11, Paragraph 12 | All information highlighted in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about Meta's and Within's strategic evaluation of the competitive landscape regarding VR applications. |
| Singer Rebuttal Report, Page 11, Footnote 14 | All information highlighted yellow in the unredacted Singer Rebuttal Report | Within | This footnote contains non-public and competitively sensitive information about Within's confidential business strategies and the VR industry landscape based on Within sensitive user information. |
| Singer Rebuttal Report, Pages 14-15, Paragraph 25 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns. |
| Singer Rebuttal Report, Page 15, Paragraph 26 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's internal data |

4

| | | | analyses of the competitive landscape regarding VR applications. |
|---|---|---|---|
| Singer Rebuttal Report, Page 15, Paragraph 28 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns. |
| Singer Rebuttal Report, Page 15, Paragraph 29 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns. |
| Singer Rebuttal Report, Page 19, Paragraph 40 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about the value of the proposed transaction |
| Singer Rebuttal Report, Page 20-21, Paragraph 45 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns, Within's proprietary data regarding first-party app usage patterns, and information about Within's strategic pricing decisions. |
| Singer Rebuttal Report, Page 21, Paragraph 47 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and sensitive information about Within's strategic business decisions, Within's strategic pricing decisions, |

| | | | Within's strategic marketing efforts, and the VR industry landscape based on confidential Within revenue data and sensitive user information. |
|---|---|---|---|
| Singer Rebuttal Report, Page 22, Paragraph 49 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and competitively sensitive information about Within's strategic business decisions and Within's strategic marketing efforts. |
| Singer Rebuttal Report, Pages 22-23, Paragraph 51 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns. |
| Singer Rebuttal Report, Page 23, Paragraph 53 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and sensitive information about Within's strategic business decisions, Within's strategic marketing efforts, Within's evaluation of the VR industry landscape based on non-public Within information, and Within's strategic pricing decisions. |
| Singer Rebuttal Report, Page 24, Paragraph 57 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and sensitive information about Within's strategic pricing decisions. |
| Singer Rebuttal Report, Page 39, Paragraph 99 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and sensitive information about Within's confidential |

| | | | business strategies, Within's strategic product development process, Within's strategic marketing efforts, and Within's strategic evaluation of the VR industry landscape. |
|---|---|---|---|
| Singer Rebuttal Report, Pages 41-42, Paragraph 110 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report, Page 43, Paragraph 113 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report, Page 43, Paragraph 114 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about the value of the proposed transaction and Within's financial status. |
| Singer Rebuttal Report, Page 44, Paragraph 116 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's |

| | | | proprietary data regarding first-party app revenues. |
|---|---|---|---|
| Singer Rebuttal Report, Page 44, Footnote 175 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app usage patterns, and Within's proprietary data regarding first-party app usage patterns. |
| Singer Rebuttal Report, Page 45, Paragraph 118 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app revenues. |
| Singer Rebuttal Report, Page 45, Paragraph 119 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app revenues. |
| Singer Rebuttal Report, Page 45-46, Paragraph 120 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about Meta's business practices, and reflects Meta's proprietary data regarding first- and third-party app revenues, as well as Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report, Page 46, Paragraph 122 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived |

| | | | from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
|---|---|---|---|
| Singer Rebuttal Report, Page 47, Paragraph 123 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report, Page 47, Paragraph 124 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding time spent statistics for first- and third-party apps, and Within's proprietary data regarding time spent statistics for first-party apps. |
| Singer Rebuttal Report, Page 47, Footnote 192 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app entitlements. |
| Singer Rebuttal Report, Page 48, Paragraph 125 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding monthly active users for first- and third-party apps, and Within's |

| | | | proprietary data regarding monthly active users for first-party apps. |
|---|---|---|---|
| Singer Rebuttal Report, Page 48, Table 1-A | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This table contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding time spent statistics for first- and third-party apps, and Within's proprietary data regarding time spent statistics for first-party apps. |
| Singer Rebuttal Report, Page 49, Table 1-B | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This table contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding monthly active users for first- and third-party apps, and Within's proprietary data regarding monthly active users for first-party apps. |
| Singer Rebuttal Report, Page 50, Paragraph 127 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report, Pages 51-2, Table 2 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app |

10

| | | | revenues, and Within's proprietary data regarding first-party app revenues. |
|---|---|---|---|
| Singer Rebuttal Report, Pages 54-55, Paragraph 136 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app entitlements, and Within's proprietary data regarding first-party app entitlements. |
| Singer Rebuttal Report, Pages 55-57, Table 3 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This table contains non-public and competitively sensitive information derived from Meta's proprietary data regarding first- and third-party app revenues, and Within's proprietary data regarding first-party app revenues. |
| Singer Rebuttal Report, Pages 57-58, Paragraph 139 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's business practices regarding app store curation. |
| Singer Rebuttal Report, Pages 59-60, Paragraph 144 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of potential internal app development efforts and business strategy. |
| Singer Rebuttal Report, Page 60, Paragraph 145 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of potential internal app |

