CLEARY GOTTLIEB STEEN & HAMILTON LLP
Everett K. Coraor (admitted *pro hac vice*)
ecoraor@cgsh.com
2112 Pennsylvania Ave, N.W.
Washington, DC 20037
Telephone: 202-974-1563

Ye Eun Chun (Bar No. 331459)
chchun@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
Telephone: 650-815-4111

*Counsel for Non-Party Sony Interactive Entertainment LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 5:22-cv-04325-EJD (SVK)<br><br>**NON-PARTY SONY INTERACTIVE ENTERTAINMENT LLC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANTS PROVISIONALLY UNDER SEAL [ECF NOS. 386 & 397] [L.R. 79-5(F)(3)]**<br><br>Location: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

## I. INTRODUCTION

Non-Party Sony Interactive Entertainment LLC ("SIE") produced certain confidential business material in response to a subpoena served by Defendant Meta Platforms, Inc. ("Meta"). Meta and Within Unlimited, Inc. (collectively "Defendants") described this material in their hearing Exhibit List (ECF No. 246) and filed a corresponding Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 245). SIE filed a Statement in Support of Sealing Certain Confidential Business Material Filed by Defendants Provisionally Under Seal (ECF No. 319) in support of Defendants' Administrative Motion. Defendants subsequently filed two additional Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 386 and 397) in relation to Defendants' Amended Exhibit List (ECF No. 387) and Second Amended Exhibit List (ECF No. 398), seeking sealing of the same SIE confidential material that was in Defendants' original Exhibit List. This Court has already determined that SIE's confidential material at issue here warrants sealing, ordering the redaction of a similar description of the material within Plaintiff Federal Trade Commission's Exhibit List (ECF No. 242). *See* Order Granting in Part & Den. in Part Admin. Mot. to File Under Seal Pl.'s Ex. List, ECF No. 396.

Pursuant to Civil Local Rule 79-5(f)(3), SIE renews its request that this Court maintain under seal its confidential information identified below, which was provisionally filed under seal pursuant to the Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 386 and 397).[1] Specifically, SIE seeks to maintain under seal material contained in Defendants' Amended Exhibit List and Second Amended Exhibit List that references a highly confidential presentation created by SIE for internal use only:

| Document | Portion(s) to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| Defendants' Amended Exhibit List (ECF No. 387) | DX1302 Description | This portion of Defendants' Amended Exhibit List contains non-public information, including SIE's internal-only project codename, about a highly confidential strategy document that SIE uses to develop its competitive, marketing, and business strategies for its unreleased |

---

[1] By filing this statement, SIE does not intend to waive any of its rights under Federal Rule of Civil Procedure 45 and reserves all rights regarding the enforcement of third-party subpoenas.

| | | |
|---|---|---|
| | | PlayStation®VR2 ("PSVR2") product. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |
| Defendants' Second Amended Exhibit List (ECF No. 398) | DX1302 Description | This portion of Defendants' Second Amended Exhibit List contains non-public information, including SIE's internal-only project codename, about a highly confidential strategy document that SIE uses to develop its competitive, marketing, and business strategies for its unreleased PSVR2 product. Legitimate confidentiality and competitive interests warrant the sealing of this highly confidential information, the disclosure of which would cause injury to SIE that could not be avoided through any less restrictive alternative to sealing. |

## II.   THERE ARE COMPELLING REASONS TO SEAL SIE'S CONFIDENTIAL BUSINESS INFORMATION

Although the public enjoys a general right to inspect and copy public records, including judicial records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The presumption in favor of access to judicial records may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Specifically, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal the materials in question. *Roley v. Google LLC*, No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)).

Here, SIE seeks to seal limited non-public information describing a document containing SIE's highly confidential competitive analysis and marketing and business strategy information for its unreleased PSVR2 product. In particular, the information that SIE seeks to protect contains SIE's secret and internal-only project codename for PSVR2. SIE uses these internal codenames to strictly limit internal disclosure of sensitive information, ensuring that discussion of a project cannot be traced to the specific product in development. If this project codename were made available to the public, it would greatly increase the risk that other highly confidential material related to the PSVR2 could become public. Public disclosure of highly confidential information regarding PSVR2, such as the material contained in DX1302, would undermine the time and resources SIE has devoted to its product and marketing development, give competitors an unfair advantage in the marketplace, and disrupt the imminent commercial launch of PSVR2 in February 2023. *See Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citing *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500-WQH-BGS, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

Moreover, this Court has already determined that SIE's confidential material at issue here warrants sealing. The Court ordered redaction of a description of SIE's confidential material within Plaintiff Federal Trade Commission's Exhibit List (ECF No. 242) that contained the same secret project codename for PSVR2 present in the descriptions in Defendants' Amended Exhibit List and Second Amended Exhibit List. *See* Order Granting in Part & Den. in Part Admin. Mot. to File Under Seal Pl.'s Ex. List, ECF No. 396.

### III. THE COMPELLING REASONS TO SEAL OUTWEIGH ANY PUBLIC INTEREST IN THE REDACTED MATERIAL

SIE's request to seal Defendants' Amended Exhibit List and Second Amended Exhibit List is the result of its good faith effort to seek the sealing only of information that is confidential, commercially or competitively-sensitive, and cannot be protected from public disclosure through less restrictive means. There is little legitimate public interest in the disclosure of this limited amount of sensitive information that SIE seeks to redact, which amounts to the description of a single SIE document. Any public interest in disclosing the redacted information in Defendants' Amended Exhibit List and Second Amended Exhibit List is outweighed by the prejudice that will result to SIE, a non-party that "did not voluntarily put [its information] at issue in this litigation," if no protection is granted. *United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014) (granting motion to seal third-party trial exhibits, noting that disclosure would "chill investigations in the future where third party documents are essential."); *see also Ctr. for Auto Safety*, 809 F.3d at 1097.

### IV. CONCLUSION

For the foregoing reasons, SIE respectfully requests that the Court grant Defendants' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 386 and 397) and maintain under seal SIE's confidential information listed in the chart above.

Dated: December 9, 2022

Respectfully submitted,

<u>/s/ Everett K. Coraor</u>

Everett K. Coraor (admitted *pro hac vice*)
ecoraor@cgsh.com
2112 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
T: 202-974-1563

Ye Eun Chun (Bar No. 331459)
chchun@cgsh.com
1841 Page Mill Road, Suite 250
Palo Alto, CA 94304
T: 650-815-4111

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*Counsel for Non-Party Sony Interactive Entertainment LLC*