UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

META PLATFORMS INC., et al.,

Defendants.

Case No.   22-cv-04325-EJD

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF FTC'S MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING THIRD-PARTY WITNESSES**

Re: ECF No. 280

Plaintiff Federal Trade Commission (the "FTC") moves *in limine* to exclude all evidence concerning third-party witnesses Eric Janszen, Jaime Pichardo Garcia, and Preston Lewis on the basis that these witnesses were untimely disclosed.  ECF No. 280 ("Motion").  Having considered the arguments presented in the Parties' briefs and oral arguments, the Court GRANTS IN PART and DENIES IN PART the FTC's Motion.

## I.    Legal Standard

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to make initial disclosures providing "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Parties must supplement their disclosures in a timely manner.  Fed. R. Civ. P. 26(e)(1)(A).  Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."  *Hoffman v. Constr. Protective Serv., Inc.*, 541 F.3d

Case No.: 22-cv-04325-EJD
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION IN LIMINE

1

1175, 1179 (9th Cir. 2008).  "The party facing sanctions bears the burden of proving that its

failure to disclose the required information was substantially justified or is harmless."  *Unicolors,*

*Inc. v. H&M Hennes & Mauritz L.P.*, 52 F.4th 1054, 1073 (9th Cir. 2022) (citation omitted).

**II.     Discussion**

The disclosures of Mr. Janszen and Mr. Garcia are differently situated than that of Mr.

Lewis.  The Court addresses each in turn.

*1.     Eric Janszen and Jaime Pichardo Garcia*

The FTC identified Mr. Janszen and Mr. Garcia in its initial disclosures, and Defendants

indirectly disclosed them by identifying those individuals disclosed by the FTC in their initial

disclosures.  Mr. Janszen and Mr. Garcia were therefore timely disclosed by Defendants.  Even if

the disclosures were untimely, the FTC's prior identification would render harmless any tardiness.

*Hauschild v. City of Richmond & Magnus*, No. C 15-01556 WHA, 2015 WL 7351384, at *3 (N.D.

Cal. Nov. 20, 2015); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1041 (C.D.

Cal. 2018).  Accordingly, the FTC's Motion is DENIED as to Mr. Janszen and Mr. Garcia.

2.     *Preston Lewis*

In contrast, the FTC had no knowledge of Mr. Lewis prior to Defendants' service of his

declaration and deposition notice on November 5, 2022, despite Defendants' repeatedly contacts

with Mr. Lewis after September 6, 2022.  ECF No. 280-2 at 10.  Defendants' contention that

supplemental disclosure was not required until they had subjectively and definitively decided to

use Mr. Lewis's declaration is unavailing.  *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594,

605 (S.D. Cal. 2015) ("Requiring parties to disclose only those witnesses they subjectively intend

to use in substantiating their claims, rather than those they merely 'may use' as Rule 26 explicitly

requires, would erode the efficacy of the rule's disclosure requirements."); *Lopez v. UPS General*

*Serv. Corp.*, No. CV-S-04-0732-JCM-GWF, 2006 WL 8441568, at *3 (D. Nev. Jan. 19, 2006)

("Rule 26(a)(1)(A), however, is not so narrow as to only require disclosure of witnesses that the

party actually intends, at the time of disclosure, to use in the case.  Disclosure should be made if

United States District Court
Northern District of California

1    the party reasonably knows that it may use the person as a witness in support of its claims or

2    defenses.").  Here, Defendants would have known they might use Mr. Lewis's evidence prior to

3    his execution of the declaration, and were obligated to disclose him then.

4         Additionally, Defendants served Mr. Lewis's declaration one day past the November 4,

5    2022 deadline to serve third-party declarations.  As articulated by the Court on December 5, 2022,

6    although one day may appear a small delay, and despite the technological error that caused the last

7    step of the delay, timing is important.  Arbitrarily extending discovery deadlines serves only to

8    render those deadlines meaningless.  *See, e.g.*, *United States v. Ornelas*, 906 F.3d 1138, 1151 (9th

9    Cir. 2018).  The disclosure of Mr. Lewis was therefore untimely.

10        Defendants' untimeliness was not substantially justified.  Courts in this circuit weigh five

11   factors in analyzing substantial justification:  (1) the surprise to the party against whom the

12   evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which

13   allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the

14   nondisclosing party's explanation for its failure to disclose the evidence.  *See, e.g.*, *Moua v. IBM

15   Corp.*, No. 5:10-cv-01070-EJD, 2019 WL 917422, at *1 (N.D. Cal. Feb. 25, 2019).  The factors

16   here weigh in favor of exclusion.  First, the disclosure of Mr. Lewis was a surprise; Defendants

17   had not identified Mr. Lewis in their disclosures.  Second, because the declaration and service of

18   Mr. Lewis's deposition notice occurred only five days prior to the deposition, there was

19   insufficient time for the FTC to cure the surprise by conducting fulsome document discovery in

20   advance of the deposition.  Third, given the compressed timeline for the hearing on the

21   preliminary injunction, an additional witness will have a significant impact on the Court's hearing

22   schedule.  As for the fifth factor, Defendants stated in their oral and written arguments that they

23   did not disclose Mr. Lewis because they had not yet decided to use his testimony, and the work

24   product doctrine protected against disclosure.  Opp. at 8-9.  But certainty is not the standard for

25   disclosure.  And allowing litigants to evade their initial and supplemental disclosure obligations by

26   simply claiming they had not yet made up their minds would eviscerate the meaning of Rule 26

27   Case No.: 22-cv-04325-EJD

28   ORDER GRANTING IN PART AND DENYING IN PART
     PLAINTIFF'S MOTION IN LIMINE

United States District Court
Northern District of California

United States District Court
Northern District of California

disclosures.  Although the fourth factor is more neutral, the nature of Mr. Lewis's evidence, which Defendants say will concern the VR dedicated fitness market, does not outweigh the other factors, especially given that Mr. Janszen and Mr. Garcia will testify about the same topic.  *See* Opp. at 1-3.

Nor was the untimely disclosure harmless.  Defendants' delay in disclosing Mr. Lewis precluded the FTC from obtaining information from him during party discovery, which concluded on October 26, 2022 (ECF No. 86), and required the FTC to "make last-minute preparations and decisions on the run."  *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (affirming conclusion that untimely disclosure 10 months before trial was not harmless). The FTC's motion in *limine* to exclude Mr. Lewis's live testimony, declaration (DX1289), and deposition transcript (DX1218) is therefore GRANTED.

## III.     Conclusion

The Court GRANTS IN PART and DENIES IN PART the FTC's Motion, as follows:

1.     The Motion is DENIED as to Mr. Janszen and Mr. Garcia.

2.     The Motion is GRANTED as to Mr. Lewis.   Defendants shall not submit any declaration, testimony, or other evidence from Mr. Lewis in this action.

**IT IS SO ORDERED.**

Dated: December 9, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-04325-EJD
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION IN LIMINE

4