Christina M. Wong (CA Bar No. 288171)
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor, San Francisco,
California 94111-3909
Tel: (415) 576-3000
Fax: (415) 576-3099
Email: christina.wong@bakermckenzie.com

Mark H. Hamer (CA Bar No. 156997)
Creighton J. Macy (*pro hac vice*)
Marisa Dieken (CA Bar No. 317170)
**BAKER & MCKENZIE LLP**
815 Connecticut Ave NW
Washington, DC 20006
Tel: (202) 452-7000
Fax: (202) 452-7074
Email: mark.hamer@bakermckenzie.com
Email: creighton.macy@bakermckenzie.com
Email: marisa.dieken@bakermckenzie.com

Kayleigh Golish (*pro hac vice*)
**BAKER & MCKENZIE LLP**
452 Fifth Avenue
New York, NY 10018
Tel: (212) 636-1000
Fax: (212) 310-1600
Email: kayleigh.golish@bakermckenzie.com

*Counsel for Non-Parties Alphabet Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>                    Defendants. | CASE No. 5:22-cv-04325-EJD (SKV)<br><br>**NON-PARTY ALPHABET INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIAL REFERENCED IN DEFENDANT'S MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 443 AND 454)**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila |

NON-PARTY ALPHABET 79-5(F)(3) STATEMENT                    CASE NO. 5:22-cv-04325- EJD (SKV)

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

### I. Introduction

Pursuant to Civil Local Rule 79-5(f)(3), non-party Alphabet Inc. ("Alphabet") respectfully requests that the Court maintain under seal information that Alphabet designated as highly confidential under the Stipulated Protective Order (ECF No. 80), as identified in the chart below. The identified exhibits include confidential and competitively sensitive information produced by Alphabet in response to third-party subpoenas received from Defendant Meta Platforms, Inc. ("Meta") and Plaintiff Federal Trade Commission ("FTC").

On December 9, 2022 and December 11, 2022, Meta filed its Third Amended Exhibit List ("Meta's Third Amended Exhibit List") and Fourth Amended Exhibit List ("Meta's Fourth Amended Exhibit List") respectively, both of which cite to highly confidential documents produced by Alphabet, that were conditionally filed under seal with Defendant's Motions to Consider Whether Another Party's Materials Should be Sealed (ECF 443 and ECF 454, respectively).[1]

Alphabet submits this statement in support of sealing the portions of Meta's Third Amended and Fourth Amended Exhibit Lists identified below:

| Document | Portions to be Sealed | Basis for Sealing Request |
|---|---|---|
| Meta's Third Amended (ECF 444) and Fourth Amended (ECF 455) Exhibit Lists | Exhibit Description DX1245 | This text reveals the content of Alphabet's documents regarding its very recent business strategy, product evaluations, and research and development. This information is kept confidential within Alphabet. Disclosure of this information would harm Alphabet's competitive standing. Legitimate interests warrant sealing this confidential information since harm cannot be achieved through a less restrictive alternative to sealing. |
| Meta's Third Amended (ECF 444) and Fourth Amended | Exhibit Description DX1246 | This text reveals the content of Alphabet's documents regarding its very recent business strategy, product evaluations, and research and development. This information is kept confidential within Alphabet. Disclosure of this information would harm Alphabet's competitive standing. |

---

[1] Alphabet previously requested the court maintain under seal this same information (referenced in Meta's original exhibit list, Meta's Amended Exhibit List, and Meta's Second Amended Exhibit List) in its Statements in Support of Sealing Certain Confidential Material Referenced in Defendant's Motion to Consider Whether Another Party's Material Should be Sealed (ECF 318 and ECF 428). As of the time of this filing, the Court has yet to rule on Meta's Motions to Consider Whether Anther Party's Material Should be Sealed relating to Meta's original and subsequently amended exhibit lists.

