Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4660
Facsimile: (213) 621-5430
Email: caroline.vanness@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, DC 20005-2111
Telephone: (202) 371-7000
Facsimile: (202) 393-5760
Email: steven.sunshine@skadden.com

Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile:  (212) 735-2000
Email: evan.kreiner@skadden.com

Counsel for Non-Party Apple Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br><br>         v.<br><br>META PLATFORMS, INC., et al.,<br><br>                              Defendants. | CASE NO. 5:22-cv-04325-EJD (SVK)<br><br>**NON-PARTY APPLE INC.'S STATEMENT RE: DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Location:  Courtroom 4 – 5th Floor<br>Judge:  Honorable Edward J. Davila |

I.     **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, Non-Party Apple Inc. ("Apple") respectfully seeks to seal certain titles of documents contained in Defendants' Fourth Amended Exhibit List (Dkt. 454-3), which reference highly confidential presentations by Apple that were intended for internal use only. The documents contain the following non-public, highly sensitive, and confidential business information that could affect Apple's competitive standing, as further described below and in the Declaration of Brendan McNamara (Dkt. 297-1) ("McNamara Decl."), which was previously filed in connection with Apple's Statement regarding Defendants' Exhibit List (Dkt. 297):

| Document | Portions to be Filed Under Seal | Basis for Sealing Portion of Document | Party Claiming Confidentiality |
|---|---|---|---|
| Fourth Amended Exhibit List | Exhibit DX1255 Description | This text contains information that could disclose the presence, absence, and/or contours of Apple's product plans that Apple does not disclose publicly, and the disclosure of which will harm Apple competitively. | Apple |
| Fourth Amended Exhibit List | Exhibit DX1257 Description | This text contains information that could disclose the presence, absence, and/or contours of Apple's product plans that Apple does not disclose publicly, and the disclosure of which will harm Apple competitively. | Apple |
| Fourth Amended Exhibit List | Exhibit DX1258 Description | This text contains information that could disclose the presence, absence, and/or contours of Apple's product plans that Apple does not disclose publicly, and the disclosure of which will harm Apple competitively. | Apple |
| Fourth Amended Exhibit List | Exhibit DX1259 Description | This text contains information that could disclose the presence, absence, and/or contours of Apple's product plans that Apple does not | Apple |

| Document | Portions to be Filed Under Seal | Basis for Sealing Portion of Document | Party Claiming Confidentiality |
|---|---|---|---|
| | | disclose publicly, and the disclosure of which will harm Apple competitively. | |
| Fourth Amended Exhibit List | Exhibit DX1261 Description | This text contains information that could disclose the presence, absence, and/or contours of Apple's product plans that Apple does not disclose publicly, and the disclosure of which will harm Apple competitively. | Apple |

## II. LEGAL STANDARD

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have broad discretion to protect documents that reflect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). "[T]he common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (alteration in original) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Where a non-party seeks to seal information "more than tangentially related to the underlying cause of action," the non-party must show "compelling reasons" for sealing. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court"; examples include when a court record can be used "as sources of business information that might harm a litigant's competitive standing." *See Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotations and citations omitted).

Courts have found "compelling reasons" to seal information where revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *See Roley v.*

*Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (alteration in original); *see also Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (finding "compelling reasons" to seal "proprietary work product . . . prepared by [the non-party] in furtherance of its internal business development"); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding "compelling reasons" to seal "information regarding the parties' prospective business plans, dealings and strategies"); *Rodman v. Safeway Inc.*, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (finding "compelling reasons" to seal information discussing "business decision-making" which would "expose [defendant] to competitive harm if disclosed").

### III.  COMPELLING REASONS EXIST TO SEAL APPLE'S INFORMATION

The Fourth Amended Exhibit List contains the titles of documents that could disclose the presence, absence, and/or contours of any plans Apple may have related to its Fitness+ product (a video on demand guided workout and mindfulness streaming service) or any other secret future product plans.

Public disclosure of this information would significantly harm Apple's competitive standing. (Dkt. 297-1, McNamara Decl. ¶¶ 7, 11.)  Apple has limited any public disclosure—and even disclosure within Apple—of its future product plans. (*Id.* ¶¶ 5-6.)  For well over a decade, Apple has closely guarded any plans it has, or does not have, to release new products.  Apple has kept these plans top-secret in order to, among other reasons, avoid informing competitors or potential competitors—including Meta—about Apple's future product plans. (*Id.* ¶¶ 7, 11.)

The public and Apple's potential competitors have been keenly interested in details about Apple's secret future product plans:  public speculation around Apple's plans has been rampant and unconfirmed for years.  *See* Shara Tibken, *Apple's working on a powerful, wireless headset for both AR, VR*, CNET (Apr. 27, 2018) (claiming release slated for 2020), https://www.cnet.com/tech/mobile/apple-is-working-on-an-ar-augmented-reality-vr-virtual-reality-headset-powered-by-a-wireless-wigig-hub/?ftag=COS-05-10aaa0b&linkId=51043864.  Disclosure of the information Apple seeks to seal thus would dampen the effect of any potential announcement by Apple related to future product plans, empower Apple's potential competitors to adjust their own

strategies, and significantly harm Apple's competitive standing that it has zealously protected by keeping its future product plans top-secret. (Dkt. 297-1, McNamara Decl. ¶¶ 7, 11.)

The information Apple seeks to seal is narrowly tailored. The redactions are limited to only the descriptions of documents that could disclose Apple's secret future product plans—or lack thereof—which must be withheld from the general public and Apple's competitors to prevent any competitive harm to Apple. (*Id.* ¶ 3.) Additionally, neither Defendants nor the FTC intends to oppose Apple's request to keep these materials under seal.

## IV. CONCLUSION

For the foregoing reasons, and as further set forth in the previously filed McNamara Decl., the Court should seal the identified portions of the Fourth Amended Exhibit List.

DATED: December 16, 2022

By: */s/ Caroline Van Ness*

Caroline Van Ness (Bar No. 281675)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, CA 94301
Telephone: (650) 470-4686
caroline.vanness@skadden.com

Steven C. Sunshine (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7860
steve.sunshine@skadden.com

Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-2491
evan.kreiner@skadden.com

*Counsel for Non-Party Apple Inc.*