Squire Patton Boggs (US) LLP
Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Shima Vasseghi (State Bar # 319985)
shima.vasseghi@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

Attorneys for Non-Party
lululemon athletica inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendant. | Case No. 5:22-cv-04325-EJD<br><br>**NON-PARTY LULULEMON ATHLETICA, INC.'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY DEFENDANT PROVISIONALLY UNDER SEAL [ECF NO. 513] [L.R. 79-5(f)(3)]** |

Pursuant to Civil Local Rule 79-5(f)(3), Non-Party lululemon athletica inc. ("lululemon") respectfully requests that this Court maintain under seal its confidential information cited in Defendants Meta Platforms, Inc. and Within Unlimited, Inc.'s (collectively, "Defendants") Post-Hearing Proposed Findings of Fact and Conclusions of Law ("Proposed Findings"). This confidential and competitively sensitive information produced by lululemon in response to a third-party subpoena from Meta, designated as Highly Confidential by the parties, and filed provisionally under seal pursuant to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 513). In addition to the bases set forth in Defendants' Administrative Motion to Seal (ECF No. 513),

lululemon submits this statement to provide support for maintaining under seal the lululemon-specific confidential business information cited within the Proposed Findings. Specifically, lululemon seeks to maintain under seal the following:

| Document | Portions to Maintain Under Seal | Basis for Sealing Request |
|---|---|---|
| **Defendants' Proposed Post-Hearing Findings of Fact and Conclusions of Law** | Paragraph 77, lines 22-23 | These lines describe sensitive, non-public documents produced by lululemon pursuant to protective order containing lululemon's internal evaluation of the digital fitness space and contains subscription metrics, strategic evaluation of its competitors and their commercial activities, product analysis, and confidential financial and sales data that could be used to injure lululemon if it were made publicly available. Legitimate private interests warrant the sealing of the lululemon-specific information on this page, and the unsealing of this information would result in injury to lululemon that could not be avoided through any less restrictive alternative to sealing. |
| **Defendants' Proposed Post-Hearing Findings of Fact and** | Paragraph 78, lines 2-5 | These lines describe sensitive, non-public documents produced by lululemon pursuant to protective order containing lululemon's internal evaluation of the digital fitness space and contains subscription metrics, strategic evaluation of its competitors and their commercial activities, product analysis, and |

| | | |
|---|---|---|
| Conclusions of Law | | confidential financial and sales data that could be used to injure lululemon if it were made publicly available. Legitimate private interests warrant the sealing of the lululemon-specific information on this page, and the unsealing of this information would result in injury to lululemon that could not be avoided through any less restrictive alternative to sealing. |
| Defendants' Proposed Post-Hearing Findings of Fact and Conclusions of Law | Paragraph 92, lines 28, 1, and 2 | These lines describe sensitive, nonpublic documents produced by lululemon pursuant to protective order containing lululemon's internal evaluation of the digital fitness space and contains subscription metrics, strategic evaluation of its competitors and their commercial activities, product analysis, and confidential financial and sales data that could be used to injure lululemon if it were made publicly available. Legitimate private interests warrant the sealing of the lululemon-specific information on this page, and the unsealing of this information would result in injury to lululemon that could not be avoided through any less restrictive alternative to sealing. |
| Defendants' Proposed Post-Hearing | Paragraph 364, lines 6-8 | These lines describe sensitive, non-public documents produced by lululemon pursuant to protective order containing lululemon's internal evaluation of the digital fitness space |

| | | |
|---|---|---|
| **Findings of Fact and Conclusions of Law** | | and contains subscription metrics, strategic evaluation of its competitors and their commercial activities, product analysis, and confidential financial and sales data that could be used to injure lululemon if it were made publicly available. Legitimate private interests warrant the sealing of the lululemon-specific information on this page, and the unsealing of this information would result in injury to lululemon that could not be avoided through any less restrictive alternative to sealing. |

## I. Non-Party lululemon Seeks To Maintain Confidentiality Over The Proprietary Business Information Produced In This Case Pursuant To Third-Party Subpoena

Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). In particular, if revealing "confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies," a court may seal these materials. *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020); *see also Krieger v. Atheros Commc'ns, Inc.*, No. 11-cv-00640-LHK, 2011 WL 2550831 at *1 (N.D. Cal. June 25, 2011) (granting motion to seal material that disclosed "financial projections, discussions of business strategy, and competitive analysis"). This power

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

reflects the notion that "access to judicial records is not absolute." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

lululemon is not a party to this public controversy, rather, the parties in this matter have invoked the Court's power to subpoena documents and information from it, which it designated as Highly Confidential and produced pursuant to protective order. lululemon now seeks to maintain the confidentiality of this proprietary business information that Defendants seek to utilize to support its Proposed Findings in this case. The documents that lululemon seeks to maintain protection over contain a variety of sensitive information, including lululemon's subscription metrics, user base analysis, strategic evaluations of other commercial participants in the connected fitness and digital fitness app marketplace, certain non-public financial data, as well as present and future product development considerations, strategies, and projections.

## II. <u>Not Maintaining The Seal On lululemon's Confidential Business Information Would Subject lululemon To Harm In The Marketplace</u>

Public disclosure of this confidential and competitively sensitive information would significantly harm lululemon—and the consumers of its products—by revealing its confidential analyses and strategic plans concerning its current and projected product development and business dealings. Disclosure of this redacted information would provide other commercial participants in the connected fitness and digital fitness app marketplace with private data about lululemon's product performance and business strategy that could harm lululemon's ability to compete. *See Cont'l Auto. Sys. V. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019); *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that courts regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing."). Moreover, disclosure of this information would undermine the time and resources lululemon has devoted to its product and marketing development and threaten

consumer choice. *See Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012).

### III. No Less Restrictive Alternative To Sealing Is Sufficient

lululemon's sealing request is the result of its good faith effort to seek sealing only of information which is confidential, commercially-sensitive, and cannot be protected from public disclosure through less restrictive means. The redactions are minimal in scope, comprising only of twelve lines that describe documents that are already designated as Highly Confidential by the parties and produced pursuant to protective order. There is little legitimate public interest in the disclosure of the small amount of highly sensitive information that lululemon seeks to redact – particularly given that the information relates only to lululemon, a non-party that "did not put it at issue in this litigation." *See United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014). Any public interest in disclosure of the limited information in the redactions is outweighed by the prejudice that will result to lululemon if no protection is granted. *Ctr. For Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 109, 1097 (9th Cir. 2016).

### IV. Conclusion

For the foregoing reasons, lululemon respectfully requests that the Court grant Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 513) and maintain under seal the lululemon-specific confidential business information listed in the chart above.

Dated: December 30, 2022                     Squire Patton Boggs (US) LLP

                                             By: /s/ *Adam R. Fox*
                                                 Adam R. Fox
                                                 Shima Vasseghi
                                             Attorneys for Non-Party
                                             lululemon athletica inc..