Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940

Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Aaron M. Panner (*pro hac vice*)
apanner@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**DEFENDANT META PLATFORMS, INC.'S AND ODDERS LAB'S JOINT STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL BUSINESS MATERIAL FILED BY PLAINTIFF PROVISIONALLY UNDER SEAL [ECF NO. 515] [L.R. 79-5(f)(3)]**<br><br>Dept.: Courtroom 4 – 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 79-5(f)(3), Defendant Meta Platforms, Inc. ("Meta") and non-party Odders Lab ("Odders") respectfully request that the Court maintain under seal the confidential information identified below, which was provisionally filed under seal pursuant to Plaintiff Federal Trade Commission's ("FTC" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should be Sealed ("Plaintiff's Motion") (ECF No. 515).  Applying the appropriate legal standards in this District, this sealing request narrows the information that would be maintained under seal in the FTC's Post-Hearing Findings of Fact and Conclusions of Law (hereafter "FoF-CoL").

Odders is not a party to this litigation, but it has previously submitted a declaration in support of sealing this same information in connection with another motion (ECF No. 384).  As described in the declaration of Jaime Pichardo Garcia, attached as Exhibit A, compelling reasons exist to again maintain this information under seal.  And although Meta did not designate this information as confidential, Meta joins this statement because the information sought to be sealed reflects highly proprietary details of its financial relationship with Odders.  Meta also previously supported sealing this information (ECF No. 369) and this Court granted that motion to seal (ECF No. 402).  The Court should thus maintain under seal the information identified below.

| Page and Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| Portion of Finding of Fact ¶ 351 | All information highlighted teal in the unredacted FoF-CoL | This paragraph contains non-public and highly confidential information about Odders' relationship with Meta, including sensitive financial aspects of that relationship. |
| Portion of Finding of Fact ¶ 352 | All information highlighted teal in the unredacted FoF-CoL | This paragraph contains non-public and highly confidential information about Odders' |

---

[1] This chart notes the competitively sensitive nature of the information sought to be sealed.  For all of these entries, the unsealing of this highly confidential and sensitive information would cause injury to Meta that could not be avoided through less restrictive alternatives, particularly given that Meta has narrowed the information it seeks to maintain under seal.

| Page and Line | Portion(s) to Maintain Under Seal | Basis for Sealing Request[1] |
|---|---|---|
| | | relationship with Meta, including sensitive financial aspects of that relationship. |

The proposed redactions above reflect Meta's and Odders' good-faith effort to seek sealing of only that information which is competitively sensitive, contained in internal documents only, and cannot be protected from public disclosure through any more restrictive means.

I.  **Sealing Limited Portions of Plaintiff's FoF-CoL Containing Meta's and Odders' Confidential Business Information Is Warranted Under Ninth Circuit Precedent**

In the Ninth Circuit, "[p]arties seeking to seal judicial records relating to motions that are 'more than tangentially related to the underlying cause of action,' bear the burden of overcoming the presumption with 'compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.'" *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-CV-01389-EJD, 2022 WL 2313948, at *1 (N.D. Cal. June 28, 2022). Courts in this Circuit regularly find that sealing is warranted where the records or information that is sought to be sealed could be used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Electronic Arts, Inc.*, 298 Fed. Appx. at 569 (same); *Velasco v. Chrysler Grp. LLC*, No. CV 13-08080, 2017 U.S. Dist. LEXIS 11773, at *8 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' . . . 'internal policies and strategies'").

"The Ninth Circuit has explained that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Velasco*, 2017 U.S. Dist. LEXIS 11773, at *7 (quoting *In re Elect. Arts, Inc.*, 298 F. App'x at 569 ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'")). A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other

2

confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## II. Sealing Limited Portions of Plaintiff's FoF-CoL Is Necessary to Protect Meta's and Odders' Confidential and Proprietary Business Information

Meta and Odders seek to maintain under seal narrowly tailored excerpts of Plaintiff's FoF-CoL that contain information on the financial relationship between Meta and Odders Lab. The Court has previously sealed this exact information. *See See* ECF No. 402. And for good reason: Disclosure of this information would provide Meta's competitors with private data about Meta's financial relationships with third parties, which could harm both Meta's and Odders' competitive standing. *See Cont'l Auto. Sys. v. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at *13 (N.D. Cal. Dec. 5, 2019). Further, Meta's and Odders' proposed redactions are narrowly tailored to include only the specific portions of Plaintiff's FoF-CoL that reflect confidential information, and thus do not unduly limit public access.

## III. Conclusion

Compelling reasons justify Meta's and Odders' request for sealing of their confidential business information in Plaintiff's FoF-CoL. Meta and Odders respectfully requests that this Court grant Plaintiff's Motion to Seal.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  January 4, 2023 | Respectfully submitted, |
| 3 | | By: /s/ Bambo Obaro |
| 4 | | |
| 5 | | Bambo Obaro (Bar No. 267683)<br>WEIL, GOTSHAL & MANGES LLP<br>201 Redwood Shores Parkway, 6th Floor<br>Redwood Shores, CA 94065-1134<br>Telephone:  (650) 802-3000<br>Facsimile:  (650) 802-3100<br>bambo.obaro@weil.com |

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com

Liz Ryan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone:  (214) 746-7700
Facsimile:  (214) 746-7777
liz.ryan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

4

Mark C. Hansen (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
Julius P. Taranto (*pro hac vice*)
Alex A. Parkinson (*pro hac vice*)
Ana N. Paul (*pro hac vice*)
L. Vivian Dong (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
 FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
apanner@kellogghansen.com
jtaranto@kellogghansen.com
aparkinson@kellogghansen.com
apaul@kellogghansen.com
vdong@kellogghansen.com

*Counsel for Defendant Meta Platforms, Inc.*

By: /s/ *Jaime Pichardo Garcia*

Jaime Pichardo Garcia
Odders Lab

---

META AND ODDERS LAB JOINT
CIV. L. R. 79-5(F)(3) STATEMENT

5

Case No. 5:22-cv-04325-EJD

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Bambo Obaro, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that all signatories concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

Dated: January 4, 2023                    */s/ Bambo Obaro*
                                                                          BAMBO OBARO