Abby L. Dennis, DC Bar No. 994476
Peggy Bayer Femenella, DC Bar No. 472770
Joshua Goodman, NY Bar (No Number)
Jeanine Balbach, MD Bar (No Number)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

*adennis@ftc.gov; pbayer@ftc.gov;
jgoodman@ftc.gov; jbalbach@ftc.gov*

[Additional counsel identified on signature page in accordance with Local Rule 3-4(a)(1)]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC., et al.** <br><br> Defendants. | Case No. 5:22-cv-04325-EJD <br><br> **PLAINTIFF'S EMERGENCY MOTION FOR AN EXTENSION OF THE JOINT STIPULATED TRO** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, as soon as the matter may be heard, Plaintiff Federal Trade Commission ("FTC" or "Commission") hereby moves the Court for an emergency extension of the Joint Stipulated Temporary Restraining Order (Dkt. No. 508) (the "Joint Stipulated TRO") pursuant to Federal Rule of Civil Procedure 65(b)(2) so that Meta Platforms, Inc. ("Meta") and Within Unlimited, Inc. ("Within") may not close or consummate Meta's acquisition of Within (the "Acquisition") until after 11:59 p.m. Pacific Time on the first business day after the Court rules on the FTC's Motion for a Preliminary Injunction. In the alternative, the FTC requests a 7-day extension of the Joint Stipulated TRO, which would eliminate the need for an additional immediate emergency motion in the event the Court denies the preliminary injunction. The FTC respectfully requests the Court to issue this relief prior to 11:59 PM tonight, January 31, 2023—the date and time after which the Joint Stipulated TRO will expire—to preserve the status quo until the Court rules on the preliminary injunction and the parties can determine their immediate next steps.

The FTC's motion is based on this Notice of Motion; the Memorandum of Points and Authorities in Support and Declaration filed concurrently; all other pleadings on file in this action; and any other written or oral argument that the FTC may present to the Court.

DATED: January 31, 2023                         Respectfully submitted,

                                                /s/ Abby L. Dennis
                                                Abby L. Dennis

## MEMORANDUM OF POINTS AND AUTHORITIES

Under the Joint Stipulated TRO, Defendants may consummate the proposed Acquisition after January 31, 2023 at 11:59 PM Pacific Standard Time, or on "the first (1st) business day after the District Court rules on the FTC's request for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, whichever occurs earlier in time." Dkt. No. 508 at 6. Accordingly, if the Court does not rule today on the FTC's Motion for a Preliminary Injunction, Defendants can close or consummate the Acquisition tonight after 11:59 PM Pacific Time.

Without an extension of the Joint Stipulated TRO, Defendants will be able to consummate the Acquisition. And consummation will irreparably harm the FTC's ability to obtain effective relief for the public at the conclusion of any further proceedings. By contrast, Defendants will not be prejudiced by the minimal delay caused by a short extension of the TRO.

The FTC thus respectfully moves this Court for a short extension of the Joint Stipulated TRO pursuant to Rule 65(b), preventing the parties from consummating the transaction until 11:59 PM Pacific Time on the first business day following the Court's preliminary injunction ruling. In the alternative, the FTC requests a 7-day extension, which would eliminate the need for an additional immediate emergency motion in the event the Court denies the preliminary injunction. This requested relief is necessary to preserve the status quo, which would otherwise be irreparably altered once the merger is consummated.

Given that Defendants can close the proposed Acquisition after 11:59 PM tonight if the Court does not rule on the preliminary injunction by then, the FTC respectfully requests that the Court rule on this motion as soon as possible but no later than 11:59 PM tonight.

## ARGUMENT

Federal Rule of Civil Procedure 65(b) permits the district court, for good cause, to extend the expiration date of a temporary restraining order. Fed. R. Civ. P. 65(b)(2) ("The [temporary restraining] order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."); *Castellanos v. Countrywide Bank, NA*, 15-cv-896, 2015 WL 914436, at

1  *3 (N.D. Cal. Feb. 27, 2015) (Davila, J.) (extending previously issued TRO for 14 days); *Humana Ins. Co. v. Tenet Health Sys.*, 1:16-cv-1450, 2016 WL 6094676, at *7 (E.D. Cal. Oct. 17, 2016) (same). The temporary restraining order is "an equitable device for preserving the status quo and preventing the irreparable loss of rights." *Textile Unlimited, Inc. v. A. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). Moreover, the Court possesses even "greater power" to fashion equitable relief "in defense of the public interest than it has when only private interests are involved." *Cal. ex rel. Van de Kamp v. Tahoe Reg. Planning Agency*, 766 F.2d 1319, 1324 (9th Cir. 1985).

