Mark C. Hansen (*pro hac vice*)
mhansen@kellogghansen.com
Geoffrey M. Klineberg (*pro hac vice*)
gklineberg@kellogghansen.com
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999

Michael Moiseyev (*pro hac vice*)
michael.moiseyev@weil.com
Chantale Fiebig (*pro hac vice*)
chantale.fiebig@weil.com
Jeffrey H. Perry (*pro hac vice*)
jeffrey.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
*Counsel for Defendant Meta Platforms, Inc.*

(Additional Counsel Listed on Signature Page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 5:22-cv-04325-EJD<br><br>**PARTIES' JOINT STATEMENT REGARDING UNSEALING**<br><br>Dept.:  Courtroom 6 – 4th Floor<br>Honorable Edward J. Davila<br>Magistrate Judge Susan van Keulen |

On July 17, 2023, the Court issued an Order seeking the Parties' positions regarding whether the Court's January 31 Opinion may be unsealed in its entirety. With respect to Defendants' confidential information, the Parties have conferred and provide their positions in Parts I and II below.

The Court's July 17 Order also directed the Parties to confer with third parties whose confidential information was previously sealed and redacted in the public version of the January 31 Opinion (ECF No. 549). As instructed, the Parties contacted each of the relevant third parties, each of whom (with one exception) provided a statement responding to the Court's proposal, which we have included in Part III below.

## I. DEFENDANT'S POSITION REGARDING META AND WITHIN'S CONFIDENTIAL INFORMATION

Defendant Meta Platforms, Inc. ("Meta")[1] has reviewed the currently sealed confidential and highly confidential information within the Court's January 31 Opinion, in an effort to unseal as much information as possible in light of what the Court has recognized to be "the public's interest and right of access to the full reasoning in the Court's decision." Nevertheless, while some of the information originally under seal is no longer confidential, most of it remains so.

The information at issue generally contains non-public and highly sensitive information including, but not limited to, confidential business status and strategies, confidential analysis and strategic evaluation of the competitive landscape, confidential strategic considerations of potential internal projects and/or acquisitions, confidential product and pricing decisions, and confidential information regarding Meta's and Within's acquisition agreement. Such information is commonly maintained under seal in the Ninth Circuit. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 388797, at *2 (C.D. Cal. Jan. 26, 2017) (stating that "district courts in this Circuit have sealed records containing 'information about proprietary business operations, a company's business model or agreements with clients,' [and] 'internal policies and strategies'") (citation omitted). Further, the information at issue could be used to injure Meta if it were made publicly available. As such, legitimate private interests warrant continuing to hold that information under seal, as unsealing of the information would result in

---

[1] Now that the acquisition at issue in this matter has been completed, Meta is the sole party Defendant remaining in the case.

1  injury to Meta that could not be avoided through any less restrictive alternative to sealing. *See Nixon v.*
2  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (confirming that sealing is warranted where the
3  records or information that are sought to be sealed could be used "as sources of business information
4  that might harm a litigant's competitive standing."); *see also Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019
5  WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019).

6        Defendants have previously provided a more detailed description of the need to seal the
7  individual pieces of confidential information at issue, as well as the legal justification for sealing that
8  information, in its filings at ECF Nos. 512, 535, and 536. The confidential and sensitive nature of most
9  of this information has not materially changed since the submission of these filings or the Court's
10 issuance of its January 31 Opinion. If the Court would prefer that Meta file a separate, standalone
11 Administrative Motion To Seal providing its line-by-line rationale for why the specific pieces of
12 confidential information appearing in the Court's January 31 Opinion should remain under seal, Meta
13 would, of course, be willing to do so.

14       As mentioned above, Meta has identified the following material that no longer needs to be
15 redacted from the public version of the January 31 Opinion:

16 - Page 6, lines 15-18
17 - Page 7, line 15
18 - Page 8, line 22
19 - Page 9, line 4
20 - Page 11, lines 3-5
21 - Page 11, lines 12-14
22 - Page 12, lines 9-10
23 - Page 12, lines 19-20
24 - Page 13, line 21 to Page 14, line 2
25 - Page 19, lines 10-14
26 - Page 20, lines 20-24
27 - Page 26, line 21
28 - Page 26, line 25

- Page 26, line 26 to Page 27, line 1
- Page 27, line 10
- Page 32, line 21
- Page 34, lines 8-9
- Page 36, line 24
- Page 36, line 25 to Page 37, line 1
- Page 51, lines 14-15
- Page 57, lines 13-15
- Page 58, line 15
- Page 58, line 27
- Page 61, lines 14-24
- Page 62, line 2
- Page 62, lines 4-5
- Page 64, lines 3-4
- Page 64, lines 5-7

## II. PLAINTIFF'S POSITION

The FTC has reviewed the January 31 Opinion and has confirmed that it contains no information designated confidential or highly confidential by the FTC. Accordingly, the FTC does not seek to maintain any portion of the January 31 Opinion under seal. The FTC takes no position regarding the requests of Meta or any of the third parties to maintain portions of the January 31 Opinion under seal.