11

| | | | development efforts and business strategy. |
|---|---|---|---|
| Singer Rebuttal Report, Page 60, Paragraph 146 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of potential internal app development efforts, internal app development capabilities, and business strategy. |
| Singer Rebuttal Report, Pages 60-61, Paragraph 147 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of potential internal app development efforts and third-party partnerships, and business strategy. |
| Singer Rebuttal Report, Page 61, Paragraph 149 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's capacity for internal app development efforts. |
| Singer Rebuttal Report, Page 62, Paragraph 152 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of, and capacity for, potential internal app development efforts. |
| Singer Rebuttal Report, Page 64, Paragraph 159 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information reflecting Meta's proprietary data regarding first- and third-party app revenues. |

| Singer Rebuttal Report, Page 65, Paragraph 164 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and competitively sensitive information about Within's confidential business strategies, Within's strategic product development, and the VR industry landscape based on confidential Within revenue data and sensitive user information. |
|---|---|---|---|
| Singer Rebuttal Report, Page 66, Paragraph 170 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and competitively sensitive information about Within's confidential business strategies, Within's strategic product development, and the VR industry landscape based on confidential Within revenue data and sensitive user information. |
| Singer Rebuttal Report, Page 67, Paragraph 174 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Within | This paragraph contains non-public and competitively sensitive information about Within's confidential business strategies, Within's strategic product development, and the VR industry landscape based on confidential Within revenue data and sensitive user information. |
| Singer Rebuttal Report, Pages 67-68, Paragraph 176 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of the |

| | | | proposed transaction and business strategy. |
|---|---|---|---|
| Singer Rebuttal Report, Page 68, Paragraph 180 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's evaluation of, and capacity for, potential internal app development efforts. |
| Singer Rebuttal Report, Page 69, Paragraph 181 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta | This paragraph contains non-public and competitively sensitive information about Meta's internal app develop capacity and business strategy. |
| Singer Rebuttal Report, Page 70, Paragraph 184 | All information highlighted in yellow in the unredacted Singer Rebuttal Report | Meta and Within | This paragraph contains non-public and competitively sensitive information about Meta's and Within's evaluation of the proposed transaction. |

The proposed redactions above reflect Defendants' good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

## I.    Ninth Circuit Precedent Supports Sealing Commercially Sensitive Information

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022).    Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569 (same).    This includes information

concerning "proprietary business operations, a company's business model," and "internal policies and strategies. *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017). Moreover, courts routinely seal highly sensitive financial data, including with respect to profits and revenue. *Cont'l Auto. Sys. v. Avanci, LLC*, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019) ("Courts have found it appropriate to redact 'private financial information of competitive value.'").

Moreover, "the Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. Defendants Seek To Seal Certain Portions of the Singer Rebuttal Report.

Defendants seek to maintain under seal only certain portions of the Singer Rebuttal Report that contain highly confidential and commercially sensitive information, as the chart above demonstrates. Courts routinely seal this type of commercially sensitive information. *See supra*, § I. And there is no less restrictive means available given that Defendants have proposed narrow redactions. *Tessera, Inc. v. Sony Corp.*, 2012 U.S. Dist. LEXIS 154316, at *4-5 (N.D. Cal. Oct. 26, 2012) ("Because the only way to effectively prevent the deleterious effects of disclosing the confidential, commercially valuable information is to redact [it] . . . no less restrictive means exist

---

15

to achieve [movant's] overriding interest in the protection of its confidential and commercially valuable information.").

Moreover, sealing is particularly appropriate here given that (a) the proposed redactions cover data and information from Dr. Singer's opening report that this Court has already sealed (*see* D.E. 202), and (b) courts in this district routinely seal entire expert reports, including in this case (*see* D.E.s 324; 325; 326; and 327), but Defendants now seek only narrow redactions.  *See also Finjan, Inc. v. Cisco Sys.*, 2019 U.S. Dist. LEXIS 165974, at *11-14 (N.D. Cal. Sep. 16, 2019) (sealing several expert reports in full); *Zellmer v. Facebook, Inc.*, 2022 U.S. Dist. LEXIS 60253, at *8 (N.D. Cal. Mar. 31, 2022) (same).

Finally, Meta provided the FTC with the confidential business information cited in the Singer Rebuttal Report pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.  *See* 15 U.S.C. §§ 18(a)(h), 46(f), 57b-2(b), 57b-2(c), 6 C.F.R. § 4.10(d)-(g).  In similar cases, the FTC has acknowledged the need to maintain the confidentiality of a party's confidential business information that has been provided to the FTC via a regulatory request.  *See, e.g.*, *FTC v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022) ("According to the FTC, sealing the complaint is appropriate…because the filing includes confidential information submitted…pursuant to 'statutory and regulatory guarantees of confidentiality'…The requested sealing covers only confidential information and is, according to the FTC, required by regulation.").

### III.    Conclusion

For these reasons, the Court should grant Defendants' motion for reconsideration and seal the portions of the Singer Rebuttal Report identified above.

Defendants' Motion for Reconsideration                                        Case No. 5:22-cv-04325-EJD

DATED:  December _____, 2022                Respectfully submitted,

By: /s/_____

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

Diane P. Sullivan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ 08542
Telephone:  (609) 986-1100
Facsimile:  (609) 986-1199
diane.sullivan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice*)
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900

17

Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

*Counsel for Defendant Meta Platforms,
Inc.*

Defendants' Motion for Reconsideration                Case No. 5:22-cv-04325-EJD