Baker McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1

NON-PARTY ALPHABET 79-5(F)(3) STATEMENT                    CASE NO. 5:22-cv-04325- EJD (SKV)

| | | |
|---|---|---|
| (ECF 455) Exhibit Lists | | Legitimate interests warrant sealing this confidential information since harm cannot be achieved through a less restrictive alternative to sealing. |
| Meta's Third Amended (ECF 445) and Fourth Amended (ECF 455) Exhibit Lists | Exhibit Description DX1247 | This text reveals the content of Alphabet's documents regarding its very recent business strategy, product evaluations, research and development, and discussions of specific use cases under consideration that are held confidential within Alphabet. Disclosure of this information would harm Alphabet's competitive standing. Legitimate interests warrant sealing this confidential information since harm cannot be achieved through a less restrictive alternative to sealing. |
| Meta's Third Amended (ECF 444) and Fourth Amended (ECF 455) Exhibit Lists | Exhibit Description DX1248 | This text reveals the content of Alphabet's documents regarding its very recent product strategy considerations, product evaluations, and prospective financial and revenue evaluations. This information is kept confidential within Alphabet. Disclosure of this information would harm Alphabet's competitive standing. Legitimate interests warrant sealing this confidential information since harm cannot be achieved through a less restrictive alternative to sealing. |
| Meta's Third Amended (ECF 444) and Fourth Amended (ECF 455) Exhibit Lists | Exhibit Description DX1249 | This text reveals the content of Alphabet's documents regarding its ongoing business strategy, and very recent product evaluations, and research and development within a specific segment of Alphabet's investments in the VR space. This information is kept confidential within Alphabet. Disclosure of this information would harm Alphabet's competitive standing. Legitimate interests warrant sealing this confidential information since harm cannot be achieved through a less restrictive alternative to sealing. |

**II.   Good Cause Warrants Sealing of Alphabet's Confidential Business Information**

Civil Local Rule 79-5(c)(1) and (f)(3) require that the designating party explain in a specific statement and/or declaration the applicable legal standard and the reasons for sealing a document, including "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).

For non-parties in a non-dispositive motion, the legal standard requires a showing of "good cause" for sealing information. *E.g.*, *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-

2

NON-PARTY ALPHABET 79-5(F)(3) STATEMENT        CASE NO. 5:22-cv-04325- EJD (SKV)

Baker McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
+1 415 576 3000

80, (9th Cir. 2006). "[C]onfidential business information" such as "business strategies" meets the standard to seal the document from disclosure. *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-cv-04405-HSG, 2020 U.S. Dist. LEXIS 44014, at *3-4 (N.D. Cal. Mar. 13, 2020). The Court has "broad latitude…to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Courts routinely seal business information of a confidential nature, particularly information pertaining to business strategy decisions under the good cause and the more stringent compelling reasons standards. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-cv-06370-EJD, 2022 U.S. Dist. LEXIS 97991, at *4 (N.D. Cal. June 1, 2022) (collecting cases); *Plexxikon Inc. v. Novartis Pharm. Corp.,* No. 17-cv-04405-HSG, 2022 U.S. Dist. LEXIS 60572, at *4 (N.D. Cal. Mar. 31, 2022) (sealing "confidential business information" that included "business strategies"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 U.S. Dist. LEXIS 68121, at *19 (N.D. Cal. Apr. 22, 2019) (sealing information concerning research and development and business strategy decisions). Courts consistently recognize that there is good cause, and even "compelling reasons," to seal information as required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589. 598 (1978)); *see also In re Qualcomm Litig.*, No. 3:17-cv-0108, 2017 U.S. Dist. LEXIS 185481, at *10 (S.D. Cal. Nov. 8, 2017) (sealing material to "prevent competitors from gaining insight into the parties' business model and strategy" as "[s]uch insight could harm the parties in future negotiations with existing customers, third-parties, and other entities with whom they do business.").