Here, there is good cause for the FTC's requested short extension of the Joint Stipulated TRO. If Defendants are allowed to merge, the status quo will be irreparably altered, and the FTC's ability to obtain full and effective relief at the conclusion of any further proceedings will be seriously prejudiced if not foreclosed altogether. Unless the Court issues its ruling on the preliminary injunction today, or grants this requested TRO extension, Defendants will be free to consummate the Acquisition after 11:59 PM tonight. Constructing and enforcing an effective divestiture order after merging parties have combined their operations has historically been exceedingly difficult or even impossible. *See, e.g.*, *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1165 (9th Cir. 1984) (recognizing effective relief would be impossible once transaction occurred). At that point, "it is extraordinarily difficult to unscramble the egg" and "to preserve competition." *FTC v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 352-53 (3d Cir. 2016) (cleaned up).

The public has a strong interest in the effective enforcement of the antitrust laws. *See United States v. E. I. du Pont de Nemours & Co.*, 366 U.S. 316, 323 (1961). Denying the requested relief would undermine that interest by denying the public the opportunity to obtain full and complete relief should the FTC ultimately prevail on the merits. *Cf. Warner*, 742 F.2d at 1165 (denial of injunction "would preclude effective relief if the Commission ultimately prevails and divestiture is ordered").

Defendants, on the other hand, will suffer no harm or little harm from a brief extension of the Joint Stipulated TRO. The parties began exploring the Acquisition over eighteen months ago; postponing it a few more days will not make a difference. Moreover, "the parties have until April

to consummate this deal or they can walk." Hr'g Tr. at 46:21-23. A short delay therefore will not imperil the deal. Nor will it affect the start of the administrative trial on the merits, which is now set to begin on February 13, 2023. *In the Matter of Meta Platforms, Inc., Mark Zuckerberg, and Within Unlimited, Inc.*, Dkt. No. 9411 (First Revised Scheduling Order, Jan. 11, 2023) at 2.

\*   \*   \*

If the Court grants the FTC's Motion for a Preliminary Injunction today, the transaction will be enjoined pending completion of the administrative proceedings, and this motion will be moot. If, however, the Court *denies* the preliminary injunction today, the parties may consummate the merger on the first business day following the ruling, i.e., tomorrow. Dkt. 508 at 6. In that event, the FTC expects to move for further emergency relief to preserve the status quo while it (1) evaluates the Court's decision and obtains the necessary internal approvals for any appeal and (2) prepares and files a motion for an injunction pending appeal under Rule 62, if an appeal is taken. Fed. R. Civ. P. 62(d); *see Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2021) (a temporary stay can preserve the status quo while a court considers whether to grant relief pending appeal).

Accordingly, in the alternative, the FTC requests that the Court extend the Joint Stipulated TRO seven days, such that the parties could not consummate the deal until after 11:59 PM on February 7. A 7-day extension would obviate the need for an additional immediate emergency motion in the event the Court denies the preliminary injunction. In that event, the FTC would file any Rule 62 motion for an injunction pending appeal by or on February 7.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court extend the Joint Stipulated TRO (Dkt. No. 508) pursuant to Rule 65(b), so that Meta and Within cannot close or consummate the proposed Acquisition until after 11:59 p.m. Pacific Standard Time on the first business day after the Court rules on the FTC's Motion for a Preliminary Injunction. In the alternative, Plaintiff requests that the Court extend the Joint Stipulated TRO seven days, so that the parties cannot consummate the Acquisition until after 11:59 p.m. Pacific Standard Time on

February 7, 2023.

| | |
|---|---|
| Dated: January 31, 2023 | Respectfully submitted,<br><br>*/s/ Abby L. Dennis*<br>Abby L. Dennis<br>Peggy Bayer Femenella<br>Joshua Goodman<br>Jeanine Balbach<br>Michael Barnett<br>E. Eric Elmore<br>Justin Epner<br>Sean D. Hughto<br>Frances Anne Johnson<br>Andrew Lowdon<br>Lincoln Mayer<br>Erika Meyers<br>Susan A. Musser<br>Adam Pergament<br>Kristian Rogers<br>Anthony R. Saunders<br>Timothy Singer<br>James H. Weingarten<br><br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>Tel: (202) 326-2381<br><br>Erika Wodinsky<br>90 7th Street, Suite 14-300<br>San Francisco, CA 94103<br>Tel: (415) 848-5190<br><br>*Counsel for Plaintiff Federal Trade Commission* |