## III. JOINT STATEMENT REGARDING THIRD PARTIES' POSITIONS

As noted above, pursuant to the Court's Order, Meta and the FTC reached out to the third parties whose assertedly confidential information is currently sealed in the public version of the Court's January 31 Opinion. We have included below position statements provided by each of the those third parties, with the exception of Equinox.[2] Counsel for each third party listed below has also confirmed that it is willing to file an Administrative Motion To Seal for the information at issue if the Court so

---

[2] Meta and the FTC attempted to contact counsel for Equinox twice by email message, but Equinox's counsel never responded.

1  desires. Neither Meta nor the FTC take any position with respect to the third parties' requests to continue
2  to maintain under seal the information each has designated as confidential.

3  •  **Apple**: Apple seeks to maintain under seal the portions of the order containing Apple's
4  confidential information because the text contains specific information that would disclose
5  the presence, absence, and/or contours of any future product plans that Apple may have, and
6  it contains information that would disclose Apple's confidential internal business strategy.
7  See Order at page 7, lines 14-15; page 11, lines 15-19; page 21, lines 1-3. Apple previously
8  moved to seal the underlying confidential information and that request was granted by the
9  Court. See Dkt. 360 (Apple's Administrative Motion to Seal); Dkt. 416 (Order Granting
10 Non-Party Apple Inc.'s Administrative Motion to Seal).

11 •  **Lululemon**: Non-Party lululemon respectfully requests that this Court maintain under seal
12 its confidential information cited in the Order Denying Plaintiff's Motion for Preliminary
13 Injunction dated January 31, 2022. This confidential and competitively sensitive information
14 includes references and direct quotes from the deposition transcript of lululemon's 30(b)(6)
15 witness, Olivia Lange. Ms. Lange's testimony delves into a variety of non-public topics,
16 including lululemon's forward looking business strategies and future product development
17 plans. This Court has already granted lululemon's requests to protect this information in
18 docket entries 326, 329, 396, 401, 404, 405, and 551, as well as granting lululemon's request
19 for in camera treatment in docket entry 423. Public disclosure of this information would
20 significantly harm lululemon by providing other commercial participants in the connected
21 fitness and digital fitness app marketplace with private data about lululemon's product
22 development plans and business strategy that could harm lululemon's ability to compete. *See*
23 *Cont'l Auto. Sys. V. Avanci, LLC*, No. 19-cv-02520-LHK, 2019 U.S. Dist. LEXIS 212794, at
24 *13 (N.D. Cal. Dec. 5, 2019); *see also Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598
25 (1978) (noting that courts regularly find that sealing is warranted where the records or
26 information that is sought to be sealed could be used "as sources of business information that
27 might harm a litigant's competitive standing."). Moreover, disclosure of this information
28 would undermine the time and resources lululemon has devoted to its product and marketing

development and threaten consumer choice. *See Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012). lululemon's requested redactions are minimal in scope, comprising only of six sentences, and cannot be protected from public disclosure through less restrictive means. Should the Court find it beneficial, lululemon can provide additional briefing on the matter.

- **Nike**: As set forth in Nike, Inc's Administrative Motion for In-Camera Treatment of Certain Nike Confidential Business Material and supporting Declaration of Diane L. McGimsey (Dkt. 354), these portions of the Court's Order contain non-public and competitively sensitive information about Nike's current and forward-looking business plans, which could be used to injure Nike if it were made publicly available.  Public disclosure of this information would therefore result in injury to Nike that could not be avoided through any less restrictive alternative.  *See Ctr. For Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted); *Apple Inc.* v. *Samsung Elecs. Co.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).  In addition, Nike believes that there is little legitimate public interest in the disclosure of this small amount of highly sensitive information that Nike seeks to protect, particularly as it relates only to Nike, a non-party, that did not put the information at issue in this litigation.  Accordingly, Nike respectfully requests that the information remain under seal.