Meta's Third Amended and Fourth Amended Exhibit Lists denoting Alphabet documents designated "highly confidential" and provided to Meta and the FTC subject to the Stipulated Protective Order (EFC 80) reveal competitively sensitive business information regarding Alphabet's very recent evaluations (up through October 2022) of possible AR/VR use cases for products and

Baker McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

3

NON-PARTY ALPHABET 79-5(F)(3) STATEMENT                                   CASE NO. 5:22-cv-04325- EJD (SKV)

services. The existence of these documents and discussions about the enclosed materials are closely guarded even within Alphabet. Alphabet limits access to such information, and in particular its research and development considerations, to prevent disclosure of contemplated features or release strategies from the public and competitors.

Public disclosure of these references to Alphabet's confidential information would cause economic harm by informing competitors of Alphabet's potential contemplated business strategies. It could empower customers, competitors, or other parties with insight into Alphabet's current and future plans and investments, and minimize the effect of Alphabet's research and development and marketing strategies in the future. A strategy assessment about whether to develop new devices and technology is classic competitively sensitive information that should not be accessible to Alphabet's competitors.

As relief, Alphabet proposes very discrete redactions of Meta's Third and Fourth Amended Exhibit Lists. Protecting Alphabet's competitive standing cannot be achieved through less restrictive means.

These redactions of Meta's Third Amended and Fourth Amended Exhibit Lists are especially appropriate given Alphabet's position as a non-party in this litigation. *See United States v. Bazaarvoice, Inc.*, No. 13-cv-00133-WHO, 2014 U.S. Dist. LEXIS 3244, at *5 (N.D. Cal. Jan. 8, 2014) (sealing third-party material that contained "competitive information" because it "could cause damage to the third parties if made public" and "third parties did not voluntarily put it at issue in this litigation"). Therefore, any public interest of disclosing the limited confidential information is outweighed by the prejudice caused to Alphabet as a non-party by disclosure. *See Ctr. for Auto Safety*, 809 F.3d at 1097.

### III. Conclusion

For the foregoing reasons, Alphabet respectfully requests the Court seal the above identified portions of Meta's Third Amended and Fourth Amended Exhibit Lists.

Baker McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

4

NON-PARTY ALPHABET 79-5(F)(3) STATEMENT                    CASE NO. 5:22-cv-04325- EJD (SKV)

Dated: December 16, 2022

*/s/ Mark H. Hamer*
Mark H. Hamer

Mark H. Hamer (CA Bar No. 156997)
Creighton Macy (*pro hac vice*)
Marisa Dieken (CA Bar No. 317170)
**BAKER & MCKENZIE LLP**
815 Connecticut Avenue NW
Washington, DC 20006
mark.hamer@bakermckenzie.com
creighton.macy@bakermckenzie.com
marisa.dieken@bakermckenzie.com

Kayleigh Golish (*pro hac vice*)
**BAKER & MCKENZIE LLP**
452 Fifth Avenue
New York, NY 10018
Tel: (212) 636-1000
Fax: (212) 310-1600
Email: kayleigh.golish@bakermckenzie.com

Christina M. Wong (CA Bar No. 288171)
**BAKER & MCKENZIE LLP**
Two Embarcadero Center, 11th Floor, San Francisco, California 94111-3909
Tel: (415) 576-3000
Fax: (415) 576-3099
Email: christina.wong@bakermckenzie.com

*Counsel for Non-Parties Alphabet Inc.*

5

Baker McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NON-PARTY ALPHABET 79-5(F)(3) STATEMENT   CASE NO. 5:22-cv-04325- EJD (SKV)

# **CERTIFICATE OF SERVICE**

I, __Mark H. Hamer__, hereby certify that on December 16, 2022, I caused to be electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Northern District of California by using the Court's CM/ECF System.

Participants in this case who are registered CM/ECF users will be served by the Court's CM/ECF system.

_/s/ Mark H. Hamer_

6

Non-Party Alphabet 79-5(F)(3) Statement — Case No. 5:22-cv-04325- EJD (SKV)

Baker McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000