- **Peloton**: Non-Party Peloton Interactive, Inc. respectfully requests that the Court maintain the redacted portions of its Order, ECF No. 549, that refer to Peloton's highly confidential materials.  The materials at issue were highly confidential and thus merited sealing at the time this Court entered its Order and remain highly confidential and appropriate for confidential treatment.  Relying on Meta's representations of the non-public portions of this Court's Order in keeping with this Court's request that the parties confer with non-parties, Peloton understands that redacted portions of this Court's order refer to the testimony provided in the November 2022 deposition of a Peloton executive, PX0084, related to Peloton's confidential business plans and strategy.  According to Meta's counsel, this occurs in the following places in this Court's order:  page 7, lines 9-14; pages 19-20, lines 27-2 (respectively); page 20, lines

10-12; page 20, lines 12-15; page 23, footnote 4; page 24, lines 6-8; and, page 45, lines 2-7. Having reviewed these excerpts as provided to Peloton by Meta, Peloton respectfully requests that these references remain redacted and non-public as captured by the redactions reflected in ECF No. 549.  As set forth in Peloton's prior submissions, ECF Nos. 528, 468, 436, 333, 332, 308, 306, 282, 236, the Court may prevent the disclosure of "confidential business material, marketing strategies, product develop plans [that] could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Roley v. Google LLC*, Case No. 18-cv-07537-BLF, 2020 WL 13517498, at *1 (N.D. Cal Apr. 28, 2020) (quoting *Algarin v. Maybelline*, LLC, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)); ECF No. 528, at 3.  Compelling reasons to maintain information under seal include "prevent[ing] competitors from gaining insight into the parties' business model and strategy." *In re Qualcomm Litig.*, Case No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); ECF No. 528, at 3-4.  The information to which the redacted portions of this Court's Order refer "reflect sensitive and confidential business information that could be used to harm Peloton's business interests." ECF No. 528, at 4 (citing *OCM Grp. USA, Inc. v. Lin's Waha Int'l Corp.*, 2:19-CV-08917-SB-KS, 2021 WL 1324275 (C.D. Cal. March 5, 2021), aff'd, 21-5561, 2022 WL 2235782 (9th Cir. June 22, 2022)).  The sensitive nature of this information has not changed since the Court previously considered these issues.  It remains true that "[p]ublic disclosure of the information would provide Peloton's competitors with insight into Peloton's business that would give Peloton's competitors a strategic advantage and open avenues for them to attack Peloton's commercial standing . . . ." ECF No. 528, at 4.  There is no public interest in the disclosure of these documents, as Peloton—acting as a non-party—"did not put [them] at issue in this litigation." *United States v. Bazaarvoice, Inc.*, Case No. 13-cv-00133-WHO, 2014 WL 11297188, at *1 (N.D. Cal. Jan 21, 2014); ECF No. 528, at 4-5.

In the interest of clarity and administrability, Meta can provide the Court with a copy of the sealed opinion highlighting a) the information Meta requests that the Court continue to preserve under

1  seal, b) the information currently sealed for which Meta is no longer seeking confidential treatment, and
2  c) the information that the third parties have requested the Court continue to preserve under seal.  At the
3  Court's preference, Meta can provide this information either through a sealed filing on the docket, or by
4  sending the document directly to the Court.

DATED:  July 31, 2023                                  Respectfully submitted,

                                                        By: /s/ *Mark C. Hansen*

Mark C. Hansen (*pro hac vice*)
Geoffrey M. Klineberg (*pro hac vice*)
Aaron M. Panner (*pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
   FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
mhansen@kellogghansen.com
gklineberg@kellogghansen.com
apanner@kellogghansen.com

Bambo Obaro (Bar No. 267683)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone:  (650) 802-3000
Facsimile:  (650) 802-3100
bambo.obaro@weil.com

Michael Moiseyev (*pro hac vice*)
Chantale Fiebig (*pro hac vice*)
Jeffrey H. Perry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone:  (202) 682-7000
Facsimile:  (202) 857-0940
michael.moiseyev@weil.com
chantale.fiebig@weil.com
jeffrey.perry@weil.com

Diane P. Sullivan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, NJ  08542
Telephone:  (609) 986-1100
Facsimile:  (609) 986-1199
diane.sullivan@weil.com

Eric S. Hochstadt (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
eric.hochstadt@weil.com

*Counsel for Defendant Meta Platforms, Inc.*

By:  */s/ Abby L. Dennis*
Abby L. Dennis
Peggy Bayer Femenella
Joshua Goodman
Jeanine Balbach
Michael Barnett
E. Eric Elmore
Justin Epner
Sean D. Hughto
Frances Anne Johnson
Andrew Lowdon
Lincoln Mayer
Erika Meyers
Susan A. Musser
Adam Pergament
Kristian Rogers
Anthony R. Saunders
Timothy Singer
James H. Weingarten

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2381

Erika Wodinsky
90 7th Street, Suite 14-300
San Francisco, CA 94103
Tel: (415) 848-5190

*Counsel for Plaintiff Federal Trade Commission*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Mark C. Hansen, am the ECF User whose ID and password are being used to file the foregoing. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that Abby L. Dennis concurred in this filing, and I shall maintain records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request by a party.

DATED: July 31, 2023                                       /s/ *Mark C. Hansen*
                                                                        Mark C. Hansen